UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

## MOTION TO REMAND AND BRIEF IN SUPPORT

Petitioners The Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa respectfully submit this Motion to Remand, seeking an order remanding this state-court action to the District Court of Tulsa County, State of Oklahoma. The removed action is an action for instructions regarding the administration of multiple trusts. The state-court action has been pending in the District Court of Tulsa County, State of Oklahoma since September 11, 2002, and is a continuation of proceedings that were initiated in March 2000. By removing this action to federal court, Respondent Stephen Paul Wallace is attempting to disrupt the court-supervised administration of the trusts listed in the caption above. It is important that this action be remanded to the District Court of Tulsa County, State of Oklahoma, on an expedited basis in order to avoid further disruption of the state-court proceedings and the administration of these trusts.

In support of this Motion to Remand, Trust Company and Mr. Saffa respectfully direct the Court's attention to the following:

**I.   Introduction**

On October 23, 2006, Mr. Wallace filed a "Notice of Removal and Complaint" (Doc. No. 1), initiating the above-captioned federal-court action. The October 23, 2006 Notice of

1

Removal and Complaint was attached to a "Notice of Removal of Case to Federal Court and Request for Transfer of All Files Under Pauperis Affidavit" ("Notice of Filing of Notice of Removal"), filed by Mr. Wallace on October 23, 2006 in the District Court of Tulsa County, State of Oklahoma, Case No. PT-2002-56.  A photocopy of the October 23, 2006 Notice of Filing of Notice of Removal is attached to Mr. Wallace's October 31, 2006 Motion for Show-Cause Order (Doc. No. 3) as Exhibit 1.  By filing these two documents, Mr. Wallace has attempted removal of a state-court trust administration action that has been pending in the District Court of Tulsa County since September 11, 2002, and which is a continuation of a trust administration action that was first filed in March 2000.

Trust Company and Mr. Saffa, are successor co-trustees of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lisa Frances Wallace Discretionary Spendthrift Trust.  Trust Company is sole trustee of the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust.  The removed action is an action for supervision and instructions regarding the administration of a trust, pursuant to Okla. Stat. tit. 60, § 175.23.  The Respondents to the action are the beneficiaries of these trusts, including Respondent Stephen Paul Wallace.  Over a seven-year period, Mr. Wallace has used litigation to disrupt the administration of these trusts, thus necessitating the removed action for supervision and instructions.

Filing frivolous notices of removal has become a part of Mr. Wallace's litigation strategy.  On numerous occasions, Mr. Wallace has attempted the removal of Tulsa County Case No. PT-

2002-56 and related state-court actions. More specifically,[1] on December 3, 2001, Mr. Wallace filed a notice of removal in N.D. Okla. Case No. 4:01-CV-00880-SEH-PJC, attempting removal of four state-court actions including Tulsa County Case No. PT-2000-21, which was a predecessor trust administration action to Tulsa County Case No. PT-2002-56. [Exhibit "1".][2] On December 19, 2001, the U.S. District Court for the Northern District of Oklahoma remanded the actions to state court, finding an absence of removal jurisdiction. [Exhibit "2".]

On December 23, 2001, Mr. Wallace filed a notice of removal in N.D. Okla. Case No. 01-CV-00917-B(J), attempting removal of a state-court action that Mr. Wallace had filed in Missouri state courts. [Exhibit "5".] Mr. Wallace had named Trust Company and Mr. Saffa as defendants in his Missouri state-court litigation. [*Id.*] On January 28, 2002, the U.S. District Court for the Northern District of Oklahoma entered an order remanding the Missouri state-court action, finding that "the case was improperly removed to the Northern District of Oklahoma," pursuant to 28 U.S.C. § 1441(a). [Exhibit "6".]

On May 29, 2002, Mr. Wallace again attempted removal of Tulsa County Case No. PT-2000-21 as well as a number of related state-court actions, initiating N.D. Okla. Case No. 4:02-CV-00417-SEH-SAJ. [Exhibit "3".] On June 7, 2002, the U.S. District Court for the Northern District of Oklahoma remanded each of the state-court actions by separate order, finding that the notice of removal was infirm on its face and that "in light of the history of wrongful filings and abuse of process in this matter, as well as a prior order of this Court dealing specifically with

---

[1] What follows in the text above is not an exhaustive list of Mr. Wallace's attempted removals, but rather a list of those removals that are readily identifiable through a review of readily accessible court dockets. Trust Company recalls that Mr. Wallace has attempted at least one and possibly more removals (other than those listed here) through filings in courts other than those listed here. As might be imagined, tracking the many court actions initiated by Mr. Wallace has become a burdensome task.

[2] Exhibits "1" through "16" to this Motion to Remand consist of file-stamped copies of documents filed either in the removed action or in federal court actions in which Mr. Wallace is a party. Exhibit "17" is a declaration providing foundation for purposes of identification and authenticity. Fed. R. Evid. 901(a).

3

three of the six actions listed on the purported notice of removal, . . . the Court finds that equity demands that this and all the other purportedly removed cases be remanded to state court under 28 U.S.C. § 1452." [Exhibit "4".]

On June 17, 2004, the U.S. District Court for the Northern District of Oklahoma entered a sanctions order against Mr. Wallace that, among other things, imposed filing restrictions upon him for the purpose of preventing "the further filing of frivolous or malicious actions by Wallace." [Exhibit "7".] On December 21, 2004, the U.S. District Court for the Northern District entered a General Order and established a miscellaneous docket number for the purpose of administering the filing restrictions against Mr. Wallace. [Exhibit "8".] On April 11, 2005, the U.S. District Court for the Northern District of Oklahoma expanded the filing restrictions "to apply to any case filed in any court and subsequently transferred to the Northern District of Oklahoma." [Exhibit "10".] The filing restrictions were further clarified by an Order entered on July 15, 2005. [Exhibit "9".]

On August 6, 2004, Mr. Wallace filed a notice of removal in S.D. Tex. Case No. 4:04-CV-03131, attempting removal of Tulsa County Case No. PT-2003-46, a related action for supervision and instructions regarding a related Wallace family trust. On November 19, 2004, the U.S. District Court for the Southern District of Texas entered an Order finding that the action had not been removed to a federal district within which the removed action was pending pursuant to 28 U.S.C. § 1446(a), finding a lack of removal jurisdiction, and remanding the action to the District Court of Tulsa County. [Exhibit "13".]

On October 12, 2004, Mr. Wallace filed a notice of removal in the U.S. District Court for the District of Columbia, initiating Case No. 1:04-CV-01730-RWR. [Exhibit "14".] The October 12, 2004 notice of removal attempted removal of Tulsa County Case No. PT-2002-56 – the same state-court case that is purportedly removed in the above-captioned federal-court

4

action. On November 9, 2004, U.S. District Judge Richard W. Roberts entered an Order finding that "Wallace may not remove a civil action filed in Oklahoma to the United States District Court for the District of Columbia." [Exhibit "15".] On this basis, the Court denied leave to file the October 12, 2004 notice of removal and administratively closed Case No. 1:04-CV-01730-RWR. [*Id.*]

On November 17, 2004, Mr. Wallace filed a notice of removal in S.D. Tex. Case No. H-04-4403, attempting removal of Tulsa County Case No. PT-2002-56 – the same state-court case that is purportedly removed in the above-captioned federal-court action. [Exhibit "11".] On November 23, 2004, U.S. District Judge Nancy F. Atlas entered an Order striking the notice of removal as ineffective and dismissing the action as improperly removed. [Exhibit "12".]

The above-captioned action is one of three currently-pending removal actions filed by Mr. Wallace in the U.S. District Court for the District of Columbia.[3] On March 6, 2006, Mr. Wallace filed a Complaint in D.C. Case No. 1:06-CV-00402-RBW, in which Mr. Wallace attempted removal of Oklahoma Supreme Court Case No. 101511, a state-court appeal from a contempt judgment and sentence entered in collateral civil contempt proceedings within Tulsa County Case No. PT-2002-56. In addition to attempting removal, Mr. Wallace has also used his March 6, 2006 Complaint to attempt to assert new claims against Trust Company, Mr. Saffa, and

---

[3] Trust Company must admit that it has not proceeded quickly with motions to remand in the other two removal actions pending on the Court's docket. The other two removal actions represent attempted removals from state-court appeals. Any delay in the appellate proceedings has had little or no impact on the administration of the trusts. Based upon the order entered in D.C. Case No. 1:04-CV-01730-RWR, Trust Company made an early determination that it might not be necessary to prepare a motion to remand in the other two removal actions. Given the litigation costs caused by Mr. Wallace's frivolous litigation activities, any such cost savings was seen as a prudent step. The above-captioned action, however, impacts the day-to-day administration of the trusts by potentially delaying proceedings in the core administration action and by casting a cloud of arguable doubt upon the state court's jurisdiction during the pendency of the invalid notice of removal. As a result, it has been necessary for Trust Company to act more expeditiously to affirmatively seek remand of Tulsa County Case No. PT-2002-56, in order to minimize or avoid impact on trust administration.

5

their attorneys. Within the pleadings filed in Case No. 1:06-CV-00402-RBW, Mr. Wallace has also attempted to assert claims against state-court judges. On August 10, 2006, Trust Company and Mr. Saffa filed a Motion to Remand, or, in the Alternative, Motion to Dismiss. The August 10, 2006 Motion to Remand is currently at issue.

Similarly, on July 14, 2006, Mr. Wallace filed a Complaint in D.C. Case No. 1:06-CV-01264-RBW, in which Mr. Wallace attempted removal of Oklahoma Supreme Court Case No. 102931, a state-court appeal from a guardianship order entered in a guardianship action regarding his sister, Lisa Frances Wallace. Mr. Wallace has used the July 14, 2006 Complaint to attempt to assert new claims against Mr. Saffa and one of Trust Company's attorneys, James C. Milton. Within the July 14, 2006 Complaint, Mr. Wallace has also attempted to assert claims against state-court judges.

In this action, Mr. Wallace has again attempted removal of Tulsa County Case No. PT-2002-56. Like the initial pleadings in D.C. Case No. 1:06-CV-00402-RBW and D.C. Case No. 1:06-CV-01264-RBW, the October 23, 2006 "Notice of Removal and Complaint" (Doc. No. 1) filed in this action attempts both removal and the assertion of new claims against Trust Company, Mr. Saffa, their attorneys, and state-court judges.

This Motion to Remand will demonstrate that, like the many notices of removal that have been filed by Mr. Wallace in the past, the October 23, 2006 "Notice of Removal and Complaint" (Doc. No. 1) is so procedurally and substantively flawed that immediate remand is appropriate. The U.S. District Court for the District of Columbia lacks subject-matter jurisdiction over the removed state-court action. For these reasons, Trust Company requests that the Court enter an order, on an expedited basis, remanding Tulsa County Case No. PT-2002-56 to the District Court of Tulsa County, State of Oklahoma, or denying leave to file the October 23, 2006 "Notice of

Removal and Complaint," or striking the October 23, 2006 "Notice of Removal and Complaint" as ineffective.

## II.     Argument and Authorities

### 1.     Mr. Wallace has attempted to remove this action to the wrong court

Mr. Wallace has filed his Notice of Removal in the wrong court. 28 U.S.C. § 1441(a). Section 1441(a) requires removal "to the district court of the United States for the district and division embracing the place where such action is pending." The removed action was filed in the District Court of Tulsa County, State of Oklahoma, and has been pending there since 2002. Section 1441(a) would require the Notice of Removal to be filed in the U.S. District Court for the Northern District of Oklahoma, rather than in the U.S. District Court for the District of Columbia. The Notice of Removal is, therefore, filed in the wrong court. On this basis alone, the action should be remanded to the state court.

### 2.     Mr. Wallace failed to comply with the time restrictions for removal

As noted above, this case has been pending in the District Court of Tulsa County, State of Oklahoma since 2002. Now, four years after the initiation of this proceeding, Mr. Wallace is attempting to remove this action. As Section 1446 states, a notice of removal of any civil action or proceeding must be filed within thirty days of defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b). Having failed to comply with the time limit restraints placed on removal by Section 1446(b), Mr. Wallace's removal is defective and this Court should therefore remand this proceeding.

### 3.     Mr. Wallace failed to comply with 28 U.S.C. § 1446(a)

The Notice of Removal fails to meet the requirements of 28 U.S.C. § 1446(a). Section 1446(a) requires that the notice of removal contain "a short and plain statement of the grounds

for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

Mr. Wallace's Notice of Removal fails to meet the requirements of this provision. The Noting of Removal fails to attach "a copy of all process and pleadings," as required by Section 1446(a). Mr. Wallace has, therefore, failed to provide the Court with photocopies of the instruments (pleadings and orders) that would inform the Court of the important information with which to evaluate Mr. Wallace's claim of federal subject-matter jurisdiction. Such a failure is a fatal defect and should result in an order of remand. *Careertrack Seminars, Inc. v. Lomasney*, 150 B.R. 257, 258 (D. Colo. 1992); *In re Continental Holdings, Inc.*, 158 B.R. 442, 445 (Bankr. N.D. Ohio 1993). While contrary authority exists, *In re Klober*, 142 B.R. 300, 301 (Bankr. E.D. Ark. 1992), the Court should follow the approach of the *Careertrack Seminars* and *Continental Holdings* courts, enforce the requirements for notices of removal, and remand this action to the state court on this basis alone.

Furthermore, by failing to submit the required materials, and by failing to include a "short and plain statement of the grounds for removal," Mr. Wallace has failed to demonstrate that the removed action is subject to the Court's removal jurisdiction. Indeed, this Motion to Remand will demonstrate that subject-matter jurisdiction is lacking.

### 4.     **The action falls outside the Court's removal jurisdiction**

The Court lacks subject-matter jurisdiction in this removed action. Had Mr. Wallace attached the documents required by Section 1446(a), the lack of subject-matter jurisdiction would be plainly apparent on the face of the Notice of Removal itself. Because Mr. Wallace has failed to provide these things to the Court, however, Trust Company respectfully shows the Court that subject-matter jurisdiction is lacking.

8

The party seeking removal bears the burden of establishing subject matter jurisdiction. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1072, 1079 (10th Cir. 1999). Moreover, the existence of federal jurisdiction must be determined from the face of the plaintiff's complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Generally, removal jurisdiction is only proper where federal question or diversity jurisdiction is presented on the face of the complaint. 28 U.S.C. § 1441(a) and (b). Mr. Wallace's Notice of Removal alleges federal jurisdiction based on a federal question. When a case is removed to federal court, the plaintiff's well-pleaded complaint must establish that the case presents a federal question. *Jefferson County, Ala. v. Acker¸* 527 U.S. 423, 430-31 (1999).

Here the September 11, 2002 Petition for Instructions, which initiated Tulsa County Case No. PT-2002-56, raises no federal question. [Exhibit "16".] Instead, this case involves the administration of certain trusts, a matter unique to state law. Although, Mr. Wallace attempts to assert some federal question in his Notice of Removal, it is clear that any federal questions raised by Mr. Wallace's attempted removal are insufficient to establish removal jurisdiction. Whether a federal question is present must be determined from the face of the plaintiff's complaint, rather than any other pleading asserting a federal question or defense. *Franchise Tax Board*, 463 U.S. at 10.

Although Mr. Wallace does not appear to have alleged diversity jurisdiction here, it is likewise improper. Mr. Wallace is a citizen of Oklahoma, as has been determined by other courts in the past, and does not allege otherwise in his Notice of Removal. *See In re Wallace*, 289 B.R. 428, 430 (Bankr. N.D. Okla. 2003) (finding Mr. Wallace to be a resident of Oklahoma). Trust Company is likewise a resident of Oklahoma, precluding diversity jurisdiction.

### 5. An award of Section 1447(c) attorney fees and expenses would be appropriate in this action

This Court may award Trust Company its costs and expenses, including attorney fees, incurred as a result of this attempted removal. 28 U.S.C. § 1447(c). As Trust Company continues to incur fees and expenses in responding to Mr. Wallace's various vexatious removal attempts, and as it is the beneficiaries of the trusts at issue in this proceeding that ultimately bear these expenses, Trust Company asks that this Court award it its fees and expenses incurred in this removal proceeding.

### CONCLUSION

For these reasons, Trust Company of Oklahoma respectfully requests that the Court remand the captioned action to the District Court of Tulsa County, State of Oklahoma. Alternatively, Trust Company requests an order striking the notice of removal as invalid, or denying leave to file the notice of removal. Trust Company also requests an order awarding costs and expenses, including attorneys' fees against Respondent Stephen P. Wallace, pursuant to 28 U.S.C. § 1447(c).

                    THE TRUST COMPANY OF OKLAHOMA
                    AND RONALD J. SAFFA
                    By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of November, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

      Stephen P. Wallace
      6528 E. 101st Street, D-1 #304
      Tulsa, Oklahoma  74133
      *Pro Se*

      Patricia Wallace Hastings
      2934 E. 73rd Pl.
      Tulsa, Oklahoma  74136

      Joan Godlove, Esq.
      2121 S. Columbia, Suite 500
      Tulsa, OK 74114-3519

      William R. Grimm, Esq.
      Barrow & Grimm, P.C.
      610 South Main, Ste. 300
      Tulsa, Oklahoma  74119-1248

      Kenneth E. Crump, Jr., Esq.
      Cooper, McKinney & Woosley, PLLP
      401 South Boulder Ave.
      3300 MidContinent Tower
      Tulsa, Oklahoma  74103

      Reuben Davis, Esq.
      Boone, Smith, Davis, Hurst & Dickman, P.C.
      500 ONEOK Plaza
      100 West 5th St.
      Tulsa, Oklahoma  74103

                                          _____/s/_____
                                                Jennifer L. Sarvadi