# Exhibit "1"

11/30/2001   16:03   4053305310                    MITCHELL                         PAGE   01/09

MT

District                    **F I L E D**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**      DEC   3 2001

Phil Lombardi, Clerk
U.S. DISTRICT COURT

In RE: WALLACE, STEPHEN P.,             )
                                        )    No. _____
          Debtor,                       )    Bankr. No. 01-019481-TS
                                        )    Transfer from Western District of
_____)    Oklahoma
                                        )
                                        )
THE TRUST COMPANY OF                    )
OKLAHOMA, an Oklahoma                   )
Corporation, RONALD J. SAFFA,           )    0 1 C V 0 8 8 0 H (x)
an individual, and BANK ONE,            )
                                        )
          Plaintiff,                    )
                                        )    Adversary Case No. _____
vs.                                     )    Removal Case From
                                        )    TULSA COUNTY DISTRICT COURT
                                        )        Nos.  PT-2000-21
                                        )              PT-2000-44
                                        )
STEPHEN PAUL WALLACE, et al.            )
                                        )
          Defendants.                   )
_____)
BANK OF AMERICA, N.A.                   )
                                        )    Removed Case From
                                        )    TULSA COUNTY DISTRICT COURT
          Plaintiff,                    )    Removal Case Nos.  CJ-2000-1900
                                        )
vs.                                     )
                                        )
STEPHEN P. WALLACE, et al.              )
                                        )
          Defendants                    )


**AMENDED NOTICE OF REMOVAL OF CONSOLIDATED CASES**

    **COMES NOW** the Defendant, Stephen Paul Wallace, pro se, and hereby gives notice, under

Bankruptcy Rule 9027(a)(2) of his removal of consolidated causes and claims as set out below from

1

fees
form:
c/7

the District Court of Tulsa County, State of Oklahoma, to the United States Bankruptcy Court for the Northern District of Oklahoma combined with the above bankruptcy filed in the Western District of Oklahoma and transferred there. In support thereof, the Plaintiff states as follows:

1.   Removal of the following consolidated cases and causes as set out above is hereby made: PT-2000-21; PT-2000-44; CJ-2000-1900; and CJ-2000-4230 pending in the District Court for Tulsa County, State of Oklahoma.

2.   Previously the Defendant admitted service of a summons and Petition on the above consolidated cases thus commencing an action in the District Court for Tulsa County State of Oklahoma. Thereafter the Defendant, Stephen P. Wallace answered and filed his counterclaims.

3.   Robert Mitchell has entered an appearance in the removed cases as attorney of record for Defendant Stephen P. Wallace however Wallace wishes to proceed pro se due to conflicts with counsel arising out of this case until such time as those conflicts may be resolved by this Court.

4.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 and/or supplemental jurisdiction pursuant to 28 U.S.C. §1367. This action may be removed pursuant to 28 U.S.C. §1441, in that the matter in controversy surrounds and exceeds the sum of $75,000.00, exclusive of interest and costs and relates to core proceedings under the bankruptcy code. Pursuant to 28 U.S.C. §1441 and 1446, removal of the above-captioned action to this Court is appropriate.

5.   This removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2).

6.    The Defendant states as additional grounds that under Section 362 of the Bankruptcy Code the Debtor's right to his position of co-trustee of the family trust(s) is a protected right under the bankruptcy code.  Likewise, the Debtor's interest in the Wallace limited family partnership and other trusts are property of this estate.  Section 541 defines "property" as *"all legal or equitable interest of the debtor in property as of the commencement of the case."*  Debtor's rights involved in these underlying cases, as shown by the proposed Pre-trial Order of one of the Parties, attached hereto as Exhibit "A" and incorporated herein, are both "legal" and "equitable" property interest, including, but not limited to:

a.    the legal and equitable interest in the paid position of Successor Trustee for the Family Trusts, which the Debtor claims; and

b.    the legal and equitable interests in controlling and managing the Family Trusts and the Family Limited Partnership; and

b.    the legal and equitable interest in a monetary and counter claim recovery against alleged misfeasance and malfeasance of others and interest in seeing that such recovery is not short circuited by a declaratory judgement action that denies a recovery to this estate on account of their alleged wrongful activity; and

c.    the legal and equitable interest in determining exactly what the Debtor owns of the Family Trusts and the Family Limited Partnership, and what interest he, in equity, should own if that is different from what is acknowledged; and

d.    the legal and equitable right to <u>keep</u> persons who are <u>not</u> legally the trustees of his Family Trusts and Family Limited Partnership from managing and/or attempting to sell, disposed of or manage property in which the Debtor has a legal and equitable interest is such parties are not the true and correct parties to be controlling such interests; and

e.    the legal and equitable interest of the Debtor in defending against the claimed 'forfeiture' of the Debtor's interest in family trusts and interest surrounding the alleged violation of the "no-contest" provision of the family trusts; and

11/30/2001   16:03    4053305310           MITCHELL                    PAGE   04/09

f.   the legal and equitable interest in not having the Debtor's right to his interest in the Wallace family trusts and limited partnerships voided because he sought to contend with the allegations of the Plaintiffs in the above cases; and

g.   the legal and equitable interest the Debtor has in having the claims of the Plaintiffs against the Debtor determined in the Bankruptcy proceeding including his interest under 60 O.S.A. §175.25; and

g.   the legal and equitable interests that the Debtor has in obtaining the benefits of the guaranteed indemnity funds for having to defend and prosecute claims in the above cases.

7.   Although, in some cases, the Plaintiffs chose to plead their state court action in declaratory judgment terms, they are also seeking attorney's fees and other associated relief, including a disinheritance of the Debtor, that could affects millions of dollars of the Debtor's assets, claims and rights.[1]

8.   This Bankruptcy Court has jurisdiction of the Debtor's claims against the parties in the above cases.[2]   Under 28 U.S.C. §157 *core proceedings* include, but are not limited to: *"the [counter]claims by the estate against persons filing claims against the estate"*.  Not only does the Debtor have counter-claims against the Plaintiffs, the nature of the declaratory judgement action postures all parties where they each seek a claim against one another.  Thus, by determination of one opposing claim, all other competing claims, including that of the Debtor, would be denied.  Here, the controversies involve both *property* of the Debtor's estate and *matters that will affect*

---

[1]  The Debtor's Schedules list an undetermined asset in the form of claims against Ronald Saffa and Trust Company of Oklahoma.

[2]  Bankruptcy Judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11... §157.

4

*the administration of the bankruptcy estate.* 28 U.S.C. §157, *In re World Wines, Ltd.* (77 BR 653 (1987, BC ND Ill).

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiffs and other Defendants in this action and filed with the District Court of the Tulsa County, State of Oklahoma.

10.     Defendant reserves the right to amend or supplement this Notice or Removal.

11.     That under Bankruptcy Rule 9027 (3)(c), *"promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal. The parties shall proceed no further in that court [the removed court]...".*

**WHEREFORE**, this Court has original jurisdiction pursuant to Bankruptcy Rule 9027 and 28 U.S.C. §1332 and 28 U.S.C. §1441 that this action may be removed.

Dated this _30_ day of November, 2001.

Stephen P. Wallace, Pro Se
11305 Quail Creek Road
Oklahoma City, OK 73120
Phone: (405) 752-8446
Fax:    (405) 752-8946

11/30/2001  16:03    4053305318                    MITCHELL                    PAGE  06/09

## CERTIFICATE OF MAILING

I hereby certify that on this _3 0_ day of November, 2001, I mailed a true and correct copy of the above and foregoing document with postage fully pre-paid to all parties listed below:

James E. Weger
Jon M. Payne
Jones, Givens, Gotcher & Bogan
15 East 5th Street, Suite 3800
Tulsa, Oklahoma 74103

William C. Kellough, Esq.
Boone, Smith, David, Hurst & Dickman
500 Oneok Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103

Leonard I. Pataki
James C. Milton
Kelly Knopp Balman
Doerner, Saunders, Daniel & Anderson
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103-3725

Lee I. Levinson, Esq.
Bodenhamer & Levinson
5310 East 31st Street, Suite 1100
Tulsa, Oklahoma 74135

James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma 74103

Patricia Wallace Hastings
2934 East 73rd Place
Tulsa, Oklahoma 74103

_____
Stephen P. Wallace

6

OCT. 25. 2001  5:21PM    DERNER, SAUNDERS                    NO. 0429   P. 5/23

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| In re Petition of The Trust Company of Oklahoma and Ronald J. Saffa, Trustees, for instructions and construction of Trust. | ) Case No. PT-2000-21 <br> ) Judge Gregory K. Frizzell <br> ) <br> ) |
| ------------------------------------------------ | ) This document should be filed in <br> ) Case No. PT-2000-21 for <br> ) administrative purposes <br> ) |
| Bank of America, N.A., <br>    Plaintiff, | ) <br> ) <br> ) |
| vs. | ) Case No. CJ-2000-1900 <br> ) (as consolidated and bifurcated) |
| Stephen Wallace, et al., <br>    Defendants | ) <br> ) <br> ) |

### PRE-TRIAL CONFERENCE ORDER

1.    **Appearances:**

James C. Milton of Doerner, Saunders, Daniel & Anderson, L.L.P., 320 South Boston Ave., Ste. 500, Tulsa, Oklahoma 74103, for the Petitioner and Counterdefendant The Trust Company of Oklahoma.

James E. Poe of Covington & Poe, 111 West 5th Street, Suite 740, Tulsa, Oklahoma 74103, and Lee I. Levinson of Bodenhamer & Levinson, 5310 E. 31st Street, Ste. 1100, Tulsa, Oklahoma 74135, for Petitioner and Counterdefendant Ronald J. Saffa.

William C. Kellough and Nicholas G.J. Healey, Boone, Smith, Davis, Hurst & Dickman, 500 ONEOK Plaza, 100 West Fifth Street, Tulsa, Oklahoma 74103, for Respondent Roma Jage, both individually and as limited guardian of the person of Lorice T. Wallace.

Respondent Patricia Wallace Hastings, 2934 E. 73rd Pl., Tulsa, Oklahoma 74136, appearing pro se.

Robert L. Mitchell, Mitchell & Foley, 5500 N. Western, Ste. 100A, Oklahoma City, Oklahoma 73118, for Respondent and Counterclaimant Stephen P. Wallace.

2.    **General Statement of Facts:**

    a.    **What:** Request by Petitioners The Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa ("Mr. Saffa") for instructions regarding the Lorice T. Wallace Revocable Trust ("LTW Revocable Trust"), the Lorice T. Wallace Irrevocable Trust ("LTW Irrevocable Trust"), and the Lorice T. Wallace Life Insurance Trust ("LTW Life Insurance Trust").

    b.    **Where:** N/A.

EXHIBIT A

OCT. 25. 2001  5:21PM    GERNER, SAUNDERS                    NO. 0429    P. 6/23

    c.     When: N/A.

    d.     Who: Petitioners Trust Company and Mr. Saffa are successor co-trustees of the LTW Revocable Trust and the LTW Irrevocable Trust. Petitioner Trust Company is successor trustee of the LTW Life Insurance Trust. Respondent Lorice T. Wallace ("Mrs. Wallace") is the settlor and current beneficiary of all three trusts. Respondent Mary Roma Wallace Jage ("Ms. Jage") is limited guardian of the person of Respondent Mrs. Wallace. Respondents Ms. Jage, Patricia Wallace Hastings ("Ms. Hastings"), and Stephen P. Wallace are contingent remainder beneficiaries of all three trusts.

    c.     Other: N/A.

3.     Contentions by Petitioners Trust Company and Mr. Saffa:

| Grounds for recovery | Applicable statute, ordinance, common law rule |
|---|---|
| Declaratory judgment determining the controlling instruments of and identity of the trustees of the LTW Revocable Trust, the LTW Irrevocable Trust, and the LTW Life Insurance Trust. | Okla. Stat. tit. 60, § 175.23; common law. |
| Declaratory judgment determining that the documents and letters attached to the Original Petition as Exhibits "B" through "F" have no legal force or effect, as now already determined by order entered on May 9, 2000, in In re Lorice T. Wallace, Case No. PG-99-556, in the District Court of Tulsa County, State of Oklahoma, as affirmed by the Oklahoma Court of Civil Appeals by order dated March 9, 2001, certiorari denied, June 19, 2001. | Okla. Stat. tit. 60, § 175.23; common law. |
| Declaratory judgment determining that Petitioners Ronald J. Saffa and Trust Company, as successor co-trustees of the LTW Irrevocable Trust, are the general partner of the Lorice T. Wallace Family, Limited Partnership ("LTW Family, L.P."), and are, therefore, the proper authorized representatives of the LTW Family L.P. for purposes of directing the disposition of the disputed funds currently on deposit with Plaintiff Bank of America, N.A., in the name of the LTW Family L.P., pursuant to the Court's May 3, 2000 Order filed in Case No. CJ-2000-1900. | Okla. Stat. tit. 60, § 175.23; common law. |

OCT. 25. 2001  5:21PM    ⌒ERNER, SAUNDERS                          NO. 0429   P. 7/23

| | |
|---|---|
| Declaratory judgment and instructions to the trustees regarding the motion by Respondent Roma Jage for determining forfeiture of the Stephen P. Wallace contingent remainder beneficiary interest or alternatively for assessment of litigation fees and expenses | Okla. Stat. tit. 60, § 175.23; common law. |

4.    Damages or relief sought by Petitioners Trust Company and Mr. Saffa:

| Damages or relief sought | Amount |
|---|---|
| a.    Personal injuries: | N/A. |
| b.    Pain and suffering: | N/A. |
| c.    Medical and hospital expense: | N/A. |
| d.    Loss of earnings and impairment of earning capacity: | N/A. |
| e.    Property loss: | N/A. |
| f.    Other: Declaratory judgment *as more specifically set forth above.* | |

5.    Defenses by Respondents to claims of Petitioners Trust Company and Mr. Saffa:

Respondent Ms. Jage, both individually and as limited guardian of the person of Respondent Mrs. Wallace, concurs with the relief requested by the Petitioners.  In addition, Ms. Jage requests additional relief as set forth below.

Respondent Ms. Hastings concurs with the relief requested by the Petitioners.

Respondent Stephen P. Wallace states the following defenses to the claims for relief by Petitioners Trust Company and Mr. Saffa:

| Grounds for defense | Applicable statute, ordinance, common law rule |
|---|---|
| | |
| | |

6.    Contentions by Respondent Ms. Jage:

| Grounds for recovery | Applicable statute, ordinance, common law rule |
|---|---|
| Violation of the no-contest provision of *the controlling instrument* of the LTW Irrevocable Trust, Article IX | Terms of instrument; common law. |
| Violation of the no-contest provision of the controlling instrument of the LTW Revocable Trust, Article 1.03(C), ¶ 4. | Terms of instrument; common law. |

3

OCT. 25. 2001  5:22PM    ^OERNER, SAUNDERS                        NO. 0429   P. 8/23

| Fee shifting provision in Amendment No. One to LTW Revocable Trust, Section 11.13. | Terms of instrument; common law. |
| Fee shifting provision in Letter Amendment to Revocable Trust, dated May 19, 1998. | Terms of instrument; common law. |

      7.    Damages or relief sought by Respondent Ms. Jage:

| Damages or relief sought | Amount |
|---|---|
| a.  Personal injuries: | N/A. |
| b.  Pain and suffering: | N/A. |
| c.  Medical and hospital expense: | N/A. |
| d.  Loss of earnings and impairment of earning capacity: | N/A. |
| e.  Property loss: | N/A. |
| f.  Other: Declaratory judgment as more specifically set forth above. | |

      8.    Defenses to claims of Respondent Ms. Jage:

Petitioners Trust Company and Mr. Saffa request instructions from the Court regarding the relief requested by Ms. Jage.

Respondent Ms. Hastings concurs with the relief requested by Respondent Ms. Jage.

Respondent Stephen P. Wallace states the following defenses to the claims for relief by Respondent Ms. Jage:

| Grounds for defense | Applicable statute, ordinance, common law rule |
|---|---|
| | |
| | |

      9.    Contentions by Respondent and Counterclaimant Stephen P. Wallace:

| Grounds for recovery | Applicable statute, ordinance, common law rule |
|---|---|
| | |
| | |

      10.    Damages or relief sought by Respondent and Counterclaimant Stephen P. Wallace:

| Damages or relief sought | Amount |
|---|---|
| a.  Personal injuries: | |

OCT. 25. 2001  5:22PM    DERNER, SAUNDERS                    NO. 0429   P. 9/23

| b. | Pain and suffering: | |
|---|---|---|
| c. | Medical and hospital expense: | |
| d. | Loss of earnings and impairment of earning capacity: | |
| e. | Property loss: | |
| f. | Other: | |

11.    *Defenses to claims of Respondent and Counterclaim Stephen P. Wallace:*

Petitioners suggest and move for bifurcation of the two tort claims of intentional infliction of emotional distress and abuse of process for the reasons more specifically set forth in their separate Motion to Bifurcate. Petitioners reserve all defenses to those two claims. The third claim asserted by Mr. Wallace in his Counterclaim, for breach of fiduciary duty, is primarily equitable in nature as are the issues under the Second Amended Petition filed by the Petitioners, and therefore can and should be tried to the bench as part of the trial on the Petitioners' requests for relief.

A.    By Petitioner and Counterdefendant Trust Company:

| Grounds for defense | Applicable statute, ordinance, common law rule |
|---|---|
| | |
| | |

B.    By Petitioner and Counterdefendant Mr. Saffa:

| Grounds for defense | Applicable statute, ordinance, common law rule |
|---|---|
| General denial of the allegations. | |
| Denial of breach of any duty owed to Stephen P. Wallace. | |
| Lack of standing of Stephen P. Wallace. | |
| The counterclaim issues constitute a collateral attack on the final judgment in Guardianship Case No. PG-99-556, now final. | |
| To the extent there is any issue concerning Stephen P. Wallace's option to acquire real estate, the option expired by its terms and no rights remain or were violated. | |
| Emotional distress, if any, of Stephen P. Wallace pre-existed or arose from acts, circumstances and conditions outside the Petitioners' control. | |
| Denial that Saffa committed any abuse of process or that any abuse of process occurred, as a matter of law. | |

5

OCT. 25. 2001  5:22PM    DERNER, SAUNDERS                    NO. 0429  P. 10/23

12.  Cross Petition (or Counterclaim or Set-Off): Yes, as set forth above.

13.  Reply: Yes.

14.  Miscellaneous:

A.  Nonjury trial: Petitioners Trust Company and Mr. Saffa and Respondents Ms. Jage and Ms. Hastings state that the claims for relief and other issues to be addressed at trial are equitable in nature. Alternatively, equitable issues predominate in this action. Therefore, this action should be tried to the bench without a jury.

B.  Is additional discovery requested? Not regarding the equitable actions. Trust Company may file motions seeking to compel additional discovery related to Mr. Wallace's claims of intentional infliction of emotional distress and abuse of process.

C.  Trial briefs: The parties may, at their option, submit trial briefs on any legal issues that require determination.

D.  Motions in limine are to be filed by trial.

15.  Joint Exhibits offered by Petitioners Trust Company and Mr. Saffa:

| Number | Description | Objection | Authority |
|---|---|---|---|
| 1. | 12/26/74 Indenture of Trust creating the Frank A. Wallace Trust | | |
| 2. | 4/7/82 First Amendment to Indenture of Trust of Frank A. Wallace Revocable Trust | | |
| 3. | 11/3/82 Second Amendment to Indenture of Trust of Frank A. Wallace Revocable Trust | | |
| 4. | 1/3/84 Third Amendment to Indenture of Trust of Frank A. Wallace Revocable Trust | | |
| 5. | 7/3/86 Fourth Amendment to Indenture of Trust of Frank A. Wallace Revocable Trust | | |
| 6. | 2/4/87 Fifth Amendment to Indenture of Trust to Frank A. Wallace Revocable Trust | | |
| 7. | 3/28/91 Resignation and appointment of successor trustee of the Lisa Frances Wallace Trust | | |
| 8. | 4/15/91 David Fist letter to Lorice Wallace | | |
| 9. | 7/10/91 K. Scott Sailer letter to Lorice Wallace | | |

OCT. 25. 2001  5:22PM    ERNER, SAUNDERS                    NO. 0429  P. 11/23

| Number | Description | Objection | Authority |
|---|---|---|---|
| 10. | 9/11/92 Lorice T. Wallace Irrevocable Trust. | | |
| 11. | 1/21/93 Durable power of attorney and designation of guardian by Lorice T. Wallace | | |
| 12. | 8/30/93 Ron Saffa letter to Lorice Wallace | | |
| 13. | 8/31/93 Ron Saffa letter to David Fist | | |
| 14. | 09/16/93 Ron Saffa letter to Lorice Wallace | | |
| 15. | 10/5/93 Restatement of the Lorice T. Wallace Revocable Trust | | |
| 16. | 10/5/93 Amendment No. 1 to the restatement of the Lorice T. Wallace Revocable Trust | | |
| 17. | 10/06/93 Ron Saffa letter to Paul Mindeman and David Fist | | |
| 18. | 2/8/96 Trust indenture creating the Lorice T. Wallace Irrevocable Trust. | | |
| 19. | 2/8/96 Trust indenture creating the Stephen Paul Wallace Irrevocable Trust. | | |
| 20. | 2/8/96 Lorice T. Wallace Family Limited Partnership Agreement | | |
| 21. | 4/00/97 Stephen P. Wallace letter to Lorice Wallace | | |
| 22. | 4/14/97 Patrick Jage letter to Lorice Wallace | | |
| 23. | 4/21/97 Steve Wallace fax to Ron Saffa | | |
| 24. | 4/23/97 Joseph Hull III letter to Ron Saffa | | |
| 25. | 5/6/97 Steve Wallace handwritten memo to Ron Saffa | | |
| 26. | 5/29/97 Stephen Wallace letter to Lorice Wallace | | |
| 27. | 5/30/97 Steve Wallace memo (hand delivered) to Ron Saffa | | |
| 28. | 5/31/97 Invoice from Morrel, West, Saffa, Craige & Hicks to Lorice Wallace | | |
| 29. | 6/30/97 Paul H. Mindeman letter to Lorice Wallace | | |
| 30. | 07/08/97 Guaranty Abstract Sellers Closing Statement | | |

7

OCT. 25. 2001  5:23PM    DERNER, SAUNDERS                    NO. 0429    P. 12/23

| Number | Description | Objection | Authority |
|--------|-------------|-----------|-----------|
| 31. | 7/21/97 Stephen Wallace letter to Larry Battaglia | | |
| 32. | 12/31/97 Lorice T. Wallace letter to Ronald J. Saffa | | |
| 33. | 1/12/98 Ron Saffa letter to James Sneed | | |
| 34. | 1/22/98 James Sneed letter to Lorice Wallace | | |
| 35. | 2/12/98 Amendment No. 1 to the Restatement of the Lorice T. Wallace Revocable Trust | | |
| 36. | 02/12/98 Ron Saffa letter to James Sneed | | |
| 37. | 4/14/98 NationsBank letter of Credit for Seayco-THF Eastside Market | | |
| 38. | 5/19/98 Paul Mindeman letter to Lorice Wallace | | |
| 39. | 10/6/98 Eric P. Nelson letter to Lorice Wallace | | |
| 40. | 10/15/98 Real Estate Sales Contract between Lorice T. Wallace Family Limited Partnership and The Seayco Group | | |
| 41. | 10/19/98 S. Jess Sperry letter to Wallace Real Estate Company | | |
| 42. | 10/28/98 Stephen Wallace letter to Terry Barker | | |
| 43. | 1/28/99 Stephen Wallace letter to Terry Barker and Dennis Caruso | | |
| 44. | 4/13/99 Arlene Phillips fax to Ron Saffa | | |
| 45. | 4/14/99 Seayco-THF Eastside Market Promissory note | | |
| 46. | 4/14/99 Nations Bank Irrevocable Standby Letter of Credit | | |
| 47. | 4/20/99 Arlene Phillips fax to Steve Wallace | | |
| 48. | 4/20/99 Guaranty Abstract Co closing statement for Seayco transaction | | |
| 49. | 4/22/99 Robert McCormick letter to Lorice T. Wallace | | |
| 50. | 4/26/99 Arlene Phillips fax to Terry Barker | | |

OCT. 25. 2001  5:23PM    ERNER. SAUNDERS                    NO. 0429   P. 13/23

| Number | Description | Objection | Authority |
|--------|-------------|-----------|-----------|
| 51. | 4/30/99 Trust Company statement for the Wallace Family Limited Partnership | | |
| 52. | 4/30/99 Trust Company statement for the Frank A. Wallace Trust | | |
| 53. | 4/30/99 Trust Company Wallace Family Limited Partnership Cash Activity April, 1999 | | |
| 54. | 4/99 Wallace Family Seayco Transaction Summary, April, 1999 | | |
| 55. | 4/30/99 Frank A. Wallace Trust Cash Activity, April, 1999 | | |
| 56. | 5/11/99 Stephen Wallace letter to Bob McCormick | | |
| 57. | 5/26/99 Lorice Wallace/Stephen Wallace memo to Thomas Wilkins | | |
| 58. | 7/31/99 Pezold, Caruso, Barker & Woltz invoice to Lorice T. Wallace Limited Family Partnership | | |
| 59. | 8/26/99 Lorice Wallace letter to Thomas Wilkins | | |
| 60. | 9/30/99 Stephen P. Wallace letter to Joseph McGraw | | |
| 61. | 10/7/99 J. Michael Bartel letter to Ron Saffa | | |
| 62. | 10/22/99 Bank One Securities Corporation partnership certification of investment powers | | |
| 63. | 10/22/99 Bank One Securities Corporation trustee certification of investment powers | | |
| 64. | 10/22/99 BankOne Investment Advisory account Agreement with Lorice Wallace Family Ltd. Partnership | | |
| 65. | 10/22/99 Capacity addendum to Investment Advisory account agreement | | |
| 66. | 10/22/99 Lorice Wallace letter to Thomas Wilkins | | |
| 67. | 11/3/99 Lorice Wallace letter to Paul Mindeman and Ron Saffa | | |
| 68. | 11/3/99 Lorice Wallace letter to Paul Giehm | | |
| 69. | 11/9/99 Stephen Wallace letter to Alta Hoffman, Interim Healthcare | | |

OCT. 25. 2001  5:23PM    DERNER, SAUNDERS                    NO. 0429  P. 14/23

| Number | Description | Objection | Authority |
|--------|-------------|-----------|-----------|
| 70. | 11/10/99 Ron Saffa letter to Stephen Wallace | | |
| 71. | 11/16/99 E-mails between George Kellner, Darresa Horton, Marjorie Stealman, and Mike Bartel | | |
| 72. | 11/29/99 Statement by Mayo Clinic psychiatry consultant | | |
| 73. | 11/30/99 Gene Dennison letter to Ron Saffa and Paul Mindeman | | |
| 74. | 12/00/99 Lorice T. Wallace Revocable Trust information sheets | | |
| 75. | 12/2/99 Ron Saffa letter to Paul Mindeman | | |
| 76. | 12/2/99 Ron Saffa letter to Gene Dennison | | |
| 77. | 12/9/99 Lorice Wallace Durable Power of Attorney | | |
| 78. | 12/9/99 Thomas Wilkins letter to Sam Ott | | |
| 79. | 12/9/99 Bob McCormick e-mail to Tom Wilkins and Kathy King | | |
| 80. | 12/10/99 Dr. J. Clarke Stevens letter to Lorice Wallace | | |
| 81. | 12/10/99 Ron Saffa letter to Gene Dennison | | |
| 82. | 12/13/99 Notice of hearing petition or letters of guardianship regarding PG-99-556 | | |
| 83. | 12/20/99 Order appointing guardian ad litem in PG-99-556 | | |
| 84. | 12/20/99 Trust Company of Oklahoma trust committee order 957 | | |
| 85. | 12/20/99 Trust Company of Oklahoma trust committee order 963 | | |
| 86. | 12/22/99 Steve Wallace motion to vacate order appointing guardian ad litem and request for an expedited hearing in PG-99-556 | | |
| 87. | 1/3/00 Bonnie Hudson letter to Gene Dennison | | |
| 88. | 1/14/00 Stephen Wallace's Motion to Modify Continued Emergency Protective Order | | |
| 89. | 1/21/00 Plaintiff Patricia Wallace Hastings amended response to add plaintiffs exhibits filed | | |

OCT. 25. 2001  5:23PM    GERNER, SAUNDERS                              NO. 0429  P. 15/23

| Number | Description | Objection | Authority |
|--------|-------------|-----------|-----------|
| 90. | 1/25/00 Application of Stephen Wallace for an Independent Evaluation Of Lorice T. Wallace | | |
| 91. | 01/28/00 Medical report of Dr. Insang Kim | | |
| 92. | 2/16/00 Ron Saffa letter to Thomas Wilkins | | |
| 93. | 2/18/00 Entry of Appearance of Robert Lawrence, Terry Barker and Joseph Woltz as counsel of record for Lorice T. Wallace | | |
| 94. | 2/24/00 Patricia Wallace Hastings petition for appointment of special guardian in PG-99-556 | | |
| 95. | 2/29/00 Stephen Wallace letter to Lorice T. Wallace and Mike Bartel | | |
| 96. | 3/10/00 Stephen Wallace response to petition for appointment of special guardian in PG-99-556 | | |
| 97. | 3/13/00 Robert Lawrence letter to Paul Mindeman | | |
| 98. | 3/13/00 Instrument Altering Trust | | |
| 99. | 3/15/00 Ron Saffa letter to Robert Lawrence | | |
| 100. | 3/22/00 Robert Lawrence letter to Ron Saffa re: change of trustee | | |
| 101. | 3/22/00 Robert Lawrence letter to Ron Saffa re: removal as trustee | | |
| 102. | 3/22/00 Robert Lawrence letter to Thomas Wilkins | | |
| 103. | 3/23/00 Robert Lawrence letter to Ron Saffa | | |
| 104. | 4/10/00 Stephen Wallace letter to Linda Parish | | |
| 105. | 4/10/00 Stephen Wallace letter to Seayco-THF Eastside Market | | |
| 106. | 4/10/00 Terry Barker letter to Robert Jakubeck | | |
| 107. | 4/10/00 Stephen Wallace letter to Robert Jakubeck | | |
| 108. | 4/11/00 Robert Jakubeck letter to Ron Saffa and Terry Barker | | |
| 109. | 4/12/00 Thomas Wilkins letter to SEAYCO-THE Eastside Market LLC | | |

OCT. 25. 2001  5:23PM   COERNER, SAUNDERS                                    NO. 0429   P. 16/23

| Number | Description | Objection | Authority |
|--------|-------------|-----------|-----------|
| 110. | 4/13/00 Stephen Wallace letter to Mike Bartel | | |
| 111. | 4/13/00 Thomas Wilkins letter to Linda Parish | | |
| 112. | 4/13/00 Stephen Wallace letter to Robert Jakubeck | | |
| 113. | 4/14/00 Interim Healthcare invoice and back-up time cards | | |
| 114. | 4/14/00 J. Michael Bartel letter to Terry Barker | | |
| 115. | 4/20/00 Stephen Wallace letter to Richard Koljack | | |
| 116. | 4/24/00 Contract between The Trust Company and Continued Care | | |
| 117. | 4/26/00 Stephen Wallace letter to Barbara Swimley, Oklahoma Supreme Court Referee | | |
| 118. | 4/26/00 Lawrence letter to Milton | | |
| 119. | 5/9/00 Order on petition for appointment of guardian in PG-99-556 | | |
| 120. | 5/9/00 Judith Finn letter to Thomas Wilkins | | |
| 121. | 5/10/00 Agreed order determining controlling instruments of trusts appointing corporate trustee of trusts and requiring accounting by petitioners in PT-2000-21 | | |
| 122. | 6/00/00 Continued Care Authorization/Service Agreement | | |
| 123. | 6/5/00 Affidavit of J. Michael Bartel in PT-2000-44 | | |
| 124. | 6/7/00 Thomas Wilkins letter to Mike Hall | | |
| 125. | 6/7/00 Letter signed by Lorice Wallace and Roma Jage addressed to Terry Barker | | |
| 126. | 6/22/00 Stephen Wallace letter to William Lissau | | |
| 127. | 6/22/00 Handwritten notations by Karen Walsh on confirmation sheet | | |
| 128. | 6/28/00 Stephen Wallace letter to Karen Cole | | |
| 129. | 7/7/00 Response by Mary Roma Jage in PT-2000-21 | | |

OCT. 25. 2001  5:24PM    'ERNER, SAUNDERS                NO. 0429  P. 17/23

| Number | Description | Objection | Authority |
|--------|-------------|-----------|-----------|
| 130. | 7/10/00 Affidavit of Stephen P. Wallace | | |
| 131. | 8/11/00 Stephen Wallace letter to Thomas Wilkins | | |
| 132. | 8/15/00 Affidavit of Stephen P. Wallace | | |
| 133. | 8/21/00 Affidavit of Stephen P. Wallace | | |
| 134. | 8/21/00 Stephen P. Wallace emergency motion to remove the limited guardian of the person of Lorice T. Wallace and emergency petition to determine restoration of capacity in PG-99-556 | | |
| 135. | 8/24/00 Phone message from Steve Wallace | | |
| 136. | 8/24/00 Stephen Wallace letter to Gene Rainbolt | | |
| 137. | 8/25/00 Affidavit of Stephen Wallace in PG-99-556 | | |
| 138. | 9/8/00 Stephen Wallace letter to Kathleen Gibson | | |
| 139. | 9/20/00 Patricia Wallace Hastings and Guardian Roma Jage application for restraining order | | |
| 140. | 9/25/00 Transcript of proceeding heard before The Honorable Robert Perugino | | |
| 141. | 9/25/00 Stephen P. Wallace motion for disqualification of trial judge | | |
| 142. | 9/29/00 Stephen P. Wallace request for rehearing on motion for disqualification of trial judge | | |
| 143. | 11/13/00 Stephen Wallace response to application for restraining order and injunctive relief | | |
| 144. | 12/28/00 Affidavit of Stephen P. Wallace | | |
| 145. | 2/22/01 Stephen Wallace letter to Kathleen Gibson | | |
| 146. | 3/09/01 Order from the Oklahoma Court of Appeals affirming the guardianship order In the Matter of the Guardianship of Lorice T. Wallace | | |

13

OCT. 25. 2001   5:24PM      JERNER, SAUNDERS                              NO. 0429   P. 18/23

| Number | Description | Objection | Authority |
|---|---|---|---|
| 147. | 3/10/01 Answer of Stephen Wallace to First Interrogatories and Requests for Production of Bank One, with *documents attached* | | |
| 148. | 4/11/01 Decision as to Application for Restraining Order in PG-99-556 | | |
| 149. | 04/13/01 Court Order denying rehearing in Appeal No. 94,813 | | |
| 150. | 4/27/01 Complaint filed by Stephen Wallace in Case No. 01-CV-0311H (J) | | |
| 151. | 5/11/01 Lee Levinson letter to Elkin Kistner | | |
| 152. | 6/8/01 Robert Mitchell letter to *James Weger and Jon Payne* | | |
| 153. | 06/19/01 Supreme Court Order denying certiorari | | |
| 154. | Transcripts from proceedings in PT-2000-21 | | |
| 155. | Transcripts in guardianship action | | |
| 156. | Dr. Reid medical records | | |
| 157. | Dr. Leslie Barnes medical records | | |
| 158. | Stephen Wallace tax returns | | |
| 159. | Notice of Caveats filed by Stephen Wallace | | |
| 160. | *Stephen Wallace business card for Independent Justice Institute* | | |

16.    Respondent Ms. Jage's Exhibits:

| Number | Description | Objection | Authority |
|---|---|---|---|
| 1. | Controlling instrument of LTW Irrevocable Trust. | | |
| 2. | Controlling instrument of LTW Revocable Trust, along with all amendments thereto. | | |
| 3. | Pleadings and transcripts in *Bank of America v. Stephen P. Wallace, et al.*, Case No. CJ-2000-1900, in the District Court of Tulsa County, State of Oklahoma. | | |
| 4. | Pleadings and transcripts in *Petition of Bank One*, Case No. PT-2000-44, in the District Court of Tulsa County, State of Oklahoma. | | |
| 5. | Pleadings and transcripts in *Petition* | | |

OCT. 25. 2001  5:24PM     'ERNER SAUNDERS                          NO. 6429   P. 19/23

| | | | |
|---|---|---|---|
| | of Trust Company of Oklahoma and Ronald J. Saffa, Case No. PT-2000-21, in the District Court of Tulsa County, State of Oklahoma. | | |
| 6. | Pleadings and transcripts in *Stephen P. Wallace v. City of Bixby, et al.,* Case No. 00-CIV-1806C(M), in the U.S. District Court for the Northern District of Oklahoma. | | |
| 7. | Pleadings and transcripts in *Stephen P. Wallace v. City of Bixby, et al.,* Case No. 01-CV-0311C(J), in the U.S. District Court for the Northern District of Oklahoma. | | |

17.     Respondent and Counterclaimant Stephen P. Wallace's Exhibits:

| Number | Description | Objection | Authority |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

18.     Maps or diagrams:

Petitioners: <u>None.</u>

Respondents: _____

19.     Petitioners' witnesses:

| Number | Name | Address | Proposed testimony |
|---|---|---|---|
| 1. | Ronald J. Saffa | | |
| 2. | Thomas W. Wilkins | | |
| 3. | Roma Jage | | |
| 4. | Patricia Hastings | | |
| 5. | David Fist | | |
| 6. | Jim Sneed | | |
| 7. | Paul Hodgson | | |
| 8. | J. Michael Bartel | Bank One | Content of April 14, 2000 letter to Terry J. Barker. |
| 9. | Such other representatives of Trust Company of Oklahoma as may be necessary to authenticate documents or rebut evidence by Respondent | | |

15

OCT. 25. 2001  5:24PM    `ERNER, SAUNDERS                    NO. 0429   P. 20/23

| | | | |
|---|---|---|---|
| | Stephen P. Wallace. | | |
| 10. | Dr. Barnes | | |
| 11. | Dr. Keith Rasmussen, Jr. | | |
| 12. | Dr. Carol Hanson, D.O. | | |
| 13. | Dr. T. Joe Morgam, D.O. | | |
| 14. | Dr. Kim | | |
| 15. | Ms. Moen | | |
| 16. | Such witnesses as may be necessary to authenticate records, including medical records as necessary. | | |
| 17. | Rebuttal witnesses | | |
| 18. | Witnesses identified by Respondent Roma Jage | | |
| 19. | Bonnie Hudson, Guaranty Abstract Co. | | Content of January 3, 2000 letter from Ms. Hudson to Gene Dennison |
| 20. | Linda Parish | Bank of America | Circumstances of interplead funds. |
| 21. | Records custodian of BancFirst. | | Authentication of documents, including telephone message from Stephen P. Wallace dated August 24, 2000. |
| 22. | Arlene Phillips, Guaranty Abstract Co. | | Circumstances of Seayco closing. |
| 23. | Robert McCormick | | |
| 24. | Mike Hall | | |

20.    Respondent Ms. Jage's witnesses:

| Number | Name | Address | Proposed testimony |
|---|---|---|---|
| 1. | Stephen P. Wallace | | |
| 2. | All witnesses identified by all other parties. | | |

21.    Respondent and Counterclaimant Stephen P. Wallace's witnesses:

| Number | Name | Address | Proposed testimony |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

22.    Estimated trial time: <u>2 to 3 days.</u>

23.    Stipulations: <u>None.</u>

16

OCT. 25. 2001  5:25PM    ERNER, SAUNDERS                    NO. 0429    P. 21/23

24.    Has the possibility of settlement been explored?  N/A.

25.    Trial date set for _____

26.    Dated this _____ day of _____, 2001.


DISTRICT JUDGE GREGORY K. FRIZZELL

OCT. 25. 2001  5:25PM      DERNER, SAUNDERS                    NO. 0429   P. 22/23

AGREED:


_____
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Counsel for Petitioner and Counterdefendant The Trust Company of Oklahoma


_____
James E. Poe, OBA No. _____
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma 74103
Counsel for Petitioner and Counterdefendant Ronald J. Saffa


_____
Lee I. Levinson, OBA No. _____
Bodenhamer & Levinson
5310 E. 31st Street, Ste. 1100
Tulsa, Oklahoma 74135
Counsel for Petitioner and Counterdefendant Ronald J. Saffa


_____
William C. Kellough, OBA No. _____
Nicholas G.J. Healey, OBA No. _____
Boone, Smith, Davis, Hurst & Dickman
500 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103
Counsel for Respondent Roma Jage, both individually and as limited guardian of the person of
Lorice T. Wallace


_____
Respondent Patricia Wallace Hastings, appearing pro se
2934 E. 73rd Pl.
Tulsa, Oklahoma 74136


18

OCT. 25. 2001  5:25PM    ERNER. SAUNDERS    NO. 0429  P. 23/23

Robert L. Mitchell, OBA No. ____
Mitchell & Foley
5500 N. Western, Ste. 100A
Oklahoma City, Oklahoma 73118
Counsel for Respondent and Counterclaimant Stephen P. Wallace