**Exhibit "2"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re STEPHEN P. WALLACE,

    Debtor;

AND

THE TRUST COMPANY OF OKLAHOMA,
an Oklahoma corporation, RONALD J. SAFFA,
an individual, and BANK ONE,

    Plaintiffs,

v.

STEPHEN PAUL WALLACE, et al.,

    Defendants;

AND

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

STEPHEN P. WALLACE, et al.,

    Defendants.

Case No. 01-CV-880-H

FILED
DEC 19 2001

## ORDER

This matter comes before the Court on Defendant Stephen Paul Wallace's pro se Notice of Removal of Consolidated Cases (Docket No. 1), Plaintiff Ronald J. Saffa's Motion to Remand (Docket No. 4), and Petitioner Trust Company of Oklahoma's Motion to Remand (Docket No. 5). The cases at issue are PT-2000-21, PT-2000-44, CJ-2000-1900, and CJ 2000-4230, each filed originally in Tulsa County District Court on March 24, 2000, June 20, 2000, April 18, 2000, and August 31, 2000, respectively.

Mr. Wallace suggests in his notice of removal that Bankruptcy Case No. 01-019481-TS, originally filed in the Western District of Oklahoma, has been transferred to this Court. The Court

notes, however, that Bankruptcy Case No. 01-019481-TS is currently pending in the United States Bankruptcy Court for the Western District of Oklahoma, subject to transfer to the United States Bankruptcy Court for the Northern District of Oklahoma only upon completion of an appeal from the order of transfer. Accordingly, the Court declines to accept jurisdiction over Bankruptcy Case No. 01-019481-TS at this time.

Mr. Wallace is attempting to remove the following cases from Tulsa County District Court: PT-2000-21, PT-2000-44, CJ-2000-1900, and CJ 2000-4230. Initially, the Court notes that removal statutes are construed narrowly, and where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. See Barber v. Albertsons, Inc., 935 F. Supp. 1188, 1189 (N. D. Okla. 1996) (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

Mr. Wallace claims that jurisdiction in this Court is proper under 28 U.S.C. § 1332. 28 U.S.C. § 1446(b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action." The notice of removal was filed on December 3, 2001. Clearly, each of the cases from Tulsa County District Court was filed more than one year before the notice of removal. Therefore, the Court does not have jurisdiction over any of these cases under 28 U.S.C. § 1332.

Mr. Wallace also claims that jurisdiction in this Court is proper under Federal Rule of Bankruptcy Procedure 9027. Rule 9027(a) requires that a notice of removal "be accompanied by a copy of all process and pleadings." See also 28 U.S.C. 1446(a) (requiring "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). In his notice of removal, Mr. Wallace did not attach copies of all the pleadings, motions, orders, and other papers generated by the state court action. The Court notes that it lacks important information with which to evaluate Mr. Wallace's claim of federal subject matter jurisdiction as a result of these omissions. Mr. Wallace's failure to comply with Rule 9027 is a fatal defect and requires remand of these cases. See Careertrack Seminars, Inc. v. Lomasney, 150 B.R. 257, 258 (D. Colo. 1992).

For the reasons stated above, the Court must remand this matter to the District Court of Tulsa County. The Court hereby orders the Court Clerk to remand each of the following cases to the District Court in and for Tulsa County: PT-2000-21, PT-2000-44, CJ-2000-1900, and CJ 2000-4230. The Court notes that Bankruptcy Case No. 01-019481-TS is not before this Court because, as stated above, Bankruptcy Case No. 01-019481-TS is currently pending in the United States Bankruptcy Court for the Western District of Oklahoma, subject to transfer to the United States Bankruptcy Court for the Northern District of Oklahoma only upon completion of an appeal from the order of transfer. Accordingly, this case is hereby terminated, pending a subsequent, proper transfer of the bankruptcy case to this Court.

IT IS SO ORDERED.

This 19TH day of December, 2001.

Sven Erik Holmes
United States District Judge