# Exhibit "3"





*original*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
MAY 2 9 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| In Re: WALLACE, STEPHEN P.<br>Plaintiff/Debtor | ) | Bankr. No. 02-73-M<br>Chapter 11 |
| vs. | ) | **02CV 417EA(J)** |
| Patricia Hastings, Ronald Saffa and<br>the Trust Company of Oklahoma | ) | Adversary Case No. PG-99-556<br>Removed from Tulsa County |
| Trust Company of Oklahoma and<br>Ronald Saffa | ) | Adversary Case No. PT-2000-21<br>Removed from Tulsa County |
| Trust Company of Oklahoma and<br>Ronald Saffa | ) | Adversary Case No. CJ-2000-1684<br>Removed form Tulsa County |
| Bank One, N. A. | ) | Adversary Case No. PT-2000-44<br>Removed from Tulsa County |
| Bank of America, N. A. | ) | Adversary Case No. CJ-2000-1900<br>Removed from Tulsa County |
| Patricia Hastings, Ronald Saffa<br>and Trust Company of Oklahoma | ) | Adversary Case No. PG-2002-225<br>Removed from Tulsa County |

## <u>NOTICE OF REMOVAL OF CASES</u>

**COMES NOW**, the Plaintiff/Debtor, Stephen P. Wallace, individually and as

next friend to Lorice T. Wallace and Lisa F. Wallace, incapacitated persons, and hereby

gives notice under Federal Rule of Bankruptcy Procedure 9027 of their removal of the

above styled cases to the United States District Court for the Northern District of

Oklahoma. In support thereof, the Plaintiff/Debtor states as follows:

1.    Previously the Plaintiff/Debtor caused service of a summons and **Petition To**

**Vacate Judgments Obtained By Fraud** in the above cited cases.

*forms*
*fees pd*
*○I-T*

2.     Plaintiff/Debtor Stephen P. Wallace wishes to proceed pro se and as next friend to Lorice T. Wallace and Lisa F. Wallace due to conflicts with counsel arising out of these cases until such time as those conflicts may be resolved by this Court.

3.     This Court has original jurisdiction over these removed actions pursuant to **Federal Questions** under 18 U. S. C. § 1961; 18 U. S. C. 1964; 42 U. S. C. § 1983; 42 U. S. C. § 1985 (3); and Dennis v. Sparks 101 S. Ct. 183 U. S., 1980.

4.     These actions may be removed in that the matter in controversy surrounds and exceeds the sum of $75,000.00, exclusive of interest and costs and relates to the **core proceedings** under the bankruptcy code, therefore removal to this Court is appropriate.

5.     This removal has been timely filed pursuant to Federal Rule of Bankruptcy Procedure 9027.

6.     Plaintiff/Debtor states as additional grounds for removal are the rights to the benefit of the contracts with Wallace Real Estate Co., Frank A. Wallace Trust of 1974, River Oaks Development Corporation, et al., which form this substance of these disputes, is a protected right under the bankruptcy code, i.e., "property" defined as "all legal or equitable interest of the debtor in property as of the commencement of the case."

7.     This U. S. District Court has jurisdiction of the Debtor's claims against the parties in the above cases. Under 28 U. S. C. § 157 **"core proceedings"** included but are not limited to: **"the [counter] claims by the estate against persons filing claims against the estate."** Here, the controversies involve both property of the Debtor's estate and matters that will effect the administration of the bankruptcy estate.

8.     Plaintiff/Debtor reserves the right to amend or supplement these Notices of Removal.

9.      That under Bankruptcy Rule 9027, promptly after filing the notice of removal,

the party filing the notice shall file a copy of it with the clerk of the court from which the

claims or causes of action are effected on such filing of a copy of the notice of removal.

The parties shall proceed no further in that court [the removed court]".

   **Wherefore**, this Court has original jurisdiction pursuant to Federal Rule of

Bankruptcy Procedure 9027 that this action may be removed.


Dated this 29th day of May, 2002.


**Declaration**: Plaintiffs attach copies of original Petitions and the docket sheets as the
court clerks would not allow Plaintiffs to remove the court files for copying. Plaintiffs
request an **ORDER** from the Court to allow Plaintiffs access to all files needed to comply
with Federal Rule of Bankruptcy Procedure 9027.

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, OK  74133
(918) 694-1870  Phone
(918) 299-4752  Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2002, I hand delivered a true and correct copy to:

James Milton
Doerner Saunders
320 South Boston #500
Tulsa, OK 74103

James Poe
Covington & Poe
111 West 5th Street, #740
Tulsa, OK 74103

Paul Thomas
Office of U. S. Trustee
224 S. Boulder #225
Tulsa, OK 74103

Judge Frizzell
Tulsa County Courthouse
500 South Denver
Tulsa, OK 74103

Special Judge Perugino
Tulsa County Courthouse
500 South Denver
Tulsa, OK 74103

U. S. Bankruptcy Judge Michael
224 South Boulder
Tulsa, OK 74103

James Weger
Jones Givens
15 E. 5th #3800
Tulsa, OK 74103

William Kellough
Boone Smith
100 West 5th #500
Tulsa, OK 74103

Chief Judge Peterson
Tulsa County Courthouse
500 South Denver
Tulsa, OK 74103

Judge Shaffer
Tulsa County Courthouse
500 South Denver
Tulsa, OK 74103

Steven Soule
Hall Estill
320 South Boston #400
Tulsa, OK 74103

William Grimm
610 South Main #300
Tulsa, OK 74119

Stephen P. Wallace

4

MAY 09 2002 2:13PM    MITCHELL & FOLEY    4057670909    p.2

DISTRICT COURT
**F I L E D** 

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MAY 0 9 2002

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE MATTER OF THE GUARDIANSHIP )    Case No. PG-99-556
OF LORICE T. WALLACE,                )    Judge Robert Perugino
                                     )

## PETITION TO VACATE/MODIFY JUDGMENT OF MAY 9, 2000

1. Stephen P. Wallace, Petitioner, son of Lorice T. Wallace, the Ward in the above

named proceeding hereby petitions the Court for vacation or modification of the judgment

heretofore entered in this case on the 9th day of May, 2000, pursuant to 12 O.S. §§ 1031(4) and

1033. A copy of that judgment is attached as Exhibit 1.

2. The judgment should be vacated or modified as the court directs because it was

fraudulently obtained. It was announced to the court on May 9, 2002, that the personal property

of Lorice T. Wallace was less than $40,000.00. Further the court relied upon that representation

in granting the guardianship. The court granted a limited guardianship of the person of Lorice T.

Wallace. However the court also entered orders which have now resulted in the determination of

issues specifically directed to the trusts of Lorice T. Wallace. Particularly the court entered

orders setting aside certain instruments which were designed to replace the existing trustees of

the trust. This was done without a specific finding of incapacity at the times in question and

contrary to the express finding of the court on May 9, 2000, as follows:

> "I'll note at the outset that there has been no finding made by this Court that the
> subject of the proceedings, Lorice T. Wallace, is an incapacitated individual, so based
> upon that, as far as the proceedings today are concerned, here capacity or lack thereof has
> not been judicially determined." (Transcript of May 9, 2000, hearing before J. Perugino)

1



MAY 09 2002 2:13PM    MITCHELL & FOLEY    4057670909    P.

3. The legal result of the order was to place Mary Roma Jage in a position to determine the course of litigation concerning the trusts on behalf of Lorice T. Wallace and render Petitioner and any others legally unable to enforce the rights of Lorice T. Wallace or protect the trusts.

4. Petitioner asserts that this has resulted in a misrepresentation of the powers confered upon Mary Roma Jage and did result in Trust Company of Oklahoma and Ronald Saffa remaining as trustees of the trust when the proposed "agreement," by which this Court's order was entered, contemplated the removal of Trust Company of Oklahoma and Ronald Saffa as trustees of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust.

5. Petitioner was successful in getting the "agreed" order entered on May 10, 2000, in PT-2000-21 pursuant to the alleged agreement set aside by order of Judge Frizzell entered on November 3, 2000. However Mary Roma Jage, acting pursuant to the Order entered in this case, asserted control over the trusts, withdrew her application to have Bank of America appointed, and allowed Trust Company of Oklahoma and Ronald Saffa to remain as trustees causing substantial additional litigation.

6. Petitioner was unsuccessful in unseating Trust Company of Oklahoma and Ronald Saffa as successor trustees in PT-2000-21 and therefore, the result of Mary Roma Jage's action on behalf of Lorice T. Wallace thwarted the intent of Lorice T. Wallace to remove Trust Company of Oklahoma and Ronald Saffa when the agreement was entered on May 9, 2000, which resulted in the order of this court.

7. There exists no one neutral to protect the interests of Lorice T. Wallace regarding her estate which is valued at $30,000,000. The present guardian of the person is adversely interested in said estate and has used her position to further her interest contrary to the express terms of the

trust instruments and to the detriment of the Ward, Lorice T. Wallace.

WHEREFORE, Petitioner prays this court vacate or modify the order of May 9, 2000, in

such respect as will correct the fraudulent and wrongful result by either enforcing the agreement

to remove Trust Company of Oklahoma and Ronald Saffa as trustees of the Ward's trusts or

removing Mary Roma Jage as guardian and allowing a neutral disinterested person to be

appointed.

Respectfully submitted,

Robert L. Mitchell, OBA # 6279
Mitchell & Foley
5500 N. Western Ave., Suite 100A
Oklahoma City, OK 73118
Phone:        405-767-0404
Fax:          405-767-0909
Attorneys for Stephen P. Wallace

COUNTY OF TULSA        )
                       )    ss.
STATE OF OKLAHOMA      )

## AFFIDAVIT

I, the undersigned, after being duly sworn, do upon said oath state that I have read the
above and foregoing Petition to Vacate/Modify the Judgment of May 9, 2000, and that the
statements contained therein are true and correct to the best of my information and belief.

Stephen P. Wallace, Petitioner

Subscribed and sworn to before me this 9th day of May, 2002.

Notary Public
#99814884

My Commission Expires:

MAY 09 2002 2:13PM    MITCHELL & FOLEY              4057670909                    p.5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 9th day of May, 2002, I mailed a true and correct copy of the above and foregoing document to the following counsel of record, by depositing same in the U.S. Mails, postage prepaid to the following address:

James E. Poe, Esq.
COVINGTON & POE
111 West Fifth St., Suite 740
Tulsa, OK 74103

Lee I. Levinson, Esq.
BODENHAMER & LEVINSON
5310 E. 31st St., Suite 1100
Tulsa, OK 74135

William C. Kellough, Esq.
BOONE, SMITH, DAVIS, HURST &
DICKMAN
500 ONEOK Plaza
100 West Fifth St.
Tulsa, OK 74103

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma 74103

I further issued summons to Patricia Wallace Hastings and Mary Roma Jage individually and as limited guardian of the person of Lorice T. Wallace on the date set forth above..

MAY 09 2002 2:13PM    MITCHELL & FOLEY         4057670909              P.6
MAY-09-00 03:16 PM    McCORMICK, SCHOENBERGER    918 582 ___ 37         P.02

DISTRICT COURT
**F I L E D**

MAY 0 9 2000

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

In the Matter of the Guardianship of:      )
                                           )
LORICE T. WALLACE,                         )        Case No. PG 99-556
                                           )        Hon. Robert Perugino
                An Incapacitated Person.   )

## ORDER ON PETITION FOR APPOINTMENT OF GUARDIAN

COMES NOW the above-styled matter before this Court on the 9th day of

_____MAY_____, 2000 upon the Petition of PATRICIA WALLACE HASTINGS ("MS.

HASTINGS") for the appointment of herself as General Guardian of the person and property of

LORICE T. WALLACE ("MS. WALLACE"), an alleged incapacitated person. MS HASTINGS

appears in person and through her attorneys of record, James E. Poe and Lee I. Levinson. MS.

WALLACE appears in person and through her attorneys of record Terry J. Barker and Robert N.

Lawrence. STEPHEN P. WALLACE ("MR. WALLACE"), an interested party, appears in

person and through his attorney of record, Gene P. Dennison. MARY ROMA JAGE ("MS.

JAGE"), an interested party, appears in person, *pro se*. Mours A.J. Robertson, the Court-

appointed Guardian *Ad Litem*, also appears in person. The Court having heard the statements of

counsel and testimony of certain parties and witnesses and having otherwise reviewed the matter

and thus being fully advised in the premises, FINDS

    1.    THAT the parties to this matter have reached an agreement as to a proposed

settlement of all the issues presently pending before this Court, as follows:

    a.    Ms. Wallace consents to a limited guardianship of her person only;

    b.    Ms. Wallace consents to her daughter, Ms. Jage, serving as the limited guardian of

PETITIONER'S
EXHIBIT

MAY 09 2002 2:13PM   MITCHELL & FOLEY        4057670909         P.7

MAY-09-00  03:16 PM   CORMICK, SCHOENBERGER   918 ___2  _657       P.03

her person; and

      c.     Ms. Hastings, Mr. Wallace and Mr. Jage consent to Ms. Jage serving as the limited guardian of the person of Ms. Wallace.

      2.     THAT Ms. Wallace is impaired by reason of physical disability and she lacks the capacity to meet the essential requirements for her physical health or safety and it is necessary to appoint a limited guardian of the person of Ms. Wallace, and that the essential requirements for the health and safety of Ms. Wallace are:

      a.     Provision of 24-hour nursing care, including, but not limited to medication administration as prescribed by Ms. Wallace's treating physicians, administration of routine nursing care commensurate with her medical needs, administering and/or arranging for emergency medical treatment as needed, coordinating her medical appointments and providing transportation to and from her medical appointments;

      b.     Provision of 24-hour assistance with Ms. Wallace's activities of daily living, including, but not limited to shopping, meal preparation, house cleaning, household maintenance, bathing, toiletry, dressing and personal grooming;

      3.     THAT a limited guardian of the person of Ms. Wallace is the least restrictive alternative commensurate with these essential requirements for her health any safety;

      4.     THAT the skills and knowledge necessary to met these requirements may be had by a fully-accredited corporate home health care provider and licensed direct nursing care providers who may provide such services to Ms. Wallace at her home;

      5.     THAT Ms. Jage is qualified to ensure that these essential requirements for Ms. Wallace's health and safety are met, and is otherwise qualified to serve as limited guardian of the

2

MAY 09 2002 2:13PM     MITCHELL & FOLEY                    4057670909                    p.8

MAY-09-00  03:17 PM     CB. ICK, SCHOENENBERGER    918  02  3657              P.04

person of Ms. Wallace;

      6.    THAT in consenting to the appointment of a limited guardian of her person, Ms. Wallace and the parties hereto specifically agree, and the Court finds, that Ms. Wallace:

      a.    Retains sufficient legal capacity to vote, to serve as a juror, to amend her Advance Directive for Health Care dated October 5, 1993, and to execute an advance directive for mental health treatment consistent with the Oklahoma Rights of the Terminally Ill or Persistently Unconscious Act and Advance Directives for Mental Health Treatment Act, respectively; and

      b.    Does not retain legal capacity to make any other personal medical decisions, nor business nor financial decision, nor does she retain legal capacity to appoint agents to act on her behalf, nor to enter into or amend contracts or grant conveyances or make gifts of personal property in excess of $3,000.00 without guidance, and therefore, any gifts to be made by Ms. Wallace in excess of $3,000.00 up to a maximum of $25,000.000 shall first require the approval of the Limited Guardian of the person, and any gifts in excess of $25,000.00 shall first require the approval of this Court. Moreover, the parties agree that Ms. Wallace shall not convey, nor shall the Limited Guardian approve, any gift(s) to any one person in any one year in excess of a total value of $25,000.00.

      7.    THAT any and all Durable Powers of Attorney heretofore executed by Ms. Wallace be and the same are REVOKED.

      8.    THAT any and all documents executed by Ms. Wallace on or after December 13, 1999 (the date of the filing of the Petition herein) purporting to or asserted as effecting any kind of transfer, conveyance, sale of or lien upon any portion of Ms. Wallace's assets, or purported to or asserted as effecting any modification of Ms. Wallace's trust documents be and the same are

MAY 09 2002 2:14PM    MITCHELL & FOLEY                4057670909              p.9

MAY-09-00 03:17 PM    CORMICK, SCHOENBERGER    910 2 3657              P.05

REVOKED, NULL and VOID in their entirety.

9.      THAT during the period of transition of Ms. Wallace's home health care

providers from Interim Health Care to St. Francis (Continued Care, Inc.), The Trust Company of

Oklahoma and Ronald J. Saffa, the Co-Trustees of THE LORICE T. WALLACE REVOCABLE

TRUST will coordinate activities with the successor trustees so as to facilitate necessary care and

services for Ms. Wallace.

10.      THAT the anticipated annual personal income of Ms. Wallace for one (1) year plus

the value of her personally-owned property is less than forty thousand ($40,000.00) dollars.

11.      THAT Ms. Wallace was and is represented by legal counsel of her choice, Terry

J. Barker and Robert N. Lawrence of Pezold, Caruso, Barker & Woltz, and that such

representation was and is in the best interests of Ms. Wallace and but for that representation the

Court would have appointed counsel for Ms. Wallace pursuant to Okla. Stat. Ann. Tit. 30 §3-107

(1991 & Supp.). The Court further finds that Pezold, Caruso, Barker & Woltz has followed the

directions of Lorice T. Wallace and represented her best interests in this action and in representing

Ms. Wallace in those actions filed in the District Court in and for Tulsa County, Oklahoma styled

*Wallace v. Trust Company of Oklahoma and Ronald Saffa*, Case No. CJ-2000-01684 and

*Petition of The Trust Company of Oklahoma and Ronald J. Saffa, Trustees*, Case No. PT-2000-

21.

12.      THAT at all times during the pendency of this matter, Ms. Wallace's Court-

appointed Guardian *Ad Litem*, Moura A.J. Robertson, performed her duties and conducted her

activities as Ms. Wallace's Guardian *Ad Litem* consistent with the powers duly conferred upon her

by this Court and with Oklahoma law and that she should be now relieved of those duties.

4

MAY 09 2002 2:14PM    MITCHELL & FOLEY          4057670909                    P.10

MAY-09-00 03:18 PM    CONNICK, SCHOENENBERGER    918    92 3657              P.06

13.    THAT after review of the testimony and evidence received by the Court in the special guardianship proceeding, as well as the medical records submitted to the Court concerning Ms. Wallace, the agreement reached by and between the parties hereto is both consistent with applicable law and in the best interests of Ms. Wallace and should therefore be and he same is hereby APPROVED, and further, that the evidence before the Court is clear and convincing in order to support all of the Court's findings and orders herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that LORICE T. WALLACE be and is hereby declared to be a partially incapacitated person and unable to meet the essential requirements for her health and safety.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that MARY ROMA JAGE be and the same is hereby appointed Limited Guardian of the person of LORICE T. WALLACE and that Letters of Limited Guardianship issue to MARY ROMA JAGE upon her taking and subscribing the oath required by law, and that she serve without bond.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that MARY ROMA JAGE shall have all of the powers of a general guardian of the person under the Oklahoma Guardianship Act except the power to take custody of LORICE T. WALLACE and except those powers specifically excepted herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that MARY ROMA JAGE shall have the duty to meet the essential requirements for LORICE T. WALLACE's health and safety as provided for herein, to protect her legal rights, to obtain necessary services on her behalf in these regards and to assist her with fulfilling her civic duties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that MARY

MAY 09 2002 2:14PM    MITCHELL & FOLEY    4057670909    p.11

MAY-09-00 03:18 PM    CO___JCK.SCHOENBERGER    910 __2 __57    P.07

ROMA JAGE shall not have the power to change the residence of LORICE T. WALLACE

without first obtaining leave of this Court to do so.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that MARY

ROMA JAGE shall not have the power to amend the Advance Directive for Health Care dated

October 3, 1993, and/or execute on behalf of LORICE T. WALLACE any advance directive

pursuant to the Oklahoma Rights of the Terminally Ill or Persistently Unconscious Act and/or

Advance Directive for Mental Health Treatment Act.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that MARY

ROMA JAGE shall have and is granted authority to receive from THE LORICE T. WALLACE

REVOCABLE TRUST sufficient funds to pay the annual premium of the life insurance policy or

policies owned by THE LORICE T. WALLACE IRREVOCABLE TRUST dated September 11,

1992, insuring the life of LORICE T. WALLACE.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that THE

LORICE T. WALLACE REVOCABLE TRUST shall be the representative payee for purposes of

Ms. Wallace's Social Security benefits.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Moura

A.J. Robertson is hereby relieved as LORICE T. WALLACE's Guardian *Ad Litem*.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MARY ROMA JAGE

shall file a Plan for the Care and Treatment of the Person of the Ward within thirty (30) days of

the date of this hearing, which Plan shall be first approved by the attorneys for the parties of

record.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MARY ROMA JAGE

6

MAY 09 2002 2:14PM   MITCHELL & FOLEY            4057670909              P.12

MAY-09-00 03:19 PM   CA...ICK-SCHOENBERGER   918  2  657              P.03

shall hereinafter file with this Court an annual Report on the Limited Guardianship of the Person

of the Ward, said report to be filed on or before the 9TH day of ___MAY___ of each

and every year and copies mailed to those persons required to be provided copies pursuant to

Okla. Stat. Ann. Tit. 30 §4-307 (1991 & Supp.).

DONE this 9TH day of ___MAY___, 2000.


ROBERT PERUGINO
HON. ROBERT PERUGINO
JUDGE OF THE DISTRICT COURT


APPROVED AS TO FORM AND CONTENT:


S/ LEE I. LEVINSON
JAMES E. POE, OBA#7198
Covington & Poe, P.A.
111 West 5th Street, Suite 740
Tulsa, OK 74103
(918) 585-5537
-and-
LEE I. LEVINSON, OBA#5395
Levinson & Bodenhamer, P.A.
5310 E. 51st Street, Suite 1100
Tulsa, OK 74135
(918) 664-0800
Attorneys for PATRICIA WALLACE HASTINGS,
Petitioner


7

MAY 09 2002 2:14PM    MITCHELL & FOLEY                    4057670909                    p.13
MAY-09-08 03:19 PM    McCORMICK,SCHOENENBERGER   918 782 3357                    P.09

/S/ TERRY J. BARKER

TERRY J. BARKER, OBA#12533
ROBERT N. LAWRENCE, OBA#18411
Pezold, Caruso, Barker & Woltz, P.C.
15 West 6th Street, Suite 2800
Tulsa, OK 74119-5415
(918) 584-0506
Attorneys for LORICE T. WALLACE,
Subject of the Proceeding now Ward

GENE P. DENNISON, OBA#2308
1710 South Boston Avenue
Tulsa, OK 74119
(918) 583-2797
Attorney for STEPHEN P. WALLACE,
Interested Party

/S/

MARY ROMA JAGE, Pro Se
Interested Party now Limited Guardian of the Person
3523 Heritage Oaks Court
Oak Brook, IL 60521
(630) 969-9282

/S/

MOURA A.J. ROBERTSON, OBA #14965
McCormick, Schoenenberger & Robertson, P.A.
1441 S. Carson Avenue
Tulsa, OK 74119-3417
(918) 582-3655
Guardian Ad Litem

8

## IN THE DISTRICT COURT IN AND FOR
## TULSA COUNTY STATE OF OKLAHOMA

|  |  |  |
|---|---|---|
| Patricia Hastings, Ronald Saffa and the Trust Company of Oklahoma | ) ) ) | Case No. PG-99-556 Special Judge Perugino |
| vs. | ) ) | |
| Lorice T. Wallace, | ) ) | |
| Lorice Wallace, an individual | ) ) | Case No. CJ 2000-1684 Judge Peterson |
| vs. | ) ) | |
| Trust Company of Oklahoma and Ronald J. Saffa | ) ) ) | |
| Trust Company of Oklahoma and Ronald Saffa, for instructions and construction of Trust | ) ) ) ) | Case No. PT-2000-21 Judge Winslow Judge Frizzell |
| vs. | ) ) | |
| Lorice T. Wallace; Lorice T. Wallace Trust of 1974; Lisa F. Wallace and Stephen P. Wallace | ) ) ) ) | |
| Bank One, N. A., for instructions and construction of Trust | ) ) ) | Case No. PT-2000-44 Judge Winslow Judge Frizzell |
| vs. | ) ) | |
| Lorice T. Wallace, as Successor Trustee of the Frank A. Wallace Trust of 1974; Frank A. Wallace Trust of 1974; Lisa F. Wallace and Stephen P. Wallace | ) ) ) ) ) | |
| Bank of America, N. A. | ) ) | Case No. CJ 2000-1900 Judge Winslow Judge Frizzell |
| vs. | ) ) | |
| Stephen Wallace, et al | ) ) | |

DISTRICT COURT
F I L E D
MAY - 9 2002
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION TO VACATE JUDGMENTS
## OBTAINED BY FRAUD

1



Comes now Lorice T. Wallace, an incapacitated person, by and through her next friend, Stephen P. Wallace; Lisa F. Wallace, an incapacitated person, by and through her next friend, Stephen P. Wallace and Stephen P. Wallace, Trustee of the Stephen P. Wallace Trust dated January 9, 19999, Assignee of All Interests ("Petitioners") and Petitions these Courts **to vacate judgments obtained by fraud** (extrinsic) in the aforementioned cases pursuant to 12 O.S. 1031 (4) and 1033 Petitioners will prove **with a preparedness of the evidence and beyond a reasonable doubt** the criminal and civil assault and conspiracy perpetrated upon Petitioners in a race for **res adjudicata** and conversion of Petitioners $30,000,000 Estate. And in support thereof shows as follows: (in chronological order)

1. On July 10, 1991, David Fist and Ronald Saffa were co-conspirators in orchestrating the **resignation of Frank and Lorice Wallace's C.P.A.**, Successor Co-Trustee of their Trusts formed in December, 1974. (Exhibit 1)

2. That Fist, Saffa, Paul Minderman and the Trust Company of Oklahoma did continue this **on-going scheme or plan** consistently throughout the 1990's and **confessed** same in writing. (Exhibit 2)

3. That on December 9, 1999, Lorice T. Wallace did **appoint** her son, Stephen, as her Guardian and **Durable Power of Attorney** (Exhibit 3) and **voided** the fraudulent power of attorney prepared by Ronald Saffa for Patricia Hastings.

4. That on the following day, Ronald Saffa did prepare a **fraudulent** Emergency Protective Order (Exhibit 4) and enlist the services of his co-conspirators Lee Levinson and James Poe.

5. Lee Levinson, by his own hand, and in conspiracy with Saffa, committed premeditated perjury pursuant to Sections 500 and 504 of Title 21 of the

Oklahoma Statutes, the penalty is **imprisonment** for not more than five (5) years, (Exhibit 5) with Patricia Hastings as **co-conspirator** and perjurer.

6. That Ronald Saffa did confess to commencing the deluge of litigation with Patricia Hastings, Levinson, Poe and Trust Company of Oklahoma officials on December 10, 1999 including admitting to her **prescription** of **Depakate** which fraudulently induced Lorice's incapacity. (Exhibit 6) and extorted her signature on November 3, 1999.

7. That Ronald Saffa and Trust Company of Oklahoma were **terminated** on March 13, 2000, (Exhibit 7)

8. That on April 14, 2000 a Motion to Dismiss Petition for Guardianship was filed by Lorice's attorneys. *(Exhibit 8)*

9. That upon failure to turn over assets Lorice Wallace did file the <u>April 5, 2000</u> complaint (Exhibit 9)

10. That the law firm of Pezold, Caruso, Barker & Woltz did file a Writ of Prohibition against Special Judge Perugino. (Exhibit 10) and then fraudulently dismissed the Writ citing an **Agreed Order** had been reached. (Exhibit 10a)

11. That on May 4, 2000 Terry Barker did **sell out** his clients (Petitioners) for his own secret gain and benefit (Exhibit 11)

12. That Terry Barker prepared documents for Roma Jage to sign **pro se** (Exhibit 12) when Barker secretly represented her and orchestrated the sell out of Petitioners to Saffa and Trust Company of Oklahoma, et al.

13. That Maura Robertson was purportedly appointed as Guardian ad Literm after Petitioners displaced the fraudulent ex parte appointment of David Fist, when in reality she became a Ronald Saffa **operative** (Exhibit 13)

14. That Lisa Wallace was purportedly to be a part of a global settlement but was abandoned by Barker, Jage, Hastings, et al., and left out of the **"Agreed Order"** of May 9, 2000.

15. That Lorice Wallace was examined by Dr. John Hickman a week before May 9, 2000, and completed a sound competent diagnosis of Lorice Wallace which Barker, et al., fraudulently withheld from the Court and Petitioners.

16. That Barker frequented the Wallace household almost daily up to May 9, 2000 to fraudulently placate and assure Lorice, his client, he was representing her **best interest,** as witnessed by Interim caregivers.

17. That on May 9, 2000 Barker and his associate, Robert Lawerence, did fraudulently induce Lorice Wallace to **Dismiss with Prejudice** CJ 2000-1684 as part of the racketeering and extortion payoff perpertrated upon Petitioners (Exhibit 14)

18. That Saffa and Trust Company of Oklahoma had fraudulently converted the **first installment** of a $7 million land sale by the Wallace Trusts on April 20, 1999 and attempted to convert the **second payment** in conspiracy with Bank One. (Exhibit 15)

19. That an Interpleader action resulted to protect Petitioners interest. (Exhibit 16)

20. That Saffa and Trust Company fraudulently filed PT-2000-21 in the **probate court against Petitioners** where there would be **no jury**.

21. That Bank One filed an action correctly in the civil division (Exhibit 17) in CJ 2000-02578 but then **conspired** with James Milton, Ronald Saffa and Trust Company of Oklahoma to **dismiss** and seek preferential treatment in the non-jury probate court. (Exhibit 18) and ultimately in the presence of Jones, Givens

previous law partner, Judge Gregory Frizzell, (Exhibit 19) thus all discovery was

**denied Petitioners** or **squashed** before Trials in all cases.

22. That Trust Company of Oklahoma breached the Agreed Order that James Milton,

et al fraudulently obtained (Exhibit 20) to resign and turn over assets.

23. That **Perjury** has been **confirmed** by officers of the court (Exhibit 21 & 22)

**Wherefore** as **Fraud** was perpetrated upon Petitioners in all (5) cases stated

herein, **ALL** must be **vacated** thereby allowing Stephen P. Wallace in all capacities

stated herein, to assume his position of Guardian of Lorice Wallace and her Durable

Power of Attorney Co-Trustee of the (2) Trusts and **hereby** recinds the March 13,

2000 Instrument Altering Trust and demands all Assets held by Bank One, Trust

Company of Oklahoma and Ronald Saffa be forwarded **immediately** to **Mid First**

**Bank** attn: Jono Helmerich A forensic **audit** will be commenced immediately upon

receipt. Roma Jage is hereby terminated instanter and all parties involved are to be

held personally and corporately **liable.**

Respectfully submitted

*Stephen P. Wallace*
Stephen Wallace

### Certificate of Service

I, the undersigned, hereby certify that on May 9, 2002 I hand delivered a true and correct

copy of the above and foregoing document to the following counsel of record, by

depositing same in the U.S. Mails, postage prepaid to the following address:


James E. Poe
COVINGTON & Poe
111 West Fifth St. Suite 740
Tulsa, OK 74103

Lee I. Levinson
BODENHAMER & LENINSON
5310 E. 31st St., Suite 1100
Tulsa, OK 74135

William C. Kellough
BOONE, SMITH, DAVIS, HURST &
DICKMAN
500 ONEOK Plaza
100 West Fifth St.
Tulsa, OK 74103

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma 74103


I further issued summons to Patricia Wallace Hastings and Mary Roma Jage
individually and as limited guardian of the person of Lortice T. Wallace on the date set
forth above.



_Stephen P. Wallace_
Stephen Wallace

FROM :    FAX NO. :    Oct. 17 2001 02:46PM  P1

## ROSENSTEIN, FIST & RINGOLD

ATTORNEYS AT LAW

TULSA, OKLAHOMA 74103

July 10, 1991

Mrs. Lorice Wallace
4610 South Zunis
Tulsa, OK  74105

Dear Lorice:

Confirming our telephone conversation on July 2, I am enclosing a letter to be signed by K. Scott Sallee in which he declines to serve as a successor co-trustee of Frank's revocable trust and your revocable trust.

Would you please have Stephen take this letter to Mr. Sallee, obtain his signature on all of the copies and send one (1) signed copy to me. You will need to take another signed copy to the young lady at F & M Bank so she can complete the stock transfer pursuant to my letter to her, a copy of which is enclosed.

As a result of Sallee's resignation, you will be the sole trustee of Frank's trust during your lifetime. You will continue to be the sole trustee of your trust during your lifetime. If you become unable to manage the trust during your lifetime, then Stephen will become the trustee. If you die, then Stephen and Pat Gage will become co-trustees of your trust. You may want to change this as far as your trust is concerned and if you do, please give me a call.

I hope this will straighten everything out but if you have any questions, please let me hear from you.

With kind personal regards,

Yours very truly,

David L. Fist
FOR ROSENSTEIN, FIST & RINGOLD

DLF:mm

Enclosures



FROM :                     FAX NO. :                    Oct. 17 2001 02:46PM  P2

July 10, 1991

Mrs. Lorice Wallace
4610 South Zunis
Tulsa, OK  74105

Dear Lorice:

This letter will evidence that I decline to serve or resign as a successor co-trustee of both the *Frank A. Wallace Revocable Trust* dated December 26, 1974, and the *Lorice T. Wallace Revocable Trust* dated December 26, 1974.

Yours very truly,

*K. Scott Sallee*

K. SCOTT SALLEE

DLF:wallace1t

MORREL, WEST, SAFFA,
CRAIGE & HICKS, INC.
SUITE 900, CITY PLAZA WEST TOWER
5310 E. 31ST STREET
TULSA, OK 74135-5045
(918) 664-0800

Invoice submitted to:

LORICE T. WALLACE                    May 31, 1997
4610 S. ZUNIS                        Invoice #12277
TULSA OK 74105

In reference to: ACCT #3994

Professional services

017 - REAL ESTATE

05/02/97  Letter to Fist sending copy of Operating Agreement and
          Contribution Agreement.

05/05/97  Review capital contribution agreement and operating
          agreement received from Lincoln Properties

05/07/97  Office conference with Lorice Wallace, David Fist and Steve
          Wallace re: proposed apartment project with Lincoln
          Properties

05/08/97  Letter to client, with April statement

05/22/97  Office conference with Paul Mindeman re: Lorice Wallace
          family partnership, trusts, assets, and investments

05/23/97  Office conference with Lorice, David Fist and Dr.
          Covingtonre re: plan of action re: Steve Wallace's
          resignation from trust A and not interferring with business
          activities of Lorice Wallace

05/27/97  Prepare declination to serve as Trustee of the Frank A.
          Wallace Trust for Stephen P. Wallace.

05/28/97  Prepare and send fax to Bonnie Hudson @ Guaranty Abstract.



DISTRICT COURT
# F I L E D

# DURABLE POWER OF ATTORNEY

DEC 09 1999

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

KNOW ALL MEN BY THESE PRESENTS:

That the undersigned, **Lorice T. Wallace**, a single woman, of Tulsa County, State of Oklahoma, hereinafter referred to as "Principal", whether one or more, has made, constituted, and appointed, and by these presents does make, constitute and appoint **Stephen P. Wallace**, hereinafter referred to as "Attorney", whether one or more acting jointly or singularly, the true and lawful attorney for Principal and in the name, place and stead of Principal to do or perform through an attorney-in-fact including, without limitation, the following:

To demand, have, receive, collect and hold, any and all moneys, securities, personal and real property of any nature whatsoever belonging to Principal or in which Principal may have any interest or may hereafter acquire any interest;

To carry bank accounts in the name of Principal in such banks as Attorney may deem best and to make deposits of money belonging to Principal in such accounts and disburse said moneys on the signature of Attorney, for any purpose in connection with the personal needs, support, maintenance or medical attention of Principal in any such amounts and for such amounts and for such purposes and at such purposes and at such times as Attorney shall deem best;

To make disbursements of moneys belonging to Principal in such manner, at such times and for such purposes as Attorney may deem best for maintenance, upkeep, repair or any other purpose in connection with any real estate or personal property owned by Principal; to operate, manage, control and lease, any and all real estate now owned or hereafter acquired by Principal and to collect, demand and receive the rents, issues, incomes and profits derived therefrom, and to exercise in all respects general control and supervision over any real estate now belonging to, or hereafter acquired by Principal;

To exercise general supervision and control over any securities and other personal property of any nature whatsoever now belonging to, or hereafter acquired by Principal, including the right to vote and grant proxies in respect of such securities, and to collect dues, profits or accruals therefrom and thereon, and to make sale and disposition of the same, all as Attorney may deem best; to use generally any moneys and property now belonging to, or hereafter acquired by Principal, in the general support, maintenance, care and attention of Principal, all as Attorney may deem best;



6303 1482

To exercise in all respects as full management, control and powers with respect to all of the property of Principal, whether the same by real or personal, as Principal could do; to liquidate any assets of Principal, including but not restricted to the sale of any and all real or personal property now belonging to, or hereafter acquired by Principal, whether said assets be real or personal property or otherwise, and to make such investments of any moneys now belonging to, or hereafter acquired by Principal, as Attorney may deem best;

To grant and receive, sue for and recover, any and all moneys or gifts of any nature whatsoever and from whatever source derived that may now or at any time hereafter become due, and to give in all respects proper receipts, releases and acquittances therefore, with no liability on the part of any obliger making payments to the Attorney to see to the application of the proceeds of such payments or collections;

To grant, bargain and sell any and all real or personal property of which Principal may now be, or shall become, the legal or equitable owner or have any interest in whatsoever, leasehold or otherwise, or any part thereof, for such price and on such terms, as attorney may deem best, and for Principal and in the name of Principal, to make, execute, acknowledge and deliver good and sufficient deeds and conveyances for the same, either with or without covenants and warranties;

To borrow, either alone or jointly with others, to guarantee the debts of others, upon the security of any real or personal property in which Principal may own any interest, either legal or equitable, in any sum or sums as Attorney may deem best, and to sign, seal and deliver any and all note or notes for the payment of such sums, and to sign, seal and deliver, as collateral thereto, any and all mortgage or mortgages, with the usual power of sale, and interest and insurance clauses, and other usual provisions and covenants;

To sign, endorse, draw, accept, make, execute and deliver, notes, checks, bills of exchange and other contracts or instruments in writing, with or without seal, and also to sign the name of Principal as attorney-in-fact to any transfer of papers, or paper writings in any way connected with the business of Principal, and to do any act or acts or make any contract or contracts, either verbal or in writing, or sign any paper or papers in any way connected with such business.

To have unrestricted access to, and the right to enter into, any safety deposit box, vault, storage warehouse or other depository which the Principal may own, which may be registered in Principal's name, or in which any property may be held for the Principal.

HEREBY GIVING AND GRANTING UNTO ATTORNEY full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully and to all intents and purposes as Principal might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that Attorney may do.

Attorney may freely act under all or any of the powers given to Attorney hereunder notwithstanding that he might also be acting individually, or as attorney for other principal, trustee of a trust or as agent for other persons or corporations interested in the same matters, or he may be interested in connection with the same matters as stockholder, director, employee, partner or otherwise after forming his best judgement based upon all the circumstances of any particular situation as to the principal provided that he shall exercise such powers at all times in a fiduciary capacity.

If protective proceedings for Principal's person or estate are commenced at any time after the date of this Power of Attorney, Principal hereby nominates Stephen P. Wallace to be the guardian or conservator, as the case may be, of the person and the estate of Principal for the duration of such guardianship or conservatorship.

This is a Durable Power of Attorney executed pursuant to the Uniform Durable Power of Attorney Act of the State of Oklahoma (58 O.S. §1071 et seq.). This Durable Power of Attorney shall not be affected by subsequent disability or incapacity of Principal or lapse of time.

This Durable Power of Attorney may be revoked by Principal by an instrument in writing signed by Principal at any time.

This Document specifically revokes that certain Durable Power of Attorney and Designation of Guardian dated January 21, 1993 or any other Durable Power of Attorney executed by me prior to this date.

IN WITNESS WHEREOF, I have hereunto set my hand this ___9___ day of _____December_____, 1999.


_Lorice T. Wallace_

Lorice T. Wallace
Tulsa, Tulsa County State of Oklahoma

The Principal is personally known to me and I believe the principal to be of sound mind. I am eighteen (18) year of age or older. I am not related to the principal by blood or marriage, or related to the attorney-in-fact by blood or marriage. The principal has declared to me that this instrument is her power of attorney granting to the named attorney-in-fact the power and authority specified herein, and that she has willingly made and executed it as her free and voluntary act for the purposes herein expressed.

Witness: _Cathy Clark_

Witness: _Joseph F. Clark_

STATE OF OKLAHOMA )
　　　　　　　　　　　 )　　　 SS.　　 (OKLAHOMA FORM OF ACKNOWLEDGMENT)
COUNTY OF TULSA　　 )

Before me, the undersigned authority, on this _9th_ day of December, 1999, personally appeared  Lorice T. Wallace (Principal), _Lorice A. Wallace_ and _Cathy Clark_ (Witness) and _Joseph F. Clark_ (Witness), whose names are subscribed to the foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the principal declared to me and to the said witnesses in my presence that the instrument is his or her power of attorney, and that the principal has willingly and voluntarily made and executed it as the free act and deed of the principal for the purposes therein  expressed, and the witnesses declared to me that they were each eighteen (18) years of age or over , and that neither of them is related to the principal by blood or marriage, or related to the attorney-in-fact by blood or marriage.

GIVEN under my hand and seal of office the day and year above written.

_Judith A. Hollowell_
Notary Public

My Commission Expires:
_8-7-02_



I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's Office of Tulsa County, Oklahoma this

DEC 0 9 1999

_____
Deputy

4

# AFFIDAVIT OF LORICE T. WALLACE

Comes now **LORICE T. WALLACE**, and being duly sworn

states as follows:

1. That I am the same **LORICE T. WALLACE** whose name appears on
   that certain Durable Power of Attorney and Designation of Guardian Dated
   January 21st, 1993 attached hereto.

2. That on or about June 7, 1998, I did give a power of attorney to my
   daughter for the purpose of my care during a back operation that was to take
   place during that time frame.  However, I have revoked that power of
   attorney orally on several occasions and this document specifically revokes
   that power of attorney.

3. However, I did not give my daughter a durable power of attorney on
   January 21st, 1993.

4. I hereby state that the attached durable power of attorney is fraudlent and
   void and should not be considered by any person to be valid or express my
   desires.

5. I further state that I wish to remain in my home for as long as possible and I
   do not wish to be put in a nursing home or extended care facility under any
   circumstances.

Further affiant Sayth not.

_Lorice T. Wallace_

**Lorice T. Wallace**

Subscribed and sworn to before me this 9th day of December, 1999.

_Judith A. Hollowell_
Notary Public

My commission expires:

8-7-02

STATE OF _____

PATRICIA WALLACE HASTINGS, on behalf of LORIE

DOB 7/14/53  SSN 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 Plaintiff,

STEPHEN P. WALLACE

DOB 2/8/47  SSN _____  Defendant.

Case No. PO 99-03834

Serve: _____

Home: _____

Work: _____

Vehicle: _____

Physical Description:

Age: 50  Sex: M  Race: W

Height: 6-1  Weight: 220

Hair: BL/GRAY  Eyes: BR

Other: _____

## EMERGENCY PROTECTIVE ORDER

NOW ON THIS 10 day of DECEMBER, the Verified Petition for Emergency Protective Order signed by PATRICIA WALLACE HASTINGS

Plaintiff, on behalf of LORICE T. WALLACE _____ victim(s), comes on for hearing before the Honorable Special Judge of the District Court in and for Tulsa County, State of Oklahoma. The Court finds that the victim(s) is in immediate danger of domestic abuse and serious harm or injury. And therefore an Emergency Protective Order is necessary.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT, until such time as Defendant appears to show cause why this order should be vacated or modified, or the order is otherwise vacated or modified. IT IS THE ORDER OF THE COURT THAT:

(01) ✓ Defendant ordered not to abuse or injure the victim or victims.

(01) (04) ✓ Defendant ordered not to visit with, assault, molest, or otherwise interfere with the victim or victims wherever they may be, to include but not to be limited to home, school, or place of employment.

(01) ✓ Defendant ordered not to threaten the victim or victims.

(04) ✓ Defendant ordered to remain away from the victim or victims and the residence of the victim where ever it may be at all times.

(03) ___ Defendant ordered to immediately leave the residence located at _____
permanently or _____

(01) ___ Defendant ordered to cease stalking victim.

(01) ✓ Defendant ordered to cease harassment of the victim.

(08) ___ The parties may communicate to facilitate visitation with the minor children.

(08) ___ Order the defendant who is a minor child to leave the residence located at _____ by immediately placing the defendant in any type of care authorized for children taken into custody pursuant to subsection A of Section 7303-1.1 of Title 10 of the Oklahoma Statutes.

Circle age of defendant Thirteen (13), fourteen (14), fifteen (15), sixteen (16), or seventeen (17) years.

(08) ✓ Other: DEFENDANT ORDERED NOT TO TELEPHONE VICTIM

**DISTRICT COURT**
**F I L E D**
DEC 10 1999
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

You, the Defendant, may appear before Honorable DAMAN CANTRELL

Judge of the District Court, in and for Tulsa County, on the 23 day of Dec _____

a.m. 3 o'clock p.m. in Courtroom 153 Tulsa County Courthouse, to show cause why the order should not continue to comply with the order of the Court. If you choose not to appear, this order will become a Permanent Protective Order without further notice.

You, the Defendant, are further informed that pursuant to Title 22, Sec. 60.6, any violation of this Order is punishable by up to one (1) year in the County Jail and/or a fine of up to One Thousand Dollars ($1,000.00). A violation of this Order resulting in physical injury or physical impairment is punishable by imprisonment for not less than twenty (20) days nor more than one (1) year in the County Jail and/or a fine not to exceed Five Thousand Dollars ($5,000.00). A second conviction of a violation of the Protective Order is punishable by not less than ten (10) days and not more than one (1) year in the County Jail and/or a fine of not less than One Thousand Dollars ($1,000.00) and not more than Five Thousand Dollars ($5,000.00).

THE FILING OR NONFILING OF CRIMINAL CHARGES AND THE PROSECUTION OF THE CASE SHALL NOT BE DETERMINED BY A PERSON WHO IS PROTECTED BY THIS ORDER, BUT SHALL BE DETERMINED BY THE PROSECUTOR. NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

If you fail to appear _____ order may be issued without further notice to you.

Any person on _____ of Order.

DEC 10 1999

_____
JUDGE OF THE DISTRICT COURT

Form 5479 (Sept. 10-99)


EXHIBIT

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

PATRICIA WALLACE HASTINGS,        )
                                  )
        Plaintiff,                )
                                  )
vs.                               )    Case No.    PO 99 03834
                                  )
STEPHEN P. WALLACE,               )
                                  )    DIXMAN CANTRELL    **DISTRICT COURT**
        Defendant.                )                      **F I L E D**

                                       DEC 1 0 1999

**PETITION FOR PROTECTIVE ORDER**    SALLY HOWE SMITH, COURT CLERK
                                     STATE OF OKLA. TULSA COUNTY

COMES NOW the Plaintiff, Patricia Wallace Hastings, hereinafter referred to as "Hastings", being

duly sworn on oath, pursuant to the verification attached hereto, and requests that the Court issue a

Protective Order against the Defendant, Stephen P. Wallace, and in support thereof, alleges and states

as follows:

1.    The Defendant has caused and continues to cause harm to Lorice T. Wallace, who is the

mother of the Plaintiff. The Defendant has continually harassed Lorice T. Wallace, causing the Victim,

Lorice T. Wallace, extreme mental anguish and harm and has forced the Victim, Lorice T. Wallace, to

execute documents concerning her assets and personal affairs. Further, the Defendant has interfered with

the necessary and immediate health care needs of Lorice T. Wallace.    *anti-depressant*

2.    The incidents which caused the filing of this Petition for a Protective Order commenced with

the Defendant attempting to choke the Victim, Lorice T. Wallace. This pattern of activity has continued

by the Defendant verbally and mentally abusing the Victim, Lorice T. Wallace, by screaming, threatening,

shouting, and utilizing all of his power to force the Victim, Lorice T. Wallace, to execute documents and


EXHIBIT

forcing her to st     do things against her will. In addition, the De     dant has taken the Victim's medicine and has increased his level of harassing and abusing the Victim after he was informed that she was mentally incompetent and that the Plaintiff was now handling her affairs.

3.     In further support of this Petition for a Protective Order, the Plaintiff would state that CAROL HANSON, a psychiatrist at Hillcrest Hospital in Tulsa, Oklahoma, has advised the Plaintiff to immediately notify Adult Protective Services of the Defendant's actions and to make this notification for the protection of the Victim, Lorice T. Wallace. Further, Dr. Hanson has advised the Plaintiff to immediately take this action to obtain a Protective Order against the Defendant for the protection of Lorice T. Wallace.

4.     The Victim, Lorice T. Wallace, and the Defendant, Stephen P. Wallace, are parent and child.

5.     This Petition for Protective Order is being filed by Plaintiff Hastings on behalf of her mother as recently pursuant to the opinion of Dr. Hanson as well as the opinion of Dr. Keith G. Rasmussen, Jr., MD, a consultant in psychiatry in Rochester, Minnesota, the Victim, Lorice T. Wallace is mentally incompetent. I have attached to this Petition for Protective Order, and have marked as Exhibit A, a copy of Dr. Rasmussen's opinion on the mental capabilities of Lorice T. Wallace.

6.     On January 21, 1993, Lorice T. Wallace appointed the Plaintiff Hastings as her Guardian in the event of her incompetency. A copy of this Durable Power of Attorney and Designation of Guardian is attached to this Petition, and is marked as Exhibit B, and made a part hereof. Further, this Durable Power of Attorney and Designation of Guardian by Lorice T. Wallace to the Plaintiff Hastings was filed of record with the District Court of Tulsa County, Oklahoma, on December 2, 1999.

2

7.        Victim, Lorice T. Wallace is in immediate and present danger of abuse and harm from the Defendant and an emergency Ex Parte Order is necessary to protect the Victim, Lorice T. Wallace from serious harm and continued mental abuse. The Plaintiff requests the following relief in the emergency Ex Parte Order:

        a.    Order the Defendant not to visit, assault, or otherwise interfere with the Victim, Lorice T. Wallace,

        b.    Order the Defendant not to threaten the Victim, Lorice T. Wallace,

        c.    Order the Defendant to cease harassment of the Victim, Lorice T. Wallace, and

        d.    Order the Defendant not to telephone the Victim, Lorice T. Wallace.

8.        Plaintiff Hastings requests the following Order to be made by the Court following notice to the Defendant and a hearing:

        a.    Order the Defendant not to visit, assault, or otherwise interfere with the Victim, Lorice T. Wallace,

        b.    Order the Defendant not to threaten the Victim, Lorice T. Wallace,

        c.    Order the Defendant to cease harassment of the Victim, Lorice T. Wallace,

        d.    Order the Defendant to pay the reasonable attorney fee of the Plaintiff, and

        e.    Order the Defendant not to telephone the Victim, Lorice T. Wallace.

9.        Both the Victim, Lorice T. Wallace, and the Defendant, Stephen P. Wallace, are residents of Tulsa County, Oklahoma.

10.        WARNING: Whoever makes a statement or allegation in this Petition for Protective Order but does not believe that the statement or allegation is true, or knows that it is not true, or intends thereby

3

to avoid or obstruct the ascertainment of the truth, may be found guilty of perjury. Pursuant to Sections

500 and 504 of Title 21 of the Oklahoma Statutes, the penalty for perjury, or subornation of perjury, is

imprisonment for not more than five (5) years.

    Respectfully submitted,


    _____
    Lee I. Levinson, OBA #5395
    5310 East 31st Street, Suite 1100
    Tulsa, OK 74134-5004
    (918) 664-0800

    James E. Poe
    Suite 740 Manhattan Building
    111 West 5th Street
    Tulsa, OK 74103-4267
    (918) 585-5537

4

## MORREL, WEST, SAFFA, CRAIGE & HICKS, INC.
### Attorneys At Law

5310 East 31st Street, Suite 1100
Tulsa, OK 74135-5004
(918) 664-0800
(918) 663-1383 Fax

# Fax

To: _Gene Dennison_     From: _Ron Saffa_

Fax: _583 - 8283_     Pages: _3_

Re: _____     Date: _12 - 10 - 99_

☐ Urgent     ☐ For Review     ☐ Please Reply

● CONFIDENTIALITY NOTICE: The information included with this facsimile transmission is private and confidential and is the property of the sender. The information is privileged and intended only for the use of the addressee listed above; any unauthorized disclosure, copying, distribution or reliance on the information included in this transmission is strictly prohibited. If you have received this facsimile transmission in error, please immediately notify us by telephone to arrange for return of the facsimile transmission document and information to us.

● Comments:



MORREL, WEST, SAFFA, CRAIGE & HICKS, INC.
LAWYERS
11TH FLOOR, CITY PLAZA WEST
5310 EAST 31ST STREET
TULSA, OKLAHOMA 74135-5004
(918) 664-0800

PIERCE B. MORREL
BARRY O. WEST
RONALD J. SAFFA
MARK A. CRAIGE
JAMES H. HICKS

PIERCE B. MORREL, JR.

OF COUNSEL
PAUL R. HODGSON

FACSIMILE
(918) 664-4758

REFER TO OUR FILE
NO.   3994-69

December 2, 1999

Via Facsimile: 583-8283

Gene P. Dennison, Esq.
1710 South Boston
Tulsa, OK 74119

Re:     Lorice T. Wallace

Dear Mr. Dennison:

Lee Levinson, myself, and Tom Wilkins with the Trust Company of Oklahoma met with you and Robert Lawrence on Monday, December 6, 1999. At that time we gave you a letter from the Mayo Clinic which states Lorice Wallace is not competent to make informed decisions. In spite of this letter, it is my understanding that you prepared a Durable Power of Attorney for Steve Wallace to take to his mother's house to have her sign it.

In addition, you acknowledged at our meeting that Ms. Wallace was incompetent of handling her affairs and you simply wanted to be brought up to date on all of the accounting that was being done on the family partnership. When Dr. Hanson found out what Steve had done to his mother, Dr. Hanson was very livid and wanted a protective order filed against Steve and to notify Adult Protective Services immediately. In addition, we tried at least three times to contact you regarding this matter and you have failed to return any of our calls.

We were also informed by the Interim Health nurse that Steve Wallace took Lorice Wallace's prescription medicine. Therefore, the Trust Company and I have hired Lee Levinson and Jim Poe to file a Protective Order against Steve Wallace.

DEC-10-99 17:00 FROM:MORREL WEST SAFFA          ID:9186031503          PAGE

Gene P. Dennison, Esq.
December 10, 1999
Page No. 2

      Finally, we are having Steve Wallace served, but we would request that you contact your client and tell him to abide by the terms of the Protective Order for the health and welfare of Lorice Wallace. A copy of the Protective Order is enclosed.

Very truly yours,

Morrel, West, Saffa, Craige & Hicks, Inc.

Ronald J. Saffa

RJS:bjb
Enclosure

xc:  Mr. Paul Mindeman, Trust Company of Oklahoma
    Mr. Tom Wilkins, Trust Company of Oklahoma
    Lee I. Levinson, Esq.
    Jim Poe, Esq.

\Wallace\69 Dennison L02

## INSTRUMENT ALTERING TRUST

This is to direct the Trustee and the Successor Trustee, thereto, of The Lorice T. Wallace Revocable Trust ("Trust") dated the 26th day of February, 1974 and the various amendments thereto, including but not limited to that certain Restatement of Trust Agreement dated October 5, 1993, that the following changes are made to my trust.

Pursuant to Section 2.01 of said Restatement of Trust Agreement, I hereby make the following alterations to the original Trust document:

Section 3.04 Successor Trustee should be amended in that my son, Stephen P. Wallace, my daughter, Mary Roma Wallace Jage, and Bank One should be inserted as Successor Co-Trustees and that Ronald J. Saffa and The Trust Company of Oklahoma are hereby removed as Successor Trustees of this Trust. That should Stephen P. Wallace be unable or unwilling to serve for any reason, that Bank One and Mary Roma Wallace Jage shall act as co-trustees. That should MaryRoma Wallace Jage be unable or unwilling to serve for any reason, that Bank One and Stephen P. Wallace shall act as co-trustees. Should both Stephen P. Wallace and Mary Roma Wallace Jage be unable or unwilling to serve for any reason, Bank One shall act as the sole Successor Trustee.

Section 5.01 should be amended such that Stephen P. Wallace and Mary Roma Wallace Jage should determine the visitation rights to Lisa Frances Wallace, should this become an issue of contention between my children.

In all other regards the Trust and amendments thereto stand as written.



In witness whereof this Instrument Altering trust is executed this 13th day of March, 2000.


_Lorice T. Wallace_
Lorice T. Wallace - Grantor


_Robert K. Pezold_                          _Kent D. Stone_
Robert K. Pezold - Witness                  Kent D. Stone - Witness


STATE OF OKLAHOMA     )
                      ) ss
COUNTY OF TULSA       )


Before me, Linda S Lowe , a Notary Public in and for said County and State,

on this 13th  day of March, 2000, personally appeared Lorice T. Wallace, Grantor in the

foregoing Instrument Altering Trust, Robert K. Pezold, and Kent D. Stone to me known to be the

identical persons who executed the within and foregoing instrument and acknowledged to me that

they executed the same as their free and voluntary acts for the purposes therein set forth.


IN WITNESS WHEREOF, I have hereunto set my hand and official seal the day and year last

above written.


_Linda S Lowe_
Notary Public


My commission expires: 3/29/2002

2

03/22/00  WED 16:37 FAX 918 584 0720

## PEZOLD, CARUSO, BARKER & WOLTZ
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
ATTORNEYS AND COUNSELORS AT LAW
15 WEST SIXTH STREET, SUITE 2800
TULSA, OKLAHOMA 74119-5410

TELEPHONE
(918) 584-0808

FACSIMILE
(918) 584-0720

March 22, 2000

**VIA TELECOPY - 744-5088**

Thomas W. Wilkins, Esq.
President and CEO
The Trust Company of Oklahoma
5727 South Lewis
Tulsa, Oklahoma 74105

RE:   *Lorice T. Wallace Revocable Trust*

Dear Mr. Wilkins:

Lorice T. Wallace hereby requests that you exercise your power as successor trustee of the Lorice T. Wallace Irrevocable Trust to name as new successor co-trustees Stephen P. Wallace, Mary Roma Wallace Jage, and Bank One, N.A., and subsequently resign your position as successor trustee of the Lorice T. Wallace Irrevocable Trust. A similar request is being made of Ronald J. Saffa. Please coordinate with Mr. Saffa to make the change over to co-trustees Stephen P. Wallace, Mary Roma Wallace Jage, and Bank One, N.A. as soon as possible.

Also, please fax a written confirmation of this transfer to the office of Pezold, Caruso, Barker & Woltz as attorneys for Lorice T. Wallace, Grantor of the Lorice T. Wallace Revocable Trust.

Sincerely,

PEZOLD, CARUSO, BARKER & WOLTZ

BY:

Robert N. Lawrence

RNL/skg
cc: Ronald J. Saffa, Esq.
    (Via facsimile - 663-1383)

*page 384*

## PEZOLD, CARUSO, BARKER & WOLTZ

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

15 WEST SIXTH STREET, SUITE 2800

TULSA, OKLAHOMA 74119-5415

TELEPHONE
(918) 584-0606

FACSIMILE
(918) 584-0720

March 23, 2000

VIA TELECOPY - 663-1383

Ronald J. Saffa, Esq.
5310 East 31st Street, 11th Floor
Tulsa, Oklahoma 74135

RE:   *Lorice T. Wallace Revocable Trust*

Dear Mr. Saffa:

This letter is to inform you that you have been removed as trustee of the Lorice T. Wallace Revocable Trust. Lorice T. Wallace as grantor of the Lorice T. Wallace Revocable Trust has exercised the power reserved to the grantor in that trust to name a new trustee.

A copy of the instrument altering the trust and naming the new trustee is attached. (The attachment was inadvertently omitted from our March 22nd letter.) You will note that Ronald J. Saffa and The Trust Company of Oklahoma have been removed as successor trustees of the trust and that Stephen P. Wallace, Mary Roma Wallace Jage, and Bank One have been inserted as trustees of the trust. Please immediately contact Mike Bartel at Bank One and arrange for the transfer of all materials and assets of the Lorice T. Wallace Revocable Trust to Bank One.

Also, please fax a written confirmation that you will be transferring the trust documents and assets to Bank One to 584-0720 which is the office of Pezold, Caruso, Barker & Woltz as attorneys for Lorice T. Wallace, Grantor of the Lorice T. Wallace Revocable Trust.

Sincerely,

PEZOLD, CARUSO, BARKER & WOLTZ

BY: _[signature]_
      Robert N. Lawrence

RNL/skg
Attachment
cc: Thomas W. Wilkins, President and CEO
     Paul Mindeman
     The Trust Company of Oklahoma  (Via facsimile - 744-5088)

**EXHIBIT 2**

FILED
DISTRICT COURT
APR 04 2000
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

PATRICIA WALLACE HASTINGS, on          )
behalf of Lorice T. Wallace            )
                                       )    Case No. PG 99-556/Perugino
                                       )

## MOTION TO DISMISS PETITION FOR GUARDIANSHIP

Lorice T. Wallace, ("Mrs. Wallace") subject of the above proceeding, respectfully requests that the Guardianship proceedings be dismissed. Mrs. Wallace's constitutional due process rights have been violated by failure to follow statutory mandates. Title 30 O.S. § 3-106, requiring Mrs. Wallace's presence at all hearings, and 30 O.S. §§ 3-109, 3-111, requiring a hearing to determine guardianship within 30 days, have been violated. Consequently, the court lacks jurisdiction for further proceedings and the case must be dismissed. In support of this motion, Mrs. Wallace would show the court as follows.

### Introduction

On December 13, 1999, Patricia Hastings filed a Petition for Appointment of a Guardian for Mrs. Wallace. Ms. Hastings is not driving the litigation, however. The real parties in interest are Ronald J. Saffa ("Saffa") and The Trust Company of Oklahoma ("Trust Co."). Saffa and Trust Co. are the former trustees of the Lorice T. Wallace Revocable Trust ("Trust") and are paying the legal fees of Ms. Hastings. Saffa and Trust Co. have admitted that they instructed Ms. Hastings to file this litigation and are continuing to directing this litigation. (See attached Exhibit "A"). Essentially, the trustees brought suit against the trustor.

Saffa and Trust Co. stood to benefit from a determination that Mrs. Wallace is incapacitated; such a finding would make it much harder for Mrs. Wallace to remove them as trustees. Saffa and Trust Co. were in position to collect trustees' fees from the Trust for several


EXHIBIT
8

decades. Mrs. Wallace, upon learning of this self-dealing by Saffa and Trust Co., amended the Trust and removed Saffa and Trust Co. as trustees. Saffa and Trust Co. are now attempting a collateral attack on this proceeding through a separate petition filed in Judge Winslow's court.

### Procedural Requirements

The guardianship proceeding in this case falls under the Oklahoma Guardianship and Conservatorship Act ("the Act"). 30 O.S. §§ 1-104(A)(1) and 1-112(A)(2). As such, all proceedings in this case must comply with all provisions of the Act.

The Act requires strict compliance with the statutes contained therein:

B. The court has jurisdiction over guardianship proceedings, and has the following powers, which must be exercised in the manner prescribed by statute, to:

1. Appoint and remove guardians for minors and incapacitated and partially incapacitated persons;

30 O.S. § 1-114 (B)(1)(emphasis added.)

The precise manner in which guardians may be appointed is prescribed by statute. Title 30 O.S. §§ 3-106, 3-109, 3-110 and 3-111 all deal specifically with the timing, notice requirements and required findings of the hearing to determine the need for a guardianship. All four of these statutes have been violated.

Failure to strictly comply with the provisions of the Act causes the court to lose jurisdiction and any order of the court is void. "The case of Tiger v. McCallom, 89 Okl. 249, 214 P. 194, 195 (1923) holds that Oklahoma law is settled that the appointment of a guardian is uniquely a creature of statute. In the absence of full compliance the court lacks jurisdiction and the order is void." *Taylor v. Gilmartin*, 686 F.2d 1346, 1351 (10th Cir. 1982). This premise was reiterated by the Oklahoma Supreme Court;

2

Page 2

> Guardianship proceedings are regulated by statute, and failure strictly to comply with the statutory mandate may invalidate the appointment of the guardian. The applicable statutes, 58 O.S.1981 §§ 851, 852 (now 30 O.S. 3-109, 3-111) require a *full hearing* in the presence of the supposed incompetent if he/she is able to appear before the court.

*In Re Guardianship of Deere*, 708 P.2d 1123, 1125 (Okl. 1985)(internal citations omitted)(reversing appointment of guardian for failure to comply with 58 O.S.1981 §§ 851, 852 (now 30 O.S. 3-109, 3-111)). As shown below, these statutes, as well as others have been violated and thus the court lacks jurisdiction to appoint a guardian.

Hearing and Determination Must Be Within Thirty Days of Petition.

Title 30 O.S. §§ 3-109 and 3-111 require that a hearing at which a determination of the necessity for a guardian be held no more than 30 days after the filing of the petition.

> When it is represented to the court in a petition filed pursuant to this act alleging that a person is an incapacitated person or partially incapacitated person, the court shall set a date for a *hearing on the petition* which date shall be no more than thirty (30) days after the filing of the petition.

30 O.S. § 3-109 (emphasis added).

> A. At the *hearing on the petition* the court shall determine whether or not it is necessary to appoint a guardian of the person, property or both.

30 O.S. § 3-111(A) (emphasis added).

The hearing on the petition was set for January 7, 2000. The January 7, 2000 hearing on the petition was not in compliance with 30 O.S. § 3-111. No finding of the necessity for appointment of a guardian was made. Nor was any finding of the necessity for the appointment of a guardian made at any other time within the 30 day requirement. The court no longer has jurisdiction to try this matter and should dismiss the case. Any other proceedings in this matter are a violation of Mrs. Wallace's constitutional due process rights.

3

The due process clauses of both the United States and Oklahoma Constitutions protect the historic personal liberty to be free from, and obtain judicial relief for, unjustified intrusions on personal security.[1] A proceeding to appoint a Guardian results in severe loss of personal liberty of the ward. Among the rights taken from a ward are the right to vote, to contract, to choose one's associates, to make decisions about one's own care, the right to freely travel and to practice a profession. *Guardianship of Deere*, 708 P.2d 1123 (Okl. 1985).

The requirement of 30 O.S. §§ 3-109 and 3-111 operate to protect Mrs. Wallace from unjust delay. The petition was filed on December 13, 1999. In order to comply with 30 O.S. §§ 3-109 and 3-111, and thereby provide Mrs. Wallace with her constitutional due process, a hearing at which a final determination of the need for a guardian had to have been held by January 12, 2000. No determination was made by January 12, 2000. All proceedings in this matter from January 12, 2000 forward are in violation of 30 O.S. §§ 3-109 and 3-111 and are violations of Mrs. Wallace's constitutional due process rights. The only valid action the court may take at this time is to dismiss the case.

Mrs. Wallace was not present at any hearing prior to March 13, 2000.

Title 30 O.S. § 3-106 provides:

> A. In all hearings conducted pursuant to Article III of the Oklahoma Guardianship and Conservatorship Act, an individual who is alleged to be or found to be an incapacitated or partially incapacitated person shall have a right to:
> 1.    Notice as provided in Section 3-110 of this title;
> 2.    be present at such hearings;

(emphasis added)

Several hearings were held in this case which affected Mrs. Wallace's rights. Mrs. Wallace has been present for only one, a hearing on March 13, 2000.

---

[1] U.S. Const. Amend. XIV, § 1 and the Okla. Const. Art. 2, § 7.

Mrs. Wallace did not waive her right to attend the hearings prior to March 13. The right of the subject of the proceeding to be present may only be waived for good cause shown. Title 30 O.S. § 3-106 (B) requires the court to make inquiries to determine whether there is sufficient cause to waive the right to be present. Additionally, the court "shall make a finding on the record as to the reason the subject of the proceeding is not present at the proceeding and the alternatives that were considered to enable the subject of the proceeding to be present." 30 O.S. § 3-106(B). No such finding appears in the record for any hearing.

Mrs. Wallace was not present at the hearing on the petition on January 7, 2000. Nor does the record contain any finding as to the reason for her absence. The absence of the subject of the proceeding from the hearing on the petition without ample explanation in the record is enough to render the guardianship proceedings void. *Guardianship of Deere*, 708 P.2d at 1125.

The holding of these hearing without Mrs. Wallace in attendance is a violation of 30 O.S. § 3-106 (A)(2) and (B) and is a violation of Mrs. Wallace's constitutional due process rights. There have been delays, a consolidation with another case and appointment of two separate guardians ad litem all done without Mrs. Wallace in attendance. The Oklahoma Supreme Court declared such practice unconstitutional when it said;

> When the state participates in the deprivation of a person's right to personal freedom, minimal due process requires proper written notice and a hearing at which the alleged incompetent may appear to present evidence in his/her own behalf.

*Guardianship of Deere*, 708 P.2d 1123, 1126 (Okl. 1985).

Mrs. Wallace has been deprived of the constitutionally and statutorily mandated right to be present at these hearings. Consequently, she has been deprived of the right to defend her own

interests in this case.

An example of the problems caused by completely excluding Mrs. Wallace from participation in her own defense is the Guardian Ad Litem situation. After an Ex Parte hearing, David Fist was appointed as Guardian Ad Litem. Notice to Mrs. Wallace of the appointment does not appear in the record.[2] Other parties to the proceeding objected to Mr. Fist serving as Guardian Ad Litem and an expedited hearing was set. Notice of the hearing was sent to all parties *except* Mrs. Wallace. Weeks later, a new Guardian Ad Litem, Moura Robertson, was appointed. No notice to Mrs. Wallace of this appointment appears in the record, either.

Mrs. Wallace was kept in the dark and was not allowed any input into the matter. As a result she has had a Guardian Ad Litem appointed who has issued a report unauthorized by any statute in which she makes recommendations outside the scope of the duties of the Guardian Ad Litem and renders unqualified opinions as to the capacity of Mrs. Wallace.

## Conclusion

Mrs. Wallace has been subjected to the indignity of a Guardianship Proceeding brought for pecuniary gain. The statutorily mandated process has not been followed. Mrs. Wallace has been deprived of the mandated opportunity to be present and defend herself at the January 7, 2000 hearing as well as all other hearings prior to March 13, 2000. In any event, the court lost jurisdiction over this matter on January 13 for failure to comply with 30 O.S. §§ 3-109 and 3-111.

The indignity of this proceeding has been drawn out beyond the statutorily mandated

---

[2]It is unclear from the record whether Mrs. Wallace was given notice of *any* proceeding in this case, motion, hearing or otherwise, prior to the entry of appearance of the undersigned counsel.

deadlines. Mrs. Wallace's constitutional right to due process of law has been violated and she is entitled to have this case dismissed.

WHEREFORE, premises considered, Mrs. Wallace respectfully requests that the Court dismiss Patricia Hastings' Petition for Guardianship.

Respectfully submitted,

Terry J. Barker, OBA No. 12553
Joseph C. Woltz, OBA No. 14341
Robert N. Lawrence, OBA No. 18411
PEZOLD, CARUSO, BARKER & WOLTZ
15 West Sixth Street, Suite 2800
Tulsa, Oklahoma 74119
(918) 584-0506
(918) 584-0720 (facsimile)

COUNSEL FOR LORICE T. WALLACE

## CERTIFICATE OF MAILING

I, Robert N. Lawrence, hereby certify that on the April 5, 2000 I placed in the United

States mail at Tulsa, Oklahoma, a true and correct copy of this Motion to Dismiss Guardianship

Proceedings, with correct postage fully prepaid thereon, addressed to the following:

Maura Robertson
Guardian Ad Litem
1441 S. Carson
Tulsa, OK 74119-3417

Mary Roma Wallace Jage
3323 Heritage Oaks Court
Oakbrook, IL 60521

Gene Dennison
1710 S. Boston
Tulsa, OK 74119

Lee Levinson
5310 E. 31st St. Suite 1100
Tulsa, OK 74135

James Poe
111 W. 5th St. Suite 740
Tulsa, OK 74103-4267

Robert N. Lawrence

8