DISTRICT COURT
**F I L E D**

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

APR 0 5 2000

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

LORICE WALLACE, an individual,    )
)
        Plaintiff,    )
)
v.    )   Case No. CJ 2000 01684
)
THE TRUST COMPANY OF OKLAHOMA,    )
an Oklahoma corporation, and RONALD J.    )
SAFFA, an individual,    )
)
        Defendants.    )

DAVID PETERSON

## PETITION

COMES NOW Lorice Wallace ("Wallace"), and for her claims against The Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa ("Saffa") alleges and states:

## PARTIES

1.    Wallace is an individual residing in Tulsa County, Oklahoma.

2.    Trust Company is an Oklahoma corporation, with offices in Tulsa County, Oklahoma. Trust Company may be served with process through its registered service agent in Tulsa County, Oklahoma.

3.    Saffa is an individual residing in Tulsa County, Oklahoma. Saffa may be served with process personally.

## JURISDICTION AND VENUE

4.    Saffa is an individual resident of the State of Oklahoma, and Trust Company is an Oklahoma corporation doing business in Oklahoma. Jurisdiction is therefore proper pursuant to Title 12 O.S. § 2004(F).

*Exhibit*

EXHIBIT
9

5.    Saffa and Trust Company have gained dominion over real and personal property that is the subject of this action through the Defendants' actions in Tulsa County, State of Oklahoma, and such real and personal property is situated in Tulsa County, State of Oklahoma. Venue is therefore proper pursuant to Title 12 O.S. §§ 131, 137.

## I.    BACKGROUND

6.    In 1974, the Lorice T. Wallace Revocable Trust was created by Wallace, with Wallace as Trustee.

7.    The Lorice T. Wallace Irrevocable Trust and the Frank A. Wallace Trust were also created in 1974.

8.    Saffa is the nephew of Wallace and has acted as Mrs. Wallace's tax attorney during all applicable times involved in this action.

9.    In 1993, Saffa restated the Lorice T. Wallace Revocable Trust, inserting himself as successor trustee. He advised Wallace to sign the Restatement of Trust naming himself as successor trustee without advising Wallace to seek outside counsel.

10.    Saffa drafted amendments of the Lorice T. Wallace Irrevocable Trust and the Frank A. Wallace Trust, also inserting himself as successor trustee. Saffa never advised the beneficiaries of the change in these trusts but in 1996 prepared new irrevocable trusts for the beneficiary with Saffa as successor trustee when there were already irrevocable trusts formalized.

11.    Pursuant to the terms of the trust agreements established by Mrs. Wallace and her late husband, Frank Wallace, the Wallaces provided that upon the his death and/or her resignation that First National Bank (now known as Bank One) and their son, Stephen Wallace, would become the co-trustees.

2

12.    From time to time, Saffa acted as Mrs. Wallace's tax advisor and attorney in relation to the various family trusts and the family limited partnership.

13.    It was never Mrs. Wallace's intent or desire that Saffa be inserted as a trustee, or co-trustee, of any of the Wallace family trusts.

14.    Saffa was only able to insert himself as trustee based upon Mrs. Wallace's reliance and trust in Saffa as a fiduciary, and as her tax attorney.

15.    Mrs. Wallace never desired to change any trust to The Trust Company of Oklahoma, but only did so upon the reliance and trust in Saffa as Mrs. Wallace's fiduciary and tax attorney.

16.    Saffa and The Trust Company of Oklahoma were only inserted as co-trustees by the Wallace trust based upon misrepresentations and Mrs. Wallace's trust and reliance upon Saffa as a fiduciary and tax attorney.

17.    It was never Mrs. Wallace's intent or desire to change any of the trusts, but only did so because of her reliance and trust in Saffa.

18.    On November 3, 1999, Mrs. Wallace, on the advice and duress of Saffa, Dr. Carol Hanson and Patricia Hastings, resigned as trustee of the Lorice T. Wallace Revocable Trust. Saffa, as successor trustee, became trustee upon Wallace's resignation along with The Trust Company of Oklahoma.

19.    On information and belief, immediately after Saffa became successor trustee, Saffa advised Patricia Hastings, Wallace's youngest daughter, to initiate proceedings in the District Court in and for Tulsa County to have Wallace declared incapacitated.

Case 4:02-cv-00417-seh-SAJ    Document 1    Filed in USDC ND/OK on 05/29/2002    Page 55 of 174

20.    Saffa, The Trust Company of Oklahoma, Patricia Hastings and their attorneys have been working in a concerted effort to have Mrs. Wallace declared incompetent.

21.    The sole reason for the actions of The Trust Company of Oklahoma, Saffa, their attorneys and Patricia Hastings was that under the terms of Mrs. Wallace's trust, if she is declared incompetent, she may not amend her trust agreements and appoint a trustee other than Saffa or The Trust Company of Oklahoma.

22.    Saffa and The Trust Company of Oklahoma made material misrepresentations to Mrs. Wallace as to the purpose of the guardianship proceedings, that The Trust Company of Oklahoma and Ron Saffa directed Patricia Hastings to file.

23.    Saffa also directed the preparation of a limited attorney-in-fact agreement executed by Mrs. Wallace in favor of her daughter, Patricia Hastings. This attorney-in-fact agreement was executed in 1998 prior to Mrs. Wallace undergoing back surgery. The attorney-in-fact agreement was not to last any longer than Mrs. Wallace's back surgery procedure.

24.    After Mrs. Wallace executed the attorney-in-fact agreement, either Saffa or someone at his direction, backdated the attorney-in-fact agreement to 1993.

25.    After Saffa secured Mrs. Wallace's resignation as co-trustee of the Wallace trust, upon information and belief, Saffa and The Trust Company of Oklahoma directed Patricia Hastings to convert all of Mrs. Wallace's bank accounts and personal assets by use of the "phony attorney-in-fact."

26.    After Saffa and The Trust Company of Oklahoma initiated the guardianship against Mrs. Wallace, Mrs. Wallace, through her attorneys, wrote Saffa and The Trust Company of Oklahoma and instructed them not to spend her money or trust money to pay for the attorneys who

4

were appearing allegedly for Patricia Hastings and seeking rulings and judgments adverse to Mrs.

Wallace's interest.

27.    On March 15, 2000, Saffa responded that Saffa and The Trust Company of

Oklahoma would spend Mrs. Wallace's money in any way they felt, despite the wishes and desires

of Mrs. Wallace.

28.    On March 13, 2000, The Honorable Robert Perugino announced from the bench

that Mrs. Wallace had the right to make her own decisions.[1]

29.    On the evening of March 13, 2000, Wallace exercised the power reserved in her

as the grantor of the trust and executed an amendment altering the Lorice T. Wallace Revocable

Trust.  The amendment removed Saffa and Trust Company as trustees and replaced them with

Stephen P. Wallace, Mary Roma Wallace Jage and Bank One as trustees.

## FIRST CLAIM

30.    Wallace's First Claim is against the Defendants for conversion of Wallace's trust

assets.

31.    Wallace realleges all material allegations contained hereinbefore.

32.    Wallace amended her trust agreement replacing Defendants with Bank One, Stephen

Wallace, and Mary Roma Wallace Jage as trustees.

33.    Wallace gave notice to Defendants to relinquish the trust assets to Bank One.

34.    Defendants have refused to turn over Wallace's trust assets to Bank One and refused

to honor her amended trust agreement.

---

[1]The March 13 hearing was closed by order of Judge Perugino.  The excerpt from the
transcript containing the exact quote is attached in a sealed envelope as Exhibit "A."

35.    Defendants have further spent trust assets against Wallace's express direction, and upon information and belief have continued to spend trust assets since their position of trustees was terminated.

36.    Defendants have exercised unauthorized dominion over the Wallace trust assets, thus converting the Wallace trust assets for Defendants' own use and benefit.

37.    Wherefore, Wallace is entitled to recover actual and punitive damages resulting from the Defendants' conversion of the trust assets as follows:

      a.    actual damages in an amount equal to the value of the funds and property converted;

      b.    punitive damages;

      c.    attorney fees, interest and costs as provided by law; and,

      d.    such other relief, either at law or in equity, as the court deems just.

## SECOND CLAIM

38.    Wallace's Second Claim is against the Defendants for imposition of a constructive trust.

39.    Wallace realleges all material allegations contained hereinbefore.

40.    Defendants have, upon information and belief, taken trust assets to which Defendants were not entitled, for Defendants' own use and benefit.

41.    Wherefore, Wallace prays that the Court impose a constructive trust on all accounts maintained by Defendants for the keeping or disposition of the Wallace trust assets, and any property held in the name of the Defendants, to the extent any consideration for such property originated from the Wallace trust assets.

## THIRD CLAIM

42.    Wallace's Third Claim is against the Defendants for injunctive relief.

43.    Wallace realleges all material allegations contained hereinbefore.

44.    Wallace is entitled to a provisional injunction immediately upon commencement of this action and to a temporary injunction against the Defendants, pursuant to 12 O.S. § 1381 *et. seq.*, restraining the Defendants from removing, disposing of, or interfering with any of the assets subject to the constructive trust, including but not limited to the Wallace trust assets, and all accounts, personal property, and real property of the Defendants to which the trust assets contributed in any manner whatsoever.

45.    The misappropriated assets belonging to the Wallace Trust are controlled by the Defendants; and, absent an injunction freezing those assets and restraining the Defendants from removing, disposing of, or interfering with those assets, the Wallace Trust would suffer immediate and irreparable harm.

46.    Wallace has filed the required affidavit attached as Exhibit A hereto, and the Court may determine an adequate surety bond, to be filed with the court clerk, securing any damages the Defendants may sustain, including reasonable attorney fees, if it be finally decided that the injunction ought not to have been granted. Because the Defendants merely allege right to the trust assets as trustees, not beneficial owners, Wallace submits that any damages from an injunction to the Defendants would be nominal.

47.    Wherefore, Wallace requests that this Court enter a provisional injunction immediately upon commencement of this action and a temporary injunction against the Defendants

restraining the Defendants from removing, disposing of, or interfering with any of the trust assets, and such other equitable relief to which Wallace shows she is entitled.

## FOURTH CLAIM

48.    Wallace's Fourth Claim is against Defendants for breach of fiduciary duty.

49.    Wallace realleges all material allegations contained hereinbefore.

50.    Defendants, as former trustees of the Wallace trust, owed a fiduciary duty to the trust and its beneficiaries.

51.    Defendants breached their fiduciary duty by:

    a.    Using trust assets for self-gain and self-interested purposes;

    b.    Using trust assets to fund litigation against Wallace, attempting to have Wallace adjudicated incapacitated;

    c.    Using trust assets contrary to the express wishes of Wallace, as communicated to Defendants, and contrary to the trust agreement;

    d.    Refusing to surrender trust assets to the rightful trustee, Bank One.

52.    Wherefore, Wallace is entitled to recover actual and punitive damages against Defendants for their breach of fiduciary duty.

## FIFTH CLAIM

53.    Wallace's Fifth Claim is against Defendants for intentional infliction of emotional distress.

54.    Wallace realleges all material allegations contained hereinbefore.

55. Defendants have knowingly caused severe emotional distress to Wallace and her family members by using her own trust assets to fund litigation against her to have her declared mentally incapacitated.

56. Defendants' conduct was outrageous and severe.

57. Defendants' conduct has been malicious, wanton, willful, intentional and with reckless disregard for Wallace's life.

58. Defendants' conduct has been life threatening to Wallace.

59. Wherefore, Wallace is entitled to actual and punitive damages for Defendants' intentional infliction of emotional distress.

## SIXTH CLAIM

60. Wallace's Sixth Claim is against Defendants for Fraud and Constructive Fraud.

61. Wallace realleges all material allegations contained hereinbefore.

62. Defendants obtained a power of attorney from Wallace through misrepresentations, and then backdated the power of attorney.

63. In 1998, Wallace was scheduled for back surgery. On information and belief, Saffa drafted a power of attorney in Patricia Hastings, Wallace's youngest daughter, and misrepresented its effect to Wallace. Wallace desired, and was misled to believe, that the power of attorney would be in effect only during her brief back surgery and post-operative recovery.

64. Saffa intentionally misled Wallace.

65. Wallace relied on Saffa's misrepresentation and would not have executed the power of attorney had she been informed of its durable nature.

9

66.     On information and belief, Saffa instructed Patricia Hastings to remove funds from Wallace's personal bank accounts and converted it to Saffa's and Hasting's use, thereby damaging Wallace.

67.     Wherefore, Wallace is entitled to actual and punitive damages as a result of Defendants' fraud.

**JURY TRIAL DEMANDED**

Dated this 5th day of April, 2000.

                                    Respectfully submitted,

                                    _Robert N. Lawrence_
                                    _____
                                    Terry J. Barker, OBA #12553
                                    Gene G. Boerner, III, OBA # 17577
                                    Robert N. Lawrence, OBA #18411
                                    PEZOLD, CARUSO, BARKER & WOLTZ
                                    15 West Sixth Street, Suite 2800
                                    Tulsa, Oklahoma 74119
                                    (918) 584-0506
                                    (918) 584-0720 (facsimile)

F:\USERS\Robert\Wallace\Lorice guardianship\Pleadings\Saffa petition.wpd

10

## VERIFICATION

STATE OF OKLAHOMA ) 
                       ) ss 
COUNTY OF TULSA   )

      Lorice T. Wallace, of lawful age, being first duly sworn, deposes and states that she has read the above and foregoing Petition and she is familiar with the contents thereof. She states the statements given therein are true and correct to the best of her knowledge and belief.

                                           _____
                                           Lorice T. Wallace

Subscribed and sworn to before me this 5th day of April, 2000.

My commission expires:

_____
Notary Public

Notary Public Oklahoma
OFFICIAL SEAL
SANDRA K. GIBBS
Tulsa County
Commission Expires 1-08-2001

FILED
SUPREME COURT
STATE OF OKLAHOMA

APR 17 2000

JAMES W. PATTERSON
CLERK

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

Case No.    # 94556

LORICE T. WALLACE,

Petitioner

v.

THE HONORABLE ROBERT PERUGINO,
JUDGE OF THE DISTRICT COURT
OF TULSA COUNTY, OKLAHOMA,

Respondent,

PATRICIA HASTINGS,

Real Party in Interest.

---

## BRIEF IN SUPPORT OF APPLICATION TO ASSUME
## ORIGINAL JURISDICTION AND PETITION FOR WRIT OF PROHIBITION

---

Terry J. Barker, OBA No. 12553
Joseph C. Woltz, OBA No. 14341
Robert N. Lawrence, OBA No. 18411
Pezold, Caruso, Barker & Woltz
15 West Sixth Street, Suite 2800
Tulsa, Oklahoma  74119-5415
(918) 584-0506

Attorneys for Petitioner

April 17, 2000





## 1. INTRODUCTION

This application regards an action filed in the District Court of Tulsa County, Oklahoma styled *In the Matter of the Guardianship of Lorice T. Wallace*, Case No. PG-99-556 (the "guardianship action")[1]. Lorice T. Wallace ("Wallace"), the subject of the proceeding, has moved for a dismissal of the guardianship proceeding for lack of subject-matter jurisdiction of the trial court resulting from numerous violations of the statutorily mandated procedures which have infringed her constitutional due process rights. (See Exhibit "A" hereto.) On February 24, 2000, Patricia Hastings ("Hastings"), petitioner in the guardianship proceeding and Wallace's daughter, moved for the appointment of a special guardian.[2] On March 13, 2000, Hastings's motion was denied after Hastings presented her evidence and Wallace demurred to the evidence. (See Exhibit "B" hereto.) On April 13, 2000, Hastings applied for reconsideration of her February 24 motion for appointment of a special guardian.[3] The Honorable Robert Perugino set the motion for hearing on April 20, 2000. (See Exhibit "C" hereto.) Wallace asks this Court to assume original jurisdiction in this case and issue a writ of prohibition against the district court preventing the issuance of further orders for lack of jurisdiction.

---

[1]    *See Petition for Appointment of Guardian* filed December 13, 1999, Tulsa County District Court.

[2]    *See Petition for Appointment of Special Guardian and for Direction from the Court as to the Violation of Temporary Restraining Order Against Stephen P. Wallace* filed February 24, 2000, Tulsa County District Court.

[3]    *See Application to Reconsider Petition for Appointment of Special Guardian* filed April 13, 2000, Tulsa County District Court.

## II. BACKGROUND

On December 13, 1999, Hastings filed a Petition for Appointment of a Guardian for Wallace. Hastings is not driving the litigation, however. The real parties in interest are Ronald J. Saffa ("Saffa") and The Trust Company of Oklahoma ("Trust Co."). Saffa and Trust Co. are the former trustees of the Lorice T. Wallace Revocable Trust ("Trust") and are paying the legal fees of Hastings. Saffa and Trust Co. have admitted that they instructed Hastings to file this litigation and are continuing to directing this litigation.[4] Essentially, the trustees brought suit against the trustor.

Saffa and Trust Co. stood to benefit from a determination that Wallace is incapacitated; such a finding would make it much harder for Wallace to remove them as trustees. Saffa and Trust Co. were in position to collect trustees' fees from the Trust for several decades. Wallace, upon learning of this self-dealing by Saffa and Trust Co., demanded that they cease funding any litigation against her and voluntarily step down as trustees. Saffa and the Trust Co. refused to honor Wallace's wishes. At that point, Wallace exercised the power retained by her as grantor of the Trust and amended the Trust to remove Saffa and Trust Co. as trustees. Saffa and Trust Co. have refused to transfer the trust assets to Bank One, the lawful trustee. This conversion of the Trust assets is the subject of other litigation.

All contested guardianship proceedings are disruptive to the lives of everyone involved, but this case has been particularly acrimonious. The disruption and burden on Wallace's life has been unnecessarily and, as shown below, unlawfully magnified.

---

[4]    *See* Wallace's *Motion to Dismiss Guardianship Proceedings*, filed April 6, 2000, Tulsa County District Court; Exhibit "A" thereto.

## III. ARGUMENT AND AUTHORITY

### A. STANDARD FOR ISSUING WRIT OF PROHIBITION

The elements necessary to the issuance of a writ of prohibition have been set forth in

*Cannon v. Lane*, 1993 OK 40 ¶ 12, 867 P.2d 1235, 1239:

> Before a writ of prohibition must issue, a petitioner must show: (1) a court, officer,
> or person has or is about to exercise judicial or quasi-judicial power; (2) the
> exercise of said power is unauthorized by law; and (3) the exercise of that power
> will result in injury for which there is no adequate remedy.

(citations omitted). As set forth above, the district court is attempting to reconsider a motion for

the appointment of a special guardian. The district court has lost jurisdiction over the

guardianship proceeding as detailed below. If the district court is allowed to proceed with its

reconsideration, Wallace will have no adequate remedy.

Wallace has already defended herself against this motion, prevailing on a demurrer to

Hastings's evidence.[5]    Guardianship proceedings are recognized by the court as being a

particularly burdensome event upon the subject of the proceeding. *In Re Guardianship of Deere*,

1985 OK 86 ¶ 6, 708 P.2d 1123, 1125 (Okl. 1985). Any unnecessary hearing that compels the

subject of the proceeding to appear and defend herself necessarily creates an injury for which there

is no adequate remedy. Wallace has plans to travel to Chicago to spend the Easter holiday with

her Daughter, Mary Jage, and her grandchildren. To ask Wallace, an 80-year-old grandmother,

to cancel her trip and miss seeing her grandchildren perform in a play only to stay and defend

herself against a motion which she has already defeated is exactly the harm this Court warned

against in *Guardianship of Deere*; "Appointment of a guardian results in a massive curtailment of

---

[5]    *See* Exhibit "B" p. 110, l. 10 to p. 111, l. 25 and p. 114 ll. 9-12.

liberty, and it may engender adverse social consequences." *Guardianship of Deere*, 1985 OK 86 ¶ 6, 708 P.2d at 1125. This infringement on her liberty is particularly distressing when Hastings's first Motion for Appointment of a Special Guardian was so unfounded that Wallace prevailed on a demurrer to Hastings's evidence.[6] There is no remedy to the disruption of Wallace's life if Hastings is allowed to continually reopen her failed motions and drag Wallace into a courtroom with the cry of "wait, here is a new witness, let's do this all over again."

Reconsideration at this point in the district court litigation would also occasion the delay and expense necessarily incident to re-litigating this issue in the district court. *See Powell v. Seay*, 1976 OK 22 ¶ 25, 553 P.2d 161, 165 (court's unauthorized actions resulting in burdensome and expensive trial justifies issuing writ); *Owen v. District Court of Oklahoma County*, 43 Okla. 442, 143 P. 17, 21 (1914) (holding that granting of new trial without authority was unnecessary and unreasonable hardship justifying writ of prohibition). And, as set forth below, the district court lacks jurisdiction to proceed with the guardianship proceeding in any form.

**B. THE COURT HAS VIOLATED THE OKLAHOMA GUARDIANSHIP ACT AND NO LONGER HAS JURISDICTION OVER THIS PROCEEDING.**

1.  **Procedural Requirements**

The guardianship proceeding in this case falls under the Oklahoma Guardianship and Conservatorship Act ("the Act"). 30 O.S. §§ 1-104(A)(1) and 1-112(A)(2). As such, all proceedings in this case must comply with all provisions of the Act.

The Act requires strict compliance with the statutes contained therein:

---

[6]     *See* Exhibit "B" p. 110, L 10 to p. 111, l. 25 and p. 114 ll. 9-12.

B. The court has jurisdiction over guardianship proceedings, and has the following powers, which *must be exercised in the manner prescribed by statute*, to:

    1. Appoint and remove guardians for minors and incapacitated and partially incapacitated persons;

30 O.S. § 1-114 (B)(1) (emphasis added.)

The precise manner in which guardians may be appointed is prescribed by statute. Title 30 O.S. §§ 3-106, 3-109, 3-110 and 3-111 all deal specifically with the timing, notice requirements and required findings of the hearing to determine the need for a guardianship. All four of these statutes have been violated.

Failure to strictly comply with the provisions of the Act causes the court to lose jurisdiction and any order of the court is void. "The case of Tiger v. McCallom, 89 Okl. 249, 214 P. 194, 195 (1923) holds that Oklahoma law is settled that the appointment of a guardian is uniquely a creature of statute. In the absence of full compliance the court lacks jurisdiction and the order is void." *Taylor v. Gilmartin*, 686 F.2d 1346, 1351 (10th Cir. 1982). This premise was reiterated by this Court:

> Guardianship proceedings are regulated by statute, and failure strictly to comply with the statutory mandate may invalidate the appointment of the guardian. The applicable statutes, 58 O.S.1981 §§ 851, 852 (now 30 O.S. 3-109, 3-111) require a *full hearing* in the presence of the supposed incompetent if he/she is able to appear before the court.

*Guardianship of Deere*, 1985 OK 86, 708 P.2d 1123, 1125 (Okl. 1985) (internal citations omitted) (reversing appointment of guardian for failure to comply with 58 O.S.1981 §§ 851, 852 (now 30 O.S. 3-109, 3-111)). As shown below, these statutes, as well as others have been violated and thus the court lacks jurisdiction to appoint a guardian.

2.    Hearing and Determination Must Be Within Thirty Days of Petition.

Title 30 O.S. §§ 3-109 and 3-111 require that a hearing at which a determination of the

necessity for a guardian be held no more than thirty days after the filing of the petition.

> When it is represented to the court in a petition filed pursuant to this act alleging
> that a person is an incapacitated person or partially incapacitated person, the court
> *shall set a date for a hearing on the petition which date shall be no more than thirty
> (30) days after the filing of the petition.*

30 O.S. §·3-109 (emphasis added).

> A. At the *hearing on the petition* the court shall determine whether or not it is
> necessary to appoint a guardian of the person, property or both.

30 O.S. § 3-111(A) (emphasis added).

The hearing on the petition was set for January 7, 2000. The January 7, 2000 hearing on

the petition was not in compliance with 30 O.S. § 3-111.  No finding of the necessity for

appointment of a guardian was made.  Nor was any finding of the necessity for the appointment

of a guardian made at any other time within the thirty-day requirement.[7]  The court no longer has

jurisdiction to try this matter and should dismiss the case.  Any other proceedings in this matter

are a violation of Wallace's constitutional due process rights.

The due process clauses of both the United States and Oklahoma Constitutions protect the

historic personal liberty to be free from, and obtain judicial relief for, unjustified intrusions on

personal security.[8]  A proceeding to appoint a guardian results in severe loss of personal liberty

of the ward.  Among the rights taken from a ward are the right to vote, to contract, to choose

---

[7]      Counsel for Wallace asked the district court to set the hearing on petition within
thirty days of entering their appearance.  The district court scoffed at this suggestion, saying it was
far too soon for such an evidentiary hearing. (See Exhibit "D" hereto. p.17, l.3 to p.18, l.4.)

[8]      U.S. Const. Amend. XIV, § 1 and the Okla. Const. Art. 2, § 7.

one's associates, to make decisions about one's own care, the right to freely travel and to practice

a profession.  *Guardianship of Deere*, 1985 OK 86 ¶ 6, 708 P.2d 1123 (Okl. 1985).

The requirement of 30 O.S. §§ 3-109 and 3-111 operate to protect Wallace from unjust

delay.  The petition was filed on December 13, 1999.  In order to comply with 30 O.S. §§ 3-109

and 3-111, and thereby provide Wallace with her constitutional due process, a hearing at which

a final determination of the need for a guardian had to have been held by January 12, 2000.  No

determination was made by January 12, 2000.  All proceedings in this matter from January 12,

2000 forward are in violation of 30 O.S. §§ 3-109 and 3-111 and are violations of Wallace's

constitutional due process rights.  The only valid action the court may take at this time is to

dismiss the case.

3.     Wallace was not present at any hearing prior to March 13, 2000.

Title 30 O.S. § 3-106 provides:

A. In *all hearings* conducted pursuant to Article III of the Oklahoma Guardianship
and Conservatorship Act, an individual who is alleged to be or found to be an
incapacitated or partially incapacitated person shall have a right to:
1.     Notice as provided in Section 3-110 of this title;
2.     *Be present at such hearings*;

(emphasis added)

Several hearings were held in this case which affected Wallace's rights.  Wallace has been

present for only one, a hearing on March 13, 2000.

Wallace did not waive her right to attend the hearings prior to March 13.  The right of the

subject of the proceeding to be present may only be waived for good cause shown. Title 30 O.S.

§ 3-106 (B) requires the court to make inquiries to determine whether there is sufficient cause to

waive the right to be present.  Additionally, the court "shall make a finding on the record as to the

reason the subject of the proceeding is not present at the proceeding and the alternatives that were

considered to enable the subject of the proceeding to be present." 30 O.S. § 3-106(B).  No such

finding appears in the record for any hearing.

Wallace was not present at the hearing on the petition on January 7, 2000.  Nor does the

record contain any finding as to the reason for her absence.  The absence of the subject of the

proceeding from the hearing on the petition without ample explanation in the record is enough to

render the guardianship proceedings void.  *Guardianship of Deere*, 1985 OK 86 ¶ 5, 708 P.2d at

1125.

The holding of these hearing without Wallace in attendance is a violation of 30 O.S. § 3-

106 (A)(2) and (B) and is a violation of Wallace's constitutional due process rights.  There have

been delays, a consolidation with another case and appointment of two separate guardians ad litem

all done without Wallace in attendance.  This Court declared such practice unconstitutional when

it said;

> When the state participates in the deprivation of a person's right to personal
> freedom, minimal due process requires proper written notice and a hearing
> at which the alleged incompetent may appear to present evidence in his/her
> own behalf.

*Guardianship of Deere*, 1985 OK 86 ¶ 7, 708 P.2d 1123, 1126 (Okl. 1985).

Wallace has been deprived of the constitutionally and statutorily mandated right to be

present at these hearings.  Consequently, she has been deprived of the right to defend her own

interests in this case.

An example of the problems caused by completely excluding Wallace from participation

in her own defense is the guardian ad litem situation.  After an ex parte hearing, David Fist was

appointed as Guardian ad Litem.  Notice to Wallace of the appointment does not appear in the

record.[9]  Other parties to the proceeding objected to Mr. Fist serving as Guardian ad Litem and an expedited hearing was set.  Notice of the hearing was sent to all parties *except* Wallace.  Weeks later, a new Guardian ad Litem, Moura Robertson, was appointed.  No notice to Wallace of this appointment appears in the record, either.

Wallace was kept in the dark and was not allowed any input into the matter.  As a result she has had a Guardian ad Litem appointed who has issued a report unauthorized by any statute in which she makes recommendations outside the scope of the duties of the guardian ad litem and renders unqualified opinions as to the capacity of Wallace.

## IV. CONCLUSION

Wallace has been subjected to the indignity of a Guardianship Proceeding brought for pecuniary gain.  The statutorily mandated process has not been followed.    Wallace has been deprived of the mandated opportunity to be present and defend herself at the January 7, 2000 hearing as well as all other hearings prior to March 13, 2000.  In any event, the court lost jurisdiction over this matter on January 13 for failure to comply with 30 O.S. §§ 3-109 and 3-111.

The indignity of this proceeding has been drawn out beyond the statutorily mandated deadlines.  Wallace's constitutional right to due process of law has been violated and she is entitled to have this case dismissed.

---

[9]        It is unclear from the record whether Wallace was given notice of *any* proceeding in this case, motion, hearing or otherwise, prior to the entry of appearance of the undersigned counsel.

WHEREFORE, Wallace respectfully request that a writ of prohibition issue against the

district court preventing it from issuing further orders in the guardianship action for lack of juridiction.

Respectfully submitted,

Terry J. Barker, OBA No. 12553
Joseph C. Woltz, OBA No. 14341
Robert N. Lawrence, OBA No. 18411
Pezold, Caruso, Barker & Woltz
15 West Sixth Street, Suite 2800
Tulsa, Oklahoma  74119-5415
(918) 584-0506

ATTORNEYS FOR THE PETITIONERS

11

## CERTIFICATE OF MAILING

I hereby certify that on April 17, 2000, a true and correct copy of the foregoing was mailed via the U.S. Mail with proper postage thereon to the following counsel:

The Honorable Robert Perugino
Judge of the District Court of Tulsa County
Tulsa County Courthouse
500 South Denver
Tulsa, OK 74103

Lee Levinson, Esq.
Ron Saffa, Esq.
5310 East 31st Street, Suite 1100
Tulsa, Oklahoma 74135

James E. Poe, Esq.
Covington & Poe
111 West Fifth Street, Suite 740
Tulsa, Oklahoma 74103

Gene P. Dennison, Esq.
1710 South Boston
Tulsa, Oklahoma 74119

Moura A.J. Robertson, Esq.
*Guardian Ad Litem*
McCormick, Schoenenberger &
   Robertson, P.A.
1441 South Carson Avenue
Tulsa, OK 74119-3417

Mary Roma Wallace Jage
3323 Heritage Oaks Court
Oakbrook, IL 60521

Robert N. Lawrence

F:\USERS\Sandy\Wallace\Guardianship\Supreme Court\Brief.wpd

12

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

LORICE T. WALLACE,                    )
                                      )
        Petitioner,                   )
                                      )
v.                                    )          No. 94,556
                                      )
THE HONORABLE ROBERT PERUGINO,        )
JUDGE OF THE DISTRICT COURT OF        )
TULSA COUNTY, OKLAHOMA,               )
                                      )
        Respondent,                   )
                                      )
PATRICIA HASTINGS,                    )
                                      )
        Real Party in Interest.       )

### PETITIONER'S MOTION TO DISMISS
### APPLICATION TO ASSUME ORIGINAL JURISDICTION
### AND PETITION FOR WRIT OF PROHIBITION

The Petitioner, Lorice T. Wallace ("Wallace"), hereby moves for the voluntary dismissal of

her Application to Assume Original Jurisdiction and Petition for Writ of Prohibition. In support of

this Motion, Wallace states that the action pending in the district court has been resolved by

agreement between Wallace and the Real Party and Interest, and this agreement has been

memorialized by an agreed order entered by the district court on May 9, 2000. Wallace's

Application to Assume Original Jurisdiction and Petition for Writ of Prohibition are thus moot.

Respectfully submitted,

*Joseph C. Woltz*

Terry J. Barker, OBA No. 12553
Joseph C. Woltz, OBA No. 14341
Robert N. Lawrence, OBA No. 18411



/00  THU 12:49 FAX 918 5     0720                                                   ☑001

# PEZOLD, CARUSO, BARKER & WOLTZ

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

15 WEST SIXTH STREET, SUITE 2600

TULSA, OKLAHOMA 74119-5415

TELEPHONE
(918) 584-0506

FACSIMILE
(918) 584-0720

May 4, 2000

**VIA FACSIMILE - 591-5360**

James C. Milton, Esq.
Doerner, Saunders, Daniel & Anderson
320 South Boston, Suite 500
Tulsa, OK 74103-3725

Dear Jim:

The following findings and orders need to be inserted into your draft Order:

- Terry J. Barker, Robert N. Lawrence, and the firm of Pezold, Caruso, Barker & Woltz have represented Lorice T. Wallace in *Bank of America, N.A. v. Stephen P. Wallace, et al.*, Case No. CJ-2000-1900, in the District Court of Tulsa County, Oklahoma, *Lorice Wallace v. The Trust Company of Oklahoma and Ronald J. Saffa*, Case No. CJ-2000-1684, in the District Court of Tulsa County, Oklahoma, and *In the Matter of the Guardianship of Lorice T. Wallace*, Case No. PG 99-556, in the District Court of Tulsa County, Oklahoma. The parties stipulate and the Court orders that the fees of Pezold, Caruso, Barker & Woltz shall be paid by The Trust Company of Oklahoma, as approved and directed by Roma Jage, Limited Guardian for Lorice T. Wallace. The Trust Company of Oklahoma will continue to pay such fees and costs as approved by Roma Jage to Pezold, Caruso, Barker & Woltz until such time as a successor trustee is appointed.

- The successor corporate trustee will be designated by Roma Jage, Limited Guardian for Lorice T. Wallace, such designation shall be accepted by all parties to this action, if such designated successor trustee meets the requirements of Article 3.05 of the Lorice T. Wallace Revocable Trust Restatement effective October 5, 1993.

- That all Durable Powers of Attorney executed by Lorice T. Wallace prior to the date of this Order are hereby revoked.

- As part of the accounting, Patricia Wallace is to deliver to Roma Jage, Lorice T. Wallace's Limited Guardian, all jewelry, personal household items, or cash



Ø003

James C. Milton, Esq.
May 4, 2000
Page 2

retrieved from Mrs. Wallace's residence, including, but not limited to, Lorice T.
Wallace's Rolex watch, diamond rings, and cash taken from her personal vault.

- That during the accounting period, The Trust Company of Oklahoma is hereby
directed to deliver to Roma Jage such funds as Ms. Jage specifies as being
necessary for Mrs. Wallace's health care, travel, entertainment, and such other
incidental living expenses as identified by Ms. Jage. Such money will be deposited
to such account(s) as identified by Ms. Jage.

- During the accounting, no monies will be expended after the date of this Order by
The Trust Company of Oklahoma without written approval of Roma Jage.

- Additionally, on the objection to the accounting, change our response time from ten
to twenty days.

Please let me know if you have any questions or comments or problems with my requested
changes.

Sincerely,

PEZOLD, CARUSO, BARKER & WOLTZ

BY: _____
TERRY J. BARKER

TJB/skg

cc: James E. Poe, Jr., Esq.
    James E. Weger, Esq.
    Richard D. Koljack, Jr., Esq.
    Gene P. Dennison, Esq.
    Ms. Mary Roma Wallace Jage

F:\USERS\Sealy\WsRace\TrustSaffa\Correspondence\Milton.Ltr4.wpd

@002

# PEZOLD, CARUSO, BARKER & WOLTZ

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

10 WEST SIXTH STREET, SUITE 2600

TULSA, OKLAHOMA 74119-5446

TELEPHONE
(918) 584-2600

FACSIMILE
(918) 584-0720

February 21, 2000

I, Mary Roma Jage, hereby request that Terry Barker intervene in the guardianship matter of my mother, Lorice T. Wallace. It is my belief that my mother is of sound mind, competent and capable of handling her own affairs. My mother has expressed her desire to NOT have a guardian appointed over her or her affairs.

Sincerely,

*Mary Roma Jage*

Mary Roma Jage



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**FILED**
MAY  3 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

LORICE T. WALLACE, an                )
Incapacitated Person by and through  )
Her next Friend, Stephen P. Wallace, )
STEPHEN P. WALLACE, Indivi-          )
dually, et al.,                      )
                                     )
              Plaintiffs,            )
                                     )        Case No. 02-CV-148-H(X)
vs.                                  )
                                     )
BANK OF AMERICA, N.A., et al.,       )
                                     )
              Defendants.            )

MOTION OF DEFENDANTS, RONALD J. SAFFA, REECE MORREL,
MORREL, WEST, SAFFA, CRAIGE & HICKS, AN OKLAHOMA
PROFESSIONAL CORPORATION, MORA ROBERTSON AND PATRICIA
HASTINGS FOR ADDITIONAL EXTENSION OF TIME FOR
ANSWER OR RESPONSIVE PLEADING

The said Defendants herewith move the Court for an additional extension of time

for filing Answer or responsive pleading and state:

1.   The Amended Complaint was filed herein February 26, 2002,
     naming approximately 56 individuals and entities including court
     clerks and judges as parties Defendant;

2.   Federal Court jurisdiction is based upon allegations of RICO
     violations and alleged conspiratorial conduct presumably going
     back to 1974;

3.   On March 12, 2002, this Court ordered Plaintiffs to file, within 20
     days, a statement setting forth particular facts upon which RICO
     claims were based or in failure thereof such claims would be
     dismissed;

4.   Said Order also extended answer day for Defendants to the earlier
     of 20 days from date the RICO case statement was filed or 40 days
     from March 12, 2002;

5.   By Order filed April 1, 2002, the Court extended Plaintiffs' time
     for filing RICO case statement to April 15, 2002, subject to


EXHIBIT
13

1

Case 4:02-cv-00417-seh-SAJ     Document 1     Filed in USDC ND/OK on 05/29/2002     Page 80 of 174

dismissal otherwise and all Defendants time for answer was extended until the earlier of 20 days from date the RICO case statement was filed or May 6, 2002;

6.    By Motion filed April 12, 2002, Plaintiffs moved the Court to dismiss the RICO claims without prejudice and for permission to file a third amended complaint;

7.    No order has yet been received regarding said motion, dismissal of the RICO claims nor any copy of a proposed amended complaint.

NOW THEREFORE, these moving Defendants apply to the Court for further extension of time for answer or responsive pleading and specifically for an additional 30 days from and after Plaintiffs' filing of third amended complaint assuming leave is granted for such filing. As the case now stands, answers or responsive pleadings would appear to be meaningless and an unnecessary waste of Court's and litigants' time. The undersigned counsel states that he has spoken with attorney, Robert L. Mitchell, attorney on behalf of one or more Plaintiffs (one other still appearing pro se) and Mr. Mitchell has no objection to this Application.

WHEREFORE, these moving Defendants request order of the Court extending their time for answer or responsive pleading for 30 days after Plaintiffs' filing of any third amended complaint.

Dated this ___ day of May, 2002.

JAMES E. POE, OBA #7198
111 West 5th St., Suite 740
Tulsa, Oklahoma 74103-4267
(918) 585-5537
(918) 585-5530 (Fax)

Attorney for Defendants, Ronald J. Saffa, Reece Morrel, Morrel, West

Saffa, Craige & Hicks, a Profes-
sional Corporation, Mora Robertson
and Patricia Hastings

## CERTIFICATE OF MAILING

A true and correct copy of the above and foregoing Motion for Additional
Extension of Time for Answer or Responsive Pleading has been mailed to Robert L.
Mitchell, 5500 N.W. Avenue, Suite 100A, Oklahoma City, Oklahoma 73118; Stephen P.
Wallace, Pro Se, 6528 East 101st St., B-1, No. 304, Tulsa, Oklahoma 74133; Randall G.
Vaughn and Rita J. Gould Gassaway, 100 W. 5th St., Suite 900, Tulsa, Oklahoma 74103;
John R. Paul, 9 E. 4th St., Suite 400, Tulsa, Oklahoma 74103; Kenneth E. Crump, Jr.,
1437 S. Boulder, Suite 670, Tulsa, Oklahoma 74119; Kenneth D. Bodenhammer, 5310 E.
31st St., Suite 1100, Tulsa, Oklahoma 74135; Boone, Smith, Davis, Hurst & Dickman,
100 W. 5th St., Suite 500, Tulsa, Oklahoma 74103; Louis W. Bullock and Patricia W.
Bullock, 320 S. Boston, Suite 718, Tulsa, Oklahoma 74103; William R. Grimm, 610 S.
Main St., Suite 300, Tulsa, Oklahoma 74119; Tony Jack Lyons, P.O. Box 1046, Pryor,
Oklahoma 74362; Joseph C. Woltz, 15 W. 6th St., Suite 2800, Tulsa, Oklahoma 74119;
Ms. Tracy Folsom Milner, Asst. Attorney General, 4545 N. Lincoln Blvd., Suite 260,
Oklahoma City, Oklahoma 73105 this ____ day of May, 2002, with postage thereon
fully prepaid.

JAMES E. POE

3



DISTRICT COURT
F I L E D

MAY 0 9 2000

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY,
STATE OF OKLAHOMA

LORICE WALLACE, an individual )
                              )
            Plaintiff,        )
                              )
vs.                           )        No.  CJ-2000-01684
                              )
THE TRUST COMPANY OF OKLAHOMA )        JUDGE DAVID PETERSON
an Oklahoma corporation, and  )
RONALD J. SAFFA, an individual)
                              )
            Defendants.       )

### DISMISSAL WITH PREJUDICE

Plaintiff does herewith withdraw and dismiss with prejudice the above styled and numbered cause of action against both Defendants.

Dated this _9_ day of May, 2000.

_Lorice T. Wallace_
LORICE T. WALLACE, Plaintiff

_Mary Roma Wallace Jage_
MARY ROMA WALLACE JAGE
Limited Guardian of Lorice
T. Wallace

PEZOLD, CARUSO, BARKER &
WOLTZ

By _Robert N. ...._

Attorneys for Plaintiff
15 W. 6th Street, Ste. 2800
Tulsa, Oklahoma 74119
(918) 584-0506
Fax (918) 584-0720


EXHIBIT

SONNENSCHEIN NATH & ROSENTHAL

ONE METROPOLITAN SQUARE
SUITE 3000
ST. LOUIS, MISSOURI 63102

(314) 241-1800
FACSIMILE
(314) 259-5959

Robert J. Jakubeck
314-259-5856
rj@sonnenschein.com

April 11, 2000

**VIA FACSIMILE**

Ron Saffa
Morrel, West, Saffa, Chrige & Hicks, Inc.
5310 E. 31st
Suite 1100
Tulsa, OK 74135

Terry J. Barker
Pezold, Caruso, Barker & Woltz
15 W. 6th Street
Suite 2800
Tulsa, OK 74119

   Re:  $2,180,000 Promissory Note from Seayco-THF Eastside Market, L.L.C. (the
       "Note")

Dear Gentlemen:

   According to the terms of the above-referenced Note, payment of principal and interest in
the amounts of $2,180,000 is to be made on April 14, 2000 as follows:

   1.  Payment of $1,090,000 to the Lorice T. Wallace Family Limited Partnership
      (account number 2861709797); and

   2.  Payment of $1,090,000 to the Frank A. Wallace Revocable Trust U/D/O
      December 24, 1974 (account number 2861709690).

   Both payments were to be made to NationsBank, N.A. (now Bank of America, N.A.) at
515 S. Boulder, Tulsa, OK 74103-4207.

   Our lender has been contacted by an individual at BankOne indicating that the assets of
the Frank A. Wallace Revocable Trust have been transferred to BankOne, as successor trustee
under the Trust.

EXHIBIT

SONNENSCHEIN NATH & ROSENTHAL

Ron Saffa
Morrel, West, Saffa, Chrige & Hicks, Inc.

Terry J. Barker
Pezold, Caruso, Barker & Woltz

April 11, 2000
Page 2

Our lender has also been contacted by an individual at the Trust Company of Oklahoma indicating that the assets of the Lorice T. Wallace Family Limited Partnership have been transferred to them.

If the principal and interest payments to the Frank A. Wallace Revocable Trust and the Lorice T. Wallace Family Limited Partnership are to be made to BankOne and Trust Company of Oklahoma, respectively, please provide us with written instructions from such entities as to how payment should be made.

Please give me a call if you have any questions.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL

By:

Robert I. Jakubeck

cc:    Michael Staenberg (via facsimile)
       T. Christopher Seay (via facsimile)
       Alan Bornstein

# Stephen P. Wallace
## 6528 East 101st, D-1 #304
## Tulsa, Oklahoma  74133
## (918)694-1870

April 20, 2000

Mr. Richard D. Koljack, Jr.                                              Via fax
Gable & Gotwals
1100 ONEOK Plaza
Tulsa, OK  74103

Dear Mr. Koljack:

    I am in receipt of a copy of your April 18, 2000 Petition for Interpleader.

    As per my correspondence with Seayco, et al., the Bank of America **must not**
disperse any funds in the two named accounts at issue until there is a meeting of the
minds between the Defendants in your Petition or there is an Order from the Court after
hearing all the evidence pertinent to this matter.

    Please contact me through my attorney, Gene Dennison at 585-2797 regarding our
position.  Thank you.

Stephen P. Wallace

cc:  Linda Parish  (591-8221)
     Gene P. Dennison  (583-8283)



# JONES, GIVENS, GOTCHER & BOGAN
### A PROFESSIONAL CORPORATION
### ATTORNEYS AND COUNSELORS
3800 FIRST NATIONAL TOWER
15 EAST FIFTH STREET
## TULSA, OKLAHOMA 74103-4309

NEIL E. BOGAN (1945-1990)

TELEPHONE:
(918) 581-8200

TELECOPIER:
(918) 583-1189
(918) 583-6652

WRITER'S DIRECT DIAL NUMBER

June 8, 2000

Laurence L. Pinkerton, Esq.
Pinkerton & Finn
15 E. Fifth St., Suite 2000
Tulsa, OK 74103-4367

     Re:   Petition of Bank One for instructions and construction of Trust
     No:   CJ 2000-02578, Tulsa County

Dear Mr. Pinkerton:

     Thank you for agreeing to accept service of the Petition in the above titled action on behalf of your client Stephen P. Wallace. A copy of the Petition filed May 26, 2000 is enclosed herewith.

              Sincerely,

              JONES, GIVENS, GOTCHER & BOGAN

              Julia A. Strong
              Legal Assistant to
              James E. Weger
              Jon M. Payne

*rec'd 6/12*
*Ans 7/3*

enclosure

7861-0011.ltrs.pinkerton 6-8-00.50.wpd

EXHIBIT

# JONES, GIVENS, GOTCHER & BOGAN
### A PROFESSIONAL CORPORATION

#### ATTORNEYS AND COUNSELORS
3800 FIRST PLACE TOWER
15 EAST FIFTH STREET
TULSA, OKLAHOMA 74103-4309

NEIL E. BOGAN (1945 - 1990)

TELEPHONE:
(918) 581-8200

TELECOPIER:
(918) 583-1189
(918) 583-6652

WRITER'S EMAIL ADDRESS
jpayne@jonesgivens.com

June 20, 2000

Laurence L. Pinkerton, Esq.
PINKERTON & FINN
15 East 5th Street, Suite 2000
Tulsa, OK 74103

Re:    *Petition of Bank One, N.A. for instructions and construction of Trust*, Case No. PT-2000-44

Dear Mr. Pinkerton:

As you will recall, due to a filing error, Bank One's Petition to construe the Frank A. Wallace Revocable Trust was filed in the Civil Claims Division rather than the Probate Division of the District Court. I had intended to file a motion to transfer the case to the Probate Division; however, given Stephen Wallace's opposition to the motion to transfer, I decided instead to dismiss the case and file it in the Probate Division.

Accordingly, enclosed please find a copy of (1) the Dismissal Without Prejudice of the Civil Claims Division case; and (2) the Petition filed in the Probate Division. Based on your earlier agreement to accept service on behalf of Stephen P. Wallace, I presume you will accept service of the enclosed Petition on his behalf. If you are not willing to accept service on his behalf, please contact me as soon as possible in writing.

Sincerely,

Jon M. Payne

JMP:jr
Enclosure

7861-0011.ltrs.to pinkerton, finn.15.wpd



# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

BANK OF AMERICA, N.A.                          )
                                               )
        Plaintiff,                       )
                                               )
vs.                                            )    CJ-2000-01900
                                               )    GREGORY K. FRIZZELL
STEPHEN P. WALLACE; LORICE T.                  )
WALLACE; THE TRUST COMPANY OF                  )
OKLAHOMA; BANK ONE, N.A.;                      )
RONALD J. SAFFA;                               )
MARY ROMA WALLACE JAGE;                        )
FRANK A WALLACE REVOCABLE TRUST;               )
                                               )
        Defendants.                      )

DISTRICT COURT
F I L E D
JUN 1 9 2000
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## BANK ONE'S RESPONSE TO BANK OF AMERICA'S
## MOTION FOR COSTS AND ATTORNEY FEES

COMES NOW, Defendant Bank One, N.A., as trustee for the Frank A. Wallace Revocable

Trust and responds to Bank of America's Motion for Costs and Attorney Fees as follows:

1.      Bank One objects to Bank of America's request for an award of its attorney fees and

costs "from the funds on deposit at the Bank." This interpleader action to the extent it involves Bank

One was necessitated, if at all, by Defendant Stephen Wallace's patently improper assertion that he

is entitled to serve as trustee for the Frank A. Wallace Revocable Trust ("Trust"). Through a letter

dated May 29, 1997, Stephen Wallace resigned, in writing, any rights he otherwise had to serve as

a successor trustee or co-trustee for the Trust. (*See* Exhibit "A.") His unfounded assertion of rights

to serve as a trustee or co-trustee for the Trust, which gave rise to this interpleader action, should not

be a basis for an award of attorney fees or costs against monies or assets belonging to the Trust.

7861-0011.pldgs.response to motion for costs.15.wpd

2.      Accordingly, Bank One requests that the Court deny Bank of America's request for

attorney fees and costs against the funds made the subject of this interpleader action.  If the Court

awards Plaintiff any attorney fees or costs in this matter, Bank One requests that Stephen P. Wallace

be ordered to pay such amounts.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Bank One respectfully request

that this Court

a.      deny Bank of America's request for fees and costs from the monies or other assets
        made the subject of this interpleader action;

b.      require that Defendant Stephen P. Wallace pay any and all attorney fees and costs
        awarded to Plaintiff in this matter; and

c.      grant Bank One other and further relief, both general and special, at law or in equity
        to which it may show itself to be entitled.

Respectfully submitted,

**JONES, GIVENS, GOTCHER & BOGAN**

By: _____
James E. Weger, OBA 9437
Jon M. Payne, OBA 17910
15 E. 5ᵗʰ Street, Suite 3800
Tulsa, OK 74103
(918) 581-8200
Facsimile (918) 583-1189

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2000, I caused to be mailed in the United States Mail with proper postage fully prepaid thereon a true and correct copy of the above and foregoing Bank One's Response to Bank of America's Motion for Costs and Attorney Fees to:

Richard D. Koljack, Jr., Esq.
GABLE & GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
ATTORNEY FOR PLAINTIFF

James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, OK 74103
ATTORNEYS FOR RONALD J. SAFFA

Laurence L. Pinkerton, Esq.
Judith A. Finn, Esq.
PINKERTON & FINN
15 East 5th Street
2000 First Place Tower
Tulsa, OK 74103
ATTORNEYS FOR STEPHEN P. WALLACE

James C. Milton, Esq.
DOERNER, SUNDERS, DANIEL & ANDERSON
320 S. Boston, Suite 500
Tulsa, OK 74103
ATTORNEYS FOR THE TRUST COMPANY

William C. Kellough, Esq.
BOONE, SMITH, DAVIS, HURST & DICKMAN
500 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
ATTORNEYS FOR LORICE T. WALLACE, MARY ROMA JAGE and LORICE T. WALLACE FAMILY LIMITED PARTNERSHIP


James E. Weger
Jon M. Payne

DISTRICT COURT
**F I L E D**

JUN 0 1 2001

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

PETITION OF BANK ONE, N.A.　　)　　Case No. PT-2000-44
for instructions and construction of Trust.　)　　Judge Gregory K. Frizzell
　　　　　　　　　　　　　　　　　　　)

### ORDER GRANTING
### MOTION TO QUASH NOTICE OF DEPOSITION
### AND DEPOSITION SUBPOENA

ON THIS DAY, the Court considered the Motion to Quash Notice of Deposition and

Deposition Subpoena ("Motion") filed by Bank One on or about May 31, 2001. The Court, having

considered the Motion and the other papers on file in this matter, is of the opinion the Motion should

be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Motion be and

hereby is GRANTED.

**IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED** that the

Notice of Deposition and Deposition Subpoena made the subject of the Motion be and hereby are

QUASHED.

SIGNED THIS ___ DAY OF June, 2001.

GREGORY K. FRIZZELL

_____
JUDGE OF THE DISTRICT COURT





PAGE 82

# THE TRUST COMPANY
## OF OKLAHOMA

Mailing Address: P.O. BOX 3627, TULSA, OKLAHOMA 74101-3627
5727 SOUTH LEWIS AVENUE, TULSA, OKLAHOMA 74105  (918) 744-0553
www.trustok.com

THOMAS W. WILKINS, President and Chief Executive Officer
E-mail: twilkins@trustok.com

June 7, 2000

Mr. Mike Hall
Bank of America
2100 South Utica
Tulsa, Oklahoma 74114

Dear Mike:

This letter confirms our telephone conversation earlier today.
To date The Trust Company of Oklahoma as co-trustee of the Lorice T.
Wallace Irrevocable Trust, established under agreement dated
February 8, 1996 or as general partner of the Lorice T. Wallace Family
Limited Partnership of even date therewith has not sold and has no
intention to sell or transfer any real properties or interests therein until
its resignation as co-trustee pursuant to the terms of the Agreed Order
Determining Controlling Instruments of Trusts, Appointing Corporate
Trustee of Trusts, and Requiring Accounting by Petitioners, filed May
10, 2000, in Case No. PT-2000-21 in the District Court of Tulsa
County, State of Oklahoma.

Sincerely,

Thomas W. Wilkins

TWW/wp



EXHIBIT
20

PINKERTON & FINN                    PAGE 02

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

PETITION OF THE TRUST COMPANY )
OF OKLAHOMA and                )     Case No. PT-2000-21
RONALD J. SAFFA, Trustees, for )     Honorable David Winslow
instruction and construction of Trust, )

## AFFIDAVIT OF GENE DENNISON

STATE OF OKLAHOMA  )
                   )  ss.
COUNTY OF TULSA    )

On this date Gene Dennison personally appeared before me, the undersigned Notary Public, and after being duly sworn, stated the following under oath:

1.      My name is Gene Dennison. I am over the age of 21 years, of sound mind, and fully competent to testify in the matters set forth herein. I have personal knowledge of the statements contained herein, and they are true and correct.

2.      I am a attorney, licensed to practice law in Oklahoma.

3.      I am attorney for Steve Wallace in the above-styled case.

4.      During the latter part of April and early days of May 2000, I participated in negotiations with James E. Poe, Esq., Lee I. Levinson, and Robert N. Lawrence, regarding the Agreed Order signed by the Court in this case on May 10, 2000 ("Agreed Order"). Exhibits 1 and 2 attached hereto. (Facsimile transmissions regarding Agreed Order.)

5.      Between May 4 and May 9, 2000, I received no communication by phone call, fax, or mail from any of the aforementioned counsel regarding the Agreed Order.

6.      All counsel were aware on May 9, 2000, that neither I nor Stephen P. Wallace had consented to the terms of the Agreed Order, nor waived any right to object to the content of the Agreed Order.



7.    All counsel apparently left the Guardianship Hearing held on the afternoon on May

9, 2000 and appeared before Judge David Winslow without prior notice to me or to my client,

Stephen P. Wallace.

      FURTHER AFFIANT SAITH NOT.

_____
Gene Dennison

Subscribed and sworn to before me on this _31_ day of _May_____, 2000.

_____
Mary L. Burnett
NOTARY PUBLIC

My commission expires:

August 1, 2001

2

STATE OF OKLAHOMA    )
                     )  ss.
COUNTY OF TULSA      )

## AFFIDAVIT OF THE HONORABLE DAVID WINSLOW, DISTRICT JUDGE

On this date, David Winslow personally appeared before me, the undersigned Notary

Public and after being duly sworn, stated the following under oath:

1. My name is David Winslow. I am over the age of 21 years, of sound mind, and fully

competent to testify in the matters set forth herein. I have personal knowledge of the statements

contained herein, and they are true and correct.

2. I am an attorney licensed to practice law in Oklahoma and am presently a duly elected,

qualified and acting District Judge of the Fourteenth Judicial District in and for Tulsa County,

Oklahoma.

3. I was the assigned judge on May 9, 2000, in a case styled Petition of The Trust

Company of Oklahoma and Ronald J. Saffa, Trustees, for instructions and construction of Trust,

numbered PT-2000-21 in the District Court of Tulsa County, State of Oklahoma.

4. On May 9, 2000, I was presented with a document by James C. Milton, James E. Poe,

Lee I. Levinson and Terry Barker, all known to me to be attorneys licensed to practice in

Oklahoma.

5. This document was identified to me as an "agreed" order resolving several matters in

the above styled and numbered case and represented by all of said lawyers to truly and accurately




state the agreement of all of the parties to the case.

6. I was not informed that Stephen P. Wallace did not agree to the entry of the order or that neither Stephen P. Wallace nor his counsel, Mr. Gene Dennison, were aware that the order was being presented to the court.

7. Had I known that the matter was not agreed as stated, I would not have entered the order until proper notice was given to Stephen P. Wallace and after an opportunity for Stephen P. Wallace to be heard regarding issues before the court.

8. Said order of May 9, 2000, was irregularly obtained and therefore should be set aside.

9. After entry of the order, on August 29, 2000, upon the request of Stephen P. Wallace through his counsel Joe Ashmore, I voluntarily disqualified from further participation in this case due to a previously undisclosed former business relationship with James E. Poe, an attorney in the case.

Dated this 20th day of October, 2000.

David Winslow, District Judge

Subscribed and sworn to before me, a notary public, this 20th day of October, 2000.

Mary M Martin

My Commission Expires:

April 19 2004

2

## IN THE DISTRICT COURT IN AND FOR
## TULSA COUNTY STATE OF OKLAHOMA

DISTRICT COURT
# F I L E D

MAY 2 8 2002

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

Patricia Hastings, Ronald Saffa,          )
Trust Company of Oklahoma, James Poe      )
Roma Jage, Patricia Bullock and           )
David Fist                                )
                                          )
.vs.                                      )     Case No. PG-2002-225
                                          )
Lisa F. Wallace, an incapacitated         )
person                                    )
                                          )

### PETITION TO VACATE ORDERS
### OBTAINED BY FRAUD

Comes now, Lisa F. Wallace, an incapacitated person, by and through her next

friend, Stephen P. Wallace, co-trustee of the Lisa Frances Wallace Trust dated December

26, 1974 (Exhibit A) files this Petition to Vacate the Order for Guardianship Obtained by

Fraud and in support thereof shows as follows:

1.       That Lisa F. Wallace has been defrauded by David Fist, Ronald Saffa,

Patricia Hastings et al., commencing upon her father's death in July of 1990.

2.       On the 28th of March, 1991, David Fist and Ronald Saffa did enter into a

**"plan of action and collusion"** to convert her 25% of the Wallace Family Estate

for their own use and benefit.  (Exhibit B)

3.       That on the 20th of March, 1990, while her father lie dying of cancer, Fist

and Saffa did fraudulently induce K. Scott Sallee, C. P. A., her family's trusted

and able co-trustee, to resign in the criminal scheme carefully calculated to

convert Lisa's real property from her Trust. (Exhibit C)

4.       That Patricia did maliciously and with total disregard for Lisa's rights, file a

Guardianship in Louisiana with the criminal co-conspirators, Ronald Saffa and

Roma Jage, **without notice** to her brother, Stephen Wallace. (Exhibit D)

5.      Lisa and her guardian ad litem, Patricia Bullock originally asserted that

action was a violation of her civil rights.

6.      That such actions caused severe emotional stress to the point that her

caregiver, Ms. Connie Martin, stated that Lisa was on the verge of "**failure to**

**thrive**" which would soon result in her wrongful death due to **despair** and

**abandonment** by the very individuals who have now filed her **guardianship**.

7.      That Senior Judge Ellison for the Northern District of Oklahoma has taken

jurisdiction over her person and away from Hastings, Jage, Saffa, et al., under the

Homeward Bound case.  (Exhibit E)


Wherefore Petitioner is a beneficiary of the Frank and Lorice Wallace Trusts of

1974 and states the Lorice T. Wallace Family L. P. is another illegal scheme by Saffa et

al to defraud Lisa Wallace of her Trust assets since before her father's death in 1990.

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, OK  74133
(918) 694-1870  Phone
(918) 299-4752  Fax

## CERTIFICATE OF SERVICE

I certify that on this 28th day of May, 2002, I hand delivered a true and correct copy to:

James E. Poe
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma 74103
Attorneys for Ronald J. Saffa and Patricia
Hastings

William C. Kellough
Boone, Smith David, Hurst & Dickman
500 Oneok Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103
Attorneys for Roma Wallace Jage

James C. Milton
Doerner, Saunders, Daniel & Anderson
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103-3725
Attorneys for Trust Company of Oklahoma

James E. Weger
JONES, GIVENS, GOTCHER & BOGAN
3800 First Place Tower
15 E. Fifth Street
Tulsa, Oklahoma 74103-4309

Stephen P. Wallace

## RESIGNATION AND APPOINTMENT OF SUCCESSOR TRUSTEE

### OF THE

### LISA FRANCES WALLACE TRUST

This Resignation and Appointment of Successor Trustee of the Lisa Frances Wallace Trust is executed this 28th day of March, 1991.

Recitals:

1.      The Lisa Frances Wallace Trust ("Trust") was created pursuant to an Irrevocable Trust Agreement ("Agreement") executed by and between Frank A. Wallace and Lorice T. Wallace, as grantors, and The First National Bank and Trust Company of Tulsa, as original trustee, on December 26, 1974.

2.      Article VI(c) of the Agreement provides that the trustee of the Trust or any successor trustee may appoint any person, firm or corporation, other than the grantors (or either of them) as successor trustee.

3.      In December of 1976, the First National Bank and Trust Company of Tulsa resigned as original trustee of said Trust and appointed Earl J. Cherry as successor trustee of said Trust pursuant to Article VI(c) of the Agreement.

4.      On November 6, 1985, Earl J. Cherry resigned as successor trustee of said Trust and appointed Jay Scott as successor trustee of said Trust pursuant to Article VI(c) of the Agreement.

5.      On February 26, 1987, Jay Scott resigned as successor trustee of said Trust and appointed K. Scott Sallee ("Sallee") as

successor trustee of said Trust pursuant to Article VI(c) of the Agreement.

6.      Sallee desires to resign as successor trustee of the Trust
MARY ROMA WALLACE JAGE,
and to appoint/PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE as successor trustees of the Trust pursuant to Article VI(c) of the Agreement.

NOW THEREFORE:

1.      Pursuant to Article VI(b) of the Agreement, Sallee hereby resigns as successor trustee of the Trust effective as of the date hereof, and pursuant to Article VI(c) of the Agreement, Sallee hereby
MARY ROMA WALLACE JAGE,
appoints /PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE as successor trustees of the Trust.
MARY ROMA WALLACE JAGE,
        /PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE hereby consent to and accept their appointment as successor trustees of the Trust and agree to discharge all duties and responsibilities as trustees of the Trust as provided for in the Agreement.


_____                _____
SCOTT SALLEE                              PATRICIA WALLACE HASTINGS

                                         _____
                                         STEPHEN PAUL WALLACE

                                         Mary Roma Wallace Jage
(Resigning Successor Trustee)            (Appointed Successor Trustees)

## Acknowledgments

STATE OF OKLAHOMA                    )
                                     )    SS:
County of Tulsa                      )

The foregoing was executed and acknowledged before me, a Notary
Public, this 28th day of March, 1991, by K. SCOTT SALLEE.

_____
Notary Public

My Commission expires:
_____3-25-92_____

(SEAL)

STATE OF OKLAHOMA                    )
                                     )    SS:
County of Tulsa                      )

The foregoing was executed and acknowledged before me, a Notary
Public, this 28th day of March, 1991, by PATRICIA WALLACE HASTINGS and
STEPHEN PAUL WALLACE.                MARY ROMA WALLACE JAGE,

_____
Notary Public

My Commission expires:
_____3-25-92_____

(SEAL)

DLF:Wallace-Res4                    3                    "B"

BK 773 PG 496

NO INDIVIDUAL TITLES REQUIRED
Return Recorded Instrument to:
David L. Fist, 525 S. Main, Suite 300, Tulsa, OK 74103

### DEED

This indenture is dated this 2nd day of March, 1990, between:

K. SCOTT SALLEE, AS SUCCESSOR TRUSTEE OF THE LISA FRANCES WALLACE TRUST U/T/A DATED DECEMBER 26, 1974,

hereinafter referred to as "Grantor," and

K. SCOTT SALLEE, AS SUCCESSOR TRUSTEE OF THE MARY ROMA WALLACE TRUST U/T/A DATED DECEMBER 26, 1974; and

K. SCOTT SALLEE, AS SUCCESSOR TRUSTEE OF THE PATRICIA WALLACE PATTON TRUST U/T/A DATED DECEMBER 26, 1974,

hereinafter referred to as "Grantees."

WITNESSETH: That in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, Grantor hereby grants, bargains, sells and conveys to the Grantees, in equal shares, their successors and assigns, all right, title and interest of Grantor, in the following described real estate situated in Wagoner County, State of Oklahoma, to-wit:

Northwest Quarter of the Northwest Quarter (NW/4 of NW/4) of Section 13-T19N-R15E.

TO HAVE AND TO HOLD the same, together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining unto the Grantees, in equal shares, and their successors and assigns, forever.

Grantor hereby convenants, promises and agrees to and with Grantees at the delivery of these presents that Grantor is lawfully seized of an absolute and indefeasible estate of inheritance in fee simple, of and in, all and singular, the above granted and described premises, with the appurtenances; that the same are free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and assessments not yet due; and that said Grantor will warrant and forever defend the same unto said Grantees, their successors and assigns, against said Grantor, his successors and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same.

IN WITNESS WHEREOF, Grantor has executed and delivered this instrument as of the day and year first above written.

1962

K. SCOTT SALLEE, as Successor Trustee of the Lisa Frances Wallace Trust U/T/A Dated December 26, 1974

STATE OF OKLAHOMA, WAGONER COUNTY, FILED OR RECORDED 1990 MAR 23 AM 9: JERRY FIELDS, COUNTY CLERK

### ACKNOWLEDGMENT

STATE OF OKLAHOMA)
)ss.
COUNTY OF TULSA )

The foregoing instrument was duly executed and acknowledged before me, a Notary Public, this 2nd day of March, 1990, by K. SCOTT SALLEE, as Successor Trustee of and on behalf of the Lisa Frances Wallace Trust U/T/A Dated December 26, 1974.

(SEAL)

Notary Public

My Commission Expires:
12-25-92

EXHIBIT

WFLP.03128

FILED

IN THE MATTER                                  NUMBER 429,763-A

OF                                             FIRST JUDICIAL DISTRICT COURT

LISA FRANCES WALLACE                           CADDO PARISH, LOUISIANA

### MOTION TO APPOINT ATTORNEY FOR DEFENDANT

The Motion of PATRICIA WALLACE HASTINGS and MARY ROMA WALLACE

JAGE, petitioners herein, through undersigned Counsel, with respect, represents:

1.

That on February 23, 1998, personal service was obtained on Defendant Lisa Frances

Wallace.

2.

That the period allowed by law for the answering of the Original Petition filed herein has

expired and that an Attorney at Law should be appointed to represent Lisa Frances Wallace,

herein.

3.

That service of process upon the Attorney appointed should be made herein, including the

Original Petition and Citation and a copy of this Motion and Order.

**WHEREFORE PETITIONER PRAYS** That an Attorney at Law be appointed to

represent Lisa Frances Wallace, Defendant herein, with regard to this Interdiction; That service of

process should be made upon the Attorney so appointed and that further proceedings in this

interdiction should await the expiration of the legal delays for answering by the appointed

Attorney.

**PETITIONER FURTHER PRAYS** for all orders necessary and for general and

equitable relief.

NEIL MARTIN TRICHEL
BAR ROLL NO. 12918
304 Albany Ave.
Shreveport, Louisiana 71105
318/865-8651

EXHIBIT