# Exhibit "6"

**FILED**

JAN 2 8 2002

Phil Lombardi, Clerk
**U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE: WALLACE, STEPHEN P.,   )
             )
   Debtor,      )
             )
-------------------------------------------------)
 STEPHEN P. WALLACE, an individual, )
             )
   Plaintiff,      )
             )
v.           )  Case No. 01-CV-917 B (J)
             )
THE TRUST COMPANY OF   )
OKLAHOMA, an Oklahoma corporation, )
RONALD J. SAFFA, an individual,  )
and THF-SEAYCO, L.L.C., a Missouri )
limited liability company,    )
             )
   Defendants.     )
             )

## ORDER

Before the Court is the motion to remand filed by defendants, The Trust Company of

Oklahoma ("Trust Company"), Ronald J. Saffa ("Saffa"), and THF-Seayco, L.L.C. ("Seayco")

(Docket No. 2). Plaintiff Stephen P. Wallace ("Wallace"), a limited partner in the Lorice T.

Wallace Family Limited Partnership ("Family LP") and beneficiary of the Frank A. Wallace

Revocable Trust, filed a petition for breach of contract, breach of fiduciary duty, intentional

interference with contract and an accounting against defendants in the Circuit Court of St. Louis

County, Missouri on April 20, 2001.

In his petition Wallace alleges the Family LP entered into an agreement on October 15,

1998, for the sale of realty to defendant Seayco for the purchase price of $ 6,255,000.00, the

proceeds of which were to be paid in three installments - one at closing and the remaining two to

be paid one year and two years from closing. Bank accounts were established in the names of

Frank A. Wallace Revocable Trust and the Family LP to receive the proceeds. Plaintiff alleges

Saffa and the Trust Company wrongfully instructed Seayco to deposit the first installment

proceeds of $2,255,000.00 in an account other than in the one named above, causing the Family

LP to be damaged.

On December 13, 2001, Wallace removed the case to this Court, apparently due to the

transfer of a related bankruptcy proceeding from the United States Bankruptcy Court for the

Western District of Oklahoma to the United States Bankruptcy Court for the Northern District of

Oklahoma. On December 26, 2001, defendants moved to remand on the following grounds: (1)

the Court lacks subject matter jurisdiction; (2) plaintiff is not the proper party to remove; and (3)

plaintiff did not follow proper procedure for removal under Federal Rules of Bankruptcy

Procedure 9027(a)(1) and 28 U.S.C. § 1446(a).

The Court need not reach all these issues as the Court finds the case was improperly

removed to the Northen District of Oklahoma. The general removal statute, 28 U.S.C. § 1441(a),

states that a civil case brought in state court may be removed to "the district court of the United

States for the district and division embracing the place where such action is pending." Moreover,

28 U.S.C. §1446 and Rule 9027 of the Federal Rules of Bankruptcy Procedure require a notice of

removal be filed in the district and division where the civil action is pending. 28 U.S.C. §1446;

Fed. R Bankr. P. 9027(a)(1). The original action herein was filed in the Circuit Court of St. Louis

County, in the state of Missouri. Any removal of the action to federal court must be to the district

encompassing St. Louis County, Missouri, which is the United States District Court for the

Eastern District of Missouri. If such removal is proper, transfer to the Northern District of

Oklahoma may then be sought from that court.  Accordingly, the Court grants defendants' motion

to remand (Docket No. 2).

IT IS THEREFORE ORDERED that the above styled action is hereby remanded to the

Circuit Court of St. Louis County, Missouri. The Clerk of the Court is directed to take the

necessary action to remand this case without delay.

Dated this _____ day of January, 2002.

THOMAS R. BRETT
UNITED STATES DISTRICT JUDGE