**Exhibit "9"**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 03-CV-0375-CVE-SAJ |
| v. | ) | |
| | ) | |
| JOHN WOOLMAN, | ) | |
| | ) | |
| Defendant, | ) | |
| | | |
| In The Matter of STEPHEN P. WALLACE, | ) | |
| | ) | |
| | ) | Case No. 04-MC-0044-CVE-SAJ |
| | ) | |

## OPINION AND ORDER

On June 17, 2004, in Case No. 03-CV-375-H(J), the Chief Judge of the United States District Court for the Northern District of Oklahoma entered an Order[1] which imposed certain filing restrictions upon Stephen Wallace (the "Woolman Order"). The Woolman Order assessed attorneys fees against Wallace in the amount of $11,014.00. The Woolman Order additionally imposed, as a sanction upon Wallace to prevent further frivolous filings, a procedure with which Wallace must comply in submitting pleadings to this Court for consideration for filing.

On December 21, 2004, General Order 04-15 established Case No. 04-MC-44-CVE-SAJ. Beginning December 21, 2004, in accordance with the Woolman Order, all pleadings submitted by Wallace are docketed in Case No. 04-MC-44-CVE-SAJ, and forwarded to a United States Magistrate Judge for review and Report and Recommendation.

---

[1]    At the time that this Order was entered, the Chief Judge for the District Court of the Northern District of Oklahoma was Sven Erik Holmes.

The Court has reviewed the Woolman Order and concludes that it does not fully contemplate the filing by Wallace of objections to a Report and Recommendation of the United States Magistrate Judge. The Court therefore enters this Order which replaces paragraphs numbered one and two of the Woolman Order, clarifying the filing requirements and procedures.

With respect to any *pro se* pleading of any kind, Wallace is required to submit to the Clerk of this Court, an "Application and Affidavit" for a proposed filing, with the "Proposed Pleading," attached as an exhibit. The Application and Affidavit should request permission of the Court to file the Proposed Pleading and should also contain the information detailed in paragraph one (1), below.

1.  The Application and Affidavit must contain Wallace's statement, under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes: (a) the legal basis for the Proposed Pleading; (b) the specific factual basis for the Proposed Pleading; (c) a statement that the issues raised in the Proposed Pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of *res judicata* or collateral estoppel; (d) the identity and nature of assistance by any third person in preparing the Proposed Pleading; (e) a statement that the factual allegations and/or legal arguments raised by the Proposed Pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose to cause delay or needless increase in costs, (iv) not made to avoid any order of any court, (f) a list of all witnesses and attachment of all documents which support the factual allegations of the Proposed Pleading, and (g) the Proposed Pleading which Wallace is requesting that the Court file (attached as an Exhibit to the Application and Affidavit). The Application and Affidavit for

2

Filing shall be scanned and numbered by the Clerk of the Court. However, the Application and Affidavit for Filing shall not be accepted for filing unless it is approved by Order of the Chief Judge or the Chief Judge's designee.

2. The Application and Affidavit, or any documents or pleadings submitted by Wallace to the Clerk of the Court, shall be referred to a United States Magistrate Judge to determine whether the documents or proposed pleadings meet the requirements outlined in paragraph one. The Report and Recommendation of the Magistrate Judge shall be filed of record and reviewed by the Chief Judge, or by a judge designated by the Chief Judge. Wallace is permitted, in accordance with the standard rules providing for objections to a Report and Recommendation, to submit an Objection to the filed Report and Recommendation. The Court Clerk shall file of record any such Objection to the Report and Recommendation in Case No. 04-MC-44.

3. The Chief Judge or the Judge designated to review the Report and Recommendation shall review the Objection filed by Wallace, if any, and the Report and Recommendation, and determine whether or not the Proposed Pleading, attached as an exhibit to the Application and Affidavit, or any other document submitted by Wallace shall be filed. Absent the approval of the Chief Judge, or the Chief Judge's designee, the Proposed Pleading or any other submitted pleading or document, except for the Objection to the Report and Recommendation, shall not be filed. If the Chief Judge or the Chief Judge's designee approves the filing, an order shall be entered by that Judge that the Court Clerk shall file the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall also indicate if the

pleading or document should be filed in Case No. 04-MC-44, or if a new case

number should be opened for the pleading or document.  The order of the Chief

Judge or the Chief Judge's designee shall, if the pleading or document is accepted for

filing, outline any filing restrictions that will remain with respect to future pleadings

or documents submitted by Wallace.

This Order is filed in Case No. 03-CV-375, and the miscellaneous action, Case No. 04-CV-

44.  This Order is intended to clarify the sanctions procedure imposed on Wallace for his conduct

in Case No. 03-CV-375; Wallace must submit all pleadings to the Court in accordance with the this

Order.

**IT IS THEREFORE ORDERED** that pursuant to this Order, the objections previously

submitted in Case No. 04-MC-44 (Dkt. # 13) be filed of record.

**DATED** this 15th day of July 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

# Exhibit "10"

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| In re STEPHEN P. WALLACE | ) ) ) | Case No. 04-MC-0044-CVE-SAJ |

## ORDER

Based upon the representation of Steven P. Wallace that he never received the report and recommendation entered by Magistrate Judge Sam A. Joyner on January 4, 2005 (Dkt. # 2), this Court hereby **vacates its order accepting that report and recommendation** (Dkt. # 5). However, the Court **reinstates its order expanding the filing restrictions established in the Woolman Order**, which was entered on June 17, 2004 in <u>Stephen P. Wallace v. John R. Woolman</u>, Case No. 03-CV-375- H(J), to apply to any case filed in any court and subsequently transferred to the Northern District of Oklahoma.   The entire matter is hereby recommitted to the magistrate judge.

The Clerk is directed to send notice of this order to Stephen P. Wallace.

**IT IS SO ORDERED** this 11th day of April, 2005.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Exhibit "11"

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

BL NOV 1 7 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| In Re: Ronald J. Saffa and Trust Company of Oklahoma, Interim successor trustees; | ) )  ) |
| Plaintiffs, | ) **H-04-4403** |
| V. | ) CASE NO: ) |
| LORICE T. WALLACE REVOCABLE TRUST Dated December 26, 1974, | ) **JURY TRIAL** ) **DEMANDED** |
| Defendant Beneficiary. | ) |

**NOTICE OF FILING OF NOTICE OF REMOVAL**
**AND MOTION FOR CONSOLIDATION**

COMES NOW, Lisa F. Wallace, a developmentally disabled person, by and through her next friend Stephen P. Wallace, and Stephen P. Wallace, individually, both vested beneficiaries and defendants of the above-styled Trust and offer judicial notice to the Court, opposing litigants and their counsel, that the above-styled case previously filed in Tulsa County, Case No. PT-2002-56 has been removed to the United States District Court for the Southern District of Texas under authority of **28 U.S.C.A. 1441 (b), "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties,"** and also move the Court to consolidate this case with **Case No. H-04-3114** filed August 4, 2004 and **Case No. H-04-3131** filed August 6, 2004, in the Southern District of Texas, involving the same parties and same allegations; including all documents of record on the enclosed CD-ROM.

*Stephen P. Wallace*

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870

## VERIFICATION

I, Stephen P. Wallace, affirm the above statements are true and correct to the best of my knowledge relying on *Haines v. Kerner, 404 U.S. 519, 520 (1972).*

*Stephen P. Wallace*

Stephen P. Wallace

STATE OF OKLAHOMA     )
                             ) SS.

COUNTY OF TULSA         )

I, the undersigned Notary Public, in and for the County and State aforesaid, do hereby certify Stephen P. Wallace, personally known to me to be the same person whose name is subscribed to the foregoing instrument.

Given under my hand and official seal this __16th__ day of November, 2004.

*Julie Fulton*

Notary Public

My Commission Expires:
_August 1, 2008_
(Notarial Seal)
My Commission No.: _8248_

## CERTIFICATE OF SERVICE

I certify that on the __17__ day of November, 2004, I mailed, hand-delivered or faxed a copy to:

Judge Gregory Frizzell      James Poe         James Milton
District Judge – Tulsa County  111 W. 5th St.     320 S. Boston
500 S. Denver             Tulsa, OK 74103   Tulsa, OK 74103
Tulsa, Oklahoma

*Stephen P. Wallace*

Stephen P. Wallace

2



**U.S. Department of Justice**
*United States Attorney's Office*
*Southern District of Texas*

| | | | |
|---|---|---|---|
| *Dara B. Less* | **Mailing Address:** | **Physical Location:** | **Express Mail:** |
| *Assistant U. S. Attorney* | *P.O. Box 61129* | *(Not a mailing address)* | *c/o U.S. Marshal Service* |
| *Phone: (713) 567-9592* | *Houston, Texas 77208-1129* | *910 Travis Street #1500* | *515 Rusk Avenue* |
| *Fax: (713) 718-3303* | | *Houston, Texas* | *Houston, Texas 77002* |

November 10, 2004

Via Hand Delivery
Judge David Hittner
United States District Court
Southern District of Texas
United States Courthouse
515 Rusk Avenue, Room 8509
Houston, TX 77002

    **Re:**   **Wallace et al. v. Comptroller of the Currency Customer Assistance
         Group, Civil Action No. H-04-3114**

Dear Judge Hittner:

    I enclose a courtesy copy of the Joint Discovery/Case Management Plan under
Rule 26(f) of the Federal Rules of Civil Procedure, which has been electronically
filed. Please note the parties' responses to question 22. As part of the response to
question 22, plaintiffs request permission for Mr. Wallace to participate in the Rule
16 conference scheduled for November 15, 2004 by telephone from Oklahoma.
Further, defendant Comptroller of the Currency Customer Assistance Group requests
permission for the Comptroller's Washington, D.C. agency counsel to participate by
telephone as well. Assistant United States Attorney Dara Less intends to be
physically present at the Rule 16 conference in Houston, Texas.

**EXHIBIT
1**

Thank you for your cordial consideration.

Respectfully,

MICHAEL T. SHELBY
United States Attorney

By:   *Dara B. Less*
Dara B. Less
Assistant United States Attorney

cc:   Stephen Wallace (via facsimile and mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LISA F. WALLACE,                                  )
a developmentally                                 )
disabled person, by and through her               )
next friend, STEPHEN P. WALLACE,                  )
Co-Trustee of the Lisa F. Wallace                 )
Irrevocable Trust of 1974, the                    )
Stephen P. Wallace Irrevocable Trust              )
of 1974 and all U.S. Citizens,                    )
Taxpayers and Voters Similarly                    )
Situated,                                         )
     Pauperis/Pro se Plaintiffs,            )
v.                                                )    CIVIL ACTION NO. H-04-3114
COMPTROLLER OF THE                                )
CURRENCY CUSTOMER                                 )
ASSISTANCE GROUP,                                 )
     Defendant.                             )

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Comptroller of the Currency Customer Assistance Group and

plaintiffs Lisa Wallace and Stephen Wallace file this Joint Report of the Meeting &

Joint Discovery/Case Management Plan Under Rule 26(f).

1.     State when the parties conferred as required by Rule 26(f), and identify the
     counsel who conferred.

**Response:**

**The Rule 26(f) meeting took place by telephone on November 9, 2004, as well
as by facsimile on November 5, 2004 and November 9, 2004.  Mr. Stephen
Wallace,** *pro se* **representative for the plaintiffs, and Ms. Dara B. Less, counsel**

**for the Comptroller of the Currency Customer Assistance Group, were
involved in the conference.**

2.    List the cases related to this one that are pending in any state or federal court
      with the case number and court.

**Response:**

**Plaintiffs contend that case H-04-3131 is a related, pending case.
The Comptroller is aware of no related, pending cases.**

3.    Briefly describe what this case is about.

**Response:**

**This is a complaint/petition for an accounting and appointment of receiver.
Plaintiffs contend that the Comptroller of the Currency failed to
appropriately respond to two complaints against Bank One and Bank of
America.  Plaintiffs contend that these banks have failed to conduct a forensic
audit of the Wallace estate after alleged interstate wire and bank fraud as
allegedly occurred and the alleged perpetrators have refused to arbitrate the
issues pursuant to the contract.  The Comptroller denies liability.**

4.    Specify the allegation of federal jurisdiction.

**Response:**

**Plaintiffs contend jurisdiction exists pursuant to 42 U.S.C. §§ 1983, 1985.
See response to 10/12/04 motion to dismiss by plaintiffs.**

5.    Name the parties who disagree and the reasons.

**Response:**

**The Comptroller disagrees.  See motion to dismiss filed on 10/12/04.  The
Comptroller's position is that plaintiffs do not present a live case or
controversy for this Court's consideration.  The Court also lacks subject**

2

matter jurisdiction for the independent reason that Congress has not waived OCC's sovereign immunity to suit.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Response:**
**Plaintiffs' position is that some of the officers and agents of Bank One and Bank of America, as well as some officers of Trust Company of Oklahoma should be made parties. Plaintiffs also contend that Ronald Saffa should be made a party. Subsequent to the outcome of the forensic audit, these parties may be added.**

**The Comptroller is not aware of any other parties that should be included.**

7.    List anticipated interventions.

**Response:**

**The Comptroller is not aware of any anticipated interventions.**
**The plaintiffs' response is "to be determined."**

8.    Describe class-action issues.

**Response:**

**The Comptroller is not aware of any class action issues.**
**The plaintiffs' response is "to be determined."**

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Response:**

**No Initial Disclosures have been served.**

**The Comptroller proposes to stay discovery, including initial disclosures,**

3

**pending resolution of the Comptroller's motion to dismiss the case.**

**Plaintiffs propose to stay discovery pending a forensic audit by Dana Cole & Co. (Lincoln, Nebraska) because an audit is the prime discovery needed.**

10.    Describe the proposed agreed discovery plan, including:

     a.    Responses to all the matters raised in Rule 26(f).

**Response:**    **See responses to question 9.**

     b.    When and to whom the plaintiff anticipates it may send interrogatories.

**Response:**

**See responses to 9.**

     c.    When and to whom the defendant anticipates it may send interrogatories.

**Response:**

**See responses to 9.**

     d.    Of whom and by when the plaintiff anticipates taking oral depositions.

**Response:**

**See responses to 9.**

     e.    Of whom and by when the defendant anticipates taking oral depositions.

**Response:**

**See responses to 9.**

     f.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Response:**

**See responses to 9.**

     g.     List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Response:**

**See responses to 9.**

     h.     List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date.  See Rule 269(a)(2)(B)(expert report).

**Response:**

**See responses to 9.**

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response:**  **See responses to 9.**

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response: None.**

13.     State the date the planned discovery can reasonably be completed.

**Response: See responses to 9.**

14.   Describe the possibilities for a prompt settlement or resolution of the case
      that were discussed in your Rule 26(f) meeting.

**Response:**

 **Plaintiffs state there is a possibility of settlement if the Court orders a
forensic audit.  The Comptroller does not believe that any possibility of
settlement exists.**

15.   Describe what each party has done or agreed to do to bring about a prompt
      resolution.

**Response:**

**The parties talked about the possibility of settlement in preparing the joint
discovery plan.**

16.   From the attorneys' discussion with their client(s), state the alternative
      dispute resolution techniques that are reasonable suitable.

**Response:**

**The Comptroller does not believe any ADR is appropriate in this case.
Plaintiffs state that a stay and a court-ordered forensic audit is appropriate
and compulsory in this case.**

17.   Magistrate judges may now hear jury and non-jury trials.  Indicate the
      parties' joint position on a trial before a magistrate judge.

**Response:**

**The Comptroller agrees to a magistrate judge.
The plaintiffs respond "to be determined."**

18.   State whether a jury demand has been made and if it was made on time.

**Response:**

6

**Plaintiff has made a timely demand for trial by jury.**

19.    Specify the number of hours it will take to present the evidence in this case.

**Response:**

**The parties agree that it is too early to estimate the length of the trial.**

20.    List pending motions that could be ruled on at the initial pretrial and
       scheduling conference.

**Response:**

**The Comptroller's motion to dismiss.**
**Plaintiffs' two emergency motions for expedited hearing and oral argument,
and plaintiffs' response and motion to strike the Comptroller's motion to
dismiss.**

21.    List other motions pending.

**Response:**

**None.**

22.    Indicate other matters peculiar to this case, including discovery, that deserve
       the special attention of the court at the conference.

**Response:    Mr. Wallace would like the Court's permission to participate in
the conference via telephone from Tulsa, OK.  Assistant U.S. Attorney Dara
Less will be present in Court on behalf of the Comptroller, but requests
permission that the Comptroller's agency counsel be permitted to participate
in the conference by telephone from Washington, DC.**

**Plaintiffs further state that plaintiffs will expeditiously be filing an objection
to the U.S. Attorney's representation of the Comptroller.**

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in
the Order for Conference and Disclosure of Interested Persons, listing the date of

7

filing for original and any amendments.

**The Comptroller filed the Disclosure of Interested Parties on October 7, 2004.**

**It does not appear that plaintiffs filed a Disclosure of Interested Parties.**

24.  List the names, bar numbers, addresses and telephone numbers of all counsel.

**<u>Response:</u>**

**Plaintiffs are *pro se*.  They also contend they are pauperis.**
**Stephen P. Wallace**
**6528 E. 101st, D-1 #304**
**Tulsa, OK 74133**
**918-694-1870**

**Counsel for the Comptroller:**
**Dara B. Less**
**Assistant United States Attorney**
**U.S. Attorney's Office, Southern District of Texas**
**P.O. Box 61129**
**Houston, Texas 77208**
**713.567.9592 - Telephone**
**713.718.3303 - Facsimile**
**<u>dara.less@usdoj.gov</u> - E-mail**
**S.D. 38241**
**PA Bar No. 81228**

8

Respectfully submitted,

**MICHAEL T. SHELBY**
**UNITED STATES ATTORNEY**


/s/ Dara B. Less
**By:  DARA B. LESS**
**Assistant United States Attorney**
S.D. 38241
PA Bar No. 81228
P.O. Box 61129
Houston, Texas 77208
713.567.9592 - Telephone
713.718.3303 - Facsimile
Attorney in Charge

**ATTORNEY FOR DEFENDANT**
**COMPTROLLER OF THE CURRENCY**
**CUSTOMER ASSISTANCE GROUP**



/s/ Stephen Wallace
**Stephen Wallace (*via grant of consent*)**
6528 E. 101st, D-1 #304
Tulsa, OK 74133
918-694-1870

**PLAINTIFFS' *PRO SE* REPRESENTATIVE**

**Date: November 9, 2004**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Discovery/Case

Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure was

served upon the following by facsimile and mail:

> Stephen P. Wallace
> 6528 E. 101st, D-1, #304
> Tulsa, OK 74133
> Facsimile number provided by Mr. Wallace: (206) 260-6235

Date:    November 9, 2004

> /s/ Dara B. Less
> Dara B. Less
> Assistant United States Attorney

UNITED STATES DISTRICT COURT***SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stephen P. Wallace, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No.  H-04-3114 |
| | § | |
| Comptroller of the Currency | § | |
| Customer Assistance Group, | § | |
| Defendant. | § | |

## RULE 16 SCHEDULING ORDER

The following schedule shall be followed.  All communications concerning the case shall be directed in writing to Ellen Alexander, Case Manager for United States District Judge David Hittner, P.O. Box 61010, Houston, TX  77208.

1. __December 1, 2004__    NEW PARTIES shall be joined, with leave of court, by this date. The attorney causing such joinder shall provide copies of this ORDER to the new parties.

2A. __January 3, 2005__    PLAINTIFF shall designate EXPER T WITNESSES.  Designation shall be in writing to opponent.  Expert reports shall be filed within 60 days of the designation.

 B. __February 1, 2005__    DEFENDANT shall designate EXPERT WITNESSES.  Designation shall be in writing to opponent.  Expert reports shall be filed within 60 days of the designation.

3. __February 1, 2005__    AMENDMENTS to pleadings, with leave of court, shall be made by this date.

4. __July 1, 2005__    DISCOVERY shall be completed by this date.

5. __August 1, 2005__    MOTION CUT-OFF.  No motion, including motions to exclude or limit expert testimony under Fed. R. Evid. 702, shall be filed after this date except for good cause shown.  See LR 7.

6. __October 28, 2005__    The JOINT PRETRIAL ORDER shall be filed on or before this date notwithstanding that a motion for continuance may be pending. Parties shall exchange all trial exhibits on or before this date notwithstanding that a motion for continuance may be pending. NO LATE EXCHANGES OF EXHIBITS WILL BE PERMITTED.  All motions in limine shall be submitted with the pretrial order.  Failure to file timely a joint pretrial order, motions in limine, or exchange all trial exhibits may result in this case being dismissed or other sanctions imposed, in accordance with all applicable rules.

7. __November/December 2005__    TRIAL TERM.  Cases will be set for trial at a docket call, conducted prior to the trial term or by order of the Court. Your position on the docket will be announced at that time.

Jury/~~Non-Jury~~ ETT: __3 days__

All documents filed must be 14 point font, double spaced with not less than one inch margins.


SIGNED on __November 15, 2004__ .


_____
STEPHEN WM. SMITH
United States Magistrate Judge

EXHIBIT

**2**

JS 44 -   .(Rev. 4/97)

# CIVIL COVER SHEET

H-04-4403

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO).

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *In re, Ronald J. Saffa and Trust Company of Oklahoma, interim successor trustees Plaintiffs* | *Lorice T. Wallace Revocable Trust Dated December 26, 1974 Dependent Beneficiaries* |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

*Tulsa*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVE D.   *Tulsa*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

*pro se / pauperis*

## II. BASIS OF JURISDICTION (PLACE A "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl.Ret. Inc Security Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ *TBA* | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY   *H-04-3114*   *H-04-3131*

DATE   *11/16/04*

SIGNATURE OF ~~ATTORNEY~~ OF RECORD   *Stephen P. Wallace*   *pro se*

**Exhibit "12"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: RONALD J. SAFFA AND | § | |
| TRUST COMPANY OF OKLAHOMA, | § | |
| Interim Successor Trustees, | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4403 |
| | § | |
| LORICE T. WALLACE IRREVOCABLE | § | |
| TRUST, | § | |
|      Defendant. | § | |

### ORDER

Lisa F. Wallace and Stephen P. Wallace filed a Notice of Removal purporting to remove a civil action pending as case number PT-2002-56 in state court in Tulsa, Oklahoma. A removable state court civil action must be removed to the United States District Court for the district and division embracing the place where the state court action is pending. 28 U.S.C. § 1441(a). Lisa F. Wallace and Stephen P. Wallace may not remove a civil action filed in Oklahoma to the United States District Court for the Southern District of Texas. Accordingly, it is hereby

**ORDERED** that the Notice of Removal [Doc. # 1] is **STRICKEN AND INEFFECTIVE** to remove the case from the state court in Tulsa, Oklahoma. The Clerk of Court is directed to send a copy of this order to the District Court of Tulsa County, State of Oklahoma and to James C. Milton by facsimile at (918) 591-5360. It is further

ORDERED that the Emergency Motion to Deny Leave to File Notice of Removal

[Doc. # 4] is **GRANTED** and the alternative Motion to Remand [Doc. # 4] is **DENIED AS**

**MOOT**.  It is further

ORDERED that this civil case is **DISMISSED AS IMPROPERLY REMOVED**.

SIGNED at Houston, Texas, this **22nd** day of **November, 2004.**

_____
Nancy F. Atlas
United States District Judge