# EXHIBIT _C_

**AMENDMENT NUMBER ONE
TO THE RESTATEMENT OF
THE LORICE T. WALLACE REVOCABLE TRUST
DATED DECEMBER 26, 1974
EFFECTIVE DATE OF RESTATEMENT: OCTOBER 5, 1993**

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

Pursuant to Section 2.01 of Article 2 of the Restatement of The Lorice T. Wallace Revocable Trust Dated December 26, 1974, Effective Date of Restatement: October 5, 1993 (hereinafter referred to as the "Trust"), Lorice T. Wallace, as Grantor, and Lorice T. Wallace, as Trustee, hereby amend said Trust as follows:

1.    Article 4, Section 4.02 is hereby added to read as follows:

4.02    In the event of the incapacity of Grantor, it is Grantor's intent that, during the lifetime of Grantor, she be maintained in the property in which she resides as long as feasible and that she not be placed in a supervised home for the elderly or hospital setting. Grantor understands that the cost of home care may be significantly more than the cost of a care facility. Nevertheless, it is Grantor's intent that funds for those expenses be made available as long as it is feasible, taking into consideration the size and nature of the Trust estate, other income and assets available therefor. For these purposes, Grantor shall be considered to be incapacitated if unable to manage her affairs, is under a legal disability or by reason of illness or mental or physical disability is unable to give prompt and intelligent consideration to financial matters, and, in making such determination, Trustee may rely on the written statement or opinion of two (2) licensed physicians who have examined her.

2.    Article 5, Section 5.01 C is hereby amended to read as follows:

Upon the death of Grantor, or as soon thereafter as is practicable, there shall be distributed to the Trustee appointed and acting as Trustee, immediately following the death of Grantor, the items listed in a letter dated from time to time, addressed to the Trustee of this Trust; said items to be distributed by said Trustee in accordance with the terms of said letter. The remainder of Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of distributed to Grantor's children, in equal shares, without restriction; provided, however, should any of my children fail to survive Grantor, then and in such event, such deceased child's share shall be distributed *per stirpes*



**EXHIBIT**

Wolfer

**16**

TRUST 764

to her surviving issue, if any. This letter shall be limited to Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of.

3.  Article 11, Section 11.13 is hereby added to read as follows:

11.13  It is the intention of the Grantor to prevent and eliminate as much of the disharmony, the destruction of relationships, and disputes among the descendants of the Grantor as possible. Grantor believes that if the descendants of the Grantor are forced to bear the ultimate costs of any litigation and disputes involving the aforementioned parties that such litigation and disputes will most likely be minimized.

The Grantor desires to provide some degree of protection for the beneficiaries, the trustees, the attorneys, accountants, agents, and advisors of the Grantor and the Trustees, of any trust(s) created or by any other trust agreements, and any partner(s) of the Lorice T. Wallace Family, Limited Partnership and their attorneys, accountants, agents, and advisors of the said limited partner(s) of the said limited partnership (hereinafter referred to as the "Indemnified Parties"). Therefore, if any aforesaid person is sued on any matter involving the construction of the terms of the trust, the administration of the trust, or any matter pertaining to the conduct of the trustees of the trust or any matter pertaining to the conduct of any beneficiary of the trust, or which involves the construction of the terms of the trust, the administration of the limited partnership operations, the conduct of the general partner(s) of the limited partnership, or the conduct of any limited partner of the limited partnership, then Grantor directs the Trustee to indemnify and hold harmless the aforesaid indemnified party from any loss, damage, legal fees, or other costs, and to charge such amounts to the trust created herein against the trust principal and income of said descendant to the extent of the exhaustion of the said principal and income of the said trust created for the benefit of said descendant.

4.  Except as modified in this instrument, Grantor reaffirms the Trust.

IN WITNESS WHEREOF, the parties have hereto set their hands to duplicates hereof on this 12th day of February, 1998.

LORICE T. WALLACE, Grantor

2

Witnesses as to Grantor:

1. *Beverly A. Pittman*

2. *Marilyn Hightman*

*Lorice T. Wallace*
LORICE T. WALLACE, Trustee

Witnesses as to Trustee:

1. *Beverly A. Pittman*

2. *Marilyn Hightman*

State of Oklahoma    )
                     ) ss.:
County of Tulsa      )

    I, the undersigned Notary Public in and for the County and State aforesaid do hereby certify that LORICE T. WALLACE, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary act for the uses and purposes therein set forth.

    GIVEN under my hand and official seal this 12th day of February, 1998.

*Barbara Jonace*
Notary Public

My Commission expires:

3/21/20xx

[Notarial Seal]

W3994-15.D02

3

TRUST 766

# EXHIBIT  D

EXHIBIT  B 

### TRUST INDENTURE CREATING THE
### LORICE T. WALLACE IRREVOCABLE TRUST

THIS INDENTURE OF TRUST Made this 8TH day of February 1996, between LORICE T. WALLACE, sometimes referred to as "TRUSTOR", and LORICE T. WALLACE, sometimes referred to as "TRUSTEE";

### W I T N E S S E T H :

WHEREAS, the following shall apply when used in this Indenture:

    (i)  The term TRUSTEE shall mean Trustee or Trustees, whether one or more, and any succeeding acting Trustee or Trustees;

    (ii) The singular form shall include the plural form;

    (iii) The masculine form shall include the feminine form and the neuter form;

    (iv) The term "ISSUE" shall include adopted persons but exclude LISA FRANCES WALLACE and her descendants; and

WHEREAS, it is the desire of TRUSTOR to create a Trust of the properties described in Exhibit "A" attached, for the benefit of TRUSTOR and TRUSTOR'S ISSUE; and

WHEREAS, TRUSTOR desires that TRUSTEE should serve as TRUSTEE, and

WHEREAS, TRUSTEE is willing to receive and hold such property upon such Trust;

NOW, THEREFORE, in consideration of the mutual covenants, TRUSTOR has simultaneously with the execution of this Indenture, sold, assigned, transferred, conveyed and delivered, and by these presents does sell, assign, transfer, convey and deliver, the property described in Exhibit "A" attached, to TRUSTEE. TRUSTEE agrees to hold such property, in trust, subject to the following terms, conditions and purposes:

### ARTICLE I

TRUSTOR, at any time, and from time to time, may, with the approval of TRUSTEE, by Will, or in any other manner, cause other and additional property to be delivered, transferred and conveyed, or insurance paid, to TRUSTEE to be taken and held upon the same terms and distributed in the same manner as though such property or funds had been transferred to TRUSTEE at the creation of the Trust.

### ARTICLE II

TRUSTEE shall have the following rights, powers and duties and shall be authorized and empowered as follows with respect to the Trust Estate:

    1) Have all the powers, duties and responsibilities included in the Oklahoma Trust Act (60 O.S. §161 and §§ 175.1 et seq.), as such statutes exist on the date this Indenture is executed, except as may be changed or modified herein. No repeal or amendment of said statutes shall be effective to change the powers and duties. This Indenture shall continue in effect with respect to all property which may come into the Trust, whether such property has a situs within or without the State of Oklahoma.

    2) Retain property properly acquired from TRUSTOR, or others, without limitation as to time and without regard to its suitability, including diversification for original purchase; and

EXHIBIT

18

TRUST 862

RECEIVED TIMEMAY. 2.  4:35PM          PRINT TIMEMAY. 2.  4:45PM

may purchase, acquire, own, hold, sell, exchange, and dispose of life estates (or terms for years) in property and remainder interests in property, if deemed by TRUSTEE to be for the best interests of the Trusts and the beneficiaries thereof.

3) Acquire, as part of the Trust Estate, any property, real, personal or mixed, or any business or enterprise, or any interest therein, from TRUSTOR'S estate. Continue to operate solely, or in conjunction with others, any such business or enterprise, or any interest therein, so long as TRUSTEE shall deem such operation advisable and to the best interests of the Trust Estate.

4) Borrow money for such periods of time and on such terms and conditions as to rates, maturities, renewals, and securities, as TRUSTEE shall deem advisable, and mortgage or pledge any portion or all of Trust assets as TRUSTEE shall deem appropriate.

5) Have the right, in TRUSTEE'S discretion, to determine the manner in which each receipt is to be allocated between corpus and income and to determine the manner in which each disbursement, loss and deduction is to be charged as between corpus and income. The determination shall be conclusive and binding upon all beneficiaries. The preceding sentences notwithstanding, if a beneficiary, for whom discretionary distributions may be called upon to be made from a Trust hereunder, is the acting TRUSTEE, the said allocations shall be made in accordance with the Oklahoma Trust Act, as it exists on the date this Indenture is signed.

6) In TRUSTEE'S discretion, make division or distribution of each Trust Estate or any part thereof in kind or in money or partly in each. TRUSTEE shall act in a strictly impartial manner with respect to all beneficiaries. The judgment concerning the propriety and the kind, proportion and relative value thereof shall be binding and conclusive upon all parties interested.

7) Keep books of account showing all transactions relating to each Trust Estate. Each year, furnish to each beneficiary currently receiving distributions therefrom, or to his guardian (if a guardian has been appointed), a statement showing how such Trust Estate is invested and all transactions relating thereto subsequent to the last preceding account rendered. Any beneficiary shall be entitled, once a year, to procure or make an independent audit at his own expense.

8) During the minority or incapacity of any beneficiary (including if TRUSTEE determines that the beneficiary is unable to properly manage his affairs, unless determined otherwise by a court of competent jurisdiction) to whom income and/or corpus is herein directed to be paid, pay such amounts in any one or more of the following ways:

a)   Directly to said minor or incapacitated person;

b)   To the legal guardian of said minor or incapacitated person;

c)   To a relative of said minor or incapacitated person, or to a person furnishing support, maintenance, health or education for the beneficiary or with whom the beneficiary is residing, to be expended by such person for the health, education, maintenance and support of such minor or incapacitated person for expenditures on the beneficiary's behalf;

d)   If the beneficiary is a minor, to a custodian for the beneficiary, as selected by the TRUSTEE, under the Uniform Transfers to Minors Act of any state; or by

2

TRUST 863

e)    Expending the same for the health, education, maintenance and support of such minor or incapacitated person.

It is the intent of TRUSTOR that such minor or incapacitated person be the true recipient of the benefit.

9) In TRUSTEE'S discretion, accept bequests, devises and gifts of property to any Trust Estate.

10) The compensation of the TRUSTEE for services rendered to the Trust shall be reasonable and commensurate with the compensation for like services ordinarily and customarily paid in the community where such services are rendered, except the original TRUSTEE, LORICE T. WALLACE, shall receive no compensation.

11) No powers shall be construed to enable any person to purchase, exchange, or otherwise deal with or dispose of all or any part of the corpus or income of the Trust for less than an adequate consideration in money or money's worth, or to enable any person to borrow all or any part of the corpus or income of the Trust, directly or indirectly, without adequate interest or security.

12) No person, other than the acting Trustee, shall have or exercise the power to vote or direct voting of any stock or other securities of the Trust either by directing investments or reinvestments or by vetoing proposed investments or reinvestments, or to acquire or exchange any property of an equivalent value.

13) If the Trust should, at any time, be the owner of a life insurance policy on the life of a Trustee, during the time such person is serving as Trustee, the power to change the beneficiary, to surrender or cancel the policy, to assign the policy for a loan, to obtain from the insurer a loan against the surrender value of the policy, and all other powers under the policy, other than collection of the proceeds, shall be vested in a Co-Trustee or the next named Successor Trustee for the benefit of the Trust. If no Successor Trustee is named, then one shall be named by the District Court of the County wherein the Trustee resides.

Except for the limited circumstances listed above, the acting Trustee shall have such powers over any life insurance policies owned by the Trust.

14) TRUSTEE shall have authority and power to appoint agents to sign checks on trust checking accounts, make withdrawals from other types of accounts, and enter trust safety deposit boxes.

15) TRUSTEE, LORICE T. WALLACE, is authorized to buy, sell, trade and deal in puts, calls, straddles and options of every kind and nature and to open and conduct securities trading accounts on cash or on margin. The powers contained in this §15) shall not apply to any other TRUSTEE except with respect to stock in any closely held corporation in which TRUSTOR and/or TRUSTOR'S SPOUSE and/or any of their ISSUE own more than a five percent (5%) interest.    TRUSTEE, LORICE T. WALLACE, is authorized to form and invest in partnerships, general and limited, and closely held corporations.

16) If there are separate Trusts created under this Indenture, TRUSTEE may (but is not required to) hold, manage and invest the separate trust shares as a single trust and may co-mingle the funds of the separate Trusts, but shall separately account for each Trust's interest in the whole. TRUSTEE, if acting as TRUSTEE of any other Trusts created by TRUSTOR, may (but is not required to) hold, manage and invest the separate Trust shares as a single Trust and

3

TRUST 864

may co-mingle the funds of the separate Trusts, but shall separately account for each Trust's interest in the whole.

17) Make elections and allocations provided in the Federal and State taxing Codes, whether or not provided in this Trust, fairly for the benefit of the beneficiaries of this Trust. All elections and allocations, so made in good faith, shall not be subject to question by any person, firm, or entity. TRUSTEE shall not be liable for any such election or allocation so made.

18) The powers, duties and responsibilities herein set out shall not be deemed to exclude other implied powers, duties or responsibilities not inconsistent therewith.

## ARTICLE III

Except as otherwise specifically herein provided, each beneficiary is hereby prohibited from anticipating, encumbering, transferring, assigning or in any other manner disposing of his interest in either corpus or income and is without power so to do, and no such beneficiary's interest shall be subject to his liabilities or obligations, or subject to attachment, execution or other legal process, bankruptcy proceedings, or claims of creditors or others.

## ARTICLE IV

Each Trust herein created shall, as to property located in any State, in no event continue for a period longer than permitted under the laws of such State. If it shall be determined that, by the terms hereof, any Trust does violate any such law, TRUSTOR directs that, at the end of the longest period TRUSTOR is permitted under the laws of such State to extend this Trust, distribution of all corpus and undistributed income in such Trust applicable to such State be then made. The distribution shall be in accordance with the terms herein for termination on that date irrespective of the attained ages of the beneficiaries notwithstanding anything to the contrary herein provided.

## ARTICLE V

TRUSTOR has consulted with counsel.  The Trust created by this Indenture shall be irrevocable and TRUSTOR expressly acknowledges that TRUSTOR shall have no right or power, whether alone or in conjunction with others, in whatever capacity, to alter, amend, revoke, or terminate this Trust or any of the terms of this Indenture, in whole or in part, or to designate a person who shall possess or enjoy the Trust property or the income therefrom.

If, at any time, the form of the Trust Indenture shall operate to subject the Trust Estate, the properties of the same, or the beneficiaries, to any tax that may be lawfully avoided by a change in the terms hereof, TRUSTEE, is authorized to apply to a Court of competent jurisdiction for permission to modify the terms hereof. Upon being properly authorized by such Court, TRUSTEE is authorized and empowered to modify the terms hereof in accordance with the authority granted by such Court.

## ARTICLE VI

TRUSTEE in all matters shall perform such acts as are necessary for the purpose of this Trust. The decision of TRUSTEE shall be final and binding upon all of the beneficiaries.

TRUSTEE shall hold, manage, invest and reinvest the property of the Trust and shall collect and receive the income therefrom and, after deducting all necessary expenses incident to the administration of the Trust, shall dispose of the corpus and income

4

TRUST 865

of the Trust as follows:

1)  During the lifetime of TRUSTOR, TRUSTEE shall distribute the net income of the Trust to TRUSTOR or, if designated by TRUSTOR, to TRUSTOR'S revocable trust under indenture dated the 26th day of December, 1974, no less frequently than annually.

2)  During the lifetime of TRUSTOR, TRUSTEE shall distribute so much of the corpus as is necessary to provide for the health, support, maintenance, and education of TRUSTOR, taking into consideration other assets and income available therefor and the standard of living to which TRUSTOR has been accustomed.

3)  Upon the death of TRUSTOR, the corpus and undistributed income from this Trust shall be distributed to such of TRUSTOR'S ISSUE, and in such proportions, whether outright or in Trust, as TRUSTOR shall appoint in TRUSTOR'S Last Will and Testament or by a written instrument properly acknowledged before a notary public, as in a deed.  This limited power of appointment shall be exercised only by specific reference thereto.

4)  If TRUSTOR fails to exercise the power of appointment provided in ¶ 3, above, then the corpus and undistributed income shall be administered and distributed as follows:

During the term of this Trust, if any, after the date of death of TRUSTOR, TRUSTEE shall distribute the net income of this Trust no less frequently than annually to TRUSTOR'S surviving ISSUE as of the date of such distribution.    In determining ISSUE and shares to take:

i)  The then surviving members of each generation to take (beginning with the first generation below TRUSTOR), shall share equally, if all of that generation survive termination (or if any deceased member leaves no surviving ISSUE on date of termination).  If none of said generation survives termination, the then surviving members of the second generation to take shall share all equally, if they all survive termination (or if any deceased member leaves no surviving ISSUE on date of termination); and so forth through succeeding generations.

ii)  If any generation has one or more members who survive termination, and one or more members who predecease termination leaving surviving ISSUE on date of termination the whole amount shall be divided into equal shares for the said then surviving member or members and the deceased members having surviving ISSUE on date of termination.  The said surviving members of that generation shall receive their equal share.  The share for the deceased member leaving surviving ISSUE on date of termination (or the total of the shares for the deceased members leaving surviving ISSUE on date of termination) shall be divided equally among the next generation members who are descended from the deceased member or members of the older generation; and so forth through succeeding generations.

It is TRUSTOR'S intention that ISSUE who take and who are in the same degree of relationship to TRUSTOR shall share equally.

iii)  TRUSTEE, during the continuance of the Trust, shall distribute so much of the corpus of this Trust as is necessary to provide for the health, support, maintenance and education of TRUSTOR'S ISSUE, taking into consideration other assets and income available therefore and the standard of living to which each such person has been accustomed.

5

TRUST 866

5)    This Trust shall terminate on the earlier of:   (1) December 31, 2046, (2) twenty-one years after the date of the last to die of TRUSTOR and TRUSTOR'S ISSUE (in existence on the date this Trust is executed), or (3) the date of the last to die of TRUSTOR and all of TRUSTOR'S ISSUE (i.e. all descendants).  Upon termination, or as soon thereafter as practical, the remaining corpus and undistributed income shall be distributed to TRUSTOR'S then surviving ISSUE.  In determining ISSUE and shares to take:

a)    The then surviving members of each generation to take (beginning with the first generation below TRUSTOR), shall share equally, if all of that generation survive termination (or if any deceased member leaves no surviving ISSUE on date of, termination).  If none of said generation survives termination, the then surviving members of the second generation to take shall share all equally, if they all survive termination (or if any deceased member leaves no surviving ISSUE on date of termination); and so forth through succeeding generations.

b)    If any generation has one or more members who survive termination, and one or more members who predecease termination leaving surviving ISSUE on date of termination the whole amount shall be divided into equal shares for the said then surviving member or members and the deceased members having surviving ISSUE on date of termination. The said surviving members of that generation shall receive their equal share. The share for the deceased member leaving surviving ISSUE on date of termination (or the total of the shares for the deceased members leaving surviving ISSUE on date of termination) shall be divided equally among the next generation members who are descended from the deceased member or members of the older generation; and so forth through succeeding generations.

It is TRUSTOR'S intention that ISSUE who take and who are in the same degree of relationship to TRUSTOR shall share equally.

If TRUSTOR leaves no surviving ISSUE such distribution shall be made to HOLY ANGELS RESIDENTIAL FACILITY, and its successor or successors, in Shreveport, Louisiana.

## ARTICLE VII

1) Notwithstanding ARTICLE VI, if a beneficiary is under the age of thirty-five (35) years at the time of the termination of this Trust, such beneficiary's share shall become a Trust for the primary benefit of such beneficiary, under the provisions of this Indenture, until such beneficiary has attained the age of thirty-five (35) years, at which time the corpus and undistributed income from such beneficiary's Trust shall be distributed to said beneficiary. If such beneficiary dies before attaining the age of thirty-five (35) years, the corpus and undistributed income from such beneficiary's Trust shall be distributed to any persons or entities (including the estate, creditors, and creditors of the estate of the beneficiary described in the first sentence of this paragraph) and in such proportions, whether outright or in Trust, as such beneficiary shall appoint in such beneficiary's Last Will and Testament or by a written instrument properly acknowledged by a notary public, as in a deed. This general power of appointment shall be exercised only by specific reference thereto. If such beneficiary fails to exercise the power of appointment, then the corpus and undistributed income shall be used to pay the estate, inheritance, generation skipping transfer and succession taxes, if any, arising by reason of the inclusion of this trust corpus in

6

**TRUST 867**

05/02/2000  16:33   9187445088              THE TRUST CO OF OK                  PAGE  28

such beneficiary's taxable estate and the balance shall be distributed to the heirs at law of such beneficiary as though such beneficiary had died single and intestate under the laws of the State of Oklahoma on the date of such beneficiary's death. TRUSTEE, in TRUSTEE'S discretion, may use so much of the income and/or corpus. from such beneficiary's Trust as is necessary for the purpose of providing health, support, maintenance and education of such beneficiary during the continuance of such Trust, taking into consideration other assets and income available therefor and the standard of living to which such beneficiary has been accustomed. The preceding provisions of this ¶ 1 notwithstanding, TRUSTEE shall distribute so much of the income as is necessary to reduce the net taxable income of the Trust to a level just below the top Federal income tax bracket. If such beneficiary is under the age of eighteen (18) years, such net income shall be distributed to a Custodian for such beneficiary selected by TRUSTEE, under the Oklahoma Uniform Transfers to Minors Act, until such beneficiary attains the age of eighteen (18) years.

2)  If a beneficiary of a Trust, created under this Indenture, other than a one under the age of thirty-five (35) years, is adjudicated incapacitated by a Court of competent jurisdiction or if a licensed physician has certified, in writing, to TRUSTEE that such beneficiary does not have the physical or mental capacity to manage such beneficiary's financial affairs, TRUSTEE shall retain the share of such beneficiary in a Trust or Trusts, under this Indenture, until the earlier of:

A.  the death of such beneficiary;

B.  such beneficiary is adjudicated by a Court of Competent Jurisdiction to be no longer incapacitated; or

C.  a licensed physician has certified, in writing, to TRUSTEE that such beneficiary has regained such beneficiary's physical and mental capacity to manage such beneficiary's financial affairs.

Upon the occurrence of the event in ¶¶ B or C of the preceding sentence, TRUSTEE shall distribute to such beneficiary the remaining corpus and undistributed income in such beneficiary's Trust or Trusts. Upon the death of such beneficiary, TRUSTEE shall distribute the remaining corpus and undistributed income in such beneficiary's Trust or Trusts to such beneficiary's heirs at law as though he had died single and intestate under the laws of Oklahoma on the date of his death.

During the continuance of such Trust or Trusts, TRUSTEE shall distribute so much of the income and/or corpus as is necessary to provide for the health, support, maintenance and education of such beneficiary, taking into consideration other income and assets available therefor and the standard of living to which such beneficiary has been accustomed. Any income not distributed in any year shall be accumulated and become a part of the corpus of such Trust or Trusts.

3)  At any time when the aggregate asset value of any Trust created herein is, in TRUSTEE'S opinion, less than an amount which can be prudently continued in Trust for the benefit of the beneficiaries of such Trust (taking into consideration the intended purposes of such trust), TRUSTEE is authorized to terminate such Trust and distribute all corpus and undistributed income to the then income beneficiaries thereof in the same proportions as such beneficiaries are entitled to the income therefrom. The foregoing opinion shall not be exercised in an arbitrary manner. If income distributions are discretionary with TRUSTEE, TRUSTEE shall, if

7

TRUST 868

05/02/2000  16:33    9187445088              THE TRUST CO OF OK                PAGE  29

TRUSTEE chooses to terminate said Trust, distribute all corpus and undistributed income equally to all income beneficiaries thereof. If a distributee is under the age of eighteen (18) years at the time of such distribution, TRUSTEE is authorized, in TRUSTEE'S discretion, to make such distribution to a Custodian, selected by TRUSTEE, under the Oklahoma Uniform Transfers to Minors Act for the benefit of such beneficiary.

## ARTICLE VIII

If LORICE T. WALLACE dies or is unable or unwilling to serve as TRUSTEE, RONALD J. SAFFA and TRUST COMPANY OF OKLAHOMA, and its successor or successors, shall serve as CO-TRUSTEES. If RONALD J. SAFFA dies or is unable or unwilling to serve as CO-TRUSTEE, TRUST COMPANY OF OKLAHOMA, and its successor or successors, shall serve as sole TRUSTEE.

Notwithstanding the provisions of the first paragraph of ARTICLE V, TRUSTOR reserves the right and power to remove a TRUSTEE, to appoint a successor TRUSTEE or successor TRUSTEES and to change the succession of TRUSTEES by a written instrument properly acknowledged before a notary public as in a deed.

If the question is raised as to the ability of any individual TRUSTEE to serve, a certificate in writing by a physician then attending such TRUSTEE to the effect that such person is incapable of serving as TRUSTEE, shall be binding upon such person and the Trust.

The Successor Trustees shall be responsible only for the assets deposited with them at the time of their taking over and active participation as Successor Trustees. In addition, the Successor Trustees shall not be obligated or required to audit or investigate the acts or accounts of the Predecessor Trustees hereunder and the acts and accounts of the Predecessor Trustees shall be binding insofar as Successor Trustees are concerned.

## ARTICLE IX

TRUSTOR intentionally omits any provisions for any persons for whom no provisions have been made in this Trust. This intention to omit specifically includes, but is not limited to, any child and the issue of any deceased child not named or provided for herein. It is TRUSTOR'S intent that the income and corpus in this Trust shall be distributed as provided in this Indenture and to no others.

If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, or any of the provisions for distribution, that person or those persons shall receive no distribution from this Trust and distribution shall be made as though that person or persons did not exist.

## ARTICLE X

The situs of the Trust is the State of Oklahoma and this Trust is to be construed according to the laws of Oklahoma.

This Indenture shall be binding upon the TRUSTOR, TRUSTOR'S heirs, personal representatives, successors, and assigns; upon the beneficiaries herein named, their heirs, personal representatives, successors and assigns; and upon TRUSTEE, TRUSTEE'S successors and assigns in the Trust.

8

TRUST 869

IN WITNESS WHEREOF, TRUSTOR and TRUSTEE have executed this Indenture the day and year first above written.

_____
LORICE T. WALLACE,
TRUSTOR

_____
LORICE T. WALLACE,
TRUSTEE

_____
RONALD J. SAFFA,
SUCCESSOR CO-TRUSTEE

TRUST COMPANY OF OKLAHOMA

By _____
Vice President,
SUCCESSOR CO-TRUSTEE

## ACKNOWLEDGEMENT

STATE OF OKLAHOMA,        )
                         ) SS.:
COUNTY OF TULSA,          )

Before me, a Notary Public, in and for said County and State, on this __8th__ day of __February__, 1996, personally appeared LORICE T. WALLACE, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal of office the day and year last above written.

_____
NOTARY PUBLIC

My Comm. Expires: __2/5/98__

"EXHIBIT A"

Cash                                                          $100.00

**TRUST 870**                          9

05/02/2000  16:33    9187445088          THE TRUST CO OF OK                    PAGE  02

**EXHIBIT** _C_

# THE LORICE T. WALLACE IRREVOCABLE TRUST

This trust agreement is executed on the 11th day of September, 1992, by LORICE T. WALLACE, resident of Tulsa, Oklahoma, (the "grantor") and TRUST COMPANY OF OKLAHOMA, of Tulsa, Oklahoma, (the "trustee"), on the following terms and conditions:

## ARTICLE I

### Purposes and Funding the Trust

A.  The grantor creates this trust as a means by which assets, which may include one (1) or more policies of insurance on her life, may be held for the benefit of her family, on the terms and conditions set forth in this instrument.  It is the grantor's intent in creating this trust that all gifts made to this trust be complete and gifts of present interests for federal gift tax purposes, and that the assets of this trust, including any life insurance proceeds, be excluded from her gross estate for federal estate tax purposes.  All provisions of this trust shall be construed in such a manner as best to effect these intents.

B.  The grantor transfers to the trustee the property listed in Schedule A, to be held and administered according to the terms of this trust.  The grantor and anyone else may transfer additional property to the trustee at any time, whether during the grantor's lifetime or after her death, to be held and administered according to the trust's terms.  The trustee may refuse to accept any gift to a trust hereunder if the trustee deems it to be in the best interests of the trust and its beneficiaries, and the trustee may accept it subject to one (1) or more conditions imposed by the donor of the trustee, if the trustee deems it to be in the best interests of the trust and the

**EXHIBIT**
**10**

# EXHIBIT _E_

TRUST 716

RECEIVED TIMEMAY. 2.  4:35PM          PRINT TIMEMAY. 2.  4:47PM

05/02/2000  16:33    9187445888                    THE TRUST CO OF OK                    PAGE  03

ficiaries.  No condition imposed on a gift and accepted by the trustee may in any way alter, amend, or change the rights of a beneficiary with respect to any prior gifts.  The grantor retains no right, title, or interest in any trust property.


## ARTICLE II

### Irrevocability


This trust and all interests in it are irrevocable, and the grantor has no power to alter, amend, revoke, or terminate any trust provision or interest, whether under this trust or under any statute or other rule of law.


## ARTICLE III

### Annual Demand Power


During the grantor's life, the following demand powers shall exist with respect to contributions to the trust:

A.  Immediately following any contribution to the trust, each of the grantor's then-living children shall have the right to withdraw an amount equal to a proportionate share of such contribution.  Such proportionate share will be the amount of such contribution, divided by the number of the grantor's then-living children at the time of the contribution.  If any of the grantor's children demands and receives a distribution in excess of the amount he or she is authorized to receive under this paragraph A, the trustee shall immediately notify such child in

2

RECEIVED TIME MAY.  2.  4:35PM                    PRINT TIME MAY.  2.  4:47PM

writing, requiring the prompt repayment of such excess amount. This demand power takes precedence over any other power or discretion granted the trustee or any other person.

B. With respect to the demand powers created under this article, the following rules shall apply:

1. Each of the grantor's then-living children can exercise this demand power by a written request delivered to the trustee.

2. If any such child is unable to exercise this demand power because of a legal disability, including minority, his or her legally authorized personal representative, including (but not limited to) a guardian, committee, or conservator, may make the demand on the beneficiary's behalf, and if there be no such legally authorized personal representative, the trustee will designate an appropriate adult individual who may make the demand on such child's behalf. However, in no event can the grantor make the demand for any of her children, regardless of her relationship to him or her.

3. The trustee must reasonably notify the person who would exercise a child's demand power of its existence and that of any contributions made to the trust that are subject to the power. After receiving such notice at least once, an adult beneficiary may waive further notice by an instrument in writing delivered to the trustee.

4. The demand powers created under this article are generally noncumulative and lapse on the earlier of the last day of the calendar year in which the contribution is made, or sixty (60) calendar days following the date of the transfer to which such powers relate. However, a demand power that is not exercised within the said sixty (60)-day period shall continue to be exercisable by its holder to the extent that the amount subject to such

TRUST 718         RECEIVED TIMEMAY. 2.  4:35PM              PRINT TIMEMAY. 2.  4:47PM

exercise exceeds the greater of five thousand dollars ($5,000) or five percent (5%) of the aggregate value of the assets out of which such demand power could be satisfied. Such continuing demand power shall lapse annually to the extent of the greater of five thousand dollars ($5,000) or five percent (5%) of the aggregate value of the assets out of which such demand power could be satisfied.

5. The trustee may satisfy any demand under this article for a distribution by distributing cash, other assets, or fractional interests in other assets, as the trustee deems appropriate. Without limiting the trustee's power to select assets to satisfy a demand, the grantor prefers that cash or tangible assets be distributed before life insurance policies and other intangible assets, unless the trustee decides that another selection is warranted.

6. "Contribution" means any cash or other assets transferred to the trustee to be held as part of the trust funds. The amount of any contribution is its federal gift tax value, as determined by the trustee at the time of the transfer.


ARTICLE IV

During the Grantor's Life


During the grantor's life, the trustee shall hold and administer all funds remaining after the exercise or lapse of all demand powers created under Article III, using some or all of the trust's net income and principal to pay premiums on policies of life insurance on the lives of the grantor, adding to principal any income not so used. In addition, the trustee may distribute to and among the grantor's descendants (in whatever proportions the trustee deems appropriate),

4

TRUST 719

05/02/2000  16:33   9187445088                    THE TRUST CO OF OK                    PAGE  06

so much of the trust principal and income (including all or none) as the trustee deems appropriate for any purpose, provided, however, that no trustee may make any distribution to or for his or her own benefit; nor may any trustee make any distribution to or for the benefit of any individual, which distribution would discharge the trustee's or the grantor's legal obligation to support such individual.  Furthermore, the trustee will not use any trust income or principal in a manner that would give the grantor any pecuniary benefit.

## ARTICLE V

### After the Grantor's Death

Upon the grantor's death, the trustee will hold the trust funds, including any funds received on account of the grantor's death, in trust as follows:

A.  The trustee will divide the trust fund not disposed of pursuant to paragraph A into as many separate equal shares as are required to provide one (1) separate equal share for each of the grantor's then-living children (as defined in Article X, section B) and one (1) separate equal share for the then-living lawful descendants, collectively, of each of her deceased children having a lawful descendant then living.  The trustee will then:

1.  Distribute outright and free of trust one (1) separate equal share to each of the grantor's then-living children; and

2.  Distribute outright and free of trust, subject to the provisions of Article VI, one (1) separate equal share to the then-living lawful descendants, collectively, of each

5

05/02/2000  16:33    9187445888              THE TRUST CO OF OK           PAGE  07

of the grantor's deceased children, such descendants to take per stirpes the share which their ancestor, such deceased child of the grantor, would have taken if living.

B.  If all of the beneficiaries of any trust created under this article should die before the trust assets have vested in them, the trustee will distribute all of the remaining assets of each such trust to the grantor's heirs and distributees who would have taken her estate and in such shares as they would have taken it, had she died unmarried and without a valid will.

## ARTICLE VI

### Interests Vesting in a Minor

If, when any trust created by this instrument ends, any principal vests in absolute ownership in any minor beneficiary, the trustee may, if the trustee deems it appropriate to do so, hold such interest in trust until the beneficiary attains age twenty-five (25), paying so much (including all or none) of the trust's net income and principal to the beneficiary as the trustee deems appropriate for the beneficiary's health, education, support, and maintenance, adding to principal any undistributed income.  The trustee may make such payments to the beneficiary, or to his or her parent, guardian, or the person with whom the beneficiary resides, without having to look to the proper application of those payments.  The trustee may also make any payments to a custodian (who may be the trustee) under any applicable Uniform Transfers (or Gifts) to Minors Act.  When the beneficiary attains age twenty-five (25), the trustee will pay him or her all of the remaining trust funds and this trust will end.  If the beneficiary dies before attaining age twenty-five (25), the trustee will pay all of such funds to the beneficiary's estate.

6

RECEIVED TIMEMAY. 2.  4:35PM              PRINT TIMEMAY. 2.  4:47PM

05/02/2000  16:33   9187445088                    THE TRUST CO OF OK                         PAGE  08

The authority conferred on the trustee is a power only and will not operate to suspend absolute vesting of any property in such beneficiary.

## ARTICLE VII

### Spendthrift Clause

To the extent permitted by law, the beneficiaries' interests will not be subject to their liabilities or creditor claims or to assignment or anticipation.

## ARTICLE VIII

### Uneconomical Trusts

If, after the grantor's death, any trust created under this instrument ever shall have a fair market value of twenty-five thousand dollars ($25,000) or less, the trustee may terminate such trust and distribute the trust funds to the persons to whom the trustee then must or may pay the trust's income, in proportion to their interests in trust income or, if such interests are indefinite, equally to such beneficiaries without regard to their relationship to the grantor.  For purposes of this paragraph, any beneficiary entitled to receive support is entitled to receive income.

7

TRUST 722

## ARTICLE IX

### Merger, Consolidation, and Division

For convenience of administration or investment, the trustee of any trusts created hereunder may:

A. Invest the assets of multiple trusts in a single fund, assigning them undivided interests in such common fund, dividing the income proportionately and accounting for them separately;

B. Merge or consolidate any trust created hereunder together with any other trusts having the same trustee and substantially the same dispositive provisions; and

C. Divide any trust created hereunder into two (2) or more separate trusts, each such trust to contain a fractional share of the assets of the trust before such division.

## ARTICLE X

### Definitions

A. The grantor is single.

B. Grantor's children born of a previous marriage are STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS and LISA FRANCES WALLACE.

Grantor has no other child or children, natural or adopted, and no child or children of a deceased child or children, natural or adopted.  STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE and PATRICIA WALLACE HASTINGS are referred to here as "my

8

TRUST 723

05/02/2000  16:33    9187445088          THE TRUST CO OF OK          PAGE  18

then-living children".  The words "then-living children" shall not be construed to include LISA

FRANCES WALLACE.  Grantor has made other provisions for LISA FRANCES WALLACE

and it is grantor's intention that LISA FRANCES WALLACE not be a beneficiary under the

terms of this trust.

Grantor intentionally omits any provisions for any persons for whom no provisions have

been made in this trust.  This intention to omit specifically includes, but is not limited to, any

child and the issue of any deceased child.  It is grantor's intent that her property shall be

distributed as provided in this trust and to no others.

If any person shall, in any manner, directly or indirectly, contest the validity of this trust,

or any part thereof, that person or persons shall take nothing from her trust and distribution shall

be made as though that person or persons did not exist.

C.  No person shall be deemed to have survived the grantor for purposes of this trust

unless he or she is living on the date thirty (30) days after the date of the grantor's death, as

determined by applicable legal death certificates.

D.  "Health, education, support, and maintenance" shall be construed in such a manner

as to be an ascertainable standard for federal estate and gift tax purposes, such that the exercise,

release, or lapse of a power which is limited by this standard will not be taxable for federal

estate and gift tax purposes.  In this regard, "support" and "maintenance" are synonymous, shall

not be limited to the bare necessities of life, and shall be the same as "support and maintenance

in reasonable comfort." "Education" shall include (but not be limited to) college and professional

education.  "Health" shall include (but not be limited to) medical, dental, hospital, and nursing

expenses and expenses of invalidism.  Unless expressly indicated to the contrary elsewhere in

9

TRUST 724

05/02/2000  16:33    9187445088              THE TRUST CO OF OK                  PAGE   11

this instrument, no trustee shall be required to consider a beneficiary's other readily available resources in making a distribution for such beneficiary's health, education, support, and maintenance.

E.  All tax-related terms mean the same things in this trust instrument as they mean in the Internal Revenue Code of 1986, as amended.

F.  "Per stirpes" means by right of representation, and a disposition to an individual and his or her "descendants per stirpes" requires that the individual's children, whether or not living at the time of the disposition, be treated as the original stocks and that a further subdivision be made at each succeeding generation.

G.  There are (3) signed originals of this trust. Anyone may rely on a copy of said document as certified by a notary public or similar official to be a true copy of the signed original (and of the amendments or other writings, if any, endorsed on or attached thereto) to the same effect as if such copy were the signed original. Anyone may rely upon any statement of fact certified by anyone who appears from the original document or a certified copy thereof to be a trustee hereunder.


## ARTICLE XI

### Trustee's Powers


A.  The trustee is exclusively empowered to do the following, exclusively in the trustee's fiduciary capacity:

10

TRUST 725

RECEIVED TIMEMAY. 2.  4:35PM              PRINT TIMEMAY. 2.  4:46PM

1. To hold and retain all or any property received from any source, without regard to diversification, risk, productivity, or the trustee's personal interest in such property in any other capacity, and to keep all or part of the trust property at any place within the United States or abroad.

2. To invest and reinvest the trust funds (or leave them temporarily uninvested), in any type of property and every kind of investment, including (but not limited to) corporate obligations of every kind, preferred or common stocks, securities of any regulated investment trust, and partnership interests.

3. To participate in the operation of any business or other enterprise, and to incorporate, dissolve, or otherwise change the form of such business.

4. To deposit trust funds in any commercial savings or savings and loan accounts.

5. To borrow money for any reasonable trust purpose and upon such terms, including (but not limited to) interest rates, security, and loan duration, as the trustee deems advisable.

6. To lend trust funds to such persons and on such terms, including (but not limited to) interest rates, security, and loan duration, as the trustee deems advisable; provided, however, that the trustee may not lend money to the grantor's estate without receiving adequate security and an adequate rate of interest.

7. To sell or otherwise dispose of trust assets, including (but not limited to) trust real property, for cash or credit, at public or private sale, and with such warranties or indemnifications as the trustee deems advisable.

11

8.  To buy assets of any type from any person on such terms, including (but not limited to), cash or credit, interest rates, and security, as the trustee deems advisable; provided, however, that the trustee may not buy assets from the grantor's estate other than at their fair market value.

9.  To improve, develop, manage, lease, or abandon any trust assets, as the trustee deems advisable.

10.  To hold property in the name of any trustee or any custodian or nominee, without disclosing this trust; but the trustee is responsible for the acts of any custodian or nominee so used.

11.  To pay and advance money for the trust's protection and for all expenses, losses, and liabilities sustained in its administration.

12.  To prosecute or defend any action for the protection of the trust, the trustee in the performance of the trustee's duties, or both, and to pay, contest, or settle any claim by or against the trust or the trustee in the performance of the trustee's duties.

13.  To employ persons, even if they are associated with the trustee, to advise or assist the trustee in the performance of the trustee's duties.

14.  To determine what is principal or income and what items shall be charged or credited to either.

15.  To distribute trust assets in kind or in cash.

16.  To execute and deliver any instruments necessary or useful in the exercise of any of these powers.

12

TRUST 727

17. To have all the powers, duties and responsibilities included in the Oklahoma Trust Act (60 O.S. 161 and 175.1 to 175.55), as such statutes exist on the date this trust is executed, except as may be changed or modified herein. No repeal or amendment of said statutes shall be effective to change the powers and duties. This trust shall continue in effect with respect to all property which may come into the trust, whether such property has a situs within or without the State of Oklahoma.

B. During the administration of the grantor's estate under applicable state law, the trustee may use the trust funds, in the trustee's discretion, to lend money to and buy assets from the grantor's estate, on such terms and conditions as the trustee deems to be in the best interests of the trust's beneficiaries. The trustee will not, however, make grants to the grantor's estate or otherwise distribute funds except through bona fide loans or purchases, it not being the grantor's intention to make any persons who are not specifically so identified in this instrument, the beneficiaries of any trust created hereunder. However, no trustee shall exercise any power under this paragraph to the extent that such exercise would prevent any interest in this trust which would otherwise do so from qualifying for the federal estate tax marital deduction. If no personal representative is appointed with respect to the grantor's estate under applicable state law, the "administration" of the grantor's estate will include the settlement of debts, claims, and taxes in respect of the grantor's estate by the trustee of any revocable trust or by any other person in actual possession of assets in which the grantor had a legal or equitable interest.

C. With respect to any life insurance policies held as part of the trust funds, the following special rules shall apply:

13

1.   The trustee may, in the trustee's discretion, pay any premiums or other charges from trust income or principal.  If the trust funds are inadequate to pay such premiums or charges, the trustee may, in the trustee's discretion, do one or more of the following:  (a) use any automatic premium loan feature;  (b) borrow against any policy cash reserves (whether or not on the policy for which premium or charges will be paid); or (c) elect any automatic nonforfeiture feature.  The trustee has no duty to do any of these unless the trustee has received specific written notice that a premium or charge has not been paid.

2.   Any additional insurance policies, no matter how acquired (including, but not limited to acquisition by gift, conversion, reissue, consolidation), should be listed on Schedule A, but failure to do so does not affect the trust's policy ownership.

3.   The trustee may, in the trustee's discretion, refuse to enter into or maintain any litigation, endorse policy payments, or take other action respecting any trust insurance policies, until the trustee has been indemnified against all expenses and liabilities that, in the trustee's judgment, may be involved in such action.

4.   The trustee need not inquire whether or not the trustee or the trust has been designated the beneficiary of any insurance policy or other death benefit, and the trustee need not act with respect to such policies until receipt of written notice that the trustee or the trust is a beneficiary.

D.  In making any payment to a minor or disabled beneficiary, the trustee may expend such payments for the benefit of such beneficiary or make such payments to such beneficiary, or to his or her parent, guardian, personal representative, or the person with whom he or she

14

TRUST 729

05/02/2000  16:33   9187445088                    THE TRUST CO OF OK                      PAGE  16

ides, without having to look to the proper application of those payments. This paragraph does not limit the trustee's powers and must be construed to enable the trustee to give each beneficiary the fullest possible benefit and enjoyment of all of the trust income and principal to which he or she is entitled.

## ARTICLE XII

### The Trustee

A.  THE TRUST COMPANY OF OKLAHOMA of Tulsa, its successors and assigns, will be the trustee of this trust.

B.  A trustee may designate any individual or institution as a cotrustee, by a written instrument.   Any cotrustee or successor trustee may, without liability, accept without examination or review the accounts rendered and the property delivered by any predecessor trustee. Each successor trustee has the same title, powers and duties as the trustee succeeded, without any additional conveyance. A cotrustee so named shall serve only as long as the trustee who appointed such cotrustee (or, if such cotrustee was named by more than one (1) trustee acting together, by the last to serve of such trustees), and such cotrustee shall not become a successor trustee upon the death, resignation, or disability of the trustee who appointed such cotrustee, unless such cotrustee is elected as successor trustee pursuant to paragraph E of this article. Any reference to a "trustee" refers equally to any successor trustee.

C.  Any trustee may, from time to time, delegate to any other trustee by written instrument any or all of such trustee's powers (except those, if any, not exercisable by such

15

RECEIVED TIMEMAY. 2.  4:35PM                           PRINT TIMEMAY. 2.  4:46PM

05/02/2000  16:33  9187445088    THE TRUST CO OF OK    PAGE  17

other trustee). Such delegation may be temporary or permanent, and if temporary, may be for any duration of time or until any event specified by the delegating trustee. Any person dealing in good faith with any trustee may rely without inquiry upon the trustee's certificate with respect to any delegation.

D. No trustee named in paragraph A shall be required to provide surety or other security on a bond.

E. Any trustee may resign by giving written notice specifying the resignation's effective date to each adult beneficiary of the current trust income, to a custodial parent of each minor beneficiary of current trust income, and to the legal guardian of any beneficiary of current trust income having a legal guardian, each determined at the time such notice is given. A corporation authorized to render trust services shall be named successor trustee by majority vote of the income beneficiaries, with the adult beneficiaries voting on their own behalf, one (1) vote being cast for each minor income beneficiary by his or her custodial parent, and one (1) vote being cast by the legal guardian for any beneficiary having a legal guardian. For purposes of this article, the right to receive "support" from the trust is a right to current trust income. Notwithstanding the foregoing, in no event may the grantor vote in the election of any successor trustee.

F. No trustee shall be required to obtain the order of any court to exercise any power or discretion under this trust.

G. No trustee shall be required to file any accounting with any public official. The trustee must, however, maintain accurate records concerning the trust. Each year, furthermore, the trustee shall furnish an annual accounting of the trust's condition, including receipts and

16

TRUST 731

isbursements, to each adult beneficiary of the current trust income, to a custodial parent of each minor beneficiary of current trust income, and to the legal guardian of any beneficiary of current trust income having a legal guardian, each determined at the time such notice is given. This required accounting may be satisfied by a copy of the trust's federal income tax return, if one is required.

H.  Any corporate trustee is entitled to compensation based on its published fee schedule in effect at the time its services are rendered.

I.  A trust's sole income beneficiary may remove a corporate trustee which trustee has no power that, if held by the income beneficiary personally would be a general power of appointment for federal estate tax purposes. Multiple income beneficiaries may, by unanimous action, remove a corporate trustee that has no power that, if exercisable by such income beneficiaries unanimously, would be a general power of appointment for federal estate tax purposes. In applying these powers, the following rules apply:

1.  Whoever may remove a corporate trustee may also appoint a successor corporate trustee.

2.  A power to remove a corporate trustee shall be exercised by a writing delivered to the then-serving corporate trustee, indicating the removal's effective date, the name of the successor trustee, and the successor trustee's agreement to serve.

3.  The minor and/or unborn descendants of an individual who are themselves income beneficiaries shall vote on removal of a corporate trustee through a legally appointed guardian, who may not be their ancestor who is himself or herself named as an income beneficiary.

17

05/02/2000  16:33  9187445888                    THE TRUST CO OF OK                    PAGE  19

4.  Beneficiaries of successive income interests (other than those following a present lifetime income interest) will be treated as multiple income beneficiaries.

## ARTICLE XIII

### Miscellaneous

A.  This trust shall be governed by and construed according to the laws of Oklahoma.

B.  Whenever the context of this trust requires, the masculine gender includes the feminine and neuter, and vice versa, and the singular number includes the plural, and vice versa.

IN WITNESS WHEREOF, the grantor and the trustee have hereunto set their hands and seals all as of the day and year first above written.

_____
LORICE T. WALLACE, Grantor

TRUST COMPANY OF OKLAHOMA, Trustee

By: _____

18

RECEIVED TIMEMAY. 2.  4:35PM              PRINT TIMEMAY. 2.  4:45PM

05/02/2000  16:33   9187445088                          THE TRUST CO OF OK                    PAGE  20

State of Oklahoma     )
                      )  ss.:
County of Tulsa       )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 11th day of September, 1992, personally appeared LORICE T. WALLACE, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

    Given under my hand and seal of office the day and year last above written.

                       *Kathy Y. Wilson*
                       NOTARY PUBLIC

My Commission Expires:    2-3-94


State of Oklahoma     )
                      )  ss.:
County of Tulsa       )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 11th day of September, 1992, personally appeared _Paul H. Mirdeman_, to me known to be the identical person who subscribed the names of the maker thereof to the foregoing instrument as its _President_ and acknowledged to me that _he_ executed the same as _his_ free and voluntary act and deed, and as the free and voluntary act and deed of such corporation, for the uses and purposes therein set forth.

    Given under my hand and seal of office the day and year last above written.

                       *Kathy Y. Wilson*
                       NOTARY PUBLIC

My Commission Expires:    2-3-94

RJS:BJB\0904921WLJ9942-23.ITR

19

TRUST 734

RECEIVED TIME MAY. 2.  4:35PM                    PRINT TIME MAY. 2.  4:45PM

# SCHEDULE A

Cash                        $30,000.00

RJS:BJ810904921W13994-23.ITR

# EXHIBIT F

## THE TRUST COMPANY
## OF OKLAHOMA

Mailing Address: P.O. BOX 3627, TULSA, OKLAHOMA 74101-3627
5727 SOUTH LEWIS AVENUE, TULSA, OKLAHOMA 74105 (918) 744-0553

PAUL H. MINDEMAN, *President*

May 19, 1998

Lorice T. Wallace
4610 S. Zunis
Tulsa, OK 74105-4915

    Re:   Various Wallace Trusts

Good Morning Lorice:

    You have named The Trust Company of Oklahoma (TCO) and Ron Saffa as the Successor Co-Trustees of the Lorice T. Wallace Irrevocable Trust that owns a 2% General Partnership interest in The Wallace Family Limited Partnership. You have also named TCO and Ron Saffa as the Successor Co-Trustees of The Lorice T. Wallace Revocable Trust.

    You have asked TCO for a firm commitment to accept the above mentioned appointments as Successor Co-Trustee. This matter was discussed with TCO's Discretion Committee on Monday May 18, 1998 at which time the Committee reviewed the nature of the assets owned by The Wallace Family Limited Partnership and the assets in your Revocable Trust as outlined in my letter to you dated June 30, 1997, a copy of which is attached.

    The Discretion Committee approved the acceptance of the appointment as Successor Co-Trustee in both of the above mentioned trusts provided the following conditions are approved by you:

1.    TCO as a Successor Co-Trustee will not list for sale or lease with any of your family members any of the real estate owned by either The Wallace Family Limited Partnership or your Revocable Trust. TCO and Ron Saffa will in our discretion employ appropriate real estate appraisers, consultants, brokers, or agents as we shall determine and such expenses shall be charged to each trust. None of your family members will have any say with regard to the management or sale of any real estate, securities or other assets owned by these trusts.

2.    Should any of your family members bring any legal action against the Successor Co-Trustees, the cost of defending such action or actions will be paid from the Partnership or Trust. These costs incurred will be charged against the family member who brought any legal action and deducted from his or her share upon distribution of the assets to family members.

EXHIBIT
38

TRUST 16

Lorice T. Wallace
May 19, 1998
Page Two

3.     Before we will agree to accept the appointment as Successor Co-Trustee
we must inspect all real estate owned and satisfy ourselves that no
environmental problems exist on any of the properties owned.

If you agree with the above three (3) conditions please so indicate by signing a copy of
this letter and return in the envelope provided.

Sincerely yours,

Paul H. Mindeman
President

PHM/sc

cc:     Ron Saffa

The undersigned does hereby

_____     Approve

_____     Disapprove

of the above outlined conditions.

Lorice T. Wallace, Trustee                    6-2-98
of the Lorice T. Wallace Irrevocable          Date
Trust dated 2/9/96

Lorice T. Wallace, Trustee                    6-2-98
of the Lorice T. Wallace Revocable            Date
Trust dated 12/26/74 as amended
and restated on 10/5/93 as amended

TRUST 17

08/09/2002  15:15  9187445088                 THE TRUST CO OF OKLA                    PAGE 01/01

**Mary Roma Jage**
3323 Heritage Oaks Court
Oak Brook, Illinois 60521
(630) 969-9282 tel

August 8, 2002
[hand delivered]

**Tom Wilkens**
Trust Company of Oklahoma
5727 South Lewis
Tulsa, OK 74105

# EXHIBIT G

**Ron Saffa**
5310 East 31st #1100
Tulsa, OK

Gentlemen:

This letter is to inform you that I, individually and as Limited Guardian of the Person of Lorice T. Wallace according to the May 9, 2000 ORDER appointing me, hereby terminate your services and appoint the Bank of Oklahoma as Trustee of all Trusts, Lorice T. Wallace Family Limited Partnership and related entities.

The litigation is exponentially increasing and the past legal fees and costs are exorbitant. The stress has imposed an irreparable hardship on all members of my family and the beneficiaries of the Wallace Family Estate.

Please contact Mr. Dave Johnson of the Bank of Oklahoma Private Financial Services at 588-6035 to coordinate the transition which should commence immediately.

        Please prepare all files in your possession as of December 31, 1989 to the present for transfer. Thank you.

SUSAN MCKEON
Notary Public, State of Oklahoma
Tulsa County
My Commission Expires  May 02, 2004

Mary Roma Jage,
Individually and as Limited
Guardian of the person of
Lorice T. Wallace

cc: Dave Johnson, CFP

STATE OF OKLAHOMA          )
                           )  ss.
COUNTY OF TULSA            )

Subscribed and sworn to before me, a notary public, this 8th day of August, 2002.

My Commission Expires: 5-2-04

Notary Public

08/13/2002  16:49     9187445088                    THE TRUST CO OF OKLA                 PAGE 02/02
AUG.13.2002   4:26PM    BOK PFS                                    NO.904   P.2



**BANK OF OKLAHOMA** N.A.
*Private Financial Services*

August 12, 2002

Ms. Mary Roma Wallace Jage
3323 Heritage Oaks Court
Oakbrook, Illinois 60521

Ms. Patricia Wallace Hastings
2934 East 73rd Place
Tulsa, Oklahoma 74136

Mr. Stephen Paul Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

**EXHIBIT** _H_

On behalf of the Bank of Oklahoma Trust Division, I want to thank you for a second opportunity to
consider the possibility of Bank of Oklahoma serving as trustee of all Trusts, the Lorice T. Wallace Family
Limited Partnership and related entities.

After due consideration, we respectfully decline to serve as trustee of all Trusts, the Lorice T. Wallace
Family Limited Partnership and any other related accounts.  We appreciate your consideration of our trust
services.

Sincerely,

John Howk
Vice President and Trust Officer
Bank of Oklahoma Trust Division
2021 South Lewis, Suite 200
Tulsa, Oklahoma 74104
(918) 748-7246

IN THE DISTRICT COURT OF TULSA COUNTY

STATE OF OKLAHOMA

STEPHEN P. WALLACE, and )
MARY ROMA JAGE, individually and )
as limited guardian of the person of )
LORICE T. WALLACE on her behalf; )
)
          Plaintiffs, )
vs. )
)
TRUST COMPANY OF OKLAHOMA, )
an Oklahoma corporation; )
RONALD J. SAFFA; and )
BANK ONE, N.A. )

**DISTRICT COURT**
**FILED**

AUG 1 6 2002

SALLY HOWE SMITH, COURT CLERK.
STATE OF OKLA. TULSA COUNTY

Case No.    CJ 2002 04727

RONALD L. SHAFFER

PETITION

Comes now the Plaintiffs and for their claims against the Defendants allege and state as follows:

PARTIES

1. Stephen P. Wallace is bringing this action in his individual capacity as a beneficiary of the Frank A. Wallace Trust of 1974; as the trustee of the Stephen P. Wallace Irrevocable Trust of 1996 which is a limited partner of the Lorice T. Wallace Family Limited Partnership formed in February of 1996; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1992; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1996, and as a beneficiary of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993, and amended on February 12, 1998.

2. Mary Roma Jage is joining in this action as a party plaintiff in her individual capacity as a beneficiary of the Frank A. Wallace Trust of 1974; as the trustee of the Mary Roma Jage

1

EXHIBIT __I__

Irrevocable Trust of 1996 which is a limited partner of the Lorice T. Wallace Family Limited Partnership formed in February of 1996; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1992; as a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1996, and as a beneficiary of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993, and amended on February 12, 1998.

3. Mary Roma Jage is also the limited guardian of the person of Lorice T. Wallace, an incapacitated person, and is bringing this action on behalf of Lorice T. Wallace who is a beneficiary of the Frank A. Wallace Trust of 1974; is the settlor and a beneficiary of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993, and amended on February 12, 1998, which is a limited partner of the Lorice T. Wallace Family Limited Partnership formed in February of 1996; and is settlor and a beneficiary of the Lorice T. Wallace Irrevocable Trust of 1996, the general partner of the Lorice T. Wallace Family Limited Partnership.

4. Trust Company of Oklahoma is an Oklahoma corporation with offices located in Tulsa County, Oklahoma, and has acted as a financial advisor to Lorice T. Wallace personally and in her capacity as trustee of the Frank A. Wallace Trust, the Lorice T. Wallace Trusts described above and the Lorice T. Wallace Family Limited Partnership.

5. Ronald J. Saffa is an attorney and certified public accountant with offices located in Tulsa County, Oklahoma . Saffa is the nephew of Lorice T. Wallace and cousin to Stephen P. Wallace and Mary Roma Jage. Saffa has acted as accountant, attorney and advisor to Lorice T. Wallace at various times since the death of Frank A. Wallace. Saffa has prepared, or directed the preparation of amendments to the estate plan of Lorice T. Wallace including the restatement of the Lorice T. Wallace Revocable Trust of 1974, and all amendments to said trust, the Lorice

T. Wallace Irrevocable Trust of 1992, the Lorice T. Wallace Irrevocable Trust of 1996 and the Lorice T. Wallace Family Limited Partnership.

6. Trust Company of Oklahoma and Ronald J. Saffa currently serve as the co-trustees of the Lorice T. Wallace Revocable Trust of 1974 as Restated October 5, 1993 and amended February 12, 1998, and the Lorice T. Wallace Irrevocable Trust of 1996, which serves as the general partner of the Lorice T. Wallace Family Limited Partnership. Trust Company of Oklahoma also serves as the trustee of the Lorice T. Wallace Irrevocable Trust of 1992, which is commonly known as the Lorice Wallace Life Insurance Trust.

7. Bank One, N.A., is a national banking association, organized and existing under the laws of the United States of America and the State of Oklahoma with offices located in Tulsa County, Oklahoma, and is the successor in interest to the First National Bank & Trust Company which was nominated as a successor trustee of the Frank A. Wallace Trust of 1974. Bank One is currently serving as trustee of the Frank A. Wallace Trust.

## FACTUAL BACKGROUND

8. Frank and Lorice Wallace were husband and wife. In 1974, they created identical reciprocal trusts, the Frank A. Wallace Trust and the Lorice T. Wallace Trust, and placed certain assets consisting of cash, securities and real estate located in Tulsa County, Oklahoma, in those trusts. Each was the trustee of his or her own trust. They continued to hold those assets as trustees of their respective trusts until Frank Wallace's death in July of 1990.

9. Frank and Lorice Wallace amended their trusts five times during Frank's life. At Frank Wallace's death, certain assets in his trust were transferred in whole or in part to the Lorice T. Wallace trust. The remaining assets in the Frank A. Wallace Trust were to be held in

3

that trust by Lorice T. Wallace as trustee. Lorice T. Wallace was also the income beneficiary of the Frank A. Wallace trust during her lifetime, with the remainder to be paid to their children upon her death.

10. Soon after Frank Wallace's death, Lorice Wallace was advised to change her estate plan and trusts. She created a life insurance trust for the benefit of three of her children in 1992. She amended her revocable trust and ultimately executed a "restatement" of her trust in October of 1993.

11. In February of 1996, upon the advice of Ronald Saffa, Lorice Wallace created the Lorice T. Wallace Family Limited Partnership to hold substantially all of the family assets. She placed the bulk of the holdings of her revocable trust in the partnership and created an irrevocable trust to become the general partner. At that time Lorice Wallace was still in control of the Wallace family property by virtue of being the trustee of the Frank A. Wallace Trust, the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trusts of 1992 and 1996.

12. During 1997, it became apparent that Ronald Saffa was seeking to control the financial and business activities of Lorice Wallace in his capacity as her legal and tax advisor. Stephen Wallace, who had historically assisted his mother and father with the management of their properties through the Wallace Real Estate Company, the prior operating partnership, was purposefully and systematically excluded from participation in assisting Lorice Wallace, using the vehicle of the new Lorice T. Wallace Family Limited Partnership and his forced resignation as successor co-trustee of the Frank A. Wallace Trust.

13. Several financial and real estate transactions occurred between 1990 and 1999 that

4

now bear directly on the value of the assets of the Lorice T. Wallace Family Limited Partnership and certain assets have been wasted or disposed of under questionable terms. Rents of valuable commercial property have been abated for no good reason and properties liquidated unnecessarily.

## COUNT ONE - BREACH OF TRUST

14. The current trustees of the Lorice T. Wallace Irrevocable Trust of 1996 are Trust Company of Oklahoma and Ronald Saffa. Stephen P. Wallace has made repeated demands upon said trustees to allow a complete accounting of the records of the family limited partnership.

15. As of this date, some records have been furnished, but said trustees have wholly failed to honor their duty to allow inspection of the complete financial records of the Lorice T. Wallace Family Limited Partnership, including its relation to the Lorice T. Wallace Revocable Trust and the Frank A. Wallace Trust. In lieu of said trustees' express obligation, the trustees are requiring written inquiries and are limiting access to financial records by claiming privilege.

16. As a limited partner, Stephen P. Wallace, through his irrevocable trust of 1996, has an unqualified right to inspect and examine the "complete" financial records of the Lorice T. Wallace Family Limited Partnership. As beneficiaries of the Frank A. Wallace and Lorice T. Wallace trusts, Stephen P. Wallace, Mary Roma Jage and Lorice T. Wallace have an unqualified right to accounting information from the trustees for the respective trusts.

17. On August 9, 2002, Mary Roma Jage, acting under an express power conferred upon her as limited guardian of the person of Lorice T. Wallace, terminated Ron Saffa and Trust Company of Oklahoma as trustees of the Lorice T. Wallace Revocable Trust of 1974, as Restated on October 5, 1993, and amended on February 12, 1998. (See attached exhibit A)

18. Mary Roma Jage also terminated Trust Company of Oklahoma and Ronald Saffa from all trusts and the Lorice T. Wallace Family Limited Partnership and related entities. ( See attached exhibit A.)

19. Due to the history of litigation maintained by Trust Company of Oklahoma and Ron Saffa which conferred no benefit upon the trusts of Lorice T. Wallace or the Lorice T. Wallace Family Limited Partnership, Plaintiffs feel that a gross dissipation and wasting of trust assets will occur unless Trust Company and Saffa are restrained and enjoined from continuing to pay their own attorney fees simply to maintain their status as trustees or to defend their wrongful conduct.

20. Provisions of the Lorice T. Wallace revocable trust (see exhibit B) and a certain letter agreement (See exhibit C) purporting to authorize payment of said fees has been misused by said trustees in order to conduct needless litigation which did not benefit the trusts or partnership and obtain exorbitant fees for themselves and their counsel. When used in such manner, said otherwise valid provisions are unconscionable, are in violation of 60 O.S. § 175.57 (F) and should not be enforced.

21. In that Defendants are presently in control of the property and assets of Plaintiffs, Plaintiffs are without an adequate remedy at law to prevent such wrongful conduct on behalf of said trustees and therefore seek a temporary and a permanent injunction pursuant to 60 O.S. § 175.57 (B)(2) against Trust Company of Oklahoma, Ronald Saffa and Bank One from using those otherwise valid provisions of the above referenced documents to wrongfully breach their positions of trust concerning the Wallace family assets.

22. As an example of the outrageous conduct of Ronald Saffa and Trust Company of

6

Oklahoma, said trustees persuaded Lorice T. Wallace to restrict a portion of a gift that Lorice T. Wallace wanted to make equally to her children. The gift was in the amount of seventy-five thousand dollars to be divided equally among Stephen Wallace, Roma Jage and Patricia Hastings. Falsely acting as attorney to Lorice T. Wallace, Ronald Saffa advised her that she should not give Stephen Wallace his share of the gift, but should restrict it to reimbursement of mental health expenses. There is no basis for such a restriction. The restriction was imposed by Ronald Saffa out of malice and as a result of undue influence and his abuse of his confidential and fiduciary relationship to Lorice Wallace. This was a deliberate attempt to unfairly distribute assets of the trusts in violation of the terms of those trusts.

23. The actions set forth in paragraph 22 are made more outrageous by the fact that Stephen P. Wallace is in bankruptcy after having to deplete his assets fighting against the actions of the current trustees of his family's trusts. Ronald Saffa and Trust Company of Oklahoma are aware of Stephen P. Wallace's dire economic circumstances and continue to use his family's vast wealth to harass, intimidate and humiliate him by depriving him of income properly payable to his irrevocable trust from the family limited partnership or as gifts from his mother.

24. This stated bias of Ronald Saffa and Trust Company of Oklahoma against Stephen P. Wallace is in direct opposition to their fiduciary obligation to administer the assets of these trusts fairly and evenly among the beneficiaries.

25. It is time for all of this oppressive activity on the part of trustees, Trust Company of Oklahoma, Ronald Saffa and Bank One to stop.

26. Bank One, N.A. is made a party to this action due to its status as trustee of the Frank A. Wallace Trust and the undivided joint interests held between the Frank A. Wallace Trust and

7

the various Lorice T. Wallace trusts and family partnership. Without participation of the Frank A. Wallace Trust, a complete accounting cannot be had.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. An immediate temporary and permanent injunction prohibiting Trust Company of Oklahoma, Ronald Saffa and Bank One from paying their own attorney fees to defend any action which does not benefit the trusts and partnership that they purportedly serve.

2. Declaratory relief determining that Trust Company of Oklahoma and Ronald Saffa are disqualified from acting as trustees for the Lorice T. Wallace trusts and as general partner of the Lorice T. Wallace Family Limited Partnership on the basis of bias against the beneficiaries of said entities, for wasting trust and partnership assets and for engaging in conduct inconsistent with their fiduciary obligation to account to the beneficiaries of the trusts and the limited partners of the partnership.

3. An immediate accounting and certified audit of the assets and financial transactions of the Frank A. Wallace and Lorice T. Wallace Revocable Trusts of 1974 from 1989 to the present including its participation in the formation or funding of any other trusts, partnerships, corporations or other entities, including, but not limited to the Lorice T. Wallace Irrevocable Trust of 1992, the Lorice T. Wallace Irrevocable Trust of 1996, the Lorice T. Wallace Family Limited Partnership, the irrevocable trusts which form the limited partners of said partnership, and any other similar entities receiving funds from one or all of the above entities. The audit required herein shall be at the sole expense of Stephen P. Wallace.

4. Plaintiffs also seek their costs and expenses including a reasonable attorneys fee for

bringing this action pursuant to 60 O.S. § 175.57 (d). .

Respectfully Submitted,

Robert L. Mitchell, OBA # 6279
Mitchell & Foley
5500 N. Western Ave., Suite 100A
Oklahoma City, OK 73118
Phone: (405) 767-0404
Fax:    (405) 767-0909

Attorney for Stephen P. Wallace

Craig Tweedy, OBA # 9145
202 Wells Building
Sapulpa, OK 74066

Attorney for Mary Roma Jage

(Verification Attached)

9

STATE OF OKLAHOMA )
                  )    ss.
COUNTY OF ~~TULSA~~ Oklahoma )

    I, the undersigned, after first being duly sworn, do upon said oath state that I have read the above and foregoing Petition and that the facts set forth therein are true and correct to the best of my information and belief.

    Dated this 16th day of August, 2002.

                                      Stephen P. Wallace

    Subscribed and sworn to before me this 16th day of August, 2002.



                                  Notary Public

My Commission Expires:

    8/21/04

TRACY L. HENRY
Oklahoma County
Notary Public in and for
State of Oklahoma
Commission # 00013956 Expires

10

**Mary Roma Jage**
3323 Heritage Oaks Court
Oak Brook, Illinois 60521
(630) 969-9282 tel

August 8, 2002
[hand delivered]

Tom Wilkens
Trust Company of Oklahoma
5727 South Lewis
Tulsa, OK 74105

Ron Saffa
5310 East 31st #1100
Tulsa, OK

*I Charlotte Lazar recieved this letter from Roma Jage 9 aug 02.*

Gentlemen:

This letter is to inform you that I, individually and as Limited Guardian of the Person of Lorice T. Wallace according to the May 9, 2000 ORDER appointing me, hereby terminate your services and appoint the Bank of Oklahoma as Trustee of all Trusts, Lorice T. Wallace Family Limited Partnership and related entities.

The litigation is exponentially increasing and the past legal fees and costs are exorbitant. The stress has imposed an irreparable hardship on all members of my family and the beneficiaries of the Wallace Family Estate.

Please contact Mr. Dave Johnson of the Bank of Oklahoma Private Financial Services at 588-6035 to coordinate the transition which should commence immediately.

Please prepare all files in your possession as of December 31, 1989 to the present for transfer. Thank you.

SUSAN McKEON
Notary Public, State of Oklahoma
Tulsa County
My Commission Expires May 02, 2004

*Mary Roma Jage*

Mary Roma Jage,
Individually and as Limited
Guardian of the person of
Lorice T. Wallace

cc: Dave Johnson, CFP

STATE OF OKLAHOMA          )
                           )  ss.
COUNTY OF TULSA            )

Subscribed and sworn to before me, a notary public, this 8th day of August, 2002.

My Commission Expires: 5-2-04                    *Susan McKeon*
                                                 Notary Public

EXHIBIT "A"

to her surviving issue, if any. This letter shall be limited to Grantor's household furniture, furnishings, ornaments, books, and all other articles of a household nature, all personal wearing apparel and jewelry, automobiles and personal use accessories not otherwise effectively disposed of.

3.   Article 11, Section 11.13 is hereby added to read as follows:

11.13   It is the intention of the Grantor to prevent and eliminate as much of the disharmony, the destruction of relationships, and disputes among the descendants of the Grantor as possible. Grantor believes that if the descendants of the Grantor are forced to bear the ultimate costs of any litigation and disputes involving the aforementioned parties that such litigation and disputes will most likely be minimized.

The Grantor desires to provide some degree of protection for the beneficiaries, the trustees, the attorneys, accountants, agents, and advisors of the Grantor and the Trustees, of any trust(s) created or by any other trust agreements, and any partner(s) of the Lorice T. Wallace Family, Limited Partnership and their attorneys, accountants, agents, and advisors of the said limited partner(s) of the said limited partnership (hereinafter referred to as the "Indemnified Parties"). Therefore, if any aforesaid person is sued on any matter involving the construction of the terms of the trust, the administration of the trust, or any matter pertaining to the conduct of the trustees of the trust or any matter pertaining to the conduct of any beneficiary of the trust, or which involves the construction of the terms of the trust, the administration of the limited partnership operations, the conduct of the general partner(s) of the limited partnership, or the conduct of any limited partner of the limited partnership, then Grantor directs the Trustee to indemnify and hold harmless the aforesaid indemnified party from any loss, damage, legal fees, or other costs, and to charge such amounts to the trust created herein against the trust principal and income of said descendant to the extent of the exhaustion of the said principal and income of the said trust created for the benefit of said descendant.

4.   Except as modified in this instrument, Grantor reaffirms the Trust.

IN WITNESS WHEREOF, the parties have hereto set their hands to duplicates hereof on this 12th day of February, 1998.

LORICE T. WALLACE, Grantor

2

EXHIBIT "B"

# THE TRUST COMPANY
## OF OKLAHOMA

Mailing Address: P.O. BOX 3627, TULSA, OKLAHOMA 74101-3627

5727 SOUTH LEWIS AVENUE, TULSA, OKLAHOMA 74105 (918) 744-0553

PAUL H. MINDEMAN, President

May 19, 1998

Lorice T. Wallace
4610 S. Zunis
Tulsa, OK 74105-4915

Re:     Various Wallace Trusts

Good Morning Lorice:

You have named The Trust Company of Oklahoma (TCO) and Ron Saffa as the Successor Co-Trustees of the Lorice T. Wallace Irrevocable Trust that owns a 2% General Partnership interest in The Wallace Family Limited Partnership. You have also named TCO and Ron Saffa as the Successor Co-Trustees of The Lorice T. Wallace Revocable Trust.

You have asked TCO for a firm commitment to accept the above mentioned appointments as Successor Co-Trustee. This matter was discussed with TCO's Discretion Committee on Monday May 18, 1998 at which time the Committee reviewed the nature of the assets owned by The Wallace Family Limited Partnership and the assets in your Revocable Trust as outlined in my letter to you dated June 30, 1997, a copy of which is attached.

The Discretion Committee approved the acceptance of the appointment as Successor Co-Trustee in both of the above mentioned trusts provided the following conditions are approved by you:

1.     TCO as a Successor Co-Trustee will not list for sale or lease with any of your family members any of the real estate owned by either The Wallace Family Limited Partnership or your Revocable Trust. TCO and Ron Saffa will in our discretion employ appropriate real estate appraisers, consultants, brokers, or agents as we shall determine and such expenses shall be charged to each trust. None of your family members will have any say with regard to the management or sale of any real estate, securities or other assets owned by these trusts.

2.     Should any of your family members bring any legal action against the Successor Co-Trustees, the cost of defending such action or actions will be paid from the Partnership or Trust. These costs incurred will be charged against the family member who brought any legal action and deducted from his or her share upon distribution of the assets to family members.

EXHIBIT "C"

# Wallace Family
# Declaration of Independence

Comes now the Wallace Family Beneficiaries as stated in the Frank and Lorice Wallace Trusts of December, 1974 and support thereof **agree** as follows:

1. Frank and Lorice Wallace set up (4) four **Irrevocable Trusts** for their children;

2. That Lorice T. Wallace is the successor beneficiary of Frank Wallace's Trust and receives the income and interest per the trusts documents;

3. That Lorice T. Wallace and her (4) four children wish to **dissolve** and **distribute** any and all Trust assets and Family Limited Partnership assets evenly and immediately;

4. That Mary Roma Jage, Lorice T. Wallace and Stephen P. Wallace have filed suit against the past Trustees which were terminated on August 9, 2002 according the terms of the Trust;

5. That all Wallace Family Heirs wish to **dissolve** and **distribute** all family assets evenly after the Certified Audit is completed and not wait **until 2046**;

**Wherefore,** we the undersigned do hereby sign our names in **family solidarity** to end the conflicts between us permanently and with prejudice to re-file any claim.

---

| | | |
|---|---|---|
| *Lorice T. Wallace* | *8/21/2002* | *Mary Roma Jage* | *8/21/06* |
| **Lorice T. Wallace** | Date | **Mary Roma Jage,** | Date |
| | | individually and as limited guardian of the person Lorice T. Wallace | |

| | |
|---|---|
| | *Stephen P. Wallace* | *8/21/2002* |
| **Patricia M. Hastings,** | Date | **Stephen P. Wallace** | Date |
| individually and as limited guardian of the person Lisa F. Wallace | | | |

# EXHIBIT J

Lorice Saffa Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

8/21/2002

Tish,

All I want to do is end this + distribute all the available assets NOW not 25 yrs. from now + what cannot be distributed now can be held by an independent firm to be sold gradually + distributed evenly to all of us.

You have always said you wished Dad's trusts

**EXHIBIT K**

Lorise Saffa Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

could be given to you now
& not after Mom's gone.
I need the money now
& I don't want to wait
anymore. If we all
agree to end the trusts
& distribute the assets
no judge can say we can't.
That's what I wanted to
say to you last wk.
Quit letting Ronnie make
all your decisions.
Once we end this everyone

Lorice Saffa Wallace
4610 South Zunis
Tulsa, Oklahoma 74105

can go their own way.
You & B.J. need to come
over & talk w/us so we
can get this started &
Keep the $ to us not Ron
& Trust Co attorneys.
I do not intend to let
Steve do anything but
split everything evenly.
Period. None of us has
control over anyone else's
inheritance. Call Mom &
you & B.J. come over.    Roma

THE TRUST CO OF OKLA                    PAGE 03/05

**Mary Roma Jage**
3323 Heritae Oaks Court
Oak Brook, Illinois 60521
(630) 969-9282 tel

August 23, 2002
(hand delivered)

**Tom Wilkens**
Trust Company of Oklahoma
5727 South Lewis
Tulsa, OK 74105

**Ron Saffa**
5310 East 31ˢᵗ # 1100
Tulsa, OK

Gentlemen:

It is clear from your announcements in court yesterday that you plan to continue to perpetuate litigation against our family's interest. I am of the opinion that your inexplicable refusal to allow an unrestricted audit of the activities of our family's trusts by a neutral third party and the arrogant and high handed attitude toward me, my mother and my brother has at worst caused and at best contributed to all of this needless litigation.

I understand your need to act according to the terms of the controlling instruments of the trusts and partnership and therefore I am restating my intent of my letter dated August 8, 2002, removing you as trustees of the Lorice T. Wallace Revocable Trust of 1974 as restated on October 5, 1993 and amended on February 12, 1998. Paragraph 3.05 allows me, acting as a "legally appointed guardian of the person" of Lorice T. Wallace, who is the sole beneficiary "entitled to receive distributions of income from the Trust" to remove any trustee of the trust. The removal is to be "without necessity of court proceedings upon giving thirty (30) days written notice to such trustee, and upon the succession to office of a successor Trustee."

Therefore, this letter is to inform you that I, as Limited Guardian of the Person of Lorice T. Wallace according to the May 9, 2000, order of which you are both aware, in case number PG-99-556 in the Matter of the Guardianship of Lorice T. Walice, an incapacitated person, pending in the District Court of Tulsa County, Oklahoma, am giving you notice that you are removed as Trustees pursuant to paragraph 3.05 of the referenced trust not later than 30 days from today and upon the acceptance of the appointment of Stillwater National Bank and Trust Company and Heritage Trust Company as trustees of the Lorice T. Wallace Revocable Trust of 1974 as Restated on October 5, 1993 and amended on February 12, 1998.

1

**EXHIBIT L**

THE TRUST CO OF OKLA                                    PAGE  04/05

Stillwater National Bank and Trust Company and Heritage Trust Company have offices in Tulsa, Oklahoma, have been in business for in excess of five years and manage assets of approximately $300,000,000.00. Their representatives have agreed to take over as successor trustees upon the completion of the audit and upon approval of the guardianship court. None of our family owns in excess of five percent (5%) of the value of the stock of such trust company or national banking association. They therefore qualify under the terms of the above referenced trust as a successor trustee under paragraph 3.05 of the above referenced trust. You are welcome to contact those entities and verify their qualifications.

Our point of contact with Stillwater National Bank and Trust and Heritage Trust Company is Mike Carroll. He is President and CEO of Heritage Trust Company. His telephone number is 405-848-8899.

This letter is also to notify you both that I request your resignation as trustees of the Lorice T. Wallace Irrevocable Trust of 1996 under the power of appointment reserved to Lorice T. Wallace under the terms of the trust instrument, Article VIII, paragraph two. I am requesting your resignation to preclude my having to file a motion approving my mother's direction to have you removed before the court administering the guardianship. I will then proceed to have the successor trustee approved.

In the court proceeding yesterday You had the audacity to suggest that my actions have not been in my mother's best interest. That is absolutely false. However It appears that your actions have never been in her best interest and have been solely directed toward maintaining control of our family's assets. This conduct is offensive and exhibits your callous indifference to the needs of the beneficiaries of these trusts.

As I stated in my letter of August 8, 2002, the legal fees in these matters have been exorbitant. You have spent $818,960 of our family's money solely in order to maintain your position as successor trustees. Lorice Wallace has not received any benefit from this litigation and neither has any other family member. In fact it has caused untold misery. The questions concerning allegations made by Stephen Wallace could have easily been put to rest by complete disclosure of financial and business records sufficient to verify the statements that you have provided me concerning the financial transactions of the trusts and limited partnership. Your theory that disclosure would generate more litigation has been conclusively proved wrong. Nothing could have generated more litigation than the course of conduct in which you engaged. The litigation was created by refusal to perform your duties under the trust and partnership documents leaving unanswered Stephen's questions about the financial transactions.

It was apparent from the statements of your attorneys yesterday that you plan to continue this vendetta against my brother and that now you are making me the target of your hostility simply because I, as well as my mother, now want all of this litigation stopped. The statement issued as the Wallace Family Declaration of Independence was intended as a demonstration of our desire to end this litigation and its divisive

2

effect on our family, not as our intent to leave our mother destitute and as you put it, "without provision for her welfare."

I implore you to reconsider your positions in this matter and do what is best for our family. Your practice of pitting one child of Lorice Wallace against the other has cost us dearly. All you need to do is simply agree to a certified audit of all trust and partnership activity. Stephen has agreed that the cost of the audit will be taxed against his share of the trusts. If the audit produces no evidence of improper activity, the court will grant you a complete discharge.

Who is it that you are trying to protect by refusing to disclose this information? It is not in anyone's best interest to resist disclosure unless there has been some improper activity by either one or both of you. You have the opportunity to do what you have previously represented to me and the court that you would do and stop this controversy right here and right now.

Therefore, I direct your termination as trustees of the Lorice T. Wallace Revocable Trust of 1974 as restated October 5, 1993 and amended February 12, 1996. I also request your resignation from the Lorice T. Wallace Irrevocable Trust of 1996 in order to avoid the necessity of an adversarial hearing before the guardianship court. Please prepare all files of the trusts and family limited partnership, including all original bank statements, business and financial records for a certified audit to be conducted by a representative to be designated by me.

I await your prompt response to this letter.

SUSAN McKEON
Notary Public, State of Oklahoma
Tulsa County
My Commission Expires  May 02, 2004

*Mary Roma Jage*

Mary Roma Jage
Individually and as Limited
Guardian of the person of
Lorice T. Wallace.

STATE OF OKLAHOMA       )
                        ) ss.
COUNTY OF TULSA         )

Subscribed and sworn to before me, a Notary Public, this 23rd day of August, 2002.

My Commission Expires:

5-2-04

Notary Public # _____

3