UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

**RESPONSE BY PETITIONERS
TRUST COMPANY OF OKLAHOMA AND RONALD J. SAFFA
TO OCTOBER 31, 2006 MOTION FOR ORDER TO SHOW CAUSE (DOC. NO. 3)**

Petitioners The Trust Company of Oklahoma and Ronald J. Saffa respectfully submit this Response to the October 31, 2006 Motion for Order to Show Cause (Doc. No. 3), filed by Respondent Stephen Paul Wallace.

**I.   Introduction**

On October 23, 2006 Stephen P. Wallace, Respondent in Oklahoma state court proceedings, filed a "Notice of Removal and Complaint" (Doc. No. 1) in this action attempting to remove a trust administration action pending in the District Court of Tulsa County, State of Oklahoma as Case No. PT-2002-56. On November 9, 2006, Petitioners Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa filed a Motion to Remand (Doc. No. 4), requesting that the Court enter an order that would remand this action to the District Court of Tulsa County, or strike the Notice of Removal, or deny leave to file the Notice of Removal.

On October 31, 2006, Mr. Wallace filed a Motion for Order to Show Cause (Doc. No. 3), requesting that the U.S. District Court hold Tulsa County District Judge Gregory K. Frizzell in contempt of court for proceeding with a hearing in Tulsa County Case No. PT-2002-56 despite Mr. Wallace's October 23, 2006 Notice of Removal. Like the October 23, 2006 Notice of

Removal, Mr. Wallace's October 31, 2006 Motion for Order to Show Cause is nothing more than a continuation of Mr. Wallace's attempts to disrupt and delay the state-court proceedings and to harass the judges and lawyers involved. For the reasons discussed in more detail below, Trust Company and Mr. Saffa request that the Court deny Mr. Wallace's October 31, 2006 Motion for Order to Show Cause.

II.     **Contempt is not proper in this proceeding**

Mr. Wallace cites no authority for his suggestion that Tulsa County District Judge Gregory K. Frizzell should be held in contempt of court. As stated in more detail in the Petitioners' Motion to Remand (Doc. No. 4), Mr. Wallace's attempted removal of Tulsa County Case No. PT-2002-56 is invalid. Case No. PT-2002-56 has been pending in state court for more than four years. Case No. PT-2002-56 is pending in an Oklahoma state court that is outside the U.S. District Court's judicial district, and indeed is half-way across the country. The U.S. District Court not only lacks subject-matter jurisdiction over the state-court proceedings, but also lacks personal jurisdiction over Tulsa County District Judge Gregory K. Frizzell and the parties to Tulsa County Case No. PT-2002-56. Mr. Wallace's attempted removal is both substantively and procedurally improper, and is facially invalid. The attempted removal provides the U.S. District Court with neither the reasons nor the jurisdiction to impose contempt upon Tulsa County District Judge Gregory K. Frizzell.

III.    **The facial invalidity of the Notice of Removal allows the state court to continue with its proceedings**

Although the October 31, 2006 Motion for Order to Show Cause is largely unintelligible, it appears that Mr. Wallace is suggesting that the Court should hold Tulsa County District Judge Gregory K. Frizzell in contempt of court for continuing with scheduled proceedings in a state-court trust administration action pending in Oklahoma courts for four years, despite Mr.

Wallace's third attempt[1] to remove the action to federal courts in other parts of the county. [11/9/2006 Motion to Remand (Doc. No. 4), at pp. 4-5.] As demonstrated in the November 9, 2006 Motion to Remand, the Notice of Removal is so substantively and procedurally flawed as to cause it to be invalid on its face. [11/9/2006 Motion to Remand (Doc. No. 4), at pp. 7-9.] Moreover, if the District Court of Tulsa County had stayed the state-court proceedings on the basis of the facially invalid Notice of Removal, the resulting delay would have been highly prejudicial to the other parties involved, causing increased legal fees, added uncertainty, and risk of disruption of the administration of the Wallace trusts that are before the District Court of Tulsa County in Case No. PT-2002-56. Furthermore, if the District Court of Tulsa County had stayed the state-court proceedings on the basis of the facially invalid Notice of Removal, nothing would have prevented Mr. Wallace from filing yet another notice of removal following (1) remand and (2) rescheduling of the hearing. This chain of events, if allowed to proceed, would lead to an endless cycle of removals, remands, and rescheduling. Indeed, prior conduct by Mr. Wallace has caused prior hearings and proceedings to move forward despite similarly facially-invalid notices of removal filed by Mr. Wallace on the eve of important hearings. Mr. Wallace's conduct has led to the imposition of filing restrictions in other courts. [*See* 11/9/2006 Motion to Remand (Doc. No. 4), at p. 4.]

When these types of circumstances arise, courts in Oklahoma and elsewhere have held that state courts may proceed with state-court proceedings despite the filing of facially-invalid

---

[1] As the Motion to Remand shows, Mr. Wallace has attempted removal of state court litigation to federal court at least nine times over the past five years, each time in an effort to delay and disrupt state-court litigation. Except for the three attempted removals now pending before the U.S. District Court for the District of Columbia (D.C. Case No. 1:06-CV-00402-RBW, D.C. Case No. 1:06-CV-01264-RBW, and the above-captioned action), all of these prior attempted removals have been remanded to state court either on the basis of Mr. Wallace's failure to follow removal procedure or on the basis of a lack of removal jurisdiction.

3

notices of removal. In a comparable case, the Oklahoma Court of Civil Appeals addressed an attempted removal on the eve of trial. *Bell v. Burlington N.R.R. Co.*, 1986 OK CIV APP 17, ¶ 6, 738 P.2d 949, 951, *cert. denied*, 482 U.S. 919 (1987). The *Bell* court determined that Congress did not intend "to provide a defendant with a means of halting a lengthy trial just before the case is to be given to the jury, especially if the attempted removal is frivolous, doubtful, in bad faith, or otherwise improper." *Id.*, 1986 OK CIV APP 17, ¶ 28, 738 P.2d at 955. The *Bell* court held that for Congress "to intend such a result is to unnecessarily impose an onerous burden on both the federal and state judicial systems." *Id.* Such an abrupt halt of state court proceedings would "promote great waste of state resources, and oppress hapless removal-related litigants by subjecting them to distressing losses of time and money and often deprive parties of justice, all wrought by unwarranted removal delay that can last for months." *Id.*

Other courts have followed the same path as the *Bell* court. In a case factually similar to the present one, the Supreme Court of Vermont found that the state court did not lose jurisdiction to continue proceedings where the party's "removal attempt was without merit and was made in deliberate violation of statutory requirements." *Attig v. Attig*, 862 A.2d 243, 249 (Vt. 2004). The *Attig* court found that the removal attempt was "legally ineffective" and did not hinder the state court's ability to continue with its proceedings. *Id.* In *Attig*, a father attempting to evade financial responsibility for his children had engaged "in mostly frivolous litigation spanning at least two states and . . . the federal courts," in an attempt "to manipulate the legal system." *Id.* at 248.[2] When facing a hearing on multiple contempt charges, the father handed the judge a notice of removal minutes before the hearing. *Id.* The notice of removal "was improper, incomplete,

---

[2]   Mr. Wallace's litigation activities have been described with similar language. *See, e.g.*, *In re Wallace*, 288 B.R. 139, 144-46 (Bankr. N.D. Okla. 2002) (outlining several examples of Mr. Wallace's repeated abuse of the legal system).

untimely and completely without merit, and was but another brazen attempt at delay and abuse of the legal system." *Id*. Here, as demonstrated in the November 9, 2006 Motion to Remand (Doc. No. 4), Mr. Wallace's Notice of Removal is likewise improper, incomplete, untimely, and completely without merit, and is but one more attempt by Mr. Wallace to delay and abuse the legal system.

Other courts have reached the same conclusion. The Supreme Court of Rhode Island found that the state court never lost jurisdiction over a case where the subject-matter jurisdiction of the federal court was never invoked and where the party's filings were "legally insufficient to effect removal." *Cok v. Cok*, 626 A.2d 193, 193 (R.I. 1993). According to the *Cok v. Cok* court, the party's "purported removal of a case to the Federal District Court was without the slightest color of right or merit." *Id*. at 194. In a Florida case, the court upheld a state-court order entered after the case was removed where the removal was facially invalid and contained "absolutely no colorable claim" that removal was proper. *Hunnewell v. Palm Beach County*, 786 So. 2d 4, 6 (Fla. Dist. Ct. App. 2000). *See also Citizens State Bank v. Harden*, 439 N.W.2d 677, 679-80 (Iowa App. 1989) (finding an abuse of the removal process, finding a lack of substantial compliance with the removal requirements, and holding that the state court retained jurisdiction despite the defective removal attempt); *Motton v. Lockheed Martin Corp.*, 692 So. 2d 6, 8 (La. Ct. App. 1997) (holding that dismissal of an appeal filed after removal would "create an injustice," where removal was intended "to delay [Plaintiff's] right to move forward in this case"); *Wenrick v. Schloemann-Siemag Aktiengesellschaft*, 522 A.2d 52, 54-55 (Pa. Super. Ct. 1987) (holding state court's continuation of trial to be proper where defendant filed an invalid notice of removal during trial).

As the cases cited above indicate, a state court may proceed with a case where, as here, the removal is invalid on its face and contains no colorable basis for removal.  Mr. Wallace is attempting to abuse the removal process; he is attempting to use it to halt state-court proceedings at his whim.  Removal is intended to provide defendants with a mechanism to air grievances in a federal forum, not to grant parties an unfettered ability to bring state-court proceedings to a standstill.

**IV.     Conclusion**

Based on the foregoing authorities, Petitioners The Trust Company of Oklahoma and Ronald J. Saffa urge the court to deny Mr. Wallace's Motion for Order to Show Cause.

          THE TRUST COMPANY OF OKLAHOMA
          AND RONALD J. SAFFA
          By Counsel

LECLAIR RYAN, A Professional Corporation


By:     _____/s/_____

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma  74133
*Pro Se Respondent*

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma  74136
*Pro Se Respondent*

Joan Godlove, Esq.
2121 S. Columbia, Suite 500
Tulsa, OK 74114-3519
*Counsel for Respondent Mary Roma Jage*

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma  74119-1248
*Counsel for Respondent John Woolman et al.*

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.
3300 MidContinent Tower
Tulsa, Oklahoma  74103
*Counsel for Respondent Poe & Associates et al.*

Reuben Davis, Esq.
Boone, Smith, Davis, Hurst & Dickman, P.C.
500 ONEOK Plaza
100 West 5th St.
Tulsa, Oklahoma  74103
*Counsel for Tulsa County Sheriff Stanley Glanz*

_____/s/_____
Jennifer L. Sarvadi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

## ORDER

This matter comes before the court on the purported removal to this Court of Case No. PT-2002-56 pending in the District Court of Tulsa County, State of Oklahoma. Before the Court is the October 31, 2006 Motion for Order to Show Cause (Doc. 3) filed by the removing Respondent, Stephen P. Wallace. Upon consideration of the Motion for Order to Show Cause and the Response filed by Petitioners The Trust Company of Oklahoma and Ronald J. Saffa, the Court finds that the October 31, 2006 Motion for Order to Show Cause should be and is hereby DENIED.

IT IS SO ORDERED.

Dated this ___ day of November, 2006.

_____
Reggie B. Walton
United States District Judge

1

2

Prepared and submitted by:

Jennifer L. Sarvadi (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)
COUNSEL FOR PETITIONERS
THE TRUST COMPANY OF OKLAHOMA and
RONALD J. SAFFA

Notice of this Order shall be given to the following:

>Stephen P. Wallace
>6528 E. 101st Street, D-1 #304
>Tulsa, Oklahoma  74133
>*Pro Se Respondent*
>
>Patricia Wallace Hastings
>2934 E. 73rd Pl.
>Tulsa, Oklahoma  74136
>*Pro Se Respondent*
>
>Joan Godlove, Esq.
>2121 S. Columbia, Suite 500
>Tulsa, OK 74114-3519
>*Counsel for Respondent Mary Roma Jage*
>
>William R. Grimm, Esq.
>Barrow & Grimm, P.C.
>610 South Main, Ste. 300
>Tulsa, Oklahoma  74119-1248
>*Counsel for Respondents John Woolman et al.*
>
>Kenneth E. Crump, Jr., Esq.
>Cooper, McKinney & Woosley, PLLP
>401 South Boulder Ave.
>3300 MidContinent Tower
>Tulsa, Oklahoma  74103
>*Counsel for Respondents Poe & Associates, et al.*
>
>Reuben Davis, Esq.
>Boone, Smith, Davis, Hurst & Dickman, P.C.
>500 ONEOK Plaza
>100 West 5th St.
>Tulsa, Oklahoma  74103
>*Counsel for Tulsa County Sheriff Stanley Glanz*
>
>Jennifer L. Sarvadi (D.C. Bar No. 490475)
>225 Reinekers Lane, Suite 700
>Alexandria, VA 22314
>703-684-8007
>703-684-8075 (facsimile)
>Registered for notice by CMECF
>jennifer.sarvadi@leclairryan.com

3