United States District Court
District of Columbia

In re: The Lorice T. Wallace Revocable          )
Trust dated December 26th, 1974, as             )
restated effective October 5th 1993             )
and as amended on February 12th, 1998,          )
the Lorice T. Wallace Irrevocable Trust         )
dated February 8th, 1996, and the Lorice        )
T. Wallace Irrevocable Trust date               )
September 11th, 1992, also known as the          )
Lorice T. Wallace Life Insurance Trust.         )
                                                )
Vs.                                             )          Case No. 1:06-cv-1817 (RBW)
                                                )
Stephen P. Wallace, et al.                      )
                                                )
        respondents,                            )
vs.                                             )
                                                )
James C. Milton,                                )
James E. Poe,                                   )
Ronald J. Saffa,                                )
Gregory K. Frizzell,                            )
James M. Inhofe,                                )
Jack Kirkpatrick,                               )
        and                                     )
Guaranty Abstract, a corporation                )
        domestic to the state of                )
        Oklahoma,                               )
Trust Company of Oklahoma, its Directors        )
        and shareholders,                       )
                                                )
        defendants on cross-claim.              )


**Respondent, Stephen P. Wallace's motion for a show cause hearing under authority of 18 U.S.C. § 401 whereat Gregory Frizzell should be given the opportunity to purge his contempt for this Court's process or, absent purging the contempt, compelled to serve jail time until such time as Frizzell purges the contempt**

## History

October 23rd 2006, Stephen P. Wallace, files this notice of removal under authority of 28 U.S.C. §1441(b) based on Stephen P. Wallace's undisputed testimony that the courts of Oklahoma, as a matter of custom and policy, refuse meaningful access to the courts of Oklahoma including federal courts based on bias which includes racial basis and that parties similarly situated to Stephen P. Wallace are not able to vindicate their rights under the Constitution including due process of law and equal protection of the laws due to Oklahoma's customs and policies that parties similarly situated to Stephen P. Wallace have no rights which parties such as James C. Milton, James E. Poe, Ronald J. Saffa, Gregory K. Frizzell, James M. Inhofe, and Jack Kirkpatrick are obliged to respect. Stephen P. Wallace gave procedurally proper notice to Gregory Frizzell. See attached exhibit.

Showing contempt for this Court's lawful process, Frizzell, on October 24th 2006, presumed jurisdiction to conduct a hearing relating to matters now before this Court. Frizzell proceeded to perloin $470,000.00 from Stephen P. Wallace and defrauded Stephen P.Wallace and Roma Jage Wallace of an estimated $15,000,000.00 by destroying their rights as beneficiaries of the Wallace Family Estate based on the lies and other frauds of usurper trustees Ronald J. Saffa and Trust Company of Oklahoma who have adversely dominated the Wallace Family Estate. See exhibit.

## Questions exist

This Court should make inquiry, reasonable under the circumstances, to determine: (1). Whether Tulsa, Oklahoma county case numbered as PT-2002-56 was

2

removed prior? (2). Whether if removed, Tulsa, Oklahoma county case numbered *as PT-2002-56* was remanded back to Tulsa, County? (3). If Tulsa, Oklahoma county case numbered as PT-2002-56 was removed prior and never remanded back to Tulsa County, what is the volume of criminal conversion committed by Gregory Frizzell where Frizzell gave away money and property in re: Tulsa, Oklahoma county case numbered as PT-2002-56 while the matter had been removed?

## Remedy sought

Whereas this Court has actual knowledge that Gregory Frizzell, even when repeatedly warned that he (Frizzell) did not have jurisdiction, gave away large sums of money, this Court should order Gregory Frizzell to undergo a mental competency hearing to determine whether Frizzell is able to assist in his own defense.

Whereas this Court has actual knowledge that Gregory Frizzell has exhibited contempt for this Court's process, Gregory Frizzell should be afforded the opportunity to purge the contempt by ordering adverse parties to pay $420,000.00 to this Court until such time as this Court determines who the rightful trustees and beneficiaries of the Wallace Family Estate are and Frizzell should also be given the opportunity to vacate Frizzell's order disinheriting Stephen P. Wallace and Roma Jage without prejudice. Absent purging the contempt and subject to affording Frizzell due process, Frizzell should serve time incarcerated until such time as the contempt is purged.

Whereas this Court has actual knowledge that Gregory Frizzell engaged in criminal conversion, this Court should remand Frizzell to other authority for considered prosecution of Frizzell's criminal wrongs.

3

```
========================================
              NORTHWEST STATION
           OKLAHOMA CITY, Oklahoma
                  731069998
                3961360023-0097
     11/01/2006 (800)275-8777 01:11:41 PM
========================================
============ Sales Receipt ============
 Product          Sale Unit      Final
 Description      Qty  Price     Price

 ALEXANDRIA VA 22314              $0.63
 First-Class
 2.00 oz.
                                ========
  Issue PVI:                     $0.63

 OKLAHOMA CITY OK                 $0.63
 73105 First-Class
 1.90 oz.
                                ========
  Issue PVI:                     $0.63

 TULSA OK 74103                   $2.55
 First-Class
 9.80 oz.
                                ========
  Issue PVI:                     $2.55

 TULSA OK 74103                   $2.55
 First-Class
 9.80 oz.
                                ========
  Issue PVI:                     $2.55

 TULSA OK 74103                   $2.55
 First-Class
 9.70 oz.
                                ========
  Issue PVI:                     $2.55

                              ==========
 Total:                          $8.91

 Paid by:
 Cash                           $10.01
 Change Due:                     -$1.10


 Bill#:1000300104915
 Clerk:03

 All sales final on stamps and postage.
 Refunds for guaranteed services only.
       Thank you for your business.
              Customer Copy
```

FROM : DONALD BROWN    Case 1:06-cv-01817-RBW   FAX NO. : 905 810 1505   Document 23   Filed 11/29/2006   Page 5 of 6    Nov. 29 2006 02:40PM P6

USPS - Track & Confirm                                                 Page 1 of 1



**UNITED STATES POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 0304 1560 0004 7256 8807
Detailed Results:

» Delivered, November 27, 2006, 12:18 pm, WASHINGTON, DC 20001
» Arrival at Unit, November 25, 2006, 6:14 am, WASHINGTON, DC 20001
» Acceptance, November 21, 2006, 2:42 pm, BETHANY, OK 73008

( < Back )        ( Return to USPS.com Home » )

**Track & Confirm**

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

**POSTAL INSPECTORS**    site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust        Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy

---

**U.S. Postal Service Delivery Confirmation Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.
Article Sent To: (to be completed by mailer)

*Court Clerk*
*333 Constitution Ave, NW*
*Washington D.C 20001*

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
*www.usps.com®*
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☒ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel
(See Reverse)

DELIVERY CONFIRMATION NUMBER: 0304 1560 0004 7256 8807

BETHANY OK 73008

PS Form 152, May 2002

Prepared and submitted by:

_Stephen P. Wallace_ (signature)

Stephen P. Wallace
6528 E. 101st D-304
Tulsa, Oklahoma 74133
(918) 694-1870

Certificate of mailing

I, Stephen P. Wallace, herby certify that on the __1st__ day of __Nov__, 2006, that a copy of Stephen P. Wallace's motion for a show cause hearing was hand delivered to:

James C. Milton
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103-3725

And

James E. Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma 74103

And

Gregory Frizzell
500 S. Denver # 706
Tulsa Ok 74103

_S. P. Wallace_ (signature)

Stephen P. Wallace

4

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

OCT 2 3 2006

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

Ronald J. Saffa and Trust           )
Company of Oklahoma                 )
                                    )
            Plaintiffs,             )
                                    )        Tulsa County
vs                                  )        Case No. PT-2002-56
                                    )
Lorice T. Wallace Trust of 1974, Lisa )
F. Wallace, an incapacitated person, )
and Stephen P. Wallace              )
                                    )
            Defendant Beneficiaries. )

**NOTICE OF REMOVAL OF CASE TO FEDERAL COURT AND REQUEST
FOR TRANSFER OF ALL FILES UNDER PAUPERIS AFFIDAVIT**

Comes now, Lisa F. Wallace, an incapacitated person, by and through her next

friend, Co-trustee, and brother, Stephen P. Wallace and files their Notice of Removal in

the above styled case and Request for Transfer of ALL FILES Under Pauperis Affidavit

affixed hereto to the U.S. District Court for the District of Columbia attached hereto.

**AFFIDAVIT**

I swear/affirm that we are unable to pay for any reproduction costs of the files

related to the above styled case removed to Federal Court under penalty of perjury.

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870



STATE OF OKLAHOMA       )
                                ) SS:

COUNTY OF OKLAHOMA    )

       I the undersigned Notary Public, in and for the County and State aforesaid, do hereby certify Stephen P. Wallace, personally known to me to be the same person whose name is subscribed to the foregoing COMPLAINT appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth.

       Given under my hand and official seal this _20_ day of October, 2006.

_Robyn m clive_
Notary Public

My Commission Expires:

_____
(Notary Seal)

My Commission No.:_____



OFFICIAL SEAL
ROBYN M. IVIE
NOTARY PUBLIC – OKLAHOMA
OKLAHOMA COUNTY #06008356
My Comm. Expires Aug. 24, 2010

*via usa mail or*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of October, 2006, a copy was hand-delivered/faxed of the foregoing to:

James Poe                            James Milton
111 W. 5th Street #740            320 S. Boston #500
Tulsa, OK 74103                  Tulsa, OK 74103

_Stephen P. Wallace_
Stephen P. Wallace

2

United States District Court
District of Columbia

In re: The Lorice T. Wallace Revocable  )
Trust dated December 26th, 1974, as      )
restated effective October 5th 1993       )
and as amended on February 12th, 1998,  )
the Lorice T. Wallace Irrevocable Trust   )
dated February 8th, 1996, and the Lorice        CASE NUMBER   1:06CV01817
T. Wallace Irrevocable Trust date
September 11th, 1992, also known as the       JUDGE: Reggie B. Walton
Lorice T. Wallace Life Insurance Trust.
                                                               DECK TYPE: Civil Rights (non-employment)
Vs.
                                                               DATE STAMP: 10/23/2006
Stephen P. Wallace, et al.                  )
                                                )
    respondents,                          )
                                                )
vs.                                               )

*1)* James C. Milton, 320 S. Boston #500, Tulsa, Ok. 74103
*2)* James E. Poe, 111 W 5th # 770, Tulsa, Ok 74103
*3)* Ronald J. Saffa, 3501 S. Yale, Tulsa, Ok. 74135
*4)* Gregory K. Frizzell, 500 S. Denver Room #706, Tulsa, Ok. 74103
*5)* James M. Inhofe, 1924 S. Utica #530, Tulsa, Ok. 74104
*6)* Jack Kirkpatrick, 320 S. Boulder, ) Tulsa, Ok. 74103
    and                                                )
*7)* Guaranty Abstract, a corporation     )
    domestic to the state of   320 S. Boulder, Tulsa. Ok. 74103
    Oklahoma,                            )
*8)* Trust Company of Oklahoma, its Shareholders & Directors @
    defendants on cross-claim.   ) Two Warren Place, 6120 S. Yale #1900
                                            Tulsa Ok. 74136

Respondent, Stephen P. Wallace's notice of removal and complaint *for forensic audit*

Stephen P. Wallace files this notice of removal under authority of 28 U.S.C. §1441(b) --
the courts of Oklahoma, as a matter of custom and policy, refuse meaningful access to the
courts of Oklahoma including federal courts based on bias which includes racial basis.
Parties similarly situated to Stephen P. Wallace are not able to vindicate their rights under
the Constitution including due process of law and equal protection of the laws due to
Oklahoma's customs and policies that parties similarly situated to Stephen P. Wallace
have no rights which parties such as James C. Milton, James E. Poe, Ronald J. Saffa,
Gregory K. Frizzell, James M. Inhofe, and Jack Kirkpatrick are obliged to respect.

*Trust Co. of Oklahoma*

1

The matter of the The Lorice T. Wallace Revocable Trust dated December 26th, 1974 et al. involves "federal questions" occurring, *inter alia* at 42 USC Sec. 1983 and 18 U.S.C. Sec. 1964(a)&(c).

## A. Introduction

1. Plaintiff is a "devils brew" of entities with the foundation entity being the Lorice T. Wallace Revocable Trust dated December 26th, 1974. A jury shall determine that the other entities occurring in the style of this instant case are a series of subterfuges which resulted in usurpation and adverse domination of the foundation document established to conserve and distribute approximately thirty million dollars ($30,000,000.00) to Stephen P. Wallace and Stephen P. Wallace's three siblings.

2. About June 30th of 2006 Messrs James C. Milton, James E. Poe, and Ronald J. Saffa, petitioned Gregory K. Frizzell, out-of-court, to exclude Stephen P. Wallace and Mary Roma Jage as beneficiaries of the Lorice T. Wallace Revocable Trust dated December 26th, 1974. A jury shall determine that with Stephen P. Wallace and Mary Roma Jage "out of the picture", Messrs Milton, Poe, and Saffa would complete the liquidation of the Lorice T. Wallace Revocable Trust dated December 26th, 1974 without ever providing Stephen P. Wallace or his siblings with an accounting of the liquidation of approximately thirty million dollars and without payment of "one red cent" to Stephen Paul Wallace. A jury shall determine that several million dollars found its way into the pockets of Milton, Poe, and Saffa as if the Lorice T. Wallace Revocable Trust dated December 26th, 1974 was their personal retirement plan. A jury shall also determine that James M. Inhofe and Jack Kirkpatrick, doing business as Guaranty Abstract, are facilitators to parties including Gregory Frizzell, James Milton, James Poe, and Ronald Saffa and many of similar ilk to Frizzell, Milton, Poe, and Saffa in secretly embezzling

large sums of money from estates such as the Lorice T. Wallace Revocable Trust dated December 26th, 1974.

3. All of the actions occurred on land and do not involve maritime or admiralty claims.

4. This case became removable circa October 10th of 2006 when Gregory Frizzell and Joseph Watt, the Chief Justice of the Oklahoma Supreme Court, openly confessed to the existence of a summary law system in Oklahoma established for the specific purpose of replacing the United States Constitution with a system of customs, policies, and privileges which excludes parties similarly situated to Stephen P. Wallace.

## B. Basis for Removal

5. Removal is proper because plaintiffs' suit involves federal questions and due to the established fact that Oklahoma Courts routinely deprive select Oklahoma citizens of due process of law and equal protection of the laws based on factors including race and national origin.

6. It is unknown whether there are other defendants in this instant case due to the fact that the proceedings have been in contravention of the Constitution's mandate for due process, a laughing matter to Gregory K. Frizzell.

7. The pending pleadings, process, orders, and other filings in the state court action are attached to this notice.

8. Stephen P. Wallace will promptly file a copy of this notice of removal with the clerk of the state court in the County of Tulsa, Oklahoma, where quasi-criminal proceedings are pending.

3

Related cases

9.   District of Columbia, Civil Action Number 06-402 RBW and District of Columbia, Civil Action Number 06-1264.

C. Jury Demand

10. Should this action require a trial, Stephen P. Wallace asserts his right to a trial by jury.

D. Conclusion

11. With the above premises considered, Stephen P. Wallace seeks to have this action heard before the U.S. District Court for the District of Columbia so federal questions are properly addressed and Stephen P. Wallace's rights are protected.

Cross-claims

42 U.S.C. § 1983: Gregory Frizzell, James Milton, James Poe, and Ronald Saffa conspired under color of law to deprive Stephen P. Wallace of property without due process of law. Gregory Frizzell, James Milton, James Poe, and Ronald Saffa have subjected Stephen P. Wallace to sham legal process where the Constitution's mandates for equal protection of the laws and due process have been circumvented. Gregory Frizzell, James Milton, James Poe, and Ronald Saffa have, without ever composing a court of competent jurisdiction, deprived Stephen P. Wallace of an undetermined sum of money which may exceed seven million dollars based solely on the out of court fraudulent representations of James Milton, James Poe, and Ronald Saffa.

18 U.S.C. § 1964(a) & (c): James Milton, James Poe, and Ronald Saffa are an association in fact affecting interstate commerce. James Milton, James Poe, and Ronald Saffa are engaged in a series of fraud schemes which are ongoing including use of the United States Postal Service. The frauds perpetrated by James Milton, James Poe, and Ronald Saffa have resulted in damages to the business and property interests of Stephen P.

4

*Trust Co. of Oklahoma et. al.*

Wallace. The frauds perpetrated by James Milton, James Poe, and Ronald Saffa were facilitated by Gregory Frizzell. James M. Inhofe and Jack Kirkpatrick, doing business as Guarantee Abstract, were also indispensable in advancing the fraud scheme of James Milton, James Poe, and Ronald Saffa. The fraud schemes of James Milton, James Poe, and Ronald Saffa are likely to continue unless abated by this court.

Dated this 22nd day of October, 2006

Stephen P. Wallace
6528 E. 101st D-304
Tulsa, Oklahoma 74133
(918) 694-1870

MARY-ELIZABETH PAGE
Notary Public - State of Oklahoma
Oklahoma County
Commission # 06007116
My Commission Expires Jul 24, 2010

Mary-Elizabeth Page
10/22/06

5

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )
on February 12, 1998, the Lorice T. )
Wallace Irrevocable Trust dated February )          PT-2002-56
8, 1996, and the Lorice T. Wallace )
Irrevocable Trust dated September 11, )          Hon. Gregory K. Frizzell
1992, also known as the Lorice T. Wallace )
Life Insurance Trust, and the Lisa Frances )
Wallace Discretionary Spendthrift Trust. )

**APPLICATION FOR INSTRUCTIONS, AND BRIEF IN SUPPORT,
REGARDING CONDUCT IN APPARENT VIOLATION OF THE NO-CONTEST
PROVISIONS OF THE LORICE T. WALLACE REVOCABLE TRUST
AND THE LORICE T. WALLACE IRREVOCABLE TRUST**

Respectfully submitted,

James C. Milton, OBA No. 16697
Elizabeth W. Carroll, OBA No. 20646
DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
918-582-1211; fax 918-591-5362
ATTORNEYS FOR PETITIONER,
THE TRUST COMPANY OF OKLAHOMA

Joined by:        James E. Poe, OBA No. 7198
COVINGTON & POE
111 West 5th Street, Ste. 740
Tulsa, Oklahoma 74103
918-585-5537; fax 585-5530
ATTORNEY FOR PETITIONER,
RONALD J. SAFFA

June 30, 2006



**TABLE OF CONTENTS**

Introduction.................................................................................................................1

Factual Statement........................................................................................................1

    A.   Background. ..................................................................................................1

    B.   Conduct by Stephen Paul Wallace and Mary Roma Jage in apparent violation
          of the no-contest provisions of the Trusts..................................................2

Argument and Support...............................................................................................10

Conclusion ................................................................................................................15

i

## TABLE OF AUTHORITIES

Page(s)

State Cases

*Estate of Kubick v. Pacific Nat'l Bank of Washington*, 513 P.2d 76 (Wash. Ct. App. 1973) ........ 13

*Estate of Massey*, 1998 OK CIV APP 116, 964 P.2d 238 ............................................................ 11

*Estate of Mumby*, 982 P.2d 1219 (Wash. Ct. App. 1999) ............................................................ 13

*Estate of Peppler*, 971 P.2d 694 (Colo. Ct. App. 1998) ............................................................ 13

*Estate of Shumway*, 9 P.3d 1062 (Ariz. 2000) ............................................................ 13

*Estate of Westfahl*, 1983 OK 119, 674 P.2d 21 ............................................................ 11, 12, 13

*Farr vs. Whitefield*, 33 N.W.2d 791 (Mich. 1948) ............................................................ 14

*Hannam v. Brown*, 956 P.2d 794 (Nev. 1998) ............................................................ 11

*Hulett v. First Nat'l Bank & Trust Co.*, 1998 OK 21, 956 P.2d 879 ............................................ 11

*In re Estate of Bank*, 699 N.E.2d 1103 (Ill. App. Ct. 1998) ............................................................ 15

*Pirkey v. State ex rel. Martin*, 1958 OK 153, 327 P.2d 463 ............................................................ 14

Other Authorities

Annotation, Validity and Enforceability of Provision of Will or Trust Instrument for
    Forfeiture or Reduction of Share of Contesting Beneficiary, 23 A.L.R.4th 369 .............. 14

**APPLICATION FOR INSTRUCTIONS, AND BRIEF IN SUPPORT,
REGARDING CONDUCT IN APPARENT VIOLATION OF THE NO-CONTEST
PROVISIONS OF THE LORICE T. WALLACE REVOCABLE TRUST
AND THE LORICE T. WALLACE IRREVOCABLE TRUST**

The Petitioners, The Trust Company of Oklahoma ("Trust Company") and Ronald J.

Saffa, respectfully submit this Application for Instructions, and Brief in Support, Regarding the

No-Contest provisions of the Lorice T. Wallace Revocable Trust ("LTW Revocable Trust") and

the Lorice T. Wallace Irrevocable Trust ("LTW Irrevocable Trust") (collectively, "Trusts").

**INTRODUCTION**

The purpose of this Application for Instruction is to provide all parties with notice of the

basis for the request for instructions regarding potential violations of the no-contest provision of

the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust. More

specifically, it appears that conduct by Respondents Stephen Paul Wallace and Mary Roma

Wallace Jage has violated the no-contest provisions of the Trusts.

**FACTUAL STATEMENT**

**A.    Background.**

1.    Trust Company and Mr. Saffa are successor co-trustees of both the LTW

Revocable Trust and the LTW Irrevocable Trust.

2.    The beneficiaries of the LTW Revocable Trust and the LTW Irrevocable Trust are

Stephen P. Wallace ("Stephen"), Mary Roma Wallace Jage ("Roma"), and Patricia Wallace

Hastings.    Various contingencies currently attach to the beneficial interests held by these

beneficiaries.  Among them is a determination of whether certain of the beneficiaries (Stephen or

Roma, or both) have violated the no-contest provisions of the controlling instruments of these

two trusts.

3.    The primary controlling instrument of the LTW Revocable Trust states as

follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this

1

Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist." [Controlling instrument of LTW Revocable Trust, attached to 9/11/2002 Petition for Instructions (Case No. PT-2002-56) as Ex. "B", at p. 2 (TRUST 740), § 1.03(C).]

4.      The controlling instrument of the LTW Irrevocable Trust states as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, or any of the provisions for distribution, that person or those persons shall receive no distribution from this Trust and distribution shall be made as though that person or persons did not exist." [Controlling instrument of LTW Irrevocable Trust, attached to 9/11/2002 Petition for Instructions (Case No. PT-2002-56) as Ex. "D", at p. 8 (TRUST 869), art. IX.]

**B.      Conduct by Stephen Paul Wallace and Mary Roma Jage in apparent violation of the no-contest provisions of the Trusts.**

5.      On August 8, 2003, in proceedings in this action, Mr. Wallace expressly challenged the provisions of the LTW Revocable Trust.  Trust Company and Mr. Saffa had requested the Court's instructions regarding a provision requiring a distribution to Holy Angels School Charitable Endowment Fund, in the amount of $100,000.00.  During the proceedings, the Court asked Mr. Wallace: "I take it you contest this provision for distribution; is that correct?" Mr. Wallace replied, "For the record, yes, your Honor." [Exhibit "1", 8/8/2003 Trans. (PT-2002-56), at p. 13, ll. 7-9.]  Mr. Wallace later tried to clarify his statement, stating that he "wasn't objecting to the ultimate receiving of that trust . . . ." [*Id.* at p. 30, ll. 23-24.]  The Court noted, though, that it had "just spent the last hour on this matter and it sure seemed to [the Court] that [Mr. Wallace was] contesting the distribution and, in fact, [Mr. Wallace] said on the record that [he] contested the distribution to Holy Angels school." [*Id.* at p. 31, ll. 6-9.]

6.      Mr. Wallace's blatant attacks against the controlling instruments of the LTW Revocable Trust and the LTW Irrevocable Trust began in 2002, shortly after the District Court of

2

Tulsa County ruled (at the conclusion of the February 2002 bench trial in Case No. PT-2000-21)

that Mr. Wallace had not previously violated the no-contest provisions of the Trusts. On March

21, 2002, Mr. Wallace filed a Second Amended Complaint in federal court in Tulsa, Oklahoma,

alleging that Mr. Saffa "secretly conspire[ed] to rewrite the Wallace Trusts and rename his

choice as to the beneficiaries of said 1974 Trusts." [Exhibit "2", 3/21/2002 Second Amended

Complaint (Case No. 2002-CV-148), at p. 11.] "In 1993 Saffa secretly prepared and fraudulently

induced his aunt into signing a Restatement of her 1974 Trust which originally Frank had David

Fist prepare to protect his family's wealth." *[Id.]* This allegation is an apparent reference to the

October 5, 1993 restatement of the LTW Revocable Trust. The LTW Revocable Trust was

originally formed in 1974.

      7.    These allegations regarding the 1993 restatement of the LTW Revocable Trust

appear repeatedly throughout documents filed or submittted by Mr. Wallace (and, in some

instances, Ms. Jage) over the past five years. On July 1, 2002, Mr. Wallace filed a Response in

five separate actions in the District Court of Tulsa County – Case No. PG-1999-556, Case No.

CJ-2000-1684, Case No. PT-2000-21, Case No. PT-2000-44, and Case No. CJ-2000-1900. In

the July 1, 2002 Response, Mr. Wallace alleged that "Lisa Wallace was fraudulently omitted

from legal representation and the **preferred rights** she possesses in both the Frank A. and Lorice

T. Wallace's Trusts of 1974, which Ronald Saffa and David Fist altered in a premeditated

fraudulent conversion plan for the Wallace Family $30,000,000 Estate." [Exhibit "3", 7/1/2002

Response (Case No. PT-2000-21, et al.), at p. 4 (emphasis in original).]

      8.    In August 2002, Mr. Wallace and Ms. Jage signed a "Wallace Family Declaration

of Independence." The August 2002 document was also signed by Lorice T. Wallace, despite

the pendency of a guardianship action regarding Mrs. Wallace. The document had a signature

line for Respondent Patricia Wallace Hastings, but Ms. Hastings did not sign it. The August

2002 document stated "[t]hat Lorice T. Wallace and her (4) four children wish to **dissolve** and **distribute** <u>any and all</u> Trust assets and Family Limited Partnership assets evenly and immediately." [Exhibit "4", 8/2002 Wallace Family Declaration of Independence, ¶ 3 (emphasis in original).] The document further stated "[t]hat all Wallace Family Heirs wish to **dissolve** and **distribute** all family assets evenly after the Certified Audit is completed and not wait until 2046." [*Id.*, ¶ 5 (emphasis in original).] The reference to the year 2046 is an apparent reference to the fifty year duration of the Lorice T. Wallace Family, Limited Partnership.

9.      Around the same time, Ms. Jage delivered a handwritten latter to Ms. Hastings, stating that "[a]ll I want to do is end this & distribute all the available assets <u>now</u> not 25 yrs. from now . . . ." [Exhibit "5", 8/21/2002 letter from Ms. Jage to Ms. Hastings.] Ms. Jage went on to say: "I need the money now & I don't want to wait anymore.  If we all agree to end the trusts & distribute the assets no judge can say we can't." [*Id.* at 2 (unnumbered).]

10.     In September 2002, Mr. Wallace filed a document in bankruptcy court, alleging that Mr. Saffa and others associated with the successor co-trustees engaged in "a pre-meditated criminal conversion (racketeering) **plan of action** . . . to alter Trusts conceived in 1974 . . . ." [Exhibit "6", 9/20/2002 Motion to Dismiss, at p. 2, ¶ 5 (emphasis in original).]

11.     On March 12, 2003, Mr. Wallace filed an Emergency Application to Assume Original Jurisdiction, in Oklahoma Supreme Court Case No. 98966.  On the first unnumbered page of the document, Mr. Wallace alleged that he filed the March 12, 2003 Emergency Application "after (4) four years of litigation wherein [Mr. Wallace] has attempted to protect his family and their assets from a **conspiracy** that was **premeditated** and acted upon immediately after his father's death in 1990.  The success or failure of the conspiracy depended upon the original family trust attorney action in concert with [Mr. Wallace's] attorney and C.P.A., <u>to covertly alter trust documents</u> formed in 1974 and related realty operating companies which [Mr.

Wallace's] parents designed to preserve the corpus of the Wallace Family Estate." [Exhibit "?", 3/12/2003 Emergency Application (Case No. 98966), at p. 1 (unnumbered) (emphasis in original).]

12.      Again on August 6, 2003, in a Complaint filed by Mr. Wallace in the U.S. District Court for the Northern District of Oklahoma, Mr. Wallace alleged that, "[i]n 1993, under the guise of Estate Planning, Saffa fraudulently induced Lorice to sign a Restatement of her Revocable Trust, completely negating all checks and balances placed there and in Frank's trust, secretly inserting himself and Trust Company of Oklahoma as successor trustees." [Exhibit "3", 8/6/2003 Complaint (Case No. 2003-CV-522), at p. 4, ¶ 31.]

13.      On December 30, 2003, Mr. Wallace took his litigation to state court in Du Page County, Illinois, forcing Mr. Saffa to retain Illinois counsel at great expense to the LTW Revocable Trust.  In his Complaint filed in Illinois, Mr. Wallace made his position regarding the trust instruments very clear, stating as follows:

> 11.      In 1993, Saffa restated the Lorice T. Wallace Revocable Trust, inserting himself as successor trustee. He never advised Roma and Stephen of the Restatement of Trust naming himself as successor trustee when Patrick was named as a successor trustee.

> 12.      Saffa drafted amendments to Lorice T. Wallace Revocable Trust and never advised Roma and Stephen of the change in these trusts in 1993 . . . .

> 13.      Pursuant to the terms of the 1974 trust agreements established by Mrs. Wallace and her late husband, Frank Wallace, the Wallace's [sic] provided that upon his death and/or resignation that their son, Stephen Wallace and Patrick would become the co-trustees.

> . . . .

> 15.      It was never Mrs. Wallace's intent or desire that Saffa be inserted as trustees of any of the Wallace family trusts.

> 16.      Saffa was only able to insert himself as trustee based upon Mrs. Wallace's reliance and trust in Saffa and Trust Company as a fiduciary, who represented to Mrs. Wallace that he was preparing estate-planning documents.

5

17.     Mrs. Wallace never desired to change any trust to Saffa but only did so upon detrimental reliance and trust in Saffa as Mrs. Wallace's fiduciary and tax counsel.

18.     Saffa was only inserted as co-trustees by the Wallace trust based upon misrepresentations and Mrs. Wallace's trust and reliance upon Saffa as a fiduciary and tax counsel under the guise of estate planning after Frank's death in 1990.

19.     It was never Mrs. Wallace's intent or desire to change any of the trusts but only did so because of her reliance and trust in Saffa and Trust Company.

[Exhibit "9", 12/30/2003 Complaint (Case No. 2003CH001896), at pp. 2-3.]

14.     Many of these challenges were made at a time when Mr. Wallace was proceeding on a pro se basis. But the challenges continued even when Mr. Wallace was represented by counsel. In a footnote contained in a brief filed on October 20, 2005 in Oklahoma Supreme Court Case No. 102346, Mr. Wallace's attorney addressed a provision of one of the controlling instruments of the LTW Revocable Trust. In addressing the provision, Mr. Wallace's attorney stated: "Because Saffa drafted this provision, while wearing his trustee hat, serious questions are raised about its validity." [Exhibit "10", 10/20/2005 Appellants' Combined Reply (Case No. 102346), at p. 9 n.8.] The text of the footnote makes clear that Mr. Wallace is referring to Amendment Number One to the Restatement of the Lorice T. Wallace Revocable Trust Dated December 26, 1974. The amendment was executed in 1993. The amendment is attached to the September 11, 2002 Petition for Instructions (Case No. PT-2002-56) as Exhibit "C". The amendment is one of the controlling instruments of the LTW Revocable Trust.

15.     During a hearing on October 21, 2005, Mr. Wallace's counsel was asked to comment on the text of footnote 8 of the October 20, 2005 Combined Reply Brief, referenced in the preceding paragraph. The October 21, 2005 hearing related to Trust Company's request for a final order regarding the LTW Life Insurance Trust. When Trust Company moved for the admission of the controlling instrument of the LTW Life Insurance Trust, Mr. Wallace's counsel

objected to its admission, stating that "[t]here are issues, Your Honor, about the validity of this document which was executed after Mr. Wallace's death when Mr. Saffa, acting as both the attorney for Mrs. Wallace and the trustee of the Lorice T. Wallace Revocable and Irrevocable Trust, was engaging in conduct that no court has ever approved. And that is to deal – to engage in self-dealing, to insert language in trust provisions or in trust documents that would ultimately benefit him. And so we would – we would object on the grounds that the validity of this and whether it was really something Mrs. Wallace intended to do or whether it was something that was obtained from her through fraud, trick, etc., etc., and breach of fiduciary duty by Mr. Saffa." [Exhibit "11", 10/21/2005 Trans. (PT-2002-56), at p. 72, l. 17 through p. 73, l. 5.]

16.     At that point, Trust Company's counsel pointed out the existence of a no-contest provision within the controlling instrument of the LTW Life Insurance Trust. Mr. Wallace's counsel responded: "[T]hat provision was inserted by Mr. Saffa knowing exactly what he was doing, exactly where he was headed in putting himself in the driver's seat, being able to call the shots, being able to prevent the beneficiaries of this – these trusts from having what their parents intended for them to have. And that is an issue that was raised before the Supreme Court yesterday in the document. If the Court will look at that same paragraph or Footnote 7 on Page 8 of the combined reply." [Exhibit "11", 10/21/2005 Trans. (PT-2002-56), at p. 73, l. 24 through p. 74, l. 8.]

17.     After this statement was made, the Court provided Mr. Wallace's attorney to have a recess to confer with Mr. Wallace regarding whether he wished to retract the statement challenging the validity of the controlling instrument of the LTW Life Insurance Trust. [Exhibit "11", 10/21/2005 Trans. (PT-2002-56), at p. 75, ll. 10-16.] Before taking a break, Mr. Wallace's attorney clarified that she had been referring to footnote 8 of the October 20, 2005 Combined Reply, filed in Case No. 102346, "which says Saffa inserted a provision in Ms. Wallace's trust

7

agreement in 1998 that dealt with her incapacity." [Exhibit "11", 10/21/2005 Trans. (PT-2002-56), at p. 76, ll. 11-15.] Mr. Wallace's attorney then quoted from the Combined Reply, stating: "Upon finding that attorney trustee had breached his fiduciary duties by failing to fully and fairly disclose his interest in the amendment making trust irrevocable, trial court had authority to declare amendment void and remove trustee from his position." [Exhibit "11", 10/21/2005 Trans. (PT-2002-56), at p. 76, l. 24 through p. 77, l. 3.]

18.    Following a break, Mr. Wallace's attorney attempted to backtrack from her arguments, stating that the arguments did not relate to the controlling instrument of the LTW Life Insurance Trust, which was executed in 1992. "I was speaking about things that occurred after – or in 1993, not 1992. And to the extent that Mr. Saffa's integrity or anything was impugned as it relates to this document, those statements are withdrawn because, as I said, I was thinking about a different time frame." [Exhibit "11", 10/21/2005 Trans. (PT-2002-56), at p. 78, ll. 16-22.] As noted above, the argument referenced by Mr. Wallace's attorney was directed to an amendment executed in 1993. The amendment is attached to the September 11, 2002 Petition for Instructions (Case No. PT-2002-56) as Exhibit "C". The amendment is one of the controlling instruments of the LTW Revocable Trust.

19.    In a more recent hearing, Mr. Wallace's attorney has continued her attack (on behalf of both Mr. Wallace and Ms. Jage) against any trust instrument prepared by Mr. Saffa. In a hearing in this action on March 2, 2006, the attorney for Mr. Wallace and Ms. Jage argued that Case No. PT-2002-56 should be dismissed for lack of subject-matter jurisdiction. Among her arguments against subject-matter jurisdiction was an argument that the successor co-trustees had failed to provide adequate authority to their attorneys when actions for instruction were filed with the District Court of Tulsa County. In support of this argument, the attorney for Mr. Wallace and Ms. Jage stated: "The Supreme Court was also asked to consider the facts that are

unrefuted in this Court, in hearings conducted before this Court, that Mr. Poe was hired by only one of two trustees. And under Oklahoma law, that conduct is a nullity. The Trust attorneys, which they come to this Court and ask this Court to award them – continually award them attorney fees, taking money away from the beneficiaries, to benefit these lawyers and other lawyers in the State of Oklahoma, City of Tulsa. That Trust instrument, it said itself, it's self-said. *And Mr. Ronald Saffa is setting here, collecting money from this Court, through this Court. Both have documents that he got Mrs. Wallace, his aunt, to sign.* And it said specifically the conduct of these trustees must be joined. That cannot act individually. That was the ruling of the Supreme Court of Oklahoma. That is my answer to the Court." [Exhibit "12", 3/2/2006 Trans. (PT-2002-56), at p. 9, l. 15 through p. 10, l. 5 (emphasis added).]

20.     Mr. Wallace himself has maintained his approach of challenging the controlling trust instruments. On January 24, 2006, Mr. Wallace delivered a "notice of intent to sue" to a number of persons associated with the LTW Revocable Trust and LTW Irrevocable Trust, either through representation of the successor co-trustees or through court-approved real estate transactions. Attached to the notice of intent to sue was an apparent draft of a petition that Mr. Wallace intended to file. In paragraph 28, Mr. Wallace alleged that "[i]n 1993, Ronald Saffa fraudulently restated the Lorice T. Wallace 1974 Revocable Trust when Lorice wanted only to make an amendment, inserting himself and Trust Company of Oklahoma as successor trustees in direct contravention of the identical Frank & Lorice Trusts of 1974 and the amendments thereto." [Exhibit "13", 1/24/2006 proposed petition, at p. 4, ¶ 28.]

21.     Most recently, on May 9, 2006, Ms. Jage filed a Complaint in the U.S. District Court for the Northern District of Oklahoma, expressly challenging the controlling instruments of the Trusts. In the Complaint, Ms. Jage alleged:

       25.     In 1993, following Mr. [Frank A.] Wallace's death, Saffa restated The Lorice T. Wallace Revocable Trust ["LTW Revocable Trust"] and inserted

9

*In re Estate of Bank*, 699 N.E.2d 1103, 1107 (Ill. App. Ct. 1998). Further, forfeiture should not be guided solely by the verbage of the trust provision and conduct at issue. Rather, the Court must examine the full range of facts and conclusions in this case. *Id.* If the facts reveal that forfeiture would violate public policy in this case, then forfeiture is not appropriate.

## CONCLUSION

The authorities and factual statements presented herein represent the presentation of the Petitioners, based on information available to them as of the filing of this Application, as to the issue of whether Respondents Stephen P. Wallace and Mary Roma Jage have violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust. The Petitioners request that the Court provide instruction on this matter.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _____

James C. Milton, OBA No. 16697
Elizabeth W. Carroll, OBA No. 20646
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
918-582-1211; fax 918-591-5362
ATTORNEYS FOR PETITIONER,
THE TRUST COMPANY OF OKLAHOMA

Joined by:    James E. Poe, OBA No. 7198
COVINGTON & POE
111 West 5th Street, Ste. 740
Tulsa, Oklahoma 74103

himself and TCO as successor co-trustees. He advised Mrs. Wallace to sign the Restatement of Trust, with its provision naming him as a successor co-trustee without advising her to seek the independent advice of a second attorney. . . . Amendment Number One to the restated LTW Revocable Trust was drafted by Saffa and signed by Mrs. Wallace on February 12, 1998. . . .

. . . .

27.     Although an irrevocable trust had already been formalized, Saffa prepared a new trust indenture creating the Lorice T. Wallace Irrevocable Trust ["LTW Irrevocable Trust"] for Mrs. Wallace's signature in 1996. This instrument . . . inserted Saffa and TCO as co-trustees.

. . . .

31.     It was never Mrs. Wallace's intent or desire to change the terms of any of her trusts or create new trust; she only did so in reliance on recommendations Saffa made while acting in a fiduciary capacity and his misrepresentations concerning adverse tax consequences if she did not follow his advice.

32.     It was never Mrs. Wallace's intent or desire that Saffa be inserted as successor co-trustee of any of her trusts. Saffa was only able to succeed in this respect because of the fiduciary position he occupied as Mrs. Wallace's tax attorney, Mrs. Wallace's reliance on her nephew's self-serving proposals and recommendations, and Saffa's playing on the fact that he was not simply a tax lawyer, but her nephew.

33.     It was never Mrs. Wallace's intent or desire that TCO be inserted as a successor co-trustee of any of her trusts. In agreeing to this, Mrs. Wallace relied upon advice she was given by Saffa, acting in his fiduciary capacity as her tax attorney, as well as her nephew.

. . . .

84.     Saffa breached his fiduciary duty when he amended Mrs. Wallace's trusts to insert himself as a successor co-trustee without advising her to seek the independent opinion of a second lawyer and when he included terms in Amendment Number One to LTW Revocable Trust which purported to immunize TCO and himself from liability for breach of trust and, therefore, is against "public policy."

[Exhibit "14", 5/9/2006 Complaint (Case No. 2006-CV-00249), at pp. 5-7, 20.]

## ARGUMENT AND SUPPORT

While Oklahoma has yet to address a no-contest provision in the context of a trust, it is

likely that the appellate courts will view no-contest provisions of trusts in the same way that the

courts have viewed no-contest provisions in wills. "No-contest" provisions in wills are valid in Oklahoma and have been consistently enforced by the courts. *See Estate of Massey*, 1998 OK CIV APP 116, ¶ 3, 964 P.2d 238; *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21. In fact these provisions are favored by public policy because they limit litigation and discourage family feuds over the testator's competence and the size of gifts under the will. *Id.* The same policy considerations support enforcement of no-contest provisions in a trust as in a will. Many states have enforced these clauses in trusts. *See Hannam v. Brown*, 956 P.2d 794, 798 (Nev. 1998). Furthermore, Oklahoma has recognized the validity of trust provisions that condition the beneficiary's right to benefit under the trust on the occurrence or non-occurrence of some event. *See Hulett v. First Nat'l Bank & Trust Co.*, 1998 OK 21, ¶ 17, 956 P.2d 879.

Of course, provisions in a will which provide for forfeiture will be strictly construed in favor of the beneficiary. *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21. It is anticipated that the Oklahoma appellate courts will take a similarly strict view of a forfeiture provision contained in a trust instrument.

The facts and circumstances of each case determine whether a party has contested a will or trust. *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21. "The word, contest, as it pertains to a no contest clause is defined as any legal proceeding designed to result in the thwarting of the testator's wishes as expressed . . . ." *Id.* In determining whether a particular fact or circumstance constitutes a contest or challenge, the Court should look to the testator's purpose and verbiage. *Id.* Such purpose might be evidenced by circumstances surrounding the creation of the will or trust. *Id.* It can be generally expected that a modern, well-crafted trust instrument will reveal that the principal purpose of a no-contest provision is to avoid disharmony and litigation regarding the provisions of the trust. Indeed, the controlling instrument of the LTW Revocable Trust states: "It is the intention of the Grantor to prevent and eliminate as much of the

11

disharmony, the destruction of relationships, and disputes among the descendents of the Grantor

as possible." [Amendment No. 1 to controlling instrument of LTW Revocable Trust, attached to

9/11/2002 Petition for Instructions (Case No. PT-2002-56) as Ex. "C", at p. 2 (TRUST 765), § 3

(adding Section 11.13 to the controlling instrument).]

The purpose of preventing and eliminating disharmony and disputes has not been fully

met, as the Court's file will demonstrate.  Given their ages (57 years and 55 years) and given

their anticipated life expectancies, it is very possible that the litigation strategies pursued by Mr.

Wallace and Ms. Jage could continue to cause harm to the Trusts over an extended period of

time.  As recently as June 27, 2006, Mr. Wallace filed a second emergency motion in Tulsa

County Case No. CJ-2006-551, requesting the appointment of a grand jury, alleging fraud, and

seeking the appointment of a receiver.  While the second emergency motion relates to the LTW

Life Insurance Trust rather than the LTW Revocable Trust or the LTW Irrevocable Trust, it is

indicative of the aggressive approach taken by Mr. Wallace in his litigation attacks against the

Trusts.  Indeed, litigation pursued by both Mr. Wallace and Ms. Jage has disrupted real-estate

property sales approved by the District Court of Tulsa County, causing potential losses to the

Trusts.  These actions by Mr. Wallace and Ms. Jage have delayed several critical steps necessary

in the administration of the Trusts.

Nonetheless, only a clear challenge to the will or trust will invoke a no-contest or

forfeiture provision. *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21.  "[T]he forfeiture clause

should not be invoked if the contestant has probable cause to challenge the will based on forgery

or subsequent revocation by a later will or codicil." *Id.* at ¶ 6.  No such circumstances appear to

exist here.  Mr. Wallace and Ms. Jage appear to have challenged the provisions of the Trusts

because (1) they dislike the successor co-trustees, (2) they desire immediate distribution from the

Trusts despite the terms of the controlling instruments, and (3) they disagree with the manner and

timing of distribution of property under the controlling instruments of the Trusts. Accordingly, forfeiture may be appropriate in this case.

With many of their challenging assertions, Mr. Wallace and Ms. Jage acted on a *pro se* basis, rather than with the assistance of an attorney. One might argue that this fact should mitigate in their favor. The authorities take a different view. Under Oklahoma law, forfeiture should not occur if the contestant has probable cause to challenge the will or trust. *Estate of Westfahl*, 1983 OK 119, at ¶ 6. The *Restatement (Third) of Property* explains that

> Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised to conclude that there was a substantial likelihood that the challenge would be successful. A factor that bears on the existence of probable cause is whether the beneficiary relied upon the advice of independent legal counsel sought in good faith after a full disclosure of the facts.

*Restatement (Third) of Property* § 805 cmt. c (2003).

The fact that Mr. Wallace and Ms. Jage acted at times without counsel thus evidences their lack of probable cause. Several courts have noted the importance of advice of counsel in determining whether the contestant acted with probable cause. *See Estate of Shumway*, 9 P.3d 1062, 1066 (Ariz. 2000); *Estate of Mumby*, 982 P.2d 1219, 1224-25 (Wash. Ct. App. 1999); *Estate of Peppler*, 971 P.2d 694, 697 (Colo. Ct. App. 1998); *Estate of Kubick v. Pacific Nat'l Bank of Washington*, 513 P.2d 76, 80 (Wash. Ct. App. 1973). Lacking probable cause, and in many instances acting without advice of counsel, Mr. Wallace and Ms. Jage have challenged the controlling instruments of the Trusts, and the authority of the successor co-trustees to disburse the assets according to the controlling instruments. Forfeiture may thus be appropriate.

Several factors might weigh against forfeiture in this case. The Petitioners point to these factors for the purpose of obtaining a full and complete resolution of the forfeiture issue as to the LTW Revocable Trust and the LTW Irrevocable Trust, at least based upon information available as of the date that this Motion is prepared. The Petitioners do not undertake to make

Respondents' argument for them, and have not been asked to do so. The factors weighing against forfeiture may be as follows:

1.      Although forfeiture may be appropriate, the law abhors forfeiture. *See, e.g., Pirkey v. State ex rel, Martin,* 1958 OK 153, ¶ 11, 327 P.2d 463, 467 ("It has generally been held that courts abhor forfeitures and all provisions providing therefor in statutes or deeds will be strictly construed and forfeitures will not be decreed except when required by clear language contained in the statute or deed.").

2.      Based upon their litigation conduct, it appears that Mr. Wallace and Ms. Jage may both be suffering from either mental or emotional illnesses and may not have understood the nature of their filings and that these filings might be challenges to the validity of the Trusts. The successor co-trustees have no evidence of such an illnesses and can only draw lay conclusions based upon observations of the outlandish statements contained in their many filings. The successor co-trustees have found no authority directly providing that mental illness is an excuse from violation of a no-contest provision. It does not appear that ignorance is an excuse. Nonetheless, leading authorities suggest that some courts will excuse an infant (generally speaking, under age or lacking in majority) from the effect of a no-contest provision. *See, e.g.,* Annotation, *Validity and Enforceability of Provision of Will or Trust Instrument for Forfeiture or Reduction of Share of Contesting Beneficiary,* 23 A.L.R.4th 369, 5[a] (citing *Farr vs. Whitefield,* 33 N.W.2d 791 (Mich. 1948)). If an infant can be excused from such conduct, so, perhaps, too, can a person lacking control over his or her mental faculties, as might be the case with Mr Wallace and Ms. Jage.

3.      Mr. Wallace and Ms. Jage have long challenged the actions of the successor co-trustees. In their zeal to present their point of view to the Court, the Respondents may have inadvertently challenged the trust. Forfeiture is not appropriate where it violates public policy.

14

918-585-5537; fax 585-5530
ATTORNEY FOR PETITIONER,
RONALD J. SAFFA

*In re Estate of Bank*, 699 N.E.2d 1103, 1107 (Ill. App. Ct. 1998). Further, forfeiture should not be guided solely by the verbage of the trust provision and conduct at issue. Rather, the Court must examine the full range of facts and conclusions in this case. *Id.* If the facts reveal that forfeiture would violate public policy in this case, then forfeiture is not appropriate.

## CONCLUSION

The authorities and factual statements presented herein represent the presentation of the Petitioners, based on information available to them as of the filing of this Application, as to the issue of whether Respondents Stephen P. Wallace and Mary Roma Jage have violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust. The Petitioners request that the Court provide instruction on this matter.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _____
James C. Milton, OBA No. 16697
Elizabeth W. Carroll, OBA No. 20646
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
918-582-1211; fax 918-591-5362
ATTORNEYS FOR PETITIONER,
THE TRUST COMPANY OF OKLAHOMA

Joined by:    James E. Poe, OBA No. 7198
COVINGTON & POE
111 West 5th Street, Ste. 740
Tulsa, Oklahoma 74103
918-585-5537; fax 585-5530
ATTORNEY FOR PETITIONER,
RONALD J. SAFFA

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the $30$ day of _June_, 2006, a true and correct copy of the above and foregoing document was mailed, with proper postage, to the following:

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma 74136

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133

Mary Roma Wallace Jage
1153 Overton Ct.
Naperville, Illinois 60540

James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma 74103

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma 74119-1248

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.
3300 MidContinent Tower
Tulsa, Oklahoma 74103

Joan Godlove, Esq.
2121 South Columbia
Suite 500
Tulsa, Oklahoma 74119-3519

_____
James C. Milton

16

SELLERS CLOSING STATEMENT
# Guaranty Abstract Company

E 118540

| SELLER:<br>LORICE T. WALLACE FAMILY LIMITED PARTNERSHIP<br>LORICE T. WALLACE SUCCESSOR TRUSTEE O<br>THE FRANK A. WALLACE REVOCABLE TRUST<br>PART SE/4 SE/4 6-18-14 | BUYER:<br>SEAYCO-THF EASTSIDE MARKET, L.L.C. |
|---|---|

| EXPLANATION | DEBITS | CREDITS |
|---|---|---|
| SALES PRICE | $ | $6,255,000.00 |
| | | |
| EXPENSES | | |
| Recording Fees: Certificates of Non Dev. & Estate tax release | 24.00 | |
| Dup int. given on E111287 | 476.32 | |
| Closing Fees 1/2 Guaranty Abstract | 750.00 | |
| T118540/WA2211 Certificates of Non Developmen | 35.00 | |
| | | |
| PRORATIONS | | |
| County Taxes Est. 99 based on actual 1998 | | |
| From: 01-01-99 To: 04-14-99 | | |
| 103 days @ $.1068 per diem ($39.00) | 11.01 | |
| | | |
| DISBURSEMENTS | | |
| Real Estate Commission Stan Frisbie Real Est. | 125,000.00 | |
| Real Estate Commission Stephen P. Wallace, Broker | 125,000.00 | |
| Interest at 9% on 1 year letter of credit (180,000.00) | | |
| Interest on 2 year Letter of Credit (360,000.00) | | |
| | | |
| SETTLEMENT | | |
| Letter/Credit Wallace Family Partnership | 2,000,000.00 | |
| Letter Credit Frank A. Wallace Revocable Tr. | 2,000,000.00 | |
| | | |
| BALANCE DUE to Seller | $2,003,703.67 | |

DISBURSEMENT

1/2 Net proceeds to Wallace Family Limited Partnership
$1,001,851.83
1/2 Net proceeds to Frank A. Wallace Trust
$1,001,851.84

**EXHIBIT**
**B**

eller understands the Closing or Escrow Agent has assembled this information representing the transaction from the best information reliable from other sources and cannot guarantee the accuracy thereof. Any real estate agent or lender involved may be furnished a py of this Statement. Seller understands that tax and insurance prorations and reserves were based on figures for the preceding year supplied by others or estimates for current year, and in the event of any change for current year, all necessary adjustments must be de between Purchaser and Seller direct. The undersigned hereby authorizes GUARANTY ABSTRACT COMPANY to make expenditures disbursements as shown above and approves same for payment. The undersigned also acknowledges receipt of Loan Funds, if licable, in the amount shown above and receipt of a copy of this Statement.

LORICE T. WALLACE FAMILY LIMITED PARTNERSHIP

By _Lorice T. Wallace_ 

_____
Closer

APRIL 10, 1999 4:00 P.M.                    By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re Petition of the Trust Company of Oklahoma and Ronald J. Saffa, Interim Trustees, for instructions and construction of Trust. | Case No. 01CV0880H(X)<br><br>Case No. PT-2000-21<br>Judge Gregory Frizzell |
| Petition of Bank One, N.A. For instructions and construction of Trust, | Case No. PT-2000-44<br>Judge Gregory Frizzell |
| Bank of America, N.A. Plaintiffs, | Case No. CJ-2000-1900<br>(as consolidated and bifurcated) |
| v. | |
| Stephen Paul Wallace, et al., Defendants | |

STATE OF OKLAHOMA     )
                                          ) ss
COUNTY OF TULSA       )

## AFFIDAVIT OF DAVID R. PAYNE

I, David R. Payne, do solemnly attest to the following:

1.  I am a Certified Public Accountant (CPA), Certified Insolvency and Restructuring Advisor (CIRA), Certified Turnaround Manager (CTP) and an Accredited Senior Appraiser (ASA) retained to evaluate documents received from Stephen P. Wallace regarding assets, liabilities, income and expenditures of the Lorice T. Wallace Family Limited Partnership ("Partnership"), The Lorice T. Wallace Revocable Trust ("LTW Trust") and the Frank A. Wallace Revocable Trust ("FAW Trust") for calendar years 1990 to 2001 (collectively the "Trusts").

2.  Stephen Wallace appears to be both a limited partner of the Partnership and a beneficiary of the Trusts.

Page 1 of 1



3.  According to Section 16(a) of the Partnership Agreement, books and records "shall be open to inspection and examination of all Partners or their duly authorized representatives". According to Article 10.01 of the Trust Agreements, the Trustee shall make a report in writing at least once each year. Each report shall include a statement "of such other acts of the Trustee as may be necessary to furnish each beneficiary with adequate information as to the condition of the Trust Estate". According to Article 10.02 of the Trust Agreements, the records of the Trustee "shall be open at all reasonable times to inspection of the Grantor and the beneficiaries".

4.  The LTW Trust contributed significant assets to the Partnership in exchange for limited partner interests in 1996. Since 1990, significant transactions affecting assets and generating income and cash proceeds have occurred. Additionally, significant changes in the limited partnership unit ownership and income sharing interests of the Partnership have occurred. Finally, significant expenditures including professional fees have been incurred. All of these transactions affect the net asset value and distribution capacity of the Partnership and the Trusts.

5.  The documents available to Stephen Wallace are insufficient to reasonably evaluate the nature, composition, disposition, completeness and appropriateness of the transactions entered into since 1990.

6.  An example of one transaction which requires further documentary support is the sale of property at 71st and Garnett. The property located at 71st and Garnett sold to Seayco for approximately $6.25 million. The sale was scheduled to be paid in three separate installments over a three-year period for the benefit of the Lorice T. Wallace Family Limited Partnership and the Frank A. Wallace Trust. The first installment in 1999 was designated for two accounts at Nations Bank for the benefit of the Frank A. Wallace Trust and the Lorice T. Wallace Trust. The first installment was wired instead to F&M Bank to an account titled in the name of Trust Company of Oklahoma, Trust Funds. The second installment appears to have been deposited into the Lorice T. Wallace Limited Partnership account and the Frank A. Wallace Trust account. The first half was then transferred to an unknown account and the second to a separate Frank A. Wallace account at Bank of America. Banking information for the third payment in April has not been provided. Based on the information provided and the documents not yet produced, we are unable to make a determination on the final disposition of the funds.

Page 2 of 2

7.    I have prepared a listing of documents which should be maintained in the ordinary course of business, but for which Stephen Wallace does not have in his file or for which no documentation has been provided. The documentation which is necessary for a reasonable evaluation of transactions is set forth on Exhibit A.

Further Affiant Saith Not

David R. Payne
D. R. Payne & Associates, Inc.
119 North Robinson, Suite 400
Oklahoma City, OK  73102
Telephone: (405) 272-0511
Facsimile: (405) 272-0501

Subscribed and sworn to before me this 18 day of December 2001.

Shayla M. McKenzie
NOTARY PUBLIC

MY COMMISSION EXPIRES:

Page 3 of 3

## Real Estate Sale Approval Hearing of 8-26-05

I, A. Ladd Larson, certify that I am of age & competent to testify & that based on my notes & observations the following is a true & correct account of what I observed on August 26, 2005. I do this under penalty of law.

The case was regarding court approval of a sale of piece of property that had been represented to be in the Lorice T. Wallace Family Ltd. Partnership. The Trustees who act as Managing Partner for the Partnership requested the court approval of this sale.

At one point in the hearing it was brought up that Bank One must own some part of this property & that they weren't present & hadn't even been notified of the hearing. Since there seemed to be some question as to the ownership of this property Mr. Wallace & I went down stairs to the County Clerk's office & got a copy of the ownership of the property in question, during a short recess. It showed the property to be in the names of Frank & Lorice Wallace individually, not in trust & for certain not in the Family Ltd. Partnership.

When we got back to the courtroom Mr. Wallace gave the document to the court reporter to be entered into the record. He labeled it Wallace #1. This document created quite a stir in the courtroom. Moments earlier Mr. Melton seemed to be in a hurry to get somewhere else, but when he returned from the Judge's chambers he addressed Mr. Poe with the statement "I think we're in trouble".

Towards the end of the hearing Mr. Wallace asked to be sure the ownership document had actually been entered into the record. At that time Judge Frizzell informed Mr. Wallace that the title document was not in evidence because of some technicality & when Mr. Wallace requested again that it be entered & that I was a witness to how the document had been secured. Mr. Poe objected & Judge Frizzell sustained the objection. The Judge wanted to keep the ownership document, probably because it had been labeled by the court reporter, Wallace #1. Since it wasn't being allowed in the record Mr. Wallace took it back.



EXHIBIT

D

At that time the Judge approved the sale knowing full well that the parties asking for the approval of the sale didn't own any part of the property offered for sale.

KIMBERLY P. DEARDORFF
Notary Public
State of Oklahoma
Commission # 01009980  Expires 7/16/09

Kimberly P. Deardorff
Notary Public

18, October, 2005

To whom it may concern,

I hereby certify, under penalty of law, that the following is a true and correct account of what I observed in Judge Frizzell's court on 26, August, 2005.

The case pending before the court was a request to approve the sale of certain property that was represented to be in the Lorice T. Wallace Family Limited Partnership. The Trustees for the Partnership had requested the court approval.

During a brief recess, Steve Wallace an heir went to the Tulsa County Assessor's office to see who was in title to the subject property. The records showed the title to the property was held individually by Mr. Wallace's parents and was clearly not under control of the Partnership. Mr. Wallace asked that this document, the ink still wet, be entered into the court record. Judge Frizzell denied the request under some technicality that the evidence had been offered improperly. Mr. Wallace requested again properly that it be entered. Mr. Poe objected and Judge Frizzell sustained the objection. Even after this document had been seen by the Judge, whether entered into evidence or not, he went on and approved the sale.

I have been in mortgage banking for my entire adult life. I was astounded that the Judge went ahead with the approval of the sale when it was clear that the trustees had no right to offer the property for sale. This was the most blatant example of judicial prejudice I have ever witnessed in my life.



Donald W. Broome


State of Oklahoma
Oklahoma County

This document was acknowledged before me this 18th Day of October, 2005

Notary Public

WENDY WILLIAMS
Notary Public
State of Oklahoma
Commission # 00019395 Expires 12/02/08



EXHIBIT
E

JAMES M. INHOFE
OKLAHOMA

WASHINGTON OFFICE
453 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-3603
(202) 224-4721

TULSA OFFICE
1924 SOUTH UTICA, SUITE 530
TULSA, OK 74104
(918) 748-5111

OKLAHOMA CITY OFFICE
1900 N.W. EXPRESSWAY, SUITE 1210
OKLAHOMA CITY, OK 73118
(405) 608-4381

COMMITTEES:
ARMED SERVICES
ENVIRONMENT AND
PUBLIC WORKS

# United States Senate

WASHINGTON, DC 20510-3603

January 4, 2006

Mr. Stephen P. Wallace
6528 East 101st #D-1 304
Tulsa, Oklahoma 74133

Dear Mr. Wallace:

Thank you for contacting my office concerning District Judge Gregory Frizzell.

I have forwarded your concerns to the United States Department of Justice. As soon as I receive a response to my inquiry, I will contact you.

I appreciate the opportunity to be of assistance. If you have any questions, please do not hesitate to contact my assistant, Chris Stover, in my Oklahoma City office at 405-608-4381.

Sincerely,

James M. Inhofe
United States Senator

JMI:cs

EXHIBIT

JAMES M. INHOFE
OKLAHOMA

WASHINGTON OFFICE
453 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-3603
(202) 224-4721

TULSA OFFICE
1924 SOUTH UTICA, SUITE 530
TULSA, OK 74104
(918) 748-5111

OKLAHOMA CITY OFFICE
1300 N.W. EXPRESSWAY, SUITE 1210
OKLAHOMA CITY, OK 73118
(405) 608-4381

**United States Senate**

WASHINGTON, DC 20510-3603

COMMITTEES:
ARMED SERVICES
ENVIRONMENT AND
PUBLIC WORKS

RECEIVED,
SECRETARY OF THE SENATE

06 JUN -7 PM 4: 02

June 7, 2006

Mr. Robert Walker
Chief Counsel and Staff Director
Select Committee on Ethics
SH-220
Washington, DC 20510

Dear Mr. Walker,

Attached is an amendment you recently requested on Schedule IIIA of the 2005 +2004
Financial Disclosure Report. If you have additional questions, please do not
hesitate to ask.

Sincerely,

James M. Inhofe
United States Senator





EXHIBIT
G

Reporting Individual's Name

INHOFE, JAMES M.

# PART II.  EARNED AND NON-INVESTMENT INCOME

Report the source (name and address), type, and amount of earned income to you from any source aggregating $200 or more during the reporting period. For your spouse, report the source (name and address) and type of earned income which aggregate $1,000 or more during the reporting period. No amount needs to be specified for your spouse. (See p.3, CONTENTS OF REPORTS Part B of Instructions.) Do not report income from employment by the U.S. Government for you or your spouse.

**Individuals not covered by the Honoraria Ban:**
If you and /or your spouse, report honoraria income received which aggregates $200 or more by exact amount, give the date of, and describe the activity (speech, appearance or article) generating such honoraria payment.  Do not include payments in lieu of honoraria reported on Part I.

| Name of Income Source | Address (City, State) | | Type of Income | | Amount |
|---|---|---|---|---|---|
| Example: | | | | | |
| JP Computers | Wash., DC | Example | Salary | Example | $15,000 |
| MCI (Spouse) | Arlington, VA | Example | Salary | Example | Over $1,000 |
| GUARANTY ABSTRACT COMPANY | TULSA, OKLAHOMA | | SALARY | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |



**AL LINDLEY**
State Representative
District 93

CAPITOL:
2300 N. Lincoln Blvd.
State Capitol Building
Room 328-A
Oklahoma City, OK 73105-4885
(405) 557-7371

HOME:
2529 S.W. 55ᵗʰ Street
Oklahoma City, OK 73119
(405) 681-8352

## House of Representatibes

STATE OF OKLAHOMA
DISTRICT 93

COMMITTEES:

MEMBER:

Revenue and Taxation
Rules

Health & Human Services
Ranking Democrat

July 24, 2006

Speaker Todd Hiett
House of Representatives
2300 N. Lincoln
Oklahoma City, OK 73105

Dear Speaker Hiett:

Recently I received a copy of a Petition of Judicial Impeachment from Stephen P. Wallace representing Lisa F. Wallace. The petition calls for Articles of Impeachment upon Oklahoma Supreme Court Chief Justice Joseph Watt, Tulsa County Presiding District Judge Gregory Frizzell and Tulsa County District Judge Ronald Shaffer.

The petition contains very serious allegations that should be examined by as Special House Committee appointed by your office and under the direction of the Oklahoma State Constitution. It is my opinion that naming a Special House Committee to examine the alleged charges is the most appropriate avenue to resolve the matter.

I look forward to your timely reply.

Sincerely,

Al Lindley
State Representative
District 93

AL/lj



EXHIBIT

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

In re:                 )
THE LORICE T. WALLACE   )
REVOCABLE TRUST DATED   )
DECEMBER 26, 1974, AS RESTATED  )   No. PT-2002-56
EFFECTIVE OCTOBER 5, 1993 AND  )
AS AMENDED ON FEBRUARY 12,  )   Hon. Gregory K. Frizzell
1998, THE LORICE T. WALLACE   )
IRREVOCABLE TRUST DATED    )
FEBRUARY 8, 1996, AND THE LORICE )
T. WALLACE IRREVOCABLE TRUST  )
DATED SEPTEMBER 11, 1992, ALSO  )
KNOWN AS THE LORICE T. WALLACE )
LIFE INSURANCE TRUST.      )

## ORDER CHARGING ATTORNEY FEES AND COSTS AGAINST RESPONDENT STEPHEN P. WALLACE'S TRUST AND PARTNERSHIP INTERESTS

On this **24th** day of October, 2006 said cause came on for hearing upon the June

30, 2006 Motion of Petitioners for Order Charging Attorney Fees, Litigation Expenses and

Costs against Respondent Stephen P. Wallace and his interests in the Lorice T. Wallace

Revocable Trust as restated effective October 5, 1993 and as amended February 12, 1998, the

Lorice T. Wallace Irrevocable Trust dated February 8, 1996 and the Lorice T. Wallace

Family Limited Partnership, Petitioner The Trust Company of Oklahoma appearing by

counsel James C. Milton, Petitioner Ronald J. Saffa being present and with counsel James E.

Poe and Respondent Stephen P. Wallace ~~appearing in person~~/not appearing. Appearances

*GWF*

otherwise are as noted in the record. Having heard presentations regarding the Motion, the

Court finds:

1.      This Motion pertains to attorney fees, expenses and litigation costs incurred by

Petitioners/Co-Trustees in regard to various and voluminous litigation and legal proceedings

either brought by Stephen P. Wallace or necessitated by his continuing unfounded,



oppressive litigation actions concerning the said Trusts and Family Limited Partnership or assets thereof, all subsequent to the final judgment in predecessor action PT-2000-21.

2.     The Court takes note of prior Orders in Case No. PT-2000-21 filed particularly July 21, 2003 and August 28, 2003 by which earlier attorney fees, costs and litigation expenses totaling $334,446.78 were charged against the interests of Stephen P. Wallace in the Lorice T. Wallace Revocable Trust.

3.     The Court further takes notice of its prior Order in Case No. PT-2000-44, an Order filed August 9, 2002 in which the Court assessed attorney fees of $65,213.91 and costs of $2,270.12 against any distribution interest of Stephen P. Wallace in the Frank Wallace Trust referenced in that proceeding.

4.     The Court notes and finds that the same conduct which prompted entry of those prior orders has continued and Petitioners/Co-Trustees have been compelled to retain counsel, pay attorney fees, court costs and litigation expenses continually and throughout the time periods involved in this Motion, particularly from April 2002 to January 2005 and for certain proceedings to September 2005. The Court finds that sums necessarily expended by Petitioners/Co-Trustees during the aforesaid time periods in defending and/or responding to Stephen P. Wallace litigation and contentions or issues advanced by him have now totaled a sum not less than $477,044.02. None of the said attorney fees, costs and expenses would have been necessary or incurred except for litigation activities of Stephen P. Wallace.

5.     The Court does further officially notice its prior Order filed April 21, 2004 in which it reiterated its earlier assumption of jurisdiction over these referenced Trusts, the subject matter thereof and the Trustees and restrained, enjoined and prohibited Stephen P. Wallace from filing lawsuits or commencing legal proceedings of any kind in courts or jurisdictions

other than this Court regarding the Trusts or the Trustees. The Court has also been called upon repeatedly to examine Trustees' litigation expenditures with each of the Interim Applications for Approval of Attorney Fees and Costs and the Court also judicially notices the prior proceedings for approval of attorney fees and costs during the time intervals involved herein.

6.    The litigation actions and positions of Mr. Wallace have continued to be without merit, vexatious and oppressive in character, in obvious contradiction to final judicial determinations and purely in bad faith. For each of the reasons asserted in the application, namely provisions of the Trusts as amended, provisions of Title 60 O.S. § 175.57(D) and Court decisions including *City National Bank and Trust Company of Oklahoma City vs. Owens*, 1997 OK 86, 565 P.2d 4, *Atwood vs. Atwood*, 2001 OK CIV APP 48, 25 P.3d 936 and *Dean Bailey Olds, Inc. vs. Richard Preston Motor Company, Inc.*, 2000 OK 89, 32 P.3d 816, all of the aforementioned expenditures should be charged against Stephen P. Wallace and any interests in, or distributions to him, from the aforesaid Lorice T. Wallace Revocable Trust, the Lorice T. Wallace Irrevocable Trust last described and the Lorice T. Wallace Family Limited Partnership.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

In accordance with the Lorice T. Wallace Revocable Trust of 1974 as restated October 5, 1993 and further amended February 12, 1998, and the May 1998 letter agreement upon which The Trust Company of Oklahoma accepted appointment as Successor Co-Trustee, the sums hereinabove described are chargeable against any interests of Stephen P. Wallace in the two Trusts heretofore described and the Limited Partner interest of Stephen P. Wallace in the Lorice T. Wallace Family Limited Partnership. Accordingly, Petitioners/Co-

3

Trustees are hereby authorized to offset against Stephen P. Wallace distributions a sum not to

GKF    #419,648.22

exceed $477,044.02 pursuant to this Order, in addition to those sums

GKF previously ordered.

IT IS FURTHER ORDERED AND DECREED that the same said sum of

#419,648.22

GKF $477,044.02 be charged to and assessed against Stephen P. Wallace individually because of

meritless, vexatious bad faith litigation necessitating said expenditures by Petitioners/Co-

Trustees.

Done in open Court this date hereinabove written.

_Gregory K. Frizzell_

HON. GREGORY K. FRIZZELL
District Judge

Order prepared and presented by:

JAMES E. POE, OBA #7198
Covington & Poe
111 West 5th, Suite 740
Tulsa, Oklahoma 74103
(918) 585-5537-phone
(918) 585-5530-fax
*Attorney for Ronald J. Saffa,*
*Co-Petitioner/Co-Trustee*

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

OCT 2 5 2006

By_____
Deputy

4

## CERTIFICATE OF MAILING

On the 25th day of October, 2006 a true and correct copy of the foregoing Order was mailed with proper postage thereon fully prepaid to:

Stephen P. Wallace
6528 East 101st, D-1 #304
Tulsa, Oklahoma 74133

Joan Godlove, Esq.
2121 South Columbia, Suite 500
Tulsa, Oklahoma 74114-3519
*Attorney for Mary Roma Jage*

Patricia Wallace Hastings
2934 East 73rd Place
Tulsa, Oklahoma 74136

James C. Milton, Esq.
320 South Boston, Suite 500
Tulsa, Oklahoma 74103

JAMES E. POE



**EXHIBIT**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )    Case No. PT-2002-56
on February 12, 1998, the Lorice T. )
Wallace Irrevocable Trust dated February )    Hon. Gregory K. Frizzell
8, 1996, and the Lorice T. Wallace )
Irrevocable Trust dated September 11, )
1992, also known as the Lorice T. Wallace )
Life Insurance Trust, and the Lisa Frances )
Wallace Discretionary Spendthrift Trust. )

**FINAL ORDER REGARDING
FORFEITURE OF RESPONDENT STEPHEN PAUL WALLACE'S BENEFICIAL
INTEREST IN THE LORICE T. WALLACE REVOCABLE TRUST
AND THE LORICE T. WALLACE IRREVOCABLE TRUST**

Before the Court is the Petitioners' June 30, 2006 Application for Instructions Regarding

Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable

Trust and the Lorice T. Wallace Irrevocable Trust. The Court entered an Order on July 20, 2006,

setting the June 30, 2006 Application for hearing before the Court at 9:45 o'clock a.m., on the

24th day of October, 2006. On July 20, 2006, counsel for Petitioner The Trust Company of

Oklahoma filed an Affidavit of Mailing, showing that the July 20, 2006 Order Setting Hearing

was mailed to the parties to this action, including Respondent Stephen Paul Wallace.

Respondent Stephen Paul Wallace filed no response to the June 30, 2006 Application for

Instructions Regarding Conduct in Apparent Violation of the No-Contest Provisions of the

Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust. Mr. Wallace

did not appear at the October 24, 2006 hearing regarding the June 30, 2006 Application. At the

scheduled hearing on October 24, 2006, the Court received evidence and argument and

considered the merits of the June 30, 2006 Application.

The Court treats separately the requests for instructions regarding potential forfeiture by

Respondent Stephen Paul Wallace and the requests for instructions regarding potential forfeiture

1

by Respondent Mary Roma Jage.   This Final Order shall address only the requests for instructions regarding potential forfeiture by Respondent Stephen Paul Wallace.

Having reviewed the June 30, 2006 Application and the exhibits accompanying the Application, having received evidence, and having heard the arguments presented by Trust Company, the Court finds that Stephen Paul Wallace has contested the validity of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, more commonly described in this proceeding as the Lorice T. Wallace Revocable Trust.  The controlling instruments of the Lorice T. Wallace Revocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed.  Subsequent to that date, Mr. Wallace has contested the validity of these controlling instruments through (1) statements on the record during proceedings on August 8, 2003 regarding the Petitioners' request for instructions regarding a distribution to Holy Angels School Charitable Endowment Fund, as set forth in Paragraph 5 of the June 30, 2006 Application and Exhibit "1" to the Application; (2) statements made in a complaint filed in state court in Du Page County, Illinois, in a lawsuit filed by Mr. Wallace against Petitioner Ronald J. Saffa and others, as set forth in Paragraph 13 of the June 30, 2006 Application and Exhibit "9" to the Application; (3) statements made in footnote 8 to an October 20, 2006 Combined Reply filed in Oklahoma Supreme Court Case No. 102346, as set forth in Paragraph 14 of the June 30, 2006 Application and Exhibit "10" to the Application; and (4) such other statements as described by the Court on the record during the October 24, 2006 hearing.

The Court further finds that Stephen Paul Wallace has contested the validity of the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, more commonly described in this proceeding as the Lorice T. Wallace Irrevocable Trust.  The controlling instrument of the Lorice

2

T. Wallace Irrevocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Mr. Wallace has contested the validity of this controlling instrument through (1) statements made in a complaint filed in state court in Du Page County, Illinois, in a lawsuit filed by Mr. Wallace against Petitioner Ronald J. Saffa and others, as set forth in Paragraph 13 of the June 30, 2006 Application and Exhibit "9" to the Application; (2) statements made in footnote 8 to an October 20, 2006 Combined Reply filed in Oklahoma Supreme Court Case No. 102346, as set forth in Paragraph 14 of the June 30, 2006 Application and Exhibit "10" to the Application; and (3) such other statements as described by the Court on the record during the October 24, 2006 hearing.

The Court finds that these contests by Respondent Stephen Paul Wallace against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the requirements of the no-contest provisions of both trusts, as quoted in Paragraphs 3 and 4 of the June 30, 2006 Application and as contained in the controlling instruments determined by the Court in the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21, both of which provide as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist."

The Court further finds that these contests by Respondent Stephen Paul Wallace against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the definition of a "contest" as set forth in *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21, which states that "[t]he word, contest, as it pertains to a no contest clause

3

is defined as any legal proceeding designed to result in the thwarting of the testator's wishes as expressed . . . ."

The Court further finds that Mr. Wallace lacked probable cause to engage in these contests of the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust because, among other reasons, (1) the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21 determined the controlling instruments of these two trusts, (2) Mr. Wallace did not appeal the March 25, 2002 Journal Entry of Final Judgment, and (3) Mr. Wallace is therefore bound by its determinations.

Having found that Mr. Wallace has violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, the Court finds and orders, as to both of these two trusts, that Mr. Wallace shall receive no distribution from the trusts, and distribution from the trusts shall be made as though Mr. Wallace did not exist.

IT IS THEREFORE ORDERED that Respondent Stephen Paul Wallace shall receive no distribution from the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, and distribution from this trust shall be made as though Respondent Stephen Paul Wallace did not exist.

IT IS FURTHER ORDERED that Respondent Stephen Paul Wallace shall receive no distribution from the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and distribution from this trust shall be made as though Respondent Stephen Paul Wallace did not exist.

The Court finds, pursuant to Okla. Stat. tit. 12, § 994(A), that there is no just reason for delay in the entry of a final order regarding the issues addressed by this Order. The Court therefore directs that this Order shall be files as a final order regarding the forfeiture of Respondent Stephen Paul Wallace's beneficial interest in the Lorice T. Wallace Revocable Trust

dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12,

1998 and the Lorice T. Wallace Irrevocable Trust dated February 8, 1996.

Dated this _25_ day of _Oct_, 2006.


Gregory K. Frizzell
_____

HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE


*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Telephone: (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

OCT 2 5 2006

By_____
Deputy

5

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )
on February 12, 1998, the Lorice T. )        Case No. PT-2002-56
Wallace Irrevocable Trust dated February )
8, 1996, and the Lorice T. Wallace )          Hon. Gregory K. Frizzell
Irrevocable Trust dated September 11, )
1992, also known as the Lorice T. Wallace )
Life Insurance Trust, and the Lisa Frances )
Wallace Discretionary Spendthrift Trust. )

## FINAL ORDER REGARDING
## FORFEITURE OF RESPONDENT MARY ROMA JAGE'S BENEFICIAL INTEREST
## IN THE LORICE T. WALLACE REVOCABLE TRUST
## AND THE LORICE T. WALLACE IRREVOCABLE TRUST

Before the Court is the Petitioners' June 30, 2006 Application for Instructions Regarding

Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable

Trust and the Lorice T. Wallace Irrevocable Trust. The Court entered an Order on July 20, 2006,

setting the June 30, 2006 Application for hearing before the Court at 9:45 o'clock a.m., on the

24th day of October, 2006. On July 20, 2006, counsel for Petitioner The Trust Company of

Oklahoma filed an Affidavit of Mailing, showing that the July 20, 2006 Order Setting Hearing

was mailed to the parties to this action, including Respondent Mary Roma Jage.

Through her counsel, Respondent Mary Roma Jage filed a brief in response to the June

30, 2006 Application for Instructions Regarding Conduct in Apparent Violation of the No-

Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace

Irrevocable Trust. Through her counsel, Ms. Jage appeared at the October 24, 2006 hearing

regarding the June 30, 2006 Application. At the scheduled hearing on October 24, 2006, the

Court received evidence and argument and considered the merits of the June 30, 2006

Application. The June 30, 2006 Application was continued to October 25, 2006, at 10:30 a.m.,



as it relates to Respondent Mary Roma Jage. Ms. Jage appeared at the October 25, 2006 hearing both in person and through counsel.

The Court treats separately the requests for instructions regarding potential forfeiture by Respondent Stephen Paul Wallace and the requests for instructions regarding potential forfeiture by Respondent Mary Roma Jage. This Final Order shall address only the requests for instructions regarding potential forfeiture by Respondent Mary Roma Jage.

Having reviewed the June 30, 2006 Application and the exhibits accompanying the Application, having received evidence, and having heard the arguments presented by Trust Company, the Court finds that Mary Roma Jage has contested the validity of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, more commonly described in this proceeding as the Lorice T. Wallace Revocable Trust. The controlling instruments of the Lorice T. Wallace Revocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Ms. Jage has contested the validity of these controlling instruments through allegations made in the federal-court Complaint described in Paragraph 21 of the June 30, 2006 Application and attached as Exhibit "14" to the Application.

The Court further finds that Mary Roma Jage has contested the validity of the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, more commonly described in this proceeding as the Lorice T. Wallace Irrevocable Trust. The controlling instrument of the Lorice T. Wallace Irrevocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Ms. Jage has contested the validity of this controlling instrument through allegations

made in the federal-court Complaint described in Paragraph 21 of the June 30, 2006 Application and attached as Exhibit "14" to the Application.

The Court finds that these contests by Respondent Mary Roma Jage against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the requirements of the no-contest provisions of both trusts, as quoted in Paragraphs 3 and 4 of the June 30, 2006 Application and as contained in the controlling instruments determined by the Court in the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21, both of which provide as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist."

The Court further finds that these contests by Respondent Mary Roma Jage against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the definition of a "contest" as set forth in *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21, which states that "[t]he word, contest, as it pertains to a no contest clause is defined as any legal proceeding designed to result in the thwarting of the testator's wishes as expressed . . . ."

The Court further finds that Ms. Jage lacked probable cause to engage in these contests of the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust because, among other reasons, (1) the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21 determined the controlling instruments of these two trusts, (2) Ms. Jage did not appeal the March 25, 2002 Journal Entry of Final Judgment, and (3) Ms. Jage is therefore bound by its determinations.

Having found that Ms. Jage has violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, the Court finds and orders, as to both of these two trusts, that Ms. Jage shall receive no distribution from the trusts, and distribution from the trusts shall be made as though Ms. Jage did not exist.

IT IS THEREFORE ORDERED that Respondent Mary Roma Jage shall receive no distribution from the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, and distribution from this trust shall be made as though Respondent Mary Roma Jage did not exist.

IT IS FURTHER ORDERED that Respondent Mary Roma Jage shall receive no distribution from the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and distribution from this trust shall be made as though Respondent Mary Roma Jage did not exist.

The Court finds, pursuant to Okla. Stat. tit. 12, § 994(A), that there is no just reason for delay in the entry of a final order regarding the issues addressed by this Order. The Court therefore directs that this Order shall be files as a final order regarding the forfeiture of Respondent Mary Roma Jage's beneficial interest in the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998 and the Lorice T. Wallace Irrevocable Trust dated February 8, 1996.

Dated this _____25_____ day of _____Oct._____, 2006.


Gregory K. Frizzell

_____
HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

OCT 2 5 2006

By _____
            Deputy

4

*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Telephone: (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma