UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

**REPLY TO STEPHEN P. WALLACE'S RESPONSE (DOC. NO. 24) TO MOTION TO REMAND (DOC. NO. 4)**

In their November 9, 2006 Motion to Remand (Doc. No. 4), Petitioners The Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa have shown that removal is inappropriate here. The attempted notice of removal filed by Mr. Wallace in this action on October 23, 2006 is part of Mr. Wallace's long-running effort to disrupt a state-court action regarding the administration of trusts. With his November 27, 2006 Response (Doc. No. 24), Mr. Wallace has shown that he sees the removal process as something that he manipulate to his advantage, without regard to the federal statutes governing removal jurisdiction.

The Motion to Remand and this Reply will demonstrate that the attempted notice of removal filed in this action is part of a scheme by Mr. Wallace to delay the purportedly-removed state-court action. The state-court action is an action under state-law for state-court supervision and administration of certain trusts listed in the caption above. The administration of these trusts involves certain time-sensitive issues that must be addressed by the state court. The continued pendency of Mr. Wallace's purported notice of removal has allowed Mr. Wallace to further impede and disrupt the state-court proceedings. For these reasons, Trust Company and Mr. Wallace request that the Court consider their November 9, 2006 Motion to Remand on an expedited basis, particularly now that it is at issue.

ARGUMENT AND AUTHORITIES

**1.     The Motion to Remand should be deemed conceded.**

D.C. Local Rule LCvR 7.1(b) provides that "[w]ithin 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Mr. Wallace's November 27, 2006 Response was filed eighteen (18) days after the Motion to Remand. Mr. Wallace did not seek leave to file the Response out of time. The Response fails to address many of the points raised by Trust Company and Mr. Saffa in their Motion to Remand. Instead, Mr. Wallace argues that Trust Company and Mr. Saffa (the Petitioners in the action that Mr. Wallace has attempted to remove from the District Court of Tulsa County) lack standing to seek remand because they have not been "served." [11/27/2006 Response (Doc. No. 24), at p. 2.]

The U.S. Court of Appeals for the District of Columbia has stated that "where the district court relies on the absence of a response as a basis for treating the motion as conceded," the D.C. Circuit will uphold its enforcement of the rule. *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997). The Court's determination of whether the Motion to Remand is conceded is highly discretionary. *Talley v. District of Columbia*, 433 F. Supp. 2d 5, 7 n.5 (D.D.C. 2006). In exercising this discretion, the Court should consider whether the movants have been prejudiced by the delay or failure to respond. *See Fernandez v. Centerplate/NBSE, Inc.*, No. Civ.A. 04-0809RBW, 2005 WL 3273370, slip op. at p. 2 n.2 (D.D.C., Aug. 1, 2005) ("The plaintiff's opposition was filed only three days after the eleven day period expired, and because it is not apparent how the defendant has been prejudiced by this untimely filing, the Court will not treat the motion as conceded.") (citing *Twelve John Does*).

The prejudice in this instance can be seen through a review of Mr. Wallace's various filings in this action. On October 23, 2006, Mr. Wallace filed a document that he titled "Notice of Removal and Complaint." [Complaint (Doc. No. 1), at p. 1 (title).] The document was coded by the Court Clerk as a Fed. R. Civ. P. 7(a) complaint rather than as a 28 U.S.C. § 1446(a) notice of removal. In the Notice of Removal and Complaint, Mr. Wallace has attempted to accomplish both objectives – removal of a state-court action and assertion of new claims against a list of eight defendants, only two of which are parties to the underlying state-court action. On October 31, 2006, Mr. Wallace filed a motion seeking to hold the state-court judge, Tulsa County Presiding Judge Gregory K. Frizzell, in contempt of court for proceeding with the state-court action despite the filing of a facially invalid notice of removal. [10/31/2006 Motion for Order to Show Cause (Doc. No. 3); 11/10/2006 Memorandum in Opposition (Doc. No. 22).] As shown in Trust Company and Mr. Saffa's Memorandum in Opposition, the filing of a facially-invalid notice of removal does not prevent the state court from proceeding with the action, particularly where, as here, the facially-invalid notice of removal was filed for the sole apparent purpose of delaying and disrupting the state-court proceedings. [11/10/2006 Memorandum in Opposition (Doc. No. 22), at pp. 2-6.]

On November 29, 2006, Mr. Wallace has filed a *second* motion for show cause hearing, again seeking to hold Tulsa County Presiding Judge Frizzell in contempt for proceeding with the state-court action. [11/29/2006 Motion for Show Cause Hearing (Doc. No. 23).] At the same time, Mr. Wallace has filed his November 27, 2006 Response (Doc. No. 24), suggesting that Trust Company and Mr. Saffa "lack standing" to request remand because they "have not even been served yet." [11/27/2006 Response (Doc. No. 24), at p. 2.]

These circumstances demonstrate that Mr. Wallace is seeking to pressure the state-court judge by seeking contempt proceedings against him, while at the same time attempting to delay

the state-court Petitioners' effort to obtain an order recognizing the facial invalidity of the notice of removal. This tactic should be sufficient to establish prejudice for purposes of Local Rule LCvR 7.1(b) and *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In any event, the portions of the November 9, 2006 Motion to Remand not addressed by Mr. Wallace in his November 27, 2006 Response should be treated as conceded. "It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003). The Motion to Remand shows that Mr. Wallace filed his Notice of Removal in the wrong court. [11/9/2006 Motion to Remand (Doc. No. 4), at p. 7.] The Motion to Remand shows that Mr. Wallace failed to comply with the time restrictions applicable to notices of removal. [*Id.*] The Motion to Remand also shows that Mr. Wallace failed to comply with the procedural requirements of 28 U.S.C. § 1446(a). [*Id.* at pp. 7-8.] Finally, the Motion to Remand shows that the purportedly removed action falls outside the Court's removal jurisdiction. [*Id.* at pp. 8-9.] With no arguments offered by Mr. Wallace in opposition to these points, the points should be deemed conceded. *See Adolph Coors Co. v. Truck Ins. Exchange*, No. Civ.A. 04-2150RMU, 2005 WL 486580, slip op. at p. 3 (D.D.C., Feb. 28, 2005) (treating as conceded certain jurisdictional issues not addressed in a defendant's failure to respond to a motion to remand).

**2.     Trust Company and Mr. Saffa hold sufficient standing and capacity to move for remand – or for an order striking the purported notice of removal.**

The November 9, 2006 Motion to Remand demonstrates that Trust Company and Mr. Saffa are the Petitioners in the purportedly-removed state-court action. As parties to the purportedly-removed state-court litigation, Trust Company and Mr. Saffa are most certainly among the limited class of persons who would hold the standing and capacity necessary to request remand under 28 U.S.C. § 1447(c).

4

3.  **Mr. Wallace is incorrect in suggesting that materials submitted to the Court with the November 9, 2006 Motion to Remand are "not of-record."**

The state-court Petitioners are uncertain regarding what it is that Mr. Wallace means when he said that the materials submitted to the Court with the November 9, 2006 Motion to Remand are not "of record." The materials are sufficiently before the Court to serve as basis for an order striking the notice of removal or remanding the action to state court. Two of the documents submitted with the Motion to Remand (Exhibits "14" and "15") are documents that are on file within the records maintained by the U.S. District Court for the District of Columbia. One of the documents submitted with the Motion to Remand (Exhibit "16") is the pleading that initiated the purportedly removed action. The other documents submitted with the Motion to Remand are papers and orders filed in other U.S. District Courts, showing Mr. Wallace's pattern of litigation abuse. Exhibit "17" to the November 9, 2006 Motion to Remand is a declaration executed by the state-court attorney for Trust Company. The declaration provides identification of each of the other sixteen documents submitted with the Motion to Remand.

4.  **To the extent that the October 23, 2006 Notice of Removal and Complaint attempts to assert new causes of action, the document should be stricken as noncompliant with Fed. R. Civ. P. 7(a) and 28 U.S.C. § 1446(a).**

If the October 23, 2006 Notice of Removal and Complaint is a 28 U.S.C. § 1446(a) notice of removal, then the combination of the notice of removal with a pleading asserting new claims is improper under Fed. R. Civ. P. 7(a) and Section 1446(a). Neither provision allows for the combination of these two separate and distinct types of documents. The state-court Petitioners have found no case law on the issue, presumably because very few have tried this particular tactic. The tactic is very likely an unusual one because removals are to be filed by defendants, while complaints are to be filed by plaintiffs. While defendants may wish to assert counterclaims or third-party claims, these claims are required to be set forth in a pleading. *See* Fed. R. Civ. P. 13(a), 14(a). A notice of removal is not a pleading for purposes of Rule 7(a).

5

Fed. R. Civ. P. 7(a). Rule 81(c) of the Federal Rules of Civil Procedure contemplates that a defendant's pleadings will be made separately from the notice of removal. Furthermore, as demonstrated by the November 9, 2006 Motion to Remand, the purportedly-removed state-court action has been pending for years. As a result, "all necessary pleadings have been served" for purposes of Rule 81(c). To the extent that Mr. Wallace intends his Notice of Removal and Complaint to be a third-party complaint or an omitted counterclaim, Mr. Wallace has failed to follow the requisites of Rules 13(a) and 14(a). Finally, Mr. Wallace has admitted in his November 27, 2006 Response that the Notice of Removal and Complaint has not been served on Trust Company or Mr. Saffa. Rule 5(a) of the Federal Rules of Civil Procedure requires that every pleading subsequent to the initial pleading must be served upon each of the parties. While the state-court Petitioners have responded to the facially-invalid notice of removal by filing their Motion to Remand, the state-court Petitioners should not be required to respond to a purported pleading that has not been served in the manner contemplated by Rule 5(a).

## CONCLUSION

For the foregoing reasons, Petitioners The Trust Company of Oklahoma and Ronald J. Saffa respectfully request that the Court enter an order (1) striking the notice of removal as invalid, (2) denying leave to file the notice of removal, or (3) remanding the action to the District Court of Tulsa County, State of Oklahoma.

                                                RONALD J. SAFFA AND THE TRUST
                                                COMPANY OF OKLAHOMA
                                                By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

Stephen E. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma  74133
*Pro Se*

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma  74136

Joan Godlove, Esq.
2121 S. Columbia, Suite 500
Tulsa, OK 74114-3519

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma  74119-1248

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.
3300 MidContinent Tower
Tulsa, Oklahoma  74103

Reuben Davis, Esq.
Boone, Smith, Davis, Hurst & Dickman, P.C.
500 ONEOK Plaza
100 West 5th St.
Tulsa, Oklahoma  74103

/s/
Counsel