# United States District Court
## District of Columbia

| | | |
|---|---|---|
| In re: The Lorice T. Wallace Revocable<br>Trust dated December 26th, 1974, et al. | ) | |
| | ) | |
| Vs. | ) | Case No. 1:06-cv-1817 (RBW) |
| | ) | |
| Stephen P. Wallace, et al. | ) | |
| | ) | |
| respondents, | ) | |
| vs. | ) | |
| | ) | |
| James. C. Milton, | ) | |
| James E. Poe, | ) | |
| Ronald J. Saffa, | ) | |
| Gregory K. Frizzell, | ) | |
| James M. Inhofe, | ) | |
| Jack Kirkpatrick, | ) | |
| Guaranty Abstract, a corporation | ) | |
| domestic to the state of | ) | |
| Oklahoma, and | ) | |
| Trust Company of Oklahoma, its Directors | ) | |
| and shareholders, | ) | |
| defendants on cross-claim. | ) | |

## STEPHEN P. WALLACE'S MANDATORY JUDICIAL NOTICE UNDER AUTHORITY OF FEDERAL RULES OF EVIDENCE 201 (d) AND REQUEST FOR DEFAULT JUDGEMENT PURSUANT TO RULE 55A

### HISTORY

1) On November 1, 2006, (Docket Entry #3) Plaintiffs filed their Motion for a Show Cause Hearing under authority of 18 U.S.C. Section 401 regarding Gregory Frizzell's opportunity to purge his Contempt for this Court's process.

2) Frizzell, who is already in Default in U.S. District of Columbia Case No. 06-402 RBW on October 10, 2006, has **"failed to plead or otherwise defend this action though duly served..."**     (Exhibits 1 & 2)

3) Frizzell has <u>confessed</u> Contempt for this Court's process by violating the Automatic Stay on Proceedings <u>after Notice</u> of Removal was filed in State Court. (See Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996)

4) See Affidavit of Officer of the Court Joan Godlove, Esq.   (Exhibit 3)

5) In Counsel Sarvadi's November 9, 2006, Motion to Remand (p.5, lines 1-5) she raises Case No. 1:04-cv-1730 RWR and intentionally misrepresents the FACTS to this Court as the case was dismissed under an ORDER erroneously citing 28 U.S.C. Section 1441(a) when Wallace filed under **1441(b)** and <u>never ruled</u> on Plaintiff's Motion under **Rule 60 (b)(4)**, thus the PT-2002-56 Case was never Remanded back to Tulsa County therefore Frizzell has never had subject matter jurisdiction since November 10, 2004.  (Exhibit 4)

6) Frizzell has actual knowledge and judicial notice of blatant abuses of process in contempt case **06-402 RBW** in Transcript tampering and alternating court Transcript in collusion with his co-defendants who have never objected to nor denied the criminal tampering via counter Affidavits.   (Exhibit 5, 6 & 7)

## REMEDY SOUGHT

Wherefore Plaintiff respectfully requests the **Default Judgement** entry by the Court Clerk, sua sponte and instanter. Thereafter, the Court shall Order Frizzell to report to a federal holding facility in the District of Columbia and if Frizzell refuses, the Court shall ORDER the U.S. Marshall's to seize, extradite and incarcerate Frizzell in a District of Columbia holding facility pending Trial should Frizzell fail to purge the contempt.

Respectfully submitted,

Stephen P. Wallace
6528 E. 101st, D-1 #304
Tulsa, OK 74133
(918) 694-1870

## AFFIDAVIT

I swear/affirm the foregoing is true and correct to the best of my knowledge under penalty of perjury.

Stephen P. Wallace

State of Oklahoma       )
County of Oklahoma      )

Stephen P. Wallace appeared before me this *8th* day of *November*, 2006, and signed this Affidavit.

BESSIE TUBBS
NOTARY PUBLIC - STATE OF OKLAHOMA
MY COMMISSION EXPIRES AUG 29, 2010
COMMISSION # 02014832

Notary Public

## Certificate of Service

I certify that on December 7, 2006, I mailed a copy to:

Jennifer Sarvadi                         U.S. Senators Bill Frist and Harry Reid
225 Reinekers Lane, #700                 U. S. House Speaker Nancy Pelosi
Alexandria, VA 22314

Stephen P. Wallace

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEPHEN P. WALLACE

   Plaintiff(s)

   v.

Civil Action No. __06-402 RBW__

RONALD J. SAFFA, et al.,

   Defendant(s)

RE:  GREGORY FRIZZELL
     JOSEPH WATT

### DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint    on         9/7/06        , and an affidavit on behalf of the plaintiff having been filed, it is this 10TH day of __OCTOBER__, __2006__ declared that defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By: _____/S/ Tawana Davis_____
                 Deputy Clerk

EXHIBIT

1

```
===================================
          NORTHWEST STATION
        OKLAHOMA CITY, Oklahoma
              731069998
            3961360023-0097
  11/01/2006 (800)275-8777 01:11:41 PM
===================================
========== Sales Receipt ==========
Product          Sale Unit      Final
Description       Qty Price     Price
===================================


ALEXANDRIA VA 22314              $0.63
First-Class
2.00 oz.
                              ========
  Issue PVI:                     $0.63

OKLAHOMA CITY OK                 $0.63
73105 First-Class
1.90 oz.
                              ========
  Issue PVI:                     $0.63

TULSA OK 74103                   $2.55
First-Class
9.80 oz.
                              ========
  Issue PVI:                     $2.55

TULSA OK 74103                   $2.55
First-Class
9.80 oz.
                              ========
  Issue PVI:                     $2.55

TULSA OK 74103                   $2.55
First-Class
9.70 oz.
                              ========
  Issue PVI:                     $2.55


                             ==========
Total:                           $8.91

Paid by:
Cash                            $10.01
Change Due:                     -$1.10


Bill#:1000300104915
Clerk:03

All sales final on stamps and postage.
Refunds for guaranteed services only.
     Thank you for your business.
            Customer Copy
```

EXHIBIT

2

DISTRICT COURT
**F I L E D**

**IN THE DISTRICT COURT OF TULSA COUNTY** NOV 0 8 2006
**STATE OF OKLAHOMA**

SALLY HO... SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

In re: The Lorice T. Wallace Revocable Trust dated ⟩
December 26, 1974, as restated effective October 5, ⟩
1993 and as amended on February 12, 1998, the ⟩        No. PT-2002-56
Lorice T. Wallace Irrevocable Trust dated February 8, ⟩  Judge Gregory K. Frizzell
1996, and the Lorice T. Wallace Irrevocable Trust ⟩
dated September 11, 1992, also known as the Lorice ⟩
T. Wallace Life Insurance Trust. ⟩

## BENEFICIARY'S REQUEST THAT JUDGE FRIZZELL TAKE JUDICIAL NOTICE OF LEGAL AUTHORITY ESTABLISHING THAT HE LACKED JURISDICTION TO TAKE ANY ACTION IN THIS CASE AFTER HE LEARNED THAT IT HAD BEEN REMOVED TO FEDERAL COURT

At the commencement of the hearing set in this matter for October 24, 2006, District Judge Gregory K. Frizzell acknowledged that Stephen P. Wallace had filed a document titled "Notice of Removal of Case to Federal Court . . ." with the Clerk of the Tulsa County District Court on October 23, 2006. After noting that the Oklahoma Supreme Court recently stayed proceedings in two appeals after Mr. Wallace filed similar Notices with the Clerk of the appellate courts, Judge Frizzell asked counsel whether proceedings should be stayed in this trust action until the Federal court decided whether the case should be remanded.[1]

The Trust Company of Oklahoma ["TCO"], by and through attorney James C. Milton, answered this question with a resounding "NO," then directed Judge Frizzell's attention to a copy of a document titled "Petitioners' Bench Brief Regarding the Court's Continuing Authority to Enter Rulings in this Action Despite the Facially-Invalid Notice of Removal filed by Respondent Stephen P. Wallace on October 14, 2004." A copy of that brief, which TCO's attorney filed in this trust action on October 21, 2004, is attached as "Exhibit A."

---

[1] "Only a federal court may determine whether a case has been improperly removed." *Lewis v. C.J. Langenfelder & Son, Jr., Inc.,* 266 Va. 513, 517, 587 S.E.2d 697, 700 (2003) (citing cases).



EXHIBIT
**3**

After providing the Court and the undersigned attorney with copies of TCO's earlier-filed brief, Mr. Milton made arguments that were consistent with arguments quoted below from that brief:

> *The District Court of Tulsa County is authorized to continue to hear matters and enter rulings in this action,* despite the facially-invalid Notice of Removal filed by Respondent Stephen P. Wallace . . . . *Doing so would be subject only to the possibility that the post-removal proceedings would become null and void if Mr. Wallace's Notice of Removal successfully invoked the federal court's removal jurisdiction. Bell v. Burlington N. Rr. Co.,* 1986 OK CIV APP 17, 718 P.2d 949, 954, *cert. denied,* 482 U.S. 919 (1987).

(Emphasis added). Mr. Milton then urged Judge Frizzell to proceed to "the merits" of motions purported trustees TCO and Ronald J. Saffa had filed, including their Application for Instructions . . . Regarding Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust ["Joint Application"] and cited *Bell v. Burlington Northern Railroad,* as authority for doing so.

### Judge Frizzell had jurisdiction to determine his own jurisdiction after the Notice of Removal was filed.

The question of jurisdiction is primary and fundamental in every case; subject matter jurisdiction cannot be conferred by the consent of the parties, waived by the parties, or overlooked by the Court. *In re M.B.,* 2006 OK 63, ¶ 8, __P.3d ___. As the Oklahoma Supreme Court noted in *Bomford v. Socony Mobil Oil Co.,* 1968 OK 43, 440 P.2d 713:

> *A court is bound to take notice of the limits of its authority. It is its right and duty to make an examination into its jurisdiction,* whether raised by the pleadings or suggested by counsel or not, *and to determine its power to entertain the cause.* If the court finds at any stage of the proceedings that it is without jurisdiction, it is its duty to take proper notice of the defect by staying the proceedings, dismissing the cause, or by other appropriate action.

440 P.2d at 719 (emphasis added).

2

Although Judge Frizzell was aware that the Oklahoma Supreme Court had stayed two appeals under similar circumstances earlier this year, he summarily rejected the suggestion, made by the undersigned lawyer, that he should follow that court's lead and stay proceedings unless and until the case was remanded by the Federal court. Instead, he proceeded to the merits of TCO and Saffa's motions after accepting Mr. Milton's arguments at face value.

### The holding in *Bell v. Burlington Northern Railroad* is at odds with 28 U.S.C. § 1446(d) and Federal jurisprudence.

When TCO's lawyer made the argument in 2004, and again on October 24, 2006, that "[t]he District Court of Tulsa County *is authorized to continue to hear matters and enter rulings in this action,* despite the facially-invalid Notice of Removal filed by Respondent Stephen P. Wallace," he knew or should have known that that argument was not supported by existing law. (Emphasis added). A cursory reading of the applicable Federal statute would have conclusively established that fact. *See* 28 U.S.C. § 1446(d), which states:

> Promptly after the filing of such notice of removal of a civil action, the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded.*

(Emphasis added).

What Mr. Milton also failed to disclose to the Court when he cited *Bell v. Burlington Northern Railroad* (and what Judge Frizzell would have learned for himself if he had "ma[d]e an examination into [his] jurisdiction," as *Bomford* dictates) is the fact that its holding is at odds with existing Federal jurisprudence, as well as the plain language of 28 U.S.C. § 1446(d).

3

A representative sampling of Federal decisions which Mr. Milton would have discovered if he had made the inquiry mandated by 12 Okla. Stat. § 2011(B)(2) before he made the arguments in the bench brief he filed on TCO's behalf on October 21, 2004, or during the hearing on October 24, 2006 (and what Judge Frizzell would have learned if he had followed *Bomford*) are cited below in abbreviated form:

*In re Diet Drugs Prods. Liab. Litig.,* 282 F.3d 220, 232 n.6 (3d Cir. 2002) (a proper filing of a notice of removal immediately strips a state court of its jurisdiction; even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court).

*Yarnevic v. Brink's Inc.,* 102 F.3d 753, 754 (4th Cir. 1996) (proper filing of notice of removal immediately strips state court of its jurisdiction).

*Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1238 (9th Cir. 1994) (clear language of removal statute provides that state court loses jurisdiction upon filing of petition for removal) (citing *Sweeney v. Resolution Trust Corp.,* 16 F.3d 1, 6 (1st Cir.), *cert. denied,* 513 U.S. 914 (1994) and *Ward v. Resolution Trust Corp.,* 972 F.2d 196, 198 (8th Cir. 1992), *cert. denied,* 507 U.S. 971 (1993)).

*Maseda v. Honda Motor Co.,* 861 F.2d 1248, 1254 n. 11 (11th Cir. 1988) (after removal, jurisdiction of state court absolutely ceases and state court has a duty not to proceed any further in the case, even if case is improperly removed).

*Carter v. Ledraplastic SPA,* 313 F.Supp.2d 736, 738 (M.D. Tenn. 2004) (as soon as notice of removal of action to federal court is filed with state court, state court is prohibited from proceeding further).

*Schmude v. Sheahan,* 312 F.Supp.2d 1047, 1078 (N.D. Ill. 2004) (once a removal petition is filed and proper notice is given to adverse parties in state court, the federal district court has exclusive jurisdiction over the case; removal to federal court divests the state court of jurisdiction over the case).

*In re Plowman,* 218 B.R. 607, 615 (Bkrtcy N.D. Ala. 1998) (upon filing of removal notice, even when removal is improperly done, state court's jurisdiction terminates).

4

## Orders Judge Frizzell entered after a copy of the Notice of Removal was filed with the Clerk of this Court are void and of no legal effect.

Mr. Milton's argument that rulings Judge Frizzell might enter during post-removal proceedings could not possibly become null and void unless Mr. Wallace's Notice of Removal successfully invoked the federal court's removal jurisdiction is totally lacking in merit. If TCO's lawyer had conducted the inquiry mandated by 12 Okla.Stat. § 2011(B)(2), before he filed TCO's bench brief in 2004 or after receiving the recently-filed Notice of Removal, he would have found most, if not all, of the authorities cited below:

*Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992) (state appellate court could proceed no further after case was removed to federal court, so that state court's dismissal of state appeal was void), *cert. denied,* 507 U.S. 971 (1993).

*Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329 (D.S.C. 1996) (once notice of removal is filed, state court can proceed no further unless and until case is remanded; any further proceedings in state court are *coram non judice* and will be vacated even if removal subsequently is found to have been improper) (citing Chas. A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure,* § 3737 (1985)).

*Tarbell v. Jacobs*, 856 F.Supp. 101, 104 (N.D.N.Y. 1994) (once removal procedures are completed by the filing of the notice of removal in state court, state jurisdiction ends and any further action in state court is void).

*New York State Nat'l Organization for Women v. Terry,* 697 F.Supp. 1324 (S.D.N.Y. 1988) (state court action after removal is null and void).

*Eastern v. Centry,* 75 Ill.2d 566, 398 N.E.2d 1160, 1162 (1979) ("It is universally held that when a petition for removal has been filed in federal district court and the other acts specified in section 1446[] have been performed, the State court loses jurisdiction to proceed further until the case is remanded . . . [and] no action taken by the State court in the interim can stand.").

3 *Moore's Federal Practice,* § 107.31[2] ("Any further state court action after the filing of the removal notice is void.").

5

14 C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* § 3737 (3d ed. 1998) ("further proceeding in a state court are considered *coram non judice* and will be vacated even if the case is later remanded").

Given the holdings cited above, it follows that Orders Judge Frizzell entered after October 23, 2006, are null and void. Among such orders are Judge Frizzell's Order on Thirty-Seventh Interim Application for Approval of Attorney Fees and Costs and separate Final Orders regarding forfeiture of the beneficial interests of Mary Roma Wallace Jage and Stephen P. Wallace in trusts their mother created, which Judge Frizzell entered on October 25, 2005. Copies of the Final Orders are attached as "Exhibit B" and "Exhibit C."

Respectfully submitted,

Joan Godlove, OBA No. 10563
2121 South Columbia, Suite 500
Tulsa, Oklahoma 74114-3519
Telephone: (918) 744-0201

Attorney for Mary Roma Wallace Jage

6

NOTE TO DSDA RUNNER: A COPY OF THIS DOCUMENT SHOULD BE HAND
DELIVERED TO JUDGE FRIZZELL'S CHAMBERS.

DISTRICT COURT

IN THE DISTRICT COURT OF TULSA COUNTY    F I L E D
STATE OF OKLAHOMA

OCT 2 1 2004

| | | |
|---|---|---|
| In re: the Lorice T. Wallace Revocable | ) | |
| Trust dated December 26, 1974, as restated | ) | |
| effective October 5, 1993 and as amended | ) | Case No. PT-2002-56 |
| on February 12, 1998, the Lorice T. | ) | |
| Wallace Irrevocable Trust dated February | ) | Hon. Gregory K. Frizzell |
| 8, 1996, and the Lorice T. Wallace | ) | |
| Irrevocable Trust dated September 11, | ) | |
| 1992, also known as the Lorice T. Wallace | ) | |
| Life Insurance Trust, and the Lisa Frances | ) | |
| Wallace Discretionary Spendthrift Trust. | ) | |

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

THE PETITIONERS' BENCH BRIEF
REGARDING THE COURT'S CONTINUING AUTHORITY TO ENTER RULINGS IN
THIS ACTION DESPITE THE FACIALLY-INVALID NOTICE OF REMOVAL
FILED BY RESPONDENT STEPHEN P. WALLACE ON OCTOBER 14, 2004

The District Court of Tulsa County is authorized to continue to hear matters and enter

rulings in this action, despite the facially-invalid Notice of Removal filed by Respondent Stephen

P. Wallace on October 14, 2004. Doing so would be subject only to the possibility that the post-

removal proceedings would become null and void if Mr. Wallace's Notice of Removal

successfully invoked the federal court's removal jurisdiction. *Bell v. Burlington N. Rr. Co.*, 1986

OK CIV APP 17, 738 P.2d 949, 953, *cert. denied*, 482 U.S. 919 (1987). *See also Metropolitan

Cas. Ins. Co. v. Stevens*, 312 U.S. 563 (1941) (cited in *Bell v. Burlington N. Rr. Co.*).  In this

instance, Mr. Wallace's Notice of Removal fails to establish any basis for federal-court removal

jurisdiction.  Except in circumstances not present here, the Court's removal jurisdiction must be

based on either federal question or diversity of citizenship. 28 U.S.C. § 1441(a), (b).  There is no

diversity of citizenship here.  Furthermore neither the Notice of Removal nor the pleadings filed

by the Petitioners contain claims or requests for relief that would invoke the federal courts'

federal-question jurisdiction.  The Court is aware that Mr. Wallace has repeatedly used removal

1

**EXHIBIT A**

as a method of delaying and disrupting proceedings that he believes might not go his way. The rule referenced above appears to have been created to address precisely this problem.

The Petitioners intend to file a motion to remand in the U.S. District Court for the District of Columbia, unless that court enters a sua sponte order remanding the action of its own accord. It is unfortunate that Mr. Wallace's own conduct will cause the Petitioners, as trustees of the trusts of which Mr. Wallace is a beneficiary, to hire local counsel in the U.S. District Court for the District of Columbia for the purpose of filing a motion to remand.

The Petitioners note further that Mr. Wallace's current course of conduct shows no signs of letting up, despite the various filing restrictions and injunctions against suit entered by various courts before whom Mr. Wallace has appeared. Indeed, Mr. Wallace recently delivered a letter to Petitioner Ronald J. Saffa, extortionately threatening to initiate seven actions in various jurisdictions, most of which would appear to violate the terms of the injunction entered by the Court in the captioned action. The letter is attached hereto as Exhibit "1".

There is, therefore, no guarantee that Mr. Wallace will refrain from filing yet another notice of removal, perhaps attempting removal to yet another federal court, once the U.S. District Court for the District of Columbia has entered its order of remand. Such conduct has been the subject of sanctions by the federal courts. *See Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 841-42 (1st Cir. 1990) (Breyer, J.). Fortunately, the courts in *Bell v. Burlington Northern Railroad Co.* and *Metropolitan Casualty Insurance Co. v. Stevens* have created a procedural remedy that may be exercised by the state courts that are faced with such invalid removal efforts – going forward with the state-court proceedings with the assurance that the state courts are authorized to do so.

2

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _____

James C. Milton, OBA No. 16697
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
918-582-1211; fax 918-591-5362
Attorneys for Petitioner The Trust Company of Oklahoma

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21 day of Oct. , 2004, a true and correct copy of the above and foregoing document was mailed, with proper postage, to the following:

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma  74136

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133

Mary Roma Wallace Jage
1153 Overton Ct.
Naperville, Illinois  60540

James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma  74103

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma  74119-1248

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.
3300 MidContinent Tower
Tulsa, Oklahoma  74103

_____
James C. Milton

4

# Exhibit "A"

OCT-20-04 08:32 FROM:MORREL WEST SAFFA    ID:9186631383    PAGE  2/5

Stephen P. Wallace
6528 E. 101st, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870 Tel

October 19, 2004
Hand Delivered

## FOR SETTLEMENT PURPOSES ONLY

Mr. Saffa, et al.
5310 E. 31st #1100
Tulsa, OK 74135

Last Friday afternoon, October 15, 2004, Mr. William Powers contacted you regarding a global settlement, dissolution of all Trusts/Family L.P. and equal distribution to the (4) Wallace beneficiaries.

In return the adverse beneficiaries would agree to the dismissal of all suits and appeals currently filed as well as mutual irrevocable covenants not to sue each other in the future.

In order for there to be a global settlement, you, et al., would be required to seek a Discharge with Prejudice on my behalf in the U.S. Bankruptcy Court and mutual dismissals with prejudice including mutual irrevocable covenants not to sue in the future to settle all matters with all interested parties.

By dissolving all Trusts/Family L.P., you, et al., would not be required to resign as noted in Mr. Tom Wilkins' June 7, 2000 letter to Bank of America. (Exhibit A) Each beneficiary will appoint their own Receiver/Interim Trustee to receive the Required Accounting, marketable securities/cash and undivided interests in the Wallace Family realty assets.

Patricia Hastings' appointment will be:

1

Mary Roma Jage's appointment will be:

_____
_____
_____
_____

Lisa Frances Wallace's appointment will be:

Provident Trust Co.
256 Durham Plaza
8401 West Dodge Road
Omaha, Nebraska 68114

Note: Lisa will decline and resign from any and all state/federal funding by D.H.S. and continue her 24/7 assistance by **Premier Community Services** paid from her 25% of the Trusts. We will have to file an Unopposed/Unanimous Motion with Judge Ellison to sign off on Lisa's total release. Mary Roma will be installed as Co-Guardian of the Person for Lisa and a disinterested Guardian Ad Litem if required.

Stephen Paul Wallace's appointment will be:

Union Bank & Trust Company
3643 S. 48th Street
P.O. Box 82535
Lincoln, NE 68501

As you, et al., are well aware of current pending litigation/appeals, the following cases will be filed next week absent a written global agreement to settle:

1. Mary Roma Jage, individually and as next of friend of Velia Jage and Michael Jage vs. Patrick S. Jage, individually, Windy City Partners, LLC, Ronald J. Saffa individually; Anthony Samarco, individually to be filed in U.S. District Court of Northern Illinois under the RICO statues;

2. Cross-claims in the U.S. District Court of Texas against James Weger, individually and Jones Givens, Bank One executives, et al. (RICO)

3. Cross-claims in the U.S. District Court of District of Columbia against William Grimm, John Woolman, Kenneth Crump and Robert Poe. (RICO)

4. State of Oklahoma, ex rel. Stephen P. Wallace, Relator, 10 Resident **Taxpayers Demand** and Oklahoma Department of Transportation vs. Robert Poe, Poe & Associates for Reimbursement of engineering fees, collusion and conflicts of interest.

5. Lisa F. Wallace, a developmentally disabled person, by and through her next friend, Stephen P. Wallace vs. Ronald J. Saffa, Trust Company of Oklahoma and attorneys of Record, to be filed in U.S. District Court in Omaha, Nebraska (RICO).

6. Refiling suit in Ft. Wayne, Indiana (RICO)

7. Refiling suit in St. Louis (RICO)

Any delay in commencing the aforementioned global settlement/dissolution will result in immediate implementation and expansion of litigation. Respond in writing _directly_ to Mr. Powers as the (3) beneficiaries mediator by this Friday October 22, 2004. Thank you.

Stephen P. Wallace

cc: Mary Roma Jage, via fax
Patricia Hastings, via hand delivered

3

OCT-20-04 08:33 FROM:MORREL WEST SAFFA        ID:9186631363                PAGE 5/5
Case 1:06-cv-01817-RBW    Document 27-2    Filed 12/07/2006    Page 17 of 39

THE TRUST CO OF OK                                    PAGE  82

# THE TRUST COMPANY
# OF OKLAHOMA

Mailing Address: P.O. BOX 3627, TULSA, OKLAHOMA 74101-3627
5727 SOUTH LEWIS AVENUE, TULSA, OKLAHOMA 74105 (918) 744-0553
www.trustok.com

THOMAS W. WILKINS, President and Chief Executive Officer
E-mail: twilkins@trustok.com

June 7, 2000

Mr. Mike Hall
Bank of America
2100 South Utica
Tulsa, Oklahoma 74114

Dear Mike:

This letter confirms our telephone conversation earlier today. To date The Trust Company of Oklahoma as co-trustee of the Lorice T. Wallace Irrevocable Trust, established under agreement dated February 8, 1996 or as general partner of the Lorice T. Wallace Family Limited Partnership of even date therewith has not sold and has no intention to sell or transfer any real properties or interests therein until its resignation as co-trustee pursuant to the terms of the Agreed Order Determining Controlling Instruments of Trusts, Appointing Corporate Trustee of Trusts, and Requiring Accounting by Petitioners, filed May 10, 2000, in Case No. PT-2000-21 in the District Court of Tulsa County, State of Oklahoma.

Sincerely,

Thomas W. Wilkins

TWW/wp



EXHIBIT
A



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )    Case No. PT-2002-56
on February 12, 1998, the Lorice T. )
Wallace Irrevocable Trust dated February )    Hon. Gregory K. Frizzell
8, 1996, and the Lorice T. Wallace )
Irrevocable Trust dated September 11, )
1992, also known as the Lorice T. Wallace )
Life Insurance Trust, and the Lisa Frances )
Wallace Discretionary Spendthrift Trust. )



### FINAL ORDER REGARDING
### FORFEITURE OF RESPONDENT MARY ROMA JAGE'S BENEFICIAL INTEREST
### IN THE LORICE T. WALLACE REVOCABLE TRUST
### AND THE LORICE T. WALLACE IRREVOCABLE TRUST

Before the Court is the Petitioners' June 30, 2006 Application for Instructions Regarding

Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable

Trust and the Lorice T. Wallace Irrevocable Trust. The Court entered an Order on July 20, 2006,

setting the June 30, 2006 Application for hearing before the Court at 9:45 o'clock a.m., on the

24th day of October, 2006. On July 20, 2006, counsel for Petitioner The Trust Company of

Oklahoma filed an Affidavit of Mailing, showing that the July 20, 2006 Order Setting Hearing

was mailed to the parties to this action, including Respondent Mary Roma Jage.

Through her counsel, Respondent Mary Roma Jage filed a brief in response to the June

30, 2006 Application for Instructions Regarding Conduct in Apparent Violation of the No-

Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace

Irrevocable Trust. Through her counsel, Ms. Jage appeared at the October 24, 2006 hearing

regarding the June 30, 2006 Application. At the scheduled hearing on October 24, 2006, the

Court received evidence and argument and considered the merits of the June 30, 2006

Application. The June 30, 2006 Application was continued to October 25, 2006, at 10:30 a.m.,

1

**EXHIBIT B**

as it relates to Respondent Mary Roma Jage. Ms. Jage appeared at the October 25, 2006 hearing both in person and through counsel.

The Court treats separately the requests for instructions regarding potential forfeiture by Respondent Stephen Paul Wallace and the requests for instructions regarding potential forfeiture by Respondent Mary Roma Jage. This Final Order shall address only the requests for instructions regarding potential forfeiture by Respondent Mary Roma Jage.

Having reviewed the June 30, 2006 Application and the exhibits accompanying the Application, having received evidence, and having heard the arguments presented by Trust Company, the Court finds that Mary Roma Jage has contested the validity of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, more commonly described in this proceeding as the Lorice T. Wallace Revocable Trust. The controlling instruments of the Lorice T. Wallace Revocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Ms. Jage has contested the validity of these controlling instruments through allegations made in the federal-court Complaint described in Paragraph 21 of the June 30, 2006 Application and attached as Exhibit "14" to the Application.

The Court further finds that Mary Roma Jage has contested the validity of the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, more commonly described in this proceeding as the Lorice T. Wallace Irrevocable Trust. The controlling instrument of the Lorice T. Wallace Irrevocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Ms. Jage has contested the validity of this controlling instrument through allegations

2

made in the federal-court Complaint described in Paragraph 21 of the June 30, 2006 Application and attached as Exhibit "14" to the Application.

The Court finds that these contests by Respondent Mary Roma Jage against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the requirements of the no-contest provisions of both trusts, as quoted in Paragraphs 3 and 4 of the June 30, 2006 Application and as contained in the controlling instruments determined by the Court in the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21, both of which provide as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist."

The Court further finds that these contests by Respondent Mary Roma Jage against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the definition of a "contest" as set forth in *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21, which states that "[t]he word, contest, as it pertains to a no contest clause is defined as any legal proceeding designed to result in the thwarting of the testator's wishes as expressed . . . ."

The Court further finds that Ms. Jage lacked probable cause to engage in these contests of the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust because, among other reasons, (1) the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21 determined the controlling instruments of these two trusts, (2) Ms. Jage did not appeal the March 25, 2002 Journal Entry of Final Judgment, and (3) Ms. Jage is therefore bound by its determinations.

Having found that Ms. Jage has violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, the Court finds and orders, as to both of these two trusts, that Ms. Jage shall receive no distribution from the trusts, and distribution from the trusts shall be made as though Ms. Jage did not exist.

IT IS THEREFORE ORDERED that Respondent Mary Roma Jage shall receive no distribution from the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, and distribution from this trust shall be made as though Respondent Mary Roma Jage did not exist.

IT IS FURTHER ORDERED that Respondent Mary Roma Jage shall receive no distribution from the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and distribution from this trust shall be made as though Respondent Mary Roma Jage did not exist.

The Court finds, pursuant to Okla. Stat. tit. 12, § 994(A), that there is no just reason for delay in the entry of a final order regarding the issues addressed by this Order. The Court therefore directs that this Order shall be files as a final order regarding the forfeiture of Respondent Mary Roma Jage's beneficial interest in the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998 and the Lorice T. Wallace Irrevocable Trust dated February 8, 1996.

Dated this 25th day of October, 2006.

HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith ser out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

NOV 07 2006

By _____ Deputy

4

*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Telephone: (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma

5



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable          )
Trust dated December 26, 1974, as restated      )
effective October 5, 1993 and as amended        )    Case No. PT-2002-56
on February 12, 1998, the Lorice T.             )
Wallace Irrevocable Trust dated February        )    Hon. Gregory K. Frizzell
8, 1996, and the Lorice T. Wallace              )
Irrevocable Trust dated September 11,           )
1992, also known as the Lorice T. Wallace       )
Life Insurance Trust, and the Lisa Frances      )
Wallace Discretionary Spendthrift Trust.        )



### FINAL ORDER REGARDING
### FORFEITURE OF RESPONDENT STEPHEN PAUL WALLACE'S BENEFICIAL
### INTEREST IN THE LORICE T. WALLACE REVOCABLE TRUST
### AND THE LORICE T. WALLACE IRREVOCABLE TRUST

Before the Court is the Petitioners' June 30, 2006 Application for Instructions Regarding Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust. The Court entered an Order on July 20, 2006, setting the June 30, 2006 Application for hearing before the Court at 9:45 o'clock a.m., on the 24th day of October, 2006. On July 20, 2006, counsel for Petitioner The Trust Company of Oklahoma filed an Affidavit of Mailing, showing that the July 20, 2006 Order Setting Hearing was mailed to the parties to this action, including Respondent Stephen Paul Wallace.

Respondent Stephen Paul Wallace filed no response to the June 30, 2006 Application for Instructions Regarding Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust. Mr. Wallace did not appear at the October 24, 2006 hearing regarding the June 30, 2006 Application. At the scheduled hearing on October 24, 2006, the Court received evidence and argument and considered the merits of the June 30, 2006 Application.

The Court treats separately the requests for instructions regarding potential forfeiture by Respondent Stephen Paul Wallace and the requests for instructions regarding potential forfeiture

1

### EXHIBIT C

by Respondent Mary Roma Jage. This Final Order shall address only the requests for instructions regarding potential forfeiture by Respondent Stephen Paul Wallace.

Having reviewed the June 30, 2006 Application and the exhibits accompanying the Application, having received evidence, and having heard the arguments presented by Trust Company, the Court finds that Stephen Paul Wallace has contested the validity of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, more commonly described in this proceeding as the Lorice T. Wallace Revocable Trust. The controlling instruments of the Lorice T. Wallace Revocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Mr. Wallace has contested the validity of these controlling instruments through (1) statements on the record during proceedings on August 8, 2003 regarding the Petitioners' request for instructions regarding a distribution to Holy Angels School Charitable Endowment Fund, as set forth in Paragraph 5 of the June 30, 2006 Application and Exhibit "1" to the Application; (2) statements made in a complaint filed in state court in Du Page County, Illinois, in a lawsuit filed by Mr. Wallace against Petitioner Ronald J. Saffa and others, as set forth in Paragraph 13 of the June 30, 2006 Application and Exhibit "9" to the Application; (3) statements made in footnote 8 to an October 20, 2006 Combined Reply filed in Oklahoma Supreme Court Case No. 102346, as set forth in Paragraph 14 of the June 30, 2006 Application and Exhibit "10" to the Application; and (4) such other statements as described by the Court on the record during the October 24, 2006 hearing.

The Court further finds that Stephen Paul Wallace has contested the validity of the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, more commonly described in this proceeding as the Lorice T. Wallace Irrevocable Trust. The controlling instrument of the Lorice

T. Wallace Irrevocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Mr. Wallace has contested the validity of this controlling instrument through (1) statements made in a complaint filed in state court in Du Page County, Illinois, in a lawsuit filed by Mr. Wallace against Petitioner Ronald J. Saffa and others, as set forth in Paragraph 13 of the June 30, 2006 Application and Exhibit "9" to the Application; (2) statements made in footnote 8 to an October 20, 2006 Combined Reply filed in Oklahoma Supreme Court Case No. 102346, as set forth in Paragraph 14 of the June 30, 2006 Application and Exhibit "10" to the Application; and (3) such other statements as described by the Court on the record during the October 24, 2006 hearing.

The Court finds that these contests by Respondent Stephen Paul Wallace against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the requirements of the no-contest provisions of both trusts, as quoted in Paragraphs 3 and 4 of the June 30, 2006 Application and as contained in the controlling instruments determined by the Court in the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21, both of which provide as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist."

The Court further finds that these contests by Respondent Stephen Paul Wallace against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the definition of a "contest" as set forth in *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21, which states that "[t]he word, contest, as it pertains to a no contest clause

3

is defined as any legal proceeding designed to result in the thwarting of the testator's wishes as expressed . . . ."

The Court further finds that Mr. Wallace lacked probable cause to engage in these contests of the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust because, among other reasons, (1) the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21 determined the controlling instruments of these two trusts, (2) Mr. Wallace did not appeal the March 25, 2002 Journal Entry of Final Judgment, and (3) Mr. Wallace is therefore bound by its determinations.

Having found that Mr. Wallace has violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, the Court finds and orders, as to both of these two trusts, that Mr. Wallace shall receive no distribution from the trusts, and distribution from the trusts shall be made as though Mr. Wallace did not exist.

IT IS THEREFORE ORDERED that Respondent Stephen Paul Wallace shall receive no distribution from the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, and distribution from this trust shall be made as though Respondent Stephen Paul Wallace did not exist.

IT IS FURTHER ORDERED that Respondent Stephen Paul Wallace shall receive no distribution from the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and distribution from this trust shall be made as though Respondent Stephen Paul Wallace did not exist.

The Court finds, pursuant to Okla. Stat. tit. 12, § 994(A), that there is no just reason for delay in the entry of a final order regarding the issues addressed by this Order. The Court therefore directs that this Order shall be files as a final order regarding the forfeiture of Respondent Stephen Paul Wallace's beneficial interest in the Lorice T. Wallace Revocable Trust

4

dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998 and the Lorice T. Wallace Irrevocable Trust dated February 8, 1996.

Dated this _____25th_____ day of _____October_____, 2006.


_____
HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE


*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Telephone: (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that copies of Beneficiary's Request that

Judge Frizzell Take Judicial Notice of Legal Authority Establishing that He Lacked Juris-

diction to Take Any Action in This Case After He Learned that It Had Been Removed to

Federal Court have, this 8th day of November, 2006, been deposited in the United States

mail, first class postage prepaid, addressed to James C. Milton, 320 W. Boston Ave., Suite

500, Tulsa, Oklahoma 74103-3725 and James E. Poe, 111 West 5th Street, Suite 740, Tulsa,

Oklahoma 74103-4267.

Joan Godlove

CLOSED, JURY, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:04-cv-01730-RWR

SAFFA et al v. LORICE T. WALLACE REVOCABLE
TRUST
Assigned to: Judge Richard W. Roberts
Cause: 42:1983 Civil Rights Act

Date Filed: 10/12/2004
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**In Re**

**RONALD J. SAFFA**

**Plaintiff**

**RONALD J. SAFFA**  represented by **RONALD J. SAFFA**
PRO SE

**Plaintiff**

**TRUST COMPANY OF
OKLAHOMA**
*Interim successor trustees*

represented by **TRUST COMPANY OF
OKLAHOMA**
PRO SE

V.

**Defendant**

**LORICE T. WALLACE
REVOCABLE TRUST**

represented by **Stephen P. Wallace**
6528 East 101st
Apartment D-1, 304
Tulsa, OK 74133
(918) 694-1870
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Interested Party**

**STEPHEN P. WALLACE**

represented by **Stephen P. Wallace**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 10/12/2004 | 1 | NOTICE OF REMOVAL from District Court of Tulsa County, State of Oklahoma, case number PT2002-56. ( Filing fee $ 150 ) (bm) (Entered: 10/14/2004) |
| 10/12/2004 |  | SUMMONS Not Issued (bm) (Entered: 10/14/2004) |

**EXHIBIT
4**

| 10/12/2004 | 2 | NOTICE OF RELATED CASE by LORICE T. WALLACE REVOCABLE TRUST. Case related to Case No. 04-1717. (bm) (Entered: 10/14/2004) |
| 11/09/2004 | 3 | ORDER denying leave to file notice of removal and administratively closing case. Signed by Judge Richard W. Roberts on 11/9/04. (AKG) (Entered: 11/09/2004) |
| 11/10/2004 | 4 | MOTION under Rule 60(b)(4) by STEPHEN P. WALLACE. (jf, ) (Entered: 11/23/2004) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/01/2006 17:04:45 | | |
| PACER Login: | ja0448 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:04-cv-01730-RWR |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

Stephen Paul Wallace, an individual,      )
                                          )
        Plaintiffs,                       )
                                          )
v.                                        )        CIVIL No.1:04-cv-01717
                                          )
James Poe, an individual,                 )
Ron Saffa, an individual,                 )
        and                               )
James Milton, an individual               )
                                          )
        Defendants.                       )

Plaintiff, Stephen Paul Wallace, moves this court for summary judgment

Triable issues of fact to which there is no dispute and to which reasonable
persons would not likely come to differing conclusions

September 9th & 10th 2004, James Poe, Ron Saffa, and James Milton  machinated
sham legal process in Tulsa County Oklahoma as punishment for Stephen Paul Wallace'
filing a lawsuit naming Poe, Saffa, and Milton as respondents in Washington D.C.  The
result of the sham proceedings was to interfere with Stephen Paul Wallace' right to
petition protected at the First and Fourteenth Amendments of the Constitution of the
United States of America. As a result of the conspiracy including James Poe, Ron Saffa,
James Milton, and state actor Gregory Frizzell, Stephen Paul Wallace has damages in fact
amounting to Stephen Paul Wallace' not getting an accounting from the estate to which
Stephen Paul Wallace is a beneficiary, and Stephen Paul Wallace and Mr. Wallace'
siblings continue to be defrauded of trust assets stolen by Poe, Saffa, and Milton with the
assistance of Gregory Frizzell.

September 9th & 10th 2004, James Poe, Ron Saffa, and James Milton  machinated
sham legal process in Tulsa County Oklahoma in conspiracy with state actor Gregory
Frizzell. The sham proceedings were conducted by Gregory Frizzell who was a
stakeholder in the outcome of the proceedings. As a result of the conspiracy including
James Poe, Ron Saffa, James Milton, and state actor Gregory Frizzell to deprive Stephen



EXHIBIT
5

Paul Wallace of an impartial trier of fact, Stephen Paul Wallace has suffered damages in fact amounting to Stephen Paul Wallace' not getting an accounting from the estate to which Stephen Paul Wallace is a beneficiary, and Stephen Paul Wallace and Mr. Wallace' siblings continue to be defrauded of trust assets stolen by Poe, Saffa, and Milton with the assistance of Gregory Frizzell.

September 9th & 10th 2004, James Poe, Ron Saffa, and James Milton machinated sham legal process in Tulsa County Oklahoma in conspiracy with state actor Gregory Frizzell. In the sham proceedings, Stephen Paul Wallace was subjected to criminal proceedings without benefit of assistance of counsel. As a result of the conspiracy including James Poe, Ron Saffa, James Milton, and state actor Gregory Frizzell to deprive Stephen Paul Wallace of assistance of counsel, Stephen Paul Wallace has suffered damages in fact amounting to Stephen Paul Wallace' not getting an accounting from the estate to which Stephen Paul Wallace is a beneficiary, and Stephen Paul Wallace and Mr. Wallace' siblings continue to be defrauded of trust assets stolen by Poe, Saffa, and Milton with the assistance of Gregory Frizzell.

September 9th & 10th 2004, James Poe, Ron Saffa, and James Milton machinated sham legal process in Tulsa County Oklahoma in conspiracy with state actor Gregory Frizzell. Gregory Frizzell, presuming to be a proper judicial officer, permitted James Milton to be both counsel and witness in the same cause. The sham proceedings where Mr. Milton was permitted to be both witness and counsel resulted in Stephen Paul Wallace being deprived of redress of not getting an accounting from the estate to which Stephen Paul Wallace is a beneficiary, and Stephen Paul Wallace and Mr. Wallace' siblings continue to be defrauded of trust assets stolen by Poe, Saffa, and Milton with the assistance of Gregory Frizzell.

September 9th & 10th 2004, James Poe, Ron Saffa, and James Milton machinated sham legal process in Tulsa County Oklahoma in conspiracy with state actor Gregory Frizzell. During the sham proceedings, James Milton clearly gave perjured testimony in criminal violation of O.S. Stat. Tit. 21, §§ 496 & 500. A jury should determine whether Gregory Frizzell suborned perjury in violation of O.S. Stat. Tit. 21, § 505. As a result of the conspiracy including James Poe, Ron Saffa, James Milton, and state actor Gregory Frizzell to poison the minds of jurors with perjured testimony, Stephen Paul Wallace has

2

damages in fact amounting to Stephen Paul Wallace' not getting an accounting from the estate to which Stephen Paul Wallace is a beneficiary, and Stephen Paul Wallace and Mr. Wallace' siblings continue to be defrauded of trust assets stolen by Poe, Saffa, and Milton with the assistance of Gregory Frizzell.

September 9th & 10th 2004, James Poe, Ron Saffa, and James Milton machinated sham legal process in Tulsa County Oklahoma in conspiracy with state actor Gregory Frizzell. During the sham proceedings, the conspirators succeeded in suppressing evidence, a criminal violations under O.S. Stat. Tit. 21, §§ 496 & 546. A jury shall learn that Frizzell suppressed his (Frizzell's) violation of Oklahoma criminal statutes occurring at O.S. title 21, §§ 91, 92, 94, 96, 421, 491, 496, 504, 546, 1482, 1485, 1488, 1541.1. and 1541.2. Whereas a jury shall determine that the proceedings were heavily tainted by the criminal misconduct of Gregory Frizzell warrants the jury's factual conclusion that James Poe, Ron Saffa, and James Milton machinated the criminal acts with Frizzell for the mutual benefit of depriving Stephen Paul Wallace of getting an accounting from the estate to which Stephen Paul Wallace is a beneficiary and depriving Stephen Paul Wallace and Mr. Wallace' siblings of trust assets stolen by Poe, Saffa, and Milton with the assistance of Gregory Frizzell.

### Affidavit of Stephen Paul Wallace

I, Stephen Paul Wallace, of age and competent to testify, state as follows based on my own personal knowledge and under penalty of perjury:

1. Oklahoma state district court judge and judge of the Tulsa County, Oklahoma district court, Gregory Frizzell, September 7, 2004, invited me to have an ex parte conference with Frizzell in regard to Tulsa County case number PT-2002-56.
2. Gregory Frizzell, during the ex parte conference of September 7, 2004, offered to make the contempt charges associated with Tulsa County case number PT-2002-56 "go away" if I would drop my lawsuit which named Frizzell and others as respondents.
3. September 8th 2004, Gregory Frizzell, by and through, Judy Edge negotiated further regarding having me surrender rights and give up a thing of value in exchange for Frizzell's dropping the contempt citation.
4. September 9th 2004, Gregory Frizzell confessed having another ex parte meeting with James Poe, opposing counsel. Frizzell then confessed that his representations of September 7th and September 8th 2004 were based on my taking certain actions which I learned subsequently were literally impossible.
5. September 9th 2004, Gregory Frizzell, proceeded to sit as judge over Frizzell's own change of indirect criminal contempt. It is also true, Gregory Frizzell was a

3

stakeholder in the outcome of the proceedings and the contempt had already been purged."

6. September 9th 2004, Gregory Frizzell put me on trial for indirect criminal contempt without benefit of counsel. Frizzell also allowed opponent James Miltion to be both witness and counsel in the same trial and would later suborn Milton's perjury.

7. September 9th 2004, Gregory Frizzell, conducted a criminal trial naming me as a defendant and refused to allow me to cross examine the opposing parties witnesses under oath.

8. September 9th 2004, Gregory Frizzell, conducted a criminal trial with me as defendant but refused to allow me to question my own witness.

9. September 9th 2004, Gregory Frizzell, conducted a criminal trial with me as defendant and suppressed evidence which would have exonerated me.

10. September 9th 2004, Gregory Frizzell filed a guilty verdict in the case against me although the trial didn't conclude until September 10th 2004.

11. After the trial, Gregory Frizzell used an armed guard to keep me in the court room while Gregory Frizzell had a party with 2/3rds of the jurors for approximately one hour.

12. As a result of the fraud and extortion practiced by Gregory K. Frizzell, I have been deprived of money, property, and liberty. The behavior of Gregory Frizzell benefited James Poe, Ron Saffa, and James Milton who have taken nearly two and one half millions dollars from my family's estate and imprisoned one of my sisters who cannot defend herself while refusing to providing an accounting of the Wallace family estate for over five years. Due to the behavior of James Poe, Ron Saffa, and James Milton aided and abetted by Gregory K. Frizzell, I fear for my life as with me "out of the way," James Poe, Ron Saffa, and James Milton would be able to take most of the rest of the Wallace family estate.

aura Mayo 2/22/05

otary public

STATE OF ~~OKLAHOMA~~

~~COUNTY OF~~ District of Columbia

Stephen Paul Wallace

INDIVIDUAL ACKNOWLEDGMENT

~~Oklahoma~~ Form

LAURA MAYO
Notary Public, District of Columbia
My Commission Expires June 30, 2009

Conclusion and remedy sought

Whereas this court has actual knowledge that the prosecution of Stephen Paul Wallace is facially void for belligerent and deceitful trespasses on the substantive due process rights of Stephen Paul Wallace; this court's partial summary judgment is warranted as a matter of law including this court's order permanently enjoining James Poe, Ron Saffa, James Milton and Gregory K. Frizzell, or any agent acting for James Poe, Ron Saffa, James Milton and/or Gregory K. Frizzell from harassing, threatening, imprisoning, charging Stephen Paul Wallace any further as an alleged contemnor, and ordering James Poe, Ron Saffa, and James Milton to compensate Stephen Paul Wallace

4

in a sum sufficient to repair Stephen Paul Wallace for the trespasses on Stephen Paul Wallace' rights.

Prepared and submitted by: _____

Stephen Paul Wallace

certificate of mailing

I, Stephen Paul Wallace, certify, that February _Z_Z_ , 2005, I mailed a true and correct copy of the above and foregoing motion for summary judgment via certified mail, return receipt requested to: Rebecca Everett Kuehn, 225 Reinekers Lane, Suite 700, Alexandria, VA 22314.

Stephen Paul Wallace

Affidavit

I, Richard L. Cornforth, of age and competent to testify state as follows based on my own personal knowledge and fully cognizant of the pains and penalties of perjury:

1. I was present during the proceedings of September 9th and 10th of 2004 where Stepehn P. Wallace was tried for contempt by Gregory K. Frizzell in Tulsa County case number PT-2002-56.

2. I have reviewed the transcript of the September 9th and 10th 2004 trial as rendered by Ken Sidwell.

3. My recollections of the colloquies of the court, meaning Gregory K. Frizzell, differ from the transcript of the proceedings as recorded by Mr. Sidwell.

4. It is my recollection that at the commencement of the trial, Gregory K. Frizzell spoke unequivocally regarding having made a deal with Stephen P. Wallace to the effect that if Mr. Wallace would drop other litigation, Frizzell would make the contempt trial go away or words to that effect. It was clear from the colloquies uttered by Frizzell that Frizzell had made an offer to Mr. Wallace, then reneged on the agreement at the urging of Mr. James Poe.

5. Near the conclusion of the trial, when Mr. Wallace attempted to make the jury aware of the deal which Frizzell had offered, Mr. Wallace had ratified to the result of Mr. Wallace giving up a thing of value, and that Frizzell had breached his promise to Mr. Wallace, Mr. Frizzell became very angry and threatened to immediately imprison Mr. Wallace for even alluding to the agreement.

6. It is my observation that Frizzell refused to allow Stephen P. Wallace to cross-examine opposing witnesses regarding their testimony given on direct examination.

7. At the conclusion of the trial Mr. Frizzell invited several of the jurors to join him for a private meeting. Frizzell said that he wanted to commend the jurors for doing a good job or words to that effect. Frizzell exited the room with the jurors and returned about one hour later.

8. At all times during the proceedings including Frizzell's private meeting with the jurors, Stephen P. Wallace shared with me that he literally feared for his life. Mr.





1

Wallace especially was fearful during the private meeting Frizzell had with the jurors as an armed officer had Mr. Wallace under surveillance while it is my recollection that Mr. Poe and his business associates James Milton and Ron Saffa were free to come and go.

Richard L. Cornforth

STATE OF OKLAHOMA                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF OKLAHOMA                          Oklahoma Form


Before me, the undersigned, a Notary Public in and for said County and State on this _17th_ day of _Oct._ , 2005, personally appeared _Richard L. Cornforth_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _04-17-08_                                                      Notary Public

# 0003938

2

## Steve Wallace's Indirect Contempt Trial

I, A. Ladd Larson, certify that I am of age & competent to testify & that based on my notes & observations the following is a true & correct account of what I observed on Sept 9th & 10th of 2004. I do this under penalty of law.

On September 9th & 10th of 2004 I was present at Stephen P. Wallace's indirect contempt trial. This took place in the court of Judge Gregory Frizzell in Tulsa County case #PT 2002-56.

The first thing Judge Frizzell talked about was a deal he made with Mr. Wallace, the day before the trial. The Judge had told Mr. Wallace that if he would drop his other litigation that Judge Frizzell would make the contempt trial go away. I was not surprised but I was once again amazed that James Poe, the attorney for Ron Saffa a trustee beneficiary Steve Wallace, objected. At this time the Judge reneged on his previous agreement with Mr. Wallace, the jurors were brought in & the trial began.

It was obvious that this trustee only wanted to physically punish their trust beneficiary, Steve Wallace. Once again we find the trustee's fiduciary duty to their beneficiary to be totally nonexistent & again we see the trustees acting as if the assets of the Wallace Family really belong to the trustees.

The attorney for Trust Company, a Cheryl Darwimple, had to the best of my knowledge never before entered an appearance in a hearing regarding the Wallace Family. James Milton the Trust Company's usual attorney did not enter an appearance at this trial; however, he did sit at the prosecuting attorney table & conferred with the other attorneys. He also testified, as a witness that I had always thought was not allowed.

While I was amazed that Judge Frizzell allowed Fames Milton testify. I was flabbergasted by the fact that Mr. Wallace was not allowed to question or cross-examine anyone who testified against him.



EXHIBIT
7

Towards the end of the trial Mr. Wallace tried to make the jury aware of the fact that the Judge had made a deal with him & that he had reneged on the deal. The Judge then got very angry & threatened to put Mr. Wallace in jail immediately for even mentioning the broken agreement.

After the trial the Judge ask the furors to join him for a private meeting because he wanted to commend them for doing such a good job. That meeting lasted about an hour. Mr. Wallace was required to wait in the courtroom & sweat about what the final outcome would be at this time.

As a private citizen & financial professional for over 30 years I just can't believe this is how our court system is supposed to work!!!

KIMBERLY P. DEARDORFF
Notary Public
State of Oklahoma
Commission # 01009980 Expires 7/16/09

Kimberly P. Deardorff
Notary Public