**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | )<br>)<br>)<br>) D.C. Case No. 1:06CV01817<br>) Judge Reggie B. Walton<br>)<br>) Removed from:<br>) District Court of Tulsa County,<br>) State of Oklahoma,<br>) Case No. PT-2002-56 |

**RESPONSE TO STEPHEN P. WALLACE'S**
**RESPONSE AND MOTION TO STRIKE (DOC. NO. 24)**

On November 27, 2006, state-court Respondent Stephen Paul Wallace filed a Response (Doc. No. 24) to the November 9, 2006 Motion to Remand (Doc. No. 4). State-court Petitioners Trust Company of Oklahoma and Ronald J. Saffa filed a Reply (Doc. No. 25) on December 4, 2006. In the Reply, Trust Company and Mr. Saffa showed that Mr. Wallace sees the removal process as something to be manipulated. The Reply further demonstrates that the arguments contained in the November 27, 2006 Response are inapplicable and provide no basis for denying the Motion to Remand.

Upon review of the Court's docket, Trust Company and Mr. Saffa have now determined that Mr. Wallace's November 27, 2006 Response is also treated as a "motion to strike" the November 9, 2006 Motion to Remand. For the purpose of being thorough in responding to the November 27, 2006 Response, Trust Company and Mr. Saffa respectfully submit this Response to the "motion to strike" contained within the November 27, 2006 Response.

For their Response to the "motion to strike," Trust Company and Mr. Saffa respectfully adopt and incorporate the arguments contained in their December 4, 2006

Reply (Doc. No. 25). In addition, Trust Company and Mr. Saffa respectfully suggest to the Court that Mr. Wallace has demonstrated a desire and current ability to abuse the Court's docket through improper filings. Indeed, based upon the very same type of conduct by Mr. Wallace, the U.S. Bankruptcy Court for the Northern District of Oklahoma entered filing restrictions against Mr. Wallace on December 31, 2002. *In re Wallace*, 288 B.R. 139 (N.D. Okla. Bankr. 2002). In imposing filing restrictions, U.S. Bankruptcy Judge Terrence L. Michael held as follows:

> The Court concludes that Mr. Wallace has engaged in a pattern of abusive behavior, as illustrated by the pleadings described above. Mr. Wallace has made derogatory accusations against every attorney and judicial officer involved in this bankruptcy case, including his own (former) counsel. He has never presented one scintilla of evidence in support of these allegations. Most recently, after being called to task with respect to this conduct, Mr. Wallace has begun to challenge the jurisdiction of this Court, alleging the existence of a "secret bankruptcy" some seventy years ago which somehow destroyed our entire economic system as we know it. Each of these pleadings consumes the time and energy of the parties, their attorneys and the Court. The time has come for them to stop.

*In re Wallace,* 288 B.R. 139, 148 (N.D. Okla. Bankr. 2002).

Similar filing restrictions were entered by the U.S. District Court for the Northern District of Oklahoma. [11/9/2006 Motion to Remand, Ex. 7, 8, 9, 10.]

Facing filing restrictions in the U.S. District Court for the Northern District of Oklahoma, Mr. Wallace has sought out federal courts that will tolerate his abusive behavior and his manipulation of the courts' dockets. With three attempted removals currently on the docket of the U.S. District Court for the District of Columbia, each attempting removal of cases from Oklahoma state courts, it is clear that Mr. Wallace believes that he has found a court that will tolerate his abusive behavior.

Trust Company and Mr. Saffa respectfully suggest that filing restrictions, while an extreme remedy as noted by the U.S. Bankruptcy Court for the Northern District of Oklahoma, *In re Wallace*, 288 B.R. at 148, may be the only solution to the now frequent abusive filings made by Mr. Wallace in this Court.

For these reasons, Trust Company and Mr. Saffa respectfully request that the Court deny the "motion to strike" contained in Mr. Wallace's November 27, 2006 Response (Doc. No. 24). Trust Company and Mr. Saffa further suggest that the Court should enter filing restrictions against Mr. Wallace of the same nature as entered against him in the U.S. District Court for the Northern District of Oklahoma and in the U.S. Bankruptcy Court for the Northern District of Oklahoma, as noted above.

                                                RONALD J. SAFFA AND THE TRUST
                                                COMPANY OF OKLAHOMA
                                                By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

Stephen E. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma  74133
*Pro Se*

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma  74136

Joan Godlove, Esq.
2121 S. Columbia, Suite 500
Tulsa, OK 74114-3519

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma  74119-1248

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.
3300 MidContinent Tower
Tulsa, Oklahoma  74103

Reuben Davis, Esq.
Boone, Smith, Davis, Hurst & Dickman, P.C.
500 ONEOK Plaza
100 West 5th St.
Tulsa, Oklahoma  74103

　　　　　　　　　　/s/
　　　　　　　　　　Counsel