# United States District Court
## District of Columbia

In re: Lorice T. Wallace Revocable Trust, et al )
)
vs.                                             )        Case No. 1:06cv1817RBW
Stephen P. Wallace, et al,                      )
                          Respondents,          )
             vs.                                )
James C. Milton, et al                          )
                    Defendants on cross-claim,  )
and                                             )
Brad Henry; W. A. Drew Edmondson; Kenneth L.    )
Buettner; David Peterson; Ronald Shaffer; Reece )
Morrell; Edward Kallay; Kallay Group;           )
C.D.S.G.I., LLC; Adam Adwon, G. Reuban          )
Davis; William Grimm; Kenneth Crump; John       )
Woolman; the Paul Mindeman Estate and           )
Patrick Malloy III , and David Fist             )
                    Additional Defendants.      )

## AMENDED COMPLAINT

COMES now Stephen P. Wallace re-alleging and adopting all claims of Record filed in this case on

October 23, 2006, and asserting additional claims upon the Additional Defendants acting in criminal collusion

and conversion of Plaintiffs Estate **under color of law** and **under color of authority** in violation of **18 U.S.C.**

**Section 3** and **18 U.S.C. Section 241** (Exhibit I & II) for criminal tax evasion upon the U.S. Treasury and

anti-Semetism discrimination upon Respondents.

1)    Brad Henry, Drew Edmondson, Kenneth Buettner, David Peterson and Ronald Shaffer are all elected

      officials of the State of Oklahoma who have allegedly utilized their offices as fronts for their private

      illicit collusion with the Defendants at Large to assert "anti-Semetic" discrimination upon

      Respondents and to criminally convert Respondents $30 million Estate for their sole use and benefit,

      utilizing taxpayer owned buildings, personnel, furniture, fixtures and equipment in their criminal

      conspiracy. (See Justice Opala (Jewish) vs. Chief Justice Watt) (U.S. Supreme Court Case 06-548)

### Jurisdiction and Venue

2.    Jurisdiction and Venue are proper under 28 U.S.C. Section 1441(b) as the Oklahoma Defendants

      conspired to deprive Respondents of an accounting of their Estate as millions of dollars have been

RECEIVED

JAN - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

criminally diverted from the U.S. Treasury and Respondents under ENRON style off-balance sheet/off-shore fraud.

3.    Drew Edmondson, the so-called chief law enforcement officer of the State has colluded with the remaining Defendants, et al., in the obstruction of justice of the Respondents as Semites as what has been alleged in related **Case No. 06cv1264RBW** as the **Sooner Klan.** (Exhibit III)

4.    The remaining Additional Defendants have allegedly acted in criminal collusion/conversion upon Semite Respondents to defy any accountability per their duty as fiduciaries and officers of the Court  to convert assets not under their control nor jurisdiction. (Exhibits IV, V & VI)

**Wherefore,** Respondents pray the Court will:

A)    Stay all (3) related cases and enjoin all State related actions from proceeding pending this Court's ORDER for a forensic audit by Dana Cole & Co.;

B)    the forensic audit will give the Court and the U.S. Treasury the alleged criminal damages to conduct the **Prove-up Hearing:**

C)    Respondent's hereby agree to allow their Trust funds to advance all expenses for  the forensic audit.

Respectfully submitted,

Stephen P. Wallace
6528 E. 101st St., D-1 #304
Tulsa, OK 74133
Ph.: (918) 694-1870


Affidavit

I swear/affirm the foregoing is true and correct to the best of my knowledge.

Stephen P. Wallace

State of Oklahoma    )
County of Oklahoma  )

MY COMMISSION # 05030706
MY COMMISSION EXPIRES: SEPTEMBER 19, 2009
NOTARY PUBLIC - STATE OF OKLAHOMA
ARLENA R. TRAYLOR

Stephen P. Wallace appeared before me on this 2 day of January, 2007, and signed this Amended Complaint.

Notary Public

*18 USC* Sec. *3*     01/19/04,  TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I – CRIMES, CHAPTER 1 - GENERAL PROVISIONS, Sec. 3. Accessory after
the fact Whoever, knowing that an offense against the United States has  been committed,
receives, relieves, comforts or assists the offender in order to hinder or prevent his
apprehension, trial or  punishment, is an accessory after the fact. Except as otherwise
expressly provided by any Act of Congress, an accessory after the fact shall be
imprisoned not  more  than  one-half  the  maximum  term  of  imprisonment  or
(notwithstanding  section  3571)  fined  not  more  than  one-half  the  maximum  fine
prescribed for the punishment of the principal, or both; or if the principal is punishable by
life imprisonment or death, the accessory shall be imprisoned not more than 15 years.

**EXHIBIT**

_I_

*18 USC* Sec. *241*   01/19/04   TITLE 18 - CRIMES AND CRIMINAL PROCEDURE

PART I – CRIMES CHAPTER 13 - CIVIL RIGHTS      Sec. 241. Conspiracy against

rights.  If two or more persons conspire to injure, oppress, threaten, or intimidate any

person in any State, Territory, Commonwealth, Possession, or District in the free exercise

or enjoyment of any  right or privilege secured to him by the Constitution or laws of  the

United States, or because of his having so exercised the same;  or,  If two or more persons

go in disguise on the highway, or on the premises of another, with intent to prevent or

hinder his free exercise or enjoyment of any right or privilege so secured - They shall be

fined under this title or imprisoned not more than ten years, or both; and if death results

from the acts committed in violation of this section or if such acts include kidnapping or

an attempt to kidnap, aggravated sexual abuse or an attempt to commit  aggravated sexual

abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term

of years or for life, or both, or may be sentenced to death.

EXHIBIT

*II*

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA

DEC 12 2006

MICHAEL S. RICHIE
CLERK

JERRY R. FENT, as a resident )
taxpayer, citizen and voter of the )
State of Oklahoma, and all other )
similar persons, )
)
          Petitioner, )
)
v. )     Case No. 103,714
)
CONTINGENCY REVIEW BOARD, )
a State of Oklahoma Agency; BRAD )
HENRY, Governor of Oklahoma; )
TODD HIETT, Speaker of the House, and )
MIKE MORGAN, President Pro Tempore )
of the Senate, )
)
          Respondents. )

## PETITIONER'S RESPONSE AND BRIEF TO
## RESPONDENT'S "NOTICE OF FUND DISBURSEMENT" PLEADINGS

COMES NOW, the petitioner, Jerry R. Fent, ("FENT") and files his response to the Respondent's "Notice of Fund Disbursement" pleading filed on December 8, 2006.

This original jurisdiction **publici juris** action involves the "full legislature's creation of **(a)** an unconstitutional, unlawful, illegal and void ab initio "Contingency Review Board" ("CRB") of the **executive branch** by 74 O.S. 2001 §§ 3605et. seq. being in violation of Oklahoma Constitution, Article 4, Section 1, **"Separation of Power"** in which the majority (two of the three) of its executive branch members are present **legislators (b)** being in violation of Oklahoma Constitution, Article 5, Section 23, **"Dual office prohibition"** and **(c)** said members act of approving the **funding** of State's Fifteen million dollars to the Ardmore Municipal Airport and Five million dollars loaned to Oklahoma Global Motors, LLC, a private corporation, were unconstitutional, unlawful, illegal and **void ab initio**.

EXHIBIT
III

Under the facts of this case, the petitioner was very fast in that:

(a)    First meeting of CRB on July 28, 2006 authorizing "Funding Resolution", and

(b)    This action filed on August 29, 2006.

The petitioner could have waited until all the $20 million funding construction, etc., was performed and then within the Statutes of Limitation, 12 O.S. 2001 § 95 to file this same action.

The main legal problems with this case is that there was a 1982 Oklahoma Attorney General Opinion No. 82-183 that the CRB was unconstitutional and in the 2002 case of In the Matter of the Application of the OKLAHOMA DEPARTMENT OF TRANSPORTATION FOR APPROVAL OF NOT TO EXCEED $100 MILLION OKLAHOMA DEPARTMENT OF TRANSPORTATION GRANT ANTICIPATION NOTES, SERIES 2002; 2002 OK 74; P.3d 546, it was discussed and dicta was made that the "Contingency Review Board" ("CRB") was unconstitutional.

These public officials have lost their protection by acting in conflict with a 24 year prior AG opinion and a 4 year old case confirming the AG's opinion!

## I.

**THE COURT WILL NOT RESEARCH RESPONDENT'S QUESTIONS OR THEORY IN THE ABSENCE OF ANY RESPONDENT CASES OR STATUTES CITED.**

The Respondents, Contingency Review Board ("CRB") and Governor Bard Henry, file an instrument of six pages and four exhibits asking some type of question and answers **without** giving the court one case or statute as a basis for their question(s).

2

Naked argument unsupported by facts or legal argument is without merit and will be treated as waived. Oklahoma City Urban Renewal Authority v. City of Oklahoma City, 2005 OK 2, 110 P.3d 550.

Failure to cite legal authority to something in the record of a case is tantamount to failure to brief. Bill Brown Mtr., Inc. v. Crane, 1978 OK _____, Okla. Appl. Div. 1; 589 P.2d 708.

See numerous cases of dismissal and/or non-consideration of argument not supported by cited cases or statutes within Oklahoma Supreme Court Rule 1.11 BRIEFS.

## II.

### RESPONDENTS SUBMIT NO LEGAL AUTHORITY FOR THEIR "PROCEDURAL" PLEADING FOR THIS COURT.

To file such a "Notice of Fund Disbursement" pleading, the respondents give no legal procedural authority by cases or statutes.

Also, the Oklahoma Supreme Court Rules of 12 O.S. 2001 Ch. 15, App. 1, Rule 1.190 et. seq. do not authorize such additional "NOTICE" pleading plus new exhibits attached in an original proceeding.

A plausible but not convincing argument which is unsupported by citations of authority is not sufficient to overcome presumption of correctness. Messler v. Simmons Gun Specialties, Inc., 1984 OK _____, 687 P.2d 121.

See numerous cases of dismissal and/or non-consideration of argument not supported by cited cases or statutes within Oklahoma Supreme Court Rule 1.11 BRIEFS.

## III.

### RESPONDENTS SUBMIT NO LEGAL AUTHORITY FOR THEIR "SUBSTATIVE" QUESTIONS OR THEORY.

3

Within the respondents six page and four exhibit "Notice of Fund Disbursement" pleading, the respondents give no substantive cases or statutes to justify any new court action outside the real original issues of this case.

Absence of legal authorities on point of error was deemed abandonment of such point. Perry v. Meek, 1980 OK _____, 618 P.2d 934.

See numerous cases of dismissal and/or non-consideration of argument not supported by cited cases or statutes within Oklahoma Supreme Court Rule 1.11 BRIEFS.

## IV.

### PETITIONER'S "STANDING" AND "ACTION" CASES CONTESTING STATE SPENDING GIVES NO AUTHORITY FOR RESPONDENT'S PLEADING.

The petitioner's "standing" and "action" is based upon numerous cases cited in the original "Application to Assume Jurisdiction" filed on August 29, 2006.

For cases authorizing the common law based taxpayers' attack on public spending see Vette v. Childers, 1924 OK 190, 228 P. 145; Kellogy v. School Dist. No. 10 of Commanche County, 1903 OK 81, 74 P. 110, 116; OPEA v. Central Services, 2002 OK 71, 55 P.3d 1072; Payne v. Jones, 1944 OK _____, 146 P.2d 113; 117 and Town of Afton v. Gill, 1916 OK 393; 57 Okl. 36, 156 P. 658.

None of these cases either support or give authority for the respondent's pleading. We can find no case directing security where the taxpayer did not request a temporary injunction or temporary restraining order.

## V.

### RESPONDENTS REQUESTING AN INTERMEDIATE OR TEMPORARY RULING UPON THE MERITS OF A CASE PRIOR TO THE FINAL OPINION IS NOT SUPPORTED BY ANY RESPONDENT LAW.

Unknown to the petitioner, a State Warrant, dated July 25, 2006, in the amount of $5 million was created for the Ardmore Development Authority ("ADA") **prior** to the CRB meeting of July 28, 2006.

When preparing for this case, we ask the secretary to the CRB for all papers of the meeting of July 28, 2006. <u>No</u> "Funding Agreement" instrument was disclosed or given to us!

Now it is admitted that a $5 million check was sent to the ADA **prior** to the filing of this case.

Pursuant to the "Funding Agreement" that has no terms, dates, conditions, etc. and what appears to be an undisclosed contract with ADA an additional disbursement of $489,932 is due.

The "Funding Agreement" and "Funding Resolution" are respondent's EXHIBITS "A" and "B". The "Funding Resolution" <u>and</u> "Funding Agreement" disclosed <u>no</u> why, what for, when, etc. as to this additional amount is or was due.

In respondent's WHEREFORE paragraph on page 4 of its "NOTICE" pleading they state:

> ". . . The latter amount shall be disbursed unless otherwise directed by this Court. In the event the Court should order said amount not to be disbursed, Respondents request that Petitioner Fent be required to post a good and sufficient surety bond or other security in the amount of $20 Millions to secure against harm to Respondents by virtue of Petitioner Fent's action, pending the final resolution of this matter."

Now, the respondents want the court to approve this additional disbursal of the $489,932. Why? One of the reasons we can think of is the respondents are **"testing"** the court as to the final opinion to be filed in the case. Also, the respondents may be attempting to create an **"immunity status"** by later stating: "the court said we could do

5

it" <u>or</u> "the court allowed us to do it by being silent" to the $489,932 payment and even to the prior $5 million check?

Another theory is getting this case dismissed before the final opinion and order is filed. What is going on? Who? Why?

## VI.

### RESPONDENT IS REQUESTING THE COURT ANSWER A "BUSINESS QUESTION" AND NOT A QUESTION OF LAW.

The CRB and its members are **"free"** to do all acts within the Oklahoma Constitutional limitations!

Should the respondents **pay** the additional claim for $489,932 or should the respondents **not pay** the additional claim for $489,932, that is their question.

**No** prohibition of continued payments are at issue in the case! However, all new payments are subject to the final constitutional issues of this case!

Respondents purpose of its "NOTICE" pleading is on its page 4 which states:

> ". . . However, in an abundance of caution and to be completely forthcoming with the Court, Respondents thought it important to advise all interested parties of its intentions."

**This court does not issue advisory opinions or rulings!**

All this new respondent pleading brings to the court is a **reasonable prudent business decision** of the CRB to pay or not pay during a pending constitutional issue case.

The paying or not paying the additional money by the CRB's member approval is **not** a legal question in which the Supreme Court has jurisdiction over.

The petitioner is **not** liable for any ex parte court order directing said amount to be or not to be disbursed! This is an "executive branch" decision!

6

No such temporary relief or requirement was requested by petitioner and the respondents admit this in their notice pleading.

## VII.

**FOR THE COURT TO REQUIRE A $20 MILLION SECURITY UNDER THE FACTS AND LAW OF THIS CASE WOULD BE A DENIAL OF OPEN ACCESS TO THE COURTS, DUE PROCESS AND EQUAL PROTECTION OF THE LAW.**

The respondents and this court know that the petitioner can not make any $20 million security in this case. I also admit this! It is just an underhanded theory to get the case dismissed by a denial of open access to the courts, due process and equal protection of the law. See Oklahoma Constitution, Article 2, Section 6 "Open Courts" and U.S. Constitution, 5th and 14th Amendments "Due process" and "Equal protection of law".

Also, see Timothy M. Baryellone v. Patricia Presley, 2005 OK 86; 126 P.3d 588 for case discussion on unreasonable costs, fees, etc. to have open access to the courts.

What is illogical about respondents argument is that the $5 million CRB check was already sent to ADA **before** the filing of this case. Why request security on $5 million already spent on this project? Security is usually requested for "money to be spent" and not for "money already spent" when a party requests injunctive relief at the **outset of the case!**

It is interesting to note that any authority to issue a check or/and execute a contract with the Ardmore Development Authority ("ADA") **prior** to an open meeting of the CRB authorizing these acts may have been a violation of the Oklahoma Open Records Act of 51 O.S. 2001 § 24A.1 et. seq.

7

## CONCLUSION

What is the purpose of the respondents notice pleading? Why? There appears to be more behind this than said? Who is talking to whom? And, what about?

There was no legal authority given or cited for this notice pleading by the respondents and the court lacks jurisdiction to comment, direct, execute or order any temporary or not temporary acts involving these issues or nonissues of this case.

Lets have a final order in this case! It has been a long time since its filing!

Dated this _12_ day of ____December____, 2006.

Respectfully submitted,

By: _Jerry R. Fent_

Jerry R. Fent, OBA #2868
1830 N.W. 18th Street
Oklahoma City, OK 73106
(405) 528-4707
PRO SE PETITIONER

## CERTIFICATE OF MAILING OR DELIVERY

This is to certify that a true and correct copy of the above and foregoing either mailed or hand-delivered this _12_ day of ____December____, 2006 to:

1.  W.A. Drew Edmondson
    Oklahoma Attorney General
    Lynn C. Rogers, OBA #7722
    Scott Boughton, OBA #991
    Assistant Attorneys General
    313 N.E. 21st Street
    Oklahoma City, OK 73105

2.  Judith S. King, Esq.
    Oklahoma State Senate
    State Capitol, Room 309
    Oklahoma City, OK 73105

8

3.    Lee Slater, Esq.
      P.O. Box 14785
      Oklahoma City, OK 73113-0785

4.    Mr. Edwin Kessler
      1510 Rosemont
      Norman, OK 73072-6337

_____
          Jerry R. Fent

# TAXPAYER DEMAND

Tulsa County presiding District Judge, Gregory Frizzell, individually and in his official capacity;

Tulsa County District Judge, Ronald Shaffer, individually and in his official capacity;

Tulsa County District Attorney, Tim Harris, individually and in his official capacity;

Tulsa County Assistant District Attorney, Linda Greaves, individually and in her official capacity;

Tulsa County Clerk, Earlene Wilson, individually and in her official capacity;

Pursuant to Oklahoma qui tam provisions @ 62 O.S. 1991**372 and 373, we Oklahoma Taxpayers **demand** that the above named public officials and public entities, replace and restore the approximate **$350,000** (three hundred and fifty thousand dollars) due the **Tulsa County General Fund** per the October 6, 2003 certified ORDER APPOINTING RECEIVER attached hereto in violation of Oklahoma Criminal Law 21 O.S.* 421 as a false claim and entrapping a public law enforcement entity into the public corruption scheme/plan of action identified in the **PETITION TO VACATE**, filed December 29, 2005 also attached hereto.

*Larry E Wilson*

Larry E. Wilson – Relator
Citizens for Fair and Clean Government
PO Box 691722, Tulsa, Ok 74169-1722
okcitizensparty@cox.net

Print Name: *LARRY E WILSON*

Address: *14110 E 19 PL, TulsA, OK 74108*

Signature: *Larry E Wilson*

Date: *January 6, 2006*

Received by: *Betty Steward for Judge Frizzell on 1-9-06*

EXHIBIT IV

Print Name: _David O'Connor_

Address: _3075 108th E Ave Tulsa ok 74128_

Signature: _Dal O'Connor_

Date: _01-08-06_

Print Name: _Shelby D. Castleberry_

Address: _3135. 108th E Ave_

Signature: _Castleberry_

Date: _1-8-06_

Print Name: _Suzanne M. O'Connor_

Address: _3075 108th e. Ave Tulsa ok 74128_

Signature: _Suzanne M O'Connor_

Date: _12-01-08-06_

Print Name: _Phyllis Dammann_

Address: _9926 S. Kingston_

Signature: _Phyllis Dammann_

Date: _1/9/06_

Print Name: _Darrel Dammann_

Address: _9926 S. Kingston_

Signature: _Darrel Dammann_

Date: _1/8/06_

Print Name: _Mrs Peggy Cossman_

Address: _5928 E. 100th St. Tulsa OK. 74137_

Signature: _Mrs Peggy Cossman_

Date: _1-9-06_

Print Name: _Roberta Kuklenski_

Address: _9814 S. Kingston_

Signature: _Roberta Kuklenski_

Date: _Jan 9, 2006_

Print Name: _Dean D Scott_

Address: _4307 E 60th / 09_

Signature: _Dean Scott_

Date: _1/9/06_

Print Name: _M Rzepazuski_

Address: _5707 S Sheridan Tulsa 74145_

Signature: _Rzep_

Date: _1/9/06_

Print Name: _____

Address: _____

Signature: _____

Date: _____

Print Name: _____

Address: _____

Signature: _____

Date: _____

Print Name: _____

Address: _____

Signature: _____

Date: _____

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

POE AND ASSOCIATES, INC.,           )
an Oklahoma corporation,            )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )    Case No. CJ 95-3509
                                    )    Judge Shaffer
STEPHEN P. WALLACE, an              )
individual and d/b/a both           )
WALLACE INVESTMENTS and             )
RIVER OAKS ASSOCIATES, and          )
LORICE T. WALLACE, an individual,   )
and THE LORICE T. WALLACE           )
REVOCABLE TRUST,                    )
                                    )
        Defendants.                 )

DISTRICT COURT
F I L E D
OCT - 6 2003
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

ORDER APPOINTING RECEIVER

This matter is before the Court on the motion of Poe & Associates, Inc., for an order appointing a receiver to assume control of certain proceeds of the Lorice T. Wallace Irrevocable Trust dated September 22, 1992, also known as the Lorice T. Wallace Life Insurance Trust ("LTW Life Insurance Trust") derived from a policy of insurance on the life of Lorice T. Wallace by Connecticut General Life Insurance Company, which was later assigned to Lincoln National Life Insurance Company and is designated as Policy No. 5069423 (the "Policy") to which Defendant/Judgment Debtor Stephen P. Wallace may be entitled.

Based on the authorities presented in the Motion, the arguments of counsel, and the evidence presented at the hearing on September 25, 2003, the Court finds that:

1. The property over which the receiver is to assume control is all proceeds that may be

received by Defendant/Judgment Debtor Stephen P. Wallace, from the Lorice T. Wallace Irrevocable Trust dated September 22, 1992, also known as the Lorice T. Wallace Life Insurance Trust ("LTW Life Insurance Trust") derived from a policy of insurance on the life of Lorice T. Wallace by Connecticut General Life Insurance Company, which was later assigned to Lincoln National Life Insurance Company and is designated as Policy No. 5069423 (the "Policy").

2.   Tulsa County Sheriff Stanley Glanz ("Receiver"), in his official capacity, is not a party, attorney or person interested in the action and is qualified to assume control of the property.

3.   The appointment of a receiver is authorized by 12 Okla. Stat. §1551(3) and (4).

4.   On March 28, 2001, a judgment was entered in the amount of $27,995.98 in damages in favor of Poe against Wallace after a trial between the parties and a jury verdict in Poe's favor on its breach of contract claim against Wallace. A Statement of Judgment was recorded with the Tulsa County Court Clerk on April 1, 2001.

5.   In addition to the principal judgment, the Court entered a judgment in favor of Poe and against Wallace for attorneys' fees in the amount of $66,275.63, costs in the amount of $3,406.23, interest of $86,061.56 and supplemental fees and costs of $6,817.50.

6.   Wallace has a particularly litigious nature.

7.   Wallace has a bankruptcy pending in the Northern District of Oklahoma, Case No. 2002-00073-M.

8.   The Bankruptcy Court has denied Wallace's discharge in that case.

9.   Poe is Wallace's largest creditor.

10.  Because of Wallace's litigious nature, financial condition and pending bankruptcy, it is foreseeable that he would attempt to remove or dispose of any proceeds he receives from the Policy in an effort to hinder or delay his creditors.

11.  The Court has the authority to appoint a receiver pursuant to 12 Okla. Stat. §1551(3) which provides that a receiver may be appointed by a District Court Judge, after judgment, to carry the judgment into effect.

12.  The Court also has authority to appoint a receiver after judgment in aid of execution. 12 Okla. Stat. §1551(4). *D.W.L., Inc. v. Goodner-Van Engineering Co.,*, 373 P.2d 38 (Okla. 1962).

13.  An application for the appointment of a receiver is addressed to the sound discretion of the Trial Court. *Brady v. Oklahoma City, ex rel. Domb*, 108 P.2d 144 (Okla. 1941).

14.  The Court also has further authority to forbid a transfer or other disposition of the property of Wallace. 12 Okla. Stat. §852.

15.  Receiver is vested with the following powers, rights and duties with respect to proceeds that may be received by Defendant/Judgment Debtor Stephen P. Wallace, from the Lorice T. Wallace Irrevocable Trust dated September 22, 1992, also known as the Lorice T. Wallace Life Insurance Trust ("LTW Life Insurance Trust") derived from a policy of insurance on the life of Lorice T. Wallace by Connecticut General Life Insurance Company, which was later assigned to Lincoln National Life Insurance Company and is designated as Policy No. 5069423 (the "Policy"):

To take and keep possession of the property until it is to be distributed pursuant to further order of this Court.

IT IS THEREFORE ORDERED that the Motion of Poe & Associates, Inc., to appoint a receiver is granted.  Tulsa County Sheriff Stanley Glanz is hereby appointed in this action, in his official capacity, and shall assume control of proceeds that may be received by Defendant/Judgment Debtor Stephen P. Wallace, from the Lorice T. Wallace Irrevocable Trust dated September 22, 1992, also known as the Lorice T. Wallace Life Insurance Trust ("LTW Life Insurance Trust")

derived from a policy of insurance on the life of Lorice T. Wallace by Connecticut General Life Insurance Company, which was later assigned to Lincoln National Life Insurance Company and is designated as Policy No. 5069423 (the "Policy") of Defendant/Judgment Debtor, Stephen P. Wallace. The proceeds shall be deposited into the general fund of Tulsa County and any interest earned on the proceeds while they are on deposit shall be paid for the benefit of the County, not either of the parties in this action.

This appointment is not subject to the taking of an oath or furnishing of an undertaking because of the provisions of 12 Okla. Stat. § 854.

Dated: October 6, 2003

RONALD L. SHAFFER
Ronald L. Shaffer
Judge of the District Court

Submitted by:

Kenneth E. Crump Jr.   OBA#11803
COOPER, MCKINNEY & WOOSLEY
401 South Boulder Avenue
3300 MidContinent Tower
Tulsa, Oklahoma 74103

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

JAN 6 - 2006

By _____
            Deputy

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

STEPHEN P. WALLACE, an individual,                    )
And for all Tulsa County taxpayers similarly          )
Situated via Qui Tam Statutes; 62 O.S. 1991           )
§372 & §373,                                          )
                                                      )
                    Plaintiffs,                       )
                                                      )
VS                                                    )
                                                      )
G. Reuben Davis, individually;                        )
Boone, Smith, Davis, Hurst & Dickman, P.C.;           )
James C. Milton, individually;                        )
Doerner, Saunders, Daniel & Anderson, L.L.P.;         )
James E. Poe, individually; Covington & Poe;          )
Kenneth E. Crump, Jr., individually;                  )
Cooper, McKinney & Woosley;                           )
William R. Grimm, individually;                       )
Barrow & Grimm, P.C., the Paul H. Mindeman            )
Estate, deceased; Ronald J. Saffa, individually;      )
Morrell, West Saffa, Craig & Hicks, Inc.;             )
Poe & Associates; John Woolman, individually;         )
Wakefield Development and                             )
Thomas Wilkins, individually,                         )
                                                      )
                    Defendants.                       )

DISTRICT COURT
**F I L E D**

JAN 2 6 2006

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

Case No.

CJ 2006 00551

JURY TRIAL DEMANDED

DEBORAH C. SHALLCROSS

## PETITION

COMES NOW Stephen P. Wallace, ("Wallace") and for his claims against Defendants pursuant to 12 O.S. §1031(3) (4) and §1033 and Oklahoma Criminal Law 21 O.S. §421 (A-3) (B) (C) & 21 O.S. §1541.1 & §1541.2 allege and state:

## PARTIES

1.    Wallace is an individual residing in Tulsa County, Oklahoma.

2.    G. Reuben Davis is an individual residing in Tulsa County, Oklahoma.

3.    Boone, Smith, Davis, Hurst & Dickman, P.C., is a professional corporation conducting business in Tulsa County, Oklahoma.


EXHIBIT
V

CJ   2006   0 0 5 5 1

4.   James C. Milton is an individual residing in Tulsa County, Oklahoma.

5.   Doerner, Saunders, Daniel & Anderson, P.C., is a professional corporation conducting business in Tulsa County, Oklahoma.

6.   James E. Poe is an individual residing in Tulsa County, Oklahoma.

7.   Covington & Poe is a law firm conducting business in Tulsa County, Oklahoma.

8.   Kenneth E. Crump, Jr., is an individual residing in Tulsa County, Oklahoma.

9.   Cooper, McKinney & Woolsey is a law firm conducting business in Tulsa County.

10.  William R. Grimm is an individual residing in Tulsa County.

11.  Barrow & Grimm is a professional corporation conducting business in Tulsa County, Oklahoma.

12.  The Paul H. Mindeman Estate is being administered in Tulsa County.

13.  Ronald J. Saffa is an individual residing in Tulsa County, Oklahoma.

14.  Morrell, West, Saffa, Craig & Hicks, Inc. is a law firm conducting business in Tulsa County, Oklahoma.

15.  Poe & Associates is an engineering firm conduction business in Tulsa County, Oklahoma.

16.  John Woolman is an individual residing in Tulsa County, Oklahoma.

17.  Wakefield Development is a firm conducting business in Tulsa County, Oklahoma.

18.  Thomas Wilkins, is an individual residing in Tulsa County, Oklahoma.

## JURISDICTION AND VENUE

19.  All Defendants reside and conduct business in Tulsa County, Oklahoma. Jurisdiction is therefore proper pursuant to Title 12 O.S. § 2004(F).

20.  Defendants have gained dominion and adverse possession over personal property which is the subject of this action through Defendant's acting in criminal collusion in Tulsa County, State of Oklahoma, and such personal

2

CJ 2006 00551

property was situated in Tulsa County, State of Oklahoma. Venue is therefore proper pursuant to Title 12 O.S. §131, 137.

## BACKGROUND

21. In 1992, the Lorice T. Wallace Irrevocable Life Insurance Trust was created by Paul H. Mindeman and Ronald J. Saffa for $1 million. The (3) beneficiaries were Mary Roma Jage, Patricia W. Hastings and Stephen P. Wallace.

22. In order to pay the approximately $30,000 per year insurance premium. Saffa and Mindeman covertly devised a **plan of action** to have the (3) children/beneficiaries of the life insurance policy fund the insurance premium by waiving their rights to the annual $10,000 per child exclusion per annum allowed by the Internal Revenue System ("IRS").

23. On June 30, 1997, Mindeman wrote Plaintiff's mother a letter describing a summary that indicated what happens upon her death and that the proceeds would be immediately dispersed equally free from estate tax.

24. Mindeman was President of Trust Company of Oklahoma ("TCO"), which was Trustee of the irrevocable life insurance trust on the life of Plaintiff's mother, Lorice T. Wallace.

25. On **March 13, 2000**, Lorice T. Wallace exercised her rights and terminated Ronald Saffa and Trust Company of Oklahoma from her 1974 Revocable Trust which Saffa secretly restated in 1993. She further ordered Saffa and TCO to resign from her irrevocable trusts in PG-99-556. Everything after March 13, 2000 is **VOID**.

26. When Saffa and TCO refused her directives, she sued them in Tulsa County District Court, case no. CJ-2000-1684 for **fraud, embezzlement** and **infliction of emotion distress**.

27. Saffa, TCO and Lorice Wallace's attorneys, Terry Barker and Robert Lawrence, sold their client out on May 4, 2000 and on May 9, 2000, under a purported Agreed Order in PG 9-556 and another purported Agreed Order in PT-2000-21, which then District Judge David Winslow subsequently signed an Affidavit stating the attorneys identified in his Affidavit obtained his signature in Agreed Order by **FRAUD**.

28. Defendants have waged an all out hostile takeover and criminal conversion of **all** Wallace Family Realty liquid assets and personal property with litigation against the Wallace 1974 Trusts that has spanned nationwide and criminally colluded with their representative law firms which all fees and costs have been paid from the Wallace Family Trusts **exceeding $2 million** to keep from a

3

forensic accounting/audit which would confirm their self-dealing and criminal conversion of the Wallace Family Estate previously valued in excess of $30 million.

29.  Wallace was fraudulently induced to file Chapter 11 Bankruptcy on September 13, 2001 in the Western District of Oklahoma when his attorneys knew Wallace sought a Chapter 13 filing in Tulsa with counsel Robert Todd of Green Country Bankruptcy in the Northern District, where he resided under his homestead exemption.

30.  The Bankruptcy case was fraudulently transferred to Tulsa by Defendants wherein Wallace was denied his federally protected rights for an accounting of his assets and liabilities, denied the right to reorganization authorized by Chapter 11 and then fraudulently converted to Chapter 7 liquidation, all in criminal violation of federally mandated bankruptcy rules.

31.  Lorice Wallace died on May 31, 2003 after being overdosed with psychothropic drugs by Ronald Saffa's pharmacist brother, George P. Saffa, both step-nephews of Lorice Wallace.

32.  The Bankruptcy Court held that Wallace's 1/3 share of the Insurance policy was **not** part of Wallace's Estate in the so-called bankruptcy proceedings.

33.  Saffa and Mindeman criminally colluded under their **"plan of action"** to have Saffa's clients, Poe & Associates file for an ORDER for Receivership to prohibit Wallace from receiving funds to live on and bring Saffa, Mindeman, et al., to justice for the wrongful death of his mother and the criminal conversion of the $30 million Wallace Family Estate, **under color of law.**

34.  The Defendants allegedly enlisted the assistance of **District Judge Ronald Shaffer,** the first state actor in this Petition.

35.  On October 6, 2003, Shaffer signed an ORDER APPOINTING RECEIVER which was the Honorable Stanley Glanz, Tulsa County Sheriff, **"in his official capacity"**....and **"The proceeds shall be deposited into the general fund of Tulsa County and any interest earned on the proceeds while they are on deposit shall be paid for the benefit of the County, not either of the parties in this action.....to take and keep possession of the property until it is to be distributed pursuant to further order of this court."**

36.  Instead and in direct contradiction to the October 6, 2003 ORDER in Judge Shaffer's Court, Defendants enlisted the second state actor, **District Judge Gregory Frizzell,** on **December 17, 2004,** as a co-interloper to allegedly aid and abet Defendant's criminal collusion and conversion of his 1/3 interest in the life insurance policy by intentionally misleading and entrapping the Honorable Sheriff Glanz into their conspiracy as Sheriff Glanz detrimentally

CJ 2006 00551

relief upon Auxiliary Deputy Sheriff Reuben Davis' legal representation of which the Sheriff himself is a victim of Defendant's criminal collusion, **under color of law** and **under color of authority**.

37.     Defendants and state actors, Shaffer and Frizzell, have allegedly diverted public funds and used taxpayer owned building, furniture, fixtures, equipment and personnel to accomplish their criminal collusion and conversion of taxpayer funds and Plaintiffs personal property.

38.     The Honorable Sheriff Glanz had neither notice nor knowledge of his Office and Person being illegally used by Defendants and the state actors to allegedly criminally collude and convert public funds and Plaintiff's personal property for Defendants sole use and benefit, **under color of law** and **under color of authority**.

39.     Defendants also sought to entrap the Honorable Sheriff by committing further federal criminal violations by seeking void ORDERS from the U.S. District Court on December 15, 2004 and December 20, 2004 in Case No. 03-CV-510-C. Sam Joyner, U.S. Magistrate, recommended that ORDERS be vacated in said action.

40.     Wallace has sought relief to vacate the ORDER APPOINTING RECEIVER of October 6, 2003 and filed Writs in the Oklahoma Supreme Court against Judge Shaffer in case nos. 99864 and 10237, which were denied.

## FIRST CLAIM

41.     Wallace's First Claim is against Defendants for fraudulent conversion of Wallace's insurance funds of approximately $350,000.

42.     Wallace realleges all material allegations contained herein before.

43.     Wallace's interest in the insurance trust was protected from creditors by a Spendthrift Clause.

44.     Defendants had no standing as they lacked subject matter jurisdiction after Wallace's mother fired them on March 13, 2000.

45.     Defendants and the state actors have further depleted Plaintiffs personal property and caused irreparable harm to Plaintiff and therefore Wallace et al., are entitled to recover trebal, punitive/exemplary damages from Defendants and state actors under 21 O.S. §575 and the Qui Tam Statutes, 621 O.S. 1991 §372 & §373.

5

## SECOND CLAIM

46. Wallace's Second Claim is against Defendants for imposition of a constructive trust.

47. Wallace realleges all material allegations contained hereinbefore.

48. Defendants have, upon information and belief, taken insurance trust assets to which Defendants were not entitled for Defendants' own use and benefit.

49. Wherefore, Wallace prays that the Court impose a constructive trust on all accounts maintained by Defendants for the keeping or disposition of Wallace's insurance trust assets.

## THIRD CLAIM

50. Wallace's Third Claim is against Defendants for injunctive relief.

51. Wallace realleges all material allegations contained hereinbefore.

52. Wallace is entitled to a provisional injunction immediately upon commencement of this action and to a temporary injunction against the Defendants, pursuant of 12 O.S. §1381 et seq., restraining Defendants from removing, disposing of, or interfering with any of the insurance assets subject to a constructive trust, including but not limited to Wallace's insurance proceeds and the funds diverted from the Tulsa County General Fund.

53. The criminally misappropriated assets belonging to Wallace and the Tulsa County Taxpayers are in adverse possession and controlled by Defendants and absent an injunction freezing those assets and restraining Defendants from removing, disposing of or interfering with those insurance assets, Wallace would suffer irreparable harm.

54. Wherefore Wallace requests this Court enter a provisional injunction immediately upon commencement of this action and a temporary injunction against the Defendants restraining them from removing, disposing of, or interfering with any of Wallace's insurance assets and those diverted from the Tulsa County General fund and such other equitable relief Plaintiffs show they are entitled.

## FOURTH CLAIM

55. Wallace's Fourth Claim is against Defendant for breach of fiduciary duty.

56. Wallace realleges all material allegations contained hereinbefore.

6

CJ  2006  00551

57.     Defendant, Paul Mindeman, deceased, was the former owner of Trust Company of Oklahoma and a former trustee of Wallace's insurance proceeds and owed a fiduciary duty to Wallace as a beneficiary to abide by the provisions of the Spendthrift Clause.

58.     Defendant Mindeman breached his fiduciary duty by:

    a.     Using Wallace's share of the insurance trust for self-gain and self-interest purposes at the expense of the Tulsa County General Fund.

    b.     Using Wallace's share of the insurance proceeds to fund litigation in collusion with all other Defendants attempting to have Wallace incarcerated for seeking an accounting as required by law and per the Insurance Trust provisions.

    c.     Having Wallace's share forfeited and holding Co-Defendants unaccountable for their criminal collusion and conversion of his family's $30 million Estate, allegedly using the Probate Court and the State Actors, Shaffer and Frizzell, under **color of law** and **under color of authority**.

59.     Wherefore Wallace is entitled to recover actual and trebal damages against the Mindeman Estate for his breach of fiduciary, criminal collusion and conversion.

## FIFTH CLAIM

60.     Wallace's Fifth Claim is for criminal malicious prosecution.

61.     Wallace realleges all material allegations contained hereinbefore.

62.     Defendants have knowingly, with malice, forethought, in criminal collusion and conspiracy in violations contained in **21 O.S. §421** have filed false claims, cheated and defrauded Wallace; falsely indicted Wallace for contempt of Court, conspired to felony's and have compounded existing felonies acting in concert with State Actors; depriving Tulsa County General Fund of over $1 million and entrapping the Honorable Sheriff Glanz, a public official who was completely unaware of the criminal ramifications Defendants sought by criminally utilizing Sheriff Glanz's impeccable reputation, his public office and taxpayer owned facilities and personnel.

## SIXTH CLAIM

63.     Wallace's Sixth Claim is for Intentional Infliction of Emotional Distress.

64.     Wallace realleges all material allegations contained hereinbefore.

7

65.    Defendants have knowingly caused severe emotional distress to Wallace and his family members by using his own insurance trust asset to fund litigation against him and deprive him of his right to life, liberty, the pursuit of happiness and his personal assets.

66.    Defendants' conduct was outrageous and severe.

67.    Defendants' conduct has been malicious, wanton, willful, intentional and with reckless disregard for Wallace's rights and his personal property under his share of the insurance trust totally funded by Wallace.

68.    Wherefore, Wallace is entitled to actual trebal damages and punitive/exemplary damages for Defendants intentional infliction of emotional distress under **21 O.S. §575.**

## SEVENTH CLAIM

69.    Wallace's Seventh Claim is against Defendant's for Fraud and Constructive Fraud.

70.    Wallace realleges all material allegations contained hereinbefore.

71.    Defendants have criminally and fraudulently utilized taxpayer owned facilities and taxpayer funded state actors to allegedly criminally collude and convert Wallace's insurance trust proceeds, **under color of law** and **under color of authority**.

72.    Defendants have not only defrauded Wallace but Tulsa County taxpayers and the Tulsa County General Fund in their criminal collusion and conversion of Wallace's insurance trust assets.

73.    Wherefore Wallace and the Tulsa County General Fund are entitled to actual, trebal, and punitive/exemplary damages as a result of Defendants' fraud and alleged public corruption under 21 O.S. §575 and the Qui Tam Statues, 621 O.S. 1991 §372 & §373, and Oklahoma Criminal Law 21 O.S. §4214 (A-3) (B) (C) & 21 O.S. §1541.1 & 1541.2.

Respectfully submitted,

*Stephen P. Wallace*

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870

8

# VERIFICATION

CJ 2006 00551

State of Oklahoma    )
                     ) ss.
County of Tulsa      )

Stephen P. Wallace of lawful age, being first duly sworn, deposes and states that I have read this Petition and the statements made herein are true and correct to the best of my knowledge and belief.

_____
Stephen P. Wallace

STATE OF OKLAHOMA    )
                     ) SS:
COUNTY OF TULSA      )

Subscribed to and sworn before me on this 26th day of January, 2006, Stephen P. Wallace, personally appeared before me and signed the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act. Given under my hand and seal the day and year last above written.

_____
Notary Public

My Commission Expires:    8-18-07

My Commission No.:    0 3010954

Notary Public Oklahoma
OFFICIAL SEAL
MICHAEL GROSS
TULSA COUNTY
COMMISSION #03010954
Comm. Exp. 08-18-2007

9

DISTRICT COURT
**F I L E D**

JUL 1 0 2006

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

### ORDER

On the 6TH day of JULY, 2006, the following matters in the designated case on for decision, pursuant to the rules of the District Court for Tulsa County. The Clerk of the Court is directed to notify counsel of record of the indicated decision by mailing a copy of this Order to them and to file a copy of this order in this case.

_____
DEBORAH C SHALLCROSS, DISTRICT JUDGE

CJ 2006 551    STEPHEN WALLACE         RUEBEN DAVIS

Plaintiffs are directed to provide the Court with legal authority in support of plaintiffs' request for appointment of grand jury on or before July 24, 2006. Defendants are directed to respond on or before 8-11-2006. Plaintiffs may reply on or before 8-18-2006. Plaintiffs' motion to appoint a grand jury set on 8-25-2006 at 1:30. Notices sent to James Poe 111 W 5th St Ste 740 Tulsa, Ok 74103 and Stephen Wallace 6528 E 101st St D-1 #304 Tulsa, Ok 74133 and Reuben Davis 500 Oneok Plaza 100 W 5th Tulsa, Ok 74103 and James Milton 320 S Boston Ste 500 Tulsa, Ok 74103 and Kenneth Crump 401 S Boston Tulsa, Ok 74103 and William Grimm 610 S Main Tulsa, Ok 74119.

### AFFIDAVIT OF MAILING

I, Sally Howe Smith, Court Clerk for Tulsa County, hereby certify that on the ___10___ day of ___July___, 2006 a true and correct copy of the foregoing Order was mailed to each of the attorneys listed above, and a true and correct copy of the foregoing order filed in each of the foregoing cases.

SALLY HOWE SMITH, COURT CLERK

_____
Deputy Court Clerk

" Exhibit "

C

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

LISA F. WALLACE, an incapacitated person,           )
by and through her next friend,                     )
Stephen P. Wallace, both vested beneficiaries,      )
STEPHEN P. WALLACE, an individual                   )
and as heirs to the Frank A. Wallace and            )      DAVID PETERSON
Lorice T. Wallace trusts of 1974 and amendments     )
Thereto;                                            )
                                                    ) CJ 2006 05315
          Plaintiffs,                               )
                                                    )
vs.                                                 )      CASE NO.
                                                    )
EDWARD KALLAY, individually, RONALD                 )
J. SAFFA, individually; JAMES POE,                  )
individually; JAMES MILTON, individually;           )
GREGORY FRIZZELL, individually;                     ) DISTRICT COURT
ADAM ADWON, individually;                           ) **F I L E D**
JAMES BURCHAM, individually;                        )
THOMAS WILKINS, individually;                       )   AUG 2 5 2006
CDSGI, L.L.C., an Oklahoma limited liability        )
company; KALLAY GROUP; and                          ) SALLY HOWE SMITH, COURT CLERK
TRUST COMPANY OF OKLAHOMA,                           ) STATE OF OKLA. TULSA COUNTY
corporately and its Shareholders and Directors,     )
                                                    )
          Defendants,                               )

## PETITION FOR ACCOUNTING
## AND FOR APPOINTMENT OF RECEIVER

COMES NOW, the Plaintiffs' ("Wallace") and for their claims against Defendants pursuant to 12 O.S. §1031, §1033 and §1038 and Oklahoma Criminal Law 21 O.S. §421(A-3) (B) (C) and 21 O.S. §1541.1 and §1541.2, allege and state as follows:



EXHIBIT
**VI**

## PARTIES

1.  Lisa and Stephen Wallace are individuals residing in Tulsa County.

2.  Edward Kallay is an individual residing in Tulsa County.

3.  Ronald J. Saffa is an individual residing in Tulsa County.

4.  James E. Poe is an individual residing in Tulsa County.

5.  James C. Milton is an individual residing in Tulsa County.

6.  Gregory Frizzell is an individual residing in Tulsa County.

7.  Adam Adwon is an individual residing in Tulsa County.

8.  James Burcham is an individual residing in Tulsa County.

9.  Thomas Wilkins is an individual residing in Tulsa County.

10. C.D.S.G.I., L.L.C. is an Oklahoma limited liability company operating in Tulsa County.

11. Kallay Group conducts business in Tulsa County.

12. Trust Company of Oklahoma conducts business in Tulsa County. Its Shareholders and Directors reside in Tulsa County.

## JURISDICTION AND VENUE

13. All Defendants reside and do their business in Tulsa County and jurisdiction is therefore proper pursuant to Title 12 O.S. §2004 (F).

14. Defendants have allegedly criminally colluded to gain dominion and adverse possession over real property which is the subject of this action and venue is proper pursuant to Title 12 O.S. §131 and §137.

2

## BACKGROUND

15. At a hearing on August 26, 2005, in Case No. PT-2002-56, allegedly criminally colluded in concert to sell **unique and irreplaceable** realty owned by the Frank A. Wallace Irrevocable Trust of 1974 under the guise that the realty was owned by the Lorice T. Wallace Family, L.P., in Judge Gregory Frizzell's court.

16. Interested parties and beneficiaries, Mary Roma Wallace Jage and Stephen P. Wallace filed their timely objections and requested a 30-day continuance, which Judge Gregory Frizzell erroneously denied.

17. After the hearing commenced, Plaintiff Stephen Wallace called Defendants to the stand to testify.

18. Defendants were cross-examined regarding the Real Estate Purchase Agreement prepared by Defendants purporting the Seller to be the Lorice T. Wallace Irrevocable Trust of 1996, General Partner of the Lorice T. Wallace Family L.P.

19. The closing of the subject property was to take place at Trust Company of Oklahoma's offices and NOT at the title or abstract company in order to avoid documentation substantiating the true "owner of record."

20. When Adam Adwon ultimately was forced to surrender an aerial of the subject property, Plaintiff Stephen Wallace, having managed and lived on the property, immediately realized the criminal conversion and collusion scheme to sell property not owned by the Lorice T. Wallace Family L.P.

21. During a brief recess, Plaintiff and witness, Ladd Larsen, proceeded to the Tulsa County Assessors Office to retrieve the exact "owner of record," which was the Frank A. Wallace Irrevocable Trust of 1974.

22. Plaintiff then presented the uncontested evidence to Judge Frizzell who stated Mr. Wallace would have to place himself on the stand for direct testimony and presentation of evidence.

3

23.   Plaintiff placed the evidence on the record verbally and then moved the Court that it be marked as Wallace "Exhibit #1."

24.   The court reporter labeled it as so, and when Plaintiff repeatedly attempted to place the Exhibit of record, Defendant, James Poe, repeatedly objected and Judge Frizzell sustained his objection after irrefutable evidence that the property was NOT owned by the Family L.P. and Defendants were criminally converting Frank A. Wallace Irrevocable Trust realty and they were caught, wherein Frizzell signed Defendants' ORDER to sell the property (see Affidavits 1 and 2 attached).

25.   The purchase price of $15,980.00 per acre when actual value was in excess of $50,000.00 per acre – thus a sham sale **under color of law** and **under color of authority** by Judge Gregory Frizzell and a his alleged co-conspirators, thus **arbitrary** and **capricious** rulings.

## FIRST CLAIM

26.   Plaintiffs' first claim is against Defendants for fraudulent conversion of Plaintiffs' realty assets.

27.   Wallace re-allege all material allegations contained herein before.

28.   Defendants had no standing as they lacked subject matter jurisdiction after Plaintiffs' mother fired them on March 13, 2000 after Judge Perugino ruled Mrs. Wallace was competent to do so.

29.   Defendant, Frizzell, is a state actor in the alleged collusion and criminal conversion scheme in the predatory scheme utilizing taxpayer owned buildings, furniture, fixtures, equipment and personnel in a criminal enterprise with his co-defendants. Wherefore Plaintiffs' are entitled to trebal and punitive damages.

## SECOND CLAIM

30.   Plaintiffs' second claim is for breach of fiduciary duty and breach of trust.

31.   Wallace re-allege all material allegations contained hereinbefore.

4

32.    The interim successor trustee Defendants criminally breached their fiduciary duty to the Trusts and beneficiaries, with malice and forethought, in a premeditated criminal scheme with the other Defendants wherefore Plaintiffs' are entitled to trebal and punitive damages.

## THIRD CLAIM

33.    Plaintiffs' third claim is for fraud and collusion.

34.    Wallace re-allege all material allegations contained hereinbefore.

35.    Defendants criminally defrauded and colluded under **color of law** to criminally convert Frank A. Wallace Irrevocable Trust realty assets for their sole use and benefit, wherefore Plaintiffs' are entitled to trebal and punitive damages.

## FOURTH CLAIM

36.    Plaintiffs' fourth claim is for attorney deceit and collusion.

37.    Wallace re-allege all material allegations contained hereinbefore.

38.    Defendant attorneys and Judge Frizzell criminally colluded to steal Wallace family realty.

39.    Taxpayers have the right to join in this suit pursuant to 62 O.S. 1991, §372 and §373 to recover wages, costs and expenses utilized by officers of the court and state actor Frizzell, wherefore Plaintiffs' and taxpayers are entitled to trebal and punitive damages.

## FIFTH CLAIM

40.    Plaintiffs' fifth claim is for infliction of emotional distress.

41.    Wallace re-allege all material allegations contained hereinbefore.

42. Defendants have willfully inflicted emotional distress upon Plaintiffs' by criminally converting Wallace family realty and depriving Plaintiffs' of quiet enjoyment of the same, wherefore Plaintiff's are entitled to trebal and punitive damages.

## SIXTH CLAIM

43. Plaintiffs' sixth claim is for loss of business opportunity and criminal usurpation of the same.

44. Wallace re-allege all material allegations contained hereinbefore.

45. The River Oaks Golf Community of over 300 homes and private golf course was funded and master-planned since May of 1993. (See Exhibit #3.)

46. Defendants have caused irreparable harm to the River Oaks project and the Plaintiffs', wherefore Plaintiffs' are entitled to trebal and punitive damages.

## SEVENTH CLAIM

47. Plaintiffs' seventh claim is for Injunctive Relief so a forensic accounting of Plaintiffs' assets by Dana Cole & Co., of Lincoln, NE, and for an Appointment of Receiver by ARVEST TRUST CO. (See Exhibits #4 and #5.)

48. Wallace re-allege all material allegations contained hereinbefore.

49. Defendants have caused irreparable harm by not providing the same, in that it has been denied by Defendants', and contrary to Oklahoma law, for over seven years. This has been the main objective of the Plaintiffs' in the first place, to obtain the accounting, wherefore Plaintiffs' are entitled to trebal and punitive damages. (See Exhibit #6)

6

Dated this 24th day of August 2006.

Respectfully Submitted,

*Stephen P. Wallace*

Stephen P. Wallace

## VERIFICATION

State of Oklahoma )
                ) ss.
County of Tulsa   )

I, Stephen P. Wallace, of lawful age and being first duly sworn, states that I prepared this Petition and it is true and correct to the best of my knowledge.

*Stephen P. Wallace*

Stephen P. Wallace

State of Oklahoma )
                ) ss.
County of Tulsa   )

The undersigned Notary Public, in and for the County and State aforesaid, does hereby certify Stephen P. Wallace, personally known to me to be the same person whose name is subscribed to the foregoing instrument.

Given under my hand and official seal this _24_ day of August 2006.

*Christine B. Smith*

Notary Public

My Commission Expires:
_8-16-2009_
(Notarial Seal)
My Commission No.:#0500758 1

CHRISTINA D. SMITH
Notary Public in and for the
State of Oklahoma
Commission #0500758t
My Commission expires 8/16/2009

7

## Real Estate Sale Approval Hearing of 8-26-05

I, A. Ladd Larson, certify that I am of age & competent to testify & that based on my notes & observations the following is a true & correct account of what I observed on August 26, 2005. I do this under penalty of law.

The case was regarding court approval of a sale of piece of property that had been represented to be in the Lorice T. Wallace Family Ltd. Partnership. The Trustees who act as Managing Partner for the Partnership requested the court approval of this sale.

At one point in the hearing it was brought up that Bank One must own some part of this property & that they weren't present & hadn't even been notified of the hearing. Since there seemed to be some question as to the ownership of this property Mr. Wallace & I went down stairs to the County Clerk's office & got a copy of the ownership of the property in question, during a short recess. It showed the property to be in the names of Frank & Lorice Wallace individually, not in trust & for certain not in the Family Ltd. Partnership.

When we got back to the courtroom Mr. Wallace gave the document to the court reporter to be entered into the record. He labeled it Wallace #1. This document created quite a stir in the courtroom. Moments earlier Mr. Melton seemed to be in a hurry to get somewhere else, but when he returned from the Judge's chambers he addressed Mr. Poe with the statement "I think we're in trouble".

Towards the end of the hearing Mr. Wallace asked to be sure the ownership document had actually been entered into the record. At that time Judge Frizzell informed Mr. Wallace that the title document was not in evidence because of some technicality & when Mr. Wallace requested again that it be entered & that I was a witness to how the document had been secured. Mr. Poe objected & Judge Frizzell sustained the objection. The Judge wanted to keep the ownership document, probably because it had been labeled by the court reporter, Wallace #1. Since it wasn't being allowed in the record Mr. Wallace took it back.



EXHIBIT

1

**At that time the Judge approved the sale knowing full well that the parties asking for the approval of the sale didn't own any part of the property offered for sale.**

KIMBERLY P. DEARDORFF
Notary Public
State of Oklahoma
Commission # 01009980  Expires 7/16/09

Kimberly P. Deardorff
Notary Public

18, October, 2005

To whom it may concern,

I hereby certify, under penalty of law, that the following is a true and correct account of what I observed in Judge Frizzell's court on 26, August, 2005.

The case pending before the court was a request to approve the sale of certain property that was represented to be in the Lorice T. Wallace Family Limited Partnership. The Trustees for the Partnership had requested the court approval.

During a brief recess, Steve Wallace an heir went to the Tulsa County Assessor's office to see who was in title to the subject property. The records showed the title to the property was held individually by Mr. Wallace's parents and was clearly not under control of the Partnership. Mr. Wallace asked that this document, the ink still wet, be entered into the court record. Judge Frizzell denied the request under some technicality that the evidence had been offered improperly. Mr. Wallace requested again properly that it be entered. Mr. Poe objected and Judge Frizzell sustained the objection. Even after this document had been seen by the Judge, whether entered into evidence or not, he went on and approved the sale.

I have been in mortgage banking for my entire adult life. I was astounded that the Judge went ahead with the approval of the sale when it was clear that the trustees had no right to offer the property for sale. This was the most blatant example of judicial prejudice I have ever witnessed in my life.


Donald W. Broome


State of Oklahoma
Oklahoma County

This document was acknowledged before me this 18th Day of October, 2005


Notary Public

WENDY WILLIAMS
Notary Public
State of Oklahoma
Commission # 00019395 Expires 12/02/08

EXHIBIT
2

# BUSINESS

EXHIBIT 3

Sunday, May 30, 1993

| | |
|---|---|
| **Money** | G-5 |
| **Energy** | G-7 |
| **Business People** | G-3 |
| **Computers** | G-10 |

# Golf on the River

## South Tulsa Development Also to Include Housing

**By Cynthia Dees**
World Staff Writer

An upscale golf course and residential development is planned for south Tulsa and the developer is negotiating a deal that might allow the public to own shares in the project.

Tulsa-based River Oaks Development Corp. plans to begin developing in August a championship 18-hole golf course along a mile of the north bank of the Arkansas River near 131st Street and Sheridan Road.

River Oaks Associates, a development team assembled by Tulsa developer Steve Wallace, is considering the formation of an equity-based Real Estate Investment Trust to own and operate the golf course portion of the project once it is completed. Interest in the trust, also known as a REIT (pronounced "reet"), would be made available through a public share offering.

REITs, which grew in popularity during the 1960s and '70s, have become the latest investment darlings in the financial world. Because they recently have been offering excellent returns, experts are touting them as "hot" investments because of de-



**Steve Wallace**

clining returns on money markets and certificates of deposits.

The National Association of REITs reported that the 140 equity REITs it tracks paid dividends of more than 6.2 percent as of March 31. And the demand for these investments is not expected to let up. The industry reports that $5 billion was pumped into REITs in 1992, and $10 billion is expected for 1993.

The River Oaks golf course design is by the Tulsa firm of Pittman Poe & Associates. The course is expected to be completed by early fall 1994.

The entire development, which is technically referred to a planned unit development, or PUD, consists of about 300 acres with approximately 200 home sites.

"The additional time, patience and expenditure for us to integrate the golf-residential PUD will compliment the current south Tulsa residential development that is already well under way," said Wallace.

His background includes securities brokerage and multifamily development in Florida. Wallace will coordinate the broker-dealer underwriting if the REIT plan is executed.

The development of the River Oaks community should coincide with the re-development of the never-completed Hank Thompson Celebrity Country Club golf course near 131st Street and Yale Avenue. That property recently was sold to Bob Heath and plans are under way to complete the golf course and surrounding residential lots.

The River Oaks development will feature a daily fee golf course and two clubhouses, one for the public course users and a private one for residences. The residential owner's association clubhouse will feature tennis courts, a spa and swimming pool.

Wallace said the demand for golf courses is phenomenal in the Tulsa area.

"A market demand study prepared by a national consulting firm demonstrated an unmet demand of almost 300,000 rounds of golf in the metropolitan area," Wallace said.

He said those figures translate into a need for approximately five more golf courses in Tulsa County.

# DANA F. COLE & COMPANY, LLP
### CERTIFIED PUBLIC ACCOUNTANTS
1248 O STREET, SUITE 500
LINCOLN, NEBRASKA 68508

October 6, 2005

**FILE COPY**

Ronald J. Saffa
3501 S. Yale Avenue
Tulsa, OK 74136

Tom Wilkins
Trust Company of Oklahoma
5727 S. Lewis Avenue
Tulsa, OK 74105

William B. Harrison
J.P. Morgan Chase & Co.
270 Park Avenue
New York, NY 10017

Jeff King, Managing Director
J.P. Morgan Private Client Services
420 Throckmorton
Ft. Worth, TX 76201

Gentlemen:

Pursuant to instructions from Mary Roma Jage in her letter to you dated October 5, 2005, we are requesting all documents as listed in the attached Exhibit "A" Document Request for certain trusts and a partnership established by Frank A. Wallace and Lorice T. Wallace, both deceased.

Please send legible copies of the requested documents via U.S. mail. Please include a written listing of the contents with each separate package that is signed and dated by you. We will inspect and log in the contents of each package, noting any items not included or additional material that is included, and return your written, signed and dated listing of the contents with our signature and the date we received it. Please retain the originals of all the requested documents in your files for verification at a later date.

Our mailing address is Dana F. Cole & Company, LLP, 1248 "O" Street, Suite 500, Lincoln, Nebraska 68508. Please send the requested documents to my attention.

We appreciate your cooperation in this matter.

Yours truly,

DIANNE K. HABERLAN
For the Firm

e-mail: haberlan@danacole.com
direct line: 402-479-9318

DKH:laf

cc: Mary Roma Jage

*Nebraska*
*Kansas*
*Michigan*
*Missouri*
*Wyoming*

www.danacole.com

Principal Office:
1248 O Street, Suite 500
Lincoln, NE 68508
402/479-9300
Fax 402/479-9315

*Exhibit "4"*



**Working in your best interest.™**

November 18, 2005

Chief Justice Joseph Watt
Oklahoma Supreme Court
2300 North Lincoln Boulevard
Oklahoma City, OK  73105

Your Honor:

Arvest Trust Company, N.A., Asset Management has been nominated by a friend of the court, A. Ladd Larson, to serve as custodian for the Oklahoma Supreme Court of the assets, real and liquid, held in the Frank A. & Lorice T. Wallace Trusts as well as the 1974 Irrevocable Trust Assets for their four children.

We would serve as the Court appointed Receiver/Temporary Trustee for the aforementioned trusts.  The assets to be marshaled should be itemized for inventory purposes and ARVEST would obtain possession of the assets **after** Dana Cole & Co., a certified public accounting firm, which will have executed documents accepting such nomination to conduct an accounting and audit.  Such accounting and audit should commence immediately.

ARVEST would request confirmation of its total immunity in serving as custodian under said nomination.  Enclosed please find ARVEST's Qualification documentation to affirm ARVEST's capacity to serve as an independent custodian.

Very truly,

B. Dean Hudgeons
Senior Vice President & Location Manager
Arvest Trust Company, N.A.

Enclosures

Exhibit "5"





# TULSA COUNTY SHERIFF'S OFFICE

500 South Denver
Tulsa, Oklahoma 74103-3832
www.tcso.org

**Stanley Glanz**
Sheriff

November 7, 2005

**Brian Edwards**
Undersheriff

Deputy Inspector Dennis Francini
Oklahoma State Bureau of Investigation
125 W. 15th, Suite 100
Tulsa, OK 74119

Dear Inspector Francini:

We are forwarding to the Oklahoma State Bureau of Investigation (OSBI) documents, paperwork and related written material that has been submitted by Stephen P. Wallace to our office.

Mr. Wallace has been engaged in a civil dispute through the courts for the last three years. He now believes that the courts and Judge Frizzell have acted in a criminal manner. Sheriff Glanz is aware of the on going concerns of Mr. Wallace and is requesting the OSBI to review this matter.

I have additional information which I would like to share with you in regards to this case. Please contact me so that we may discuss Mr. Wallace's concerns.

Respectfully,

Stanley Glanz, Sheriff
By Chief George Haralson, Chief Deputy

/ck

**EXHIBIT**
**6**

'96.5601

'Total Commitment Serving Others'

Fax 918.596.5697