## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN P. WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06-cv-01817-RBW |
| | ) | |
| JAMES C. MILTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS OF DEFENDANTS JOHN C. KIRKPATRICK
## AND GUARANTY ABSTRACT COMPANY

Defendants John C. Kirkpatrick and Guaranty Abstract Company (the "Guaranty Defendants") respectfully move this Court, pursuant to Rules 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure, to dismiss **with prejudice** plaintiff's RICO claims in Respondent, Stephen P. Wallace's Notice of Removal and Complaint filed on October 23, 2006. This motion is based upon the following reasons:

### Failure to State a Claim

1.      The Guaranty Defendants move to dismiss plaintiff's RICO claims, asserted pursuant to 18 U.S.C. § 1964(a) and (c), as plaintiff fails to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).  Plaintiff does not have standing to bring his RICO claims against the Guaranty Defendants, nor does plaintiff plead the necessary elements for his RICO claims.  Specifically, plaintiff fails to demonstrate that the Guaranty Defendants conducted or participated in an "enterprise" or a "pattern of racketeering activity."  Further, plaintiff fails to establish a causal nexus between the alleged racketeering activities and any purported injury to his business or property.  Plaintiff also fails to plead his RICO claims against the Guaranty Defendants with particularity, pursuant to Fed.R.Civ.P. 9(b) and plaintiff fails to

provide effective notice of his claims against the Guaranty Defendants showing that he is entitled to relief, pursuant to Fed.R.Civ.P. 8(a)(2).

**Lack of Subject Matter Jurisdiction**

2.    The Guaranty Defendants move to dismiss plaintiff's RICO claims, asserted pursuant to 18 U.S.C. § 1964(a) and (c), as this Court is without subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). The District Court for Tulsa County, State of Oklahoma, has already assumed jurisdiction over the res and has asserted prior jurisdiction.

**Lack of Personal Jurisdiction**

3.    The Guaranty Defendants move to dismiss plaintiff's RICO claims, asserted pursuant to 18 U.S.C. § 1964(a) and (c), as the Guaranty Defendants are not subject to personal jurisdiction in the District of Columbia, pursuant to Fed.R.Civ.P. 12(b)(2). The United States District Court for the District of Columbia does not have specific or general jurisdiction over the Guaranty Defendants. Further, this Court does not have *in rem* or *quasi in rem* jurisdiction over the Guaranty Defendants.

**Improper Venue**

4.    The Guaranty Defendants move to dismiss plaintiff's RICO claims, asserted pursuant to 18 U.S.C. § 1964(a) and (c), as venue is improper in the United States District Court for the District of Columbia for the following reasons: (i) the Guaranty Defendants do not reside in the District of Columbia; (ii) a substantial part of the property that is the subject of the action is not located in the District of Columbia; and (iii) there are other federal judicial districts where the action could have been filed.

This Motion to Dismiss is based upon the reasons and authorities contained in the Memorandum of Points and Authorities in Support of Motion to Dismiss of John C. Kirkpatrick and Guaranty Abstract Company, filed contemporaneously herewith.

Respectfully submitted,


/s/ James P. Wehner
Trevor W. Swett, III, D.C. Bar #367305
James P. Wehner, D.C. Bar #454823
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005
(202) 862-5000
(202) 429-3301 (facsimile)

*and*

OF COUNSEL

Joel L. Wohlgemuth, Oklahoma Bar # 9811
R. Jay Chandler, Oklahoma Bar # 1603
Briana J. Ross, Oklahoma Bar # 21038
NORMAN WOHLGEMUTH CHANDLER & DOWDELL
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4023
(918) 583-7571
(918) 584-7846 (facsimile)

*Attorneys for Defendants John C. Kirkpatrick and*
*Guaranty Abstract Company*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN P. WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06-cv-01817-RBW |
| | ) | |
| JAMES C. MILTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OF DEFENDANTS JOHN C. KIRKPATRICK
AND GUARANTY ABSTRACT COMPANY**

---

Trevor W. Swett, III, D.C. Bar #367305
James P. Wehner, D.C. Bar #454823
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC  20005
(202) 862-5000
(202) 429-3301 (facsimile)

*and*

OF COUNSEL

Joel L. Wohlgemuth, Oklahoma Bar # 9811
R. Jay Chandler, Oklahoma Bar # 1603
Briana J. Ross, Oklahoma Bar # 21038
NORMAN WOHLGEMUTH CHANDLER & DOWDELL
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4023
(918) 583-7571
(918) 584-7846 (facsimile)

*Attorneys for Defendants John C. Kirkpatrick and
Guaranty Abstract Company*

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................2

BACKGROUND .................................................................................................3

The State Court Action .........................................................................................3

Wallace's Filing Restrictions in the United States District Court for the
Northern District of Oklahoma .............................................................................5

The Current Suit ...................................................................................................5

ARGUMENT AND AUTHORITIES ....................................................................6

    I.    Plaintiff Has not Stated a RICO Claim Against the
        Guaranty Defendants ..............................................................................6

        A.    *Plaintiff Does not Have Standing to Bring RICO Claims
             Against the Guaranty Defendants* ...............................................8

        B.    *Plaintiff Fails to Demonstrate that the Guaranty Defendants
             Conducted or Participated in an "Enterprise"* ...........................9

        C.    *Plaintiff Fails to Plead a "Pattern of Racketeering Activity"* ...........11

        D.    *Plaintiff Fails to Establish Causation* ...............................................12

        E.    *Plaintiff Fails to Plead his RICO Claims with Particularity* ............12

        F.    *The Guaranty Defendants are Without Fair Notice of the Claims
             Against Them* ...............................................................................13

    II.    This Court is Without Subject Matter Jurisdiction Over Plaintiff's
        Claims ......................................................................................................14

    III.    The Guaranty Defendants are not Subject to Personal Jurisdiction
        in the District of Columbia.......................................................................16

        A.    *Standards for Personal Jurisdiction* ................................................16

        B.    *There is No General Jurisdiction over the Guaranty Defendants* ...17

i

Page

C.    *There is No Specific Jurisdiction over the Guaranty Defendants* ...20

D.    *There is No* In Rem *or Quasi In Rem* *Jurisdiction Over the Guaranty Defendants* .................................................................21

IV.   **Venue is not Proper in the United States District Court for the District of Columbia** ..................................................................................21

<u>CONCLUSION</u> .......................................................................................................23

## TABLE OF AUTHORITIES

Page(s)

*Anderson v. Ayling,* 396 F.3d 265 (3d Cir. 2005) ...................................................................8

*Bates v. Northwestern Human Servs.,* No. 04-2116 (RBW), 2006 U.S. Dist.
 LEXIS 88895 (D.D.C. Dec. 11, 2006) ......................................................................10, 12, 13

*Brayton v. Boston Safe Deposit & Trust Co.,* 937 F. Supp. 150 (D. R.I. 1996) ....................15

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) .........................................................20

*Cassity v. Pitts,* 995 F.2d 1009 (10th Cir. 1993) ..............................................................15, 16

*Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158 (2001) ...........................................10

*Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371 (1940) ...........................14

*Conley v. Gibson,* 355 U.S. 41 (1957) ...................................................................................13

*Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982 (10th Cir. 1992) .....................12, 13

*Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.,* 927 F.2d 988 (7th Cir. 1991) ...........13

*Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408 (1984) ....................17, 20

*In re Hall, Bayourtree Assocs., Ltd.,* 939 F.2d 802 (9th Cir. 1991) ......................................22

*Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945) .........................................................16, 17

*Jordan v. Alternative Res. Corp.,* 458 F.3d 332 (4th Cir. 2006) ...........................................14

*King v. Russell,* 963 F.2d 1301 (9th Cir. 1992), *cert. denied,* 507 U.S. 913 (1993) ..............22

*Kuenzle v. HTM Sport-Und Freizeitgerate AG,* 102 F.3d 453 (10th Cir. 1996) ....................20

*Kowalski v. Tesmer,* 543 U.S. 125 (2004) ...............................................................................8

*Marshall v. Marshall,* __ U.S. __, 126 S. Ct. 1735 (2006) ....................................................16

*Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967) ............................................................21

*Midwest Grinding Co. v. Spitz,* 976 F.2d 1016 (7th Cir. 1992) ..................................11, 12, 13

iii

*Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir. 1991) .................................................11, 12

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086 (10th Cir. 1998) ...............20

*Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456 (1939) ...................................15

*Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168 (1st Cir. 1995) ........................................13

*Rush v. Savchuk*, 444 U.S. 320 (1980) .................................................................................16

*Sedima, S.P.R.I. v. Imrex*, 473 U.S. 479 (1985) ..................................................................8, 12

*Sheehan Pipe Line Constr. Co. v. Laney Directional Drilling Co.*, 228
  F.Supp.2d 1271 (N.D. Okla. 2002) ......................................................................................18

*Snow v. DirecTV, Inc.*, 450 F.3d 1314 (11th Cir. 2006) ......................................................14

*Stone v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers
  of Am.*, 865 F.2d 1330 (D.C. Cir. 1988) ................................................................................8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ..............................................................13

*Ulico Cas. Co. v. Prof'l Indem. Agency, Inc.*, No. 98-1018 (TFH), 1999 U.S. Dist. LEXIS
  8591 (D.D.C. May 5, 1999) .............................................................................................9-10

*United Food & Commercial Workers Union, Local 919 v. Centermark Props.
  Meriden Square, Inc.*, 30 F.3d 298 (2d Cir. 1994) .............................................................14

*U.S. v. Perholtz*, 842 F.2d 343 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 821 (1988) .............10

*U.S. v. Turkette*, 452 U.S. 576, 101 S. Ct. 2524 (1981) .....................................................9, 10

*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983).
  *cert. denied*, 465 U.S. 1081 (1984) .....................................................................................23

## Other Authorities

18 U.S.C. § 1961 ....................................................................................................................2

18 U.S.C. § 1961(1) .............................................................................................................11

18 U.S.C. § 1961(4) ...............................................................................................................9

                                                                              Page(s)

18 U.S.C. § 1961(5) ......................................................................................11, 12

18 U.S.C. § 1962 ...............................................................................................7

18 U.S.C. § 1964(a) ....................................................................................2, 6, 8

18 U.S.C. § 1964(c) .................................................................................2, 6, 7, 8

28 U.S.C. 1391(b) ............................................................................................22

28 U.S.C. 1406(a) .......................................................................................21, 22

28 U.S.C. 1441(b) ............................................................................................21

60 *Okla. Stat.* § 175.23(A) ...............................................................................15

Fed.R.Civ.P. 8(a) ...................................................................................3, 8, 13, 14

Fed.R.Civ.P. 9(b) ..................................................................................3, 8, 12, 13

Fed.R.Civ.P. 12(b)(1) ...........................................................................8, 14, 15

Fed.R.Civ.P. 12(b)(6) .................................................................................3, 6, 8

Defendants John C. Kirkpatrick[1] and Guaranty Abstract Company respectfully submit their Memorandum of Points and Authorities in Support of their Motion to Dismiss.

## INTRODUCTION

This action results from plaintiff Stephen P. Wallace's blatant disregard of and collateral attack on judgments entered by the District Court in and for Tulsa County, State of Oklahoma related to the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust (collectively the "LTW Trusts"). Plaintiff has filed numerous lawsuits throughout the last several years in an attempt to interfere with the administration of the LTW Trusts. The District Court for Tulsa County issued a final order on October 25, 2006 determining that Stephen P. Wallace forfeited his interest in any distributions from the LTW Trusts. The Court further ordered that distributions from the LTW Trusts would be made as though plaintiff did not exist.

For his most recent attempt to interfere with the administration of the LTW Trusts, plaintiff asserts federal claims against several defendants including, but not limited to, the Governor of Oklahoma, the Attorney General of Oklahoma, a U.S. Senator from Oklahoma, and Oklahoma judges, attorneys, and prominent businessmen. Many of the defendants in this action have been sued by plaintiff in one or more of his numerous prior lawsuits related to the LTW Trusts.

Plaintiff has brought claims against John C. Kirkpatrick and Guaranty Abstract Company (the "Guaranty Defendants") under § 1964(a) and (c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Plaintiff's claims against the Guaranty Defendants should be dismissed for the following reasons:

---

[1] Mr. Kirkpatrick is designated in plaintiff's Complaint as "Jack" Kirkpatrick.

2

- *First*, plaintiff fails to state a claim against the Guaranty Defendants upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6) – specifically, plaintiff (i) fails to demonstrate that the Guaranty Defendants conducted or participated in an "enterprise," (ii) fails to plead a "pattern of racketeering activity," (iii) fails to plead his RICO claims with particularity, pursuant to Fed. R. Civ. P. 9(b), and (iv) fails to provide fair notice of his claims against the Guaranty Defendants, pursuant to Fed. R. Civ. P. 8(a);

- *Second*, this Court is without subject-matter jurisdiction over plaintiff's claims;

- *Third*, neither of the Guaranty Defendants is subject to personal jurisdiction in the District of Columbia; and

- *Fourth*, venue in the United States District Court for the District of Columbia is improper.

## BACKGROUND

Defendant Guaranty Abstract Company ("Guaranty") is a privately-held Oklahoma corporation located in Tulsa, Oklahoma. (Affidavit of John C. Kirkpatrick, ¶ 5, Exhibit 1). Guaranty offers abstracting, title insurance, and real-estate closing services. (*Id.*) Defendant John C. Kirkpatrick is the Chairman of Guaranty's Board of Directors and is Guaranty's Chief Executive Officer. (*Id.* at ¶ 2). Mr. Kirkpatrick resides in Tulsa, Oklahoma. (*Id.* at ¶ 4).

### The State Court Action

An action related to the administration of the LTW Trusts was initiated by The Trust Company of Oklahoma ("Trust Company") and Ronald J. Saffa (collectively "Petitioners") on September 11, 2002 against Stephen P. Wallace in the District Court of Tulsa County, State of Oklahoma, Case No. PT-2002-56 (the "State Court Action"). On June 30, 2006 Petitioners filed

3

an Application for Instructions, and Brief in Support, Regarding Conduct in Apparent Violation

of the No-Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T.

Wallace Irrevocable Trust ("Application for Instructions"), a copy of which is attached to

plaintiff's Complaint (Doc. 1) as Exhibit A thereto. On July 20, 2006 the state court set a hearing

on Petitioners' Application for Instructions for October 24, 2006 at 9:45 a.m. (Order Setting

Hearing, attached as Exhibit 2-A to Declaration of Joel L. Wohlgemuth, hereinafter "Exh. 2-__").

Counsel for Trust Company also filed an Affidavit of Mailing on July 20, 2006 showing that the

court's July 20, 2006 Order Setting Hearing was mailed to Mr. Wallace. (Affidavit of Mailing,

Exhibit 2-B). Mr. Wallace did not file a response to the Application for Instructions.

On October 23, 2006, one day before the scheduled hearing on Petitioners' Application

for Instructions, Mr. Wallace initiated the proceedings in this Court by filing his Complaint by

which he asserted federal claims related to the LTW Trusts. (Doc. 1). On October 24, 2006, as

scheduled, the District Court for Tulsa County held a hearing on Petitioners' Application for

Instructions. (*See* Final Order Regarding Forfeiture of Respondent Stephen P. Wallace's

Beneficial Interest in the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace

Irrevocable Trust, Exhibit 2-C). Mr. Wallace failed to appear at the hearing. (*Id.*). As a result of

the October 24, 2006 hearing on Petitioners' Application for Instructions, the court in the State

Court Action, on October 25, 2006, entered a Final Order Regarding Forfeiture of Respondent

Stephen P. Wallace's Beneficial Interest in the Lorice T. Wallace Revocable Trust and the Lorice

T. Wallace Irrevocable Trust ("Final Order"). (*Id.*). In summary, the court found that Mr.

Wallace violated the "no contest" provisions of the LTW Trusts and, as a result of these

violations, he forfeited any interest he had in distributions from the LTW Trusts. (*Id.*).

4

**Wallace's Filing Restrictions in the**
**United States District Court for the Northern District of Oklahoma**

Numerous filing restrictions have been entered against plaintiff in the federal courts in Oklahoma. It is not possible to fully present the history of litigation caused by plaintiff regarding the administration of the LTW Trusts. Nonetheless, plaintiff's litigation misconduct has caused the United States District Court for the Northern District of Oklahoma to enter filing restrictions as the only available means to bring his litigation misconduct under control.

On June 17, 2004 the United States District Court for the Northern District of Oklahoma entered a sanctions order against plaintiff that, among other things, imposed filing restrictions upon him for the purpose of preventing "the further filing of frivolous or malicious actions by Wallace." (Order entered June 17, 2004, Case No. 4:03-cv-00375-seh-SAJ, Exhibit 2-D). On December 21, 2004 the United States District Court for the Northern District entered a General Order establishing a miscellaneous docket number for the purpose of administering the filing restrictions against plaintiff. (General Order entered December 21, 2004, Case No. 4:04-mc-00044-CVE-SAJ, Exhibit 2-E). On April 11, 2005 the United States District Court for the Northern District of Oklahoma expanded the filing restrictions against plaintiff "to apply to any case filed in any court and subsequently transferred to the Northern District of Oklahoma." (Order entered April 11, 2005, Case No. 4:04-mc-00044-CVE-SAJ, Exhibit 2-F). The filing restrictions were further clarified by an Order entered on July 15, 2005. (Opinion and Order entered July 15, 2005, Case No. 4:04-mc-00044-CVE-SAJ, Exhibit 2-G).

**The Current Suit**

As stated above, on October 23, 2006 plaintiff brought this lawsuit in the United States District Court for the District of Columbia asserting claims against the Guaranty Defendants, as

5

well as 6 other individuals and entities. (Doc. 1). Plaintiff alleges that the Guaranty Defendants were indispensable in advancing the fraud scheme of James Milton, James Poe, and Ronald Saffa. (*Id.* at p. 5). The Complaint was served on the Guaranty Defendants on January 11, 2007 in Tulsa, Oklahoma. (Exh. 1, ¶ 3).

On January 8, 2007 plaintiff filed an Amended Complaint adding 17 defendants and asserting different claims against those defendants. (Doc. 31-1). Neither John C. Kirkpatrick nor Guaranty has been served with this Amended Complaint. With respect to the original defendants and the claims in his original Complaint, plaintiff stated in his Amended Complaint that he was "re-alleging and adopting all claims of Record filed in this case on October 23, 2006 . . ." (*Id.* at p. 1).

In his Amended Complaint, which was filed more than two months after the District Court of Tulsa County entered its Final Order in the State Court Action forfeiting plaintiff's interest in any distributions from the LTW Trusts, plaintiff seeks to "enjoin all State related actions from proceeding pending this Court's ORDER for a forensic audit [of the LTW Trusts] by Dana Cole & Co." (Doc. 31-1, p. 2). Plaintiff further states, despite the fact that he no longer maintains any interest in the LTW Trusts, that "Respondent's [sic] hereby agree to allow their Trust funds to advance all expenses for the forensic audit." (*Id.*)

## ARGUMENT AND AUTHORITIES

### I.    Plaintiff Has not Stated a RICO Claim Against the Guaranty Defendants.

Plaintiff's RICO claims against the Guaranty Defendants should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For his RICO claims under 18 U.S.C. § 1964(a) and (c) against the Guaranty Defendants, plaintiff

alleges that "James M. Inhofe[2] and Jack Kirkpatrick, doing business as Guarantee [sic] Abstract, were also indispensable in advancing the fraud scheme of James Milton, James Poe, and Ronald Saffa." (Doc. 1, p. 5).[3]   Section 1964(c) states, in relevant part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

Plaintiff fails to plead any facts demonstrating that the Guaranty Defendants violated section 1962, which prohibits (a) the use of income derived from a "pattern of racketeering activity" to acquire an interest in or establish an "enterprise" engaged in or affecting interstate commerce, (b) the acquisition or maintenance of any interest in an "enterprise" through a "pattern of racketeering activity," (c) conducting or participating in the conduct of an "enterprise" through a "pattern of racketeering activity," and (d) conspiring to violate any of these provisions. *See* 18 U.S.C. § 1962.   Plaintiff does not identify which provision of section 1962 the Guaranty Defendants allegedly violated.   Nevertheless, plaintiff must plead, at a minimum, conduct of an "enterprise" through a "pattern of racketeering activity" that caused "injury to plaintiff's business or property." *See* 18 U.S.C. §§ 1962, 1964(c).

---

[2] James M. Inhofe is not, and has never been, an officer, director, shareholder, or employee of Guaranty.

[3] This allegation constitutes plaintiff's only description of the supposed acts of the Guaranty Defendants.   Plaintiff provides no additional facts supporting this allegation nor does he provide any other basis for his claim.   Plaintiff does refer to the Guaranty Defendants in the section of his Complaint entitled "Introduction," on pages 2-3, but asserts no other information which would enable the Guaranty Defendants or this Court to discern the alleged activities constituting RICO violations.

As demonstrated *infra*, plaintiff (i) is without standing to bring his RICO claims against the Guaranty Defendants, (ii) fails to demonstrate that the Guaranty Defendants conducted or participated in an "enterprise," (iii) fails to plead a "pattern of racketeering activity", and (iv) fails to establish causation.  Plaintiff also fails to plead his RICO claims with particularity, pursuant to Fed.R.Civ.P. 9(b).  Further, plaintiff fails to provide effective notice of his claims against the Guaranty Defendants showing that he is entitled to relief, pursuant to Fed.R.Civ.P. 8(a)(2).

### A.  *Plaintiff Does not Have Standing to Bring RICO Claims Against the Guaranty Defendants.*

"Civil RICO 'standing' is usually viewed as a [Fed.R.Civ.P.] 12(b)(6) question of stating an actionable claim, rather than as a [Fed.R.Civ.P.] 12(b)(1) question of subject matter jurisdiction." *Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir. 2005) (citation omitted).  The question of standing involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise. *Kowalski v. Tesmer*, 543 U.S. 125 (2004).  Plaintiff asserts that Defendants have committed RICO violations, pursuant to 18 U.S.C. § 1964(a) and (c).  Section 1964(c) states, in relevant part, "[a]ny person injured in his business or property by reason of a violation of [RICO] may sue therefor . . ." 18 U.S.C. § 1964(c).  The Supreme Court has interpreted this language to mean that "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496 (1985).

In order to have standing to raise the RICO claim, then, plaintiff must present evidence to show that he was injured by some aspect of the Guaranty Defendants' alleged pattern of racketeering activity. *Stone v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of*

8

*Am.*, 865 F.2d 1330 (D.C. Cir. 1988). The "by reason of" language of section 1964(c) requires a

two-part showing by a plaintiff:

> First, it must allege an injury to its business. Second, the injury must have been
> caused by the defendant's racketeering activity. Where the complaint alleges an
> injury and a direct and proximate relationship between the injury and the
> defendant's alleged activity, the plaintiff satisfies the standing requirements in its
> pleadings.

*Ulico Cas. Co. v. Prof'l Indem. Agency, Inc.*, No. 98-1018 (TFH), 1999 U.S. Dist. LEXIS 8591,

* 20 (D.D.C. May 5, 1999).

For his injuries, plaintiff states as follows: "The frauds perpetrated by James Milton,

James Poe, and Ronald Saffa have resulted in damages to the business and property interest of

Stephen P. Wallace." (Doc. 1, p. 4). Plaintiff does not allege a specific injury to his business or

property. Moreover, plaintiff has not satisfied the second prong of the two-part showing for

standing – the injury must have been caused by the Guaranty Defendants' racketeering activity.

Plaintiff asserts that his injuries were a result of the alleged fraud perpetrated by Messrs. Milton,

Poe, and Saffa, *not* the Guaranty Defendants. Plaintiff, therefore, is unable to satisfy the

necessary requirements to demonstrate that he has standing.

**B.    *Plaintiff Fails to Demonstrate that the Guaranty Defendants Conducted or
        Participated in an "Enterprise".***

Even if plaintiff does have standing to bring his RICO claims in this Court, he has failed

to demonstrate that the Guaranty Defendants conducted or participated in a RICO enterprise. An

"'enterprise' includes any individual, partnership, corporation, association, or other legal entity,

and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §

1961(4). The Supreme Court has determined that a RICO enterprise is more than just a group of

persons who engage in a pattern of racketeering activity. *U.S. v. Turkette*, 452 U.S. 576, 583,

101 S. Ct. 2524, 2528-29 (1981). In *Turkette*, the Supreme Court stated that an enterprise is "an entity separate and apart from the pattern of activity in which it engages." *Id.* "The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* In *U.S. v. Perholtz*, the District of Columbia Circuit Court of Appeals interpreted the Supreme Court's holding in *Turkette* to mean that proof of a RICO enterprise requires (i) a common purpose among the participants, (ii) organization, and (iii) continuity. *U.S. v. Perholtz,* 842 F.2d 343, 362 (D.C. Cir. 1988), *cert. denied,* 488 U.S. 821 (1988).

With respect to the element of a common purpose among the participants, plaintiff alleges in his Complaint that "James Milton, James Poe, and Ronald Saffa are an association in fact affecting interstate commerce." (Doc. 1, p. 4). Plaintiff fails to demonstrate that this alleged "association in fact" is a group of persons associated together for a common purpose of engaging in a course of conduct. Further, plaintiff fails to allege that the Guaranty Defendants associated with Messrs. Milton, Poe, and Saffa for a common purpose of engaging in a course of conduct.

With respect to the element of organization, plaintiff fails to demonstrate that the Guaranty Defendants conducted or participated in the conduct of the enterprise's affairs, as opposed to conducting or participating in the normal course of business. "[RICO] liability depends on showing that the defendants conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." *Bates v. Northwestern Human Servs.,* No. 04-2116 (RBW), 2006 U.S. Dist. LEXIS 88895, * 39 (D.D.C. Dec. 11, 2006) (citing *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163 (2001) (citation omitted)). This requirement mandates that plaintiff plead more than a mere business relationship or an assertion that the Guaranty Defendants performed services for plaintiff. *Ulico Cas. Co.,* No. 98-1018 (TFH), 1999

10

U.S. Dist. LEXIS 8591 at * 21-22 (D. D.C. May 5, 1999).  Plaintiff has failed to plead organization by the Guaranty Defendants.

With respect to the element of continuity, plaintiff alleges that "James Milton, James Poe, and Ronald Saffa are engaged in a series of fraud schemes *which are ongoing . . .*" (Doc. 1) (emphasis added).  Continuity requires a showing of racketeering activities extending over a substantial period of time that pose a threat of continued criminal activity.  *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1022, 1024 (7th Cir. 1992). Plaintiff does not, and cannot, allege that the Guaranty Defendants have engaged in racketeering activities that pose a threat of continued criminal activities.  Even if plaintiff were able to demonstrate that the Guaranty Defendants engaged in prior racketeering activities, which the Guaranty Defendants deny, plaintiff is unable to show that any such racketeering activities extended over a substantial period of time.

Plaintiff is unable to prove the existence of a RICO enterprise or that the Guaranty Defendants conducted or participated in the conduct of a RICO enterprise.  Thus, plaintiff has not satisfied his pleading burden with respect to his RICO claim against the Guaranty Defendants.

C.    *Plaintiff Fails to Plead a "Pattern of Racketeering Activity".*

A "pattern of racketeering activity" requires at least two acts of racketeering activity occurring within the last ten years.  *See* 18 U.S.C. § 1961(5).  "Racketeering activity" includes over 50 indictable offenses which are listed in 18 U.S.C. § 1961(1).  Plaintiff fails to plead that the Guaranty Defendants conducted or participated in a single specific instance of racketeering activity within the reach of the RICO statute.  Even if plaintiff had pled a specific instance of racketeering activity involving the Guaranty Defendants, "proof of at least two predicate acts is needed to establish a pattern of racketeering activity."  *Miranda v. Ponce Fed. Bank*, 948 F.2d

11

41, 46 (1st Cir. 1991) (citing 18 U.S.C. § 1961(5); *Sedima, S.P.R.L.* 473 U.S. at 496 n.14. Plaintiff has not plead a single act of racketeering activity on the part of the Guaranty Defendants and, thus, cannot establish a pattern of racketeering activity.

### D.    *Plaintiff Fails to Establish Causation.*

To avoid dismissal under Rule 12(b)(6), plaintiff is also required to state facts sufficient to portray a causal nexus between the alleged racketeering activities and the harm alleged by him. *See Miranda*, 948 F.2d at 44. Because plaintiff failed to demonstrate that the Guaranty Defendants participated in a single instance of racketeering activities, as discussed *supra*, he is unable to prove the element of causation necessary for his RICO claim.

Further, plaintiff fails to allege that any acts of the *Guaranty Defendants* caused injury to his business or property. In his Complaint, plaintiff makes the blanket assertion that "[t]he frauds perpetrated by James Milton, James Poe, and Ronald Saffa have resulted in damages to the business and property interests of Stephen P. Wallace." (Doc. 1, pp. 4-5). Plaintiff does not allege that any acts of the Guaranty Defendants caused injury to his business or property because there are none. Because plaintiff fails to allege that the Guaranty Defendants engaged in a "pattern of racketeering activity" and fails to allege that the Guaranty Defendants caused any harm to his business or property, it is impossible for plaintiff to demonstrate the causal nexus required for his RICO claims against them.

### E.    *Plaintiff Fails to Plead his RICO Claims with Particularity.*

It is well settled that the heightened pleading requirements of Fed.R.Civ.P. 9(b) apply to civil RICO claims. *See e.g., Spitz*, 976 F.2d at 1020; *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982 (10th Cir. 1992); *Bates*, No. 04-2116 (RBW), 2006 U.S. Dist. LEXIS 88895 at * 56. "[T]he complaint must, at minimum, describe the predicate acts with some specificity and

'state the time, place, and content of the alleged communications perpetrating the fraud.'" *Spitz*, 976 F.2d at 1020 (quoting *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir. 1991); *see also Bates*, No. 04-2116 (RBW), 2006 U.S. Dist. LEXIS 88895 at * 56. Under Fed.R.Civ.P. 9(b) each element of a RICO violation and its predicate acts of racketeering must be alleged with particularity. *Farlow*, 956 F.2d at 989 (stating that this requirement is justified by the threat of treble damages and injury to reputation) (citation omitted).

In his Complaint, plaintiff fails to (i) describe *any* predicate acts committed by the Guaranty Defendants, (ii) fails to state the time, place, and content of any alleged racketeering activities, and (iii) fails to plead with particularity each element of the alleged RICO violations. Accordingly, plaintiff's RICO claims against the Guaranty Defendants should be dismissed for failure to plead with the requisite level of particularity, pursuant to Fed.R.Civ.P. 9(b).

### F.   *The Guaranty Defendants are Without Fair Notice of the Claims Against Them.*

Under Fed.R.Civ. P. 8(a) "a pleading which sets forth a claim for relief . . .shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Under the notice pleading obligations of the Federal Rules, a pleader must (1) provide his opponent with fair notice of the claim and the grounds upon which that claim rests *(see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and (2) notify the opponent of the claim and proposed relief to such a degree that the opponent is able to formulate a response (see *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995) (" . . . while courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against

13

him.") (citations omitted).   In other words, the pleading, either directly or inferentially, must

contain allegations from which can be discerned *each of the material elements* necessary to

support a recovery under some cognizable legal theory.  (*See Jordan v. Alternative Res. Corp.*,

458 F.3d 332, 346 (4th Cir. 2006); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Plaintiff has not provided the Guaranty Defendants with fair notice of the claims or the

grounds upon which his claims against them rests.  Plaintiff has also failed to specify the relief

he seeks sufficiently to enable the Guaranty Defendants to formulate a response.   As discussed

above, plaintiff has failed to plead the elements required for a RICO claim and has failed to plead

facts that would support a recovery under RICO against the Guaranty Defendants.  Thus, the

Complaint does not provide Defendants with fair notice of the claims against them, as required

by Fed.R.Civ.P. 8(a).[4]

## II.    This Court is Without Subject Matter Jurisdiction Over Plaintiff's Claims.

Plaintiff's claims should be dismissed because this Court is without subject-matter

jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).   Federal district courts are courts of limited

jurisdiction and possess only that power conferred by the United States Constitution and by

statute. *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376 (1940).  There is

a presumption against federal court jurisdiction and the burden is on the party asserting the

jurisdiction to establish that the court has subject-matter jurisdiction over the action.  *United*

*Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.,* 30

F.3d 298, 301 (2d Cir. 1994).

---

[4] Plaintiff also fails to comply with Fed.R.Civ.P. 8(a) because his Complaint does not
contain "a demand for judgment for the relief [he] seeks" for his RICO claims.  Plaintiff does
seek relief in his Amended Complaint, but the exact relief that he seeks from the Guaranty
Defendants is unclear.

14

In the Complaint, plaintiff alleged: "The matter of the The [sic] Lorice T. Wallace Revocable Trust dated December 26th, 1974 et al. involves 'federal questions' occurring, *inter alia* at 42 USC Sec. 1983 and 18 U.S.C. Sec. 1964(a)&(c)." (Doc. 1, p. 2). And in the Amended Complaint: "Jurisdiction and Venue are proper under 28 U.S.C. Section 1441(b) as the Oklahoma Defendants conspired to deprive Respondents [sic] of an accounting of their Estate as millions of dollars have been criminally diverted from the U.S. Treasury and Respondents under ENRON style off-balance sheet/off-shore fraud." (Doc. 31-1, ¶ 2). Plaintiff's claims against the Guaranty Defendants should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because a suit challenging the administration of a trust is *in rem* or *quasi in rem* and the District Court of Tulsa County has already assumed jurisdiction over the trust *res*.

Federal courts have determined that, "a suit alleging mismanagement and seeking an accounting, restoration of funds to the trust and/or removal of the trustee is deemed to be *in rem* or *quasi in rem*." *Brayton v. Boston Safe Deposit & Trust Co.*, 937 F. Supp. 150, 152 (D. R.I. 1996) (citing *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 459, 467-68 (1939) (suit praying for removal of trustees, an accounting and payment to the trust of losses caused by mismanagement is *in rem*)); *Cassity v. Pitts*, 995 F.2d 1009, 1011-12 (10th Cir. 1993) (suit seeking damages based on RICO and state fraud claims and seeking a declaration that the trust is void is *in rem* or *quasi in rem* because it requires the court "to construe the trust and define the duties, obligations and responsibilities of Trustees.")). These federal cases are further supported by Oklahoma law, which grants the state district courts original jurisdiction over trust actions. 60 *Okla. Stat.* § 175.23(A) provides as follows:

> The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the

15

administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in rem.

Plaintiff's apparent claim (notwithstanding the various deceptions), is for mismanagement of the trusts and for alleged fraudulent activities related to the trust *res*. Plaintiff seeks, as part of his relief, a "forensic audit" or, in other words, an accounting of the trust funds. (Doc. 31-1, p. 2). It is well settled among federal courts that if one court has established *in rem* jurisdiction over an asset, "a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, ___ U.S. ___, 126 S. Ct. 1735, 1748 (2006). The District Court for Tulsa County has already assumed jurisdiction over the trust *res* and has administrated the LTW Trusts for over four years. Accordingly, this court is without competent jurisdiction over the trust *res*, and consequently over plaintiff's claims, because another competent court – the District Court for Tulsa County, State of Oklahoma – has asserted prior jurisdiction. *See Cassity*, 995 F.2d at 1012.

## III.    The Guaranty Defendants are not Subject to Personal Jurisdiction in the District of Columbia.

### A.    *Standards for Personal Jurisdiction*

Notions of fair play, as developed under Due Process provisions of the Constitution, and state limitations on the authority of state courts to exercise personal jurisdiction play important roles in determining the requirements for personal jurisdiction. A federal trial court must satisfy the due process standard of the 5th and 14th Amendments of the Constitution before it may exert personal jurisdiction over a defendant. *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945). The due process requirement must be met for each defendant. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe* . . . must be met as to each defendant over

whom a . . . court exercises jurisdiction."). Due process can be satisfied by (i) the defendant's consent to jurisdiction; (ii) service of process on the defendant within the territorial confines of a state in which the district court sits; or (iii) service of process on a non-consenting defendant not within a state, when such service is fair because the defendant has sufficient "contacts" with the state (*Int'l Shoe Co.*, 326 U.S. 310 (1945)). These "minimum contacts" can be established either through contacts sufficient to assert general jurisdiction or contacts sufficient to assert specific jurisdiction.

This Court does not have personal jurisdiction over the Guaranty Defendants because (i) the Guaranty Defendants did not, and do not, consent to this Court's jurisdiction; (ii) the Guaranty Defendants were served with process in Tulsa, Oklahoma, *not* in the District of Columbia, and (iii) plaintiff cannot demonstrate that the Guaranty Defendants have the necessary "minimum contacts" with the District of Columbia.

**B.      There is No General Jurisdiction over the Guaranty Defendants.**

General jurisdiction would exist over Defendants if they had contacts with the District of Columbia which are sufficient to "constitute the kind of continuous and systematic general business contacts" required for general jurisdiction. *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). "[C]onduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to [general jurisdiction]." *Int'l Shoe Co.* 326 U.S. at 316. Even "continuous activity of some sorts within a state is not enough to support [general jurisdiction]." *Id.* at 318. Only when the "continuous corporate operation within a state [is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities" may a court assert general jurisdiction over a defendant. *Id.*

17

The following factors have been considered by another federal district court with respect to general jurisdiction:

1.  Engaging in business in the forum state;

2.  Whether the defendant is licensed to do business in the forum state;

3.  Whether the defendant owns, leases, or controls property (real or personal) or assets in the forum state;

4.  Whether the defendant maintains employees, offices, agents, or bank accounts in the forum state;

5.  Whether the defendant is present in or has shareholders residing in the forum state;

6.  Whether the defendant maintains telephone or fax listings within the forum state;

7.  Whether the defendant has advertised or solicited business in the forum state;

8.  Traveling to the forum state by way of salespersons;

9.  Paying taxes in the forum state;

10.  Visiting potential customers in the forum state;

11.  Recruiting employees in the forum state; and

12.  Generating a substantial percentage of its national sales through revenue generated from in-state customers.

*Sheehan Pipe Line Constr. Co. v. Laney Directional Drilling Co.*, 228 F.Supp.2d 1271, 1275-76 (N.D. Okla. 2002). Applying these factors individually to the Guaranty Defendants leads to the conclusion that plaintiff has not alleged facts from which this Court could derive general jurisdiction over either of the Guaranty Defendants.

18

Neither of the Guaranty Defendants has any continuous and systematic activities within the District of Columbia for which either one could foresee being sued in a District of Columbia court. Neither has any offices located outside of Oklahoma, nor does either own or lease real property in the District of Columbia. (Exh. 1, ¶6). Neither has District of Columbia bank accounts, offices, agents, employees, facsimile or telephone numbers. (Exh. 1, ¶6). Neither of the Guaranty Defendants recruits employees from the District of Columbia. (Exh. 1, ¶6). Guaranty does not have any District of Columbia-based stockholders who own, or have ever owned, an equity interest in Guaranty. (Exh. 1, ¶7).[5] Guaranty does not advertise in any District of Columbia newspapers or periodicals, and neither it nor Mr. Kirkpatrick control, own, or lease any property in the District of Columbia. (Exh. 1, ¶8). Guaranty is not licensed to conduct business in the District of Columbia, neither of the Guaranty Defendants does business in the District of Columbia, nor have they sent any employees to the District of Columbia for business activities, and they do not pay taxes in the District of Columbia. (Exh. 1, ¶9). Neither of the Guaranty Defendants has, and they have never had, any contracts with or worked with any title and abstract companies with a principal place of business in the District of Columbia. (Exh. 1, ¶10). Guaranty maintains a website at www.guarantyabstract.com. (Exh. 1, ¶11). Guaranty's website is for informational purposes only, and no Guaranty services are offered through the Internet. (Exh. 1, ¶11).

Here, plaintiff fails to allege in his Complaint or his Amended Complaint a single, actual, deliberate contact with the District of Columbia by either of the Guaranty Defendants, much less the continuous and systematic contacts necessary for a finding of general jurisdiction.

---

[5] The Honorable James M. Inhofe is not, and has never been, a shareholder of Guaranty Abstract Company. (Exh. 1, ¶7).

19

C.    *There is no Specific Jurisdiction over the Guaranty Defendants.*

Specific jurisdiction exists "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Hall*, 466 U.S. at 415. "Specific jurisdiction may be exercised where the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Tenth Circuit Court of Appeals summarized several relevant Supreme Court opinions discussing specific jurisdiction and outlined the following analysis for making a determination of specific jurisdiction:

> Our specific jurisdiction inquiry is two-fold. First, we must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King*, 471 U.S. at 472, and whether the plaintiff's claim arises out of or results from "actions by the defendant *himself* that create a substantial connection with the forum state." *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987) (internal quotations omitted) (emphasis in the original). Second if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over Defendants offends "traditional notions of fair play and substantial justice." *Id.* at 113. This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case. *See id.*

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Each prong of the specific-jurisdiction test must be satisfied before the Court may exercise personal jurisdiction over the Guaranty Defendants. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).

With respect to the first prong of the specific-jurisdiction inquiry, a review of plaintiff's Complaint and Amended Complaint demonstrates that plaintiff alleges no purposefully-directed

activities by the Guaranty Defendants to the District of Columbia. Such allegations could not be made against the Guaranty Defendants – the Guaranty Defendants have already established that they have no "minimum contacts" with the District of Columbia and, thus, they would not reasonably anticipate being haled into court there. (Exh. 1). Because the first prong of the specific jurisdiction inquiry has not been met, an analysis of the second prong is unnecessary. This Court is without specific jurisdiction over the Guaranty Defendants.

**D.    There is No In Rem or Quasi In Rem Jurisdiction Over the Guaranty Defendants.**

As already demonstrated *supra*, plaintiff's suit is *in rem* or *quasi in rem*. The District Court for Tulsa County has already assumed jurisdiction over the trust *res* and, thus, this court should not assume jurisdiction over plaintiff's claims which are inextricably intertwined with the LTW Trusts.

**IV.    Venue is not Proper in the United States District Court for the District of Columbia.**

In his Amended Complaint, plaintiff asserts that "Jurisdiction and venue are proper under 28 U.S.C. Section 1441(b) . . ." (Doc 31-1, ¶ 2). Section 1441(b) states as follows:

> (b) Any civil action *of which the district courts have original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added). A court may dismiss or transfer an action under 28 U.S.C. § 1406(a) if the venue is wrong[6] or improper, and the dismissal or transfer is in the

---

[6] At the outset, it should be noted that venue is "wrong" when personal jurisdiction is lacking. *See Mayo Clinic v. Kaiser*, 383 F.2d 653, 654 (8th Cir. 1967). As already established, the United States District Court for the District of Columbia lacks personal jurisdiction over the Guaranty Defendants.

interest of justice.  *See* 28 U.S.C. § 1406(a).  Venue in federal courts is governed generally by 28

U.S.C. § 1391.  Section 1391(b) provides that

> [A] civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  None of these three factors would support venue in the United States

District Court for the District of Columbia.

The Guaranty Defendants do not reside in the District of Columbia.  28 U.S.C. §

1391(b)(1).  Further, plaintiff cannot establish that a substantial part of the property that is the

subject of the action – the trust *res* – is situated in the District of Columbia.  28 U.S.C. §

1391(b)(2).  Although one of the defendants in this action is a United States Senator who spends

substantial time in Washington, D.C., 28 U.S.C. § 1391(b)(3) does not apply here because there

are other federal judicial districts where the action could have been filed.  Oklahoma is the

appropriate venue here.  A substantial part of the events giving rise to this litigation occurred in

Oklahoma.  Furthermore, the assets that are the subject of the litigation – the trust *res* – are

located in Oklahoma.

Dismissal is appropriate under 28 U.S.C. § 1406(a) if plaintiff brought the action in the

wrong district (i) for some improper purpose, such as a bad faith attempt to circumvent an

adverse ruling in a related pending action, *In re Hall, Bayourtree Assocs., Ltd.*, 939 F.2d 802,

805-06 (9th Cir. 1991), (ii) to harass the defendants with litigation in a remote forum, *King v.*

*Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992), *cert. denied*, 507 U.S. 913 (1993), or (iii) "if

blatant forum shopping" led plaintiff not to bring the action in the proper district in the first

22

instance, *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983), *cert. denied*, 465 U.S. 1081 (1984). As demonstrated herein, plaintiff brought this lawsuit in the District of Columbia (i) as a bad faith attempt to circumvent prior rulings in Oklahoma state courts, (ii) for the purpose of harassing the Guaranty Defendants, and (iii) for purposes of blatant forum shopping to avoid filing restrictions against him in federal court in Oklahoma.

## CONCLUSION

For all the foregoing reasons, defendants John C. Kirkpatrick and Guaranty Abstract Company respectfully request that the Court enter an order dismissing plaintiff's RICO claims against them, *with prejudice*.

Respectfully submitted,

/s/ James P. Wehner
Trevor W. Swett, III, D.C. Bar #367305
James P. Wehner, D.C. Bar #454823
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005
(202) 862-5000
(202) 429-3301 (facsimile)

*and*

OF COUNSEL

Joel L. Wohlgemuth, Oklahoma Bar # 9811
R. Jay Chandler, Oklahoma Bar # 1603
Briana J. Ross, Oklahoma Bar # 21038
NORMAN WOHLGEMUTH CHANDLER & DOWDELL
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4023
(918) 583-7571
(918) 584-7846 (facsimile)

*Attorneys for Defendants John C. Kirkpatrick and Guaranty Abstract Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of January, 2007, a copy of the foregoing Motion to Dismiss and Brief in Support of Defendants John C. Kirkpatrick and Guaranty Abstract Company was filed electronically.  Service will be made by operation of the Court's electronic filing system.  In addition, the foregoing was mailed, with proper postage thereon, to:

> Stephen P. Wallace
> 6528 East 101st Street,
> D-1, Apt. #304
> Tulsa, Oklahoma 74133

> /s/ James P. Wehner
> James P. Wehner

**Exhibit 1**

## AFFIDAVIT OF JOHN C. KIRKPATRICK

STATE OF OKLAHOMA      )
                                 ) ss.
COUNTY OF TULSA          )

I, John C. Kirkpatrick, being of legal age, allege and state as follows:

1.      I have personal knowledge of the information set forth herein.

2.      I am the Chairman of the Board of Directors for Guaranty Abstract Company ("Guaranty"). I am also Guaranty's Chief Executive Officer. I am executing this affidavit on behalf of Guaranty and myself individually.

3.      I have read "Respondent, Stephen P. Wallace's notice of removal and complaint" filed by Stephen P. Wallace on October 23, 2006, captioned as follows: *Stephen P. Wallace v. James C. Milton, et al.,* United States District Court for the District of Columbia Case Number 1:06-cv-01817-RBW. Guaranty and I are named defendants therein. Guaranty and I were served with a summons and the Complaint on January 11, 2007 in Tulsa, Oklahoma.

4.      I reside in Tulsa, Oklahoma.

5.      Guaranty is a privately-held Oklahoma corporation located in Tulsa, Oklahoma. Guaranty offers abstracting, title insurance, and real-estate closing services.

6.      Guaranty maintains offices at the following locations in and around Tulsa:

| | |
|---|---|
| Corporate Office: | 320 South Boulder Avenue, Tulsa, Oklahoma |
| Midtown Tulsa Office: | 2020 South Lewis, Suite 100, Tulsa, Oklahoma |
| South Tulsa Office: | 5992 South Yale, Tulsa, Oklahoma |
| Broken Arrow Office: | 2604 West Kenosha, Suite 100, Broken Arrow, Oklahoma |
| Owasso Office: | 9106 North Garnett, Owasso, Oklahoma |

7.     Neither Guaranty nor I have any offices located outside of Oklahoma, nor does either of us own or lease real property in the District of Columbia.  We have no District of Columbia bank accounts, offices, agents, employees, facsimile or telephone numbers.  We do not recruit employees from the District of Columbia.

8.     Guaranty does not have any District of Columbia-based stockholders who own, or have ever owned, an equity interest in Guaranty.  The Honorable James M. Inhofe is not, and has never been, a shareholder of Guaranty Abstract Company.

9.     Guaranty does not advertise in any District of Columbia newspapers or periodicals, and neither it nor I control, own, or lease any property in the District of Columbia.

10.     Guaranty is not licensed to conduct business in the District of Columbia, neither of us does business in the District of Columbia, nor have we sent any employees to the District of Columbia for business activities, and we do not pay taxes in the District of Columbia.

11.     Neither Guaranty nor I have and we never have had any contracts with or worked with any title and abstract companies with a principal place of business in the District of Columbia.

12.     Guaranty maintains a website at www.guarantyabstract.com.  Guaranty's website is for informational purposes only, and no Guaranty services are offered through the Internet.

FURTHER AFFIANT SAYETH NOT

_____
JOHN C. KIRKPATRICK, individually

2

GUARANTY ABSTRACT COMPANY,
an Oklahoma Corporation

By: JOHN C. KIRKPATRICK, Chairman of the
Board of Directors and Chief Executive Officer

Subscribed and sworn to before me this _31st_ day of January, 2007.

_____
NOTARY PUBLIC

My Commission Expires:

_____

My Commission No.:

_00000939_

# Exhibit 2

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

STEPHEN P. WALLACE,     )
                          )
           Plaintiff,    )
                          )
vs.                    )    Case No. 1:06-cv-01817-RBW
                          )
JAMES C. MILTON, *et al.*    )
                          )
          Defendants.   )

**<u>DECLARATION OF JOEL L. WOHLGEMUTH</u>**

This Declaration is made pursuant to 28 U.S.C. § 1746.

1.      My name is Joel L. Wohlgemuth. I am of counsel of record for defendants John C. Kirkpatrick and Guaranty Abstract Company. I make this declaration based upon my personal knowledge.

2.      I am an attorney licensed to practice law in the State of Oklahoma, in the United States District Courts for the Northern and Western Districts of Oklahoma, in the United States Court of Appeals for the Tenth Circuit, and in the United States Supreme Court. I am a shareholder and director of the law firm Norman Wohlgemuth Chandler & Dowdell in Tulsa, Oklahoma.

3.      Exhibit "2-A" to this Declaration is a true and correct copy of the July 20, 2006 Order Setting Hearing entered in District Court for Tulsa County Case No. PT-2002-56. The document bears a file date stamp by the Court Clerk for Tulsa County, Oklahoma.

4.      Exhibit "2-B" to this Declaration is a true and correct copy of the July 20, 2006 Affidavit of Mailing filed in District Court for Tulsa County Case No. PT-2002-56. The document bears a file date stamp by the Court Clerk for Tulsa County, Oklahoma.

5.      Exhibit "2-C" to this Declaration is a true and correct copy of the October 25, 2006 Final Order Regarding Forfeiture of Respondent Stephen Paul Wallace's Beneficial Interest in the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust entered in District Court for Tulsa County Case No. PT-2002-56.  The document bears a bears a file date stamp by the Court Clerk for Tulsa County, Oklahoma.

6.      Exhibit "2-D" to this Declaration is a true and correct copy of the June 17, 2004 Order entered in United States District Court for the Northern District of Oklahoma Case No. 4:03-cv-00375-seh-SAJ.  The photocopy attached as Exhibit "2-D" was downloaded by my office from the CM/ECF database on January 29, 2007.

7.      Exhibit "2-E" to this Declaration is a true and correct copy of the December 20, 2004 General Order entered in United States District Court for the Northern District of Oklahoma Case No. 4:04-mc-00044-CVE-SAJ.  The photocopy attached as Exhibit "-2-EF" was downloaded by my office from the CM/ECF database on January 29, 2007.

8.      Exhibit "2-F" to this Declaration is a true and correct copy of the April 11, 2005 Order entered in United States District Court for the Northern District of Oklahoma Case No. 4:04-mc-00044-CVE-SAJ.  The photocopy attached as Exhibit "2-F" was downloaded by my office from the CM/ECF database on January 29, 2007.

9.      Exhibit "2-G" to this Declaration is a true and correct copy of the July 15, 2005 Opinion and Order entered in United States District Court for the Northern District of Oklahoma Case No. 4:04-mc-00044-CVE-SAJ.  The photocopy attached as Exhibit "2-G" was downloaded by my office from the CM/ECF database on January 29, 2007.

2

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 31st day of January, 2007.

JOEL L. WOHLGEMUTH

**Exhibit 2-A**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )     Case No. PT-2002-56
on February 12, 1998, the Lorice T. )
Wallace Irrevocable Trust dated February )
8, 1996, and the Lorice T. Wallace )     Hon. Gregory K. Frizzell
Irrevocable Trust dated September 11, )
1992, also known as the Lorice T. Wallace )
Life Insurance Trust, and the Lisa Frances )
Wallace Discretionary Spendthrift Trust. )

## ORDER SETTING HEARING

Upon Application by the Petitioners, the Court hereby sets the Application for

Instructions Regarding Conduct in Apparent Violation of the No-Contest Provisions of the

Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, filed June 30,

2006, for hearing before this Court at 9:45 o'clock, a.m., on the 24th day of October, 2006.

Dated this 17th day of July, 2006.

Gregory K. Frizzell
_____
HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE

*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Telephone: (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma

1

# Exhibit 2-B

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable    )
Trust dated December 26, 1974, as restated    )
effective October 5, 1993 and as amended    )
on February 12, 1998, the Lorice T.    )    Case No. PT-2002-56
Wallace Irrevocable Trust dated February    )
8, 1996, and the Lorice T. Wallace    )    Hon. Gregory K. Frizzell
Irrevocable Trust dated September 11,    )
1992, also known as the Lorice T. Wallace    )
Life Insurance Trust.    )

**AFFIDAVIT OF MAILING**

STATE OF OKLAHOMA        :
                                          : ss.
COUNTY OF TULSA          :

I, James C. Milton, of lawful age, state that on the 20th day of July, 2006, a copy of the

attached Order Setting Hearing with proper postage thereon prepaid, to:

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma  74136

Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133

Mary Roma Wallace Jage
1153 Overton Ct.
Naperville, Illinois  60540

James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, Oklahoma  74103

William R. Grimm, Esq.
Barrow & Grimm, P.C.
610 South Main, Ste. 300
Tulsa, Oklahoma  74119-1248

Kenneth E. Crump, Jr., Esq.
Cooper, McKinney & Woosley, PLLP
401 South Boulder Ave.

1

3300 MidContinent Tower
Tulsa, Oklahoma  74103

Joan Godlove, Esq.
2121 South Columbia
Suite 500
Tulsa, Oklahoma  74119-3519

James C. Milton

**SUBSCRIBED AND SWORN** to before me this _____ day of _____, 2006.

Notary Public

My Commission Expires:

8/30/06

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable        )
Trust dated December 26, 1974, as restated    )
effective October 5, 1993 and as amended      )
on February 12, 1998, the Lorice T.           )    Case No. PT-2002-56
Wallace Irrevocable Trust dated February      )
8, 1996, and the Lorice T. Wallace            )    Hon. Gregory K. Frizzell
Irrevocable Trust dated September 11,         )
1992, also known as the Lorice T. Wallace     )
Life Insurance Trust, and the Lisa Frances    )
Wallace Discretionary Spendthrift Trust.      )

## ORDER SETTING HEARING

Upon Application by the Petitioners, the Court hereby sets the Application for

Instructions Regarding Conduct in Apparent Violation of the No-Contest Provisions of the

Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, filed June 30,

2006, for hearing before this Court at 9:45 o'clock, a.m., on the 24th day of October, 2006.

Dated this 17th day of July, 2006.


Gregory K. Frizzell
_____
HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE


*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma 74103-3725
Telephone: (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma

1

# Exhibit 2-C

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

In re: the Lorice T. Wallace Revocable )
Trust dated December 26, 1974, as restated )
effective October 5, 1993 and as amended )    Case No. PT-2002-56
on February 12, 1998, the Lorice T. )
Wallace Irrevocable Trust dated February )    Hon. Gregory K. Frizzell
8, 1996, and the Lorice T. Wallace )
Irrevocable Trust dated September 11, )
1992, also known as the Lorice T. Wallace )
Life Insurance Trust, and the Lisa Frances )
Wallace Discretionary Spendthrift Trust. )

**FINAL ORDER REGARDING**
**FORFEITURE OF RESPONDENT STEPHEN PAUL WALLACE'S BENEFICIAL**
**INTEREST IN THE LORICE T. WALLACE REVOCABLE TRUST**
**AND THE LORICE T. WALLACE IRREVOCABLE TRUST**

Before the Court is the Petitioners' June 30, 2006 Application for Instructions Regarding

Conduct in Apparent Violation of the No-Contest Provisions of the Lorice T. Wallace Revocable

Trust and the Lorice T. Wallace Irrevocable Trust. The Court entered an Order on July 20, 2006,

setting the June 30, 2006 Application for hearing before the Court at 9:45 o'clock a.m., on the

24th day of October, 2006. On July 20, 2006, counsel for Petitioner The Trust Company of

Oklahoma filed an Affidavit of Mailing, showing that the July 20, 2006 Order Setting Hearing

was mailed to the parties to this action, including Respondent Stephen Paul Wallace.

Respondent Stephen Paul Wallace filed no response to the June 30, 2006 Application for

Instructions Regarding Conduct in Apparent Violation of the No-Contest Provisions of the

Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust. Mr. Wallace

did not appear at the October 24, 2006 hearing regarding the June 30, 2006 Application. At the

scheduled hearing on October 24, 2006, the Court received evidence and argument and

considered the merits of the June 30, 2006 Application.

The Court treats separately the requests for instructions regarding potential forfeiture by

Respondent Stephen Paul Wallace and the requests for instructions regarding potential forfeiture

1

by Respondent Mary Roma Jage.    This Final Order shall address only the requests for instructions regarding potential forfeiture by Respondent Stephen Paul Wallace.

Having reviewed the June 30, 2006 Application and the exhibits accompanying the Application, having received evidence, and having heard the arguments presented by Trust Company, the Court finds that Stephen Paul Wallace has contested the validity of the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, more commonly described in this proceeding as the Lorice T. Wallace Revocable Trust.  The controlling instruments of the Lorice T. Wallace Revocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed.  Subsequent to that date, Mr. Wallace has contested the validity of these controlling instruments through (1) statements on the record during proceedings on August 8, 2003 regarding the Petitioners' request for instructions regarding a distribution to Holy Angels School Charitable Endowment Fund, as set forth in Paragraph 5 of the June 30, 2006 Application and Exhibit "1" to the Application; (2) statements made in a complaint filed in state court in Du Page County, Illinois, in a lawsuit filed by Mr. Wallace against Petitioner Ronald J. Saffa and others, as set forth in Paragraph 13 of the June 30, 2006 Application and Exhibit "9" to the Application; (3) statements made in footnote 8 to an October 20, 2006 Combined Reply filed in Oklahoma Supreme Court Case No. 102346, as set forth in Paragraph 14 of the June 30, 2006 Application and Exhibit "10" to the Application; and (4) such other statements as described by the Court on the record during the October 24, 2006 hearing.

The Court further finds that Stephen Paul Wallace has contested the validity of the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, more commonly described in this proceeding as the Lorice T. Wallace Irrevocable Trust.  The controlling instrument of the Lorice

2

T. Wallace Irrevocable Trust were determined by the Court in a Journal Entry of Final Judgment, entered on March 25, 2002 in Tulsa County Case No. PT-2000-21, which was not appealed. Subsequent to that date, Mr. Wallace has contested the validity of this controlling instrument through (1) statements made in a complaint filed in state court in Du Page County, Illinois, in a lawsuit filed by Mr. Wallace against Petitioner Ronald J. Saffa and others, as set forth in Paragraph 13 of the June 30, 2006 Application and Exhibit "9" to the Application; (2) statements made in footnote 8 to an October 20, 2006 Combined Reply filed in Oklahoma Supreme Court Case No. 102346, as set forth in Paragraph 14 of the June 30, 2006 Application and Exhibit "10" to the Application; and (3) such other statements as described by the Court on the record during the October 24, 2006 hearing.

The Court finds that these contests by Respondent Stephen Paul Wallace against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the requirements of the no-contest provisions of both trusts, as quoted in Paragraphs 3 and 4 of the June 30, 2006 Application and as contained in the controlling instruments determined by the Court in the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21, both of which provide as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist."

The Court further finds that these contests by Respondent Stephen Paul Wallace against the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust meet the definition of a "contest" as set forth in *Estate of Westfahl*, 1983 OK 119, ¶ 5, 674 P.2d 21, which states that "[t]he word, contest, as it pertains to a no contest clause

3

is defined as any legal proceeding designed to result in the thwarting of the testator's wishes as expressed . . . ."

The Court further finds that Mr. Wallace lacked probable cause to engage in these contests of the controlling instruments of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust because, among other reasons, (1) the March 25, 2002 Journal Entry of Final Judgment entered in Tulsa County Case No. PT-2000-21 determined the controlling instruments of these two trusts, (2) Mr. Wallace did not appeal the March 25, 2002 Journal Entry of Final Judgment, and (3) Mr. Wallace is therefore bound by its determinations.

Having found that Mr. Wallace has violated the no-contest provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, the Court finds and orders, as to both of these two trusts, that Mr. Wallace shall receive no distribution from the trusts, and distribution from the trusts shall be made as though Mr. Wallace did not exist.

IT IS THEREFORE ORDERED that Respondent Stephen Paul Wallace shall receive no distribution from the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, and distribution from this trust shall be made as though Respondent Stephen Paul Wallace did not exist.

IT IS FURTHER ORDERED that Respondent Stephen Paul Wallace shall receive no distribution from the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and distribution from this trust shall be made as though Respondent Stephen Paul Wallace did not exist.

The Court finds, pursuant to Okla. Stat. tit. 12, § 994(A), that there is no just reason for delay in the entry of a final order regarding the issues addressed by this Order. The Court therefore directs that this Order shall be files as a final order regarding the forfeiture of Respondent Stephen Paul Wallace's beneficial interest in the Lorice T. Wallace Revocable Trust

dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12,

1998 and the Lorice T. Wallace Irrevocable Trust dated February 8, 1996.

Dated this _____ 25 _____ day of _____ Oct. _____, 2006.


_____

Gregory K. Frizzell

_____
HONORABLE GREGORY K. FRIZZELL
DISTRICT JUDGE




*Prepared, submitted, and approved by:*
James C. Milton, OBA No. 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Ave., Ste. 500
Tulsa, Oklahoma  74103-3725
Telephone:  (918) 582-1211
Facsimile: (918) 591-5362
Attorneys for Petitioner The Trust Company of Oklahoma




I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma,
hereby certify that the foregoing is a true, correct and full
copy of the instrument herewith set out as appears on record
in the Court Clerk's Office of Tulsa County, Oklahoma, this

OCT 2 5 2006

By _____
Deputy

**Exhibit 2-D**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEPHEN WALLACE,               )
                               )
      Plaintiff,              )
                               )
v.                             )     Case No. 03-CV-375-H (J)
                               )
JOHN WOOLMAN,                  )
                               )
      Defendant.              )

**FILED**

JUN 1 7 2004

Phil Lombardi, Cler.
U.S. DISTRICT COU[ ]

## <u>ORDER</u>

     This matter comes before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Sam A. Joyner, filed June 3, 2004 (Docket No. 47), wherein he recommends that Defendant John R. Woolman's "Motion for Attorney Fees and Costs" (Docket No. 23), as amended by "Supplement to Motion to Assess Attorney Fees and Costs Pursuant to 42 U.S.C. § 1988" (Docket No. 44), (collectively "Fee Motion") and "Motion for Sanctions" (Docket No. 24) against the Plaintiff Stephen P. Wallace be granted. Plaintiff objects to the Report and Recommendation.

     Rule 72(b) of the Federal Rules of Civil Procedure provides in pertinent part that if specific written objections are timely filed,

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

     Based upon a careful review of the record, the Court hereby adopts and affirms the Report and Recommendation. Accordingly, Defendant's Fee Motion (Dockets No. 23 and 44) and Motion for Sanctions (Docket No. 24) against the Plaintiff are granted. An attorney fee shall be

assessed against Wallace in the reasonable and necessary sum of $11,014.00. The Court further adopts the sanctions recommended by Judge Joyner to prevent the further filing of frivolous or malicious actions by Wallace. Thus, Wallace will henceforth be required to file a Petition with the Clerk of this Court seeking permission to file a *pro se* pleading of any kind. The Petition shall include the following information:

1. Wallace's statement under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes (a) the legal basis for pleading; (b) the specific factual basis for the pleading; (c) a statement that the issues raised in the proposed pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of *res judicata* or collateral estoppel; (d) the identity and nature of assistance by any third person; (e) a statement that the factual allegations and/or legal arguments raised by the proposed pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose, to cause delay or needless increase in costs, (iv) not made to avoid an order of any court, and (v) a list of all witnesses and attachment of all documents which support the factual allegations of the proposed pleading.

2. These documents shall be submitted to the clerk of court, who shall refer them to a Magistrate Judge for report and recommendation to determine whether the complaint is lacking in merit, duplicative, or frivolous. The report and recommendation shall be submitted to the Chief Judge, or another judge designated by the Chief Judge, for further review. Without the Chief Judge's, or his designee's, approval, the matter will be dismissed. If the Chief Judge, or his designee, approves the filing, an order shall be entered that the complaint shall proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of The United states District Court for the Northern District of Oklahoma.

2

IT IS SO ORDERED.

This _16th_ day of June, 2004

_____

Sven Erik Holmes, Chief Judge
United States District Court

# Exhibit 2-E

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

DEC 2 1 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE MATTER OF            )
STEPHEN P. WALLACE          )        G.O. 04-15
                            )

## GENERAL ORDER   04MC44   H (J)

   This matter comes before the Court pursuant to a District Court Order filed June 17, 2004
in Wallace v. Woolman, case number 03-CV-375-H (J), (hereinafter referred to as the Woolman
Order) attached hereto and incorporated by reference. The Woolman Order directs Stephen P.
Wallace to seek permission from the Court to file pleadings of any kind. In order to obtain
permission, Mr. Wallace must meet the requirements set forth in the Woolman Order.

   Accordingly, the Court Clerk is directed to set up an ongoing miscellaneous case upon the
next submission by Mr. Wallace for the purpose of accomplishing the procedures set forth in the
Woolman Order.

   IT IS SO ORDERED this   20TH   day of   DECEMBER   , 2004.

_____
Sven Erik Holmes, Chief Judge

_____
Terence C. Kern, District Judge

_____
Claire V. Eagan, District Judge

_____
James H. Payne, District Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEPHEN WALLACE,       )
      )
      Plaintiff,       )
      )
v.       )       Case No. 03-CV-375-H (J)
      )
JOHN WOOLMAN,       )
      )
      Defendant.       )

**FILED**

JUN 1 7 2004

Phil Lombardi, Clerk
U.S. DISTRICT COUR

## <u>ORDER</u>

This matter comes before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Sam A. Joyner, filed June 3, 2004 (Docket No. 47), wherein he recommends that Defendant John R. Woolman's "Motion for Attorney Fees and Costs" (Docket No. 23), as amended by "Supplement to Motion to Assess Attorney Fees and Costs Pursuant to 42 U.S.C. § 1988" (Docket No. 44), (collectively "Fee Motion") and "Motion for Sanctions" (Docket No. 24) against the Plaintiff Stephen P. Wallace be granted. Plaintiff objects to the Report and Recommendation.

Rule 72(b) of the Federal Rules of Civil Procedure provides in pertinent part that if specific written objections are timely filed,

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Based upon a careful review of the record, the Court hereby adopts and affirms the Report and Recommendation. Accordingly, Defendant's Fee Motion (Dockets No. 23 and 44) and Motion for Sanctions (Docket No. 24) against the Plaintiff are granted. An attorney fee shall be

assessed against Wallace in the reasonable and necessary sum of $11,014.00. The Court further

adopts the sanctions recommended by Judge Joyner to prevent the further filing of frivolous or

malicious actions by Wallace. Thus, Wallace will henceforth be required to file a Petition with

the Clerk of this Court seeking permission to file a *pro se* pleading of any kind. The Petition

shall include the following information:

1. Wallace's statement under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper

form, which includes (a) the legal basis for pleading; (b) the specific factual basis for the

pleading; (c) a statement that the issues raised in the proposed pleading have never been finally

disposed of by any federal or state court and are not barred by the doctrines of *res judicata* or

collateral estoppel; (d) the identity and nature of assistance by any third person; (e) a statement

that the factual allegations and/or legal arguments raised by the proposed pleading are (i) not

frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper

purpose, to cause delay or needless increase in costs, (iv) not made to avoid an order of any court,

and (v) a list of all witnesses and attachment of all documents which support the factual

allegations of the proposed pleading.

2. These documents shall be submitted to the clerk of court, who shall refer them to a

Magistrate Judge for report and recommendation to determine whether the complaint is lacking

in merit, duplicative, or frivolous. The report and recommendation shall be submitted to the

Chief Judge, or another judge designated by the Chief Judge, for further review. Without the

Chief Judge's, or his designee's, approval, the matter will be dismissed. If the Chief Judge, or

his designee, approves the filing, an order shall be entered that the complaint shall proceed in

accordance with the Federal Rules of Civil Procedure and the Local Rules of The United states

District Court for the Northern District of Oklahoma.

IT IS SO ORDERED.

This _16ᵀᴴ_ day of June, 2004

Sven Erik Holmes, Chief Judge
United States District Court

# Exhibit 2-F

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| In re STEPHEN P. WALLACE | ) ) ) | Case No. 04-MC-0044-CVE-SAJ |

### ORDER

Based upon the representation of Steven P. Wallace that he never received the report and recommendation entered by Magistrate Judge Sam A. Joyner on January 4, 2005 (Dkt. # 2), this Court hereby **vacates its order accepting that report and recommendation** (Dkt. # 5). However, the Court **reinstates its order expanding the filing restrictions established in the Woolman Order**, which was entered on June 17, 2004 in <u>Stephen P. Wallace v. John R. Woolman</u>, Case No. 03-CV-375- H(J), to apply to any case filed in any court and subsequently transferred to the Northern District of Oklahoma.    The entire matter is hereby recommitted to the magistrate judge.

The Clerk is directed to send notice of this order to Stephen P. Wallace.

**IT IS SO ORDERED** this 11th day of April, 2005.

**Exhibit 2-G**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 03-CV-0375-CVE-SAJ |
| v. | ) | |
| | ) | |
| JOHN WOOLMAN, | ) | |
| | ) | |
| Defendant, | ) | |

| | | |
|---|---|---|
| In The Matter of STEPHEN P. WALLACE, | ) | |
| | ) | |
| | ) | Case No. 04-MC-0044-CVE-SAJ |
| | ) | |

### OPINION AND ORDER

On June 17, 2004, in Case No. 03-CV-375-H(J), the Chief Judge of the United States District Court for the Northern District of Oklahoma entered an Order[1] which imposed certain filing restrictions upon Stephen Wallace (the "Woolman Order"). The Woolman Order assessed attorneys fees against Wallace in the amount of $11,014.00. The Woolman Order additionally imposed, as a sanction upon Wallace to prevent further frivolous filings, a procedure with which Wallace must comply in submitting pleadings to this Court for consideration for filing.

On December 21, 2004, General Order 04-15 established Case No. 04-MC-44-CVE-SAJ. Beginning December 21, 2004, in accordance with the Woolman Order, all pleadings submitted by Wallace are docketed in Case No. 04-MC-44-CVE-SAJ, and forwarded to a United States Magistrate Judge for review and Report and Recommendation.

---

[1]    At the time that this Order was entered, the Chief Judge for the District Court of the Northern District of Oklahoma was Sven Erik Holmes.

The Court has reviewed the Woolman Order and concludes that it does not fully contemplate the filing by Wallace of objections to a Report and Recommendation of the United States Magistrate Judge. The Court therefore enters this Order which replaces paragraphs numbered one and two of the Woolman Order, clarifying the filing requirements and procedures.

With respect to any *pro se* pleading of any kind, Wallace is required to submit to the Clerk of this Court, an "Application and Affidavit" for a proposed filing, with the "Proposed Pleading," attached as an exhibit. The Application and Affidavit should request permission of the Court to file the Proposed Pleading and should also contain the information detailed in paragraph one (1), below.

1.     The Application and Affidavit must contain Wallace's statement, under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes: (a) the legal basis for the Proposed Pleading; (b) the specific factual basis for the Proposed Pleading; (c) a statement that the issues raised in the Proposed Pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of *res judicata* or collateral estoppel; (d) the identity and nature of assistance by any third person in preparing the Proposed Pleading; (e) a statement that the factual allegations and/or legal arguments raised by the Proposed Pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose to cause delay or needless increase in costs, (iv) not made to avoid any order of any court, (f) a list of all witnesses and attachment of all documents which support the factual allegations of the Proposed Pleading, and (g) the Proposed Pleading which Wallace is requesting that the Court file (attached as an Exhibit to the Application and Affidavit). The Application and Affidavit for

2

Filing shall be scanned and numbered by the Clerk of the Court. However, the Application and Affidavit for Filing shall not be accepted for filing unless it is approved by Order of the Chief Judge or the Chief Judge's designee.

2.  The Application and Affidavit, or any documents or pleadings submitted by Wallace to the Clerk of the Court, shall be referred to a United States Magistrate Judge to determine whether the documents or proposed pleadings meet the requirements outlined in paragraph one. The Report and Recommendation of the Magistrate Judge shall be filed of record and reviewed by the Chief Judge, or by a judge designated by the Chief Judge. Wallace is permitted, in accordance with the standard rules providing for objections to a Report and Recommendation, to submit an Objection to the filed Report and Recommendation. The Court Clerk shall file of record any such Objection to the Report and Recommendation in Case No. 04-MC-44.

3.  The Chief Judge or the Judge designated to review the Report and Recommendation shall review the Objection filed by Wallace, if any, and the Report and Recommendation, and determine whether or not the Proposed Pleading, attached as an exhibit to the Application and Affidavit, or any other document submitted by Wallace shall be filed. Absent the approval of the Chief Judge, or the Chief Judge's designee, the Proposed Pleading or any other submitted pleading or document, except for the Objection to the Report and Recommendation, shall not be filed. If the Chief Judge or the Chief Judge's designee approves the filing, an order shall be entered by that Judge that the Court Clerk shall file the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall also indicate if the

3

pleading or document should be filed in Case No. 04-MC-44, or if a new case number should be opened for the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall, if the pleading or document is accepted for filing, outline any filing restrictions that will remain with respect to future pleadings or documents submitted by Wallace.

This Order is filed in Case No. 03-CV-375, and the miscellaneous action, Case No. 04-CV-44. This Order is intended to clarify the sanctions procedure imposed on Wallace for his conduct in Case No. 03-CV-375; Wallace must submit all pleadings to the Court in accordance with the this Order.

**IT IS THEREFORE ORDERED** that pursuant to this Order, the objections previously submitted in Case No. 04-MC-44 (Dkt. # 13) be filed of record.

**DATED** this 15th day of July 2005.

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

STEPHEN P. WALLACE,        )
                          )
          Plaintiff,      )
                          )
vs.                     )     Case No. 1:06-cv-01817-RBW
                          )
JAMES C. MILTON, *et al.*      )
                          )
          Defendants.    )

## [PROPOSED] ORDER

The Court has for its consideration the Motion to Dismiss of Defendants John C. Kirkpatrick and Guaranty Abstract Company. Upon consideration of the Motion to Dismiss and the subsequent briefing and other submissions of the parties, it is hereby

**ORDERED** that plaintiff's Complaint, Amended Complaint, and all claims against defendants John C. Kirkpatrick and Guaranty Abstract Company be dismissed, *with prejudice*.

DATED this _____ day of _____, 2007

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE