## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: The Lorica T. Wallace Revocable | ) | |
| Trust, et al., | ) | |
| v. | ) | Case No. CIV-06-1817 RBW |
| | ) | |
| Stephen P. Wallace, et al., | ) | (Related Case No. CIV-06-1264 RBW) |
|      Respondents, | ) | |
| v. | ) | |
| | ) | |
| James C. Milton, et al., | ) | |
|      Defendants on cross-claim, | ) | |
| and | ) | |
| Brad Henry; et al., | ) | |
|      Additional Defendants. | ) | |

## MOTION TO QUASH SERVICE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, Brad Henry, W.A. Drew Edmondson, Kenneth L. Buettner, David Peterson, Ronald Shaffer and Gregory Frizzell, jointly appear and pursuant to Fed.R.Civ.P.12(b)(5), respectfully move the Court to quash Plaintiff's service of process as to each of them for Plaintiff's failure to serve them with a copy of the summons and Amended Complaint in accordance with Fed.R.Civ.P. 4.  Alternatively, pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (3), Defendants move the Court to dismiss the Amended Complaint, for the reasons set forth in the accompanying brief in support.

## BRIEF IN SUPPORT

## INTRODUCTION

_____On October 23, 2006, Stephen P. Wallace, referring to himself as "Respondent," filed a "notice of removal and complaint."  (Dkt. No. 1) Wallace then filed an Amended Complaint on January 9, 2007,adding as defendants Brad Henry, Governor of the State of Oklahoma; W.A. Drew Edmondson, Attorney General for the State of Oklahoma; Honorable Kenneth L. Buettner, Chief

Judge for the Oklahoma Court of Civil Appeals; Honorable David L. Peterson, retired Tulsa County District Judge; Honorable Ronald Shaffer, retired Tulsa County District Judge; and Honorable Gregory Frizzell, former presiding Tulsa County District Judge. (Dkt. No. 31) The Court lacks personal jurisdiction over these particular Defendants due to Wallace's failure to obtain proper service by not serving the movants in compliance with the requirements of Rule 4(e) of the Federal Rules of Civil Procedure. In addition, movant Gregory Fizzell, the only movant who was named as a defendant in the original complaint, was never properly served with a copy of the original complaint or a summons, and Wallace has therefore failed to serve Judge Frizzell within 120 days after the filing of the original complaint, as required by Fed.R.Civ.P. 4(m).

The Court still is not able to exercise personal jurisdiction over the Defendants, even if Wallace had obtained proper service, because there are insufficient contacts between the Defendants and the District of Columbia for the District's long-arm statute to apply. Moreover, even if Wallace were to overcome these jurisdiction hurdles, his action must be dismissed because the District of Columbia is not the proper venue in which to bring his case.

### ARGUMENT AND AUTHORITIES

**1.    This Court lacks personal jurisdiction over the Defendants.**

To resolve a case on the merits, the Court is required to have jurisdiction over both the subject matter of the litigation and the parties, and without such jurisdiction the court cannot proceed. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d at 766-67 (1999). Also, a court should generally decide questions of personal jurisdiction before questions of venue. *Cameron v. Thornburgh,* 983 F.2d 253, 257 n. 3 (D.C.Cir.1993) (citing *Leroy v. Great W. United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). Under Fed.R.Civ.P.12(b)(2),

2

the Plaintiffs bear the burden of establishing a factual basis for this Court having personal jurisdiction over the Defendants. *See Crane v. New York Zoological Society,* 894 F.2d 454, 456 (D.C.Cir.1990). In order to meet this burden, Wallace must allege specific acts connecting the Defendants somehow with the forum state, *Second Amendment Found. v. United States Conference of Mayors,* 274 F.3d 521, 524 (D.C.Cir.2001), which he fails to do.

A.    **The District of Columbia's Long-Arm Statute.**

Because the Defendants reside in Oklahoma and do not maintain a principle place of business in the District of Columbia, the District's long-arm statute, D.C.Code § 13-423, provides the only basis in which the Court may exercise personal jurisdiction over the Defendants. *Deutsch v. United States Dep't of Justice,* 881 F.Supp. 49, 52 (D.D.C.1995), *aff'd,* 93 F.3d 986 (D.C.Cir.1996).

The relevant part of that statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --
>
> 1. (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> * * *

D.C.Code § 13-423.

As a threshold matter, the Court must be satisfied that one of the above elements has been met. *GTE New Media Servs. v. BellSouth Corp.,* 199 F.3d 1343, 1347 (D.C.Cir.2000). If so, the

3

Court must then "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Id.* If there is an insufficient basis for the District of Columbia's long-arm statute to apply, then no constitutional analysis is necessary.

Wallace bears the burden of showing the Court that jurisdiction may be had under § 13-423. *GTE,* 199 F.3d at 1347. To that extent, Wallace fails to allege or offer any evidence showing that the Defendants transacted any business in the District of Columbia or that Plaintiffs suffered any injury there. Consequently, Wallace has failed to present evidence sufficient to establish personal jurisdiction under §13-423 and this action must be dismissed as a result.

      **B.**    **Insufficiency of Service of Process.**

Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure provide the defenses of lack of personal jurisdiction and insufficiency of service of process. Rule 12(b)(2) concerns only the actual existence of personal jurisdiction. By contrast, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 353, at 276-277 (2d ed.1990). Where the propriety of service is unclear, "the simplest solution ⋯ is to quash process and allow plaintiff another opportunity to serve defendant." *Id.* at 289-90.

In order to effect proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil Procedure. Specifically, Fed R. Civ. P. 4(e)(1) permits a plaintiff to serve the defendant either pursuant to the law of the state in which the district court is located (District of Columbia) or pursuant to the law of the state in which service is effected (Oklahoma).

In *Hamrick v. Gottlieb*, 416 F.Supp.2d 1 (D.D.C. 2005), this Court recently addressed

meeting the requirements for effective service where two jurisdictions are involved:

> The plaintiff carries the burden of establishing that he has properly effected service pursuant to federal rule of civil procedure (4)(e). *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987).  To effectuate valid service of process the plaintiff must: (1) comply with the law of the state in which the district court is located; (2) comply with the law of the state where the service was effected; (3) effectuate personal delivery; or (4) leave a copy at the usual place of abode, unless a waiver was obtained. Fed. R. Civ. P. 4(e)(1)-(2).  Because this Court is located in the District of Columbia ("District") and the plaintiff in this case attempted service in Washington State, *see* Affidavit of Alan Gottlieb ("Gottlieb Aff.") ¶¶ 2-3, the plaintiff must show that service is proper under either of these jurisdictions to meet his burden.
>
> The District of Columbia permits service of process outside the District by: (1) personal service; (2) any method valid in the place where service is attempted; (3) by mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the foreign authority in response to a letter rogatory. D.C. Code Ann. § 13-431(a).

*Id.* at 3.

    In both Oklahoma and the District of Columbia, service by mail on an individual is valid only where, at a minimum, the person signs a receipt indicating that they personally received the correspondence.  12 O.S. § 2004(C)(2)(b); D.C. Code Ann. § 13-431(a); *see also Saunders v. Fairman*, Slip Copy, 2006 WL 2506954, p3 (E.D.Cal.2006)(service by certified mail alone is not authorized by Rule 4). Wallace attempted to serve the Defendants by sending copies of the summons and Complaint via USPS Priority Mail to their respective places of employment. The correspondence was sent by priority, not certified, mail and without the required return receipt. This method fails to satisfy Oklahoma law governing service, because Oklahoma requires that "[s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." 12 O.S. § 2004(C)(2)(b).  Absence of the return

receipt fails to satisfy the District of Columbia's service requirements as well. D.C. Code Ann. § 13-431(a)(3).

Alternatively, Fed.R.Civ.P. 4(e)(2) allows service to be effected by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *See also* 12 O.S. § 2004(C)(1)(c)(1) (service on an individual shall be made by delivering to the person or to an agent authorized by appointment or by law to receive service of process) Wallace failed to accomplish any of these methods as well. The summons and Complaint were not delivered to or served upon any of the Defendants personally or accepted by any person authorized to accept service of process on their behalf.

Although the Defendants received Plaintiffs' mail, the mere fact that they were made aware of Plaintiff's action is immaterial to whether service was proper. *Stein*, 668 A.2d at 814 (citation omitted). *See Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process."), *accord West v. Terry Bicycles, Inc.,* 230 F.3d 1382 (Table) *2, 2000 WL 152805 (Fed.Cir.2000) (unpublished op.) ("[A] defendant's knowledge of the pendency of a lawsuit against it does not cure the plaintiff's insufficient service under Rule 4"). Ultimately, unless the procedural requirements of effective service of process are satisfied, the Court lacks power to assert personal jurisdiction over the Defendants. *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C.Cir.2002) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)).

With regard to Defendant Greg Frizzell, Wallace named him as a defendant in the original Complaint, but failed to serve him with the Complaint and summons as required by Fed.R.Civ.P. 4. Rule 4(m) requires that a defendant be served with the summons and Complaint within 120 days after being filed. The 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. *Bolden v. City of Topeka,* 441 F.3d 1129, 1148 (10th Cir.2006) For purposes of Rule 4(m), "service ⋯ upon a defendant within 120 days after the filing of the complaint," refers to the filing of the first version of the complaint naming the particular defendant to be served. *Id*. at 1149. Wallace filed his original Complaint on October 23, 2006, and Frizzell was not served within 120 days of that date. Accordingly, Defendant Frizzell should be dismissed.

**2.    The District of Columbia is not the proper venue for this action.**

As with jurisdiction, it is also Wallace's burden to establish that venue is proper. *See* 5A Fed. Prac. & Proc. 2d § 1352 (noting that placing the burden of establishing that venue is proper on the plaintiff "seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue"). The Plaintiffs and the movants are all citizens of the State of Oklahoma. Because of the lack of diversity of citizenship, venue for this action may be in the District of Columbia only if a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred there. 28 U.S.C. § 1391(b)(2) However, not a single event connected with Wallace's claims took place in this district. Also, none of the Defendants resides in, or may be found within, the District of Columbia. *See* 28 U.S.C. § 1391(b)(3) Ultimately, Wallace has failed to satisfy his burden of presenting evidence to establish that venue is proper in this Court.

When a case is filed in the wrong judicial district, a court may, in the interest of justice,

transfer the case to any other district "in which [the case] could have been brought." 28 U.S.C. §

1406(a). Before transferring the action, however, the court must ensure as a preliminary matter that

venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum.

*Sharp Elecs. Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230 (D.C.Cir.1981) (per curiam).

Transfer in this case would not be proper or in the interest of justice, because even if Wallace's case

is transferred,  the gaining court would not have personal jurisdiction over the Defendants because

of Wallace's failure to obtain proper service on any of them.  The ideal course of action would be

to dismiss, rather than transfer, Wallace's case, have him file in the appropriate court and properly

serve the Defendants.  Since Wallace has had several of his other cases dismissed or transferred for

improper venue, he should be well-advised by now regarding how and where to properly file his

suit.[1]

### 3.    The Court lacks subject-matter jurisdiction over Plaintiffs' claims.

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the

plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992);  *Grand Lodge*

*of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13 (D.D.C.2001).  The court may dismiss

a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A.*

*v. F. Hoffman-Laroche, Ltd.,* 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson,* 355 U.S.

---

[1]Those cases are: *Wallace v. Dep't of Human Serv., et al.,* D.D.C. Case No. CIV-04-713
ESH (Dkt. No. 7); *Wallace v. Poe, et al.,* D.D.C. Case No. CIV-04-1717 RWR (Dkt. No. 16);
*Wallace, et al. v. DOJ, et al.,* W.D. Okl. Case No. CIV-02-233 L (Dkt. No. 30); *Wallace v. Bank
One Oklahoma, et al.,* W.D. Okl. Case No. CIV-01-1756 C (Dkt. No. 9).

41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  When conducting a review of a motion to dismiss

pursuant to Rule 12(b)(1), the court must accept as true all the factual allegations contained in the

complaint.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S.

163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517, (1993).  However, the court need not accept a plaintiff's

legal conclusions as true. *Boyd v. O'Neill*, 273 F.Supp.2d 92, 95 (D.D.C.2003). Federal Rule of Civil

Procedure 12(b)(1) requires that Wallace bear the burden of establishing by a preponderance of the

evidence that the Court has jurisdiction to entertain his claims. Fed.R.Civ.P. 12(b)(1);. To properly

invoke the federal question jurisdiction of this Court, "[t]he mere assertion of a constitutional claim

is not enough; the record before the Court must present a colorable constitutional claim."  *Northlake*

*Community Hospital v. The United States*, 654 F.2d 1234, 1241 (7ᵗʰ Cir. 1981).

   As discussed below, Wallace may not use the federal district court to review the decision of

an Oklahoma state court.

### A.    The Rooker-Feldman Doctrine.

By now, it is axiomatic in federal case law that a federal district court does not have subject

matter jurisdiction to hear a direct appeal from the final judgment of a state court. Federal review

of state court judgments may be obtained only in the United States Supreme Court pursuant to 28

U.S.C. § 1257.  This concept is embodied by what is commonly known as the *Rooker-Feldman*

doctrine.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District*

*of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

The purpose of the doctrine is to prevent federal review of a state judgment "based on the losing

party's claims that the state judgment itself violates the loser's federal rights." *Hood v. Keller,* 341

F.3d 593, 597 (6ᵗʰ Cir.2003) (internal citations omitted).

The doctrine prevents federal law claims brought in federal courts that were not only actually litigated, but those that are "inextricably intertwined" with the merits of the same matter previously adjudicated by the state court. *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 473 (10th Cir.2002) Wallace's claims all stem from rulings or judgments made in Plaintiffs' state court proceedings with which one or more of the Defendants was involved at some point.[2]  The *Rooker-Feldman* doctrine bars Plaintiffs federal claims because not only do they arise directly from state-court judgments, but because they are inextricably intertwined with the Defendants/state judges' rulings in the Plaintiffs' state cases.

**B.      Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. §1983.**

In his Amended Complaint, Wallace adopts and incorporates those claims made in his original Complaint, in which he asserted a §1983 claim.  The Court may take judicial notice of the fact that all of the movants are state actors. Consequently, Wallace's 1983 claim against the movants, in their official capacities, must fail as a matter of law, because a state official acting in his respective official capacity is not a proper Defendant in a §1983 action.  To avoid confusion over whether an individual is being sued in their individual or official capacity, "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." *Hafer v. Melo*, 502 U.S. 21, 24, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Nonetheless, Plaintiff fails to identify whether he is suing the Defendants in their individual or official capacities.  A §1983 claim that fails to specify the capacity in which a defendant is being is sued is normally construed to be against them

---

[2]Brad Henry, Governor of Oklahoma and W.A. Drew Edmondson, Attorney General for the State of Oklahoma, had no involvement with Wallace or any of his state or federal cases. Why Wallace names them as defendants remains a mystery.

in their official capacity.  *Stevens v. Umstead*, 131 F.3d 697, 706 (7th Cir. 1997).

It is well settled that a suit against a state official in his or her official capacity is, in fact, a suit against the state itself.  As the Supreme Court stated in *Kentucky v. Graham*, 473 U.S. 159(1985), "Official-capacity suits, in contrast [to personal capacity suits], generally represent only another way of pleading an action against an entity of which an officer is an agent."

Recognizing that these entities are one and the same, the Supreme Court later held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) Thus, according to *Will*, none of the state defendants, in their official capacities, are subject to Wallace's §1983 action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully urge the Court to grant their motion and quash Wallace's ineffective service.  Alternatively, because the Court lacks personal and subject matter jurisdiction, and because this Court is an improper venue for Wallace's suit, Defendants move the Court to dismiss them from this action.

Respectfully submitted,

s/Stephen J Krise
**STEPHEN J. KRISE, OBA #17948**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street, 3rd Floor
Oklahoma City, Oklahoma  73105
Tele: (405) 521-4274  Fax: (405) 521-4518
Stephen.Krise@oag.ok.gov
*Attorney for Defendants Brad Henry, W.A. Drew Edmondson, Kenneth Buettner, David Peterson, Ronald Shaffer and Gregory Frizzell*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF filing system and served by U.S. Mail, postage prepaid, the following person, who is not an ECF registrant:

Stephen P. Wallace
Lisa Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
Plaintiff *Pro Se*

s/Stephen J. Krise
Stephen J. Krise

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: The Lorica T. Wallace Revocable | ) | |
| Trust, et al., | ) | |
| v. | ) | Case No. CIV-06-1817 RBW |
| | ) | |
| Stephen P. Wallace, et al., | ) | (Related Case No. CIV-06-1264 RBW) |
|     Respondents, | ) | |
| v. | ) | |
| | ) | |
| James C. Milton, et al., | ) | |
|     Defendants on cross-claim, | ) | |
| and | ) | |
| Brad Henry; et al., | ) | |
|     Additional Defendants. | ) | |

## MOTION TO QUASH SERVICE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, Brad Henry, W.A. Drew Edmondson, Kenneth L. Buettner, David Peterson, Ronald Shaffer and Gregory Frizzell, jointly appear and pursuant to Fed.R.Civ.P.12(b)(5), respectfully move the Court to quash Plaintiff's service of process as to each of them for Plaintiff's failure to serve them with a copy of the summons and Amended Complaint in accordance with Fed.R.Civ.P. 4. Alternatively, pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (3), Defendants move the Court to dismiss the Amended Complaint, for the reasons set forth in the accompanying brief in support.

## BRIEF IN SUPPORT

## INTRODUCTION

_____On October 23, 2006, Stephen P. Wallace, referring to himself as "Respondent," filed a "notice of removal and complaint." (Dkt. No. 1) Wallace then filed an Amended Complaint on January 9, 2007,adding as defendants Brad Henry, Governor of the State of Oklahoma; W.A. Drew Edmondson, Attorney General for the State of Oklahoma; Honorable Kenneth L. Buettner, Chief

Judge for the Oklahoma Court of Civil Appeals; Honorable David L. Peterson, retired Tulsa County District Judge; Honorable Ronald Shaffer, retired Tulsa County District Judge; and Honorable Gregory Frizzell, former presiding Tulsa County District Judge. (Dkt. No. 31) The Court lacks personal jurisdiction over these particular Defendants due to Wallace's failure to obtain proper service by not serving the movants in compliance with the requirements of Rule 4(e) of the Federal Rules of Civil Procedure. In addition, movant Gregory Fizzell, the only movant who was named as a defendant in the original complaint, was never properly served with a copy of the original complaint or a summons, and Wallace has therefore failed to serve Judge Frizzell within 120 days after the filing of the original complaint, as required by Fed.R.Civ.P. 4(m).

The Court still is not able to exercise personal jurisdiction over the Defendants, even if Wallace had obtained proper service, because there are insufficient contacts between the Defendants and the District of Columbia for the District's long-arm statute to apply. Moreover, even if Wallace were to overcome these jurisdiction hurdles, his action must be dismissed because the District of Columbia is not the proper venue in which to bring his case.

## ARGUMENT AND AUTHORITIES

**1.    This Court lacks personal jurisdiction over the Defendants.**

To resolve a case on the merits, the Court is required to have jurisdiction over both the subject matter of the litigation and the parties, and without such jurisdiction the court cannot proceed. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d at 766-67 (1999). Also, a court should generally decide questions of personal jurisdiction before questions of venue. *Cameron v. Thornburgh,* 983 F.2d 253, 257 n. 3 (D.C.Cir.1993) (citing *Leroy v. Great W. United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). Under Fed.R.Civ.P.12(b)(2),

2

the Plaintiffs bear the burden of establishing a factual basis for this Court having personal jurisdiction over the Defendants. *See Crane v. New York Zoological Society,* 894 F.2d 454, 456 (D.C.Cir.1990). In order to meet this burden, Wallace must allege specific acts connecting the Defendants somehow with the forum state, *Second Amendment Found. v. United States Conference of Mayors,* 274 F.3d 521, 524 (D.C.Cir.2001), which he fails to do.

## A.    The District of Columbia's Long-Arm Statute.

Because the Defendants reside in Oklahoma and do not maintain a principle place of business in the District of Columbia, the District's long-arm statute, D.C.Code § 13-423, provides the only basis in which the Court may exercise personal jurisdiction over the Defendants. *Deutsch v. United States Dep't of Justice,* 881 F.Supp. 49, 52 (D.D.C.1995), *aff'd,* 93 F.3d 986 (D.C.Cir.1996).

The relevant part of that statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --
>
> 1. (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> * * *

D.C.Code § 13-423.

As a threshold matter, the Court must be satisfied that one of the above elements has been met. *GTE New Media Servs. v. BellSouth Corp.,* 199 F.3d 1343, 1347 (D.C.Cir.2000). If so, the

3

Court must then "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Id.* If there is an insufficient basis for the District of Columbia's long-arm statute to apply, then no constitutional analysis is necessary.

Wallace bears the burden of showing the Court that jurisdiction may be had under § 13-423. *GTE,* 199 F.3d at 1347. To that extent, Wallace fails to allege or offer any evidence showing that the Defendants transacted any business in the District of Columbia or that Plaintiffs suffered any injury there. Consequently, Wallace has failed to present evidence sufficient to establish personal jurisdiction under §13-423 and this action must be dismissed as a result.

**B.     Insufficiency of Service of Process.**

Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure provide the defenses of lack of personal jurisdiction and insufficiency of service of process. Rule 12(b)(2) concerns only the actual existence of personal jurisdiction. By contrast, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 353, at 276-277 (2d ed.1990). Where the propriety of service is unclear, "the simplest solution ⋯ is to quash process and allow plaintiff another opportunity to serve defendant." *Id.* at 289-90.

In order to effect proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil Procedure. Specifically, Fed R. Civ. P. 4(e)(1) permits a plaintiff to serve the defendant either pursuant to the law of the state in which the district court is located (District of Columbia) or pursuant to the law of the state in which service is effected (Oklahoma).

In *Hamrick v. Gottlieb*, 416 F.Supp.2d 1 (D.D.C. 2005), this Court recently addressed

4

meeting the requirements for effective service where two jurisdictions are involved:

> The plaintiff carries the burden of establishing that he has properly effected service pursuant to federal rule of civil procedure (4)(e). *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987). To effectuate valid service of process the plaintiff must: (1) comply with the law of the state in which the district court is located; (2) comply with the law of the state where the service was effected; (3) effectuate personal delivery; or (4) leave a copy at the usual place of abode, unless a waiver was obtained. Fed. R. Civ. P. 4(e)(1)-(2). Because this Court is located in the District of Columbia ("District") and the plaintiff in this case attempted service in Washington State, *see* Affidavit of Alan Gottlieb ("Gottlieb Aff.") ¶¶ 2-3, the plaintiff must show that service is proper under either of these jurisdictions to meet his burden.

> The District of Columbia permits service of process outside the District by: (1) personal service; (2) any method valid in the place where service is attempted; (3) by mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the foreign authority in response to a letter rogatory. D.C. Code Ann. § 13-431(a).

*Id.* at 3.

In both Oklahoma and the District of Columbia, service by mail on an individual is valid only where, at a minimum, the person signs a receipt indicating that they personally received the correspondence. 12 O.S. § 2004(C)(2)(b); D.C. Code Ann. § 13-431(a); *see also Saunders v. Fairman*, Slip Copy, 2006 WL 2506954, p3 (E.D.Cal.2006)(service by certified mail alone is not authorized by Rule 4). Wallace attempted to serve the Defendants by sending copies of the summons and Complaint via USPS Priority Mail to their respective places of employment. The correspondence was sent by priority, not certified, mail and without the required return receipt. This method fails to satisfy Oklahoma law governing service, because Oklahoma requires that "[s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." 12 O.S. § 2004(C)(2)(b). Absence of the return

receipt fails to satisfy the District of Columbia's service requirements as well. D.C. Code Ann. § 13-431(a)(3).

Alternatively, Fed.R.Civ.P. 4(e)(2) allows service to be effected by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *See also* 12 O.S. § 2004(C)(1)(c)(1) (service on an individual shall be made by delivering to the person or to an agent authorized by appointment or by law to receive service of process) Wallace failed to accomplish any of these methods as well. The summons and Complaint were not delivered to or served upon any of the Defendants personally or accepted by any person authorized to accept service of process on their behalf.

Although the Defendants received Plaintiffs' mail, the mere fact that they were made aware of Plaintiff's action is immaterial to whether service was proper. *Stein*, 668 A.2d at 814 (citation omitted). *See Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process."), *accord West v. Terry Bicycles, Inc.,* 230 F.3d 1382 (Table) *2, 2000 WL 152805 (Fed.Cir.2000) (unpublished op.) ("[A] defendant's knowledge of the pendency of a lawsuit against it does not cure the plaintiff's insufficient service under Rule 4"). Ultimately, unless the procedural requirements of effective service of process are satisfied, the Court lacks power to assert personal jurisdiction over the Defendants. *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C.Cir.2002) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)).

With regard to Defendant Greg Frizzell, Wallace named him as a defendant in the original Complaint, but failed to serve him with the Complaint and summons as required by Fed.R.Civ.P. 4. Rule 4(m) requires that a defendant be served with the summons and Complaint within 120 days after being filed. The 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. *Bolden v. City of Topeka,* 441 F.3d 1129, 1148 (10th Cir.2006) For purposes of Rule 4(m), "service ⋯ upon a defendant within 120 days after the filing of the complaint," refers to the filing of the first version of the complaint naming the particular defendant to be served. *Id.* at 1149. Wallace filed his original Complaint on October 23, 2006, and Frizzell was not served within 120 days of that date. Accordingly, Defendant Frizzell should be dismissed.

**2.    The District of Columbia is not the proper venue for this action.**

As with jurisdiction, it is also Wallace's burden to establish that venue is proper. *See* 5A Fed. Prac. & Proc. 2d § 1352 (noting that placing the burden of establishing that venue is proper on the plaintiff "seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue"). The Plaintiffs and the movants are all citizens of the State of Oklahoma. Because of the lack of diversity of citizenship, venue for this action may be in the District of Columbia only if a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred there. 28 U.S.C. § 1391(b)(2) However, not a single event connected with Wallace's claims took place in this district. Also, none of the Defendants resides in, or may be found within, the District of Columbia. *See* 28 U.S.C. § 1391(b)(3) Ultimately, Wallace has failed to satisfy his burden of presenting evidence to establish that venue is proper in this Court.

When a case is filed in the wrong judicial district, a court may, in the interest of justice,

transfer the case to any other district "in which [the case] could have been brought." 28 U.S.C. §

1406(a).  Before transferring the action, however, the court must ensure as a preliminary matter that

venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum.

*Sharp Elecs. Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230 (D.C.Cir.1981) (per curiam).

Transfer in this case would not be proper or in the interest of justice, because even if Wallace's case

is transferred,  the gaining court would not have personal jurisdiction over the Defendants because

of Wallace's failure to obtain proper service on any of them.  The ideal course of action would be

to dismiss, rather than transfer, Wallace's case, have him file in the appropriate court and properly

serve the Defendants.  Since Wallace has had several of his other cases dismissed or transferred for

improper venue, he should be well-advised by now regarding how and where to properly file his

suit.[1]

3.    **The Court lacks subject-matter jurisdiction over Plaintiffs' claims.**

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the

plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992);  *Grand Lodge*

*of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13 (D.D.C.2001).  The court may dismiss

a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A.*

*v. F. Hoffman-Laroche, Ltd.,* 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson,* 355 U.S.

---

[1]Those cases are: *Wallace v. Dep't of Human Serv., et al.,* D.D.C. Case No. CIV-04-713
ESH (Dkt. No. 7); *Wallace v. Poe, et al.,* D.D.C. Case No. CIV-04-1717 RWR (Dkt. No. 16);
*Wallace, et al. v. DOJ, et al.,* W.D. Okl. Case No. CIV-02-233 L (Dkt. No. 30); *Wallace v. Bank*
*One Oklahoma, et al.,* W.D. Okl. Case No. CIV-01-1756 C (Dkt. No. 9).

41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  When conducting a review of a motion to dismiss pursuant to Rule 12(b)(1), the court must accept as true all the factual allegations contained in the complaint.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517, (1993).  However, the court need not accept a plaintiff's legal conclusions as true. *Boyd v. O'Neill,* 273 F.Supp.2d 92, 95 (D.D.C.2003). Federal Rule of Civil Procedure 12(b)(1) requires that Wallace bear the burden of establishing by a preponderance of the evidence that the Court has jurisdiction to entertain his claims. Fed.R.Civ.P. 12(b)(1);. To properly invoke the federal question jurisdiction of this Court, "[t]he mere assertion of a constitutional claim is not enough; the record before the Court must present a colorable constitutional claim."  *Northlake Community Hospital v. The United States*, 654 F.2d 1234, 1241 (7th Cir. 1981).

 As discussed below,Wallace may not use the federal district court to review the decision of an Oklahoma state court.

### A.      The Rooker-Feldman Doctrine.

By now, it is axiomatic in federal case law that a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. Federal review of state court judgments may be obtained only in the United States Supreme Court pursuant to 28 U.S.C. § 1257.  This concept is embodied by what is commonly known as the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The purpose of the doctrine is to prevent federal review of a state judgment "based on the losing party's claims that the state judgment itself violates the loser's federal rights." *Hood v. Keller,* 341 F.3d 593, 597 (6th Cir.2003) (internal citations omitted).

9

The doctrine prevents federal law claims brought in federal courts that were not only actually litigated, but those that are "inextricably intertwined" with the merits of the same matter previously adjudicated by the state court. *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 473 (10th Cir.2002) Wallace's claims all stem from rulings or judgments made in Plaintiffs' state court proceedings with which one or more of the Defendants was involved at some point.[2] The *Rooker-Feldman* doctrine bars Plaintiffs federal claims because not only do they arise directly from state-court judgments, but because they are inextricably intertwined with the Defendants/state judges' rulings in the Plaintiffs' state cases.

**B.     Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. §1983.**

In his Amended Complaint, Wallace adopts and incorporates those claims made in his original Complaint, in which he asserted a §1983 claim. The Court may take judicial notice of the fact that all of the movants are state actors. Consequently, Wallace's 1983 claim against the movants, in their official capacities, must fail as a matter of law, because a state official acting in his respective official capacity is not a proper Defendant in a §1983 action. To avoid confusion over whether an individual is being sued in their individual or official capacity, "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." *Hafer v. Melo*, 502 U.S. 21, 24, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Nonetheless, Plaintiff fails to identify whether he is suing the Defendants in their individual or official capacities. A §1983 claim that fails to specify the capacity in which a defendant is being is sued is normally construed to be against them

---

[2]Brad Henry, Governor of Oklahoma and W.A. Drew Edmondson, Attorney General for the State of Oklahoma, had no involvement with Wallace or any of his state or federal cases. Why Wallace names them as defendants remains a mystery.

in their official capacity.  *Stevens v. Umstead*, 131 F.3d 697, 706 (7th Cir. 1997).

It is well settled that a suit against a state official in his or her official capacity is, in fact, a suit against the state itself.  As the Supreme Court stated in *Kentucky v. Graham*, 473 U.S. 159(1985), "Official-capacity suits, in contrast [to personal capacity suits], generally represent only another way of pleading an action against an entity of which an officer is an agent."

Recognizing that these entities are one and the same, the Supreme Court later held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) Thus, according to *Will*, none of the state defendants, in their official capacities, are subject to Wallace's §1983 action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully urge the Court to grant their motion and quash Wallace's ineffective service.  Alternatively, because the Court lacks personal and subject matter jurisdiction, and because this Court is an improper venue for Wallace's suit, Defendants move the Court to dismiss them from this action.

Respectfully submitted,

s/Stephen J Krise
**STEPHEN J. KRISE, OBA #17948**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street, 3rd Floor
Oklahoma City, Oklahoma  73105
Tele: (405) 521-4274  Fax: (405) 521-4518
Stephen.Krise@oag.ok.gov
*Attorney for Defendants Brad Henry, W.A. Drew Edmondson, Kenneth Buettner, David Peterson, Ronald Shaffer and Gregory Frizzell*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF filing system and served by U.S. Mail, postage prepaid, the following person, who is not an ECF registrant:

Stephen P. Wallace
Lisa Wallace
6528 E. $^{101st}$ Street, D-1 #304
Tulsa, Oklahoma 74133
Plaintiff *Pro Se*

  s/Stephen J. Krise
Stephen J. Krise