UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                    )
STEPHEN P. WALLACE                                  )
                                                    )
        Plaintiff,                                  )
                                                    )      Case No. 1:06-cv-01817-RBW
        v.                                          )
                                                    )
JAMES C. MILTON, et al.,                            )
                                                    )
        Defendants.                                 )
———————————————————————)

**PATRICK J. MALLOY, III'S ("MALLOY") MEMORANDUM IN SUPPORT OF <u>HIS</u> <u>MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(1)(2)(3)(5) AND (6)</u>**

Malloy is the duly appointed bankruptcy Trustee for the plaintiff in this matter, Stephen

P. Wallace, a debtor in a Chapter 7 proceeding pending in the United States Bankruptcy Court

for the Northern District of Oklahoma, Case No. 02-00073.[1]  Attached hereto as exhibit A is a

true and exact copy of documentation evidencing Malloy's appointment in the case.  Malloy is a

defendant added to this litigation by the Amended Complaint, and requests that this Court

dismiss Malloy from this action because the Amended Complaint is deficient under five of the

seven grounds set forth in Federal Rule 12(b).[2]  In particular, the Amended Complaint should be

dismissed because:

- Under Federal Rule 12(b)(1) and (2), this Court does not have personal or subject matter jurisdiction over an Oklahoma bankruptcy trustee with no contacts with the District of Columbia and for whom the bankruptcy court has not granted leave to allow the Trustee to be sued in this Court;

---

[1] Malloy Declaration ¶ 1, attached as Exhibit 1 and Exhibit A thereto.
[2] Wallace did not file a Motion for Leave to Amend before he filed the Amended Complaint. Malloy was not apart to the underlying state court action and so has not personal knowledge of the procedural status of that case, but would expect that after 4 years, some party has filed an answer or responsive pleading, making leave to amend necessary under Federal Rule 15.

- Under Federal Rule 12(b)(3), venue is improper in this Court, and removal from a state court in Oklahoma to a federal court in the District of Columbia is improper;

- Under Federal Rule 12(b)(5), service of the summons and Amended Complaint by priority mail is improper under Federal Rule 4(e)(1); and

- Under Federal Rule 12(b)(6), and the Amended Complaint and attachments fail to state a claim upon which relief can be granted because neither even name Malloy individually or allege any conduct on his behalf that is actionable under § 1983 or R.I.C.O.

Three other groups of Defendants have sought dismissal in this action. Defendants Brad Henry, W.A. Drew Edmondson, Kenneth L. Buettner, David Peterson, Ronald Shaffer and Gregory Frissell, the Oklahoma Governor, Attorney General and various Oklahoma state Court judges (collectively the "State of Oklahoma Defendants") filed a Motion to Quash Service, or in the Alternative to Dismiss Plaintiff's Amended Complaint as Docket No. 45. John C. Kirkpatrick and Guaranty Abstract Company (the "Guaranty Defendants") filed a Motion to Dismiss Defendants John C. Kirkpatrick and Guaranty Abstract Company as Docket No. 43. And The Trust Company of Oklahoma, Ronald J. Saffa, James E. Poe, James C. Milton, Reece Morrel, Adam Adwon, G. Reuben Davis, William Grimm, Kenneth Crump, John Wolman, the Paul Mindeman Estate, Edward Kallay, The Kallay Group, LLC and CDSG 1, LLC (the "Trust Company Defendants") filed a Combined Motion to Dismiss and Brief in Support as Docket No. 40. Because Malloy was added as a defendant in the Amended Complaint filed January 8, 2007, he is at a disadvantage in responding to the Amended Complaint relative to some of the other defendants because he has not been involved in the past four years of litigation in this case in the District Court of Tulsa County Oklahoma. Malloy, as a bankruptcy trustee is a fiduciary to the creditors in Mr. Wallace's bankruptcy estate, and by forcing Malloy to spend time and money responding to frivolous claims in a foreign jurisdiction, Wallace is simply depleting funds that would otherwise be available to his creditors. In an effort to conserve the bankruptcy estate's

resources, Malloy will join in and incorporate by reference arguments made by the other defendants as they apply to him, rather than fully re-stating the arguments here.

**I.      This Court lacks subject-matter jurisdiction, meriting dismissal under Federal Rule 12(b)(1).**

   **A.      Wallace cannot sue Malloy – a bankruptcy trustee – in this Court without first seeking leave of the bankruptcy court, because without leave of the bankruptcy court, this court lacks subject-matter jurisdiction under the *Barton* doctrine.**

Wallace cannot sue Malloy in this Court because this Court lacks subject-matter jurisdiction under the *Barton* doctrine.   The *Barton* doctrine requires a litigant to seek bankruptcy court permission before an action is filed against a bankruptcy trustee in a different court in order to confer subject-matter jurisdiction upon the non-bankruptcy court.[3]   The Eleventh Circuit recently applied the *Barton* doctrine to facts similar to this case in *Carter v. Rogers*.[4]   In that case, Carter, a chapter 7 debtor, sued his chapter 7 trustee and parties employed by the trustee, in district court without first seeking leave of the bankruptcy court.[5]   The Eleventh Circuit "join[ed] the other Circuits that have considered this issue [and held] that a debtor must obtain leave of the bankruptcy court before initiating an action in the district court when that action is against the trustee … for acts done in the actor's official capacity."[6]   After considering the facts – which are strikingly similar to the present case - the Eleventh Circuit concluded that:

> Plaintiff's suit is a run-of-the-mill *Barton* case.   Carter sued Defendants in district court for breaches of fiduciary duty stemming from their official bankruptcy

---

[3] The Doctrine is so named for the Supreme Court case of *Barton v. Barbour*, 104 U.S. 126, 127 (1881) that was decided with respect to a receiver, but has been expanded by case law to apply with equal force to bankruptcy trustees.

[4] *Carter v. Rogers*, 220 F.3d 1249 (11th Cir. 2000).

[5] *Id* at 1252.

[6] *Id*.

duties.  He needed leave of the bankruptcy court, and absent that leave, the district court did not have subject-matter jurisdiction over his cause of action.[7]

The same could be said of the present action.  Wallace attempts to sue Malloy, his chapter 7 bankruptcy trustee, in district court, for what he alleges to be a breach of his fiduciary duty.[8]  But Wallace has not obtained leave of the Bankruptcy Court for the Northern District of Oklahoma before filing this action.[9]  The Second Circuit recognized that one of the policy considerations behind the *Barton* doctrine is the bankruptcy court's "vital institutional interest in protecting [bankruptcy] trustees from being mulcted into another court on frivolous or trumped up charges."[10]  It classified the case before it as "of questionable merit."[11]  Because Wallace did not seek leave from the bankruptcy court before filing the Amended Complaint in this case, the bankruptcy court has been deprived of its ability to protect bankruptcy trustees from this type of litigation.  As a result, this Court lacks subject-matter jurisdiction and dismissal is proper.

---

[7] *Id*. at 1253.
[8] Amended Complaint ¶ 4.
[9] Malloy Affidavit ¶ 5 and 6.
[10] *In re Lehal Realty Assoc*., 101 F.3d 272, 277 (2d Cir. 1996).
[11] *Id.*

**B.**    **This Court lacks subject-matter jurisdiction because the Amended Complaint does not raise a federal question and there is no diversity jurisdiction because Wallace and most other defendants – including Malloy – are residents of Oklahoma.**

In addition to lacking jurisdiction under the *Barton* doctrine, this Court does not have subject-matter jurisdiction over what amounts to an appeal from a state court action regarding the administration of the trust *res* because it raises no federal question under 20 U.S.C. § 1441(b) – Wallace's sole allegation of federal jurisdiction. Both the Trust Company Defendants, the Guaranty Defendants, and the State of Oklahoma Defendants raise lack of subject-matter jurisdiction in their respective Motions to Dismiss (Docket Nos., 40, 43, and 45). As set forth in Section III (pp. 17-20) of the Trust Company Defendant's Motion, Section II (pp. 14-16) of the Guaranty Defendants' Motion, and Section 3.A (pp. 8-10) of the State of Oklahoma Defendant's Motion, this Court of limited jurisdiction is barred from hearing this dispute by the *Rooker-Feldman* doctrine, and in any event should abstain from exercising jurisdiction over this *in rem* proceeding that is already within the jurisdiction of the Oklahoma state court. Malloy incorporates by reference and joins in the arguments raised by the Trust Company Defendants, the Guaranty Defendants, and the State of Oklahoma Defendants in support of dismissal of this action for lack of subject matter jurisdiction.

**II.**    **This Court lacks personal jurisdiction over Malloy because as a chapter 7 bankruptcy trustee in the Northern District of Oklahoma, he has no contacts with the District of Columbia, so dismissal is proper under Federal Rule 12(b)(2).**

Wallace's Amended Complaint fails to allege any facts demonstrating that this Court has personal jurisdiction over Malloy, and therefore Malloy must be dismissed. In this Court, "'[t]o thwart dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiffs must

establish personal jurisdiction over each defendant.'"[12]   In this endeavor, "[t]he plaintiffs thus carry the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over the defendants."[13]

In *Edmond*, the Circuit Court for the District of Columbia held that "[e]ven though subject-matter jurisdiction is here predicated upon a federal question, [plaintiffs] must rely on D.C. law to sue nonresident defendants, since no federal long-arm statute applies."[14]  This Court has explained in *COMCAST Corp.* that "[w]hile the long-arm statute is interpreted broadly and factual disputes are resolved in favor of the plaintiff, the plaintiff must allege *some specific facts evidencing purposeful activity by the defendant* in the District of Columbia by which it invoked the benefits and protections of the District's laws."[15]

Far from alleging specific facts that would demonstrate some purposeful activity by Malloy in the District of Columbia, Wallace's Amended Complaint does not even identify Malloy by name in any of the allegations.  The only allegation that appears to be directed at Malloy states, "[t]he remaining Additional Defendants have allegedly acted in criminal collusion/conversion upon Semite Respondents to defy any accountability per their duty as fiduciaries and officers of the Court to convert assets not under their control nor jurisdiction. (Exhibits IV, V & VI)"[16]  None of the identified Exhibits reference Malloy.  Even if the Court assumes the allegation contained in Paragraph 4 is true – which it is not – it contains no allegation that any of the alleged "criminal collusion/conversion" or breach of fiduciary duty

---

[12] *Murphy v. PriceWaterhouseCoopers,* 357 F.Supp.2d 230, 242 (D.D.C. 2004). *quoting, Biton v. Palestinian Interim Self-Government Authority,* 310 F.Supp.2d 172, 176 (D.D.C. 2004).
[13] *Id.*, *citing, Crane v. New York Zoological Society,* 894 F.2d 454, 456 (D.C.Cir.1990).
[14] *Edmond v. U.S. Postal Service General Counsel***,** 949 F.2d 415, (D.C. Cir. 1991).
[15] *COMCAST Corp., v. Finshipyards S.A.M.***,** 900 F.Supp. 515, (D.D.C. 1995) (emphasis added).
[16] Amended Complaint ¶ 4.

took place in the District of Columbia so as to allege purposeful activity sufficient to satisfy the District of Columbia's long arm statute. Malloy is a resident of Oklahoma - as demonstrated by the return of service filed by Wallace[17] - and has no contacts with Washington D.C. that would satisfy the long arm statute.[18] Therefore, dismissal of the Amended Complaint is proper under Federal Rule 12(b)(2).

### III. This Court is not the proper venue for an Oklahoma state-court action and so dismissal is proper under Federal Rule 12(b)(3).

The claims in the Amended Complaint should be dismissed against Malloy because venue is only proper in Oklahoma – not the District of Columbia. This Court's lack of venue is extensively briefed in Section I of the Argument and Authority portion of the Trust Company Defendant's Combined Motion to Dismiss and Brief in Support (Docket No. 40, pp. 12-13). Venue in this Court is improper under 28 U.S.C. § 1391(b), and Malloy incorporates by reference and joins in the arguments raised by the Trust Company Defendants and requests that this Court dismiss the Amended Complaint as to Malloy for improper venue.

Equally fatal to the Amended Complaint, Wallace has removed this action to the wrong Court under 28 U.S.C. § 1441(a). This action is not properly before this Court because a state court action pending in Oklahoma cannot be removed to the United States District Court for the District of Columbia. Section 1441(a) only permits a state court action to be removed to "the district court of the United States for the district and division embracing the place where such action is pending." Thus, this action could only be removed to the District Court and division "embracing" the District Court of Tulsa Oklahoma, and it could only be removed by a defendant, not Wallace, the Plaintiff. Because venue in this Court is improper and because this is not the

---

[17] Docket No. 32
[18] D.C. Code §13-423, and Malloy Declaration ¶¶ 3-4.

proper court to remove an Oklahoma state court proceeding, Malloy requests that this Court dismiss the Amended Complaint.

**IV.     Service of the Summons and Amended Complaint by priority mail does not satisfy Federal Rule 4(e)(1) and therefore the Summons should be quashed for insufficiency of service of process and the Amended Complaint dismissed under Federal Rule 12(b)(5).**

The summons mailed to Malloy by priority mail should be quashed because service of process by priority mail does not satisfy the requirements of Federal Rule 4(e)(1), which requires Wallace to either comply with the District of Columbia service requirements or the Oklahoma service requirements. This issue was thoroughly briefed in the Motion to Quash Service, or, In the Alternative, to Dismiss Plaintiff's Amended Complaint filed by the State of Oklahoma Defendants as Docket No. 45. Malloy joins in and incorporates the arguments raised in Section I.B. of Docket No. 45 as if fully set forth herein. Malloy requests that this Court dismiss the Amended Complaint pursuant to Federal Rule 12(b)(5) for insufficiency of service of process, or in the alternative, quash the summons.

V.    **The Amended Complaint fails to state a claim against Malloy upon which relief can be granted and must be dismissed under Federal Rule 12(b)(6).**

Malloy requests that this Court dismiss the Amended Complaint under Federal Rule 12(b)(6) because it fails to state a claim against him upon which relief can be granted.

A.    **The Amended Complaint fails to state a claim against Malloy under Section 1983 because as a bankruptcy trustee, Malloy is entitled to derivate judicial immunity.**

Wallace's Amended Complaint, which incorporates the claims made in his original Complaint, fails to state a claim against Malloy as a bankruptcy trustee under Section 1983 and should therefore be dismissed under Federal Rule 12(b)(6).  The Ninth Circuit has addressed this issue in a case with a nearly identical fact pattern in its 1986 decision of *Lonneker Farms, Inc., v. Klobucher*[19] where it affirmed the district court's grant of the bankruptcy trustee's motion to dismiss.  In *Lonneker Farms Inc.*, a chapter 7 debtor brought an action against his chapter 7 trustee in district court under 42 U.S.C. §§ 1983, 1985 and 1986.[20]  The Ninth Circuit had three reasons for affirming the dismissal of the action against the trustee, and all three apply equally well in the present case.  First, the Ninth Circuit stated:

> [w]e begin with what is obvious and not technical in nature.   This dispute arises out of a bankruptcy proceeding.    The issues raised by Lonneker should be resolved through such proceedings.   *It constitutes a waste of professional and judicial resources* to divert such resources from the bankruptcy proceedings to a weak attempt to plead a claim under the civil rights statutes.[21]

The same could be said of the present case, that Wallace's Amended Complaint arises out of a bankruptcy proceeding and should be resolved in a bankruptcy proceeding.  For Wallace to bring the action in this case constitutes a waste of judicial and professional resources,

---

[19] *Lonneker Farms, Inc., v. Klobucher,* 804 F.2d 1096 (9th Cir. 1986).
[20] *Id.* at 1096.
[21] Id. at 1097.

particularly for a chapter 7 trustee whose only resources to defend litigation are funds that would otherwise be available to unsecured creditors.

Second, the Ninth Circuit affirmed the dismissal because actions under Section 1983 must allege wrongful conduct under the color of *state* law, and the bankruptcy trustee was acting under the color of *federal* law.[22]  As a result, "Section 1983 provided Lonneker [and Wallace] no help."[23]  Malloy, as a bankruptcy trustee, is acting under the Bankruptcy Code, federal law, so Section 1983 entitles Wallace to no relief because Malloy is not acting under the color of state law.

Third, the Ninth Circuit held that bankruptcy trustees are entitled to derivative judicial immunity.  "Hatley, as a trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process."[24]  As an officer of the bankruptcy court, Malloy is entitled to judicial immunity while performing acts that were "judicial in nature and not done in the absence of all jurisdiction."[25]

All of the grounds for dismissal in *Lonneker Farms Inc*., apply with equal force in the present case.  As the Circuit Court for the District of Columbia stated in *Hoai v. Vo*, [26] "a complete failure to allege facts that would support a finding of action under color of law … affords valid grounds for dismissal of a Section 1983 claim."  Wallace's Amended Complaint is devoid of allegations of actions by Malloy while acting under the color of state law and Malloy

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Hoai v. Vo*, 935 F.2d 308, 314 (D.C. Cir. 1991).

is protected by judicial immunity.   Malloy requests that this Court dismiss the Amended

Complaint pursuant to Rule 12 (b)(6).

> **B.     The Amended Complaint fails to state a claim against Malloy under RICO because as an individual, carrying out statutorily imposed duties, Malloy cannot be liable for racketeering activity.**

Malloy, as a court appointed chapter 7 bankruptcy trustee, carrying out his statutorily

imposed duties, cannot be liable for racketeering under R.I.C.O.   This conclusion has been

reached by several other courts in a variety of factual circumstances.   For example, as noted by

the Trust Company Defendants,[27] the District Court for the Southern District of New York

concluded that attorneys, carrying out the legitimate purpose of administering a trust, cannot be

liable under R.I.C.O.[28]   Similarly, the Eighth Circuit flatly rejected the "proposition that federal

employees who take regulatory action consistent with their statutory powers engage in a 'pattern

of racketeering activity' if those actions are adverse to a particular business or industry."[29]   In

fact, the Eight Circuit went on to say, "In our view, the proposition is ludicrous on its face.

'Bankers do not become racketeers by acting like bankers.'   Likewise, bank regulators do not

become racketeers by acting like aggressive regulators."[30]   The District Court for the District of

Puerto Rico reached a similar conclusion when a *pro se* plaintiff sued a bankruptcy judge under

R.I.C.O. because the judge denied his motion to convert the case from chapter 7 to chapter 11

after concluding that conversion would be futile because no prospect for reorganization existed.[31]

The court stated, "[t]his is not racketeering activity.   Contrariwise, the bankruptcy judge carried

---

[27] Docket No. 40, p. 23.

[28] *D'Orange v. Feely*, 877 F.Supp.152, 156 (S.D.N.Y. 1995).

[29] *Sinclair v. Hawke,* 314 F.3d 934 (8th Cir. 2003).

[30] *Id*. at 944.

[31] *Zurkowsky v. Gov't. Development Bank for P.R.,* 52 B.R. 1007, (Bankr. D.P.R. 1985).

out his legal responsibility in reaching a decision whether to allow the conversion to Chapter 11."[32]

These decisions mandate the conclusion that if an attorney cannot be liable as a racketeer for carrying out his statutory imposed obligations in administering a trust, and a banking regulator cannot be liable under R.I.C.O. for zealously enforcing his obligations as a regulator, and a bankruptcy judge cannot be liable for making decisions under the bankruptcy code, then certainly a bankruptcy trustee does not become a racketeer by engaging in activity necessary to legitimately administering a chapter 7 bankruptcy estate.  In addition to failing to state a claim, the District Court for Puerto Rico concluded that "in view of the fact that no violations of section 1962 have been plead or proved by Mr. Zurkowsky, jurisdiction cannot be predicated under the R.I.C.O. statute."[33]  So not only has Wallace failed to state a claim against Malloy under R.I.C.O., he also cannot rely upon the statute to confer jurisdiction where, as discussed above, it otherwise does not exist.  Malloy requests that this Court dismiss Wallace's Amended Complaint for failure to state a claim upon which relief can be granted.

---

[32] *Id.* at 1012.
[33] *Id.* at 1012.

**VI.     The Trustee is entitled to an award of legal fees and expenses incurred in responding to the Amended Complaint because filing the Amended Complaint in this Court violated the spirit, if not the letter, of the Bankruptcy Court for the Northern District of Oklahoma's December 31, 2002 decision restraining Wallace's court filings.**

Malloy requests that this Court award him his attorneys' fees and costs incurred in responding to the Amended Complaint because naming Malloy as a defendant in this action with no specific factual support is in direct contravention of the Bankruptcy Court's December 6, 2002 decision in *In re Wallace*.[34]  In *Wallace*, Judge Michael summarized Wallace's litigation tactics as follows, "Mr. Wallace has made derogatory accusations against every attorney and judicial officer involved in this bankruptcy case, including his own (former) counsel.  He has *never* presented one scintilla of evidence in support of these allegations."[35]  The court continued, "[e]ach of these pleadings consumes the time and energy of the parties, their attorneys and the Court.  The time has come for them to stop.  Appropriate restrictions are in order for Mr. Wallace."[36]  Wallace is now required, by order of the bankruptcy court, to file an affidavit with any pleading he files in the bankruptcy court that among other things, contains a statement of "the specific factual basis for the pleading,"[37] and:

> a statement that the legal or factual arguments raised by the proposed pleading are not frivolous or made in bad faith; that to the best of Mr. Wallace's knowledge, they are warranted by existing case law; that the intent of the proposed pleading is not improper and is not intended to delay or cause a needless increase in costs or to avoid the orders of this Court.[38]

The Amended Complaint does not come close to meeting these requirements because it does not contain an single paragraph or exhibit that specifically identifies Malloy by name or

---

[34] *In re Wallace*, 288 B.R. 139 (Bankr. N.D. Okla. 2002)
[35] *Id*. at 148.
[36] *Id.*
[37] *Id.*
[38] *Id*.

allege any specific conduct by Malloy.[39]    The Bankruptcy Court's decision over four years ago was designed to protect Malloy from having to respond to frivolous litigation filed by Wallace. In a direct effort to circumvent the bankruptcy court's order, Wallace moved his litigation to another forum, which is geographically and jurisdictionally removed from the bankruptcy court. As noted by the Guaranty Defendants and the Trust Company Defendants, several other courts have imposed filing restrictions on Wallace, with little success in stemming his proliferation of frivolous litigation.    As a result, Malloy requests that this Court award him attorneys' fees and expenses incurred in responding to the Amended Complaint.

---

[39] A copy of the Bankruptcy Court Order is attached as Exhibit 2.

**VII.    Conclusion**

Malloy requests that this Court dismiss the Amended Complaint because this Court does not have personal or subject-matter jurisdiction, venue is improper in this Court, it is improper for an Oklahoma State Court proceeding to be removed to a federal court in the District of Columbia, service of process by priority mail is improper, and Wallace has failed to state a claim upon which relief can be granted.

Dated:  February 9, 2007                    Respectfully submitted,

                                            /s/ Katherine M. Sutcliffe Becker
                                            Marc E. Albert, #345181
                                            Steven K. White, #367371
                                            Katherine M. Sutcliffe Becker, #481398
                                            STINSON MORRISON HECKER LLP
                                            1150 18th Street, NW
                                            Suite 800
                                            Washington, D.C.  20036-3816
                                            Tel:  (202) 785-9100
                                            Fax:  (202) 785-9163

                                            *Counsel for Patrick J. Malloy, III, Chapter 7 Trustee*

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN P. WALLACE )
)
    Plaintiff, )
) Case No. 1:06-cv-01817-RBW
    v. )
)
JAMES C. MILTON, et al., )
)
    Defendants. )

### DECLARATION OF PATRICK J. MALLOY, III
### IN SUPPORT OF HIS MOTION TO DISMISS UNDER
### FEDERAL RULE 12(b)(1)(2)(3)(5) AND (6)

Patrick J. Malloy, III, being of lawful age and duly sworn, for his declaration, states as follows:

1.      I am the duly appointed bankruptcy Trustee for the plaintiff in this matter, Stephen P. Wallace, a debtor in a Chapter 7 proceeding pending in the United States Bankruptcy Court for the Northern District of Oklahoma, Case No. 02-00073. A copy of the documentation evidencing my appointment in the case is attached as Exhibit A.

2.      I am a resident of Oklahoma.

3.      I do not have any contacts with the District of Columbia, other than being named as a defendant in this litigation.

4.      None of the assets of Wallace's bankruptcy estate are located in the District of Columbia.

5.      Wallace did not seek or obtain authority from the Bankruptcy Court before adding me as a defendant in the Amended Complaint.

6.    The Bankruptcy Court has not entered an order authorizing Wallace to sue me in the District Court for the District of Columbia.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2007, in _Tulsa, Okla_

_____
Patrick J. Malloy, III

# Exhibit A

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case)(9/97)

**Case Number 02-00073-M**

# UNITED STATES BANKRUPTCY COURT
### Northern District of Oklahoma

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A bankruptcy case concerning the debtor(s) listed below was originally filed under chapter 11 on September 13, 2001 and was converted to a case under chapter 7 on September 13, 2001.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations.

| | |
|---|---|
| Debtor(s) (name(s) and address):<br>WALLACE, STEPHEN PAUL<br>DBA WALLACE REAL ESTATE COMPANY; DBA RIVER OAKS<br>ASSOCIATES, DBA WALLACE INVESTMENTS<br>6528 E. 101ST, D-1 #304<br>TULSA, OK 74133 | |
| Case Number:<br>02-00073 | Social Security/Taxpayer ID Nos.:<br>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 |
| Attorney for Debtor(s) (name and address):<br>Pro Se<br><br><br>Telephone number: | Bankruptcy Trustee (name and address):<br>PATRICK J. MALLOY, III<br>MALLOY & MALLOY<br>1924 SOUTH UTICA, SUITE 810<br>TULSA, OK 74104-6515<br>Telephone number: (918) 747-3491 |

### Meeting of Creditors:

Date: **June 27, 2002**     Time:     **3:00 p.m.**

Location:     **The Federal Building, 224 S. Boulder Avenue, Rm. B04 Tulsa, OK 74103**

### Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts:**
August 26, 2002

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Appointment of Trustee:

The United States Trustee has appointed the named Trustee to serve in the Debtor(s) estate under the Trustee's blanket bond, effective the date of this notice, pursuant to 11 U.S.C. Sections 322 and 701, and Bankruptcy Rule 2008.

### Creditors May Not Take Certain Actions:

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

### Please Do Not File A Proof of Claim Unless You Receive a Notice To Do So.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>United States Bankruptcy Clerk<br>224 S Boulder Ave, 1st Floor<br>Tulsa, OK 74103<br>Telephone number: 918-699-4000 | **For the Court:**<br><br>**FILED BY THE COURT ON**<br>**June 6, 2002**<br>Michael Williams, Clerk,<br>U.S. Bankruptcy Court<br>Northern District of Oklahoma |
| Hours Open:<br>8:30am-4:30pm | Date:<br>June 6, 2002 |

255

## EXPLANATIONS

| | |
|---|---|
| **Filing of Chapter 7 Bankruptcy Case** | A bankrupt case under chapter 7 of the Bankruptcy Code (Title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Creditors May Not Take Certain Actions** | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. |
| **Meeting of Creditors** | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| **Do Not File a Proof of Claim at This Time** | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. |
| **Discharge of Debts** | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. |
| **Exempt Property** | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| **Bankruptcy Clerk's Office** | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |

**Important Notice to Individual Debtors:** Effective January 1, 2002, all individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed.

### ---Refer to Other Side For Important Deadlines and Notices---

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/off: 1085-4          User: BGS          Page 1 of 2          Date Rcvd: Jun 06, 2002
Case: 02-00073-M             Form ID: B9A       Total Served: 65

The following entities were served by first class mail on Jun 08, 2002.

| | | |
|---|---|---|
| T | +PATRICK J. MALLOY, III, | 1924 SOUTH UTICA, SUITE 810, TULSA, OK 74104-6516 |
| D | WALLACE, STEPHEN PAUL, | 6528 E. 101ST, D-1 #304, TULSA, OK 74133 |
| 1 | ACCOUNTS RECEIVABLE, | CENTRAL STATES ORTHOPEDIC, PO BOX 22063, DEPT 100, TULSA, OK 74121 |
| 2 | ACCOUNTS RECEIVABLE, | HEALTHSOUTH DIAGNOSTIC, PO BOX 842190, DALLAS, TX 75284 |
| 3 | BILL KELLOUGH, BOONE SMITH, | 100 W 5TH ST #500, TULSA, OK 74103 |
| 4 | BLAND PITTMAN, PITTMAN-PRE & ASSOC, | 1709 W GRANDER, BROKEN ARROW, OK 74012 |
| 5 | BOONE SMITH, 100 W 5TH ST #500, | TULSA, OK 74103 |
| 6 | CENTRAL STATES ORTHOPEDIC, | PO BOX 22063, DEPT 100, TULSA, OK 74121 |
| 7 | CHERYL VAUGHT, VAUGHT & CONNOR, | 50 PENN PLACE, OKLAHOMA CITY, OK 73118 |
| 8 | COVINGTON & POE, 111 W 5TH, | SUITE 740, TULSA, OK 74103 |
| 9 | DAVE SANDERS, SR, SANDERS & SANDERS, PC, | 624 S DENVER, TULSA, OK 74119 |
| 10 | DOERNER SAUNDERS, 320 S BOSTON, | TULSA, OK 74103 |
| 11 | ELKIN L. KISTNER, SCHLETTE-HAYWOOD, | 7700 BONHOMME, SUITE 450, ST LOUIS, MO 63105 |
| 12 | FRED MERCER, 11305 QUAIL CREEK, | OKLAHOMA CITY, OK 73120 |
| 13 | PAUL M. MALONEY, GARVIN & MALONEY, | 7700 BONHOMME AVE, SUITE 450, ST LOUIS, MO 63105 |
| 14 | HEALTHSOUTH DIAGNOSTIC, PO BOX 842190, | DALLAS, TX 75284 |
| 15 | HOLDEN GLENDENING, 9 E FOURTH, | TULSA, OK 74103 |
| 16 | JACK SPRADLING, SPRADLING & ASSOC, | 1660 E 71ST, SUITE Z P-2, TULSA, OK 74136 |
| 17 | JAMES MILTON, DOERNER SAUNDERS, | 320 S BOSTON, TULSA, OK 74103 |
| 18 | JAMES POE, COVINGTON & POE, | 111 W 5TH, SUITE 740, TULSA, OK 74103 |
| 19 | JAMES R GOTWALS & ASSOC, 525 S MAIN, | TULSA, OK 74103 |
| 20 | JIM GOTWALS, JAMES R GOTWALS & ASSOC, | 525 S MAIN, TULSA, OK 74103 |
| 21 | JOE ASHMORE, JOSEPH ASHMORE, PC, | 3636 MAPLE AVE, DALLAS, TX 75219 |
| 22 | JON PAYNE, ESQ, JONES GIVENS, | 15 E. 5TH STREET, SUITE 3800, TULSA, OK 74103 |
| 23 | JONES GIVENS, 3800 FIRST NATIONAL TOWER, | TULSA, OK 74103 |
| 24 | JOSEPH ASHMORE, PC, 3636 MAPLE AVE, | DALLAS, TX 75219 |
| 25 | JUDITH FINN, PINKERTON & FINN, | 15 E 5TH - PENTHOUSE, TULSA, OK 74103 |
| 26 | JULIE FULTON, 9401 S 68TH E AVE, | TULSA, OK 74133 |
| 27 | LARRY PARMAN, PANNEN & ASSOC, | 5801 N BROADWAY EXT, SUITE 305, OKLAHOMA CITY, OK 73118 |
| 28 | LEE LEVINSON, LEVINSON, 5310 E 31ST, | TULSA, OK 74135 |
| 29 | LEO GARVIN, GARVIN & MALONEY, | 7700 BONHOMME AVE, SUITE 450, ST LOUIS, MO 63105 |
| 30 | LEVINSON, 5310 E 31ST, TULSA, OK 74135 | |
| 31 | MIKE ASHWORTH, GOLDEN GLENDENING, | 9 E FOURTH, TULSA, OK 74103 |
| 32 | NCO FINANCIAL SYSTEMS, PO BOX 41448, | PHILADELPHIA, PA 19101 |
| 33 | PARMAN & ASSOC, 5801 N BROADWAY EXT, | SUITE 305, OKLAHOMA CITY, OK 73118 |
| 34 | PAUL WILKINING, 1503 S DENVER, | TULSA, OK 74119 |
| 35 | PINKERTON & FINN, 15 E 5TH - PENTHOUSE, | TULSA, OK 74103 |
| 36 | PITTMAN-POE & ASSOC, ATTN: WILLIAM C. CHEVAILLIER, 2021 S. LEWIS AVE., SUITE 700, TULSA, OK 74104 | |
| 37 | POE & ASSOCIATES, ATTN: G. BLAINE SCHWABE, III, 14TH FLOOR, TWO LEADERSHIP SQUARE, 211 NORTH ROBINSON, OKLAHOMA CITY, OK 73102 | |
| 38 | ROBERT L MITCHELL, MITCHELL, FOLEY & GUNGOLL, 5500 N WESTERN AVE STE 100A, OKLAHOMA CITY, OK 73118 | |
| 39 | ROBERT POE, POE & ASSOCIATES, 4606 S GARNETT, TULSA, OK 74146 | |
| 40 | SANDERS & SANDERS, 624 S DENVER, | TULSA, OK 74119 |
| 41 | SCHLATER-HAYWOOD, 7700 BONHOMME, #450, | ST LOUIS, MO 63105 |
| 42 | SPINA MCGUIRE & OKAL, 7610 W N AVE, | ELMWOOD PARK, IL 60707 |
| 43 | SPRADLING & ASSOC, 1660 E 71ST, | SUITE Z P-2, TULSA, OK 74136 |
| 44 | TIM OKAL, SPINE, MCGUIRE & OKAL, | 7610 W N AVE. ELMWOOD PARK, IL 60707 |
| 45 | VAUGHT & CONNOR, 50 PENN PLACE, | OKLAHOMA CITY, OK 73118 |
| 46 | OKLAHOMA TAX COMMISSION, 440 SOUTH HOUSTON #501-B, TULSA, OK 74127 | |
| 47 | ASSISTANT U.S. TRUSTEE, 224 S BOULDER, SUITE 226, TULSA, OK 74103 | |
| 48 | OKLA. EMPL. SEC. COMM., PO BOX 53039, OKLAHOMA CITY, OK 73152-3039 | |
| 49 | INTERNAL REVENUE SERVICE, SPECIAL PROCEDURES STAFF, 55 N ROBINSON, STOP 5024, OKLAHOMA CITY, OK 73102-9226 | |
| 50 | CHIEF OFC OF SPEC LITIGATION, US DEPT OF JUSTICE-TAX DIV, PO BOX 7238, WASHINGTON, DC 20044 | |
| 51 | +U.S. ATTORNEY, N DISTR OK, 3460 U.S. COURTHOUSE, 333 W 4TH ST, TULSA, OK 74103-3839 | |
| 52 | +US SEC & EXCHANGE COMM., NW ATRIUM CENTER, 500 W MADISON ST #1400, CHICAGO, IL 60661-4554 | |
| 53 | BANK ONE, N.A., ATTN: JAMES E. WEGER/JON M. PAYNE, 15 EAST 5TH STREET, SUITE 3800, TULSA, OK 74103 | |
| 54 | MARY ROMA JAGE, ATTN: WILLIAM C. KELLOUGH, 500 ONEOK PLAZA, 100 WEST FIFTH STREET, TULSA, OK 74103 | |
| 55 | +VAUGHT & CONNER, PLLC, ATTN: CHERYL A. VAUGHT, 50 PENN PLACE, SUITE 1300, OKLAHOMA CITY, OK 73118 | |
| 56 | +TRUST COMPANY OF OKLAHOMA, ATTN: KELLY KNOPP BALMAN, 320 SOUTH BOSTON, SUITE 500, TULSA, OK 74103-3725 | |
| 57 | RONALD J. SAFFA, ATTN: JAMES E. POE, ESQ., 111 WEST 5TH, SUITE 740, TULSA, OK 74103 | |
| 58 | JOHN WOOLMAN, ATTN: WILLIAM R. GRIMM, ESQ., 610 SOUTH MAIN, SUITE 300, TULSA, OK 74119 | |
| 59 | WOOLMAN PROPERTIES, INC., ATTN: WILLIAM R. GRIMM, ESQ., 610 SOUTH MAIN, SUITE 300, TULSA, OK 74119 | |
| 60 | WAKEFIELD DEVELOPMENT, ATTN: WILLIAM R. GRIMM, ESQ., 610 SOUTH MAIN, SUITE 300, TULSA, OK 74119 | |
| 61 | POE & ASSOCIATES, C/O STEVEN W. SOULE/BONNIE N HEFNER, HALL, ESTILL, HARDWICK, GABLE, ETAL, 320 SOUTH BOSTON AVENUE SUITE 400, TULSA, OK 74103 | |
| 62 | POE & ASSOCIATES, C/O KENNETH E. CRUMP, CRUMP & PAGE, LLP, 1437 SOUTH BOULDER AVENUE SUITE 670, TULSA, OK 74119 | |
| 63 | NCOP II, INC., C/O NCO FINANCIAL SYSTEMS, INC., P O BOX 7400, PHILADELPHIA, PA 19101-7400 | |

The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

District/off: 1085-4          User: BGS              Page 2 of 2              Date Rcvd: Jun 06, 2002
Case: 02-00073-M             Form ID: B9A            Total Served: 65

\*\*\*\*\* BYPASSED RECIPIENTS (continued) \*\*\*\*\*

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Jun 08, 2002                          Signature:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:                                              ) CASE NO. 02-00073-M
                                                    ) Chapter 7
STEPHEN PAUL WALLACE                                )
dba Wallace Real Estate Company                     )
dba River Oaks Associates                           )            **FILED**
dba Wallace Investments                             )
SS# 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                                     )          JUL 2 4 2002
                                                    )
Debtor's mailing address:                           )    MICHAEL L. WILLIAMS, CLERK
6528 E. 101st, D-1 #304                             )      U.S. BANKRUPTCY COURT
Tulsa, OK  74133                                    )   NORTHERN DISTRICT OF OKLAHOMA
                                                    )
                    Debtor.                         )

### ORDER AUTHORIZING TRUSTEE TO EMPLOY ATTORNEY

THIS MATTER having come on for consideration before me this
24th day of July, 2002, on the application of Patrick J.
Malloy III, Trustee, and it appearing to the Court that said
Trustee should be authorized to retain counsel to represent the
estate in all matters pertaining to the administration of said
estate; that Malloy & Malloy, Inc., is well qualified in bankruptcy
proceedings, does not hold or represent an interest adverse to the
estate, and does not represent a creditor in the estate, is a
disinterested party and an Order should issue authorizing said
Trustee to employ it for said purposes.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that said
Trustee is hereby authorized to employ the professional services of
Malloy & Malloy, Inc. to act as attorney for the estate.

DATED this 24th day of July, 2002.

UNITED STATES BANKRUPTCY JUDGE

JUL 2 5 2002

DOCKETED
Clerk, U.S. Bankruptcy Court
Northern District of Oklahoma

289

Submitted by:
Patrick J. Malloy III
MALLOY & MALLOY, INC.
1924 South Utica, Suite 810
Tulsa, Oklahoma  74104
Telephone:  (918) 747-3491
Fax Number: (918) 743-6013
ATTORNEYS FOR TRUSTEE

# Exhibit 2

454

**FILED**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEC 31 2002

MICHAEL L. WILLIAMS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHO

IN RE:

STEPHEN PAUL WALLACE, d/b/a
Wallace Real Estate Company, d/b/a River
Oaks Associates, d/b/a Wallace
Investments,

           **Debtor.**

Case No. 02-00073-M
Chapter 7

## ORDER IMPOSING FILING RESTRICTIONS

THIS MATTER comes before the Court for consideration of the Motion for Imposition of Filing Restrictions Pursuant to [Bankruptcy] Rule 9001 and [11 U.S.C. §] 105 (the "Motion"), as supplemented, filed by Patrick J. Malloy III, Trustee herein. On December 6, 2002, this Court entered its Memorandum Opinion granting the Motion in part, outlining certain filing restrictions against Stephen Paul Wallace, Debtor herein, and providing Debtor until December 23, 2002, to file a pleading objecting to the proposed restrictions. The Court has reviewed the file and determined that the Memorandum Opinion was properly served upon the Debtor, and that no objections to the proposed restrictions have been filed. The Court will therefore enter its order enforcing the filing restrictions, effective January 3, 2003.

IT IS THEREFORE ORDERED that the Motion for Imposition of Filing Restrictions Pursuant to [Bankruptcy] Rule 9001 and [11 U.S.C. §] 105, as supplemented, filed by Patrick J. Malloy III, Trustee herein be, and the same hereby is, granted in part.

IT IS FURTHER ORDERED that, effective January 3, 2003, any pleading filed by Mr. Wallace on a *pro se* basis must contain a statement by Mr. Wallace under penalty of perjury pursuant to 28 U.S.C.A. § 1947 (West 2002), in proper form, which includes the following information:



12-31-02

474

i.      The legal basis for the pleading;

ii.     The specific factual basis for the pleading;

iii.    A statement that the issues raised in the proposed pleading have never been
        finally disposed of by any Federal or State court and are not to the best of Mr.
        Wallace's knowledge, barred by the doctrines of *res judicata* or collateral
        estoppel;

iv.     Whether Mr. Wallace was aided in any way, shape or form by any individual
        in the preparation of the pleading, including but not limited to drafting, legal
        research, word processing or other forms of assistance.  If such assistance has
        been provided, Mr. Wallace shall disclose:

        (1)     The identity of the person providing the assistance;

        (2)     The nature of assistance provided; and

        (3)     The compensation paid by Mr. Wallace or by any other person on
                behalf of Mr. Wallace for such assistance.

v.      A statement that the legal or factual arguments raised by the proposed
        pleading are not frivolous or made in bad faith; that to the best of Mr.
        Wallace's knowledge, they are warranted by existing case law; that the intent
        of the proposed pleading is not improper and is not intended to delay or cause
        a needless increase in costs or to avoid the orders of this Court; and

vi      A statement that Mr. Wallace will comply with the Rules of Bankruptcy
        Procedure and the local rules of this Court.

IT IS FURTHER ORDERED that all documents filed by Mr. Wallace on a *pro se* basis shall

2

be forwarded to the Court. The Court shall make a determination whether Mr. Wallace has complied with this order and whether the pleading has sufficient merit on its face to justify further consideration by the Court and the parties. If the Court does not permit the pleading to go forward, the Court shall enter an order striking the pleading and stating the reasons for its decision. The Court may also, in its discretion, issue an order to Mr. Wallace pursuant to Bankruptcy Rule 9011(c)(1)(B) to show cause why sanctions should not be entered against him for violation of Bankruptcy Rule 9011(b). If the Court determines that the pleading has been filed in accordance with the terms set forth herein, the matter shall proceed in accordance with Rules of Bankruptcy Procedure and the local rules of this Court.

Dated this 31st day of December, 2002.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

cc:    Stephen Paul Wallace
       Patrick J. Malloy III
       Paul Thomas
       James Weger
       Steven W. Soulé
       William R. Grimm
       James C. Milton
       James Poe

3346.1

3