## UNITED STATE DISTRICT COURT
## DISTRICT OF COLUMBIA

In re: Lorice T. Wallace Revocable Trust, et al,    )
                                                  )

        vs.    )    **Case No. 1:06cv1817RBW**
Stephen P. Wallace, et al,    )
                Respondents,    )
                                                  )

        vs.    )
James C. Milton, et al,    )    **RECEIVED**
              Defendants on cross-claim,    )
and    )    **FEB - 8 2007**
Brad Henry; W.A. Drew Edmondson; Kenneth L.    )
Buettner; David Peterson; Ronald Shaffer; Reece    )    NANCY MAYER WHITTINGTON, CLERK
Morrell; Edward Kallay; Kallay Group;    )    U.S. DISTRICT COURT
C.D.S.G.I., LLC; Adam Adwon, G. Reuban    )
Davis; William Grimm; Kenneth Crump; John    )
Wooman; the Paul Mindeman Estate and    )
Patrick Malloy III, and David Fist,    )
              Additional Defendants.    )

**MOTION FOR STAY OF CASE, APPOINTMENT OF RECEIVER AND MOTION FOR**

**ORDER COMPELLING DEFENDANT. SAFFA, TRUST COMPANY OF OKLAHOMA**

**AND PATRICK MALLOY III TO SUBMIT TO FORENSIC AUDIT FOR CRIMINAL**

**CONVERSION OF PLAINTIFFS TRUST ASSETS SUPPORTED BY AFFIDAVITS**

**NEVER DISPUTED INCLUDING THOSE OF THE U.S. TREASURY**

1)      Comes now Respondent, Stephen P. Wallace, and enters uncontested Affidavits, in chronological order, affirming criminal conversion of Respondents irrevocable trust assets by Defendants acting in collusion in violation of 18 USC 241 & 18 USC 3. (See attached Affidavits of Criminal Fraud, Collusion, Conversion and Perjury)

2)      On October 23, 2006, Tulsa County Case No. PT-2002-56 was removed to the U.S. District Court for the District of Columbia in the instant action pursuant to 28 USC 1441(b).

1

Gregory Frizzell now has a Judgement against him in Respondents favor in related District of Columbia Case No. 06cv402 filed October 10, 2006. (Enclosed) Frizzell continues to be in Direct Contempt of this Court's jurisdiction over Case PT-2002-56 with a Motion/Application with Affidavit for Contempt pending in the instant case, to allegedly "<u>continue to loot</u>" the Respondents' trust assets in Frizzell's January 5, 2007 ORDER. (Enclosed)

3)   The Court has the Affidavit of "officer of the Court," Joan Godlove, Respondents former counsel, who has been threatened by Defendants not to enter her appearance in the instant case for Respondent's sister, Roma Jage, but instead extorted to filed an Appeal in the Oklahoma Supreme Court where Defendant Justice Watt and the "Sooner Klan" can collude, **<u>under color of law</u>** and **<u>under color of authority</u>**, to intentionally circumvent this Court's jurisdiction in "<u>direct contempt</u>".

(See Enclosed Appeal pg 1)

4)   The interest of justice and judicial economy will be served given the criminal Affidavits which Defendants have never denied, contested nor entered counter-Affidavits thus the Court should accept the criminal acts as confessed as TRUE.

5)   The Court may select its own Receiver and allow Dana Cole & Co., to proceed without objection by interim co-trustee Ronald J. Saffa on August 16, 2005. (Enclosed) Wherefore, the Court having judicial notice and actual knowledge of said undisputed Criminal acts by Defendants is moved in an abundance of caution, to grant Respondent's relief, **sua sponte**. The forensic audit will confirm all previous allegations in the related cases and relieve the Court of continued evasive pleadings deluging the Court which

Defendants have utilized Respondent's Trust Funds to retain huge law firms to evade their criminal actions upon the U.S. Treasury and Respondent.

Stephen P. Wallace
6528 E. 101st, D-1 #304
Tulsa, OK 74133
(918) 694-1870

## AFFIDAVIT

I swear/affirm the foregoing is true and correct to the best of my knowledge.

Stephen P. Wallace

State of Oklahoma    )
County of Tulsa      )

Stephen P. Wallace appeared before me this 7th day of February, 2007, and signed this document.

PAMELA MANER
Notary Public, State of Oklahoma
Tulsa County
Commission # 03013956
My Commission Expires Nov. 24, 2007

Notary Public

Certificate of Service

I certify that on the 8th day of February, 2007, I mailed a copy to:
All Defendant's counsel of record
Independent Justice Institute, LLC

Stephen P. Wallace

3

STATE OF OKLAHOMA    )
                                )  ss.
COUNTY OF TULSA      )

## AFFIDAVIT OF THE HONORABLE DAVID WINSLOW, DISTRICT JUDGE

On this date, David Winslow personally appeared before me, the undersigned Notary
Public and after being duly sworn, stated the following under oath:

1. My name is David Winslow. I am over the age of 21 years, of sound mind, and fully
competent to testify in the matters set forth herein. I have personal knowledge of the statements
contained herein, and they are true and correct.

2. I am an attorney licensed to practice law in Oklahoma and am presently a duly elected,
qualified and acting District Judge of the Fourteenth Judicial District in and for Tulsa County,
Oklahoma..

3. I was the assigned judge on May 9, 2000, in a case styled Petition of The Trust
Company of Oklahoma and Ronald J. Saffa, Trustees, for instructions and construction of Trust,
numbered PT-2000-21 in the District Court of Tulsa County, State of Oklahoma.

4. On May 9, 2000, I was presented with a document by James C. Milton, James E. Poe,
Lee I. Levinson and Terry Barker, all known to me to be attorneys licensed to practice in
Oklahoma.

5. This document was identified to me as an "agreed" order resolving several matters in
the above styled and numbered case and represented by all of said lawyers to truly and accurately

1


PLAINTIFF'S
EXHIBIT

state the agreement of all of the parties to the case.

6. I was not informed that Stephen P. Wallace did not agree to the entry of the order or that neither Stephen P. Wallace nor his counsel, Mr. Gene Dennison, were aware that the order was being presented to the court.

7. Had I known that the matter was not agreed as stated, I would not have entered the order until proper notice was given to Stephen P. Wallace and after an opportunity for Stephen P. Wallace to be heard regarding issues before the court.

8. Said order of May 9, 2000, was irregularly obtained and therefore should be set aside.

9. After entry of the order, on August 29, 2000, upon the request of Stephen P. Wallace through his counsel Joe Ashmore, I voluntarily disqualified from further participation in this case due to a previously undisclosed former business relationship with James E. Poe, an attorney in the case.

Dated this _20th_ day of _October_, 2000.

_David Winslow_, District Judge

Subscribed and sworn to before me, a notary public, this _20th_ day of October, 2000.

_Mary M Martin_

My Commission Expires:

_April 19 2004_

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re Petition of the Trust Company of Oklahoma and Ronald J. Saffa, Interim Trustees, for instructions and construction of Trust. | Case No. 01CV0880H(X) |
| | Case No. PT-2000-21 |
| | Judge Gregory Frizzell |
| Petition of Bank One, N.A. For instructions and construction of Trust, | Case No. PT-2000-44 |
| | Judge Gregory Frizzell |
| Bank of America, N.A. Plaintiffs, | Case No. CJ-2000-1900 |
| | (as consolidated and bifurcated) |
| v. | |
| Stephen Paul Wallace, et al., Defendants | |

STATE OF OKLAHOMA )
                   ) ss
COUNTY OF TULSA    )

## AFFIDAVIT OF DAVID R. PAYNE

I, David R. Payne, do solemnly attest to the following:

1.    I am a Certified Public Accountant (CPA), Certified Insolvency and Restructuring Advisor (CIRA), Certified Turnaround Manager (CTP) and an Accredited Senior Appraiser (ASA) retained to evaluate documents received from Stephen P. Wallace regarding assets, liabilities, income and expenditures of the Lorice T. Wallace Family Limited Partnership ("Partnership"), The Lorice T. Wallace Revocable Trust ("LTW Trust") and the Frank A. Wallace Revocable Trust ("FAW Trust") for calendar years 1990 to 2001 (collectively the "Trusts").

2.    Stephen Wallace appears to be both a limited partner of the Partnership and a beneficiary of the Trusts.



3.    According to Section 16(a) of the Partnership Agreement, books and records "shall be open to inspection and examination of all Partners or their duly authorized representatives". According to Article 10.01 of the Trust Agreements, the Trustee shall make a report in writing at least once each year. Each report shall include a statement "of such other acts of the Trustee as may be necessary to furnish each beneficiary with adequate information as to the condition of the Trust Estate". According to Article 10.02 of the Trust Agreements, the records of the Trustee "shall be open at all reasonable times to inspection of the Grantor and the beneficiaries".

4.    The LTW Trust contributed significant assets to the Partnership in exchange for limited partner interests in 1996. Since 1990, significant transactions affecting assets and generating income and cash proceeds have occurred. Additionally, significant changes in the limited partnership unit ownership and income sharing interests of the Partnership have occurred. Finally, significant expenditures including professional fees have been incurred. All of these transactions affect the net asset value and distribution capacity of the Partnership and the Trusts.

5.    The documents available to Stephen Wallace are insufficient to reasonably evaluate the nature, composition, disposition, completeness and appropriateness of the transactions entered into since 1990.

6.    An example of one transaction which requires further documentary support is the sale of property at 71st and Garnett. The property located at 71st and Garnett sold to Seayco for approximately $6.25 million. The sale was scheduled to be paid in three separate installments over a three-year period for the benefit of the Lorice T. Wallace Family Limited Partnership and the Frank A. Wallace Trust. The first installment in 1999 was designated for two accounts at Nations Bank for the benefit of the Frank A. Wallace Trust and the Lorice T. Wallace Trust. The first installment was wired (instead) to F&M Bank to an account titled in the name of Trust Company of Oklahoma, Trust Funds. The second installment appears to have been deposited into the Lorice T. Wallace Limited Partnership account and the Frank A. Wallace Trust account. The first half was then transferred to an unknown account and the second to a separate Frank A. Wallace account at Bank of America. Banking information for the third payment in April has not been provided. Based on the information provided and the documents not yet produced, we are unable to make a determination on the final disposition of the funds.

7.    I have prepared a listing of documents which should be maintained in the ordinary course of business, but for which Stephen Wallace does not have in his file or for which no documentation has been provided. The documentation which is necessary for a reasonable evaluation of transactions is set forth on Exhibit A.

Further Affiant Saith Not

David R. Payne
D. R. Payne & Associates, Inc.
119 North Robinson, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 272-0511
Facsimile: (405) 272-0501

Subscribed and sworn to before me this 7th day of December 2001.

NOTARY PUBLIC

MY COMMISSION EXPIRES:
8-1-2003

# AFFIDAVIT

STATE OF OKLAHOMA     )
                                  )ss.
OKLAHOMA COUNTY      )

RE: Stephen Paul Wallace case number 02-00073-M
        Motion of the United States Trustee to convert Chapter 11 Case To
        Chapter 7 and Notice and Opportunity for Hearing

The undersigned, being duly sworn states that:

On October 24, 2001, I was present in Judge TeSelle's courtroom to testify to matters pertaining to the legal residency of Stephen P. Wallace. My testimony took place in the morning and I was also present for the afternoon session. After hearing final testimony, Judge TeSelle recessed. After a brief recess, Judge TeSelle granted the "super-priority" loan that petitioners had requested.

The judge stated, "Mr. Freeman, I'm going to give you the good news first", as he granted the loan. Immediately thereafter, the judge delivered the "bad news" when he ruled against Stephen P. Wallace on the two other issues before the court.

To the best of my recollection, virtually all matters relating to Mr. Wallace's financial condition and monthly financial requirements were addressed only in the morning session. As far as Mr. Wallace's assertion that the transcripts have been altered in this regard, I would unequivocally concur.


Dated: February 18, 2002               *Frederic William Mercer*
                                            Frederic William Mercer

Subscribed and sworn before me on this ___18th___ day of February, 2002.

                                     NOTARY PUBLIC

      Commission Exires:
          4-12-04



05/17/2002  13:14    9187488077                    MELINDA J MARTIN PC                    PAGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

02 MAY 15  AM 10: 09

MICHAEL L. WILLIAMS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLA

IN RE:                                   )
                                         )
STEPHEN PAUL WALLACE,                    )
dba Wallace Real Estate Company,         )        Case No. 02-00073-M
dba River Oaks Associates,               )
dba Wallace Investments                  )
                                         )
                    Debtor.              )

---

## COMBINED EMERGENCY MOTION TO COMPEL PRODUCTION

Stephan Paul Wallace, ("Debtor"), respectfully requests an order of this Court compelling the Trust Company of Oklahoma ("TCO"), Ronald Saffa ("Saffa") and BankOne (collectively the "Trustees") to produce documents requested by Subpoena served upon the Trustees by Debtor Copies of the subpoenas are attached hereto as Exhibits "A - C"). In support of this motion, Debtor would show the Court as follows:

1.    Background. Debtor has attempted unsuccessfully numerous courts to obtain an accounting of his family's assets. A portion of these assets will be available to the Debtor in the future. Debtor believes he will ultimately inherit an estate worth millions yet he is currently penniless. In recent years, the Debtor has lived on the commissions and management fees earned from property transactions through the family real estate company (Wallace Real Estate Company) where he was a general partner owning 48% of the business. This partnership continued through his father's death in 1990 until Saffa completed his usurpation of control of the family assets in on November 3, 1999. Since that time the Trustees have refused to allow Debtor to have any participation in the sale or management of the family assets depriving of income. Debtor has survived on distributions from the Lorice T. Wallace Family Limited Partnership ("LTWFLP") a vehicle created by Saffa which placed him in control of the Wallace family assets for 50 years However, Saffa and the Trust Company of Oklahoma ("TCO") as Co-Trustees of the Lorice T. Wallace Irrevocable Trust ("LTWIT") which is General Partner of the

**EXHIBIT**

**V**

LTWFLP, have refused to pay Debtor commissions for securing the sale of property, have refused to indemnify and reimburse Debtor for attorneys fees incurred in actions filed by Trustees against the beneficiaries [1] and have ceased making distributions to the Debtor as limited partner (See, Motion for Instructions filed in this Court). As a result, the Debtor receives "phantom income" from the LTWFLP and no money from which to pay the taxes, no money to live on and no money to pay the costs of administration of the Estate. Debtor cannot receive an accounting of the assets in the Trusts or in the LTWFLP and the Trustees refuse to deliver complete records from which the Debtor could conduct his own review.

2.    On October 10, 2002, Debtor filed a request for a BR 2004 examination of the Trustees. No ruling was made on the Application. Debtor re-urged the application on March 15, 2002 which was denied when the Court elected to treat this matter as contested invoking the discovery rules applicable to adversary proceedings. Pursuant to that order, Debtor served each of the Trustees with a subpoena for the production of documents. The Trustees each objected to the production. Debtor seeks an order of this Court to compel production.

3.    The Trustees have raised several similar objections to which Debtor responds. Generally the Trustee's objections question the relevance of the request to the pending motions, confidentiality or attorney client privilege and that the requests are overly broad or burdensome. Debtor will address these separately.

4.    **Relevance:** On advice of Counsel, Michael Freeman, Debtor filed this bankruptcy on September 13, 2001, with two purposes, to stay the state court litigation pending an

---

[1] as provided in the Amendment Number One to the Restatement of the Lorice T. Wallace Revocable Trust Dated December 26, 1074 Effective Date of Restatement October 5, 1993 uid February 12, 1998 attached hereto as Exhibit "D"

05/17/2002  13:14    9187488877                          MELINDA J MARTIN PC

accounting by the Trustees and to obtain an accounting of Debtor's assets. [2] When the Western District transferred the case without staying the state court proceedings and without ruling on his request for BR2004 examinations and following the withdrawal of Debtor's counsel, Debtor, on January 29, 2002, sought to dismiss this case with out prejudice to proceed to address his issues and creditors in state court. At about the same time, the Assistant United States Trustee filed a motion to convert based upon reporting deficiencies. [3] These motions are pending. However, at the initial hearing on the Motion to Dismiss, Debtor offered evidence of a plan of reorganization the development of a golf course which Debtor suggested he would like to pursue if given the opportunity. Accordingly, this Court has before it the task of determining whether it is in the best interests of the Debtor *and* his creditors to (1) dismiss this proceeding and allow the matters to continue in the state courts; (2) to convert this case and allow the Debtor to discharge his debts; or (3) to permit the case to continue, if Debtor desires, to formulate a plan.

a.   The parties agree on one issue and that is that the Debtor has virtually no non-exempt assets. Debtor's Limited Partner interest in the LTWFLP is held in an irrevocable spend thrift trust. The assets are available to the Debtor *ONLY* if he chooses to make them available. How can the Debtor possibly determine whether he wants to contribute exempt assets to a plan if he cannot determine what they are? The information requested is vital to this determination.

---

[2]   Debtor understands that the Trustee's object to Debtor's reference to "his" assets. However, ultimately Debtor's assets are held by the Trustees. Debtor is the sole beneficiary of an irrevocable trust which holds an undisputed interest in the LTWFLP. The transactions affecting the LTWFLP therefore affect the value of assets which Debtor may ultimately have available to him for payment of his debts notwithstanding that such assets are not reachable by his creditors upon execution.

[3]   Counsel for Debtor has placed calls to the bankruptcy analyst requesting to be contacted if the reports were not as required. No return call has been received. Accordingly, the Debtor and Counsel believe all reports to be current. Apparently the reports were timely filed but not transferred with the case.

b.   Additionally, discovery of this information is necessary to the administration of this Estate. The distributions from the LTWFLP are the only assets available to the Debtor to pay his living expenses, to pay his taxes, to pay the costs of administering this Estate. By withholding those distributions, the Trustees are creating a bankruptcy within a bankruptcy.

c.   In *In re Muskogee Environmental Conservation Company, Inc*, 221 B. R. 526 (Bankr. N.D. Okla. 1998) "This Court takes a broad reading of the term "relevant" as it applies to pre-trial discovery. "Relevance is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Biliske v. American Live Stock Insurance Co.*, 73 F.R.D. 124, 125 (W.D.Okla.1977). The Debtor acknowledges that although broad, what is relevant is not without its limits. However, here what is being sought directly affects the options available to the Debtor regarding his debts and the administration of this Estate.

5.   **Privilege.** - Saffa claims the information may contain priviledged or confidential information. Rule 45 (d)(2) requires that "When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." No discription of the information withheld is made, no citation of the legal basis for the privilege is given. Trustee's have shown nothing to indicate that either the attorney- client privilege or the work product doctrine applies to any of the requested documents. Identification of these privileges, as required by Rule 26(b)(5), would have been appropriate, not premature. The party claiming privilege and work product must substantiate such claims. Defendants here have not done so.

05/17/2002  13:14    9187488077                MELINDA J MARTIN PC                    PAGE  17

6.     **Confidentiality.** The Trustee's each assert confidentiality as a defense to production. However confidentiality does not prevent discovery. The proper response is to request a protective order to prevent public disclosure of the family assets. Confidentiality does not protect the Trustees from a review of their conduct in managing the assets should the facts warrant.

7.     **Overly Broad, Burdensome and Expensive.** The Trustee's last objection addresses the scope of the requests. Counsel for the Debtor attempted to carefully narrow the requests to those documents necessary to permit D. R. Payne and Associates ("DRPA") (application for employment pending) to continue their review of the assets which Debtor. Debtor believes his prior counsel drafted the exhibit to the original BR2004 (October 10, 2001 ) with assistance of DRPA following their preliminary review of the documents produced by Trustees. As noted by prior counsel in his pleading filed October 15, 2001, DRPA "reviewed [the documents produced by the Trustees] prior to bankruptcy to determine the Debtor's true financial interest in the family holding and their initial report was that "there are critical pages missing in the document' the documents do not cover all time periods necessary" and there appeared to be numerous irregularities requiring additional discovery. See Pages 1-3 of the October 15, 2001 pleading attached hereto as Exhibit "E". Current counsel for Debtor contacted DRPA prior to serving the subpoenas requested and that they modify the list to delete items produced by the Trustees. The Exhibit "A" attached to each subpoena reflects the revisions. In addition, Counsel for the Debtor offered to review the documents at the offices of the Trustees or Counsel for convenience and to mark the items required to reduce copying expenses. The offer was declined. Additionally, the Trustee's reference the time frame covered by the request. Debtor's interests can only be fully evaluated by examining the assets as they existed from the date of his father's death in 1990. Although the Trustee's may have served in that official capacity since the various times of their appointments, the Trust or LTWFLP record which they control may include information which pre-dates their respective appointments. That information, to the extent it exists and is within their control or

custody must be produced..

8.    **EMERGENCY.** This matter is set for hearing on May 29, 2002. This Court gave the

Debtor a short 45 days to conduct discovery which the Trustees have refused to provide.

Debtor submits that this delaying tactic is a calculated and concerted effort to force the

Debtor to proceed to trial without evidence as to his good faith or his ability to contribute

voluntarily to a plan.

WHEREFORE, Debtor pray this Court set this Motion to compel for immediate hearing,

and upon hearing to enter its order compelling the Trustees to produce the documents requested, for entry

of an order awarding Debtor his fees in being compelled to resort to Court for aide in discovery, and

continuing the hearing on the pending Motion to Dismiss and Motion to Convert to a date no sooner than

30 days following production of all documents requested, and for such other and further relief to which

Debtor may be entitled.

Respectfully submitted,

MELINDA J MARTIN P.C.

By: _____

Melinda J. Martin  OBA #5737
6440 S. Lewis Ave., STE 2500
Tulsa, Oklahoma 74136
(918) 748-8000
(918) 748-8077 fax

**MORREL, WEST, SAFFA, CRAIGE & HICKS, INC.**
**LAWYERS**
3501 SOUTH YALE AVENUE
TULSA, OK 74135-8014
(918) 664-0800

REECE B. MORREL
BARRY D. WEST
RONALD J. SAFFA
MARK A. CRAIGE
JAMES R. HICKS
REECE B. MORREL, JR

OF COUNSEL
PAUL R. HODGSON
MAC D. FINLAYSON

FACSIMILE
(918) 663-1383

REFER TO OUR FILE
NO.

August 16, 2005

Ms. Mary Roma Jage
1153 Overton Court
Naperville, IL 60540

    Re:    Case No. PT 2002-56
            Lorice T. Wallace Trust and Family Limited Partnership

Dear Mary Roma:

    In regard to your letter of August 4, 2005, the Trustees submit the following observations:

    First, the Trust administration is indeed ongoing at the present time. There has not yet been a finalized determination of net distributable amounts. Expenses continue to be incurred for reasons well known to everyone, quite beyond the control of the Trustees. Allocations of expenses have not been fully determined, and the question of whether forfeiture provisions provided within the Trust documents have been triggered will require court resolution.

    Although you reiterate your objection to the sale of real estate, there is, in this set of circumstances, no feasible way to distribute real estate titled in any of the Trusts except by converting the value into cash.

    Regarding your comment about an audit to be funded by yourself, the Trustees have no objection whatever. In the past, the subject of audit has always presumed to require payment from the Trust, which neither the documents nor the Trust statutes require. You, of course, have received all the Trust Company quarterly statements from the time of your appointment as limited guardian for your mother, so your auditors should be fully able to verify essentially everything from those statements. We assume you are not contemplating trustees resupplying to your auditors the financial documents you have already received.

    Further specific enquiries, if any, could then be directed to Trust Company of Oklahoma, or me. Additionally, your auditors can also contact Gary Barnes, CPA who did an audit for Pat Malloy, the



Ms. Mary Roma Jage
August 16, 2005
Page No. 2

bankruptcy trustee appointed for your brother, or David Payne, CPA who did an audit for your brother
after we supplied approximately 5,000 pages of documents.

The Trustees appreciate your reminder of the "spendthrift" provision within revocable trusts as it
pertains to the garnishment summons recently received. Be assured the Trustees will endeavor to follow
all legal requirements in responding, both procedural and substantive.

As to the estate tax return, you will recall the previous occasion when that request, or the one made
by Stephen, was before the Court and disallowed. Nevertheless, the Trustees have no objection to making
that document available for review by your auditors, subject to appropriate confidential provisions, in the
event they deem it necessary or appropriate.

Certainly it is the intent of the Trustees to fulfill their duties to you and other trust beneficiaries in
accordance with the documents, applicable statutes, and court directives. Partial distributions, as you know,
are being made at this time. The Trustees do not control the circumstances which prolong the administration
process.

                                        Very truly yours,

                                        For the Trustees.

                                        Morrel, West, Saffa, Craige & Hicks, Inc.

                                        Ronald J. Saffa

RJS:bjb

xc:     Tom Wilkins
        Jim Poe
        Jim Milton

\Wallace\134 Jage L01

### Real Estate Sale Approval Hearing of 8-26-05

I, A. Ladd Larson, certify that I am of age & competent to testify & that based on my notes & observations the following is a true & correct account of what I observed on August 26, 2005. I do this under penalty of law.

The case was regarding court approval of a sale of piece of property that had been represented to be in the Lorice T. Wallace Family Ltd. Partnership. The Trustees who act as Managing Partner for the Partnership requested the court approval of this sale.

At one point in the hearing it was brought up that Bank One must own some part of this property & that they weren't present & hadn't even been notified of the hearing. Since there seemed to be some question as to the ownership of this property Mr. Wallace & I went down stairs to the County Clerk's office & got a copy of the ownership of the property in question, during a short recess. It showed the property to be in the names of Frank & Lorice Wallace individually, not in trust & for certain not in the Family Ltd. Partnership.

When we got back to the courtroom Mr. Wallace gave the document to the court reporter to be entered into the record. He labeled it Wallace #1. This document created quite a stir in the courtroom. Moments earlier Mr. Melton seemed to be in a hurry to get somewhere else, but when he returned from the Judge's chambers he addressed Mr. Poe with the statement "I think we're in trouble".

Towards the end of the hearing Mr. Wallace asked to be sure the ownership document had actually been entered into the record. At that time Judge Frizzell informed Mr. Wallace that the title document was not in evidence because of some technicality & when Mr. Wallace requested again that it be entered & that I was a witness to how the document had been secured. Mr. Poe objected & Judge Frizzell sustained the objection. The Judge wanted to keep the ownership document, probably because it had been labeled by the court reporter, Wallace #1. Since it wasn't being allowed in the record Mr. Wallace took it back.



EXHIBIT
1

At that time the Judge approved the sale knowing full well that the parties asking for the approval of the sale didn't own any part of the property offered for sale.

KIMBERLY P. DEARDORFF
Notary Public
State of Oklahoma
Commission # 01009980 Expires 7/16/09

Kimberly P. Deardorff
Notary Public

18, October, 2005

To whom it may concern,

I hereby certify, under penalty of law, that the following is a true and correct account of what I observed in Judge Frizzell's court on 26, August, 2005.

The case pending before the court was a request to approve the sale of certain property that was represented to be in the Lorice T. Wallace Family Limited Partnership. The Trustees for the Partnership had requested the court approval.

During a brief recess, Steve Wallace an heir went to the Tulsa County Assessor's office to see who was in title to the subject property. The records showed the title to the property was held individually by Mr. Wallace's parents and was clearly not under control of the Partnership. Mr. Wallace asked that this document, the ink still wet, be entered into the court record. Judge Frizzell denied the request under some technicality that the evidence had been offered improperly. Mr. Wallace requested again properly that it be entered. Mr. Poe objected and Judge Frizzell sustained the objection. Even after this document had been seen by the Judge, whether entered into evidence or not, he went on and approved the sale.

I have been in mortgage banking for my entire adult life. I was astounded that the Judge went ahead with the approval of the sale when it was clear that the trustees had no right to offer the property for sale. This was the most blatant example of judicial prejudice I have ever witnessed in my life.


_Donald W Broome_
Donald W. Broome



State of Oklahoma
Oklahoma County

This document was acknowledged before me this 18th Day of October, 2005

_signature_
Notary Public

WENDY WILLIAMS
Notary Public
State of Oklahoma
Commission # 00019395 Expires 12/02/08

EXHIBIT
2



# TULSA COUNTY SHERIFF'S OFFICE

500 South Denver
Tulsa, Oklahoma 74103-3832
www.tcso.org

**Stanley Glanz**
Sheriff

**Brian Edwards**
Undersheriff

November 7, 2005

Deputy Inspector Dennis Francini
Oklahoma State Bureau of Investigation
125 W. 15th, Suite 100
Tulsa, OK 74119

Dear Inspector Francini:

We are forwarding to the Oklahoma State Bureau of Investigation (OSBI) documents, paperwork and related written material that has been submitted by Stephen P. Wallace to our office.

Mr. Wallace has been engaged in a civil dispute through the courts for the last three years. He now believes that the courts and Judge Frizzell have acted in a criminal manner. Sheriff Glanz is aware of the on going concerns of Mr. Wallace and is requesting the OSBI to review this matter.

I have additional information which I would like to share with you in regards to this case. Please contact me so that we may discuss Mr. Wallace's concerns.

Respectfully,

Stanley Glanz, Sheriff
By Chief George Haralson, Chief Deputy

/ck



**EXHIBIT**
**6**

3.596.5601          'Total Commitment Serving Others'          Fax 918.596.5697

JAMES M. INHOFE
OKLAHOMA

WASHINGTON OFFICE
453 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510–3603
(202) 224-4721

TULSA OFFICE
1924 SOUTH UTICA, SUITE 530
TULSA, OK 74104
(918) 748-5111

OKLAHOMA CITY OFFICE
1900 N.W. EXPRESSWAY, SUITE 1210
OKLAHOMA CITY, OK 73118
(405) 608-4381

COMMITTEES:
ARMED SERVICES

ENVIRONMENT AND
PUBLIC WORKS

# United States Senate

WASHINGTON, DC 20510–3603

January 4, 2006

Mr. Stephen P. Wallace
6528 East 101st #D-1 304
Tulsa, Oklahoma 74133

Dear Mr. Wallace:

Thank you for contacting my office concerning District Judge Gregory Frizzell.

I have forwarded your concerns to the United States Department of Justice. As soon as I receive a response to my inquiry, I will contact you.

I appreciate the opportunity to be of assistance. If you have any questions, please do not hesitate to contact my assistant, Chris Stover, in my Oklahoma City office at 405-608-4381.

Sincerely,

James M. Inhofe
United States Senator

JMI:cs





**AL LINDLEY**
State Representative
District 93

CAPITOL:
2300 N. Lincoln Blvd.
State Capitol Building
Room 328A
Oklahoma City, OK  73105-4885
(405) 557-7371

HOME:
2529 S.W. 55th Street
Oklahoma City, OK  73119
(405) 681-8352

**House of Representatives**

STATE OF OKLAHOMA
DISTRICT 93

July 24, 2006

COMMITTEES:

MEMBER:

Revenue and Taxation
Rules

Health & Human Services
Ranking Democrat

Speaker Todd Hiett
House of Representatives
2300 N. Lincoln
Oklahoma City, OK  73105

Dear Speaker Hiett:

Recently I received a copy of a Petition of Judicial Impeachment from Stephen P. Wallace representing Lisa F. Wallace.  The petition calls for Articles of Impeachment  upon Oklahoma Supreme Court Chief Justice Joseph Watt, Tulsa County Presiding District Judge Gregory Frizzell and Tulsa County District Judge Ronald Shaffer.

The petition contains very serious allegations that should be examined by as Special House Committee appointed by your office and under the direction of the Oklahoma State Constitution. It is my opinion that naming a Special House Committee to examine the alleged charges is the most appropriate avenue to resolve the matter.

I look forward to your timely reply.

Sincerely,

Al Lindley
State Representative
District 93

AL/lj



# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

STEPHEN P. WALLACE

_____
Plaintiff(s)

v

Civil Action No  06-402 RBW
_____

RONALD J. SAFFA, et al.,
_____
Defendant(s)

RE:  GREGORY FRIZZELL
     JOSEPH WATT

### DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint    on        9/7/06       , and an affidavit on behalf of the plaintiff having been filed, it is this 10TH day of  OCTOBER  , 2006 declared that defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By: _____
/S/ Tawana Davis
Deputy Clerk


EXHIBIT
A

DISTRICT COURT
**F I L E D**

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

JAN - 5 2007

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

2007 JAN -5  PM 2: 23

### ORDER

On this __5th__ day of _____ . , 2006, the following matters in the designated case on for decision, pursuant to the rules of the District Court for Tulsa County. The Clerk of the Court is directed to notify counsel of record of the indicated decision by mailing a copy of this Order to them and to file a copy of this order in this case.

GREGORY K. FRIZZELL, DISTRICT JUDGE

PT-2002-56

**IN RE: LORICE T WALLACE REVOCABLE TRUST**

**CASE COMES ON FOR HEARING ON THE 42ND INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS. JAMES POE APPEARS FOR CO-TRUSTEE RONALD SAFFA, WHO ALSO APPEARS PERSONALLY; ELIZABETH CARROLL APPEARS FOR CO-TRUSTEE TRUST COMPANY OF OKLAHOMA. THE APPLICATION IS GRANTED FOR THE REASONS SET FORTH ON THE RECORD.**

NOTICE TO:

**JAMES C. MILTON, ELIZABETH CARROLL, 320 S BOSTON AVE, STE 500, TULSA, OK 74103-3725;**
**JAMES E. POE, 111 WEST 5TH, STE 740, TULSA, OK 74103;**
**PATRICIA WALLACE HASTINGS, 2934 E 73RD PL, TULSA, OK 74136;**
**MARY ROMA WALLACE JAGE, 1153 OVERTON CT, NAPERVILLE, IL 60540;**
**STEPHEN P. WALLACE, 6528 E 101ST ST, D-1 #304, TULSA, OK 74133;**
**JOAN GODLOVE, 2121 S COLUMBIA, STE 500, TULSA, OK 74119-3519;**

## AFFIDAVIT OF MAILING

I, Sally Howe Smith, Court Clerk of Tulsa County, hereby certify that on the __5th__ day of __January__, 2007 a true and correct copy of the foregoing Order was mailed to each of the attorneys listed above and a true and correct copy of the foregoing order was filed in each of the above foregoing cases.

SALLY HOWE SMITH, Court Clerk

Deputy

**Presented by the Federal Election Commission**

TRY A: <u>NEW SEARCH</u>    RETURN TO: <u>FEC HOME PAGE</u>

# WALLACE, STEPHEN PAUL    ID: S8OK00225

**Office Sought:** Senate
**Election Year:** 2008
**State:** Oklahoma
**Party:** REP (Republican Party)

**PRINCIPAL CAMPAIGN COMMITTEE:**
<u>TAXPAYERS FOR WALLACE</u>    **ID:** C00431320

**NOTE:**

Candidate listings may appear here as a result of draft committees or independent expenditure committees
registering with the FEC. If no official documents of an authorized committee appear below, the
individual identified here has taken no action to become a candidate.

Click the Display Image column to quickly view a report page by page.
Click the Display PDF column to receive and view/print entire reports in PDF format.

| Year 2007 | | | | |
|---|---|---|---|---|
| **Document Filed** | **Amended** | **Filed On** | **Pages** | **Display Image or PDF** |
| STATEMENT OF CANDIDACY | | 01/09/2007 | 3 | 27020010571    PDF |

TRY A: <u>NEW SEARCH</u>   <u>NEW ADVANCED SEARCH</u>
RETURN TO: <u>FEC HOME PAGE</u>



# ROLL CALL

THE NEWSPAPER OF CAPITOL HILL SINCE 1955

THURSDAY, JANUARY 18, 2007

$3.75

VOL. 52, NO. 65

## Oklahoma

## Businessman Plans to Challenge GOP Senator

A Tulsa businessman has filed papers to challenge Sen. James Inhofe (R) in the 2008 Republican primary.

The Tulsa World reported Wednesday that Stephen Wallace (R), who owns a company called the Independent Justice Institute, established a campaign committee with the Federal Election Commission. He is best known in Tulsa for challenging a legal settlement that the city reached in 2004 with poultry producers for contaminating the city's watershed.

Inhofe has not said whether he will seek a fourth term but is widely expected to run again.

In a related development, former Gov. Frank Keating (R) announced Tuesday that he would not be a candidate for president in 2008. But Keating, who is now the president and CEO of the American Council of Life Insurers in Washington, D.C., said he would consider running for the Senate if Inhofe retires.

"I would encourage Sen. Jim Inhofe to run," Keating told the World.

— J.K.

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA



| In re: the Lorice T. Wallace Revocable | ) | |
| Trust dated December 26, 1974, as restated | ) | |
| effective October 5, 1993 and as amended | ) | |
| on February 12, 1998, the Lorice T. | ) | Case No. PT-2002-56 |
| Wallace Irrevocable Trust dated February | ) | |
| 8, 1996, and the Lorice T. Wallace | ) | |
| Irrevocable Trust dated September 11, | ) | |
| 1992, also known as the Lorice T. Wallace | ) | Appeal No. 104036 |
| Life Insurance Trust. | ) | |
| | ) | |

## DESIGNATION OF RECORD FOR APPEAL FROM DISTRICT COURT

___ Designation of Record
_x_ Amended Counter-Designation of Record
___ Amended Designation of Record

Petitioners, the Trust Company of Oklahoma and Ronald J. Saffa file this Amended Counter-Designation of the Record to reflect the District Court's Order to Supplement the Record. The sole change reflected in this Amended Counter-Designation of the Record appears at "Designation of Pleadings and Documents," at numbers 68-72. Petitioners The Trust Company of Oklahoma and Ronald J. Saffa hereby designate the following for inclusion in the record on appeal in this case:

## A. TRANSCRIPTS

_X_          1.      Transcripts ordered.

(List of transcripts to be included in record, *e.g.,* "Transcript of hearing held June 6, 1994; Transcript of ruling on July 2, 1994; Transcript of Cross-Examination of John Doe at Jury Trial on June 6, 1994; Transcript of Trial on June 6-7, 1994.")

1. The Appellee respectfully joins the designation of the following transcripts, previously designated by the Appellant and previously ordered by the Appellant:
    Transcript of hearing held on October 24-25, 2006.

___X___ 2. I Elizabeth W. Carroll, attorney for appellee, as indicated below, hereby state that I have not ordered a transcript. The only transcripts designated above have

1

2808 N. Windsor Place
Oklahoma City, Ok  73127
Office 405-942-0062
Fax 405-942-0062
taxtime2808@yahoo.com

# Consult Tax Service, Inc.

February 1, 2007

## AFFIDAVIT

I, Jack T. Wellborn, a public accountant and tax preparer for 26 years, have examined the information furnished to me by the Trustee in Bankruptcy, Mr. Patrick J. Malloy III concerning the Stephen P. Wallace Bankruptcy Estate, EIN 75-6660560.

Copies of the tax returns for 2004 and 2005 filed by Mr. Malloy on behalf of the estate were furnished to us after I contacted Mr. Malloy on December 9, 2006. The returns were, thereafter, dated 12-10-2006 and 12-11-2006. I am not aware of any returns being filed for any prior years.  On January 18, 2007 we contacted Ms. Lopez (#1802363) with IRS to inquire about the status of any filings made for the estate. She stated that she could not find any filings being made to date under the EIN 75-6660560, a clear breach of fiduciary responsibility and duty.

Mr. Wallace and I examined the returns and we both have questions concerning their accuracy. The returns include estimated amounts, amounts with no documentation, and the sale of real property and of trust ownership with no documentation to support these sales. As a trust has no true ownership. I would question this sale.

At this time, Mr. Wallace nor I have been furnished any documentation concerning any filings for prior years by the trustee and we both have questions concerning the filings for 2004 and 2005 as presented to us.

Mr. Wallaces' 5.77% in the Lorice T. Wallace Family Limited Partnership has been held by his 1996 Irrevocable Spendthrift Trust not the Lorice T. Wallace Trust as shown on the 2004 tax return, schedule D.

The returns as made by the trustee, Mr. Malloy seem to have very little basis and I would question their validity.

Sincerely,

Jack Wellborn
IRS #7805-33263R

State of Oklahoma    )
                    ) SS.
County of Oklahoma )

I swear/affirm the foregoing affidavit is true and correct to the best of my knowledge.

Jack T. Wellborn

Jack T. Wellborn appeared before me this 2nd day of February, 2007 and personally signed this Affidavit.

Notary Public

My Commission Expires 05-31-2009
Commission #05005056

2808 N. Windsor Place
Oklahoma City, Ok  73127
Office 405-942-0062
Fax 405-942-0062
taxtime2808@yahoo.com

# Consult Tax Service, Inc.

February 1, 2007                                  Via: Priority Mail – Delivery confirmation

Department of the Treasury
Internal Revenue Service
PO Box 24015
Fresno, CA  93779-4015

Enclosed is a form 2848 signed by Mr. Stephen P Wallace, he has contacted me to bring his tax filings up to date.

He has received three letters from IRS concerning his 2004 tax return form 1040. I contacted the trustee in bankruptcy, Mr. Patrick J. Malloy III, Trustee on December 9, 2006 to request copies of tax returns filed in behalf of Mr. Wallace for 2004 and 2005. Mr. Wallace was under the impression that all of his tax filings were to be handled by the trustee.

I received both 2004 and 2005 tax returns filed under the EIN 75-6660560 some two weeks later. The returns were dated 12-10-06 and 12-11-06. Copies of these returns are included with this letter.

The returns I have compiled for Mr. Wallace have been done with a combination of information from IRS, Mr. Malloy and Mr. Wallace. There are discrepancies concerning the information turned in to the IRS and what was reported by the trustee in bankruptcy on the tax returns as filed.  Mr. Wallace states that he has never received any information, accounting or monies from the Trusts, the Family Partnership, nor his 1974 Irrevocable Trust whose assets he claims under penalty of perjury have disappeared through criminal conversion by the interim co-trustees and bankruptcy trustee, Patrick Malloy III.

I have to question the filing made by the trustee on schedule D for 2004 showing sale of trust ownership, as a trust has no owners. Mr. Wallace would like to request a complete forensic audit of the Wallace Family Estate by Dana Cole & Co., of Lincoln, Nebraska.

If you have any questions, please contact me at the above telephone number.

Sincerely,                                          Acknowledged:

Jack Wellborn                                       Stephen P Wallace        2/1/07
IRS #7805-33263R