# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHEN P. WALLACE | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 06-cv-01817 (RBW) |
| JAMES C. MILTON, et. al. | ) ) | |
| Defendants. | ) ) | |

## DEFENDANT DAVID FIST'S MOTION TO DISMISS

Defendant, David Fist ("Mr. Fist" or "Defendant Fist"), pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6), by his undersigned counsel, hereby moves this Court for an Order dismissing the above-referenced matter with prejudice.[1]  In support of his motion, Mr. Fist respectfully refers the Court to the attached Memorandum of Points and Authorities in Support of Defendant David Fist's Motion to Dismiss. Further, Mr. Fist moves this Court for an Order awarding him attorneys' fees for the preparation of the instant motion.  The grounds for this motion are as follows:

1.      The subject underlying the instant matter concerns the administration of the Lorice T. Wallace Revocable Trust ("LTW Revocable Trust"), dated December 26, 1974 as well as several other revocable and irrevocable trusts created thereafter ("the Trusts").  Stephen P. Wallace ("Wallace"), along with his siblings, are the apparent beneficiaries of the Trusts.

---

[1] Defendant Fist files this Motion for the purpose of challenging the lawsuit filed against him.  He does not consent or otherwise avail himself to the jurisdiction of this Court or waive any defense available to him related to this Court's lack of personal jurisdiction over him.

2.      Wallace's Complaint and Amended Complaint arise from a state court proceeding, Tulsa County Case No.: PT-2002-56,[2] which has been pending in the District Court of Tulsa County, Oklahoma since September 11, 2002.  The Tulsa matter was a Petition for Instructions filed by the successor co-trustees and concerns the administration and supervision of the of the LTW Revocable and LTW Irrevocable Trusts.  In Oklahoma, the administration of the Trusts is governed exclusively by state law.[3]

3.      On March 10, 2006, the Tulsa County District Court entered a Final Order resolving all issues concerning the administration of the Trusts.  The Final Order contained language enjoining Wallace from filing any further litigation against any of the trustees, officers and attorneys concerning the administration of the Trusts, unless in the form of an appeal of the final order.  There is no evidence that Wallace ever appealed the March 10, 2006 Final Order.

4.      Despite the Final Order prohibiting Wallace from pursuing any further litigation related to this matter, Wallace has now attempted to remove the case to federal court in the District of Columbia.  He claims jurisdiction is founded upon removal, pursuant to 28 U.S.C. § 1441(b).  According to Wallace, on or about October 10, 2006, two members of the Oklahoma State Judiciary, "openly confessed to the existence of a summary law system in Oklahoma established for the specific purpose of replacing the United States Constitution with a system of customs, policies, and privileges which excludes parties similarly situated to Stephen P. Wallace" and thereby violated his civil

---

[2] Case No. PT-2002-56 is captioned, *In re: the Lorice T. Wallace Revocable Trust* dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998*; the Lorice T. Wallace Irrevocable Trust* dated February 8, 1996 *and the Lorice T. Wallace Irrevocable Trust* dated September 11, 1992, also known as the Lisa Frances Wallace Discretionary Spendthrift Trust.

[3] Okla. Stat. tit. 60 § 175.23 provides, "The district court shall have original jurisdiction to construe the provisions of any trust instrument ... and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings *in rem*."

rights. (Complaint, ¶ 4). Wallace claims the alleged civil rights violations are prohibited under 42 U.S.C. § 1983 and thereby create a basis for invoking federal jurisdiction.

5.    On October 23, 2006, Wallace filed a document with the United States District Court for the District of Columbia entitled "Respondent, Stephen P, Wallace's notice of removal and complaint [sic]" ("Complaint") (Dkt. #1) which named eight (8) Defendants. It appears that the substance of the allegations against those Defendants is that they worked in collusion to embezzle funds from the Trusts which were entrusted to them.

6.    Next, on January 8, 2007, Wallace filed a document entitled "Amended Complaint" with the United States District Court for the District of Columbia. The Amended Complaint names David Fist as well as seventeen (17) other individuals, businesses and other entities as Defendants.[4]

7.    In the Amended Complaint, Mr. Fist is summarily categorized as one of the "Additional Defendants" who "allegedly acted in criminal collusion/conversion upon Semite Respondents (Wallace) to defy any accountability per their duty as fiduciaries and officers of the Court [sic] to convert assets not under their control or jurisdiction." (¶ 4). The Amended Complaint contains no other specific allegations against Mr. Fist.

8.    David Fist is an attorney licensed to practice in the State of Oklahoma. Mr. Fist drafted the original 1974 trust documents creating the LTW Revocable Trust.

9.    Defendant Fist moves to dismiss this action on several grounds. First, Defendant Fist moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), because the U.S.

---

[4] The instant matter is only one of three cases currently filed in the U.S. District Court for the District of Columbia. The two other cases are: *Stephen P. Wallace, et al. v. Patricia W. Hastings, et al.*, Case No. 06-cv01264 (RBW) and *Stephen P. Wallace v. Ronald Saffa, et. al.*, Case No. 06-cv-00402(RBW). Mr. Fist is not named as a Defendant in those cases.

District Court for the District of Columbia has no subject matter jurisdiction over the action. As discussed in the accompanying Memorandum, neither Plaintiff's Complaint or Amended Complaint presents any valid grounds for federal jurisdiction. There is no diversity of citizenship and, despite Wallace's allegations to the contrary, there is no federal question presented. Instead, the underlying case concerns he administration of the Trusts, a matter solely in the province of the Oklahoma state courts. (*See* Okla. Stat. tit. 60 § 175.23).

10.    Second, the Amended Complaint should be dismissed with prejudice because Wallace's attempt at removal is procedurally defective. Wallace has not complied with the statutory requirements for removal. He is not a proper party for removal. Further, he did not timely file a Notice of Removal; and, he did not remove the case to the proper court.

11.    Third, Defendant Fist further alleges that this Court does not have personal jurisdiction over the parties involved and moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(2). A defendant must have sufficient minimum contact with the forum state in order for the Court to have personal jurisdiction. *Donahue v. Far Eastern Transport Corp.,* 652 F.2d 1032, 1034, (quoting, *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Wallace has not alleged that Defendant Fist has the requisite minimum contacts with the District of Columbia which would allow the District of Columbia Courts to maintain jurisdiction over him.

12.    Fourth, Defendant Fist moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3) on the ground that this matter is pending in an improper venue. The venue statute is specific concerning the judicial districts where a case may be heard and the

U.S. District Court for the District of Columbia does not fall within the potential venues allowed by the statute. *See* 28 U.S.C. § 1391(b).

13.    Finally, the Amended Complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted. The single paragraph describing the allegations against the "Additional Defendants" in general terms and without factual support does not meet the notice pleading requirement of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a).

**WHEREFORE**, Defendant David Fist respectfully requests that the Court enter an Order dismissing the above referenced matter against him, with prejudice. A proposed Order is attached.

Dated: February 16, 2007                    Respectfully submitted,

*Pamela C. Bresnahan*
Pamela A. Bresnahan (D.C. Bar No. 366735)
Elizabeth Treubert Simon (D.C. Bar. No. 467272)
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036-5109
(202) 467-8800

Counsel for Defendant David Fist

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Civil Rule 5.4, I hereby certify

that on this 16th day of February, 2007, a copy of the foregoing Defendant David Fist's

Motion to Dismiss, Memorandum of Points and Authorities and proposed Order was filed

electronically. Service of this filing to the parties listed below will be accomplished by

first class mail, postage prepaid, to:

Stephen J. Wallace
6528 East 101st Street
D-1 Apartment 304
Tulsa, Oklahoma 74133

Lisa F. Wallace
6528 East 101st Street
D-1 Apartment 304
Tulsa, Oklahoma 74133

Service of this filing to the parties listed below, will be accomplished by operation

of the Court's ECF system:

Jennifer L. Sarvadi, Esquire
LeClair Ryan, P.C.
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314

Trevor Washington Swett, III, Esquire
James P. Wehner, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington D.C. 20005

Stephen J. Krise, Esquire
Office of Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105

John S. Simcox, Esquire
170 Jennifer Road, Suite 200
Annapolis, Maryland 21401

Marc E. Albert, Esquire
Steven K. White, Esquire
Katherine M. Sutcliffe Becker, Esquire
Stinson Morrison Hecker, LLP
1150 18th Street, N.W.
Suite 800
Washington D.C.  20036

Pamela A. Bresnahan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE )<br><br>Plaintiff )<br><br>v. )<br><br>JAMES C. MILTON, et. al. )<br><br>Defendants. ) | Case No. 06-cv-01817 (RBW) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID FIST'S MOTION TO DISMISS

**I.    Background**

By filing his Complaint and Amended Complaint, Stephen J. Wallace is improperly attempting to remove a case from the District Court for Tulsa County, Oklahoma, to the U.S. District Court for the District of Columbia. It appears he does so in an effort to undermine the jurisdiction and findings of the Oklahoma state court which has continuing authority over the matter.

The Complaint and Amended Complaint filed in this case arise from Tulsa County Case No.: PT-2002-56, which has been pending in the District Court of Tulsa County, Oklahoma since September 11, 2002. The Tulsa matter arose from the successor co-trustees' Petition for Instructions regarding the administration and supervision of the Trusts. All of the Trusts assets are located in the State of Oklahoma.

On March 10, 3006, the District Court for Tulsa County entered a Final Order resolving all issues regarding the administration of the LTW Life Insurance Trust. Additionally, the Final Order prohibited Wallace from filing any further litigation against

any of the trustees, officers and/or attorneys involved with the administration of the Trusts. Despite the Tulsa Court's Order, Wallace has embarked on an attack against anyone who was at any time associated with the administration of the Trusts. Wallace continues to file litigation containing serious, albeit unsupported, allegations in an apparent attempt to usurp the Oklahoma state court's ruling.

Wallace is a seasoned litigant and this is not his first attempt at removal from state court. The Motion to Remand and Brief in Support filed by Defendants Trust Company of Oklahoma and Ronald J. Saffa (Dkt # 4) describe no less than six (6) previous attempts to remove state court actions concerning the subject trusts to various district courts throughout Oklahoma and Texas. That Motion to Remand further states that the matters described are not a comprehensive list of Wallace's attempts at removal. (pp. 2-5). Defendant Fist incorporates this portion of Defendants Trust Company and Saffa's motion by reference.

Additionally, this litigation is not the first time Wallace has accused Mr. Fist of wrongdoing arising from his drafting of the trust documents. On or about July 1, 2002, Wallace filed a Response in the District Court for Tulsa County, Oklahoma stating his sister, Lisa Wallace, was "fraudulently omitted" from her rights under the trust which "Ronald Saffa and David Fist altered in a premeditated fraudulent conversion plan for the Wallace Family $30,000,000 Estate." (Case No.: PT-2001-21, Response, at p. 4).

Wallace claims the instant matter could be removed to federal court, pursuant to 28 U.S.C. § 144(b), on or about October 10, 2006 when two members of the Oklahoma State Judiciary violated his civil rights. Wallace incorrectly claims these alleged civil rights violations provide the basis for federal jurisdiction.

Wallace filed the Complaint in the United States District Court for the District of Columbia on October 23, 2006, naming eight (8) Defendants. On or about January 8, 2007, Wallace filed an Amended Complaint which names David Fist, as well as numerous other individual and corporate entities as Defendants.

The case before this Court currently involves serious allegations against the Governor of the State of Oklahoma, the Oklahoma Attorney-General, four (4) Oklahoma State Court judges, eight (8) Oklahoma attorneys and a United States Senator representing the State of Oklahoma. *See* Complaint and Amended Complaint.

This most recent attempt to bypass the rulings of the Oklahoma District Courts should be dismissed because the Court has no subject matter jurisdiction or personal jurisdiction over Mr, Fist. Further, the District of Columbia is not a proper venue for this matter. Finally, the Amended Complaint fails to state a claim against Mr. Fist upon which relief may be granted.

## II.    Legal Arguments

### A.    Wallace's Attempted Removal is Procedurally Defective

Wallace's attempt to remove this matter from state to federal court is procedurally flawed. The federal removal statute clearly provides only that a Defendant may remove a matter from state to federal court. *See* 28 U.S.C. § 1441(a). Case PT-2002-56, the original Oklahoma state court action, was a petition seeking instructions for the administration of the Trusts filed by the successor co-trustees, The Trust Company of Oklahoma and Ronald Saffa. Wallace was not a Defendant in the state court proceeding. He is a contingent beneficiary of the Trust proceeds. Since the statute makes it clear that removal is an option available only to a defendant, Wallace's attempt at removal fails.

Second, this matter should be dismissed because, even if Wallace were permitted to remove this matter, he seeks to remove it to the wrong jurisdiction. Again, the statute plainly provides a case may only be removed to the district court for the district and division in which the action is pending. *See* 28 U.S.C. 1441(a). Here, Case PT-2002-56 was pending in the District Court for Tulsa County, Oklahoma. If removal was available, then the only court which could properly obtain removal jurisdiction, if any, would be the U.S. District Court for the Northern District of Oklahoma.

Third, removal is similarly unwarranted because Wallace failed to follow the statutorily mandated timeline for filing Notices of Removal. Specifically, "notice of removal of a civil action or proceedings must be filed within *thirty days* after receipt by *the Defendant*." 28 U.S.C. § 1446(b) (emphasis added). Despite the fact that only a Defendant may file a notice of removal, Wallace is trying to remove a matter which has been pending in the District Court for Tulsa County, Oklahoma since September 11, 2002, more than four (4) years after the thirty day removal period.

Finally, Wallace's attempt at removal must be rejected because he has failed to comply with the requirements regarding the contents of a Notice of Removal. A Notice of Removal must be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Wallace styled the original pleading filed in this Court, "Respondent, Stephen P. Wallace's notice of removal and complaint [sic]." (Dkt. # 1). Subsequently, Wallace filed a pleading styled "Amended Complaint," (Dkt. #31) which names Mr. Fist as well as numerous other individual and business entities as Defendants in this matter. Regardless of the fact that neither of these documents is properly styled a "Notice of

4

Removal," neither contains the requisite "short and plain statement" of the basis for removal. The "Complaint" states only that removal is proper because "Oklahoma Courts routinely deprive select Oklahoma citizens of due process of law and equal protection of law." (Complaint, ¶ 5). This statement lacks any specific facts to support federal jurisdiction. The Amended Complaint merely re-alleges and adopts the claims of the Complaint and does not provide a "short and plain" statement of the basis for federal jurisdiction. *See* 28 U.S.C. § 1446(a). Based upon the significant procedural flaws described above, this Court does not have subject matter jurisdiction and Wallace's attempted removal must ultimately fail.

### B.    The Court Lacks Subject Matter Jurisdiction

Defendant Fist also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because this Court has no subject matter jurisdiction. The party asserting jurisdiction bears the burden of proof in establishing that the court properly has subject matter jurisdiction over a particular matter. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp.2d 9, 13 (D.D.C. 2001).

When considering a motion to dismiss for lack of subject matter jurisdiction, the Court may properly dismiss the Complaint if it appears there are no set of facts the proponent can prove which would entitle him to relief. *Sinclar v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir. 1983) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)). When conducting this review, the Court must accept as true all of the factual allegations contained within the Complaint. *Sparrow v. United Airlines,* 216 F.3d 1111, 1113 (D.C.Cir. 2000) (quoting, *Leatherman v. Tarrant Cty. Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 164 (1993)). Nevertheless, the Court may also consider, where necessary, the *undisputed* facts based on the record. *KiSKA Construction Corp. v. Washington Metropolitan Transit Authority*, 321 F.3d 1151, 1158 (D.C.Cir. 2003) (emphasis added).

Wallace bears the burden in demonstrating that this Court properly possesses subject matter jurisdiction. Considering the allegations in the Complaint and Amended Complaint, this Court cannot find that there are no set of facts which Wallace can prove that would establish subject matter jurisdiction.

Although on their faces the Complaint and Amended Complaint claim subject matter jurisdiction is established on the basis of federal question, this assertion is incorrect.[5] The underlying state-court matter exclusively concerned the administration and supervision of the Trusts and presented no federal question. Whether a federal question exists will be determined based on the state court action and not any defense raised or other pleading claiming that federal question is present. *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for So. Cal.,* 463 U.S. 1, 10 (1983). Even assuming the Court accepts the Complaint and Amended Complaint to be notices of removal and considers the allegations contained within to be true and undisputed, the Court cannot find that jurisdiction based on a federal question exists because none existed in the state court action. Accordingly, the Court does not have subject matter jurisdiction and this matter should be dismissed with prejudice.

---

[5] Wallace raised the tenuous proposition of the existence of a federal question for the first time with the filing of the Complaint in this Court in October 2006.

a.    **The Rooker-Feldman Doctrine**

As additional grounds demonstrating the lack of subject matter jurisdiction in this matter, the Rooker-Feldman Doctrine prohibits this Court from hearing a claim which is "inextricably intertwined" with a prior state court decision. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923). The purpose of the Rooker-Feldman Doctrine is to prevent the re-litigation of state claims in federal court which would, in substance, conduct an appellate review of a state court determination. *Johnson v. DeGrandy,* 512 U.S. 997 (1994).

The District Court for Tulsa County holds original jurisdiction over matters concerning the administration of trusts. If this Court were to attempt to resolve Wallace's present claims, it would be forced to consider the merits underlying the administration of the Trusts. In doing so, this Court would not only be preempting a subject which falls exclusively within the state court's original jurisdiction, but also creating the possibility of a contradiction with the findings of the Oklahoma District Court and the Final Order entered in the case in Oklahoma. For this reason, and the reasons explained above, the case must be dismissed with prejudice.

C.    **Lack of Personal Jurisdiction**

Defendant Fist moves to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court does not maintain any personal jurisdiction over him. As with subject matter jurisdiction, the party asserting personal jurisdiction bears the burden of proof in establishing the court possesses personal jurisdiction over the parties. *Crane v. New York Zoological Society,* 894 F.2d 454, 456 (D.C. Cir. 1990).

In order for the Court to maintain personal jurisdiction, the parties must have "sufficient minimum contacts with the forum state so as not to offend traditional notions of fair play and substantial justice." *Donahue v. Far Eastern Transport Corp.,* 652 F.2d 1032, 1034, (quoting, *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Further, those minimum contacts may not be random or "attenuated." *Creighton Ltd., v. Government of State of Qatar,* 181 F.3d 118, 127 (D.C.Cir. 1999) (quoting, *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985)).

Neither the Complaint nor the Amended Complaint contain any statement by Wallace regarding the basis under which this Court would acquire personal jurisdiction over Mr. Fist.[6] There are no factual allegations presented by Wallace, the party who bears the burden of proof on this issue, which the Court might consider with regard to personal jurisdiction against Mr. Fist. As a result of the dearth of information and lack of grounds concerning Mr. Fist's contact with the District of Columbia, Wallace's Amended Complaint fails, as a matter of law. Further, the Court is not required to perform a personal jurisdiction analysis and may properly dismiss this matter for lack of personal jurisdiction.

### D.    Improper Venue

Defendant Fist moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3) because this matter has been brought in an improper venue. For purposes of venue, a case may only be brought in "a judicial district where any Defendant resides, if all Defendants reside in the same State, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

---

[6]    Wallace also does not allege that personal jurisdiction is founded under the District of Columbia long-arm statute. (*D.C. Code § 13-423*).

Upon information and belief, all Defendants, including Mr. Fist, reside within the State of Oklahoma. There is no allegation in any of the pleadings Wallace has filed that states that any Defendant resides in the District of Columbia. Further, there is no allegation that any event that is the subject of the lawsuit occurred in or has any connection to the District of Columbia. The administration of the Trusts concerns property maintained in Oklahoma by successor co-trustees who reside and do business in Oklahoma. Under either prong of the statute, venue is only appropriate in Oklahoma.

Dismissal as a matter of law for improper venue is the appropriate remedy when transfer of the case is impossible. Specifically, dismissal, rather than the transfer of the case, is warranted when the transferee district is not a place where the action could have been brought. *Hoffman v. Blaski*, 363 U.S. 335 (1960). In this instance, the transferee district would be the U.S. District Court for the Northern District of Oklahoma. However the Oklahoma District Court was never a venue where the case could have originally been filed because, as previously discussed, this matter concerns only the administration of the Trusts, a matter where exclusive jurisdiction is granted to the Oklahoma state-courts. If this matter had been originally filed in the Oklahoma federal court, that court would similarly have been unable to review the case because the administration of trusts is not within the federal court's jurisdiction. Because this matter has been filed in an improper venue and the transferee court would be unable to retain jurisdiction, the proper remedy is dismissal with prejudice. *See Id.*

### E.    Failure to State a Claim Upon Which Relief May Be Granted

Defendant Fist also moves to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), because the Amended Complaint fails to state a claim upon which relief may be granted.

Dismissal of a Complaint is proper when it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley*, 355 U.S. at 45-46; *Abigail Alliance v. Von Eschenbach, M.D.,* 455 F.3d 470, 475 (D.C. Cir. 2006).  In determining whether a Plaintiff stated a claim upon which relief may be granted, the Court is required to construe the Complaint in the light most favorable to the Plaintiff, accept all allegations as true and draw all reasonable inferences in favor of the Plaintiff.  *Swierkiewicz v. Sorema N.A.* 534 U.S. 506 (2002); *Browning v. Clinton,* 292 F.3d 235 (D.C.Cir. 2002).  Nevertheless, the court should not "accept inferences drawn by Plaintiffs if such inferences are unsupported by the facts set out in the Complaint."  *Browning,* 292 F.3d at 242.  Likewise, the Court should also reject "legal conclusions cast in the form of factual allegations."  *Id.*; *Kowai v. MCI Communications Corp.,* 16 F.3d 1271 (D.C.Cir. 1994).

Wallace's allegations against Defendant Fist, consist of the single statement that he and the other remaining "Additional Defendants" have "allegedly acted in criminal collusion/conversion upon Semite Respondents to defy any accountability per their duty as fiduciaries and officers of the Court to convert assets not under their control nor jurisdiction." (Amended Complaint, ¶ 4).  This statement does not meet the minimum requirements under the federal rules for stating a valid claim.  First, it is unclear from the face of the Amended Complaint what the factual basis of the claim is that Wallace is

asserting against Defendant Fist. The Amended Complaint does not contain a "short and plain statement" of the grounds upon which the claimant is entitled to relief as required by Fed. R. Civ. P. 8(a). The Defendant is entitled to fair notice of the Plaintiff's claims. *Swierkiewicz,* 534 U.S. at 512. Paragraph four (4) of the Amended Complaint, the only paragraph in any way pertaining to Defendant Fist, does not meet this notice requirement. The assertion against him consists of nothing more than a single conclusory statement and includes no specific details. Wallace offers only his own far-reaching legal conclusion without any other details or factual support. Wallace presents no facts, details or any examples of conduct on the part of Defendant Fist (or the "Additional Defendants") that would permit Wallace to maintain this claim. As a result, because the Amended Complaint and the allegation involving Defendant Fist are completely inadequate and substantively fail to state a claim, this matter should be dismissed with prejudice.

Additionally, this Court may properly grant a Motion to Dismiss under Rule 12(b)(6) when it is apparent the Plaintiff faces an insuperable bar to relief. *Holland v. Board of Trustees of the Univ. of the Dist. Of Columbia*, 794 F. Supp 402, 404 (D.D.C. 1992). This matter is a prime example of an instance where the Court should exercise this discretion. Even granting Wallace all the inferences and liberal construction to which he is entitled, it is apparent that Wallace's single statement of allegations against Defendant Fist fails to meet the requirements as a matter of law, for pleading a viable cause of action.

## III.    Conclusion

Defendant David Fist respectfully requests this Court dismiss the Amended Complaint filed against him on the basis of lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue and failure to state a claim upon which relief may be granted.  Furthermore, Defendant Fist requests this Court assess the reasonable attorneys' fees against the Plaintiff, Stephen Wallace, for the preparation of the foregoing motion and memorandum.


Dated: February  16, 2007                    Respectfully submitted,


Pamela A. Bresnahan (D.C. Bar No. 366735)
Elizabeth Treubert Simon (D.C. Bar. No. 467272)
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036-5109
(202) 467-8800

Counsel for Defendant David Fist

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEPHEN P. WALLACE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 06-cv-01817 (RBW) |
| v. | ) | |
| | ) | |
| JAMES C. MILTON, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Having read and considered Defendant David Fist's Motion to Dismiss and any Opposition filed thereto, and any Reply, and upon consideration of the record herein, it is hereby this ____ day of _____, 2007,

ORDERED, that the Defendant's motion be and hereby is GRANTED, and that the above referenced matter is dismissed as to Defendant David Fist with prejudice,

And it is further ORDERED, Stephen J. Wallace will pay the attorneys' fees in the amount of $_____ incurred in the preparation of the foregoing motion.

_____
REGGIE B. WALTON, JUDGE
United States District Court for the District of Columbia

Copies to:

Stephen J. Wallace
6528 East 101 Street
D-1 Apartment 304
Tulsa, Oklahoma 74133

Lisa F. Wallace
6528 East 101st Street
D-1 Apartment 304
Tulsa, Oklahoma 74133

Jennifer L. Sarvadi, Esquire
LeClair Ryan, P.C.
225 Reinekers Lane
Suite 700
Alexandria, Virginia  22314

Trevor Washington Swett, III, Esquire
James P. Wehner, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington D.C.  20005

Stephen J. Krise, Esquire
Office of Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105

John S. Simcox, Esquire
170 Jennifer Road, Suite 200
Annapolis, Maryland  21401

Marc E. Albert, Esquire
Steven K. White, Esquire
Katherine M. Sutcliffe Becker, Esquire
Stinson Morrison Hecker, LLP
1150 18th Street, N.W.
Suite 800
Washington D.C.  20036