UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

**JOINT BRIEF IN OPPOSITION TO RESPONDENT'S MOTION (DOC. NO. 49) FOR STAY OF CASE, APPOINTMENT OF RECEIVER, AND ORDER COMPELLING FORENSIC AUDIT**

Defendants The Trust Company of Oklahoma ("Trust Company"), Ronald J. Saffa, James E. Poe, James C. Milton, Reece Morrel, Adam Adwon, G. Reuben Davis, William Grimm, Kenneth Crump, John Woolman, "the Paul Mindeman Estate," Edward Kallay, The Kallay Group, LLC, and CDSG 1, LLC incorrectly identified by Mr. Wallace as CDSGA, LLC, by and through their counsel of record, respectfully submit this brief in response to the pleading filed by Respondent Stephen Wallace ("Respondent") as Document 49 (hereinafter, the "Motion"), stating as follows:

This action is purportedly a removal of a Tulsa, Oklahoma state-court trust administration action that is in the nature of an *in rem* proceeding.  As successor co-trustees of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust, Trust Company and Mr. Saffa are the Petitioners in the purportedly removed state-court action.  On November 9, 2006, Trust Company and Mr. Saffa filed a Motion to Remand (Doc. No. 4).  On January 31, 2007, these Defendants filed a Motion to Dismiss (Doc. No. 40). Both motions remain at issue before this Court.

Though he provides no support in his Motion, the Respondent nevertheless requests that the Court (1) stay "the case", (2) appoint a receiver of its choosing, and (3) appoint Dana Cole & Co. as forensic auditor. As with every other form of relief sought by Respondent in this case, the Court should not grant the Respondent's requests.

It is, indeed, worth noting that Mr. Wallace made the very same request for relief as requested in the Motion (Doc. No. 49), in motions filed in the U.S. District Court for the District of Nebraska, Case No. 06-CV-3214-LSC-PRSE. Specifically, on November 7, 2006, Mr. Wallace filed a Motion to Stay (Doc. No. 36) in D. Neb. Case No. 06-CV-3214. On December 4, 2006, Mr. Wallace filed a motion (Doc. No. 52) in D. Neb. Case No. 06-CV-3214, again requesting a stay, and also requesting a receiver and a forensic audit. These two motions were denied as moot by Memorandum and Order (Doc. No. 57) entered on December 18, 2006. The December 18, 2006 Memorandum and Order dismissed the Nebraska action based upon a finding that Mr. Wallace's federal-court complaint had failed to state a claim under RICO. [1/31/2007 Motion to Dismiss (Doc. No. 40), at p. 10, ¶ 29.] Indeed, these Defendants have raised, in their January 31, 2007 Motion to Dismiss (Doc. No. 40), the same legal arguments that were raised in motions to dismiss that were sustained in the Nebraska federal-court action. [1/31/2007 Motion to Dismiss (Doc. No. 40), at pp. 10, 21-24.]

Whether it is because Mr. Wallace's complaints in this action are improper or because the Motion (Doc. No. 49) requests relief for which he is not entitled, Mr. Wallace's request for extraordinary relief in this case should be denied.

I. **THE COURT SHOULD NOT STAY ANY PENDING STATE-COURT LITIGATION.**

As noted above, the Respondent requests that this Court stay "the case." The Respondent does not identify the "case," nor does he give any reasons why that case should be stayed. For

those reasons alone, the Respondent's request should be denied. In light of other filings he has made, however, the Respondent may be referring to pending state-court litigation, including two cases pending in the District Court of Tulsa County, namely Case Nos. 2000-21 and 2002-56, the latter is the case that was purportedly creating 06-CV-1817-RBW.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in the aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The U.S. Supreme Court has stated that this "Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286 (1970). Moreover, the three exceptions "should not be enlarged by loose statutory construction." *Id*. at 287.

As indicated above, the first exception to the prohibition is for injunctions expressly authorized by Act of Congress. *See* 28 U.S.C. § 2283. In this case, the Respondent has cited no statute authorizing an injunction under the circumstances of this case, nor can one be found.

The second exception pertains to situations where an injunction is necessary in the aid of the district court's jurisdiction. *See* 28 U.S.C. § 2283. This exception only applies in strictly limited circumstances. *See* 17A MOORE'S FEDERAL PRACTICE 3D, § 121.07[1] (2006). For example, a court cannot "ignore the limitations of § 2283 and… enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atlantic Coast R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). Moreover, "if the District Court does have jurisdiction, it is not enough that the requested injunction is related to that

3

jurisdiction, but it must be necessary in aid of that jurisdiction." *Id*. at 295. Thus, it must be shown that "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id*. In addition, where a state court has previously obtained jurisdiction over a res, such a trust, the federal court should not exercise jurisdiction. See 17A MOORE'S FEDERAL PRACTICE 3D, § 121.07[2][d][ii] (2006).

In this case, the Respondent has made no showing as to why an injunction will aid this Court in the exercise of its jurisdiction, let alone a showing that an injunction is necessary to that purpose. Furthermore the Defendants have demonstrated by virtue of their motion, brief, and evidence concerning dismissal of this case (Doc. 40), which are incorporated herein by this reference, that the Respondent has no valid claims to be protected and that this Court has not even have personal jurisdiction over the Defendants. Thus, an injunction of state-court litigation is not necessary in aid of this Court's exercise of jurisdiction.

The third exception to the Anti-Injunction Act applies where an injunction is necessary to protect or effectuate the federal court's judgments. In this case, the Respondent has not identified any federal judgments that have been entered against the Defendants in favor of the Respondent let alone any that can only be protected or effectuated by an injunction. In fact, Respondent misrepresents to this Court that a "Judgment" against Defendant Greggory K. Frizzell, now a United States District Judge for the Northern District of Oklahoma, exists in Case No. 06-CV-402-RBW. Only a entry of default by the deputy court clerk is noted and a motion to vacate entry of default is pending in that action.

4

Therefore, in light of the circumstances, there is no basis for enjoining the pending state-court litigation, and the Defendants request that the Court deny the Plaintiff's request for the same.

## II.     THIS COURT SHOULD NOT APPOINT A RECEIVER.

The Plaintiff also seeks the appointment of a receiver. However, the appointment of a receiver is an extraordinary remedy. As the Eighth Circuit Court of Appeals has stated:

> A receiver is an extraordinary equitable remedy that is only justified in extreme situations. Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-7 (8th Cir. 1993).

In this case, the Defendants have more than amply demonstrated in their motion to dismiss and their accompanying brief and evidence that the Respondent has no valid claims. (Doc. No. 40). In addition, there is not even a shred of evidence of fraudulent conduct on the part of the Defendants that would frustrate any claim Respondent might have or of any danger that any property will be concealed, lost or diminished in value. In fact, the Defendants' conduct has been validated by a state district court in Oklahoma on several occasions, (Doc. 40, Declaration of James C. Milton), and the only danger concerning the dissipation of any property is that the Respondent's baseless and vexatious litigation will likely cause a significant portion of the trusts' corpuses to be consumed by costs and attorney's fees incurred by the trustees. This is likewise no inadequacy of legal remedies, as Respondent has had his days (plural – many times over) in court. Furthermore, the issue of a less drastic remedy is not applicable, because the Respondent has no valid claims for which any remedy is available, and there is no question that

appointing a receiver would do no good and would cause great harm, in that it would upset final orders of the state district court in Oklahoma and would frustrate that court's exercise of its properly acquired jurisdiction. As this Court noted, the appointment of a receiver must be reasonable. *Dixon v. Barry*, 967 F.Supp. 535, 550 (D.D.C. 1997). Given the circumstances of this case, the Respondent's request is anything but reasonable and should be denied.

### III.     THE COURT SHOULD NOT APPOINT A FORENSIC AUDITOR.

Respondent Wallace has requested that the Court appoint a forensic auditor. The District Court has discretion to appoint an expert under Rule 706 of the Federal Rules of Evidence. *See* FRE 706. This power allows a court to obtain the assistance of scientific, technical, or other specialized knowledge if it would help the trier of fact decide a fact in issue. *See Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997); *see also* FRE 702. However, court appointment of an expert is appropriate only in compelling circumstances. *See Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F.Supp. 378, 383 (D.D.C. 1985).

In this case, there is no need for an expert auditor because the Respondent has no valid claims that would necessitate an audit, as demonstrated in the Defendants' motion to dismiss and accompanying brief and evidence. (Doc. No. 40). Moreover, the administration of the trusts at issue has been under the supervision of the Tulsa County District Court in Oklahoma for several years, (Doc. 40, Declaration of James C. Milton), thus ensuring that such administration, including disbursements, has been appropriate and fair under the trust instruments and applicable law. Finally, the Respondent has not demonstrated any facts that would suggest a forensic auditor is necessary in this case. Accordingly, his request for the appointment of a forensic auditor should be denied.

**IV.	Conclusion**

For the foregoing reasons, this action should be dismissed, with prejudice and Defendants should be awarded their reasonable costs and expenses, including attorney fees, incurred in defending this action.

                            THE TRUST COMPANY OF OKLAHOMA, RONALD J. SAFFA, JAMES E. POE, JAMES C. MILTON, REECE MORREL, ADAM ADWON, G. REUBEN DAVIS, WILLIAM GRIMM, KENNETH CRUMP, JOHN WOOLMAN, "THE PAUL MINDEMAN ESTATE," EDWARD KALLAY, THE KALLAY GROUP, LLC., and CDSG 1, LLC incorrectly identified by Mr. Wallace as CDSGA, LLC.
By Counsel


LECLAIR RYAN, A Professional Corporation

By:	_____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of February, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Trevor Washington Swett, III
James P. Wehner
Pamela Anne Bresnahan

  I hereby certify that on this 20th day of February, 2007, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

    Stephen E. Wallace
    6528 E. 101st Street, D-1 #304
    Tulsa, Oklahoma  74133
    *Pro Se*

    Patricia Wallace Hastings
    2934 E. 73rd Pl.
    Tulsa, Oklahoma  74136

    Joan Godlove, Esq.
    2121 S. Columbia, Suite 500
    Tulsa, OK 74114-3519

        /s/
        Counsel