UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:06-cv-01817-RBW |
| JAMES C. MILTON, et al., | ) |
| Defendants. | ) |

## PATRICK J. MALLOY, III'S ("MALLOY") OPPOSITION TO WALLACE'S MOTION FOR STAY

Malloy requests that this Court deny the Motion for Stay[1] because this Court lacks jurisdiction to grant the relief requested. Malloy is the duly appointed bankruptcy Trustee for plaintiff, Stephen P. Wallace, in his chapter 7 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Oklahoma, Case No. 02-00073. Malloy is one of the 17 "Additional Defendants" sought to be added by the Amended Complaint.

As with the "Amended Complaint" filed by Wallace, none of the numbered paragraphs of the Motion for Stay mention Malloy by name or allege any conduct by Malloy from which this Court could grant relief. Wallace filed the Motion for Stay and all other papers in this case *pro se*, and the Motion for Stay is confusing and incoherent such that it is difficult to ascertain what relief Wallace is seeking. To the extent that

---

[1] The full title of the motion is "Motion for Stay of case, appointment of Receiver and Motion for Order Compelling Defendant Saffa, Trust Company of Oklahoma and Patrick Malloy III to Submit to Forensic Audit for Criminal Conversion of Plaintiffs Trust Assets Supported by Affidavits Never Disputed Including Those of the U.S. Treasury." For convenience in this Opposition, it will simply be called the "Motion for Stay.

Wallace's Motion for Stay is seeking an audit of Malloy's administration of the Bankruptcy estate and tax matters related to the estate, this Court lacks subject-matter jurisdiction, because jurisdiction of cases under Title 11 is vested in the bankruptcy court, not this Court. Even if this Court decided to consider the merits of the Motion for Stay – such as they are – the Motion should be denied because Malloy has filed all of the tax returns for Wallace's bankruptcy estate, rendering moot the relief sought by Wallace.

## I.   This Court lacks subject-matter jurisdiction to grant the relief requested in the Motion for Stay.

This court lacks subject matter jurisdiction to grant the relief requested in the Motion for Stay, because jurisdiction to decide matters relating to the administration of a bankruptcy case lies exclusively with the bankruptcy court. Bankruptcy court jurisdiction is established by 28 U.S.C. § 1334(a) which states "except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under Title 11." The district courts are permitted, however, by 28 U.S.C. § 157, to refer bankruptcy cases to the bankruptcy judges in their district, which states, "[e]ach district court may provide that any or all cases under Title 11…shall be referred to the bankruptcy judge for the district."[2]  In accordance with Section 157, "all district courts have availed themselves of this power and have referred the day to day administration of Title 11 cases and much of the trial responsibility that arises in such cases to the bankruptcy courts."[3]  Specifically, the United States District Court for the Northern District of Oklahoma enacted local civil rule 84.1(a)(1) which states, "pursuant to 28 U.S.C. § 157(a), all cases under Title 11 of the United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 *shall be*

---

[2] 28 U.S.C. § 157.
[3] Collier on Bankruptcy 15th Ed. Vol. 1, ¶3.01[1], pg. 3-5.

*and hereby are referred to the bankruptcy judges for this District.*"[4]   The court with proper jurisdiction over this matter is the Bankruptcy Court for the Northern District of Oklahoma.

If a litigant prefers for a matter to be heard by the district court, in certain circumstances 28 U.S.C. § 157(d) provides a procedure for withdrawing the reference back to the district court for cause shown.  Wallace, however, has sought no such relief in this case or in his bankruptcy case.  Nor could he.  "Motions for withdrawal of a bankruptcy case shall be filed and served within fifteen (15) days after the first meeting of creditors is held in the case."[5]  To the extent that Wallace's Motion for Stay can be interpreted to request a stay of his bankruptcy case, Bankruptcy Rule 5011(c) specifically states that the filing of a motion to withdrawal the reference does not act to stay the bankruptcy case unless the bankruptcy judge orders a stay.[6]  Thus, Wallace has asked a court with no jurisdiction for relief that it cannot grant.

The title of the Motion for Stay, requests that "Patrick Malloy III to submit to forensic audit for criminal conversion of plaintiff's trust assets."[7]  None of the numbered paragraphs in the Motion for Stay refer to Malloy by name or explain what a "forensic audit for criminal conversion" is.  The last two exhibits attached to the Motion for Stay allege that Malloy has not filed certain estate tax returns and that others he has filed are inaccurate.  Taking the vague statements in the Motion for Stay together with the exhibits, Malloy interprets Wallace's request one for an audit of Malloy's administration of the bankruptcy estate, and in particular, an audit of his handling of tax matters for the

---

[4] N.D. Okla. LCvR 84.1(a)(1) (emphasis added).
[5] N.D. Okla. LCvR 84.1(b)(2).
[6] Fed.R.Bank.Proc. 5011(c).
[7] Motion for Stay p. 1.

estate. To the extent that this is what Wallace seeks, this relief can only be granted by the Bankruptcy Court for the Northern District of Oklahoma because it has original and exclusive jurisdiction of all cases "under Title 11 of the United States Code any and all proceedings arising under Title 11 or arising in or related to a case under Title 11."[8] A chapter 7 bankruptcy trustee's administration of a bankruptcy estate and filing tax returns on behalf of the estate is the type of day-to-day case management that Congress authorized the district courts to refer to the bankruptcy judges. It is a central function of any bankruptcy estate, which is why jurisdiction is vested in the bankruptcy courts.

Even if Wallace sought to withdraw the reference from the Bankruptcy Court for the Northern District of Oklahoma, the proper court to hear this matter would be the District Court for the Northern District of Oklahoma, not the District Court for the District of Columbia.[9] Because this court does not have subject matter jurisdiction over Wallace's bankruptcy estate and Malloy, as his Chapter 7 bankruptcy trustee, this court cannot grant any of the relief requested in the Motion for Stay. Malloy therefore requests that this court deny the Motion for Stay and dismiss this action as set forth in Malloy's Motion to Dismiss.[10]

II.  **Wallace cannot sue Malloy – a bankruptcy trustee – in this Court without first seeking leave of the bankruptcy court, because without leave of the bankruptcy court, this court lacks subject-matter jurisdiction under the *Barton* doctrine.**

As Malloy argued in his Motion to Dismiss, Wallace cannot sue Malloy in this Court because this Court lacks subject-matter jurisdiction under the *Barton* doctrine. All "other Circuits that have considered this issue [have held] that a debtor must obtain leave

---

[8] N. D. Okla. LCvR 84.1(a)(1).
[9] 28 U.S.C. § 157(a).
[10] Docket nos. 47 and 48.

of the bankruptcy court before initiating an action in the district court when that action is against the trustee ... for acts done in the actor's official capacity."[11]  Malloy incorporates by reference the arguments made in his Motion to Dismiss and requests that the is Court deny the Motion for Stay because it does not have subject-matter jurisdiction to consider it.

### III.   Even if this court had subject matter jurisdiction, it could not grant the relief requested because the affidavits attached to the Motion for Stay are patently false.

Even if this court concludes that it has subject-matter jurisdiction, it cannot grant the relief requested in the Motion for Stay, because all of the tax returns for Wallace's bankruptcy estate have been filed, effectively rendering the relief sought by Wallace moot.  The last two exhibits attached to Wallace's Motion for Stay are an affidavit and letter signed by Jack Wellborn.  Both allege that Wallace has not filed certain tax returns for the bankruptcy estate, and that Mr. Wellborn has concerns regarding the accuracy of the returns that have been filed.  As set forth in the attached declaration, tax returns for the bankruptcy estate of Wallace have been filed for the years 2001 through 2005 and none of the returns were based on estimated amounts.  Furthermore, Malloy has never been contacted by the IRS about concerns with the accuracy or completeness of any of the returns he has filed on behalf of the Wallace bankruptcy estate.  Therefore, Malloy requests that this court deny the Motion for Stay because in addition to lacking subject matter jurisdiction, this court cannot grant any relief requested in the Motion because Wallace has already filed all of the tax returns for the Wallace bankruptcy estate that are due at the present.

---

[11] *Id.*

In addition, the Trust Company Defendants filed a Joint Brief in Opposition to the Motion for Stay (Docket No. 51). As set forth in the Brief, this Court should not appoint a Receiver and this Court should not appoint a forensic auditor. Malloy joins in and incorporates by reference the arguments raised in Docket No. 51.

### IV.    Conclusion

All of the defendants in this action have now filed Motions to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, lack of venue, improper service of process and failure to state a claim upon which relief can be granted. Nonetheless, with all of these Motions to Dismiss pending before the court and Motion to Remand pending before the court, Wallace filed yet another frivolous document, his Motion for Stay. By requiring the trustee to respond to yet another frivolous motion, Wallace is depleting assets that would otherwise be available for unsecured creditors in his bankruptcy estate. In furtherance of the policy fostering judicial economy, Malloy requests that this court deny the Motion for Stay and dismiss the amended complaint against Malloy because any issues Wallace has with the administration of his Chapter 7 bankruptcy case can only be resolved in the Bankruptcy Court for the Northern District of Oklahoma. In addition, Malloy asks that this court award him attorneys' fees and expenses incurred in referring to the frivolous Motion for Stay as a sanction against Wallace.

WHEREFORE, Patrick J. Malloy, III, Chapter 7 Trustee and defendant, respectfully requests that this Court enter an order:

    a.    Denying the Motion for Stay;

    b.    Awarding the Trustee legal fees and costs incurred in opposing the Motion for Stay as a sanction against Mr. Wallace; and

    c.    Granting such other relief as this Court deems just and equitable.

Dated: February 22, 2007        Respectfully submitted,

/s/ Katherine M. Sutcliffe Becker
Marc E. Albert, #345181
Steven K. White, #367371
Katherine M. Sutcliffe Becker, #481398
STINSON MORRISON HECKER LLP
1150 18th Street, NW
Suite 800
Washington, D.C. 20036-3816
Tel: (202) 785-9100
Fax: (202) 785-9163

*Counsel for Patrick J. Malloy, III, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2007, a true and correct copy of the foregoing Opposition and Proposed Order were sent, postage prepaid, by first-class, U.S. mail to:

Stephen E. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
*Pro Se*

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma 74136

Joan Godlove, Esq.
2121 S. Columbia, Suite 500
Tulsa, OK 74114-3519

Jennifer L. Sarvadi, Esq.
LeClair Ryan, PC
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

Trevor Washington Swett, III, Esq.
CAPLIN & DRYSDALE
One Thomas Circle, NW
Washington, DC 20005

Pamela Anne Bresnahan, Esq.
VORYS, SATER, SEYMOUR AND PEASE LLP
1828 L Street, NW
Eleventh Floor
Washington, DC 20036-5109

                /s/Katherine M. Sutcliffe Becker
                Katherine M. Sutcliffe Becker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES C. MILTON, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:06-cv-01817-RBW |

**DECLARATION OF PATRICK J. MALLOY, III
IN SUPPORT OF HIS OPPOSITION TO MOTION FOR STAY**

Patrick J. Malloy, III, being of lawful age and duly sworn, for his declaration, states as follows:

1. I am the duly appointed bankruptcy Trustee for the plaintiff in this matter, Stephen P. Wallace, a debtor in a Chapter 7 proceeding pending in the United States Bankruptcy Court for the Northern District of Oklahoma, Case No. 02-00073.

2. As part of my administration of Wallace's bankruptcy estate, I have filed a tax return for the estate for the years 2001, 2002, 2003, 2004 and 2005.

3. I have not been contacted by the Internal Revenue Service about concerns over the accuracy or completeness of any of the returns I have filed.

4. I have received confirmation from the IRS that they received the tax returns I filed for 2001, 2002, 203, 2004 and 2005 on behalf of the Wallace bankruptcy estate.

2

5.  The statements in the affidavit and letter attached to the Motion for Stay that I have not filed certain tax returns and that certain tax returns are incomplete or inaccurate are false.

6.  Wallace did not seek or obtain authority from the Bankruptcy Court before filing the Motion for Stay.

7.  The Bankruptcy Court has not entered an order authorizing Wallace to file the Motion for Stay in the District Court for the District of Columbia.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2007, in Arizona.

/s/ Patrick J. Malloy, III
Patrick J. Malloy, III

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN P. WALLACE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES C. MILTON, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:06-cv-01817-RBW |

## ORDER DENYING WALLACE'S MOTION FOR STAY

This matter came before the Court on the "Motion for Stay of Case, Appointment of Receiver and Motion for Order Compelling Defendant Saffa, Trust Company of Oklahoma and Patrick Malloy III to Submit to Forensic Audit for Criminal Conversion of Plaintiffs Trust Assets Supported by Affidavits Never Disputed Including Those of the U.S. Treasury," (the "Motion") and the Opposition thereto filed by Patrick J. Malloy III. Upon consideration of the Motion and the Opposition thereto, this Court finds that it lacks jurisdiction to grant the relief requested in the Motion and upon further consideration finds that it is hereby

**ORDERED** that the Motion is **DENIED** and it is

**FURTHER ORDERED** that Malloy can file a bill of costs within ten (10) days of entry of this order to recover his attorneys' fees and costs incurred in opposing the Motion.

Dated:_____                          _____
                                              The Honorable Reggie B. Walton
                                              United States District Court Judge

DB03/809627 0002/7378314.1

Copies to:

        Stephen E. Wallace
        6528 E. 101st Street, D-1 #304
        Tulsa, Oklahoma 74133
        *Pro Se*

        Patricia Wallace Hastings
        2934 E. 73rd Pl.
        Tulsa, Oklahoma 74136

        Joan Godlove, Esq.
        2121 S. Columbia, Suite 500
        Tulsa, OK 74114-3519

        Jennifer L. Sarvadi, Esq.
        LeClair Ryan, PC
        225 Reinekers Lane, Suite 700
        Alexandria, VA 22314

        Pamela Anne Bresnahan, Esq.
        VORYS, SATER, SEYMOUR AND PEASE LLP
        1828 L Street, NW
        Eleventh Floor
        Washington, DC 20036-5109

        Marc E. Albert
        Steven K. White
        Katherine M. Sutcliffe Becker
        Stinson Morrison Hecker LLP
        1150 18th Street, NW, Suite 800
        Washington, D.C. 20036