**United States District Court**
**District of Columbia**

In re: The Lorice T. Wallace Revocable          )
Trust dated December 26th, 1974, et al.       )
vs.                                              )          **Case No. 1:06-cv-1817(RBW)**
                                                 )
Stephen P. Wallace, et al.                       )
          respondents,                           )          **RECEIVED**
vs.                                              )
James. C. Milton, et al.                         )          MAR − 1 2007
          defendants on cross-claim.             )

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTIONS TO DISMISS AND BRIEFS IN**

**OPPOSITION FOR STAY, INJUNCTION, APPOINTMENT OF RECEIVER AND**

**ORDER COMPELLING FORENSIC AUDIT AND NOTICE OF DEFAULT PURSUANT**

**TO RULE 55A BY DEFENDANT JAMES M. INHOFE**

COMES now Plaintiff Stephen P. Wallace who replies to Defendants Opposition and

Motions to Dismiss stating as follows:

1)      As to Patrick Malloy III, who sold Plaintiff's Irrevocable Trust assets protected by

Spendthrift Clauses **without notice** to Plaintiff on 1/22/04 for **$57,700** with an actual value

exceeding $1 million thus guilty of criminal bankruptcy fraud, U.S. Treasury tax evasion and

breach of fiduciary. (Exhibit I, II & III)

2)      As to David Fist, who formed all the 1974 Irrevocable Trusts for all members of the

Wallace Family is also guilty of criminal collusion with co-defendants and conversion of U.S.

Treasury and Plaintiffs assets in Plaintiffs Irrevocable Trust on December 26, 1974.

described in Schedule A.

3)      On April 15, 1991, after Frank A. Wallaces' death in 1990, Fist and Defendants forced

the resignation of K. Scott Sallee, CPA and Executor of the Frank and Lorice TRUSTS and

altered the 1974 Irrevocable Trusts for the (4) children due to payout cash and real estate in

1994. (Exhibit IV & V) stating **"I have retained a copy of each instrument for my file."**

NOTE: All (4) Irrevocable Trusts for Plaintiffs and his three sisters and Schedule A containing the List of Assets in the Irrevocable Trusts have disappeared under Fist's legal representation including making the Irrevocable Trusts Revocable in 1991 and exposed to be penetrated by Defendant's long-term scam to fleece the Wallace Family $30 million Estate. (Exhibit VI)

4)    As to Joseph Watt, Gregory Frizzell, et al., state actor Defendants, Plaintiff's previous counsel, **Jerry E. Shiles, Esq.,** filed an Emergency Motion to Appoint a Receiver Pendente Lite on February 10, 2006. (Exhibit VII) and an Amended Emergency Motion and for Issuance of an Injunction on February 27, 2006. (Exhibit VIII)

5)    Defendant Watt denied said relief in criminal collusion with Defendants aka, the **Sooner Klan**. (Exhibit IX)

6)    On June 21, 2006, Plaintiff filed his Petition for Impeachment accompanied by the Demand of Rep. Lindley and NAACP Milton. (Exhibits X, XI & XII)

7)    Former Chief Justice of the Arizona Court of Appeals, John F. Molloy, confirmed said state court judicial collusion in his book. (Exhibit XIII)

8)    Plaintiff's former counsel, Jerry E. Shiles, Esq., is licensed to practice in the District of Columbia, but would be threatened with loss of his Oklahoma license and sanctions if he attempted to intervene on behalf of Plaintiff's (3) related cases in the District of Columbia.

9)    U.S. Magistrate Sam Joyner attempted to allow Plaintiff his federally protected constitutional rights to due process for Defendants' alleged fraud and conversion of over **$350,000** of life insurance proceeds due him upon his mother's psychothropic drug induces death by Defendants. (Exhibit XIV) aka Sooner Klan or "predator parasites."

10)    As to Defendants John Woolman and William Grimm, the Court is noticed of filing restrictions denying Plaintiff his due process rights wherein Magistrate Joyner is slapped down by then Judge Holmes, ruling in a case where he has <u>no</u> jurisdiction when the case was before

Judge Cook clearly aiding and abetting the criminal conversion of Plaintiff's assets, **under color of law** and **color of authority.** (Exhibit XV)

11)    In Northern District of Oklahoma Case No. 05-CV-197, Bohne v.Closings of Tulsa, John Woolman, the 50% owner of McGraw Realtors with William Grimm, are sued in a 2005 case which was filed after <u>criminal allegations</u> brought by the Inspector General of HUD were settled by a $450,000 payment, was recently reassigned to Gregory Frizzell on **2/7/07** and Dismissed <u>with Prejudice</u> on **2/8/07** to confirm criminal Sooner Klan activity in Oklahoma to this Court. (Exhibit XVI)

<u>NOTE</u>: Plaintiff was unable to retrieve the Complaint and Amended Complaint at the US Courthouse due to **"Security Violation – you do not have access rights to this program."**

12)    On August 16, 2005, Defendant Ronald J. Saffa, speaking on behalf **"For the Trustees"** stated "...the Trustees have no objection whatever," regarding an audit (Exhibit XVII) and therefore, NO OJBECTION can be sustained.

13)    Plaintiff fears Frizzell, also recently re-assigned to the Northern District of Oklahoma **Case No. 06-CV-249** TCK on **2/7/07** to Gregory Frizzell, will dismiss same <u>"with prejudice"</u> to criminally aid and abet his co-conspirator Defendants who were before him in the state court conversions of the Wallace Family Estate.

Wherefore, all premises considered and the Court have judicial notice and actual knowledge of uncontested Affidavits already of Record, Plaintiff moves the Court, in an abundance of caution, to enter a stay of all state court proceedings and for a preliminary injunction under authority of F.R.C.P. Rule 65; order a Receiver Pendente Lite; Issue the Order Compelling Forensic Audit by Dana Cole & Co., (Exhibit XVIII) and for the show cause contempt of court having on Gregory Frizell pursuant to 18 USC 401.

as:    A) Plaintiffs are likely to prevail should malfeasance/misfeasance be discovered

affecting U.S. Treasury and Plaintiff's assets.

3

B) Plaintiffs have no other remedy at law who have lost all due process rights in

Oklahoma

C) Public Interest will be served

D) Granting said relief will not only <u>not</u> prejudice the rights of any lawfully,

interested party, it will assist the Court to confirm who the real party in interest is

who has a de facto and de jure interest in the Wallace Family Estate.

**NOTICE OF DEFAULT** of **James M. Inhofe** pursuant to Rule 55A who was served on

1/11/07 with Return of Service on 1/17/07 and failed to answer by 1/31/07.

Respectfully submitted,

Stephen P. Wallace
6528 E. 101st, D-1 #304
Tulsa, OK 74133
(918) 694-1870

<u>Affidavit</u>

I swear/affirm the foregoing is true and correct to the best of my knowledge.

Stephen P. Wallace

State of Oklahoma    )
County of Oklahoma  )

Stephen P. Wallace appeared before me this 28th day of February, 2007,

Notary Public

<u>Certificate of Service</u>

I certify that on the ____ day of March, 2007, I mailed a copy to:
All Defendant's counsel of record
US Attorney Gonzales, Washington D.C.
Dana Cole & Co., Lincoln NE

Stephen P. Wallace

4

2808 N. Windsor Place
Oklahoma City, Ok 73127
Office 405-942-0062
Fax 405-942-0062
taxtime2808@yahoo.com

# Consult Tax Service, Inc.

February 1, 2007

## AFFIDAVIT

I, Jack T. Wellborn, a public accountant and tax preparer for 26 years, have examined the information furnished to me by the Trustee in Bankruptcy, Mr. Patrick J. Malloy III concerning the Stephen P. Wallace Bankruptcy Estate, EIN 75-6660560.

Copies of the tax returns for 2004 and 2005 filed by Mr. Malloy on behalf of the estate were furnished to us after I contacted Mr. Malloy on December 9, 2006. The returns were, thereafter, dated 12-10-2006 and 12-11-2006. I am not aware of any returns being filed for any prior years. On January 18, 2007 we contacted Ms. Lopez (#1802363) with IRS to inquire about the status of any filings made for the estate. She stated that she could not find any filings being made to date under the EIN 75-6660560, a clear breach of fiduciary responsibility and duty.

Mr. Wallace and I examined the returns and we both have questions concerning their accuracy. The returns include estimated amounts, amounts with no documentation, and the sale of real property and of trust ownership with no documentation to support these sales. As a trust has no true ownership. I would question this sale.

At this time, Mr. Wallace nor I have been furnished any documentation concerning any filings for prior years by the trustee and we both have questions concerning the filings for 2004 and 2005 as presented to us.

Mr. Wallaces' 5.77% in the Lorice T. Wallace Family Limited Partnership has been held by his 1996 Irrevocable Spendthrift Trust not the Lorice T. Wallace Trust as shown on the 2004 tax return, schedule D.

The returns as made by the trustee, Mr. Malloy seem to have very little basis and I would question their validity.

Sincerely,                                              State of Oklahoma    )
                                                                             ) SS.
                                                       County of Oklahoma )

Jack Wellborn                                          I swear/affirm the foregoing affidavit is true and
IRS #7805-33263R                                      correct to the best of my knowledge.


                                                       Jack T. Wellborn


Jack T. Wellborn appeared before me this 2nd day of February, 2007 and personally signed this Affidavit.

Notary Public

My Commission Expires 05-31-2009
Commission #05005056



**EXHIBIT**

**I**

2808 N. Windsor Place
Oklahoma City, Ok  73127
Office 405-942-0062
Fax 405-942-0062
taxtime2808@yahoo.com

# Consult Tax Service, Inc.

February 1, 2007                          Via: Priority Mail – Delivery confirmation

Department of the Treasury
Internal Revenue Service
PO Box 24015
Fresno, CA  93779-4015

Enclosed is a form 2848 signed by Mr. Stephen P Wallace, he has contacted me to bring his tax filings up to date.

He has received three letters from IRS concerning his 2004 tax return form 1040. I contacted the trustee in bankruptcy, Mr. Patrick J. Malloy III, Trustee on December 9, 2006 to request copies of tax returns filed in behalf of Mr. Wallace for 2004 and 2005. Mr. Wallace was under the impression that all of his tax filings were to be handled by the trustee.

I received both 2004 and 2005 tax returns filed under the EIN 75-6660560 some two weeks later. The returns were dated 12-10-06 and 12-11-06. Copies of these returns are included with this letter.

The returns I have compiled for Mr. Wallace have been done with a combination of information from IRS, Mr. Malloy and Mr. Wallace. There are discrepancies concerning the information turned in to the IRS and what was reported by the trustee in bankruptcy on the tax returns as filed.  Mr. Wallace states that he has never received any information, accounting or monies from the Trusts, the Family Partnership, nor his 1974 Irrevocable Trust whose assets he claims under penalty of perjury have disappeared through criminal conversion by the interim co-trustees and bankruptcy trustee, Patrick Malloy III.

I have to question the filing made by the trustee on schedule D for 2004 showing sale of trust ownership, as a trust has no owners. Mr. Wallace would like to request a complete forensic audit of the Wallace Family Estate by Dana Cole & Co., of Lincoln, Nebraska.

If you have any questions, please contact me at the above telephone number.

Sincerely,

Jack Wellborn
IRS #7805-33263R

Acknowledged:

Stephen P Wallace          2/1/07

EXHIBIT
II

Department of the Treasury — Internal Revenue Service

**Form 1041**   **U.S. Income Tax Return for Estates and Trusts**   **2004**   OMB No. 1545-0092

For calendar year 2004 or fiscal year beginning _____, 2004 and ending _____

**A** Type of entity (see instr):
- [ ] Decedent's estate
- [ ] Simple trust
- [ ] Complex trust
- [ ] Qualified disability trust
- [ ] ESBT (S portion only)
- [ ] Grantor type trust
- [X] Bankruptcy estate — Chapter 7
- [ ] Bankruptcy estate — Chapter 11
- [ ] Pooled income fund

Name of estate or trust (If a grantor type trust, see instructions.)

Stephen Paul Wallace Bankruptcy Estate (Case No. 01-19481TS)

Name and title of fiduciary

Patrick J. Malloy III, Trustee

Number, street, and room or suite number (If a P.O. box, see instr)

111 W. 5th St. - Suite 700

City or town, state, and ZIP code

Tulsa                                    OK  74103

**C** Employer identification number
75-6660560

**D** Date entity created
09/13/01

**E** Nonexempt charitable and split-interest trusts, check applicable boxes (see instr):
- [ ] Described in section 4947(a)(1)
- [ ] Not a private foundation
- [ ] Described in section 4947(a)(2)

COPY

**B** Number of Schs K-1 attached (see instructions) ▶  0

**F** Check applicable boxes:
- [ ] Initial return
- [ ] Final return
- [ ] Amended return
- [ ] Change in fiduciary
- [ ] Change in fiduciary's name

- [ ] Change in trust's name
- [ ] Change in fiduciary's address

**G** Pooled mortgage account (see instructions): [ ] Bought [ ] Sold  Date: _____

| | | |
|---|---|---|
| **Income** | 1 Interest income | 1 |
| | 2a Total ordinary dividends | 2 |
| | b Qualified dividends allocable to: (1) Beneficiaries _____ (2) Estate/trust _____ | |
| | 3 Business income or (loss) (attach Schedule C or C-EZ (Form 1040)) | 3 |
| | 4 Capital gain or (loss) (attach Schedule D (Form 1041)) | 4 |
| | 5 Rents, royalties, partnerships, other estates and trusts, etc (attach Schedule E (Form 1040)) | 5 |
| | 6 Farm income or (loss) (attach Schedule F (Form 1040)) | 6 |
| | 7 Ordinary gain or (loss) (attach Form 4797) | 7 |
| | 8 Other income. List type and amount _____ | 8 |
| | 9 **Total income.** Combine lines 1, 2a, and 3 through 8 ▶ | 9 |
| **Deduc-tions** | 10 Interest. Check if Form 4952 is attached ▶ [ ] | 10 |
| | 11 Taxes | 11 |
| | 12 Fiduciary fees | 12 |
| | 13 Charitable deduction (from Schedule A, line 7) | 13 |
| | 14 Attorney, accountant, and return preparer fees | 14 |
| | 15a Other deductions **not** subject to the 2% floor (attach schedule) | 15a |
| | b Allowable miscellaneous itemized deductions subject to the 2% floor | 15b |
| | 16 **Total.** Add lines 10 through 15b | 16 |
| | 17 Adjusted total income or (loss). Subtract line 16 from line 9. Enter here and on Schedule B, line 1 ▶ | 17 |
| | 18 Income distribution deduction (from Schedule B, line 15) (attach Schedules K-1 (Form 1041)) | 18 |
| | 19 Estate tax deduction (including certain generation-skipping taxes) (attach computation) | 19 |
| | 20 Exemption | 20 |
| | 21 **Total deductions.** Add lines 18 through 20 ▶ | 21 |
| **Tax and Payments** | 22 Taxable income. Subtract line 21 from line 17. If a loss, see instructions | 22 |
| | 23 **Total tax** (from Schedule G, line 7) | 23 |
| | 24 Payments: a 2004 estimated tax payments and amount applied from 2003 return | 24a |
| | b Estimated tax payments allocated to beneficiaries (from Form 1041-T) | 24b |
| | c Subtract line 24b from line 24a | 24c |
| | d Tax paid with extension of time to file: [ ] Form 2758 [ ] Form 8736 [ ] Form 8800 | 24d |
| | e Federal income tax withheld. If any is from Form(s) 1099, check ▶ [ ] | 24e |
| | Other payments: f Form 2439 _____; g Form 4136 _____; Total ▶ | 24h |
| | 25 **Total payments.** Add lines 24c through 24e, and 24h ▶ | 25 |
| | 26 Estimated tax penalty (see instructions) | 26 |
| | 27 **Tax due.** If line 25 is smaller than the total of lines 23 and 26, enter amount owed | 27 | 0. |
| | 28 **Overpayment.** If line 25 is larger than the total of lines 23 and 26, enter amount overpaid | 28 |
| | 29 Amount of line 28 to be: a Credited to 2005 estimated tax ▶ ; b Refunded ▶ | 29 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ _____ Signature of fiduciary or officer representing fiduciary   Date

▶ _____ EIN of fiduciary if a financial institution

May the IRS discuss this return with the preparer shown below (see instrs)? [ ] Yes [ ] No

**Paid Preparer's Use Only**

| | | |
|---|---|---|
| Preparer's signature ▶ | Date 12/10/06 | Check if self-employed ▶ [ ] |
| | | Preparer's SSN or PTIN P00568064 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | BARNES & BARNES, INC. | EIN 73-1495002 |
| | 7030 S YALE AVE. - SUITE 104 | Phone number (918) 492-2993 |
| | TULSA                    OK  74136 | |

BAA For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

FIFA0112  01/18/05

Form 1041 (2004)

EXHIBIT
III

**SCHEDULE D**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service   (99)

**Capital Gains and Losses**

► Attach to Form 1040.   ► See Instructions for Schedule D (Form 1040).
► Use Schedule D-1 to list additional transactions for lines 1 and 8.

OMB No. 1545-0074

**2004**

12

Name(s) shown on Form 1040

Stephen P Wallace

Your social security number

75-6660560

## Part I   Short-Term Capital Gains and Losses — Assets Held One Year or Less

| (a) Description of property (Example: 100 shares XYZ Co) | (b) Date acquired (Mo, day, yr) | (c) Date sold (Mo, day, yr) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) Gain or (loss) Subtract (e) from (d) |
|---|---|---|---|---|---|
| **1** | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| | | |
|---|---|---|
| **2** Enter your short-term totals, if any, from Schedule D-1, line 2 ... | **2** | |
| **3** Total short-term sales price amounts. Add lines 1 and 2 in column (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | |
| **4** Short-term gain from Form 6252 and short-term gain or (loss) from Forms 4684, 6781, and 8824 . . . . . . . . . . . | **4** | |
| **5** Net short-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 ... | **5** | |
| **6** Short-term capital loss carryover. Enter the amount, if any, from line 8 of your **Capital Loss Carryover Worksheet** in the instructions . . . . . . . . . . . . . . . . . . . . . | **6** | |
| **7** Net short-term capital gain or (loss). Combine lines 1 through 6 in column (f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7** | |

## Part II   Long-Term Capital Gains and Losses — Assets Held More Than One Year

| (a) Description of property (Example: 100 shares XYZ Co) | (b) Date acquired (Mo, day, yr) | (c) Date sold (Mo, day, yr) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) Gain or (loss) Subtract (e) from (d) |
|---|---|---|---|---|---|
| **8** SALE OF REAL PROPERTY | 09/13/01 | 01/09/04 | 112,970. | 167,500. | -54,530. |
| 5.77% OF LORICE T. WALLACE TRUST | 09/13/01 | 01/22/04 | 57,700. | 402,077. | -344,377. |
| | | | | | |
| | | | | | |
| | | | | | |

| | | |
|---|---|---|
| **9** Enter your long-term totals, if any, from Schedule D-1, line 9 . . . . | **9** | |
| **10** Total long-term sales price amounts. Add lines 8 and 9 in column (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10** | 170,670. |
| **11** Gain from Form 4797, Part I; long-term gain from Forms 2439 and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | |
| **12** Net long-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 . . . . . | **12** | 317. |
| **13** Capital gain distributions. See instrs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13** | |
| **14** Long-term capital loss carryover. Enter the amount, if any, from line 13 of your **Capital Loss Carryover Worksheet** in the instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14** | -2,971. |
| **15** Net long-term capital gain or (loss). Combine lines 8 through 14 in column (f). Then go to Part III on page 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **15** | -401,561. |

**BAA For Paperwork Reduction Act Notice, see Form 1040 instructions.**

Schedule **D** (Form 1040) 2004

# ROSENSTEIN, FIST & RINGOLD

ATTORNEYS AT LAW

THIRD FLOOR

525 SOUTH MAIN

TULSA, OKLAHOMA 74103

(918) 585-9211

FACSIMILE

(918) 583-5617

DAVID L. FIST
A. F. RINGOLD
COLEMAN L. ROBISON
GENE L. MORTENSEN
J. DOUGLAS MANN
JOHN G. MOYER, JR
JOHN E. HOWLAND
STEVEN K. BUNTING
JERRY L. ZIMMERMAN
JERRY A. RICHARDSON
MARK S. RAINS
FREDERICK J. HEGENBART

ANDREA K. ALLBRITTON
JANN S. BAYLISS
ERIC P. NELSON
MARGARET S. MILLIKIN
DOUGLAS M. BOROCHOFF

KAREN L. LONG
OF COUNSEL

C. H. ROSENSTEIN (1893-1990)
HENRY L. FIST (1893-1976)

July 10, 1991

Mrs. Lorice Wallace
4610 South Zunis
Tulsa, OK  74105

Dear Lorice:

Confirming our telephone conversation on July 2, I am enclosing a letter to be signed by K. Scott Sallee in which he declines to serve as a successor co-trustee of Frank's revocable trust and your revocable trust.

Would you please have Stephen take this letter to Mr. Sallee, obtain his signature on all of the copies and send one (1) signed copy to me.  You will need to take another signed copy to the young lady at F & M Bank so she can complete the stock transfer pursuant to my letter to her, a copy of which is enclosed.

As a result of Sallee's resignation, you will be the sole trustee of Frank's trust during your lifetime.  You will continue to be the sole trustee of your trust during your lifetime.  If you become unable to manage the trust during your lifetime, then Stephen will become the trustee.  If you die, then Stephen and Pat Gage will become co-trustees of your trust.  You may want to change this as far as your trust is concerned and if you do, please give me a call.

I hope this will straighten everything out but if you have any questions, please let me hear from you.

With kind personal regards,

Yours very truly,

David L. Fist
FOR ROSENSTEIN, FIST & RINGOLD

DLF:mm

Enclosures



### ROSENSTEIN, FIST & RINGOLD
ATTORNEYS AT LAW
THIRD FLOOR
525 SOUTH MAIN
TULSA, OKLAHOMA 74103
(918) 584-9211

FACSIMILE
(918) 583-5617

DAVID L. FIST
A. F. RINGOLD
COLEMAN L. ROBISON
GENE L. MUHLENSEN
J. DOUGLAS MANN
JOHN G. MOYER, JR.
JOHN E. HOWLAND
STEVEN K. BUNTING
JERRY L. ZIMMERMAN
JERRY A. RICHARDSON
MARK S. RAINS
FREDERICK J. HEGENBART

ANDREA K. ALLERITTON
JANN S. BAYLISS
ERIC F. NELSON
MARGARET S. MILLIKIN
DOUGLAS M. BOROCHOFF
KAREN L. LONG
OF COUNSEL
C. H. ROSENSTEIN (1893-1990)
HENRY L. FIST (1897-1976)

April 15, 1991

<u>For Pick Up At His Request By
Stephen Paul Wallace</u>

Mrs. Lorice Wallace
Tulsa, OK

Dear Lorice:

RE:     Steven Paul Wallace Trust
        Lisa Frances Wallace Trust
        Mary Roma Wallace Trust
        Patricia Wallace Patton (now Hastings) Trust

I am enclosing multiple copies of the fully executed and notarized resignation of K. Scott Sallee and appointment of Mary Roma Wallace Jago, Patricia Wallace Hastings and Stephen Paul Wallace as Successors Trustees for each of the captioned trusts.

As to the Lisa Frances Wallace Trust, this instrument was originally prepared to designate <u>only</u> Patricia and Stephen as Successor Trustees; however, I note that Mary Roma also signed the instrument as a Successor Trustee. Accordingly, I have added her name to the text of the instrument as a Successor Trustee.

The enclosed copies are for your file. You can give copies to Patricia, Stephen and Mary Roma if you desire to do so. The instrument does not have to be filed for record or recorded. I have retained a copy of each instrument for my file.

With kind personal regards,

Yours very truly,

David L. Fist
FOR ROSENSTEIN, FIST & RINGOLD

DLF:mm
Enclosures


EXHIBIT
V

## RESIGNATION AND APPOINTMENT OF SUCCESSOR TRUSTEE

### OF THE

### STEPHEN PAUL WALLACE TRUST

This Resignation and Appointment of Successor Trustee of the Stephen Paul Wallace Trust is executed this 28th day of March, 1991.

### Recitals:

1.      The Stephen Paul Wallace Trust ("Trust") was created pursuant to an Irrevocable Trust Agreement ("Agreement") executed by and between Frank A. Wallace and Lorice T. Wallace, as grantors, and The First National Bank and Trust Company of Tulsa, as original trustee, on December 26, 1974.

2.      Article VI(c) of the Agreement provides that the trustee of the Trust or any successor trustee may appoint any person, firm or corporation, other than the grantors (or either of them) as successor trustee.

3.      In December of 1976, the First National Bank and Trust Company of Tulsa resigned as original trustee of said Trust and appointed Earl J. Cherry as successor trustee of said Trust pursuant to Article VI(c) of the Agreement.

4.      On November 6, 1985, Earl J. Cherry resigned as successor trustee of said Trust and appointed Jay Scott as successor trustee of said Trust pursuant to Article VI(c) of the Agreement.

5.      On February 26, 1987, Jay Scott resigned as successor trustee of said Trust and appointed K. Scott Sallee ("Sallee") as



EXHIBIT
VI

successor trustee of said Trust pursuant to Article VI(c) of the Agreement.

6.      Sallee desires to resign as successor trustee of the Trust and to appoint MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE as successor trustees of the Trust pursuant to Article VI(c) of the Agreement.

        NOW THEREFORE:

1.      Pursuant to Article VI(b) of the Agreement, Sallee hereby resigns as successor trustee of the Trust effective as of the date hereof, and, pursuant to Article VI(c) of the Agreement, Sallee hereby appoints MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE as successor trustees of the Trust.

2.      MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE hereby consent to and accept their appointment as successor trustees of the Trust and agree to discharge all duties and responsibilities as trustees of the Trust as provided for in the Agreement.

K. SCOTT SALLEE

MARY ROMA WALLACE JAGE

PATRICIA WALLACE HASTINGS

STEPHEN PAUL WALLACE

(Resigning Successor Trustee)       (Appointed Successor Trustees)

2

## Acknowledgments

STATE OF OKLAHOMA                    )
                                     )          SS:
County of Tulsa                      )

The foregoing was executed and acknowledged before me, a Notary
Public, this 28th day of March, 1991, by K. SCOTT SALLEE.

_____
Notary Public

My Commission expires:
_____3-25-92_____

(SEAL)

STATE OF OKLAHOMA                    )
                                     )          SS:
County of Tulsa                      )

The foregoing was executed and acknowledged before me, a Notary
Public, this 28th day of March, 1991, by MARY ROMA WALLACE JAGE,
PATRICIA WALLACE HASTINGS and STEPHEN PAUL WALLACE.

_____
Notary Public

My Commission expires:
_____3-25-92_____

(SEAL)

DLF:Wallace-Res1                    3

FILED
SUPREME COURT
STATE OF OKLAHOMA

**IN THE SUPREME COURT OF OKLAHOMA**     FEB 1 0 2006

Ronald Saffa and Trust Company of Oklahoma, )
Interim Successor Trustees,                                        )

MICHAEL S. RICHIE
CLERK

|                                             |     |              |
|---------------------------------------------|-----|--------------|
|                                             | )   |              |
|            Plaintiffs/Appellees             | )   | PT-2002-56   |
|                                             | )   |              |
| vs.                                         | )   | Frizzell     |
|                                             | )   |              |
|                                             | )   | #102,521     |
|                                             | )   |              |
| Lorice T. Wallace Trust of 1974,            | )   | Supreme Court|
|                                             | )   |              |
|    Defendant Beneficiary/Appellant.         | )   |              |

## EMERGENCY MOTION TO APPOINT A RECEIVER PENDENTE LITE

Comes now Jerry E. Shiles, on behalf of the law firm of Parman & Easterday,
LLP, legal counsel for the Lorice T. Wallace Trust of 1974, the Stephen P. Wallace
Irrevocable Trusts of 1974 and 1996, the Lorice T. Wallace Family Limited Partnership,
and the Frank A. Wallace Revocable Trust dated December 27, 1974, and moves the
Court to exercise its equitable powers under 60 O.S. § 175.57, "in an abundance of
caution", and appoint a receiver pursuant to  12 O.S. § 1551, and issue an injunction
prohibiting the transfer of any assets owned by the estates or trusts of Frank A. Wallace
or Lorice T. Wallace, and the Lorice T. Wallace Family Limited Partnership, and in
support thereof alleges and states as follows:

1.       Plaintiffs/Appellees, Ronald Saffa ("Saffa") and Trust Company of
Oklahoma ("TCO") became interim trustees of the Lorice T. Wallace Revocable Trust of
1974, as restated October 5, 1993, and amended February 12, 1998, the Lorice T.
Wallace Irrevocable Trust, dated February 8, 1996, and the General Partner of the Lorice



1

T. Wallace Family Limited Partnership, upon the forced resignation of Lorice T. Wallace as Trustee on November 3, 1999, under duress.

2.      Since that time, it has been alleged by the beneficiaries of the aforementioned trusts and estates that Plaintiffs/Appellees have taken the following actions or initiated court actions to accomplish the following objectives:

a.      To have Lorice T. Wallace declared incapacitated after she resisted such efforts in Tulsa County District Court Case No. CJ-2000-1684, and Oklahoma Supreme Court Case No. 94,556. Said actions were involuntarily dismissed when Lorice T. Wallace "agreed" to the appointment of a guardian on May 9, 2000.

b.      To defeat the directives of Lorice T. Wallace to terminate their services on March 13, 2000.

c.      Frustrated the transfer of approximately $2,180,000.00 to the proper accounts pursuant to a  contract for sale with SEAYCO, jeopardizing security of the $2,540,000.00 remaining payment on or about April 11, 2000.

d.      Continuously and wrongfully refused to furnish complete accounting information, as required by the Lorice T. Wallace Family Limited Partnership agreement and in violation of 54 O.S. § 151(a), to rightful requesting parties, i.e., Stephen P. Wallace and those acting on his behalf and on behalf of the Stephen P. Wallace Irrevocable Trusts of 1974 and 1996.

e.      Disposed of limited partnership property and capital assets by consenting to the taking of property of the Lorice T. Wallace Family Limited Partnership, without written consent or ratification by all limited partners, in Tulsa County District

2

Court Case No. CJ-99-2375, styled *City of Bixby v. Lorice T. Wallace, et al.*, in violation of 54 O.S. § 150(3).

  f. By creating and enforcing agreements by which TCO and Saffa may be reimbursed from partnership assets for actions against the said TCO and Saffa for breach of their fiduciary obligations to the partnership and the limited partners.

  g. Mislead or otherwise prevented Sheriff Stanley Glanz, as Receiver, from fulfilling his duties as set forth in the Order Appointing Receiver file-stamped October 6, 2003, in that the funds to be received in that capacity were never deposited into the general fund of Tulsa County (on or about December 20, 2004), as required by said Order, nor was a formal accounting ever provided to Sheriff Glanz or to Stephen Wallace.  This matter has since been referred to the Oklahoma State Bureau of Investigation.

  h. Sold or attempted to sell realty purportedly owned by the Lorice T. Wallace Family Limited Partnership, when said property was actually owned by Frank A. Wallace and Lorice T. Wallace, which sale was approved by District Judge Gregory K. Frizzell from which this appeal was taken.

  i. Failed to provide an accounting for an audit to be conducted by Dana F. Cole & Company, L.L.P. as requested by co-beneficiary Mary Roma Jage, and indirectly in a letter submitted to Chief Justice Joseph Watt by Arvest Trust Co., N.A.("Arvest") on November, 18, 2005.

  j. Improperly transferred ten (10) properties from the Frank A. Wallace Trust to the Lorice T. Wallace Trust after the estate tax return for the former was

filed, or should have been filed, potentially causing these properties to be subject to double estate taxation.

3.     The allegations in paragraph 2, if found to be true, constitute misconduct, waste, mismanagement, and misapplication or improper disposition of the funds and assets of the family limited partnership.

4.     Title 12 O.S. § 155 provides for the appointment of a receiver in an action "between partners or others jointly owning or interested in any property or fund" on the application of "any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." Further, said statute, in paragraph 6, allows the appointment in "all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

5.     A receiver may be appointed in cases involving trust property. In *Grohoma Growers Ass'n v. Tomlinson*, 76 P.2d 404 (Okla. 1938), a court in equity properly appointed a receiver of a business trust, though no final judgment between the parties was sought, and though there was no allegation of insolvency or absence of adequate remedy at law, where a majority of trustees were mismanaging the trust and refused to permit the minority trustee and others to have access to records to investigate the conditions of the trust.

6.     In the instant case, Saffa and TCO have willfully attempted to thwart the access of Stephen P. Wallace, Trustee for the Stephen P. Wallace Irrevocable Trust of February 8, 1996 and a limited partner of the Lorice T. Wallace Family Limited

Partnership, to accounting data required under the trust and partnership documents. Paragraph 16 of the partnership agreement requires the general partner to "maintain and allow inspection of complete and accurate records of account in which shall be entered fully and accurately all transactions" of the partnership.

7.    Due to the reluctance of Saffa and TCO to supply said accounting information, their failure to comply with the wishes of the former trustee, their refusal to accept their removal as trustee, and all the allegations contained in paragraph 2, a receiver should be appointed *pendent lite* and an injunction against the transfer of any properties owned by Frank A. Wallace, Lorice T. Wallace, or any entity created by or owned by them., to protect and preserve the trust property until final determination of this case.

8.    Due to the size and complexity of the Partnership property, the receiver should possess the qualifications of a successor trustee or be associated with an institution which qualifies as a successor trustee.

9.    Arvest has the requisite experience, skill, staff and resources to provide secure custodial services as a receiver until final disposition of this case. Arvest has expressed a willingness to perform in such capacity.

WHEREFORE, Movant, Parman & Easterday, LLP, requests that this matter be heard on _____, 2006, at _____ o'clock, ____.m., or as soon thereafter as practical. Further, movant prays that after due notice and hearing that this Court appoint a Receiver, Arvest Bank, N.A., as agent for trust service, enjoin the transfer of any assets owned by Frank A. Wallace or Lorice T. Wallace or any entity created or owned them, order the transfer of the assets of said trusts and the Family

Limited Partnership to said Receiver, require a forensic accounting by Dana F. Cole & Company, L.L.P. as already agreed to by the interim trustees, and allow an investigative audit of said partnership.

Respectfully submitted,

Jerry E. Shiles, OBA No. 18319
**Parman & Easterday, LLP**
**Attorneys & Counselors at Law**
3545 NW 58th Street, Suite 400
Oklahoma City, OK 73112
Telephone:  (405) 917-7013
Facsimile:   (405) 917-7018

6

**FILED**
SUPREME COURT
STATE OF OKLAHOMA

FEB 13 2006

MICHAEL S. RICHIE
CLERK

# IN THE SUPREME COURT OF OKLAHOMA

Ronald Saffa and Trust Company of Oklahoma, )
Interim Successor Trustees, )

        **Plaintiffs/Appellees**

vs.

Lorice T. Wallace Trust of 1974,

        **Defendant Beneficiary/Appellant.**

)
)
)
)
)
)
)
)
)
)

PT-2002-56

Frizzell

#102,521

Supreme Court

**FILED**
DISTRICT COURT

FEB 24 2006

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## AFFIDAVIT OF SERVICE

I swear/affirm that on this 11th day of February, 2006, I faxed a file-stamped copy of the SPECIAL ENTRY OF APPERANCE and the EMERGENCY MOTION TO APPOINT A RECEIVER PENDENTE LITE on behalf of the law firm of Parman & Easterday, LLP which was inadvertently omitted in the February 10, 2006 filing, to the following counsel of record.

                                   *Stephen P. Wallace*
                                   Stephen P. Wallace

State of Oklahoma
County of ~~Oklahoma~~ Cleveland ss

## NOTARY

    Stephen P. Wallace appeared before me this /1 day of February, 2006 and signed the Affidavit of Service.

My commission expires 02/07/10 .                   Notary

GINGER BOBO
NOTARY
# 02042222
EXP. 02/07/10
STATE PUBLIC
OF OKLAHOMA

Joan Godlove
2121 S. Columbia
Tulsa, Oklahoma

James Milton
220 S. Boston
Tulsa, Oklahoma

James Poe
111 W. 5th
Tulsa Oklahoma

James Weger
3800 First Tower
Tulsa, Oklahoma

## IN THE SUPREME COURT OF OKLAHOMA

Ronald Saffa and Trust Company of Oklahoma, )
Interim Successor Trustees, )
                                         )
        **Plaintiffs/Appellees** )
                                           )
vs. )
                                           )
                                           )
Lorice T. Wallace Trust of 1974, )
                                           )
    **Defendant Beneficiary/Appellant.** )

PT-2002-56

Frizzell

#102,521

Supreme Court

FILED
SUPREME COURT
STATE OF OKLAHOMA
FEB 2 7 2006
MICHAEL S. RICHIE
CLERK

DISTRICT COURT
FILED
FEB 2 7 2006
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### AMENDED EMERGENCY MOTION TO APPOINT A RECEIVER PENDENTE LITE AND FOR ISSUANCE OF AN INJUNCTION

Comes now Jerry E. Shiles, on behalf of the law firm of Parman & Easterday, LLP, legal counsel for the Stephen P. Wallace Irrevocable Trusts of 1974 and 1996, and moves the Court to exercise its equitable powers under 60 O.S. § 175.57, "in an abundance of caution", and appoint a receiver pursuant to 12 O.S. § 1551, and issue an injunction prohibiting the transfer of any assets owned by the estates or trusts of Frank A. Wallace or Lorice T. Wallace, and the Lorice T. Wallace Family Limited Partnership. In support thereof, counsel requests the Court take the following actions:

    1.    Requests that the Court adopt all material allegations contained hereinbefore in the pleadings filed February 10, 2006.

    2.    Requests that the Court take judicial notice of all exhibits previously filed in Supreme Court Cases No. 98,843, No. 102,346 and No. 102,813, and, in particular, the chronological attached exhibits never objected to and thus are confessed as true (Exhibits 1 through 9).



EXHIBIT
VIII



RECEIVED
CAPITOL OFFICE
FEB 2 7 2006
#4
ATTORNEY GENERAL

1

Further in support thereof, counsel alleges and states that the requested injunction should issue because of:

1.    The risk of irreparable harm;

2.    Abuse of discretion;

3.    The interests of justice will be furthered; and

4.    No party will be prejudiced by this action.

WHEREFORE, Movant, Parman & Easterday, LLP, requests that this matter be heard on _____, 2006, at _____ o'clock, _____.m., or as soon thereafter as practical.  Further, movant prays that after due notice and hearing that this Court appoint a Receiver, Arvest Bank, N.A., as agent for trust service, enjoin the transfer of any assets owned by Frank A. Wallace or Lorice T. Wallace or any entity created or owned them, order the transfer of the assets of said trusts and the Family Limited Partnership to said Receiver, require a forensic accounting by Dana F. Cole & Company, L.L.P. as already agreed to by the interim trustees, and allow an investigative audit of said partnership.

Respectfully submitted,

Jerry E. Shiles, OBA No. 18319
**Parman & Easterday, LLP**
**Attorneys & Counselors at Law**
3545 NW 58th Street, Suite 400
Oklahoma City, OK 73112
Telephone:  (405) 917-7013
Facsimile:   (405) 917-7018

2

STATE OF OKLAHOMA    )
                     ) ss:
COUNTY OF OKLAHOMA )

## AFFIDAVIT

I, Jerry E. Shiles, of lawful age and being duly sworn on oath, state that I have reviewed all material evidence which gives rise to the hereinbefore allegations warranting the Appointment of Receiver Pendente Lite and for Issuance of an Injunction under 60 O.S. § 175.57 and that the same is true and correct to the best of my knowledge and belief.

Jerry E. Shiles, OBA No. 18319
**Parman & Easterday, LLP**
**Attorneys & Counselors at Law**
3545 NW 58th Street, Suite 400
Oklahoma City, OK 73112
Telephone: (405) 917-7013
Facsimile:  (405) 917-7018

STATE OF OKLAHOMA         )
                          ) SS
COUNTY OF OKLAHOMA        )

Before me, the undersigned, in and for said county and state, on February 27, 2006, personally appeared Jerry E. Shiles, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that such person executed the same as such person's free and voluntary act and deed for the uses and purposes therein set forth.

Dated: February 27, 2006.

Notary Public

DEBRA J. TULLY
Notary Public
State of Oklahoma
Commission # 06014393 Expires 9/2/08

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of February, 2006, a true and correct copy of the above and foregoing document was hand delivered to the following:

Joan Godlove
2121 S. Columbia #500
Tulsa, OK 74114

James Milton
320 S. Boston #500
Tulsa, OK 74103

James Poe, Esq.
111 West 5th
Tulsa, OK 74103

Attorney General Drew Edmondson
Oklahoma State Capitol
2300 N. Lincoln Boulevard
Oklahoma City, OK 73105

_____
Jerry E. Shiles

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IN RE: THE LORICE T. WALLACE )
REVOCABLE TRUST dated )
December 26, 1974 and as amended; )
)
STEPHEN P. WALLACE, )
)
       Appellant, )
)
v. )   No. 102,521
)
THE TRUST COMPANY OF OKLAHOMA, )
and RONALD J. SAFFA, )
)
       Appellees. )

FILED
SUPREME COURT
STATE OF OKLAHOMA

MAR 2 7 2006

MICHAEL S. RICHIE
CLERK

## ORDER

Appellant's Emergency Motion and Amended Emergency Motion to Appoint a Receiver Pendente Lite are denied. Such a request is outside the scope of the issues which are properly a part of this appeal. This appeal is limited to the issues before the trial court when the trial court approved the sale of certain real property in the August 26, 2005 order in case No. PT-2002-56. *Frey v. Independence Fire & Casualty Co.*, 1985 OK 25, 698 P.2d 17.

The court notes that appellant also made this same request for appointment of a receiver in *Wallace v. The Honorable Gregory K. Frizzell*, Supreme Court Case No. 102,813, wherein this Court declined to assume original jurisdiction.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27th DAY OF MARCH, 2006.

_____
CHIEF JUSTICE

WATT, C.J., LAVENDER, OPALA, KAUGER, EDMONDSON, and COLBERT, JJ. - Concur


EXHIBIT
IX



# OKLAHOMA HOUSE OF REPRESENTATIVES
## HOUSE SPEAKER TODD HIETT
## 2300 N. LINCOLN BLVD.
## OKLAHOMA CITY, OK 73105

**SPEAKER'S OFFICE
RECEIVED**

'JUN 2 1 2006

## PETITION FOR JUDICIAL IMPEACHMENT

Pursuant to Article 8, Section 1 of the Constitution of Oklahoma, **Lisa F. Wallace**, a developmentally disabled person, by and through her next friend, Stephen P. Wallace; **Stephen P. Wallace**, individually **and all those similarly situated,** Petition the Oklahoma House of Representatives, by and through the Speaker of the House, Todd Hiett, his successors or assigns, to levy Articles of Impeachment upon:

I)      Oklahoma Supreme Court **Chief Justice Joseph Watt**

II)     Tulsa County **Presiding District Judge Gregory Frizzell**

III)    Tulsa County **District Judge Ronald Shaffer**

and Removal From Office for:

a)      **willful neglect of duty**

b)      **corruption in office**

c)      **incompetency**

**RECEIVED**

JUN 2 1 2006

LT. GOVERNOR
MARY FALLIN

d)      **Willful and wanton offenses involving moral turpitude thus violating their oath of office and code of ethics, all committed while in office.**

e)      **Utilizing tax payer owned buildings, FF&E and courthouse personnel in commission of a crime.**

f)      **Compounding a felony.**

*Received
June 22, 2006
Senator James Inhofe
DN*

*Received
June 22, 2006 Tom Coburn
Senator
file C*

**EXHIBIT
X**

1

Petitioners allege and state as follows:

1) On <u>March 24, 2005</u>, a **COMPLAINT** was delivered and received by the Office of the House Speaker, **Todd Hiett**. (Exhibit A), with a copy delivered to Judiciary Chairman **Fred Morgan**.

2) The COMPLAINT submitted verified uncontested evidence of <u>criminal fraud, corruption</u> and <u>collusion by Judges Gregory Frizzell, Ronald Shaffer</u> and <u>Ronald Stubblefield</u> with a copy to Andrew Spiropoulos.

3) The COMPLAINT has never been addressed nor acknowledged after receipt.

4) On <u>September 9th and 20th of 2004</u>, Judge Frizzell violated Oklahoma Criminal Law **21 0.S. 421** to charge petitioner with a false crime and ordered incarceration to eliminate petitioners from disrupting Frizzell's, et. al., criminal conversion and embezzlement of the Wallace Family's $30 million estate. (See *State of Oklahoma vs. Tulsa County District Judge James Hogue in Criminal Case No. CF 97 1766 Re: Trustee Embezzlement*)

5) On <u>September 7, 2005</u>, Petitioners appealed the blatant criminal conversion of the Wallace Family irreplaceable and unique realty by Judge Frizzell,in collusion with the Attorneys of Record under color of law and under color of authority in Oklahoma Supreme Court **Case No. 102521.**

6) On <u>February 10, 2006</u>, Petitioner's Special Counsel, Parman & Easterday, LLP, filed their Emergency Motion to Appoint a Receiver Pendente Lite and their Amended Emergency Motion to appoint a Receiver Pendente Lite and for Issuance of an Injunction in Oklahoma Supreme Court **Case No. 102521** which Chief Justice Watt, <u>after judicial notice and actual knowledge</u> of the criminal conversion scheme, denied and forced Plaintiff to file his brief under duress after denying petitioners counsel the right to do so. (Exhibits B & C)

2

NOTE: Chief Justice Watt is in "**adverse possession**" of the Chief Justice position pending the outcome of the case Oklahoma Supreme Court Justice **Marian P. Opala** v. Chief Justice **Joseph Watt,** et.al. in US District Court for the Western District of Oklahoma in Case No. **CIV-04-1771-B** for additional and separate allegations of collusion by Chief Justice Watt to permanently disallow Justice Opala his progeny and line of succession as Chief Justice, costing taxpayers millions of dollars and a potential myriad of reversed decisions for lack of subject matter jurisdiction.

7) Judge Frizzell and his alleged co-conspirator attorneys of record in Oklahoma Supreme Court Case Nos. 101,164 and 102,346 seek to aid and abet the criminal conversion of the Wallace Family unique and irreplaceable realty in alleged collusion with the Chief Justice Watt, Supreme Court Referee, Barbara Swimley and the Attorneys'; James Milton, James Poe, James Weger, Ronald Saffa, Reece Morrel, Reuben Davis, Kenneth Crump and OBA President, William Grimm.

8) Judge Shaffer allegedly colluded with the attorneys of record in Oklahoma Supreme Court Case **No. 98,843** to deny Petitioners' an accounting of their Estate and has now confirmed his alleged criminal collusion and incarceration of Lisa F. Wallace in Oklahoma Supreme Court Case **No. 102,931,** sanctioning Petitioners attorney's for their Entry of Appearances and Briefing resulting in their withdrawal from the cases.

9) Judge Frizzell and Judge Shaffer, in conspiracy with the aforementioned Attorney's of Record, have now allegedly colluded to entrap the Honorable Stanley Glanz's office into their alleged criminal collusion effort in Tulsa County **Case No. CJ-2006-551** which has a **Grand Jury** Emergency Motion pending before Tulsa County District Judge Deborah Shallcross. (Exhibit D.)

## REMEDY SOUGHT

PETITIONERS' **DEMAND** the House Speaker deliver this Petition to the House of Representatives this 21st day of June, 2006 which has "constitutional responsibility" to **"present"** the instant Petition for Judicial Impeachment, to the Senate  sua sponte and instanter, for the aforementioned arbitrary and capricious behavior, under color of law and under color of authority (Exhibits E & F)

Stephen P. Wallace,
Individually, as next friend of
Lisa F. Wallace, and for all
those similarly situated

## VERIFICATION

I swear or affirm that I have prepared the Complaint/Petition herein and It is true and correct to the best of my knowledge

Stephen P. Wallace
6528 E. 101st, D-1, # 304
Tulsa, OK 74133
(918) 694-1870

4



**AL LINDLEY**
State Representative
District 93

CAPITOL:
2300 N. Lincoln Blvd.
State Capitol Building
Room 328A
Oklahoma City, OK 73105-4885
(405) 557-7371

HOME:
2529 S.W. 55th Street
Oklahoma City, OK 73119
(405) 681-8352

**House of Representatives**

**STATE OF OKLAHOMA**
**DISTRICT 93**

COMMITTEES:

MEMBER:

Revenue and Taxation
Rules

Health & Human Services
Ranking Democrat

July 24, 2006

Speaker Todd Hiett
House of Representatives
2300 N. Lincoln
Oklahoma City, OK 73105

Dear Speaker Hiett:

Recently I received a copy of a Petition of Judicial Impeachment from Stephen P. Wallace representing Lisa F. Wallace. The petition calls for Articles of Impeachment upon Oklahoma Supreme Court Chief Justice Joseph Watt, Tulsa County Presiding District Judge Gregory Frizzell and Tulsa County District Judge Ronald Shaffer.

The petition contains very serious allegations that should be examined by as Special House Committee appointed by your office and under the direction of the Oklahoma State Constitution. It is my opinion that naming a Special House Committee to examine the alleged charges is the most appropriate avenue to resolve the matter.

I look forward to your timely reply.

Sincerely,

Al Lindley
State Representative
District 93

AL/lj



EXHIBIT

# NAACP- Oklahoma Chapter
## 1500 Northeast 4th Street
## Oklahoma City, OK 73117
## (405) 236-2227

August 22, 2006
(Via Hand Delivery & Receipt)

**URGENT**

Speaker Todd Hiett
House of Representatives
2300 N. Lincoln Blvd.
Oklahoma City, OK 73105

Dear Speaker Hiett:

One of the current members of the Oklahoma NAACP, Stephen P. Wallace, has requested the NAACP intervene on his behalf regarding the Petition referred to in State Representative Al Lindley's July 24, 2006 letter. (Enclosed)

Please allow this letter as the NAACP's formal request to meet with you and Representative Lindley at you earliest convenience to discuss the commencement of naming a Special House Committee to examine the alleged charges of Mr. Wallace in the interest of justice and pursuant to your oath of office. Time is of the essence. Thank you.

Sincerely,

Roosevelt Milton
President Oklahoma NAACP

Cc: Representative Lindley



RECEIVED
AUG 2 3 2006



Lawyers and Judges in Collusion

# The
# FRATERNITY

## John Fitzgerald Molloy



EXHIBIT

XIII

LAW / GOVERNMENT

# THE FRATERNITY

## John Fitzgerald Molloy

"Lawyers and laymen alike will greatly benefit from reading this illuminating book. After reading it, your view of the profession won't be the same."
—Senator John McCain

"*The Fraternity* should be required reading for anyone thinking about entering the legal profession."
—Nicholas N. Kittrie, Distinguished University Professor, American University School of Law and past president of the American Society of Criminology

"Judge Molloy is one of the most revered members of our legal profession, and is extremely well qualified to comment on the manner in which this profession has evolved.... The vignettes that make up this book will be delightful reading for all interested in our culture and our legal system."
—Stewart Udall, Former U.S. Secretary of the Interior and author of *The Forgotten Founders*

"I served on the Superior Court Bench while Judge Molloy was a Superior Court Judge.... Molloy has established a reputation as a trial lawyer with outstanding knowledge of our judicial system.... *The Fraternity* gives us the latest analysis of the legal profession."
—Raul H. Castro, Former Governor of Arizona and former U.S. Ambassador to El Salvador, Bolivia, and Argentina

"...the Courts in our judicial system have, in fact, become the lawmakers, when it is very clear...that our Constitution delegated that responsibility to the U.S. Congress and the State Legislatures.... [Molloy] treads on almost sacred ground when he gives real insight into how the legal profession has changed from one of the premier professions in our society to a business where the bottom line is financial profit... My endorsement is unequivocal. It is a fine scholarly piece with real integrity."
—Dennis DeConcini, U.S. Senator (Ret)



**PARAGON HOUSE**
2285 University Avenue West
St. Paul, MN 55114

www.paragonhouse.com

ISBN 1-55778-841-3



# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

LINCOLN NATIONAL LIFE INSURANCE COPMANY,

        Plaintiff,

vs.

MARY ROMA WALLACE JAGE, PATRICIA W. HASTINGS, THE TRUST COMPANY OF OKLAHOMA, PATRICK J. MALLOY, III, TRUSTEE AND STEPHEN PAUL WALLACE a/k/a STEPHEN P. WALLACE,

        Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 03-CV-510-C

F I L E D

NOV 3 0 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

ENTERED ON DOCKET

DATE DEC - 1 2004

## REPORT AND RECOMMENDATION

On June 17, 2004, the District Court of the Northern District of Oklahoma entered an Order which imposed certain sanctions on Plaintiff Stephen P. Wallace. Based on the Order of the District Court, before Stephen P. Wallace is permitted to file a *pro se* pleading of any kind in this District, he must first seek the permission of the Court. The Order requires that any pleading contain a statement by Wallace which includes: (a) the legal basis for the pleading; (b) the specific factual basis for the pleading; (c) a statement that the issues raised in the proposed pleading have never been finally disposed of by and any federal or state court and are not barred by the doctrines of *res judicata* or collateral estoppel; (d) the identity and nature of assistance by any third person; (e) a statement that the factual allegations and/or legal arguments raised by the proposed pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose to cause delay or needless increase in costs, (iv) not made to avoid an order of any court, and (v) a list of all witnesses and attachment of all documents which support the



EXHIBIT
XIV

qq

factual allegations of the proposed pleading. The June 17, 2004 Order further provides that any pleading submitted by Stephen P. Wallace should be referred to the Magistrate Judge for report and recommendation with respect to whether the complaint is lacking merit, duplicative, or frivolous. The report and recommendation shall then be submitted to the Chief Judge or a District Judge designated by the Chief Judge.

Stephen P. Wallace submitted a proposed pleading to the Northern District Court of Oklahoma for approval. The pleading is titled, "Aggrieved Party, Stephen Paul Wallace, moves this court under authority of <u>Federal Rules of Civil Procedure</u>, rule 60(b) for vacation of the court's November 17th 2004 **"FINDINGS OF FACT AND CONCLUSIONS OF LAW"** and **"JOURNAL ENTRY OF JUDGMENT"** for reason that fraud was practiced in obtaining judgment." (Underline and bold in original pleading.) In accordance with the June 17, 2004 Order of the District Court the United States Magistrate Judge has reviewed the submissions by Stephen P. Wallace and concludes that he has not complied with the requirements imposed in the first-numbered paragraph of the June 17, 2004 District Court Order. However, the undersigned recommends that the referenced pleading be accepted for filing. The pleading is not a new complaint. It is a pleading in a pending Northern District of Oklahoma case, Case number 03-CV-510-C, and the undersigned believes that the pleading would best be handled by the Honorable H. Dale Cook, the District Judge assigned in that case.

## OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). See also 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** See Thomas v. Arn, 474 U.S. 140 (1985); Haney v. Addison, 175 F.3d 1217 (10th Cir. 1999); and Talley v. Hesse, 91 F.3d 1411 (10th Cir. 1996).

Dated this _30_ day of November 2004.

Sam A. Joyner
United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a true copy
of the foregoing pleading was served through
the means herein by mailing the same to
all of their attorneys of record under

1 __ on Dec, 2004 ____

UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF OKLAHOMA DEC 2 1 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINCOLN NATIONAL LIFE INSURANCE )
COMPANY )
           Plaintiff, )
 )
 )    Case No.  03-CV-510-C
 )
MARY ROMA WALLACE JAGE, PATRICIA W. )
HASTINGS, THE TRUST COMPANY OF )
OKLAHOMA, PATRICK J. MALLOY, III, TRUSTEE )
AND STEPHEN PAUL WALLACE a/k/a STEPHEN )
P. WALLACE, )
 )
          Defendants, )

## ORDER

    Pursuant to the Report and Recommendation filed November 30, 2004, in the above styled matter, a specific finding was made that Stephen P. Wallace failed to comply with the requirements imposed in the first-numbered paragraph of the June 17, 2004 District Court Order in the case Wallace v. Woolman, case no. 03-CV-375-H (J) (hereinafter referred to as the Woolman Order). The Woolman Order requires that Mr. Wallace file a petition with the Clerk of this Court seeking permission to file a *pro se* pleading of any kind.   The Woolman Order expressly states that the petition should include (a) the legal basis for pleading; (b) the specific factual basis for the pleading; (c) a statement that the issues raised in the proposed pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of *res judicata* or collateral estoppel; (d) the identity and nature of assistance by any third person; (e) a statement that the factual allegations and/or legal arguments raised by the proposed pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose, to cause delay or needless increase in cost, (iv) not made to avoid an order of any court, and (v) a list of all witnesses and attachment of all documents which support the factual allegations of the proposed pleading.





**EXHIBIT**
XV

This court finds that the above requirements are significant and, in fact, the *sine qua non* for any pleadings of any kind filed by Mr. Stephen Wallace. Failure to comply with these requirements will insure that such pleading is not filed with the Court.

Accordingly, this court declines to adopt the Report and Recommendation and directs the Court Clerk to notify Mr. Stephen Wallace that his pleading is rejected for filing for failure to comply with the requirements of the Woolman order.

IT IS SO ORDERED this ___21st___ day of ___DECEMBER___, 2004.


_____
Sven Erik Holmes, Chief Judge
United States District Court

TULSA WORLD

Sunday, Feb. 18, 2007

## District judge dismisses local real estate suit

A lawsuit filed by a Tulsa banker alleging several real estate companies overcharged thousands of clients and engaged in unfair business practices was dismissed with prejudice by District Judge Gregory Frizzell Feb. 8, meaning the suit can't be refiled.

The suit listed Eric Bohne, vice chairman of Security Bank, the Eric Bohne Revocable Family Trust, among others, as plaintiffs, and McGraw Davisson Stewart Inc., Closings of Tulsa LLC, Residential Sales Associates LLC, Builders Services LLC, Builders Title and Escrow LLC and various company officials as defendants.

Bhone, who filed the lawsuit in April 2005, said he purchased a home through his trust using McGraw Davisson Stewart and alleged he was misrepresented by the company in the process. Closings of Tulsa handled the closing on the transaction.

The lawsuit was filed a month after the real estate companies named in the suit agreed to pay a portion of $450,000 in settlements with the U.S. Department of Housing and Urban Development over allegations that payments were made for steering customers to affiliated title companies.



**MORREL, WEST, SAFFA, CRAIGE & HICKS, INC.**
LAWYERS

3501 SOUTH YALE AVENUE

TULSA, OK 74135-8014

(918) 664-0800

REECE B. MORREL
BARRY G. WEST
RONALD J. SAFFA
MARK A. CRAIGE
JAMES R. HICKS
REECE B. MORREL, JR

August 16, 2005

OF COUNSEL
PAUL R. HODGSON
MAC D. FINLAYSON

FACSIMILE
(918) 663-1383

REFER TO OUR FILE
NO

Ms. Mary Roma Jage
1153 Overton Court
Naperville, IL 60540

　　　Re:　　Case No. PT 2002-56
　　　　　　Lorice T. Wallace Trust and Family Limited Partnership

Dear Mary Roma:

　　In regard to your letter of August 4, 2005, the Trustees submit the following observations:

　　First, the Trust administration is indeed ongoing at the present time. There has not yet been a finalized determination of net distributable amounts. Expenses continue to be incurred for reasons well known to everyone, quite beyond the control of the Trustees. Allocations of expenses have not been fully determined, and the question of whether forfeiture provisions provided within the Trust documents have been triggered will require court resolution.

　　Although you reiterate your objection to the sale of real estate, there is, in this set of circumstances, no feasible way to distribute real estate titled in any of the Trusts except by converting the value into cash.

　　Regarding your comment about an audit to be funded by yourself, the Trustees have no objection whatever. In the past, the subject of audit has always presumed to require payment from the Trust, which neither the documents nor the Trust statutes require. You, of course, have received all the Trust Company quarterly statements from the time of your appointment as limited guardian for your mother, so your auditors should be fully able to verify essentially everything from those statements. We assume you are not contemplating trustees resupplying to your auditors the financial documents you have already received.

　　Further specific enquiries, if any, could then be directed to Trust Company of Oklahoma, or me. Additionally, your auditors can also contact Gary Barnes, CPA who did an audit for Pat Malloy, the



EXHIBIT
XVII

Ms. Mary Roma Jage
August 16, 2005
Page No. 2


bankruptcy trustee appointed for your brother, or David Payne, CPA who did an audit for your brother after we supplied approximately 5,000 pages of documents.

The Trustees appreciate your reminder of the "spendthrift" provision within revocable trusts as it pertains to the garnishment summons recently received. Be assured the Trustees will endeavor to follow all legal requirements in responding, both procedural and substantive.

As to the estate tax return, you will recall the previous occasion when that request, or the one made by Stephen, was before the Court and disallowed. Nevertheless, the Trustees have no objection to making that document available for review by your auditors, subject to appropriate confidential provisions, in the event they deem it necessary or appropriate.

Certainly it is the intent of the Trustees to fulfill their duties to you and other trust beneficiaries in accordance with the documents, applicable statutes, and court directives. Partial distributions, as you know, are being made at this time. The Trustees do not control the circumstances which prolong the administration process.


Very truly yours,

For the Trustees,

Morrel, West, Saffa, Craige & Hicks, Inc.


Ronald J. Saffa

RJS:bjb

xc:    Tom Wilkins
       Jim Poe
       Jim Milton


\Wallace\136 Jage L08

**DANA F. COLE & COMPANY, LLP**
CERTIFIED PUBLIC ACCOUNTANTS
1248 O STREET, SUITE 500
LINCOLN, NEBRASKA 68508

October 6, 2005

**FILE COPY**

Ronald J. Saffa
3501 S. Yale Avenue
Tulsa, OK 74136

Tom Wilkins
Trust Company of Oklahoma
5727 S. Lewis Avenue
Tulsa, OK 74105

William B. Harrison
J.P. Morgan Chase & Co.
270 Park Avenue
New York, NY 10017

Jeff King, Managing Director
J.P. Morgan Private Client Services
420 Throckmorton
Ft. Worth, TX 76201

Gentlemen:

Pursuant to instructions from Mary Roma Jage in her letter to you dated October 5, 2005, we are requesting all documents as listed in the attached Exhibit "A" Document Request for certain trusts and a partnership established by Frank A. Wallace and Lorice T. Wallace, both deceased.

Please send legible copies of the requested documents via U.S. mail. Please include a written listing of the contents with each separate package that is signed and dated by you. We will inspect and log in the contents of each package, noting any items not included or additional material that is included, and return your written, signed and dated listing of the contents with our signature and the date we received it. Please retain the originals of all the requested documents in your files for verification at a later date.

Our mailing address is Dana F. Cole & Company, LLP, 1248 "O" Street, Suite 500, Lincoln, Nebraska 68508. Please send the requested documents to my attention.

We appreciate your cooperation in this matter.

Yours truly,

*Dianne K. Haberlan*

DIANNE K. HABERLAN
For the Firm

e-mail: haberlan@danacole.com
direct line: 402-479-9318

DKH:laf

cc: Mary Roma Jage

Nebraska

Kansas

Michigan

Missouri

Wyoming

www.danacole.com

Principal Office:
1248 O Street, Suite 500
Lincoln, NE 68508
402/479-9300
Fax 402/479-9315



EXHIBIT
XVIII