UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

### MOTION BY DEFENDANT JAMES M. INHOFE TO VACATE ENTRY OF DEFAULT (DOC. NO. 55) AND COMBINED BRIEF

Defendant James M. Inhofe appears specially pursuant to Fed. R. Civ. P. 55(c) and LCvR 7(g), and respectfully moves the Court to set aside and vacate the Default (Doc. No. 55) entered against him by the court clerk. In support of this Motion, Defendant Inhofe would show the Court as follows:

### STATEMENT OF MATERIAL FACTS

1.  Defendant is a United States Senator representing the State of Oklahoma. Defendant Inhofe maintains a constituency office in Tulsa, Oklahoma.

2.  Plaintiff filed his original "Complaint" on October 23, 2006. (Doc. No. 1), purporting to name Defendant Inhofe as a Defendant.

3.  On January 8, 2007, Plaintiff filed an "Amended Complaint" (Doc. No. 31). The Amended Complaint did not identify Inhofe as a Defendant.

4.  U.S. Post Office records filed by Plaintiff would appear to show that, on January 11, 2007, Defendant Inhofe's constituency office in Tulsa, Oklahoma received a copy of a package mailed by Plaintiff. Plaintiff alleges that the package contained a summons and photocopy of the original Complaint. Based upon documents filed by Plaintiff, the package

allegedly containing the summons and complaint was mailed via U.S. Priority Mail. The documents filed by Plaintiff show no signature by Defendant Inhofe or any agent of Defendant Inhofe, confirming receipt of the package or the summons and complaint. (Doc. No. 31 at pp. 25-26.)

5. The documents filed by Plaintiff contain no evidence that Defendant Inhofe ever received (either personally or through an authorized agent) the summons or complaint as allegedly mailed by Plaintiff. Defendant Inhofe was not aware of any effort to serve him until he was informed of the Clerk's entry of default.

6. As reflected by his own certificates of mailing, Plaintiff has mailed a substantial volume of his litigation papers to Defendant Inhofe over the years, apparently on the basis of Defendant Inhofe's status as a United States Senator, and on the apparent basis of Plaintiff's apparent belief that Defendant Inhofe would or could somehow intervene in Plaintiff's disputes. If Plaintiff failed to follow the service requirements applicable to his attempted service upon Defendant Inhofe, then Senator Inhofe's Tulsa constituency office would have had no way to discern between the package that Plaintiff allegedly sent in January 2007 and the large volume of litigation papers previously submitted.

7. This time, rather than merely sending copies of litigation documents to Senator Inhofe's constituency office, Plaintiff used his original Complaint filed in this federal-court action to attempt to name Defendant Inhofe as a party, in his individual capacity,[1] not as a United States Senator. Nonetheless, Plaintiff attempted service upon one of Senator Inhofe's several governmental offices, rather than attempting service at Defendant Inhofe's home or at the Guaranty Abstract address. These facts raise the apparent likelihood that Plaintiff's

---

[1] Among the litigation targets identified by Plaintiff in his Complaint are "James M. Inhofe and Jack Kirkpatrick, doing business as Guaranty Abstract." (Doc. No. 1, at p. 2, ¶ 2.)

2

identification of Defendant Inhofe in his Complaint is nothing more than a political stunt against a primary election opponent.[2]

## ARGUMENT AND AUTHORITY

Pursuant to Fed. R. Civ. P. 55, the court clerk is to enter a default against a party who fails to plead or otherwise defendant against an action. This is different from a default judgment, however, which can only be granted upon request by the Plaintiff. Fed. R. Civ. P. 55(b). In the instant case, the Plaintiff has not made application to the Court for a default judgment, but rather has only filed a notice of default. (Doc. No. 53.)

An entry of default may be vacated and set aside for good cause shown. Feb. R. Civ. P. 55(c). In deciding whether the vacate a clerk's entry of default the Court should consider 1) whether default was willful, 2) whether vacating the default would prejudice the plaintiff, and 3) whether a meritorious defense is alleged. *Harris v. District of Columbia*, 159 F.R.D. 315, 316 (D.D.C. 1995). In considering these criteria, the Court should resolve all doubts in favor of the party seeking relief from the default. *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393 (D.D.C. 2005). *See also Jackson v. Beech*, 636 F.2d 831, 838 (D.C. Cir. 1980) (court must construe all ambiguous and disputed facts in the light most favorable to the moving party).

I. **The Default must be set aside because it was obtained through improper service.**

A default obtained with improper service of a complaint is void as a matter of law and must be set aside. *See, e.g., Barnes v. Printron, Inc.*, 1999 WL 335362, *2 (S.D.N.Y. 1999). *See*

---

[2] "The Tulsa World reports today that businessman Stephen P. Wallace says he has filed with the Federal Election Commission to challenge Oklahoma Sen. James Inhofe (R) in the GOP primary. The World says Wallace, 'who might be best known for his unsuccessful 2004 challenge to the city of Tulsa's settlement of a lawsuit against several poultry producers,' intends 'to focus on judicial reform and accountability.'" [Washington News, U.S. News & World Report (Jan. 18, 2007), http://www.usnews.com/usnews/politics/bulletin/bulletin_070118.htm (accessed March 9, 2007).]

*also Howard Johnson Intern., Inc. v. Wang*, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998) (holding that a default obtained after improper service is void as a matter of law). On this basis alone, the Court should set aside the entry of default. *See Marhsall v. Labor Indus. Wash.*, 89 F. Supp. 2d 4, 11 (D.D.C. 2000) (holding that default is improper when service of process "has not been achieved as to any Defendant").

Plaintiff failed to properly serve Defendant Inhofe in accordance with Fed. R.Civ.P. 4(e). Rule 4(e) allows the Plaintiff to serve Defendant Inhofe either pursuant to the law of the state in which the federal district court is located, Fed. R. Civ. P. 4(e)(1), or by delivering a copy of the summons and complaint to the individually personally or by leaving copies at the individual's dwelling house or usual place of abode. Fed. R. Civ. P. 4(e)(2).

Plaintiff attempted to serve Defendant Inhofe with summons and complaint by mailing it to his Tulsa, Oklahoma constituency office address via U.S. Priority Mail. While the Complaint may have been delivered to Senator Inhofe's Tulsa constituency office, it was not delivered with the requirement of a signature, nor was it sent certified mail, return receipt requested. (Doc. No. 32 at p. 25-26). This method fails to satisfy Rule 4(e)(1) because Oklahoma law requires that ["s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12, § 2004(C)(2)(b). For the same reason, this method fails to satisfy Rule 4(e)(2) because the method utilized by Plaintiff fails to meet the requirements for service in the District of Columbia as well. While Defendant did mail the summons and complaint with the U.S. Postal Service, he did not use certified mail, nor did he require a return receipt that would contain a signature from Defendant. In both Oklahoma and the District of Columbia, service by mail on an individual is valid only where the person signs a receipt indicating that he or she personally received the item.

Okla. Stat. tit. 12, § 2004(C)(2)(b); D.C. Code Ann. § 13-431(a). *See Sanders v. Fairman*, 2006 WL 2506954 at *3 (E.D. Cal. 2006) (certified mail alone is not authorized by Rule 4).

Although Senator Inhofe's mail-room personnel in Tulsa may have received delivery of a package mailed by Plaintiff, and while the package may have contained summons and a complaint, such personnel are not agents authorized to accept service on behalf of Defendant Inhofe. An agent must have actual authority to receive service of process. *Bullin v. Stein*, 668 A.2d 810, 813-14 (D.C. 1995) (quoting *Leichtman v. Koons*, 527 A.2d 745, 747 n. 4 (D.C. 1987)). Plaintiff can produce no document bearing the signature of Defendant Inhofe showing receipt of Plaintiff's summons and complaint.

**II.     Defendant's failure to respond to Plaintiff's Complaint was not willful.**

Defendant Inhofe did not file an answer or motion to dismiss because he was not properly served with the Complaint. Further, the receipt of an attempted but invalid service of process could very well be overlooked due to the large volume of mail received by Senator Inhofe's various offices. Senator Inhofe has three offices in the State of Oklahoma alone, in addition to offices located in the Capitol. Each of these offices receives a large volume of mail on a daily basis. If Plaintiff does not follow the rules of service of process, then an attempted service of process can easily be overlooked. On this basis, default is inappropriate and should be vacated. *See Reid v. Kraft General Foods Inc.*, 1994 WL 268258, *2 (E.D. Pa. 1994) (holding that failure to answer when *improperly served* does not constitute 'willfulness').

**III.    Vacating the entry of default will not prejudice the Plaintiff**

The second criteria to be considered by the Court when deciding to set aside a default is whether such action would prejudice the Plaintiff. In this case, there is no prejudice that would result if the Court vacates the default because the case is still in its early stages – no discovery has begun and dispositive motions are pending before the Court. *Baade v. Price*, 175 F.R.D.

403, 406 (D.D.C. 1997). At most, vacating the default will result in Defendant filing his own dispositive motions, to which the Plaintiff would have ample time to prepare and file a response. There would be no harm to Plaintiff's case, since "delay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c)." *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 394 (D.D.C. 2005). *See also Quaker Valley School Dist. V. Employers Mut. Liab. Ins. Co. of Wis.*, 96 F.R.D. 423 (E.D. Penn. 1983) ("[T]he financial costs inherent in setting aside a default and the concomitant delay in realizing satisfaction on a claim rarely establish the requisite degree of prejudice."). Further, Plaintiff is pro se and does not incur legal fees. In addition, as pointed out in the pending Motions to Dismiss, Plaintiff has had numerous opportunities to prove his claims in Court yet continues to pursue vexatious and frivolous litigation, even against parties, like Defendant Inhofe, who have no connection to the underlying trusts.

### IV.     Defendant Inhofe has a meritorious defense to Plaintiff's underlying claims.

A final factor in determining whether or not to vacate an entry of default is whether the Defendant has a meritorious defense. Under the standards for vacating a default in this Circuit, a defense is meritorious if it "contains[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Harris v. District of Columbia*, 159 F.R.D. 315, 317 (D.D.C. 1995), *citing Keegel v. Key West & Caribbean Trading Co. Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980). The Court of Appeals for the D.C. Circuit allowed "somewhat broad and conclusory" allegations to suffice for this requirement. *Keegel*, 627 F.2d at 374. Notwithstanding this broad standard, the Defendant is clearly not liable nor could he be liable for the claims asserted in Plaintiff's Complaint.

The initial defense that Defendant would assert is that the Plaintiff did not obtain proper service. The service was improper for reasons already stated above. The State of Oklahoma and

the District of Columbia require service by mail to be achieved through United States Registered Mail, return receipt requested. Cf. Okla. Stat. tit. 12, § 2004(C)(2)(b); D.C. Code Ann. § 13-431(a). Plaintiff's Affidavit for Return of Service does not provide a signature of Defendant or an agent of Defendant accepting service. (Doc. No. 32 at p. 25-26). Because service is improper, judgment may not be rendered against Defendant Inhofe.

In addition to improper service, Defendant Inhofe would assert defenses of lack of subject matter jurisdiction, failure to state a claim, and improper venue. Fed. R. Civ. P. 12(b). Indeed, the January 8, 2007 Amended Complaint (Doc. No. 31) does not even identify Inhofe as a Defendant. Nevertheless, rather than repeat these defenses found in the Motion to Dismiss filed by other Defendants (Doc. No. 40) and Motion to Remand (Doc. No. 4), which are still pending before this Court, Defendant Inhofe would adopt the positions of the Moving Defendants.

**V.     Defendant Inhofe requests an extension of time to file dispositive motions and a verified answer until he has been properly served.**

Defendant respectfully moves the Court to grant an extension of time to file dispositive motions or otherwise respond to Plaintiff's Complaint, until such time as they are properly served. Defendant also requests that the Court waive the requirement of LCvR 7(g) which requires that a motion to vacate default be accompanied by a verified answer. *Baade v. Price*, 175 F.R.D. 403, 406 (D.D.C. 1997) (setting aside default when motion not accompanied by verified answer because of improper service).

**CONCLUSION**

For the foregoing reasons, Defendant has met the standards to have the clerk's entry of default vacated, and requests this Court to enter an order setting the default aside.

                                             JAMES M. INHOFE
                                             UNITED STATES SENATOR
                                             By Counsel

LECLAIR RYAN, A Professional Corporation

By:  _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of March, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Trevor Washington Swett, III
James P. Wehner
Pamela Anne Bresnahan

  I hereby certify that on this 15th day of March, 2007, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

> Stephen E. Wallace
> 6528 E. 101st Street, D-1 #304
> Tulsa, Oklahoma 74133
> *Pro Se*
>
> Patricia Wallace Hastings
> 2934 E. 73rd Pl.
> Tulsa, Oklahoma 74136
>
> Joan Godlove, Esq.
> 2121 S. Columbia, Suite 500
> Tulsa, OK 74114-3519

            /s/
            Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: the Lorice T. Wallace Revocable Trust dated December 26, 1974, as restated effective October 5, 1993 and as amended on February 12, 1998, the Lorice T. Wallace Irrevocable Trust dated February 8, 1996, and the Lorice T. Wallace Irrevocable Trust dated September 11, 1992, also known as the Lorice T. Wallace Life Insurance Trust, and the Lisa Frances Wallace Discretionary Spendthrift Trust. | D.C. Case No. 1:06CV01817<br>Judge Reggie B. Walton<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PT-2002-56 |

**ORDER**

Before the Court is the Motion (Doc. No. __) by Defendant James M. Inhofe, appearing specially pursuant to Fed. R. Civ. P. 55(c) and LCvR 7(g), for an order vacating the entry of default (Doc. No. 55) entered by the Clerk of the Court. Having reviewed the Court's file and the arguments presented in the Motion, the Court finds that Defendant Inhofe has made a requisite showing and that the entry of default should be vacated.

IT IS THEREFORE ORDERED that the entry of default (Doc. No. 55) as to Defendant Inhofe is VACATED. Defendant Inhofe shall have ten days from the date of this Order to answer or otherwise respond to the October 23, 2006 Complaint (Doc. No. 1) and the January 8, 2007 Amended Complaint (Doc. No. 31).

Dated this _____ day of _____, 2007.

_____
Reggie B. Walton, U.S. District Judge

Copies to:

CMECF registrants:

Trevor Washington Swett, III
James P. Wehner
Pamela Anne Bresnahan
Jennifer L. Sarvadi

Non-CMECF registrants:

Stephen E. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma  74133
Pro Se

Patricia Wallace Hastings
2934 E. 73rd Pl.
Tulsa, Oklahoma  74136

Joan Godlove, Esq.
2121 S. Columbia, Suite 500
Tulsa, OK 74114-3519